UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

**SEALED/EX PARTE**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Crim. No. 13-2106 MBB |
| v. ) | |
| ) | |
| ) | |
| DZHOKHAR TSARNAEV ) | |

**SEALED EX PARTE MOTION TO ORDER THE BUREAU OF PRISONS TO PERMIT COUNSEL TO TAKE PHOTOGRAPHS OF THE DEFENDANT AND HIS INJURIES**

The Defendant, Dzhokhar Tsarnaev, by counsel, files this *Ex Parte*, Sealed Motion for An Order Compelling the Bureau of Prisons to Permit Defense Counsel to Photograph the Defendant and his Injuries, and to Provide Copies of Pictures to Defense Counsel.

Defendant Dzhokhar Tsarnaev was arrested on or about April 19, 2013, and hospitalized with injuries, including apparent gunshot wounds to his head, neck, legs, and hand. He was released from the hospital on or about April 23, 2013, and transferred to FMC Devens, a Federal Bureau of Prisons facility. The extent, severity and duration of these injuries are obviously among the totality of the circumstances that a court and jury may need to consider in assessing both the voluntariness and the reliability of any statements made by the accused after his arrest. Because such statements may have critical significance in the determination of both the defendant's guilt or innocence and his punishment if convicted, the need to have ongoing documentation of his injuries is self-evident.

1

In order to effectuate the development and preservation of potential defense evidence, counsel asked BOP counsel to permit the defense to take pictures of their client's injuries. As of Friday, May 3, 2013, BOP declined to permit defense counsel to take the pictures. On Monday, May 6, 2013, BOP counsel Les Owens advised that BOP staff had taken pictures of Dzhokhar when he arrived at FMC Devens, but that those pictures could only be produced to defense counsel pursuant to a subpoena or a court order. BOP still declined to permit counsel to take current pictures of Dzhokhar's injuries, but offered to have a BOP staff member take pictures, and to make the pictures available to both parties upon request.

By way of this motion, defense counsel seek:

1. A court order compelling BOP to permit counsel to take current pictures of their client's injuries (and to do so periodically until the injuries are healed); and,

2. Alternatively, should the Court direct that BOP may take the pictures, a court order restricting the production of all BOP generated photographs of the defendant to defense counsel only, and not to the prosecution.

Counsel have been informed that BOP staff took pictures of Dzhokhar's injuries upon his admission to FMC Devens, but are not aware of the extent of this photographic documentation, or the existence of any other photographs taken by either the hospital facility, the U.S. Marshal's office, or by law enforcement following his arrest. Dzhokhar's injuries remain serious and visible to the naked eye to this date. Medical records provide descriptions of the injuries and measures taken to treat those injuries, but

2

such descriptions are in a technical language which may be difficult for jurors, or the defense team and court for that matter, to easily comprehend. Photographs obviously are a direct means of presenting the evidence. if and when it is determined by the defense to be needed, more easily understandable, and can help to elicit explanations from medical professionals.

During an *ex parte* hearing on May 3, 2013, the Court questioned the need to proceed *ex parte* in regard to obtaining pictures of their client's injuries. Following this Court's lead, counsel discussed the question of taking pictures with AUSA Weinreb, who advised that the USAO's office had no objection to the defense taking pictures, but the prosecution would defer to BOP. Thereafter, BOP offered to take the pictures, but BOP counsel advised that the pictures would be made available to the prosecution upon their request. In order to ensure that the injuries are documented periodically, defense counsel have arranged with BOP to take the pictures of Dzhokhar's injuries, with defense counsel present, on Wednesday, May 8, 2013 at 10 a.m.

Counsel now seek an order compelling BOP to permit defense counsel to take pictures without interference by BOP staff. It is an intrusion into the defense team's relationship with their client, potentially complicates the defense team's developing relationship with the client to have BOP acting on their behalf, and violates their client's privacy interests to bodily integrity, to have a BOP staff member take pictures of various areas of his body and provide them to government counsel upon request. Should the pictures be of evidentiary value, and should the defense team determine they should be used in evidence, they will be produced as part of Rule 16 discovery. However, until a

3

decision is made to use the photographs, they should remain within the attorney client and work product privileges. Government counsel should not have free ranging access to the work of the defense, or to the defendant's body simply because he is detained pre-trial, and happens to be in the physical custody of the BOP. *See, e.g., Hickman v. Taylor*, 329 U.S. 495 (1947)("Although the work-product doctrine most frequently is asserted as a bar to discovery in civil litigation, its role in assuring the proper functioning of the criminal justice system is even more vital. The interests of society and the accused in obtaining a fair and accurate resolution of the question of guilt or innocence demand that adequate safeguards assure the thorough preparation and presentation of each side of the case.").[1]

---

[1] "Historically, a lawyer is an officer of the court and is bound to work for the advancement of justice while faithfully protecting the rightful interests of his clients. In performing his various duties, however, it is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel. Proper preparation of a client's case demands that he assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference. That is the historical and the necessary way in which lawyers act within the framework of our system of jurisprudence to promote justice and to protect their clients' interests. This work is reflected, of course, in interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and countless other tangible and intangible ways-aptly though roughly termed by the Circuit Court of Appeals in this case as the 'Work product of the lawyer.' Were such materials open to opposing counsel on mere demand, much of what is now put down in writing would remain unwritten. An attorney's thoughts, heretofore inviolate, would not be his own. Inefficiency, unfairness and sharp practices would inevitably develop in the giving of legal advice and in the preparation of cases for trial. The effect on the legal profession would be demoralizing. And the interests of the clients and the cause of justice would be poorly served.' *United States v. Nobles*, 422 U.S. 225 (1975) quoting *Hickman v. Taylor*, 329 U.S. 495, at 510-511.

Accordingly, counsel seek an *ex parte*, sealed Order permitting them to photographically document Dzhokhar's injuries and request that the Court direct the Bureau of Prisons to permit counsel to periodically take photographs of their client and the multiple physical injuries inflicted during the course of his arrest and the resulting medical care. Alternatively, should the Court defer to BOP's desire to have BOP staff take the photographs, counsel seek an order compelling BOP to provide the pictures to defense counsel only, and not to the prosecution.

This motion is based upon the Fourth, Fifth, Sixth and Eighth Amendments to the U.S. Constitution, and is filed *ex parte* and under seal in order to protect defense work product.

DATED: May 7, 2013

/s/ JUDY CLARKE
JUDY CLARKE
MIRIAM CONRAD
WILLIAM FICK
TIMOTHY WATKINS
Attorneys for Dzhokhar Tsarnaev