UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Magistrate Judge No. 13-2106-MBB

UNITED STATES OF AMERICA

v.

DZHOKHAR TSARNAEV

**PROCEDURAL ORDER RE:
SEALED EX PARTE MOTION TO ORDER THE BUREAU OF
PRISONS TO PERMIT COUNSEL TO TAKE
PHOTOGRAPHS OF THE DEFENDANT
(DOCKET ENTRY # 29)**

**May 8, 2013**

**BOWLER, U.S.M.J.**

In a sealed, ex parte motion filed yesterday afternoon, defendant Dzhokhar Tsarnaev ("the defendant"), presently housed at the Federal Medical Center (FMC) Devens ("FMC Devens") in Ayer, Massachusetts, requests a court order compelling the Federal Bureau of Prisons ("BOP") to allow the defendant's counsel to take current and periodic photographs of the defendant.  (Docket Entry # 29).  In the alternative, if this court allows only BOP staff to take such pictures, the defendant seeks an order compelling the BOP to provide the pictures only to the defendant's counsel and not to the prosecution.  (Docket Entry # 29).

The defendant's counsel represents that they "discussed the

question of taking pictures with" the Assistant United States Attorney ("the AUSA"). (Docket Entry # 29). According to the defendant's counsel, the AUSA does not object to the defendant's counsel taking the pictures but "would defer to [the] BOP." (Docket Entry # 29).

The BOP, in turn, purportedly "offered to take the pictures" but refused to allow the defendant's counsel to take the pictures. (Docket Entry # 29). The BOP will also make any picture it takes available to the prosecution, according to the defendant's counsel.

The defendant has not served the BOP or the government with a copy of this motion. The motion raises issues that may implicate the internal administration or policies of FMC Devens. Although the defendant reasonably asserts that the work product doctrine might apply to the actual pictures, the defendant fails to make an adequate showing of a need to file the motion ex parte. Indeed, the defendant cites no legal authority to support filing the motion ex parte or under seal. See generally LR. 112.1; LR. 7.1(b)(1). As stated in the motion, the AUSA already knows about the defendant's counsel desire to take pictures of the defendant.

Finally, although this court will seal this ruling, the defendant is directed to provide a basis to seal any future motion by filing a separate motion to seal except for motions

seeking services or funds under 18 U.S.C. § 3005 or 3599.  See generally In re Boston Herald, Inc., 321 F.3d 174, 180-181 (1st Cir. 2003).  In the event the defendant files a motion ex parte in the future, the defendant is directed to provide a legal and factual basis for filing the motion ex parte except for motions seeking services or funds under 18 U.S.C. § 3005 or 3599.

## CONCLUSION

Accordingly, the defendant is **ORDERED** to serve a copy of this motion forthwith on the BOP or the appropriate FMC Devens official.  The defendant should also serve a copy of the motion forthwith on the government.  Because of the need to proceed expeditiously, any opposition or response to this motion shall be filed on or before May 13, 2013.  Alternatively, upon request, this court will conduct a hearing and hear the interested parties orally.  At present, no ruling is made on the merits of the motion (Docket Entry # 29).

    /s/ Marianne B. Bowler
**MARIANNE B. BOWLER**
United States Magistrate Judge