```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA        )
                                )
     v.                         )   Crim. No. 13-2106-MBB
                                )
DZHOKHAR TSARNAEV               )   UNDER SEAL
                                )
```

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO ORDER THE BUREAU OF PRISONS TO PERMIT DEFENSE COUNSEL TO TAKE PHOTOGRAPHS OF THE DEFENDANT AND HIS INJURIES

The United States of America, by and through its undersigned counsel, respectfully submits this opposition to defendant Dzhokhar Tsarnaev's motion to order the Bureau of Prisons to Permit Defense Counsel To Take Photographs of the Defendant and His Injuries.  As grounds for this opposition, the government states the following.

## BACKGROUND

For security reasons, FMC-Devens does not permit visitors to possess cameras or take photographs inside the facility.  See FMC-Devens Visiting Regulations at 23, No. DEV 5267.08(1) (Jun 23, 2011).  That is not an arbitrary rule.  The law imposes on the Bureau of Prisons ("BOP") a legal obligation to ensure the safety, security, and orderly operation of BOP facilities, and protect the public.  See 25 C.F.R. § 511.10(a).  Those goals are furthered by carefully managing non-inmates, the objects they bring, and their activities, while inside a BOP facility.  Id.  By law, "cameras of any type" are among the "prohibited objects"

as defined in 18 U.S.C. § 1791(d)(1) that "jeopardize the Bureau's ability to ensure the safety, security, and orderly operation of" BOP facilities.  25 C.F.R. § 511.12.

Although the prohibition against cameras and photography inside BOP facilities is a matter of Federal regulation and therefore requires no additional justification, the reasons for the prohibition are a matter of common sense.  Photos taken inside a prison could reveal the layout of a cell, a door lock mechanism, the placement of windows or security devices, the location of staff offices, or the layout of a housing unit, among other things.  Such photographs could also violate the privacy of staff and other inmates.  Cameras themselves may contain contraband.  Although the government has no reason to suspect Tsarnaev's counsel of any
illicit plans or motives in connection with photographing their client, it is not legally incumbent on BOP, nor is it practical, to require FMC-Devens to alter its policy based on the facts and circumstances of every particular case.

Nevertheless, to accommodate Tsarnaev's request for photographs of his injuries, FMC-Devens has offered to have one of its officers take such pictures with a BOP camera, provided the photos are made available to both Tsarnaev and the government.  Tsarnaev has rejected this offer and has instead filed the instant motion.

Specifically, Tsarnaev's motion requests an order compelling FMC-Devens "to permit counsel to periodically take photographs of their client and the multiple physical injuries inflicted during the course of his arrest and the resulting medical care." Deft. Mot. at 5. In support of this motion, Tsarnaev makes three arguments, none of which has merit. First, he argues that denying him the photographs he seeks would violate his constitutional rights because such photographs "are obviously" among the things that a court and jury will need to consider in determining the voluntariness of statements that Tsarnaev made over three weeks ago, thus making the need to have "ongoing documentation" of his injuries and medical care "self-evident." Deft. Mot. at 1. Second, he argues that allowing FMC-Devens personnel to take the pictures would violate his constitutional right to privacy. Deft. Mot. at 3. Third, he argues that making such pictures available to the government would violate the work product privilege. Deft. Mot. at 4. For the reasons given below, Tsarnaev's motion should be denied.

## ARGUMENT

Tsarnaev cites no legal authority for the proposition that he has a constitutional right to take photographs in violation of BOP rules to support a future motion to suppress statements, and the government is aware of none. See generally Bell v. Wolfish, 441 U.S. 520, 535 (1979) (holding that "conditions or

restrictions of pretrial detention" violate the Constitution's Due Process guarantee only if "those conditions amount to punishment of the detainee").  Nor, in any event, is it "obvious" that photographs of Tsarnaev's injuries taken now, three weeks after the event, let alone in the future, would even be useful in deciding such a motion.  The appearance of Tsarnaev's injuries could have gotten better or worse over that period of time.  As Tsarnaev acknowledges, FMC-Devens represents that it took photographs of his injuries when he was first admitted.  Although the government does not concede that those (or any) photographs would be admissible in any future proceeding, their existence obviates the need for additional ones to be taken now in violation of BOP policy.  At the very least, their existence fatally undermines any claim that BOP's enforcement of its no-camera rule is a violation of Tsarnaev's constitutional rights.

Absent a violation of Tsarnaev's constitutional rights, this Court has no authority to override BOP's rules.  In <u>Bell v. Wolfish</u>, <u>supra</u>, which remains the leading case on the rights of pretrial detainees, the Supreme Court held that corrections officials must be accorded "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security."  <u>Id.</u> at 547.  They deserve that deference for two reasons.  First, they have "professional

4

expertise" in matters of institutional security that judges normally lack.  Id. at 548.  Second, "the operation of our correctional facilities is peculiarly the province of the Legislative and Executive Branches of our Government, not the Judicial."  Id.  These weighty considerations further underscore the absence of any legal authority for Tsarnaev's motion.

Although this Court need not reach the question, because it is not necessary to a decision on Tsarnaev's motion, FMC-Devens personnel are themselves free to examine Tsarnaev's injuries without violating his Constitutional rights.  In Bell v. Wolfish, the Court upheld the right of prison officials to conduct a strip search and body cavity inspection of detainees after every contact visit, see 441 U.S. at 557, and in Florence v. Bd. of Chosen Freeholders, 132 S.Ct. 1510 (2012), the Court upheld strip searches by county jails as part of the standard intake process.  These practices are permissible, as all courts have recognized, because, in the words of the Fifth Circuit, "[p]risoners retain, at best, a very minimal Fourth Amendment interest in privacy after incarceration."  Oliver v. Scott, 276 F.3d 736, 744 (5th Cir. 2002) (citing Bell v. Wolfish, 441 U.S. at 558); accord Friedman v. Boucher, 568 F.3d 1119, (9th Cir. 2009) ("Fourth Amendment rights for [pretrial detainees]. . . fall on the lowest end of the expectation of privacy spectrum.  Although . . . [they] do not leave all of their Fourth Amendment privacy rights

at the jailhouse doors, once the doors close, most privacy rights are left on the jailhouse steps.") (internal citation omitted). FMC-Devens, moreover, is a medical facility, in which examination of patients' injuries is a necessary and routine part of its function.

FMC-Devens is likewise free to photograph Tsarnaev's injuries at any time, and to share those photographs with the government, for its own protection.  As both a medical and penal facility, FMC-Devens is responsible for detainees' medical care and welfare.  Photographing a detainee is one way of protecting the institution against claims that it has violated that responsibility.  Such claims are not uncommon; for example, Tsarnaev's own motion seeks authjority to photograph his injuries not just to document the extent of those injuries but also to document "the resulting medical care."  Deft. Mot. at 5.  FMC-Devens routinely exercises that authority and will do so in this case as it deems necessary.

Finally, photographs of Tsarnaev's injuries plainly are not work product, even if taken by defense counsel or at their request.  As the court explained in Resolution Trust Corp. v. Dabney, 73 F.3d 262 (10th Cir. 2006), the attorney work product doctrine "is intended only to guard against divulging the attorney's strategies and legal impressions." Id. at 266. Documents or other items that do not reflect the attorney's

6

mental impressions are not protected by the work product doctrine. See United States v. Nobles, 422 U.S. 225, 238 (1975) ("At its core, the work-product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case."); In re Grand Jury Proceedings, 658 F.2d 782, 784–85 (10th Cir. 1981) ("Such mental impressions are a prerequisite to the invocation of the work product doctrine."). Defense counsel have already disclosed that their reasons for seeking photographs of Tsarnaev's injuries are to use them in conjunction with a motion to suppress statements and to document the course of his medical care; the contents of the photos themselves would not reflect any strategies or mental impressions.

In sum, this Court should deny Tsarnaev's motion because Tsarnaev has no constitutional right to take photographs of his injuries in violation of BOP rules. Even if he had such a right, it would not be sufficiently important under the circumstances of this case to overcome BOP's legitimate interests in institutional security or the deference courts owe to prison administrators. That is because photographs of Tsarnaev's injuries, taken when he was first admitted to FMC-Devens, already exist. Finally, an order interfering with BOP's administration of its own facility is particularly unwarranted where, as here, BOP has made extensive efforts to bend its own rules to accommodate the

7

defense request.

WHEREFORE, the government respectfully requests that Tsarnaev's motion be DENIED.

>                         Respectfully submitted,
>                         CARMEN M. ORTIZ
>                         United States Attorney
>
>                   By:   /s/ William Weinreb
>                         William D. Weinreb
>                         Aloke S. Chakravarty
>                         John A. Capin
>                         Assistant U.S. Attorneys