UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**FILED UNDER SEAL**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Crim. No. 13-MJ-2106-MBB |
| v. | ) | |
| | ) | |
| | ) | |
| DZHOKHAR TSARNAEV | ) | |

**SEALED REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO ORDER THE BUREAU OF PRISONS TO PERMIT COUNSEL TO TAKE PHOTOGRAPHS OF THE DEFENDANT AND HIS INJURIES**

Defendant, Dzhokhar Tsarnaev, respectfully submits this Reply to the government's Opposition ("Opp.") to his Motion ("Mot.") to Order the Bureau of Prisons to Permit Counsel to Take Photographs of the Defendant and His Injuries. It is filed under seal because previous submissions in connection with this motion were sealed and in order to protect defense work product from public dissemination and media speculation.

The government's opposition to Mr. Tsarnaev's motion focuses on BOP rules it describes as "not arbitrary," *Bell v. Wolfish*, 441 U.S. 520 (1979), and is based an overly-narrow, jaundiced conception of the basis for the defense request. As noted in the original defense motion, photographic documentation of Mr. Tsarnaev's injuries over time is important evidence of his evolving physical and mental state, which is probative of issues in the case including, but not limited to, the voluntariness of statements and sentence mitigation arguments. The government fails to recognize that legitimate BOP

interests can be met while accommodating investigation that is critical to an effective defense under the Sixth Amendment.

While *Bell v. Wolfish, supra* accords deference to corrections officials in establishing institutional policies for order, discipline and security, it does not require complete abdication of judicial oversight. *See, e.g., Roberts v. Rhode Island*, 239 F.3d 107 (1st Cir. 2001) (holding that certain institutional policies did not meet the reasonableness test of *Bell v. Wolfish*).

Mr. Tsarnaev is a pretrial detainee with a right to effective assistance of counsel in the preparation of his defense. This includes investigation by defense counsel and counsel's consultation with their client without disclosure to the government. Under *Strickland v. Washington*, 466 U.S. 668, 690 (1974) "[c]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *See also Dugas v. Coplan*, 428 F.3d 317, 327-329 (1st Cir. 2005); *Rivera Alicea v. United States*, 404 F.3d 1, 3-4 (1st Cir. 2005). Failing to file appropriate pre-trial motions may constitute ineffective assistance of counsel. *See Kimmelman v. Morrison*, 477 U.S. 365 (1986); *Northrop v. Trippett*, 265 F.3d 372 (6th Cir. 2001).

In order to determine what motions or trial strategy is appropriate, counsel must investigate; effective investigation requires consultation with client. Our system is an adversarial one. "The very premise of our adversary system of criminal justice is that partisan advocacy on both sides of a case will promote the ultimate objective that the guilty be convicted and the innocent go free." *Herring v. New York*, 422 U.S. 853, 862

(1975). The "principal responsibility [of appointed counsel] is to serve the undivided interests of his client. Indeed, an indispensable element of the effective performance of his responsibilities is the ability to act independently of the Government and to oppose it in adversary litigation." *Ferri v. Ackerman*, 444 U.S. 193, 204 (1979).

Photographs may be work product: discussing the injuries and determining what photographs to take reflects strategies and mental processes of defense counsel. The process of taking the photographs also implicates the attorney-client privilege to the extent it involves communications between client and counsel concerning the reasons for taking particular photographs and discussion of the injuries with the defendant while photos are being taken. "[T]he essence of the Sixth Amendment right is, indeed, privacy of communication with counsel.'" *Greater Newburyport Clamshell Alliance v. PSCNH*, 838 F.2d 13, 21 (1st Cir. 1988). The fact that defense photographs may later become discoverable, depending on the use to which they later may be put in the litigation, does nothing to undermine these principles at this stage of the proceedings.

The defense recognizes that BOP has represented that it took photographs of the defendant's injuries upon his initial booking into FMC Devens. Indeed, counsel will seek production of those photographs as part of the production of the defendant's BOP file. However, these photographs may not capture all of the visual information deemed necessary by counsel and they do not document the injuries over time. Simply put,

existing BOP photographs, whatever they may depict, do not obviate the need for counsel to conduct their own, ongoing, independent investigation.[1]

Any legitimate interests in institutional security can be met by measures that do not intrude on the attorney-client relationship or defense preparation. For example, defense could provide a camera with a blank memory card to BOP personnel to take in to the prison, hold until photographs are taken by counsel in a location designated by BOP, and then remove from the prison. Alternatively, BOP could provide its camera to be used with a clean memory card provided by counsel. In either scenario, BOP security staff could review any photographs taken, under an order to not disclose any information about the photographs to the prosecution, to ensure that the photographs do not contain anything that would compromise institutional security or the privacy of staff or other inmates.

The government did not respond to the defendant's alternative suggestion ("should the Court defer to BOP's desire to have BOP staff take the photographs, counsel seek an order compelling BOP to provide the pictures to defense counsel only, and not to the prosecution", Mot. at 4). The only apparent difference between BOP's offered accommodation and the defendant's alternative suggestion is to whom the pictures will

[1] Assuming, as the government asserts, that FMC-Devens personnel may examine and photograph Mr. Tsarnaev's injuries for their own protection (Opp. at 5-6) and even further assuming that photographs taken to defend against a claim that Devens personnel have violated a duty of care owed to Tsarnaev may automatically be "shared" with the United States Attorney's office for purposes of a criminal prosecution (an assumption that may not withstand scrutiny), BOP "discretion" to take photographs for its own purposes does not remove the need for defense counsel to conduct its own investigation and preparation for trial in the manner it determines to be most effective and to shield defense preparation from the prosecution.

be provided. Should the Court defer to the BOP's opposition to the defense request to take pictures (subject to review by BOP for security purposes), it is requested that this Court:

1. direct BOP to take pictures of the defendant's injuries, in the present of and as directed by defense counsel; and,

2. to provide the pictures to defense counsel only.

DATED: May 15, 2013

JUDY CLARKE
MIRIAM CONRAD
TIMOTHY WATKINS
WILLIAM FICK

Attorneys for Dzhokhar Tsarnaev

**Certificate of Service**

I hereby certify that the foregoing document has been served by E-mail PDF upon counsel for the United States and counsel for the Federal Bureau of Prisons this 15th day of May, 2013.