```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

Magistrate Judge No. 13-2106-MBB

```
                     UNITED STATES OF AMERICA

                                v.

                        DZHOKHAR TSARNAEV

                      MEMORANDUM AND ORDER RE:
            SEALED EX PARTE MOTION TO ORDER THE BUREAU OF
                 PRISONS TO PERMIT COUNSEL TO TAKE
                    PHOTOGRAPHS OF THE DEFENDANT
                         (DOCKET ENTRY # 29)

                           May 17, 2013
```

**BOWLER, U.S.M.J.**

    In a sealed, ex parte motion filed May 7, 2012, defendant Dzhokhar Tsarnaev ("the defendant"), presently housed as a pretrial detainee at the Federal Medical Center (FMC) Devens ("FMC Devens") in Ayer, Massachusetts, requests a court order compelling the Federal Bureau of Prisons ("BOP") to allow the defendant's counsel to take current and periodic photographs of the defendant.[1] (Docket Entry # 29). In the alternative, if this court allows only BOP staff to take such pictures, the defendant seeks an order compelling the BOP to provide the pictures only to the defendant's counsel and not to the government. (Docket Entry # 29).

    Because the motion raises issues implicating the internal

---

[1] Although the defendant and the government submitted their related filings under seal, this court finds no basis to seal this Memorandum and Order. See generally In re Boston Herald, Inc., 321 F.3d 174, 180-181 (1st Cir. 2003).

administration or policies of FMC Devens, on May 8, 2013, this court ordered the defendant to serve a copy of the motion on the government.  On May 14, 2012, the government's opposition was docketed.  The following day on May 15, 2013, the clerk docketed the defendant's reply to the opposition.  The matter is therefore ripe for review.

## DISCUSSION

The defendant contends that his "injuries over time" provide evidence of "his evolving mental and physical state" which, in turn, is probative of "the voluntariness of [his] statements and sentence mitigation arguments."  (Docket Entry # 38).  The defendant also submits that any photographs constitute work product and/or attorney client communication.

In a prison environment, "security is a paramount concern." Savard v. Rhode Island, 338 F.3d 23, 29 (1st Cir. 2003).  Even with respect to pretrial detainees, prison administrators are "accorded wide-ranging deference" to adopt and execute "policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security."  Bell v. Wolfish, 441 U.S. 520, 547 (1979).

FMC Devens rules expressly prohibit visitors from bringing or using photographic equipment at the facility.  The relevant provisions state that:

> 5.  The Warden may deny, limit, or place restrictions on normal visiting privileges.  These restrictions may include duration of visit supervision, physical contact between inmate and visitor, and/or any restriction to maintain the security and control within the institution, when circumstances and/or information warrant this action . . . .

> 9. Visitors are not permitted to bring photographic or recording equipment on institution grounds. Cellular phones and/or pagers are not authorized inside the institution.

*FMC Devens Visiting Regulations*, http://www.bop.gov/locations/institutions/Dev., pp. 23-24 (June 23, 2011).

There is little, if any, reason to suspect that officials at FMC Devens are exaggerating the risk posed by cameras at the facility. See generally Bell v. Wolfish, 441 U.S. 520, 548 (1979) ("in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to considerations, courts should ordinarily defer to their expert judgment in such matters") (addressing institutional security considerations). Indeed, criminal law prohibits and prescribes an inmate's possession of a "prohibited object," 18 U.S.C. § 1791(a)(2), which include "cameras of any type" and "recording equipment." 28 C.F.R. § 511.12.

The defendant nevertheless maintains that his Sixth Amendment right to effective assistance of counsel, which includes an obligation of counsel to conduct an adequate investigation, trumps the policy at FMC Devens prohibiting the use by a visitor, including a pretrial detainee's attorney, of a camera. Counsel undeniably "has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Strickland v. Washington, 466 U.S. 668 690-691 (1974). Defense counsel's duty to the defendant however does not justify overriding the legitimate security concern posed by cameras at FMC Devens.

3

"When an institutional restriction infringes a specific constitutional guarantee, . . . the practice must be evaluated in the light of the central objective of prison administration, safeguarding institutional security." Bell v. Wolfish, 441 U.S. at 547.  Refusing to allow the defendant's counsel to bring a camera and take photographs or refusing a request to require BOP staff to use a memory card provided by the defendant's counsel is reasonable in light of legitimate security concerns.  Likewise, deference is afforded the reasonable decision to provide the government with copies of photographs.

It is true that photographs may provide probative evidence to support sentence mitigation arguments.  To accommodate the defendant's request, however, BOP staff at FMC Devens will allow its staff to take pictures of the defendant at the facility with the defendant's counsel present.  This reasonable accommodation adequately addresses the defendant's need to document the defendant's condition.  The defendant also fails in his burden of showing that *future* photographs taken by a BOP staff member are protected by the work product doctrine and therefore cannot be produced to the government.  See generally In re Grand Jury Matters, 751 F.2d 13, 17 n.4 (1st Cir. 1984) ("'[b]lanket assertions of privilege,'" including work product doctrine, are disfavored).  At this juncture, the defendant fails to show that the material constitutes work product.  The defendant also fails to establish that future photographs are subject to the attorney client privilege.  In sum, having evaluated and considered the

4

defendant's claims, this court defers to the expertise of BOP staff at FMC Devens and the facility's policies and procedures, as modified to accommodate the defendant's request.

## CONCLUSION

Accordingly, the motion (Docket Entry # 29) is **DENIED** except to the extent that this court orders that BOP staff may take the photographs of the defendant in the presence of the defendant's counsel.

                                                                   /s/ Marianne B. Bowler
                                                                   **MARIANNE B. BOWLER**
                                                                   United States Magistrate Judge