UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | Crim. No. 13-2106-MBB |
| | ) | |
| **DZHOKHAR TSARNAEV** | ) | <u>UNDER SEAL</u> |
| | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION TO ORDER THE BUREAU OF PRISONS
<u>TO PROVIDE HIS FILES ON A WEEKLY BASIS</u>**

The United States of America, by and through its undersigned counsel, respectfully submits this response to defendant Dzhokhar Tsarnaev's motion to order the Bureau of Prisons to provide his files to defense counsel on a weekly basis. As grounds for this response, the government states the following.

The government does not oppose defendant's motion for copies of the records specified in his motion, namely, his daily activity logs, suicide watch logs, psychology data systems files, photographs, commissary file, and the BOP "central file." BOP has informed the government that it will provide any such records that it creates pursuant to a court order, provided that defendant submits a written request for the records to BOP each time it seeks them. See 5 U.S.C. § 552a(b) & (b)(11). The government reserves the right to seek an amendment to the Court's order in the event BOP adds to the "central file" any information that is exempt from disclosure under the Privacy and Freedom of Information Acts and the disclosure of which could jeopardize

individual or institutional safety or interfere with law enforcement activities.

The government does, however, oppose defendant's motion to restrict BOP's ability to share records in its possession with the prosecutors in this case. The defense has cited no legal authority for that portion of its motion because there is none. Congress has specifically authorized BOP to share its records with other United States government agencies for law enforcement purposes. See 5 U.S.C. § 552a(b)(7). In doing so, Congress has not seen fit to require that defense counsel be given notice or an opportunity to object. The courts have no authority to rewrite the Privacy Act or BOP rules and regulations to suit the wishes of particular detainees such as Tsarnaev. Nor can Tsarnaev confer such authority on the courts by the mere expedient of characterizing his request as a motion for a "protective order." The Federal Rules of Criminal Procedure authorize protective orders only in connection with materials produced by one party to the other, see Fed. R. Crim P. 16(d); they do not authorize protective orders in connection with materials voluntarily produced by one branch of the Department of Justice to another branch.

WHEREFORE, the government respectfully requests that Tsarnaev's motion for a "protective order" be DENIED and that his motion for weekly copies of his daily activity logs, suicide

watch logs, psychology data systems files, photographs, commissary file, and the BOP "central file" –– to the extent BOP creates any such records –– be allowed with the added proviso that each request for these items be made in writing to BOP.

                    Respectfully submitted,
                    CARMEN M. ORTIZ
                    United States Attorney

By:  /s/ William Weinreb
     William D. Weinreb
     Aloke S. Chakravarty
     John A. Capin
     Assistant U.S. Attorneys

### Certificate of Service

I hereby certify on May 20, 2013, a copy of this document was served by electronic mail upon defendant's counsel, Miriam Conrad, Esq., Federal Public Defender Service, 51 Sleeper Street, 5th Floor, Boston, MA 02210

By: /s/ William Weinreb
    WILLIAM D. WEINREB
    Assistant U.S. Attorney