UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>- v. -<br><br>DZHOKHAR A. TSARNAEV,<br>a/k/a "Jahar Tsarni,"<br><br>Defendant. | Crim. No. 13CR10200 (mBB)<br><br>Violations:<br>18 U.S.C. § 2332a - Use of a Weapon of Mass Destruction and Conspiracy;<br>18 U.S.C. § 2332f - Bombing of a Place of Public Use and Conspiracy;<br>18 U.S.C. § 844(i) & (n) - Malicious Destruction of Property and Conspiracy;<br>18 U.S.C. § 924(c) - Use of a Firearm During and in Relation to a Crime of Violence;<br>18 U.S.C. § 924(j) - Use of a Firearm During and in Relation to a Crime of Violence Causing Death;<br>18 U.S.C. § 2119(2) - Carjacking Resulting in Serious Bodily Injury;<br>18 U.S.C. § 1951 - Interference With Commerce by Threats or Violence;<br>18 U.S.C. § 2 - Aiding and Abetting;<br>18 U.S.C. § 981(a)(1)(G) - Forfeiture. |

The Grand Jury charges that:

At all times relevant to this Indictment, unless otherwise indicated:

## GENERAL ALLEGATIONS

1.    DZHOKHAR A. TSARNAEV was a naturalized United States citizen residing in Cambridge, Massachusetts.

2.    Tamerlan Tsarnaev was a Russian citizen residing in Cambridge, Massachusetts.

3.    The 117th running of the Boston Marathon ("the Marathon") took place on April 15, 2013.  The Marathon is an annual race that attracts thousands of runners from all over the United States and the world.  It is normally held on Patriots' Day, a Massachusetts holiday that celebrates American patriotism and independence.  Every year, friends and family members of the runners, and tens of thousands of others, line the race course to cheer on the runners and enjoy the race.

4.    Many runners and their family members travel to the Boston, Massachusetts area from other states and countries and stay at local area hotels, eat at local area restaurants, and shop at local area businesses.

5.    The final stretch of the Boston Marathon runs eastward along the center of Boylston Street in Boston from Hereford Street to the finish line, which is located between Exeter and Dartmouth Streets.  Low metal barriers line both edges of the street and separate the spectators from the runners.  Many businesses line the streets of the Marathon route.  In the area near the finish line, businesses are located on both sides of Boylston Street, including restaurants, a department store, a hotel, and various retail stores.

6.    On April 15, 2013, at approximately 2:49 p.m., while the Marathon was still underway, two improvised explosive devices ("IEDs") exploded on the north side of Boylston Street along the

Marathon's final stretch.  The first exploded in front of Marathon Sports, located at 671 Boylston Street, and the second exploded in front of the Forum restaurant, located at 755 Boylston Street.  The IEDs were placed near the metal barriers where hundreds of spectators were watching runners approach the finish line.  Each explosion killed at least one person, maimed, burned, and wounded scores of others, and damaged public and private property, including property owned by people and businesses in the locations where the explosions occurred.

7.    The IEDs that exploded at the Marathon were constructed from pressure cookers, low explosive powder, shrapnel, adhesive, and other materials.  They were concealed inside black backpacks.

8.    Inspire magazine is an English language online publication of al-Qaeda in the Arabian Peninsula.  Volume One of Inspire magazine, which is dated summer 2010, contains detailed instructions for constructing IEDs using pressure cookers, explosive powder from fireworks, shrapnel, adhesive, and other materials.  IEDs constructed in this manner are designed to shred flesh, shatter bone, and cause extreme pain and suffering, as well as death.

9.    On April 18, 2013, at approximately 5:00 p.m., the Federal Bureau of Investigation ("FBI") published on its web site photographs of Tamerlan Tsarnaev and DZHOKHAR A. TSARNAEV,

identifying them as the two individuals suspected of detonating IEDs at the Marathon. (It did not identify them by name because law enforcement had not yet learned their names). These photographs were widely disseminated on television and elsewhere.

10. On April 19, 2013, while DZHOKHAR A. TSARNAEV was hiding from police in a drydocked boat in a Watertown, Massachusetts backyard, he wrote a message on an inside wall and beams of the boat that said (among other things): "The U.S. Government is killing our innocent civilians;" "I can't stand to see such evil go unpunished;" "We Muslims are one body, you hurt one you hurt us all;" "Now I don't like killing innocent people it is forbidden in Islam but due to said [unintelligible] it is allowed;" and "Stop killing our innocent people and we will stop."

**COUNT ONE**
**Conspiracy to Use A Weapon**
**Of Mass Destruction Resulting in Death**
**(18 U.S.C. § 2332a(a)(2))**

11.   The Grand Jury realleges and incorporates by reference paragraphs 1 through 10 and further charges that:

12.   From at least in or about February 2013, up to and including on or about April 19, 2013, in the District of Massachusetts and elsewhere, the defendant,

DZHOKHAR A. TSARNAEV,

knowingly conspired with Tamerlan Tsarnaev to use a weapon of mass destruction, namely, a destructive device as defined by Title 18, United States Code, Section 921, without lawful authority, against a person and property in the United States, and (1) such property was used in interstate and foreign commerce and in an activity that affects interstate and foreign commerce; (2) the mail and a facility of interstate and foreign commerce were used in furtherance of the offense; (3) a perpetrator traveled in and caused another to travel in interstate and foreign commerce in furtherance of the offense; and (4) the offense, and the results of the offense, affected interstate and foreign commerce.

13.   The conspiracy resulted in at least one person's death; specifically, it resulted in the deaths of Krystle Marie Campbell, Officer Sean Collier, Lingzi Lu, and Martin Richard.

-5-

## OVERT ACTS

14.   In furtherance of the conspiracy, and to effect its illegal object, DZHOKHAR A. TSARNAEV, the defendant, and Tamerlan Tsarnaev committed the following overt acts, among others, in the District of Massachusetts and elsewhere:

15.   At a time unknown to the Grand Jury, but before on or about April 15, 2013, DZHOKHAR A. TSARNAEV downloaded to his computer a digital copy of a book entitled, "The Slicing Sword, Against the One Who Forms Allegiances With the Disbelievers and Takes Them as Supporters Instead of Allah, His Messenger and The Believers."  The version that DZHOKHAR A. TSARNAEV downloaded had a foreword by Anwar Al-Awlaki, who was a well-known al-Qaeda propagandist.  This publication directs Muslims not to give their allegiance to governments that invade Muslim lands.

16.   At a time unknown to the Grand Jury, but before on or about April 15, 2013, DZHOKHAR A. TSARNAEV downloaded to his computer a publication entitled "Defense of the Muslim Lands, the First Obligation After Imam," by Abdullah Azzam, who is also known as "the Father of Global Jihad."  This publication advocates violence designed to terrorize the perceived enemies of Islam, among other things.

17.   At a time unknown to the Grand Jury, but before on or about April 15, 2013, DZHOKHAR A. TSARNAEV downloaded to his computer a digital copy of the publication, "Jihad and the

Effects of Intention Upon It."  The version he downloaded was published by an extremist web forum called At-Tibyan publications.  The publication glorifies martyrdom in the service of violent jihad.

18.  At a time unknown to the Grand Jury, but before on or about April 15, 2013, DZHOKHAR A. TSARNAEV downloaded to his computer a copy of Volume One of Inspire magazine, which includes instructions on how to build IEDs using pressure cookers or sections of pipe, explosive powder from fireworks, and shrapnel, among other things.

19.  On or about February 6, 2013, Tamerlan Tsarnaev traveled to Phantom Fireworks in Seabrook, New Hampshire, and purchased 48 mortars containing approximately eight pounds of low explosive powder.

20.  On or about March 20, 2013, DZHOKHAR A. TSARNAEV and Tamerlan Tsarnaev traveled to a firing range in Manchester, New Hampshire, where DZHOKHAR A. TSARNAEV rented two 9mm handguns, purchased 200 rounds of ammunition, and engaged in target practice with Tamerlan Tsarnaev for approximately one hour.

21.  On or about April 5, 2013, Tamerlan Tsarnaev used the internet to order electronic components that could be adapted for use in making IEDs, and those components were delivered by the United States Postal Service to the Cambridge, Massachusetts, residence shared by DZHOKHAR A. TSARNAEV and Tamerlan Tsarnaev.

22.   On or about April 14, 2013, DZHOKHAR A. TSARNAEV opened a prepaid cell phone account under the name "Jahar Tsarni."

23.   On April 15, 2013, at approximately 2:40 p.m., Tamerlan Tsarnaev walked to the front of Marathon Sports at 671 Boylston Street, where he placed a backpack concealing an IED constructed from a pressure cooker, low explosive powder, shrapnel, adhesive, electronic components, and other materials, among a dense crowd of Marathon spectators that included men, women, and children.

24.   On April 15, 2013, at approximately 2:40 p.m., DZHOKHAR A. TSARNAEV walked to the front of the Forum restaurant at 755 Boylston Street, where he placed a backpack concealing an IED constructed from a pressure cooker, low explosive powder, shrapnel, adhesive, electronic components, and other materials, among a dense crowd of Marathon spectators that included men, women, and children.

25.   On April 15, 2013, at approximately 2:48 p.m., DZHOKHAR A. TSARNAEV called Tamerlan Tsarnaev using his prepaid cell phone and spoke to him for several seconds.

26.   On April 15, 2013, at approximately 2:49 p.m., seconds after DZHOKHAR A. TSARNAEV completed his phone call to Tamerlan Tsarnaev, Tamerlan Tsarnaev detonated the bomb he had placed in front of Marathon Sports, killing Krystle Marie Campbell and maiming and seriously injuring many others.

27.   On April 15, 2013, at approximately 2:49 p.m., seconds after Tamerlan Tsarnaev detonated the bomb he had placed in front of Marathon Sports on Boylston Street, DZHOKHAR A. TSARNAEV detonated the bomb he had placed in front of the Forum restaurant on Boylston Street, killing Lingzi Lu and Martin Richard, and maiming and seriously injuring many others.

28.   On or before April 18, 2013, DZHOKHAR A. TSARNAEV stored in his college dormitory room his computer and a backpack containing fireworks that had been emptied of low explosive powder.

29.   On April 18, 2013, at approximately 8:45 p.m., a few hours after television stations and other media began disseminating a photograph of DZHOKHAR A. TSARNAEV that identified him as a suspect in the Marathon bombings, DZHOKHAR A. TSARNAEV sent a text message to a college classmate and close friend that read, "If you want u can go to my room and take what you want."

30.   On April 18, 2013, at approximately 10:00 p.m., DZHOKHAR A. TSARNAEV and Tamerlan Tsarnaev armed themselves with five IEDs, a Ruger P95 9mm semiautomatic handgun, ammunition for the Ruger, a machete, and a hunting knife, and drove in their Honda Civic to the Massachusetts Institute of Technology ("MIT") in Cambridge, Massachusetts.

31.   On April 18, 2013, at approximately 10:25 p.m., in the vicinity of 32 Vassar Street in Cambridge, Massachusetts, DZHOKHAR A. TSARNAEV and Tamerlan Tsarnaev murdered Sean Collier, an MIT Police Officer, by shooting him in the head at close range with a Ruger P95 9mm semiautomatic handgun, and attempted to steal his service weapon.

32.   On April 18, 2013, at approximately 11:00 p.m., in the vicinity of 60 Brighton Avenue in Boston, Massachusetts, DZHOKHAR A. TSARNAEV and Tamerlan Tsarnaev carjacked D.M.'s leased Mercedes ML350 by pointing a gun at D.M. and threatening to kill him.  They indicated to D.M. that they intended to drive his vehicle to Manhattan.

33.   After carjacking and kidnaping D.M., DZHOKHAR A. TSARNAEV and Tamerlan Tsarnaev forced him to drive to Watertown, Massachusetts, where they retrieved a portable GPS device and other items from their Honda Civic.  Then they forced D.M. to drive to a gas station in order to fill the Mercedes's gas tank.

34.   While DZHOKHAR A. TSARNAEV and Tamerlan Tsarnaev were searching for a gas station, they drove D.M. to a Bank of America branch in Watertown Square and forced D.M. to hand over his Automatic Teller Machine ("ATM") debit card and personal identification number ("PIN").  Then DZHOKHAR A. TSARNAEV used the ATM card and PIN to withdraw $800 from D.M.'s Bank of America account against D.M.'s will.

35.  On April 19, 2013, at approximately 12:15 a.m., D.M. escaped from the Mercedes and called 911.  DZHOKHAR A. TSARNAEV and Tamerlan Tsarnaev then drove to the vicinity of Laurel Street and Dexter Avenue in Watertown, Massachusetts, where officers of the Watertown Police Department located them and tried to apprehend them.

36.  On April 19, 2013, at approximately 12:43 a.m., DZHOKHAR A. TSARNAEV and Tamerlan Tsarnaev began firing at the officers trying to apprehend them and used four IEDs against them, one of which was made from a pressure cooker, low explosive powder, shrapnel, and other materials.

37.  On April 19, 2013, at approximately 12:50 a.m., after attempting to shoot, bomb, and kill or disable the law enforcement officers who were trying to apprehend them, Tamerlan Tsarnaev was tackled by three Watertown police officers -- Sergeant Jeffrey Pugliese, Sergeant John MacLellan, and Officer John Reynolds -- and struggled with them as they tried to handcuff him.  DZHOKHAR A. TSARNAEV reentered the Mercedes and drove it directly at the three police officers.

38.  When DZHOKHAR A. TSARNAEV drove the Mercedes at the three police officers, he barely missed Sergeant Jeffrey Pugliese, who was attempting to drag Tamerlan Tsarnaev to safety. Then DZHOKHAR A. TSARNAEV ran over Tamerlan Tsarnaev, seriously injuring him and contributing to his death.

39.  In the course of making his escape in the Mercedes, DZHOKHAR A. TSARNAEV also caused Richard Donohue, a Massachusetts Bay Transportation Authority officer, to sustain serious bodily injury.

40.  After escaping in the Mercedes, DZHOKHAR A. TSARNAEV abandoned the car on Spruce Street in Watertown, smashed both of his cell phones, and hid in a drydocked boat in a Watertown backyard until he was captured by police.

All in violation of Title 18, United States Code, Section 2332a(a)(2).

**COUNT TWO:**
**Use of a Weapon of Mass Destruction**
**Resulting in Death; Aiding and Abetting**
**(18 U.S.C. § 2332a(a)(2); 18 U.S.C. § 2)**

41.   The Grand Jury realleges and incorporates by reference paragraphs 1 through 10 and further charges that:

42.   On or about April 15, 2013, in the District of Massachusetts and elsewhere, the defendant,

DZHOKHAR A. TSARNAEV,

knowingly, and without lawful authority, used a weapon of mass destruction, namely, a destructive device as defined in Title 18, United States Code, Section 921, against a person and property within the United States, and: (1) such property was used in interstate and foreign commerce and in an activity that affects interstate and foreign commerce; and (2) the offense, and the results of the offense, affected interstate and foreign commerce, to wit, DZHOKHAR A. TSARNAEV and Tamerlan Tsarnaev produced explosive bombs from pressure cookers, low explosive powder, ball bearings, nails, adhesives, electronic components, and other materials, then Tamerlan Tsarnaev, aided and abetted by DZHOKHAR A. TSARNAEV, placed and detonated one such bomb ("Pressure Cooker Bomb #1") in the vicinity of 671 Boylston Street in Boston, Massachusetts, which resulted in a premature end to the Boston Marathon and damage to Marathon Sports and other property.

43.   The Grand Jury further charges that the offense resulted in at least one person's death; specifically, it resulted in the death of Krystle Marie Campbell.

All in violation of Title 18, United States Code, Section 2332a(a)(2), and Title 18, United States Code, Section 2.

-14-

**COUNT THREE:**
**Possession and Use of a Firearm**
**During and in Relation to a Crime of Violence**
**Resulting in Death; Aiding and Abetting**
**(18 U.S.C. § 924(c) & (j); 18 U.S.C. § 2)**

44.   The Grand Jury realleges and incorporates by reference paragraphs 1 through 10 and further charges that:

45.   On or about April 15, 2013, in the District of Massachusetts and elsewhere, the defendant,

DZHOKHAR A. TSARNAEV,

during and in relation to a crime of violence for which he may be prosecuted in a court of the United States (namely, use of a weapon of mass destruction, as charged in Count Two this Indictment), did knowingly use and carry a firearm, and did, in furtherance of such crime, knowingly possess said firearm, to wit, a bomb constructed from a pressure cooker, low explosive powder, and other materials ("Pressure Cooker Bomb #1").

46.   The Grand Jury further charges that the firearm was discharged.

47.   The Grand Jury further charges that the firearm was a destructive device as defined in 18 U.S.C. § 921(a)(4)(A).

48.   The Grand Jury further charges that DZHOKHAR A. TSARNAEV, in the course of committing the violation alleged in this count, caused the death of a person through the use of the firearm, and the killing was a murder as defined in Title 18,

United States Code, Section 1111; specifically, he caused the death of Krystle Marie Campbell.

All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) & (iii), 924(c)(1)(B)(ii), 924(c)(1)(C)(ii), and 924(j)(1), and Title 18, United States Code, Section 2.

**COUNT FOUR:**
**Use of a Weapon Of Mass Destruction**
**Resulting in Death; Aiding and Abetting**
**(18 U.S.C. § 2332a(a)(2); 18 U.S.C. § 2)**

49.   The Grand Jury realleges and incorporates by reference paragraphs 1 through 10 and further charges that:

50.   On or about April 15, 2013, in the District of Massachusetts, and elsewhere, the defendant,

DZHOKHAR A. TSARNAEV,

knowingly, and without lawful authority, used a weapon of mass destruction, namely, a destructive device as defined by Title 18, United States Code, Section 921, against a person and property within the United States, and: (1) such property was used in interstate and foreign commerce and in an activity that affects interstate and foreign commerce; and (2) the offense, and the results of the offense, affected interstate and foreign commerce, to wit, DZHOKHAR A. TSARNAEV and Tamerlan Tsarnaev produced explosive bombs from pressure cookers, low explosive powder, ball bearings, nails, adhesives, electronic components, and other materials, then DZHOKHAR A. TSARNAEV placed and detonated one such bomb ("Pressure Cooker Bomb #2") in the vicinity of 755 Boylston Street in Boston, Massachusetts, which resulted in a premature end to the Boston Marathon and damage to the Forum restaurant and other property.

51.   The Grand Jury further charges that the offense resulted in at least one person's death; specifically, it resulted in the deaths of Lingzi Lu and Martin Richard.

All in violation of Title 18, United States Code, Section 2332a(a)(2), and Title 18, United States Code, Section 2.

**COUNT FIVE:**
**Possession and Use of a Firearm**
**During and in Relation to a Crime of Violence**
**Resulting in Death; Aiding and Abetting**
**(18 U.S.C. § 924(c) & (j); 18 U.S.C. § 2)**

52.    The Grand Jury realleges and incorporates by reference paragraphs 1 through 10 and further charges that:

53.    On or about April 15, 2013, in the District of Massachusetts and elsewhere, the defendant,

DZHOKHAR A. TSARNAEV,

during and in relation to a crime of violence for which he may be prosecuted in a court of the United States (namely, use of a weapon of mass destruction, as charged in Count Four of this Indictment), did knowingly use and carry a firearm, and did, in furtherance of such crime, knowingly possess said firearm, to wit, a bomb constructed from a pressure cooker, low explosive powder, and other materials ("Pressure Cooker Bomb #2").

54.    The Grand Jury further charges that the firearm was discharged.

55.    The Grand Jury further charges that the firearm was a destructive device as defined in 18 U.S.C. § 921(a)(4)(A).

56.    The Grand Jury further charges that DZHOKHAR A. TSARNAEV, in the course of committing the violation alleged in this count, caused the death of a person through the use of the firearm, and the killing was a murder as defined in Title 18,

-19-

United States Code, Section 1111; specifically, he caused the deaths of Lingzi Lu and Martin Richard.

All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) & (iii), 924(c)(1)(B)(ii), 924(c)(1)(C)(ii), and 924(j)(1), and Title 18, United States Code, Section 2.

**COUNT SIX**
**Conspiracy to Bomb a Place of**
**Public Use Resulting in Death**
**(18 U.S.C. § 2332f(a)(1) & (c))**

57.   The Grand Jury realleges and incorporates by reference paragraphs 1 through 10 and 14 through 40 and further charges that:

58.   From at least in or about February 2013, up to and including on or about April 19, 2013, in the District of Massachusetts and elsewhere, the defendant,

DZHOKHAR A. TSARNAEV,

knowingly conspired with Tamerlan Tsarnaev unlawfully to deliver, place, discharge, and detonate an explosive and other lethal device in, into, and against a place of public use (1) with the intent to cause death and serious bodily injury, and (2) with the intent to cause extensive destruction of such place, where such destruction results in and is likely to result in major economic loss.

59.   The Grand Jury further charges that the offense took place in the United States and (1) it was committed in an attempt to compel the United States to do and abstain from doing any act, and (2) a victim was a national of another state and the offense had a substantial effect on interstate and foreign commerce.

60.   The Grand Jury further charges that the offense resulted in the death of at least one person; specifically, it

-21-

resulted in the deaths of Krystle Marie Campbell, Officer Sean Collier, Lingzi Lu, and Martin Richard.

All in violation of Title 18, United States Code, Sections 2332f(a)(1), 2332f(a)(2) and 2332f(c).

**COUNT SEVEN**
**Bombing of a Place of Public Use**
**Resulting in Death; Aiding and Abetting**
**(18 U.S.C. § 2332f(a)(1) & (c); 18 U.S.C. § 2)**

61.   The Grand Jury realleges and incorporates by reference paragraphs 1 through 10 and further charges that:

62.   On or about April 15, 2013, in the District of Massachusetts and elsewhere, the defendant,

DZHOKHAR A. TSARNAEV,

knowingly and unlawfully delivered, placed, discharged, and detonated an explosive and other lethal device ("Pressure Cooker Bomb #1") in, into, and against a place of public use (1) with the intent to cause death and serious bodily injury, and (2) with the intent to cause extensive destruction of such place, where such destruction results in and is likely to result in major economic loss, to wit, Tamerlan Tsarnaev, aided and abetted by DZHOKHAR A. TSARNAEV, placed Pressure Cooker Bomb #1 in front of Marathon Sports located at 671 Boylston Street, Boston, Massachusetts, and then detonated it, causing extensive destruction to Marathon Sports and other places of public use.

63.   The Grand Jury further charges that the offense took place in the United States, and that (1) it was committed in an attempt to compel the United States to do and abstain from doing any act, and (2) a victim of the offense was a national of another state and the offense had a substantial effect on interstate and foreign commerce.

64.  The Grand Jury further charges that the offense
resulted in the death of at least one person; specifically, it
resulted in the death of Krystle Marie Campbell.

All in violation of Title 18, United States Code, Section
2332f(a)(1) & (c), and Title 18, United States Code, Section 2.

**COUNT EIGHT:**
**Possession and Use of a Firearm**
**During and in Relation to a Crime of Violence**
**Resulting in Death; Aiding and Abetting**
**(18 U.S.C. § 924(c) & (j); 18 U.S.C. § 2)**

65.  The Grand Jury realleges and incorporates by reference paragraphs 1 through 10 and further charges that:

66.  On or about April 15, 2013, in the District of Massachusetts and elsewhere, the defendant,

DZHOKHAR A. TSARNAEV,

during and in relation to a crime of violence for which he may be prosecuted in a court of the United States (namely, bombing of a place of public use, as charged in Count Seven of this Indictment), did knowingly use and carry a firearm, and did, in furtherance of such crime, knowingly possess said firearm, to wit, a bomb constructed from a pressure cooker, low explosive powder, and other materials ("Pressure Cooker Bomb #1").

67.  The Grand Jury further charges that the firearm was discharged.

68.  The Grand Jury further charges that the firearm was a destructive device as defined in 18 U.S.C. § 921(a)(4)(A).

69.  The Grand Jury further charges that DZHOKHAR A. TSARNAEV, in the course of committing the violation alleged in this count, caused the death of a person through the use of the firearm, and the killing was a murder as defined in Title 18,

United States Code, Section 1111; specifically, he caused the death of Krystle Marie Campbell.

All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) & (iii), 924(c)(1)(B)(ii), 924(c)(1)(C)(ii), and 924(j)(1), and Title 18, United States Code, Section 2.

**COUNT NINE**
**Bombing of a Place of Public Use**
**Resulting in Death; Aiding and Abetting**
**(18 U.S.C. § 2332f(a)(1) & (c); 18 U.S.C. § 2)**

70. The Grand Jury realleges and incorporates by reference paragraphs 1 through 10 and further charges that:

71. On or about April 15, 2013, in the District of Massachusetts and elsewhere, the defendant,

DZHOKHAR A. TSARNAEV,

knowingly and unlawfully delivered, placed, discharged, and detonated an explosive and other lethal device ("Pressure Cooker Bomb #2") in, into, and against a place of public use (1) with the intent to cause death and serious bodily injury, and (2) with the intent to cause extensive destruction of such place, where such destruction results in and is likely to result in major economic loss, to wit, DZHOKHAR A. TSARNAEV placed Pressure Cooker Bomb #2 in front of the Forum restaurant located at 755 Boylston Street, Boston, Massachusetts, and then detonated it, causing extensive destruction to the Forum restaurant and other places of public use.

72. The Grand Jury further charges that the offense took place in the United States, and that (1) it was committed in an attempt to compel the United States to do and abstain from doing any act, and (2) a victim of the offense was a national of another state and the offense had a substantial effect on interstate and foreign commerce.

-27-

73.   The Grand Jury further charges that the offense resulted in the death of at least one person; specifically, it resulted in the deaths of Lingzi Lu and Martin Richard.

All in violation of Title 18, United States Code, Section 2332f(a)(1) & (c), and Title 18, United States Code, Section 2.

**COUNT TEN:**
**Possession and Use of a Firearm**
**During and in Relation to a Crime of Violence**
**Resulting in Death; Aiding and Abetting**
**(18 U.S.C. § 924(c) & (j); 18 U.S.C. § 2)**

74.  The Grand Jury realleges and incorporates by reference paragraphs 1 through 10 and further charges that:

75.  On or about April 15, 2013, in the District of Massachusetts and elsewhere, the defendant,

DZHOKHAR A. TSARNAEV,

during and in relation to a crime of violence for which he may be prosecuted in a court of the United States (namely, bombing of a place of public use, as charged in Count Nine of this Indictment), did knowingly use and carry a firearm, and did, in furtherance of such crime, knowingly possess said firearm, to wit, a bomb constructed from a pressure cooker, low explosive powder, and other materials ("Pressure Cooker Bomb #2").

76.  The Grand Jury further charges that the firearm was discharged.

77.  The Grand Jury further charges that the firearm was a destructive device as defined in 18 U.S.C. § 921(a)(4)(A).

78.  The Grand Jury further charges that DZHOKHAR A. TSARNAEV, in the course of committing the violation alleged in this count, caused the death of a person through the use of the firearm, and the killing was a murder as defined in Title 18,

-29-

United States Code, Section 1111; specifically, he caused the death of Lingzi Lu and Martin Richard.

All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) & (iii), 924(c)(1)(B)(ii), 924(c)(1)(C)(ii), and 924(j)(1), and Title 18, United States Code, Section 2.

## COUNT ELEVEN:
## Conspiracy to Maliciously Destroy Property
## Resulting in Personal Injury and Death
## (18 U.S.C. § 844(i) & (n))

79.   The Grand Jury realleges and incorporates by reference paragraphs 1 through 10 and 14 through 40 and further charges that:

80.   From at least in or about February 2013, up to and including on or about April 19, 2013, in the District of Massachusetts and elsewhere, the defendant,

DZHOKHAR A. TSARNAEV,

knowingly conspired with Tamerlan Tsarnaev to maliciously damage and destroy, by means of fire and an explosive, a building, vehicle and other real and personal property used in interstate and foreign commerce and in an activity affecting interstate and foreign commerce.

81.   The Grand Jury further charges that the offense resulted in personal injury to at least one person; specifically, it resulted in personal injury to many persons who were participating in, viewing, and passing by the Boston Marathon.

82.   The Grand Jury further charges that the offense resulted in the death of at least one person; specifically, it resulted in the deaths of Krystle Marie Campbell, Officer Sean Collier, Lingzi Lu, and Martin Richard.

All in violation of Title 18, United States Code, Sections 844(i) and 844(n).

## COUNT TWELVE:
## Malicious Destruction of Property Resulting in
## Personal Injury and Death; Aiding and Abetting
## (18 U.S.C. § 844(i); 18 U.S.C. § 2)

83.  The Grand Jury realleges and incorporates by reference paragraphs 1 through 10 and further charges that:

84.  On or about April 15, 2013, in the District of Massachusetts and elsewhere, the defendant,

DZHOKHAR A. TSARNAEV,

maliciously damaged and destroyed, and attempted to damage and destroy, by means of fire and an explosive, a building, vehicle, and other real and personal property used in interstate and foreign commerce and in an activity affecting interstate and foreign commerce, to wit, Tamerlan Tsarnaev, aided and abetted by DZHOKHAR A. TSARNAEV, placed and detonated an explosive ("Pressure Cooker Bomb #1") in the vicinity of 671 Boylston Street in Boston, Massachusetts that resulted in a premature end to the Boston Marathon and damage to Marathon Sports and other business property.

85.  The Grand Jury further charges that the offense resulted in personal injury to at least one person; specifically, it resulted in personal injury to many persons who were participating in, viewing, and passing by the Boston Marathon.

86.  The Grand Jury further charges that the offense resulted in the death of at least one person; specifically, it resulted in the death of Krystle Marie Campbell.

All in violation of Title 18, United States Code, Section 844(i), and Title 18, United States Code, Section 2.

**COUNT THIRTEEN:**
**Possession and Use of a Firearm**
**During and in Relation to a Crime of Violence**
**Resulting in Death; Aiding and Abetting**
**(18 U.S.C. § 924(c) & (j); 18 U.S.C. § 2)**

87.   The Grand Jury realleges and incorporates by reference paragraphs 1 through 10 and further charges that:

88.   On or about April 15, 2013, in the District of Massachusetts and elsewhere, the defendant,

DZHOKHAR A. TSARNAEV,

during and in relation to a crime of violence for which he may be prosecuted in a court of the United States (namely, malicious destruction of property, as charged in Count Twelve of this Indictment), did knowingly use and carry a firearm, and did, in furtherance of such crime, knowingly possess said firearm, to wit, a bomb constructed from a pressure cooker, low explosive powder, and other materials ("Pressure Cooker Bomb #1").

89.   The Grand Jury further charges that the firearm was discharged.

90.   The Grand Jury further charges that the firearm was a destructive device as defined in 18 U.S.C. § 921(a)(4)(A).

91.   The Grand Jury further charges that DZHOKHAR A. TSARNAEV, in the course of committing the violation alleged in this count, caused the death of a person through the use of the firearm, and the killing was a murder as defined in Title 18,

-34-

United States Code, Section 1111; specifically, he caused the death of Krystle Marie Campbell.

All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) & (iii), 924(c)(1)(B)(ii), 924(c)(1)(C)(ii), and 924(j)(1), and Title 18, United States Code, Section 2.

**COUNT FOURTEEN:**
**Malicious Destruction of Property Resulting in**
**Personal Injury and Death; Aiding and Abetting**
**(18 U.S.C. § 844(i); 18 U.S.C. § 2)**

92.   The Grand Jury realleges and incorporates by reference
paragraphs 1 through 10 and further charges that:

93.   On or about April 15, 2013, in the District of
Massachusetts and elsewhere, the defendant,

DZHOKHAR A. TSARNAEV,

maliciously damaged and destroyed, and attempted to damage and
destroy, by means of fire and an explosive, a building, vehicle,
and other real and personal property used in interstate and
foreign commerce and in an activity affecting interstate and
foreign commerce, to wit, DZHOKHAR A. TSARNAEV placed and
detonated an explosive ("Pressure Cooker Bomb #2") in the
vicinity of 755 Boylston Street in Boston, Massachusetts that
resulted in a premature end to the Boston Marathon and damage to
the Forum restaurant and other business property.

94.   The Grand Jury further charges that the offense
resulted in personal injury to at least one person; specifically,
it resulted in personal injury to many persons who were
participating in, viewing, and passing by the Boston Marathon.

95.   The Grand Jury further charges that the offense
resulted in the death of at least one person; specifically, it
resulted in the deaths of Lingzi Lu and Martin Richard.

All in violation of Title 18, United States Code, Section 844(i), and Title 18, United States Code, Section 2.

**COUNT FIFTEEN:**
**Possession and Use of a Firearm**
**During and in Relation to a Crime of Violence**
**Resulting in Death; Aiding and Abetting**
**(18 U.S.C. § 924(c) & (j); 18 U.S.C. § 2)**

96.  The Grand Jury realleges and incorporates by reference paragraphs 1 through 10 and further charges that:

97.  On or about April 15, 2013, in the District of Massachusetts and elsewhere, the defendant,

DZHOKHAR A. TSARNAEV,

during and in relation to a crime of violence for which he may be prosecuted in a court of the United States (namely, malicious destruction of property, as charged in Count Fourteen of this Indictment), did knowingly use and carry a firearm, and did, in furtherance of such crime, knowingly possess said firearm, to wit, a bomb constructed from a pressure cooker, low explosive powder, and other materials ("Pressure Cooker Bomb #2").

98.  The Grand Jury further charges that the firearm was discharged.

99.  The Grand Jury further charges that the firearm was a destructive device as defined in 18 U.S.C. § 921(a)(4)(A).

100. The Grand Jury further charges that DZHOKHAR A. TSARNAEV, in the course of committing the violation alleged in this count, caused the death of a person through the use of the firearm, and the killing was a murder as defined in Title 18,

-38-

United States Code, Section 1111; specifically, he caused the death of Lingzi Lu and Martin Richard.

All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) & (iii), 924(c)(1)(B)(ii), 924(c)(1)(C)(ii), and 924(j)(1), and Title 18, United States Code, Section 2.

**COUNT SIXTEEN:**
**Possession and Use of a Firearm**
**During and in Relation to a Crime of Violence**
**Resulting in Death; Aiding and Abetting**
**(18 U.S.C. § 924(c) & (j); 18 U.S.C. § 2)**

101. The Grand Jury realleges and incorporates by reference paragraphs 1 through 10 and further charges that:

102. On or about April 18, 2013, in the District of Massachusetts and elsewhere, the defendant,

DZHOKHAR A. TSARNAEV,

during and in relation to a crime of violence for which he may be prosecuted in a court of the United States (namely, conspiracy to use a weapon of mass destruction, as charged in Count One of this Indictment), did knowingly use and carry a firearm (namely, a Ruger P95 9mm semiautomatic handgun), and did, in furtherance of such crime, knowingly possess said firearm.

103. The Grand Jury further charges that the firearm was brandished.

104. The Grand Jury further charges that the firearm was discharged.

105. The Grand Jury further charges that DZHOKHAR A. TSARNAEV, in the course of committing the violation alleged in this count, caused the death of a person through the use of the firearm, and the killing was a murder as defined in Title 18, United States Code, Section 1111; specifically, he caused the death of Officer Sean Collier.

All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i), (ii) & (iii), 924(c)(1)(C)(i), and 924(j)(1), and Title 18, United States Code, Section 2.

**COUNT SEVENTEEN:**
**Possession and Use of a Firearm**
**During and in Relation to a Crime of Violence**
**Resulting in Death; Aiding and Abetting**
**(18 U.S.C. § 924(c) & (j); 18 U.S.C. § 2)**

106. The Grand Jury realleges and incorporates by reference paragraphs 1 through 10 and further charges that:

107. On or about April 18, 2013, in the District of Massachusetts and elsewhere, the defendant,

DZHOKHAR A. TSARNAEV,

during and in relation to a crime of violence for which he may be prosecuted in a court of the United States (namely, conspiracy to bomb a place of public use, as charged in Count Six of this Indictment), did knowingly use and carry a firearm (namely, a Ruger P95 9mm semiautomatic handgun), and did, in furtherance of such crime, knowingly possess said firearm.

108. The Grand Jury further charges that the firearm was brandished.

109. The Grand Jury further charges that the firearm was discharged.

110. The Grand Jury further charges that DZHOKHAR A. TSARNAEV, in the course of committing the violation alleged in this count, caused the death of a person through the use of the firearm, and the killing was a murder as defined in Title 18, United States Code, Section 1111; specifically, he caused the death of Officer Sean Collier.

-42-

All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i), (ii) & (iii), 924(c)(1)(C)(i), and 924(j)(1), and Title 18, United States Code, Section 2.

**COUNT EIGHTEEN:**
**Possession and Use of a Firearm**
**During and in Relation to a Crime of Violence**
**Resulting in Death; Aiding and Abetting**
**(18 U.S.C. § 924(c) & (j); 18 U.S.C. § 2)**

111. The Grand Jury realleges and incorporates by reference paragraphs 1 through 10 and further charges that:

112. On or about April 18, 2013, in the District of Massachusetts and elsewhere, the defendant,

DZHOKHAR A. TSARNAEV,

during and in relation to a crime of violence for which he may be prosecuted in a court of the United States (namely, conspiracy maliciously to destroy property, as charged in Count Eleven of this Indictment), did knowingly use and carry a firearm (namely, a Ruger P95 9mm semiautomatic handgun), and did, in furtherance of such crime, knowingly possess said firearm.

113. The Grand Jury further charges that the firearm was brandished.

114. The Grand Jury further charges that the firearm was discharged.

115. The Grand Jury further charges that DZHOKHAR A. TSARNAEV, in the course of committing the violation alleged in this count, caused the death of a person through the use of the firearm, and the killing was a murder as defined in Title 18, United States Code, Section 1111; specifically, he caused the death of Officer Sean Collier.

-44-

All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i), (ii) & (iii), 924(c)(1)(C)(i), and 924(j)(1), and Title 18, United States Code, Section 2.

## COUNT NINETEEN
### Carjacking Resulting in
### Serious Bodily Injury; Aiding and Abetting
### (18 U.S.C. § 2119(2); 18 U.S.C. § 2)

116. The Grand Jury realleges and incorporates by reference paragraphs 1 through 10 and further charges that:

117. On or about April 18, 2013, in the District of Massachusetts and elsewhere, the defendant,

DZHOKHAR A. TSARNAEV,

with the intent to cause death and serious bodily harm, knowingly took and attempted to take from the person and presence of D.M., by force and violence, and by intimidation, a motor vehicle that had been transported, shipped, and received in interstate and foreign commerce, that is, a 2013 Mercedes ML350 bearing Massachusetts license plate 137N71 and VIN 4JGDA5HB1DA193885.

118. The Grand Jury further charges that the offense resulted in serious bodily injury to Officer Richard Donohue.

All in violation of Title 18, United States Code, Section 2119(2), and Title 18, United States Code, Section 2.

**COUNT TWENTY:**
**Possession and Use of a Firearm**
**During and in Relation To**
**a Crime of Violence; Aiding and Abetting**
**(18 U.S.C. § 924(c); 18 U.S.C. § 2)**

119. The Grand Jury realleges and incorporates by reference paragraphs 1 through 10 and further charges that:

120. On or about April 18, 2013, in the District of Massachusetts and elsewhere, the defendant,

DZHOKHAR A. TSARNAEV,

during and in relation to a crime of violence for which he may be prosecuted in a court of the United States (namely, carjacking, as charged in Count Nineteen of this Indictment), did knowingly use and carry a firearm (namely, a Ruger P95 9mm semiautomatic handgun), and did, in furtherance of such crime, knowingly possess said firearm.

121. The Grand Jury further charges that the firearm was brandished.

All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) & (ii) and 924(c)(1)(C)(i), and Title 18, United States Code, Section 2.

### COUNT TWENTY-ONE
### Interference With Commerce
### by Threats and Violence; Aiding and Abetting
### (18 U.S.C. § 1951; 18 U.S.C. § 2)

122. The Grand Jury realleges and incorporates by reference paragraphs 1 through 10 and further charges that:

123. On or about April 18, 2013, in the District of Massachusetts and elsewhere, the defendant,

DZHOKHAR A. TSARNAEV,

committed a robbery that in some way and degree obstructed, delayed, and affected commerce, to wit, DZHOKHAR A. TSARNAEV unlawfully took and obtained personal property consisting of eight hundred dollars from the person and in the presence of D.M., against his will, by means of actual and threatened force, violence and fear of injury, immediate and future, to his person and property, by forcing D.M. to provide his Bank of America Automatic Teller Machine ("ATM") debit card and personal identification number ("PIN") to DZHOKHAR A. TSARNAEV, who then and there used the ATM card and PIN to obtain eight hundred dollars from the Bank of America branch located at 39 Main Street in Watertown, Massachusetts.

All in violation of Title 18, United States Code, Section 1951, and Title 18, United States Code, Section 2.

-48-

**COUNT TWENTY-TWO:**
**Possession and Use of a Firearm**
**During and in Relation To**
**a Crime of Violence; Aiding and Abetting**
**(18 U.S.C. § 924(c); 18 U.S.C. § 2)**

124. The Grand Jury realleges and incorporates by reference paragraphs 1 through 10 and further charges that:

125. On or about April 18, 2013, in the District of Massachusetts and elsewhere, the defendant,

DZHOKHAR A. TSARNAEV,

during and in relation to a crime of violence for which he may be prosecuted in a court of the United States (namely, interference with commerce by threats and violence, as charged in Count Twenty-One of this Indictment), did knowingly use and carry a firearm (namely, a Ruger P95 9mm semiautomatic handgun), and did, in furtherance of such crime, knowingly possess said firearm.

126. The Grand Jury further charges that the firearm was brandished.

All in violation of Title 18, United States Code, Section 924(c)(1)(A)(i) & (ii) and 924(c)(1)(C)(i), and Title 18, United States Code, Section 2.

**COUNT TWENTY-THREE:**
**Use of a Weapon of Mass Destruction;**
**Aiding and Abetting**
**(18 U.S.C. § 2332a(a)(2); 18 U.S.C. § 2)**

127. The Grand Jury realleges and incorporates by reference paragraphs 1 through 10 and further charges that:

128. On or about April 19, 2013, in the District of Massachusetts and elsewhere, the defendant,

DZHOKHAR A. TSARNAEV,

knowingly, and without lawful authority, used a weapon of mass destruction, namely, a destructive device as defined in Title 18, United States Code, Section 921, against a person and property within the United States, and: (1) such property was used in interstate and foreign commerce and in an activity that affects interstate and foreign commerce; and (2) the offense, and the results of the offense, affected interstate and foreign commerce, to wit, DZHOKHAR A. TSARNAEV and Tamerlan Tsarnaev used an explosive device constructed from a pressure cooker, low explosive powder, and other materials ("Pressure Cooker Bomb #3"), against law enforcement officers in the vicinity of Laurel Street and Dexter Avenue in Watertown, Massachusetts, resulting in damage to property used in an activity that affects interstate and foreign commerce and in the closure of businesses, as the Governor of Massachusetts and other public officials asked residents in Watertown, Boston, and elsewhere in Massachusetts to

assist law enforcement by remaining indoors while the officers attempted to apprehend DZHOKHAR A. TSARNAEV.

All in violation of Title 18, United States Code, Section 2332a(a)(2), and Title 18, United States Code, Section 2.

**COUNT TWENTY-FOUR:**
**Possession and Use of a Firearm**
**During and in Relation To**
**a Crime of Violence; Aiding and Abetting**
**(18 U.S.C. § 924(c); 18 U.S.C. § 2)**

129. The Grand Jury realleges and incorporates by reference paragraphs 1 through 10 and further charges that:

130. On or about April 19, 2013, in the District of Massachusetts and elsewhere, the defendant,

DZHOKHAR A. TSARNAEV,

during and in relation to a crime of violence for which he may be prosecuted in a court of the United States (namely, use of a weapon of mass destruction, as charged in Count Twenty-Three of this Indictment), did knowingly use and carry a firearm, and did, in furtherance of such crime, knowingly possess said firearm, to wit, a Ruger P95 9mm semiautomatic handgun ("the Ruger") and a bomb constructed from a pressure cooker, low explosive powder, and other materials ("Pressure Cooker Bomb #3").

131. The Grand Jury further charges that a firearm was brandished; specifically, the Ruger and Pressure Cooker Bomb #3 were brandished.

132. The Grand Jury further charges that a firearm was discharged; specifically, the Ruger and Pressure Cooker Bomb #3 were discharged.

133. The Grand Jury further charges that the firearm, namely, Pressure Cooker Bomb #3, was a destructive device as defined in 18 U.S.C. § 921(a)(4)(A).

All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i), (ii), & (iii), 924(c)(1)(B)(i) & (ii), and 924(c)(1)(C)(i) & (ii), and Title 18, United States Code, Section 2.

**COUNT TWENTY-FIVE:**
**Use of a Weapon of Mass Destruction;**
**Aiding and Abetting**
**(18 U.S.C. § 2332a(a)(2); 18 U.S.C. § 2)**

134. The Grand Jury realleges and incorporates by reference paragraphs 1 through 10 and further charges that:

135. On or about April 19, 2013, in the District of Massachusetts and elsewhere, the defendant,

DZHOKHAR A. TSARNAEV,

knowingly, and without lawful authority, used a weapon of mass destruction, namely, a destructive device as defined in Title 18, United States Code, Section 921, against a person and property within the United States, and: (1) such property was used in interstate and foreign commerce and in an activity that affects interstate and foreign commerce; and (2) the offense, and the results of the offense, affected interstate and foreign commerce, to wit, DZHOKHAR A. TSARNAEV and Tamerlan Tsarnaev used an explosive device constructed from a section of pipe, low explosive powder, and other materials ("Pipe Bomb #1") against law enforcement officers in the vicinity of Laurel Street and Dexter Avenue in Watertown, Massachusetts, resulting in damage to property used in an activity that affects interstate and foreign commerce and in the closure of businesses, as the Governor of Massachusetts and other public officials asked residents in Watertown, Boston, and elsewhere to assist law enforcement by

-54-

remaining indoors while the officers attempted to capture

DZHOKHAR A. TSARNAEV.

All in violation of Title 18, United States Code, Section

2332a(a)(2), and Title 18, United States Code, Section 2.

**COUNT TWENTY-SIX:**
**Possession and Use of a Firearm**
**During and in Relation To**
**a Crime of Violence; Aiding and Abetting**
**(18 U.S.C. § 924(c); 18 U.S.C. § 2)**

136. The Grand Jury realleges and incorporates by reference paragraphs 1 through 10 and further charges that:

137. On or about April 19, 2013, in the District of Massachusetts and elsewhere, the defendant,

DZHOKHAR A. TSARNAEV,

during and in relation to a crime of violence for which he may be prosecuted in a court of the United States (namely, use of a weapon of mass destruction, as charged in Count Twenty-Five of this Indictment), did knowingly use and carry a firearm, and did, in furtherance of such crime, knowingly possess said firearm, to wit, a Ruger P95 9mm semiautomatic handgun ("the Ruger") and a bomb constructed from a section of pipe, low explosive powder, and other materials ("Pipe Bomb #1").

138. The Grand Jury further charges that a firearm was brandished; specifically, the Ruger and Pipe Bomb #1 were brandished.

139. The Grand Jury further charges that a firearm was discharged; specifically, the Ruger and Pipe Bomb #1 were discharged.

-56-

140. The Grand Jury further charges that the firearm, namely, Pipe Bomb #1, was a destructive device as defined in 18 U.S.C. § 921(a)(4)(A).

All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i), (ii), and (iii), 924(c)(1)(B)(i) & (ii), 924(c)(1)(C)(i) & (ii), and Title 18, United States Code, Section 2.

**COUNT TWENTY-SEVEN:**
**Use of a Weapon Of Mass Destruction;**
**Aiding and Abetting**
**(18 U.S.C. § 2332a; 18 U.S.C. § 2)**

141. The Grand Jury realleges and incorporates by reference paragraphs 1 through 10 and further charges that:

142. On or about April 19, 2013, in the District of Massachusetts and elsewhere, the defendant,

DZHOKHAR A. TSARNAEV,

knowingly, and without lawful authority, used a weapon of mass destruction, namely, a destructive device as defined in Title 18, United States Code, Section 921, against a person and property within the United States, and: (1) such property was used in interstate and foreign commerce and in an activity that affects interstate and foreign commerce; and (2) the offense, and the results of the offense, affected interstate and foreign commerce, to wit, DZHOKHAR A. TSARNAEV and Tamerlan Tsarnaev used an explosive device constructed from a section of pipe, low explosive powder, and other materials ("Pipe Bomb #2") against law enforcement officers in the vicinity of Laurel Street and Dexter Avenue in Watertown, Massachusetts, resulting in damage to property used in an activity that affects interstate and foreign commerce and in the closure of businesses, as the Governor of Massachusetts and other public officials asked residents in Watertown, Boston, and elsewhere to assist law enforcement by

-58-

remaining indoors while the officers attempted to capture

DZHOKHAR A. TSARNAEV.

All in violation of Title 18, United States Code, Section

2332a(a)(2), and Title 18, United States Code, Section 2.

**COUNT TWENTY-EIGHT:**
**Possession and Use of a Firearm**
**During and in Relation To**
**a Crime of Violence; Aiding and Abetting**
**(18 U.S.C. § 924(c); 18 U.S.C. § 2)**

143. The Grand Jury realleges and incorporates by reference paragraphs 1 through 10 and further charges that:

144. On or about April 19, 2013, in the District of Massachusetts and elsewhere, the defendant,

DZHOKHAR A. TSARNAEV,

during and in relation to a crime of violence for which he may be prosecuted in a court of the United States (namely, use of a weapon of mass destruction, as charged in Count Twenty-Seven of this Indictment), did knowingly use and carry a firearm, and did, in furtherance of such crime, knowingly possess said firearm, to wit, a Ruger P95 9mm semiautomatic handgun ("the Ruger") and a bomb constructed from a section of pipe, low explosive powder, and other materials ("Pipe Bomb #2").

145. The Grand Jury further charges that a firearm was brandished; specifically, the Ruger and Pipe Bomb #2 were brandished.

146. The Grand Jury further charges that a firearm was discharged; specifically, the Ruger and Pipe Bomb #2 were discharged.

147. The Grand Jury further charges that the firearm, namely, Pipe Bomb #2, was a destructive device as defined in 18 U.S.C. § 921(a)(4)(A).

All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i), (ii), and (iii), 924(c)(1)(B)(i) & (ii), 924(c)(1)(C)(i) & (ii), and Title 18, United States Code, Section 2.

**COUNT TWENTY-NINE:**
**Use of a Weapon Of Mass Destruction;**
**Aiding and Abetting**
**(18 U.S.C. § 2332a; 18 U.S.C. § 2)**

148. The Grand Jury realleges and incorporates by reference paragraphs 1 through 10 and further charges that:

149. On or about April 19, 2013, in the District of Massachusetts and elsewhere, the defendant,

DZHOKHAR A. TSARNAEV,

knowingly, and without lawful authority, used a weapon of mass destruction, namely, a destructive device as defined in Title 18, United States Code, Section 921, against a person and property within the United States, and: (1) such property was used in interstate and foreign commerce and in an activity that affects interstate and foreign commerce; and (2) the offense, and the results of the offense, affected interstate and foreign commerce, to wit, DZHOKHAR A. TSARNAEV and Tamerlan Tsarnaev used an explosive device constructed from a section of pipe, low explosive powder, and other materials ("Pipe Bomb #3") against law enforcement officers in the vicinity of Laurel and Dexter Streets in Watertown, Massachusetts, resulting in damage to property used in an activity that affects interstate and foreign commerce and in the closure of businesses, as the Governor of Massachusetts and other public officials asked residents in Watertown, Boston, and elsewhere to assist law enforcement by

remaining indoors while the officers attempted to capture

DZHOKHAR A. TSARNAEV.

All in violation of Title 18, United States Code, Section

2332a(a)(2), and Title 18, United States Code, Section 2.

## COUNT THIRTY:
### Possession and Use of a Firearm
### During and in Relation To
### a Crime of Violence; Aiding and Abetting
### (18 U.S.C. § 924(c); 18 U.S.C. § 2)

150. The Grand Jury realleges and incorporates by reference paragraphs 1 through 10 and further charges that:

151. On or about April 19, 2013, in the District of Massachusetts and elsewhere, the defendant,

DZHOKHAR A. TSARNAEV,

during and in relation to a crime of violence for which he may be prosecuted in a court of the United States (namely, use of a weapon of mass destruction, as charged in Count Twenty-Nine of this Indictment), did knowingly use and carry a firearm, and did, in furtherance of such crime, knowingly possess said firearm, to wit, a Ruger P95 9mm semiautomatic handgun ("the Ruger") and a bomb constructed from a section of pipe, low explosive powder, and other materials ("Pipe Bomb #3").

152. The Grand Jury further charges that a firearm was brandished; specifically, the Ruger and Pipe Bomb #3 were brandished.

153. The Grand Jury further charges that the firearm, namely, the Ruger, was discharged.

154. The Grand Jury further charges that the firearm, namely, Pipe Bomb #3, was a destructive device as defined in 18 U.S.C. § 921(a)(4)(A).

-64-

All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i), (ii), and (iii), 924(c)(1)(B)(i) & (ii), 924(c)(1)(C)(i) & (ii), and Title 18, United States Code, Section 2.

## NOTICE OF SPECIAL FINDINGS

155. The Grand Jury realleges and incorporates by reference the general allegations in paragraphs 1 through 10 as well as the allegations in Counts One through Ten and Twelve through Eighteen of this Indictment as if fully set forth herein.  The Grand Jury further alleges that the defendant, DZHOKHAR A. TSARNAEV, with respect to the Counts specified after each allegation:

a.  was 18 years of age or older at the time of the offense (18 U.S.C. § 3591(a)(2)) (Counts One through Ten and Twelve through Eighteen);

b.  intentionally killed Krystle Marie Campbell (18 U.S.C. § 3591(a)(2)(A)) (Counts One, Two, Three, Six, Seven, Eight, Twelve, and Thirteen);

c.  intentionally killed Officer Sean Collier (18 U.S.C. § 3591(a)(2)(A)) (Counts One, Six, Sixteen, Seventeen, Eighteen);

d.  intentionally killed Lingzi Lu (18 U.S.C. § 3591(a)(2)(A)) (Counts One, Four, Five, Six, Nine, Ten, Fourteen, and Fifteen);

e.  intentionally killed Martin Richard (18 U.S.C. § 3591(a)(2)(A)) (Counts One, Four, Five, Six, Nine, Ten, Fourteen, and Fifteen);

f.  intentionally inflicted serious bodily injury that resulted in the death of Krystle Marie Campbell (18 U.S.C.

§ 3591(a)(2)(B)) (Counts One, Two, Three, Six, Seven, Eight, Twelve, and Thirteen);

g.   intentionally inflicted serious bodily injury that resulted in the death of Officer Sean Collier (18 U.S.C. § 3591(a)(2)(B)) (Counts One, Six, Sixteen, Seventeen, Eighteen);

h.   intentionally inflicted serious bodily injury that resulted in the death of Lingzi Lu (18 U.S.C. § 3591(c)(2)(B)) (Counts One, Four, Five, Six, Nine, Ten, Fourteen, and Fifteen);

i.   intentionally inflicted serious bodily injury that resulted in the death of Martin Richard (Counts One, Four, Five, Six, Nine, Ten, Fourteen, and Fifteen);

j.   intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Krystle Marie Campbell died as a direct result of the act (18 U.S.C. § 3591(a)(2)(C)) (Counts One, Two, Three, Six, Seven, Eight, Twelve, and Thirteen);

k.   intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Officer Sean Collier died as a direct result of the act (18 U.S.C. § 3591(a)(2)(C)) (Counts One, Six, Sixteen, Seventeen, Eighteen);

-67-

l.   intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Lingzi Lu died as a direct result of the act (18 U.S.C. § 3591(a)(2)(C)) (Counts One, Four, Five, Six, Nine, Ten, Fourteen, and Fifteen);

m.   intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Martin Richard died as a direct result of the act (18 U.S.C. § 3591(a)(2)(C)) (Counts One, Four, Five, Six, Nine, Ten, Fourteen, and Fifteen);

n.   intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life, and Krystle Marie Campbell died as a direct result of the act (18 U.S.C. § 3591(a)(2)(D)) (Counts One, Two, Three, Six, Seven, Eight, Twelve, and Thirteen);

o.   intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life, and Officer Sean Collier died as a direct result

of the act (18 U.S.C. § 3591(a)(2)(D)) (Counts One, Six, Sixteen, Seventeen, Eighteen);

 p. intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life, and Lingzi Lu died as a direct result of the act (18 U.S.C. § 3591(a)(2)(D)) (Counts One, Four, Five, Six, Nine, Ten, Fourteen, and Fifteen);

 q. intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life, and Martin Richard died as a direct result of the act (18 U.S.C. § 3591(a)(2)(D)) (Counts One, Four, Five, Six, Nine, Ten, Fourteen, and Fifteen);

 r. knowingly created a grave risk of death to one or more persons in addition to the victim of the offense in the commission of the offense and in escaping apprehension for the violation of the offense (18 U.S.C. § 3592(c)(5)) (Counts One through Ten and Twelve through Fifteen);

 s. committed the offense in an especially heinous, cruel and depraved manner in that it involved serious physical abuse to

-69-

the victim (18 U.S.C. § 3592(c)(6)) (Counts One through Ten and Twelve through Fifteen);

     t.    committed the offense after substantial planning and premeditation to cause the death of a person and commit an act of terrorism (18 U.S.C. § 3592(c)(9)) (Counts One through Ten and Twelve through Fifteen);

     u.    intentionally killed and attempted to kill more than one person in a single criminal episode (18 U.S.C. § 3592(c)(16)) (Counts One through Ten and Twelve through Fifteen).

     156. The Grand Jury realleges and incorporates by reference the general allegations in paragraphs 1 through 10 as well as the allegations in Counts One through Ten and Twelve through Eighteen of this Indictment as if fully set forth herein.  The Grand Jury further alleges, with respect to the Counts specified after each allegation:

     v.    The death, and injury resulting in death, of Krystle Marie Campbell occurred during the commission and attempted commission of, and during the immediate flight from the commission of (1) an offense under 18 U.S.C. § 2332a (use of a weapon of mass destruction), and (2) 18 U.S.C. § 844(i) (destruction of property affecting interstate commerce by explosives) (18 U.S.C. § 3592(c)(1)) (Counts One, Two, and Twelve);

w.   The death, and injury resulting in death, of Officer Sean Collier occurred during the commission and attempted commission of, and during the immediate flight from the commission of an offense under 18 U.S.C. § 2332a (use of a weapon of mass destruction) (18 U.S.C. § 3592(c)(1)) (Count One);

x.   The death, and injury resulting in death, of Lingzi Lu occurred during the commission and attempted commission of, and during the immediate flight from the commission of (1) an offense under 18 U.S.C. § 2332a (use of a weapon of mass destruction), and (2) 18 U.S.C. § 844(i) (destruction of property affecting interstate commerce by explosives) (18 U.S.C. § 3592(c)(1)) (Counts One, Four, and Fourteen);

y.   The death, and injury resulting in death, of Martin Richard occurred during the commission and attempted commission of, and during the immediate flight from the commission of (1) an offense under 18 U.S.C. § 2332a (use of a weapon of mass destruction), and (2) 18 U.S.C. § 844(i) (destruction of property affecting interstate commerce by explosives) (18 U.S.C. § 3592(c)(1)) (Counts One, Four and Fourteen); and

z.   The victim, Martin Richard, was particularly vulnerable due to youth (18 U.S.C. § 3592(c)(11)) (Counts One, Four, Five, Six, Nine, Ten, Fourteen, and Fifteen).

## FORFEITURE ALLEGATION

157. As a result of planning and perpetrating Federal crimes of terrorism against the United States, as defined in 18 U.S.C. § 2332b(g)(5) and as alleged in Counts One, Two, Four, Six, Seven, Nine, Eleven, Twelve, Fourteen, Twenty-Three, Twenty-Five, Twenty-Seven, and Twenty-Nine of this Indictment, the defendant, DZHOKHAR A. TSARNAEV, shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(G) and Title 28, United States Code, Section 2461:

a.   all right, title, and interest in all assets, foreign and domestic;

b.   all right, title and interest in all assets, foreign and domestic, acquired and maintained with the intent and for the purpose of supporting, planning, conducting, and concealing a Federal crime of terrorism against the United States, citizens and residents of the United States, and their property; and

c.   all right, title and interest in all assets, foreign and domestic, derived from, involved in, and used and intended to be used to commit a Federal crime of terrorism against the United States, citizens and residents of the United States, and their property; including, but not limited to, a sum of money

-72-

           representing the value of the property described above

           as being subject to forfeiture.

      (Title 18, United States Code, Sections 981(a)(1)(G) and

2332b(g)(5) and Title 28, United States Code, Section 2461.)

A TRUE BILL

_____
FOREPERSON OF THE GRAND JURY


_____
WILLIAM D. WEINREB
ALOKE CHAKRAVARTY
NADINE PELLEGRINI
Assistant U.S. Attorneys


    DISTRICT OF MASSACHUSETTS; June 27, 2013

    Returned into the District Court by the Grand Jurors and
filed.

_____
DEPUTY CLERK

6/27/2013

@ 12:44pm

-74-