UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Crim. No. 13-10200-GAO |
| v. ) | |
| ) | |
| ) | |
| DZHOKHAR TSARNAEV ) | |

**MOTION FOR APPOINTMENT OF DAVID BRUCK AS THIRD COUNSEL**

On April 22, 2013, the defendant Dzhokhar Tsarnaev was charged in a criminal complaint with two offenses punishable by death, under 18 U.S.C. § 2332a(a) (use of a weapon of mass destruction); 18 U.S.C. § 844(i) (malicious destruction of property resulting in death). The same day, his counsel, the Federal Public Defender for the District of Massachusetts, filed a motion under 18 USC §§ 3005 and 3599(a), requesting that the Court appoint two attorneys "learned in the law applicable to capital cases." Counsel further recommended that the Court appoint Judy Clarke of San Diego, California, and David I. Bruck, of Lexington, Virginia. On April 29, 2013, the Court granted the request to appoint Ms. Clarke, but denied the request to appoint a second attorney, Mr. Bruck, "without prejudice to be renewed in the event of an indictment and subject to a further showing under the law and the facts to support such an appointment." [DKT 15]

Subsequently, on June 27, 2013, a federal grand jury for the District of Massachusetts indicted Mr. Tsarnaev on17 capital offenses, together with 26 allegations

1

of special findings purporting to render him subject to capital punishment pursuant to the Federal Death Penalty Act, 18 U.S.C. §§ 3991 *et seq.* In light of this indictment, he now renews his request for the appointment of David Bruck. For the reasons that follow, he submits that appointment of a second attorney experienced in the defense of death penalty cases is both authorized under the law and justified under the facts of this case.

> 1. **The extraordinary nature of this case requires an additional death-qualified lawyer.**

If this case did not present "exceptional circumstances" justifying appointment of an additional lawyer "learned in the law applicable to capital cases," 18 U.S.C. § 3005, no case would. Media reports have described the global scope of the investigation, involving hundreds of agents and witness interviews. Counsel expect that the amount of discovery that this investigation will produce will be truly massive. Thus even were this not a potentially capital case, the magnitude of the task confronting Mr. Tsarnaev's attorneys would be daunting.

> 2. **Congress expressly authorized appointment of a second death-qualified lawyer when it amended 18 USC § 3005 as part of the Federal Death Penalty Act of 1994**

The primary statutory provision governing appointment of counsel in federal capital cases, 18 USC § 3005, was enacted by the First Congress in 1790, and remained substantively unchanged for the next 204 years. That section contained an express limitation on the number of appointed counsel to which a capital defendant was entitled, providing in pertinent part:

> Whoever is indicted for treason or other capital crime shall be allowed to make his full defense by counsel learned in the law; and the court before which he is tried,

2

or some judge thereof, shall immediately, upon his request, assign him such counsel, <u>not exceeding two</u>, as he may desire . . .

(emphasis added). However, in enacting the Federal Death Penalty Act of 1994, Congress amended § 3005 to remove the limitation on the maximum number of counsel that a court could assign, and replaced it with a minimum—that is, an entitlement to "2" lawyers, of which "<u>at least</u> 1 shall be learned in the law applicable to capital cases . . . ." Pub.L. 103-322, Title VI, § 60026, 108 Stat. 1982 (Sept. 13, 1994) (emphasis added). As amended, § 3005 now reads as follows:

> Whoever is indicted for treason or other capital crime shall be allowed to make his full defense by counsel; and the court before which the defendant is to be tried, or a judge thereof, shall promptly, upon the defendant's request, assign 2 such counsel, of whom at least 1 shall be learned in the law applicable to capital cases….

This legislative history shows that Congress removed a *limitation* on the court's power to assign counsel, and instead specified a *minimum* number of attorneys that must be assigned in death penalty cases. The amended statute also makes clear that the Court now possesses the authority to appoint additional counsel "learned in the law applicable to capital cases." As the Federal Public Defender has already pointed out in her prior filing, federal courts have frequently exercised this authority. <u>See</u>, <u>e.g.</u> <u>United States v. Wilson</u>, 354 F.Supp.2d 246 (E.D.N.Y. 2005) (appointing two learned counsel based on their state court capital trial experience, in addition to previously-appointed CJA panel attorney); <u>id.</u>, Order appointing <u>third</u> learned counsel for resentencing trial, Doc. 1028 (February 22, 2013); <u>United States v. Jared Loughner</u>, 11-00187-LABU (D.AZ.) (two attorneys with capital experience appointed in addition to Federal Public Defender's

3

Office); United States v. Eric Rudolph, 00-00422-CLS (N.D. Al.) (three capital defense attorneys appointed in addition in addition to local CJA panel lawyers).[1]

### 3. Federal judicial policy recognizes the need to appoint additional death-qualified counsel in appropriate cases

Judiciary policy likewise reflects a recognition that additional counsel can and should be appointed where necessary to provide adequate representation. The relevant section of the CJA Guidelines, under the heading "Number of Counsel—Federal Death Penalty Cases," provide:

(a) As required by 18 U.S.C. § 3005, at the outset of every capital case, courts should appoint two attorneys, at least one of whom is experienced in and knowledgeable about the defense of death penalty cases.

(b) Under 18 U.S.C. § 3599(a)(1), if necessary for adequate representation, more than two attorneys may be appointed to represent a defendant in a capital case.

(c) While courts should not appoint more than two attorneys unless exceptional circumstances and good cause are shown, appointed counsel may, with prior court authorization, use the services of attorneys who work in association with them, provided that the employment of such additional counsel (at a reduced hourly rate) diminishes the total cost of representation or is required to meet time limits.

VOLUME VII, GUIDE TO JUDICIARY POLICIES AND PROCEDURES: APPOINTMENT OF COUNSEL IN CAPITAL CASES, § 620.10.10.[2]

---

[1] It is noteworthy, moreover, that these three cases all occurred in districts where state law provided for capital punishment, and thus a substantial number of local attorneys were presumably familiar with capital litigation. The need for additional appointments of death-experienced defense counsel would naturally tend to be all the greater in a non-death penalty state such as Massachusetts, where death penalty cases are extremely rare.

[2] These CJA Guidelines provisions may be found at
http://www.uscourts.gov/FederalCourts/AppointmentOfCounsel/CJAGuidelinesForms/vol7PartA/vol7PartAChapter6.aspx#620_10

The last-quoted CJA Guidelines provision is also significant because it recognizes that in determining the number of counsel to be assigned to represent a federal capital defendant, members of an appointed attorney's law firm may (with court approval) assist the defense effort without being "counted" as the defendant's second (or third or fourth) attorney under 18 U.S.C. §§ 3005 or 3599(a). This is significant in the present case, because although the Federal Public Defender is being aided (at least for now) by two assistants in her office, this does not does disentitle her client to additional court-appointed co-counsel under federal law. Stated differently, the Federal Public Defender represents one appointment, and Ms. Clarke's was the second; this motion seeks a third appointment, not a fifth. Of course, the resources available to the Federal Public Defender's Office are a factor that the Court may consider in deciding whether a third appointment of counsel, involving a second death-qualified lawyer, is "necessary for adequate representation," and justified by "exceptional circumstances and good cause." But the fact that the Federal Public Defender has delegated part of the work involved in representing her capital client to members of her staff, none of whom has any prior experience in capital cases, does not create any presumption against appointment of a second attorney who does possess such experience.

### 4. The attorney whose appointment has been requested is especially well-qualified to help represent the defendant in this case.

The attorney whose appointment is sought, David I. Bruck of Lexington, Virginia, is one of the most experienced and well-regarded capital defense attorneys in the United States. He has specialized in defending death penalty cases for 33 of the 37 years since

his admission to practice, and during his career has served as lead counsel in more than a hundred death penalty cases at the trial, appellate and post-conviction stages and has argued seven capital cases (six successfully) in the United States Supreme Court. Bruck's capital court appointments include two in which he was appointed to assist federal defender offices in representing accused terrorists who were facing possible execution. <u>United States v. Safarini</u>, 257 F.Supp.2d 191 (D.D.C. 2003) (1986 Karachi PanAm hijacking case; negotiated life sentence following successful pretrial motion to strike death penalty), *United States v. Al-Owhali* (S.D.N.Y. No. S6 98 CR. 1023 LBS) (Nairobi Embassy Bombing; pretrial representation from November 1998 to June, 2000). Bruck also served as lead counsel in a third death-eligible case that he tried to verdict after the Attorney General declined to seek the death penalty, *United States v. Jenkins* (D. S.C. No. 3:96-358), and was appointed to assist the Federal Defender of the Virgin Islands in representing a mentally retarded client whose case was ultimately not authorized for capital prosecution after the defense established the client's disability to the government's satisfaction. *United States v. Carlos Sanes*, Cr. No. 96-0065 (D.V.I.).

Bruck has devoted much of his time and effort over the past 21 years to helping to ensure high-quality defense representation in federal capital cases throughout the United States. In early 1992, at the request of the Federal Defender program and the Defender Services Division of the Administrative Office of the United States Courts, Bruck became one of the original two Federal Death Penalty Resource Counsel, serving the Defender program and the federal judiciary as a consulting expert on the defense function

in federal death penalty cases. Since 1992, Bruck's work as Resource Counsel has included:

- advising federal district judges on appointment of counsel, budgeting and cost-containment, and other matters pertaining to the defense function in federal death penalty cases;

- lecturing on the defense function at judicial workshops for the First, Second, Fourth, Fifth, Sixth, Eight, and Tenth Circuits, the Conference of Chief Judges of the United States District Courts, and the federal courts for the Districts of Northern California and Eastern Louisiana;

- testifying on numerous occasions at legislative and oversight hearings before House and Senate Congressional committees concerning federal death penalty legislation and the administration of the federal death penalty;

- advising and assisting hundreds of appointed defense counsel in federal capital cases across the United States;

- helping to plan and present between one and three federal death penalty defense training programs every year since 1992 under the auspices of the Defender program;

- serving as the point of contact between the Federal Defender program and the Department of Justice on matters involving the federal death penalty;

- serving (since 2005) as Chair of the National Consortium for Capital Defense Training, a network of capital defenders created to make effective use of federal government funding for state capital defense training programs; and

- helping to develop litigation guides and sample materials for federal capital trial counsel that are distributed on-line through the Project's website, www.capdefnet.org.

In 1998, the Spencer Committee's Report to the Judicial Conference on Federal Death Penalty Cases summarized Bruck's work, with that of his (by then) two colleagues, as follows:

> In order to improve the quality of representation and the cost effectiveness of defense services, in FY 1992 the judiciary established the Federal Death Penalty Resource Counsel Project (RCP). The RCP currently consists of three experienced capital litigators who support the work of appointed counsel and provide advice to the Administrative Office of the U.S. Courts on a part-time basis. The Resource Counsel Project has become essential to the delivery of high quality, cost-effective representation in federal death penalty cases.

Subcommittee on Federal Death Penalty Cases, Committee on Defender Services, Judicial Conference of the United States, FEDERAL DEATH PENALTY CASES: RECOMMENDATIONS CONCERNING THE COST AND QUALITY OF DEFENSE REPRESENTATION (May 1998), at 17. Twelve years later, an update to the Spencer Committee Report made these observations about the work of Mr. Bruck and his colleagues:

> Many judges and defense counsel spoke with appreciation and admiration about the work of Resource Counsel. Judges emphasized their assistance in recruiting and recommending counsel for appointments and their availability to consult on matters relating to the defense, including case budgeting. Defense counsel found their knowledge, national perspective, and case-specific assistance invaluable.

Report to the Committee on Defender Services, Judicial Conference of the United States, UPDATE ON THE COST AND QUALITY OF DEFENSE REPRESENTATION IN FEDERAL DEATH PENALTY CASES (2010), at 61.

Counsel cites Bruck's 21 years of experience as Federal Death Penalty Resource Counsel not only as they bear on his qualifications to provide high-quality representation to the accused, but also because the Resource Counsel Project's role in promoting efficiency and containing costs of federal death penalty representation provides the Court with some reason for confidence that Bruck will approach this complex case with due regard for the importance of cost-effectiveness and careful stewardship of Criminal Justice Act funds.

CONCLUSION

For all of the forgoing reasons, counsel for the defendant Dzhokhar Tsarnaev submit that their request for appointment of a second attorney "learned in the law applicable to capital punishment" is both authorized by law and amply justified by the extraordinary circumstances of this case. They further submit that Mr. Bruck is an appropriate person to be appointed in this capacity, that his appointment would be especially cost-effective because he is already familiar with the case and engaged in the work of the current defense team. Accordingly, counsel request that the Court grant the relief requested.

Respectfully submitted,

*/s/ Judy Clarke (for)*

DATED: July 15, 2013  _____
JUDY CLARKE
MIRIAM CONRAD
WILLIAM FICK
TIMOTHY WATKINS
Attorneys for Dzhokhar Tsarnaev

Certificate of Service

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered Participants as identified on the Notice of Electronic Filing (NEF) on July 15, 2013.

*/s/ Judy Clarke*
Judy Clarke