UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA      )
                              )
            v.                )      Crim. No. 13-10200-GAO
                              )
DZHOKHAR TSARNAEV             )
                              )

STIPULATED PROTECTIVE ORDER

1.  Pursuant to Federal Rule of Criminal Procedure 16(d),

    the parties hereby stipulate that good cause exists for

    the following protective order.

2.  All of the materials provided by the United States in

    preparation for, or in connection with, any stage of

    the proceedings in this case, including materials made

    available only for inspection (collectively, "the

    materials"), are subject to this protective order and

    may be used by defendant and defendant's counsel

    (defined as counsel of record in this case) solely in

    connection with the defense of this case, without prior

    notice to the government and further order of this

    Court.

3.  Defendant and defendant's counsel shall not disclose

    the materials or their contents directly or indirectly

1

to any person or entity other than persons engaged to assist in the defense (defined as person assisting the defense who are included within the attorney-client or work product privilege, regardless of whether they receive any remuneration), persons who are interviewed as potential witnesses, counsel for potential witnesses, and other persons to whom the Court may authorize disclosure (collectively, "authorized persons"). Potential witnesses and their counsel may be shown copies of the materials as necessary to prepare the defense, but may not retain copies without prior notice to the government and permission of the Court.

4. Certain additional materials disclosed or to be disclosed by the government may contain particularly sensitive information, including medical information, mental health information, financial information, and non-classified information relating to public safety or national security (collectively, "sensitive materials"). These sensitive materials shall be plainly marked as sensitive by the government. They

and their contents may be disclosed only to the
defendant, counsel for the defendant, persons engaged
to assist the defense, and any person to whom the
sensitive information pertains, except with prior
notice to the government and authorization from the
Court.  Absent prior permission from the Court,
information marked as sensitive shall not be included
in any public filing with the Court, and instead shall
be submitted under seal.

5.   Copies and reproductions of the materials shall be
treated in the same manner as the original materials.

6.   Defendant, defendant's counsel, and authorized persons
shall not disclose any notes or records of any kind
that they make in relation to the contents of the
materials, other than to authorized persons, and all
such notes or records are to be treated in the same
manner as the original materials.

7.   Before providing materials to an authorized person,
defense counsel must provide the authorized person with
a copy of this Order.  In addition, defense counsel
shall maintain a list of all persons to whom materials

3

are disclosed.

8.  Upon conclusion of all stages of this case, all of the materials and all copies made thereof shall be destroyed or returned to the United States, unless otherwise ordered by the Court.  The Court may require a certification as to the disposition of any such materials.

9.  To the extent any material is produced by the United States to defendant or defendant's counsel by mistake, the United States shall have the right to request the return of the material and shall do so in writing. Within five days of the receipt of such a request, defendant and/or defendant's counsel shall return all such material if in hard copy, and in the case of electronic materials, shall certify in writing that all copies of the specified material have been deleted from any location in which the material was stored.

10. The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the

4

restrictions in this Order limit defense counsel in the use of discovery materials in judicial proceedings in this case, except that sensitive materials shall be filed under seal absent prior permission from this Court.

11. Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

SO STIPULATED:

CARMEN M. ORTIZ
United States Attorney

By: _____     Date:___8·16·13___
     William D. Weinreb
     Aloke S. Chakravarty
     Nadine Pellegrini
     Assistant U.S. Attorneys

_____     Date:___8-15-13___
     Miriam Conrad, Esq.
     Timothy Watkins, Esq.
     William Fick, Esq.
     Judy Clarke, Esq.
     Counsel for Defendant Dzhokhar Tsarnaev

IT IS SO ORDERED.

Marianne B. Bowler, USMJ     Date: August 19, 2013
MARIANNE B. BOWLER
UNITED STATES MAGISTRATE JUDGE

5