**Judicial Conference of the United States**
**Committee on Defender Services**
United States District Court
727 United States Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201-1818

**Chair**
John Gleeson

**Members**
Samuel Alba
Carl J. Barbier
Sandra S. Beckwith
Mark W. Bennett
Robert C. Chambers
Stanley R. Chesler
Anne C. Conway
Claire V. Eagan
Barry T. Moskowitz
Michael J. Reagan
Ricardo M. Urbina
John A. Woodcock, Jr.

**Telephone:**
(718) 613-2450
**Fax:**
(718) 613-2456

March 25, 2008

MEMORANDUM

To:        Judges, United States Courts of Appeals
           Judges, United States District Courts
           United States Magistrate Judges

From:      Honorable John Gleeson

RE:        NEW CRIMINAL JUSTICE ACT GUIDELINE REGARDING SCHEDULING OF FEDERAL DEATH PENALTY CASE AUTHORIZATION

   I write about a Criminal Justice Act (CJA) Guideline, approved at the Judicial Conference's September 18, 2007 session, relating to the establishment of a schedule for resolution of whether the Government will seek the death penalty in death-eligible cases. The text of the new guideline is attached. It was developed jointly by Department of Justice (DOJ) staff and defender services representatives, based upon discussions I had with senior members of the DOJ's Criminal Division and members of the capital defense community, wherein each side expressed a desire to streamline the declination process whenever possible.

   The new guideline states that, within a reasonable period of time after appointment of counsel pursuant to 18 U.S.C. § 3005, and after consulting with counsel for the Government and for the defendant, the court should establish a schedule for resolution of whether the Government will seek the death penalty. The schedule should include dates for:

(1)   the submission by the defendant to the United States Attorney of any reasons why the Government should not seek the death penalty;

(2)   the submission by the United States Attorney to the appropriate officials of the Department of Justice of a recommendation and any supporting documentation concerning whether the death penalty should be sought; and

New Criminal Justice Act Guideline Regarding                                              Page 2
Scheduling of Federal Death Penalty Case Authorization


       (3)      filing of a notice under 18 U.S.C. § 3593(a) that the Government will seek the death penalty, or notification to the court and the defendant that it will not.

     The schedule should be flexible and subject to extension for good cause at the request of either party (which may, as appropriate, be in an ex parte application or proceeding).  It should allow for reasonable time for counsel for the parties to discharge their respective duties with respect to the question of whether the death penalty should be sought, taking into account such factors as the factual complexity of the case, continuing investigations, the potential for successful plea negotiations, and any other relevant factors.  Because the full development of facts related to guilt and aggravating and mitigating factors may continue even after the case is submitted to the Department of Justice for review, scheduling extensions may be necessary.

     It is my belief, and that of my colleagues on the Defender Services Committee, that the utilization of this guideline can facilitate the authorization/declination process and significantly reduce costs in capital representations.  An earlier declination decision enhances the opportunity to realize cost savings.

     I would also like to take this opportunity to remind the judges who appoint counsel in death-eligible cases of certain judicial obligations, incorporated in 18 U.S.C. § 3005.  "Whoever is indicted for treason or other capital crime shall be allowed to make his full defense by counsel; and the court before which the defendant is to be tried, or a judge thereof, shall promptly *assign 2 such counsel*[.]  In assigning counsel under this section, *the court shall consider the recommendation of the Federal Public Defender organization*, or, if no such organization exists in the district, of the Administrative Office of the United States Courts."  18 U.S.C. § 3005 (emphasis added).  Federal defender organizations work closely with Federal Death Penalty Resource Counsel, who are expert capital defense attorneys, to identify qualified attorneys to provide representation in death-eligible cases.  On its face, the statutory consultation requirement applies to the appointment of both counsel.  Court consultation with the local federal defender organization helps facilitate the appointment of qualified counsel and ensure that the representation furnished is consistent with the best practices of the legal profession.

     If you have any questions regarding these matters, please contact your circuit's member on the Defender Services Committee, the Office of Defender Services at the Administrative Office, or me.

Attachment

cc:     Circuit Executives
         Federal Public/Community Defenders
         District Court Executives
         Clerks, United States Court of Appeals
         Clerks, United States District Courts
         CJA Panel Attorney District Representatives

## NEW PARAGRAPH 6.04 OF THE GUIDELINES FOR THE ADMINISTRATION OF THE CRIMINAL JUSTICE ACT AND RELATED STATUTES, VOLUME 7, *GUIDE TO JUDICIARY POLICIES AND PROCEDURES*, REGARDING SCHEDULING OF FEDERAL DEATH PENALTY CASE AUTHORIZATION

**CHAPTER VI.    REPRESENTATION IN FEDERAL DEATH PENALTY CASES AND IN FEDERAL CAPITAL HABEAS PROCEEDINGS**

\* \* \*

**6.04    Scheduling of Federal Death Penalty Case Authorization to Control Costs.** Within a reasonable period of time after appointment of counsel pursuant to 18 U.S.C. § 3005, and only after consultation with counsel for the Government and for the defendant (including, as appropriate, in an ex parte application or proceeding), the court should establish a schedule for resolution of whether the Government will seek the death penalty. This schedule should include dates for:

(1) the submission by the defendant to the United States Attorney of any reasons why the Government should not seek the death penalty;

(2) the submission by the United States Attorney to the appropriate officials of the Department of Justice of a recommendation and any supporting documentation concerning whether the death penalty should be sought; and

(3) filing of a notice under 18 U.S.C. § 3593(a) that the Government will seek the death penalty, or notification to the court and the defendant that it will not.

The schedule should be flexible and subject to extension for good cause at the request of either party (again, as appropriate, in an ex parte application or proceeding). It should allow reasonable time for counsel for the parties to discharge their respective duties with respect to the question of whether the death penalty should be sought, with due regard to the factual complexity of the case, the status of any continuing investigation of the crimes and related criminal conduct, the anticipated or actual progress of discovery, the potential for successful plea negotiations, and any other relevant factors. It is also recognized that scheduling extensions may be necessary because the full development of facts related to guilt and aggravating and mitigating factors may continue even after the case is submitted to the Department of Justice for review.