# Exhibit C

 **U.S. Department of Justice**

*Carmen M. Ortiz*
*United States Attorney*
*District of Massachusetts*

Main Reception  (617) 748-3100

John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, Massachusetts  02210

September 11, 2013

Miriam Conrad, Esq.
Federal Defender's Office
51 Sleeper Street, 5th Floor
Boston, MA 02210

Re: United States v. Dzhokhar Tsarnaev, Crim. No. 13-10200- GAO

Dear Miriam:

      I am writing in connection with our recent conversation about the Special Administrative Measures in the above-captioned case. I have consulted with officials at FBI, BOP, NSD, and OEO about your concerns and believe the following clarifications and proposed amendments to the SAM should address them.

      1) Section 2(d). You have informed us that you might cite the defendant's injuries as a mitigating factor at a future sentencing hearing in this case. Under those circumstances, we agree that your sharing the defendant's communications about his medical condition with his treating physician at Beth Israel constitutes preparation for the defense of the case. It will be necessary, however, for you to advise the treating physician that he may not share any communications from the defendant about the defendant's medical condition with anyone else except for the purpose of preparing the defense in this case.

      2) Section 2(e, f). The SAM distinguishes between paralegals and defense investigators primarily because the former are normally full-time employees of the defense team and the latter are normally part-time contract workers. This distinction usually implies a difference in the level of training, supervision, and accountability associated with workers in each category. You have informed us that two of the FPDS investigators assigned to this case are in fact full-time employees with levels of training, supervision, and accountability commensurate with those of paralegals. Under those circumstances we are willing to amend the SAM to allow those two investigators the same privileges as paralegals, provided they submit to the same preclearance procedures. We are not, however, willing to amend the SAM to allow your third investigator, whom you have informed us is a contract worker, the same privileges as paralegals, regardless of the investigator's particular circumstances. We believe that bright-line rules facilitate

Miriam Conrad, Esq.
September 11, 2013
Page 2

compliance with the SAM and therefore are in everyone's best interests.

Please provide me with the names of the two full-time FPDS investigators so that they can be added to the SAM.

3) Section 2(h).  BOP needs to review all materials brought into BOP facilities to ensure the safety and security of the institution, its inmates, and BOP personnel.  The review is normally performed by an officer at the front desk.  In the case of purported legal materials brought in by a member of an inmate's defense team, the review is only as extensive as needed to ensure that the materials are in fact legal materials.  If the officer determines that the materials are in fact legal, he or she does not normally report on the contents of the materials to higher-level BOP officials (let alone to the prosecution team) except in extraordinary circumstances; the officers therefore effectively operate as a taint team.

If, however, an officer has a question about certain material, he or she may bring it to the attention of the supervising lieutenant, who may in turn seek guidance from other BOP personnel, including BOP attorneys.  In addition, if BOP has reason to believe that members of the defense team have attempted to carry non-legal materials into the facility in violation of the SAM, they may bring that to the attention of the US Attorney's Office.

BOP notes that the family photographs the defense attempted to bring in to the defendant are not legal materials and therefore were prohibited from being delivered to him in this way by Section 2(h) of the SAM.  Although family photos may seem harmless, the Section 2(h) prohibition on non-legal materials is a bright-line rule designed to be easy to enforce and obey.  No non-legal materials should be carried in to the defendant by members of the defense team.  Instead, they should be sent to the defendant through non-legal mail so that they can be screened by appropriate BOP personnel in the ordinary fashion.

4) Section 2(h).  We are aware that discovery in this case includes materials described in Section 2(h)(I) of the SAM – such as writings that promote violent terrorist attacks on civilians, detailed instructions for making improvised explosive devices, and other inflammatory materials– that BOP normally would not permit inside a BOP facility.  At the same time, we acknowledge the defendant's right to review evidence that might be used against him (or by him) in his case.  To accommodate these competing concerns, we hereby confirm that all discovery materials in this case are precleared by the USA and FBI for review by the defendant.

5) Section 3(f)(iii)(4).  The SAM reflects BOP the standard rule that legal and social visits may not be combined.  If, however, the defense articulates a reason why a particular combined visit is necessary to the preparation of the defense, an exception to the rule for that particular visit may be made.  BOP reserves the right to limit the number of exceptions.  Any such visits will be deemed social visits and treated accordingly.

Miriam Conrad, Esq.
September 11, 2013
Page 3

6) Section 9(A)(i).  The length of time it takes BOP personnel to screen publications such as newspapers and magazines varies and depends, among other things, on the volume of printed material the defendant receives.  Normally, the review process takes no more than a few days.

I hope this letter addresses your concerns.  If you wish to speak further about this matter, please do not hesitate to contact me.

          Very truly yours,

          CARMEN M. ORTIZ
          United States Attorney

By:    /s/ *William D. Weinreb*
          William D. Weinreb
          Nadine Pellegrini
          Aloke S. Chakravarty
          Assistant U.S. Attorneys