Exhibit D

 **U.S. Department of Justice**

*Carmen M. Ortiz*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception  (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts  02210*

September 17, 2013

Miriam Conrad, Esq.
Federal Defender's Office
51 Sleeper Street, 5th Floor
Boston, MA 02210

      Re: <u>United States v. Dzhokhar Tsarnaev, Crim. No. 13-10200- GAO</u>

Dear Miriam:

      I am writing in response to our conversation on September 12, 2013, in which your requested clarification of certain issues regarding the SAM.

      As you know, Section 2(h) of the SAM states that, "[d]uring a visit, the inmate's attorney may provide the inmate with, or review with the inmate, documents related to his defense," and that "[a]ny documents not related to the inmate's defense must be sent to the inmate via general correspondence and will be subject to the mail provisions of subparagraphs 2.i. and 3.g."  In a letter to you dated September 11, 2013, regarding the SAM, we used the term "legal materials" as a synonym for "documents related to the defense," and I understand the use of that phrase has engendered concern.  I am therefore writing to confirm that our use of the phrase "legal materials" was not meant to narrow the scope of permissible documents under Section 2(h).  The defense team remains free to bring in during a visit with the defendant any documents related to his defense; documents unrelated to the defense must be sent to the inmate via general correspondence.

      I understand that you were also concerned by the treatment of the family photographs that the defense recently attempted to bring in to the defendant.  According to you, those photographs were in fact related to the defense of the case and thus should not have been barred under Section 2(h).  As I explained to you on the phone, however, BOP has informed me that the member of the defense team who brought the documents to FMC-Devens told the officer at the front desk that the photos were not related to the defense.  I hope you will agree that this particular matter is not worth the time or effort of further inquiry; suffice it to say that the defense team may bring photographs to the defendant so long as they are related to his defense.

Miriam Conrad, Esq.
September 17, 2013
Page 2

       I hope this letter addresses your concerns.  If you wish to speak further about this matter, please do not hesitate to contact me.


                      Very truly yours,

                      CARMEN M. ORTIZ
                      United States Attorney

By:      /s/ *William D. Weinreb*
                      William D. Weinreb
                      Nadine Pellegrini
                      Aloke S. Chakravarty
                      Assistant U.S. Attorneys