# Exhibit A

<u>Affidavit of AFPD William W. Fick</u>

1. I am an attorney licensed to practice in the Commonwealth of Massachusetts and am employed as an Assistant Federal Public Defender for the District of Massachusetts. I am among the counsel of record in *United States v. Tsarnaev* and submit this affidavit in connection with the defendant's Reply to the government's Opposition to the defendant's Motion to Vacate Special Administrative Measures ("SAMs").

2. On September 6, 2013, I arrived at FMC Devens with an investigator employed by the Federal Public Defender Office for a scheduled visit with Mr. Tsarnaev. I was carrying a redweld folder that contained, among other things, a blank legal pad and a folder holding multiple pages of printed photographs.

3. At the time of entry security screening, the officer at the front desk spent approximately 30 seconds looking through the papers in the redweld, but did not say anything about them or ask anything about them.

4. A short time later, upon arrival at the unit where Mr. Tsarnaev is housed, the supervising officer said he had been advised that I was bringing in photographs and that this would not be permitted until the officer cleared it with the Warden.

5. The officer held on to the redweld while I and the investigator entered the meeting room and began to converse with Mr. Tsarnaev.

6. A few minutes later, an adjacent telephone rang. Shortly thereafter the officer brought the redweld into the meeting room and handed it to me. I continued speaking with Mr. Tsarnaev without taking anything out of the redweld.

7. A few minutes later, the officer came back in to the meeting room and asked to speak with me and the investigator outside the room. The officer stated that he had not looked at the photographs but said that we were not authorized to show Mr. Tsarnaev any photographs depicting family members

8. I advised the officer that some of photographs did include family members. I also stated that I believed under the SAMs we were permitted to discuss photographs of family members and family history with Mr. Tsarnaev as part of preparing the defense.

9. The officer stated that he could not permit us to show the photographs to Mr. Tsarnaev but that we could leave them in the hallway on a chair.

10. We complied with the officer's instructions and continued our meeting without showing the photographs to Mr. Tsarnaev.

11. At no time did I ever state or imply that the photographs I was carrying were not related to preparation of the defense. I was never asked whether they were "legal materials," nor did I ever state or imply that they were not legal materials.

Sworn under the pains and penalties of perjury.

/s/ William W. Fick

November 4, 2013