UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 13-CR10200-GAO |
| | ) | |
| DZHOKHAR TSARNAEV | ) | |

## MOTION TO VACATE FILING DEADLINE FOR MOTION TO CHANGE VENUE

Defendant, Dzhokhar Tsarnaev, hereby requests that the Court vacate the deadline for filing a motion for change of venue, presently set for February 28, 2014. For the reasons that follow, the defendant requests that the Court defer setting a deadline for filing until after it has set a schedule for briefing and litigating substantive motions.

### A. PRACTICAL IMPEDIMENTS TO A FEBRUARY 28, 2014 FILING

After the court ordered, on November 12, 2013, that a change of venue motion (if any) be filed on or before February 28, 2014, counsel began factual and legal investigation into whether a change in venue was warranted and, even if warranted, desired. Following consultation with an expert in the area of pretrial publicity and venue related issues, it has become clear that despite undersigned counsel's best efforts, it will be impossible to (1) factually investigate whether a motion to change venue is warranted, (2) decide whether a motion to change venue should be filed, and (3) file an adequately briefed and supported motion by February 28, 2014. In addition, counsel have concluded that even if it was possible, investigating a venue challenge before the government has announced the Attorney General's decision regarding whether or not to seek the death penalty, and filing and litigating a change of venue motion at a time before substantive

motions and trial have been scheduled, would be improvident because those events and the passage of time are likely to have substantial effects on the very public attitudes that underlie the venue decision.

The factual research required to support a motion to change venue is substantial. The defense expert must compile and analyze the complete record of publicity and prepare a summary or formal content analysis that includes circulation figures for the media in question.  See, e.g., Skilling v. United States, ___ U.S. ___, 130 S. Ct. 2896, 2922 (2010) (discussion of examples of "saturation" media coverage and the circulation reach of print media).   Given the saturation coverage that has attended this case, this task is formidable.

Moreover, counsel must then assess whether a change of venue is warranted and, if so, desirable.  If the defendant ultimately chooses to pursue a motion to change venue, expert preparation and testimony will be necessary.  See, e.g., United States v. McVeigh, 918 F. Supp. 1467, 1470-72 (W.D. Okla. 1996) (discussion of expert testimony presented regarding the suitability of various districts within and without Oklahoma).

The February 28, 2014 filing deadline does not allow sufficient time to collect and assess the data necessary to first determine whether or not to seek a change of venue, and then to make use of it as the basis for a comprehensive and thorough change of venue motion.  Any realistic attempt at data collection cannot begin until the first full week in January, at the earliest.  Data collection should approximately one month.  Once the data collection is completed, it must be assessed, and evaluated in light of the extensive

pretrial publicity, a process that will take several more weeks.  Thereafter, in consultation with an expert counsel must determine whether the data support a change of venue, and whether, if supported, it is warranted, or whether other remedies may be more appropriate, e.g. expansion of the jury pool, the use of a supplemental jury questionnaire, and extensive voir dire on publicity related issues.   Should counsel determine that a motion to change venue should be filed, expert testimony and extensive exhibits must be compiled.  Skilling, 130 S. Ct. at 2908 (defendants presented affidavits from experts portraying community attitudes in Houston in comparison to other potential venues).

### B. FILING AND LITIGATING A CHANGE OF VENUE MOTION NOW IS IMPROVIDENT.

Perhaps more important, the usefulness of data gathered in the next month is highly questionable.  It is highly likely that publicity surrounding subsequent developments in the case will influence public opinion as this matter continues to unfold.  As just one example, the Attorney General is expected to announce his penalty decision by the end of January 2014.  The media attention to that decision risks skewing public perception.  As a result, data collected now, in advance of the Attorney General's decision, will likely be of little use in the wake of the inevitable media saturation reporting of that decision.  The fallout from the reporting may require that collection of data begin anew to insure accuracy.  That task would be impossible given the presently scheduled deadline.

Looking to the longer trajectory of this case, other pretrial litigation, including motions addressing Mr. Tsarnaev's uncounseled post arrest statements and other evidentiary issues, risk skewing public perception, rendering meaningless public perception data collected now or at any time before that stage of litigation.  See  Rideau v. Louisiana, 373 U.S. 723 (1963) (saturation media exposure of uncounseled post-arrest statements created carnival atmosphere mandating change of venue);  Estes v. Texas, 381 U.S. 532, 538 (1965) ("overzealous" media reporting of pretrial proceedings so threatened the "judicial serenity" necessary to a fair trial that change in venue mandated).

The near certainty of perception-altering events as this case unfolds militates in favor of deferring the change of venue filing date.  Implicit in change of venue jurisprudence is the recognition that the prejudicial pretrial should be measured as close to the start of trial as possible.  For example, a crucial part of the calculus of the change of venue decision is whether a delay in the start of trial to allow prejudicial saturation coverage to abate is sufficient to ameliorate the prejudice.  See, e.g., Skilling, 130 S. Ct. at 2917 (district court took the appropriate step of delaying trial to lessen the immediacy of prejudicial saturation media coverage of co-defendant plea).  Initiating venue related litigation now, where trial is not yet scheduled, runs the risk of an improvidently requested change of venue with an inaccurate factual basis from which the Court can make a decision.

Deferring the change of venue filing date until after substantive motions are heard and a trial date is set will render more accurate data.  Indeed, it may obviate the need to

file a motion to change venue; at a minimum, it will provide a more sound basis for a decision by the Court.  Cf. Patton v. Yount, 467 U.S. 1025 (1984) (adverse publicity and community outrage were at their height four years before second prosecution of defendant; time had helped "sooth[e] and eras[e]" community prejudice).

## CONCLUSION

For these reasons, the defendant requests that the Court vacate the presently scheduled February 28, 2014 change of venue motion filing deadline, and instead defer setting a deadline for filing until after the Court has set a schedule for briefing and litigating substantive motions.

Respectfully submitted,

/s/ Timothy Watkins_____
JUDY CLARKE
MIRIAM CONRAD
WILLIAM FICK
TIMOTHY WATKINS
Attorneys for Dzhokhar Tsarnaev

## CERTIFICATE OF SERVICE

I, Timothy G. Watkins, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on December 16, 2013.

/s/ Timothy G. Watkins
Timothy G. Watkins