UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA**    ) | |
| ) | |
|     v.                           ) | Crim. No.13-10200-GAO |
| ) | |
| **DZHOKHAR A. TSARNAEV,**        ) | |
|         **Defendant**            ) | |

The United States of America, by and through its undersigned counsel, respectfully opposes defendant Tsarnaev's Motion to Vacate the filing deadline for a Motion to Change Venue, and requests that the Court deny the motion in its entirety. As basis for its opposition, the government states as follows:

The court must set the place of trial within the district with "due regard for the convenience of the defendant, any victim, and the witnesses, and *the prompt administration of justice*." Fed.Crim.P.18(emphasis added). Currently, any motion to change venue is due on February 28, 2014, some ten months after the commission of the crimes charged in the Indictment. The defendant presents no compelling reason to extend the date for filing to some indefinite time in the future.

The deadline for the filing of this motion was set on November 12, 2013. This Court set the motion deadline for this specific issue, obviously signaling to all of the parties that it considered this to be a significant issue to be addressed

sooner rather than later.  This issue could not have been a surprise to the four experienced defense counsel assigned to this case; yet no work was begun on this matter until after the November status conference.  Counsel insists that the motion requires the arduous task of data collection. However, no work on data collection has begun and counsel is waiting until January to begin that work. To the extent that data collection is required, defendant provides no explanation as to why the collection has been delayed. Moreover, it is entirely unclear why they cannot presently be addressing other issues, which are equally, if not more, relevant to the issue of venue. For example, courts have consistently focused, beyond the sheer amount of media coverage, on the size and characteristics of the community in which the crime occurred.  See, *Skilling v. United States*, 130 S.Ct.2896, 2915 (2010). Counsel does not provide any explanation for its inability to address these issues during the three and a half months which the court provided for this motion.

   Defendant further suggests a delay is required because every event which receives attention risks skewing public perception.  This meritless argument would unnecessarily impede preparation of this case for trial. If this statement were true, no venue motion could ever be brought until every pre-trial event had concluded. Such a notion, focusing exclusively on the

quantum of pretrial publicity, is inconsistent with the standards by which such motions are decided. "Pretrial publicity – even pervasive, adverse publicity-does not inevitably lead to an unfair trial." *Nebraska Press Assn. v. Stuart*, 427 U.S. 539, 554(1976). This court is not required to endlessly calibrate and recalibrate its judgment as to whether venue should be in this district, as defendant suggests. ("The fallout from the reporting may require that collection of data begin anew to insure accuracy", Defendant's Motion, p. 3). Other mechanisms are available to ensure that the defendant receives a fair trial in this forum. As the Supreme Court noted recently, "widespread community impact necessitates careful identification and inspection of prospective jurors' connection to [the defendant and that] the extensive screening questionnaire and a follow-up *voir dire* were well suited to that task." *Skilling,* 130 S.Ct. at 2917.

Defendant has previously sought to postpone the deadline for the Attorney General's decision to seek or not seek the death penalty; the filing of multiple substantive motions; and a trial date for the fall of 2014. Allowing this matter to continue without a definite date for the defendant to file any challenge to venue will necessarily and adversely impact the prompt administration of justice which can be assured by the scheduling of a prompt motion deadline and a prompt trial.

        Respectfully submitted,

        CARMEN M. ORTIZ
        United States Attorney
        District of Massachusetts

By:  /s/Nadine Pellegrini
    NADINE PELLEGRINI
    WILLIAM D. WEINREB
    ALOKE S. CHAKRAVARTY
    Assistant U.S. Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

        /s/Nadine Pellegrini
        Nadine Pellegrini
        Assistant United States Attorney

Date: December 23, 2013