UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 13-CR-10200-GAO |
| v. ) | |
| ) | |
| ) | |
| DZHOKHAR TSARNAEV ) | |

## SUPPLEMENTAL MEMORANDUM IN
## SUPPORT OF MOTION TO VACATE SAMs

On October 3, 2013, the defendant, through counsel, filed a motion to vacate the Special Administrative Measures that were imposed on the defendant and counsel in late August, 2013. [Dkt. # 110.] The motion remains pending. At a hearing on November 12, 2013, the Court advised:

> So what I'm mostly interested in is whether there is practical interference to any substantial degree and in what respects, with the ability of the defense to prepare because of these limitations. Not whether they're annoying, but whether they are inhibiting.

11/12/13 Tr. at 17. The defense responded on the record at that time and now makes this supplemental filing to advise the court of further developments concerning the SAMs and their impact on the defense.

Notably, in the wake of the Court's comments at the November 12, 2013, hearing, the government did agree to modify provisions 2d and 2e of the SAMs to permit additional defense team members to disseminate the content of the defendants' statements to third parties for the purpose of preparing the defense. The government also agreed to add additional defense team members to the pre-cleared list of individuals who may meet unaccompanied with the defendant. These modifications were memorialized and took effect on November 27, 2013.

Apart from these accommodations, however, the government has not modified the SAMs, which continue to interfere with preparation of the defense in important ways. Specifically, as detailed below, the defense is encountering obstacles related to FBI monitoring ███ and BOP screening of materials that defense counsel need to review with the defendant. These obstacles thwart preparation of important parts of the defense case in mitigation and also threaten the integrity of attorney work product.

The Supreme Court has held repeatedly that a capital defendant has a broad right to present any mitigating evidence to the jury. *See, e.g., Ayers v. Belmonte*, 549 U.S. 7 (2006) (describing the jury's penalty phase task as weighing "the finite aggravators against the potentially infinite mitigators"); *Tennard v. Dretke*, 524 U.S. 274 , 284-85 (2004). Defense counsel thus have a corresponding obligation to investigate mitigating evidence, and to develop and preserve that evidence for presentation to the jury. *See, e.g., Porter v. McCollum*, 558 U.S. 30, 40-41 (2009); *Wiggins v. Smith*, 539 U.S. 510, 524-25 (2003); *Strickland v. Washington*, 466 U.S. 668, 690-91 (1984).

The Supreme Court has also confirmed that the work product doctrine plays an essential role in the integrity of criminal cases:

> Although the work-product doctrine most frequently is asserted as a bar to discovery in civil litigation, its role in assuring the proper functioning of the criminal justice system is even more vital. The interests of society and the accused in obtaining a fair and accurate resolution of the question of guilt or innocence demand that adequate safeguards assure the thorough preparation and presentation of each side of the case.
> . . . .
> At its core, the work-product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case.

*United States v. Nobles*, 422 U.S. 225, 238 (1975). Put another way, the work product doctrine grants attorneys "a zone of privacy within which to prepare the client's case and plan strategy,

without undue interference." *In re San Juan Dupont Plaza Hotel Fire Litigation*, 859 F.2d 1007, 1014 (1st Cir. 1988).

Specifically, for example, courts "have held that defense counsel's selection and compilation of documents in preparation for pretrial discovery fall within the highly-protected category of opinion work product." *United States v. Horn*, 811 F. Supp. 739, 746 (D. N.H. 1992), *rev'd in part on other grounds*, 29 F.3d 754 (1st Cir. 1994). In *Horn*, the court found that the government had improperly invaded defense work product where the prosecution had directed a vendor to make an additional copy for the government of materials that the defense had selected to be copied. *See id.* Based on similar reasoning, in *United States v. June*, 2011 U.S. Dist. LEXIS 127902 (D. Mass. Oct. 19, 2011), the Court order the government to permit the defense to review and copy original documents without the presence of an agent.

A. **FBI Monitoring.**

[text redacted]

3





### B. BOP Screening of Materials for Review with Defendant.

Other than an apparent misunderstanding about family photographs that defense counsel brought to the prison in September 2013, noted in the original motion papers, over the course of several months BOP personnel had not sought to inspect or review substantively items that defense counsel brought to the prison to review with Mr. Tsarnaev. BOP has stationed a stand-alone desktop computer in the interview room where counsel meet with Mr. Tsarnaev to facilitate viewing of digital materials. Over the course of several weeks, defense counsel began to review various digital materials on CD/DVD-ROM with the defendant using this computer.

However, on January 24, 2014, BOP staff asked to review the content of a CD that defense counsel had brought in to review with their client. In the absence of a taint team, defense counsel declined to submit to the review and therefore were unable to review the material with the defendant. Since that time, staff have asked counsel if they are bringing in digital media to review with Mr. Tsarnaev. Pending resolution of this issue, counsel have not sought to do so.

Consistent with the teaching of *Horn, supra*, government knowledge of materials that the defense has selected to review with the defendant would undermine the integrity of attorney work product. The defense has requested that the government employ a taint team for this purpose, but the prosecution has declined to do so.

### Conclusion

For the foregoing reasons, as well as the reasons identified in prior filings and oral argument, the Court should vacate the SAMs in their entirety. Alternatively and/or in addition, the Court should (1) ███████████████████████████████████████████ ██████████████; and (2) order the government to employ a "taint team" to protect attorney work product.

                                            Respectfully submitted,

                                            DZHOKHAR TSARNAEV
                                            by his attorneys

                                            /s/ Judy Clarke

                                            Judy Clarke, Esq.
                                            California Bar: 76071
                                            CLARKE & RICE, APC
                                            1010 Second Avenue, Suite 1800
                                            San Diego, CA 92101
                                            (619) 308-8484
                                            JUDYCLARKE@JCSRLAW.NET

                                            Miriam Conrad, Esq. (BBO # 550223)
                                            Timothy Watkins, Esq. (BBO # 567992)
                                            William Fick, Esq. (BBO # 650562)
                                            FEDERAL PUBLIC DEFENDER OFFICE
                                            51 Sleeper Street, 5th Floor
                                            (617) 223-8061
                                            MIRIAM_CONRAD@FD.ORG
                                            TIMOTHY_WATKINS@FD.ORG
                                            WILLIAM_FICK@FD.ORG

## Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 11, 2014.

/s/ Judy Clarke
Judy Clarke, Esq.