Justice Dept. Defends Its Conduct on Evidence - NYTimes.com  Page 1 of 3

Case 1:13-cr-10200-GAO   Document 232-1   Filed 03/28/14   Page 1 of 3

The New York Times | http://nyti.ms/1gio61l

U.S.

# Justice Dept. Defends Its Conduct on Evidence

By CHARLIE SAVAGE    FEB. 14, 2014

WASHINGTON — The Justice Department has told a federal judge in Oregon that it did not engage in misconduct when prosecutors failed to tell a defendant that he faced evidence derived from warrantless wiretapping before his trial last year on terrorism-related charges.

In a brief filed late Thursday, the department also denied that it misled the Supreme Court in 2012 during a high-profile case challenging the constitutionality of the FISA Amendments Act of 2008, the law that authorizes the National Security Agency's warrantless wiretapping program.

In that case, Solicitor General Donald Verrilli Jr. told the justices that prosecutors were obliged to inform defendants if they faced any such evidence. But after it emerged last summer that prosecutors were not doing that, Mr. Verrilli forced a change in the practice. The Oregon defendant was belatedly notified that his case involved warrantless wiretapping as a result.

The Justice Department said in its brief that the claim that the department's statements to the Supreme Court contradicted existing policy was "baseless."

Three United States senators, the American Civil Liberties Union lawyer who argued against Mr. Verrilli in the Supreme Court case and lawyers for the defendant in the Oregon case and another terrorism defendant in Colorado who received a notice last fall have accused the department of misleading the justices.

The department had not before addressed in public those accusations, including calls that it formally notify the court and correct the record.

In the Supreme Court case, Mr. Verrilli successfully urged the justices to dismiss a lawsuit challenging the warrantless wiretapping law brought by plaintiffs who could not prove they had been wiretapped. He said prosecutors would notify

Justice Dept. Defends Its Conduct on Evidence - NYTimes.com

Page 2 of 3

Case 1:13-cr-10200-GAO   Document 232-1   Filed 03/28/14   Page 2 of 3

defendants who faced evidence obtained or derived from such surveillance and who would have standing to challenge it. But Mr. Verrilli later discovered that the Justice Department's National Security Division was interpreting notice requirements more narrowly than he had understood.

In a compound investigative chain — where warrantless surveillance led investigators to obtain a traditional Foreign Intelligence Surveillance Act wiretap order, which in turn led them to some piece of evidence — prosecutors were notifying defendants only about the regular wiretap order and not about the existence of the underlying warrantless surveillance.

Mr. Verrilli argued that the practice, which diverged from wiretap law in ordinary criminal cases, had no legal basis, and in July the department adopted his more expansive definition of what "derived from" means. Last fall, the department notified two defendants — Jamshid Muhtorov in Colorado and Mohamed Mohamud in Oregon — that they had been wiretapped without warrants, alerting them that they could challenge the 2008 law.

Mr. Muhtorov has since done so, while Mr. Mohamud is still exploring the option. Lawyers for both defendants are also seeking "discovery" of materials related to the surveillance. A defense brief in the Oregon case had also raised the specter of prosecutorial misconduct and misleading the Supreme Court, saying the previous practice amounted to a "secret policy" to conceal warrantless wiretapping.

The newly filed Justice Department brief rejected any need to share classified materials with the defense lawyers, saying they had enough information challenge the 2008 law. And it argued that its conduct showed "good faith, not misconduct."

Until last summer's review, the brief said, prosecutors simply "had not considered the particular question" of how expansively to define when evidence is properly considered to be derived from warrantless surveillance. It also said in a footnote that Mr. Verrilli's statements to the court were an accurate statement of both the department's "previous and current understanding" of its obligations.

But Jameel Jaffer, an A.C.L.U. attorney who argued against Mr. Verrilli in the Supreme Court, contended that the representatives of the Justice Department were "tying themselves up in knots in order to gloss over what was plainly a misrepresentation."

Justice Dept. Defends Its Conduct on Evidence - NYTimes.com

Case 1:13-cr-10200-GAO   Document 232-1   Filed 03/28/14   Page 3 of 3

Page 3 of 3

He added: "The government told the Supreme Court that it was complying with the notice requirement, but it neglected to mention that it was construing the notice requirement so narrowly that defendants who were entitled to notice weren't receiving it."

A version of this article appears in print on February 15, 2014, on page A11 of the New York edition with the headline: Justice Dept. Defends Its Conduct on Evidence.

© 2014 The New York Times Company