UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 13-10200-GAO |
| | ) | |
| DZHOKHAR TSARNAEV | ) | |

**RESPONSE TO GOVERNMENT'S
MOTION FOR SUPPLEMENTAL PROTECTIVE ORDER**

Defendant, Dzhokhar Tsarnaev, through counsel, respectfully responds to the government's Motion for Supplemental Protective Order (D.E. 225), in which it seeks to condition compliance with its legal obligation to produce autopsy photos upon a special restriction barring defense counsel from showing to the defendant all such photos that the government does not intend to introduce at trial. The government's request for restrictions beyond the protective order already in place is unwarranted and publicly aggravates the very sensitivities and interests in dignity and privacy that the government purportedly seeks to protect.

To be clear:

- Autopsy reports and photographs are routinely produced to defense counsel in homicide prosecutions. Defense counsel have a professional obligation to review such materials. Disclosure of autopsy materials is required as part of Rule 16 automatic discovery, which is to be provided within 28 days of arraignment.

- In a telephone conversation on February 13, government counsel stated that the prosecution intended to introduce some unidentified number of autopsy photographs into evidence at trial.[1] Government counsel further stated that copies of autopsy photos would only be produced to defense counsel on the condition they not be shown to the defendant. The defense responded by letter that same day, acknowledging the government's position but reiterating the request for all autopsy materials pursuant to the government's Rule 16 obligations, without precondition. See Exhibit A.

---

[1] It is not at all clear that any public display of such photographs by the prosecution at trial will be even remotely necessary, or that they would be admissible under Rule 403.

- In their collective experience, defense counsel are unaware of any case in which access to autopsy photographs has been conditioned on advance agreement not to review them with their client. Nor has the government cited any case in which a court restricted a defendant from viewing autopsy photographs.[2] The existing protective order already imposes stringent protections for materials identified as sensitive. Decisions about what discovery materials must be shown to the defendant in order to prepare the defense should be left to the sound discretion of defense counsel.

For the foregoing reasons, the government's motion should be denied.

    Respectfully submitted,

    DZHOKHAR  TSARNAEV
    By his attorneys

    /s/  Timothy G. Watkins
    Judy Clarke, Esq. (CA Bar # 76071)
    CLARKE & RICE, APC
    1010 Second Avenue, Suite 1800
    San Diego, CA 92101
    (619) 308-8484
    JUDYCLARKE@JCSRLAW.NET

    David I. Bruck, Esq.   (SC Bar # 967)
    220 Sydney Lewis Hall
    Lexington, VA 24450
    (540) 460-8188
    BRUCKD@WLU.EDU

    Miriam Conrad, Esq. (BBO # 550223)
    Timothy Watkins, Esq. (BBO # 567992)
    William Fick, Esq. (BBO # 650562)
    FEDERAL PUBLIC DEFENDER OFFICE
    51 Sleeper Street, 5th Floor
    (617) 223-8061
    MIRIAM_CONRAD@FD.ORG
    TIMOTHY_WATKINS@FD.ORG
    WILLIAM_FICK@FD.ORG

---

[2] The government's child-pornography analogy, while attention-grabbing, is misplaced because such images are, themselves, illegal contraband. In such cases, unlike here, the defendant's possession of the photographs is itself the very crime of which he stands accused.

## CERTIFICATE OF SERVICE

  I, Timothy G. Watkins, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on March 28, 2014.

              /s/ Timothy G. Watkins