```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA      )
                              )
          v.                  )     Crim No.13-10200-GAO
                              )
DZHOKHAR A. TSARNAEV,         )
          Defendant           )
```

### GOVERNMENT'S MOTION TO COMPEL DEFENDANT'S COMPLIANCE WITH AUTOMATIC DISCOVERY OBLIGATIONS

The United States of America, by and through undersigned counsel, respectfully moves for an order to (1) compel reciprocal discovery by defendant, Dzhokhar Tsarnaev ("Tsarnaev"), under Federal Rule of Criminal Procedure 16(b) and Local Rule 116(d), and (2) preclude Tsarnaev from introducing any evidence in his case-in-chief at trial or sentencing that has not been provided to the government by April 30, 2014, unless Tsarnaev can demonstrate that (a) the evidence is newly discovered and was promptly produced; or (b) that the government introduced evidence in its case in case-in-chief that Tsarnaev could not in good faith have anticipated, and in fairness Tsarnaev ought to be able to rebut that evidence by presenting his own evidence in the defense case-in-chief.  In support of this motion, the government relies on the following:

**ARGUMENT**

Federal Rule of Criminal Procedure 16(b) provides:

> Defendant's Disclosure.
>
> (1) Information Subject to Disclosure.
>
> (A) Documents and Objects. If a defendant requests disclosure under Rule 16(a)(1)(E) and the government complies, then the defendant must permit the government, upon request, to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items if:
>
> (i) the item is within the defendant's possession, custody, or control; and
>
> (ii) the defendant intends to use the item in the defendant's case-in-chief at trial.
>
> (B) Reports of Examinations and Tests. If a defendant requests disclosure under Rule 16(a)(1)(F) and the government complies, the defendant must permit the government, upon request, to inspect and to copy or photograph the results or reports of any physical or mental examination and of any scientific test or experiment if:
>
> (i) the item is within the defendant's possession, custody, or control; and
>
> (ii) the defendant intends to use the item in the defendant's case-in-chief at trial, or intends to call the witness who prepared the report and the report relates to the witness's testimony.

If a party fails to comply with its Rule 16 obligations, the district court may, among other things, "order that party to

permit the discovery or inspection [of undisclosed items]; specify its time, place, and manner; and prescribe other just terms and conditions," or "prohibit that party from introducing the undisclosed evidence."  Fed. R. Crim. P. 16(d).

Although Rules 16(b)(1)(A) and (B) refer to items the defendant intends to offer "at trial," Tsarnaev has consistently taken the position that Rule 16, and the timing requirements of Local Rule 116.1, apply with equal force to trial and sentencing.  (See Deft. Mot. To Compel filed 10/07/13 at 3-4). The Court accepted this argument in its ruling on Tsarnaev's October 7, 2013 motion to compel.  (See Mem. And Order dated 11/27/13 at 5-6).  As the Court there noted, the sentencing phase of a capital case is simply part of one "bifurcated trial." Gregg v. Georgia, 428 U.S. 153, 153-54 (1976); accord United States v. Acosta-Martinez, 252 F.3d 13, 17 (1st Cir. 2001) (capital case is "a bifurcated proceeding"); United States v. Webster, 162 F.3d 308, 346 (5th Cir. 1998) (capital case involves "bifurcated trial"); United States v. Northington, No. 07-550, 2012 WL 2873360 at *4 n.9 (E.D. Pa. 2012) ("'Trial' includes both the guilt and penalty phases of a capital trial. Accordingly, the disclosure requirements of Rule 16 apply to both the guilt phase and the sentencing phase of a capital trial.") (internal citation omitted); United States v. Wilson, 493 F.Supp.2d 348, 355 (E.D.N.Y. 2006) ("[T]he penalty phase of

a capital case is but the final phase of a single bifurcated (or trifurcated) trial."). The government has been required to produce all items that it intends to use in its sentencing case-in-chief, and Tsarnaev must now reciprocate.

By participating in the automatic discovery process, Tsarnaev is "deemed to have requested all the discovery authorized by Fed. R. Crim. P. 16(a)(1)(A)-(F)," L.R. 116.1(1)(b), thus triggering his own obligation to provide reciprocal discovery. In addition, Tsarnaev has made several written requests to the government for Rule 16 discovery, and he previously filed a motion to compel production of certain items. The government, for its part, has provided Tsarnaev with extensive Rule 16 information in automatic discovery and in response to his letters. Tsarnaev is therefore legally obligated to provide reciprocal discovery pursuant to Rules 16(b)(1)(A) and 16(b)(1)(B).

On September 3, 2013, the government sent Tsarnaev a letter formally requesting reciprocal discovery under Rule 16 and Local Rule 116.1(d). Tsarnaev did not respond to this request. On March 14, 2013, the government sent Tsarnaev another letter in which it wrote, "To date, we have received no reciprocal Rule 16 discovery from you, even though the date for production of such discovery is long past. Without waiving our right to object to the admission of any evidence on grounds that it was not timely

produced, we reiterate our request that you produce reciprocal discovery immediately." Once again, Tsarnaev did not even respond to the government's letter. On March 21, 2014, and March 28, 2014, the government sent Tsarnaev letters containing identical language, and again he simply ignored the government's requests. Although the defense team of four (now five) attorneys, multiple paralegals, and other assistants and helpers, has been actively investigating this matter and preparing their case for nearly twelve months, they have yet to produce a single iota of reciprocal discovery, in flagrant violation of the discovery rules.

It is inconceivable that the defense is not yet in possession, custody or control of any "books, papers, documents, data, photographs, tangible objects, buildings or places" that it intends to use in its case in chief at trial or sentencing. The defense wrote in its October 7, 2013 motion to compel that professional standards require it to "survey a broad set of sources," including, but not limited to:

> medical history; complete prenatal,
> pediatric and adult health information;
> exposure to harmful substances in utero and
> in the environment; substance abuse history;
> mental health history; history of
> maltreatment and neglect; trauma history;
> educational history; employment and training
> history; military experience; multi-
> generational family history, genetic
> disorders and vulnerabilities, as well as
> multi-generational patterns of behavior;

> prior adult and juvenile correctional experience; religious, gender, sexual orientation, ethnic, racial, cultural and community influences; socio-economic, historical, and political factors.

(Deft. Mot. to Compel 10/07/13 at 7-8).  The defense also noted that professional standards

> highlight[] the gathering of multi-generational documentary records as a particularly important part of mitigation investigation . . . [including records] from courts, government agencies, the military, employers, etc.  Records should be requested concerning not only the client, but also his parents, grandparents, siblings, and children. . . .  The collection of corroborating information from multiple sources . . . is important wherever possible.

<u>Id.</u>  In light of these statements, it is reasonable to assume that the defense has gathered numerous records in the course of its investigation, at least some of which it intends to offer at trial or sentencing.  The Court should order the production of those records in discovery forthwith or bar them from being used during trial or sentencing.

It is of course no answer for the defense to assert that it has not yet determined which records it intends to use at trial or sentencing.  The government likewise has not yet determined which records it intends to use.  But no one would suggest that the government could wait until the deadline for filing its trial and sentencing exhibit lists to comply with Rule

16(a)(1)(E).  Rather, the Rules contemplate the early production of those records from which a party intends to draw its exhibits, provided the items are already in the party's possession, custody and control.

Courts routinely grant motions to compel compliance with Rule 16(b), especially in cases, like this one, where there has been no production of reciprocal discovery.  See, e.g., United States v. Avery, Crim No. 11-193S, 2012 WL 6569352 at *3 (W.D.N.Y. 2012); United States v. Gomez, Crim. No. 10-1326, 2011 WL 1897672, at *3 (W.D. Tex. 2011); United States v. Jensen, Crim. No. 09-108, 2011 WL 1302908, at *3 (D. Alaska 2011); United States v. Delisser, Crim. No. 10-82, 2011 WL 843947 (D. N.J. 2011); United States v. Martin, Crim. No. 07-1205, 2009 WL 453195 (C.D. Cal. 2009); United States v. Jain, Crim. No. 08-197, 2008 WL 3289945, at *3 (N.D. Cal. 2008); United States v. Joyce, Crim. No. 07-31, 2008 WL 2512657, at *5 (W.D. Pa. 2008); United States v. Lujan, 530 F.Supp.2d 1224, 1265 (D. N.M. 2008); United States v. Bermingham, Crim. No. 02-597, 2007 WL 1052600 at *8 (S.D. Tex. 2007); United States v. Low, Crim. No. 05-260, 2006 WL 1582432, at *10 (D. Hawaii 2006); United States v. Warner, Crim. No. 02-506, 2005 WL 2367769, at *14 (N.D. Ill. 2005); United States v. Lozada, Crim. No. 93-304, 1993 WL 384519, at *9 (N.D. Ill. 1993); United States v. Caruso, 948

F.Supp. 382, 396 (D. N.J. 1996); United States v. Lin Lyn Trading, Ltd., 911 F.Supp. 494, 497 (D. Utah 1996).

### III. CONCLUSION

WHEREFORE, the government respectfully requests this Court order that (1) Tsarnaev comply with his obligations to produce reciprocal discovery and (2) any evidence not produced to the government by April 30, 2014 be excluded from the defense case-in-chief at trial and sentencing, unless Tsarnaev can demonstrate that (a) the evidence is newly discovered and was promptly produced in discovery, or (b) that the government introduced evidence in its case case-in-chief that Tsarnaev could not in good faith have anticipated, and in fairness Tsarnaev ought to be able to rebut that evidence by presenting his own evidence in the defense case-in-chief.

                                              Respectfully submitted,

                                              CARMEN M. ORTIZ
                                              United States Attorney

                               By:  /s/ William D. Weinreb
                                    WILLIAM D. WEINREB
                                    ALOKE S. CHAKRAVARTY
                                    NADINE PELLEGRINI
                                    Assistant U.S. Attorneys