```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA    )
                            )
         v.                 )    Crim. No.13-10200-GAO
                            )
DZHOKHAR A. TSARNAEV,       )
         Defendant          )
```

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR NOTICE OF USE OF FISA OR OTHER SURVEILLANCE

The United States of America, by and through its undersigned counsel, respectfully opposes Defendant Tsarnaev's Motion for Notice of Use of FISA or Other Surveillance.

To the extent Tsarnaev's motion seeks an order compelling the government to comply with FISA's notice requirements, it should be denied as unnecessary. The government has repeatedly notified Tsarnaev that it will comply with its legal obligations in this area, and Tsarnaev lacks a good faith basis for alleging noncompliance. To the extent Tsarnaev's motion seeks notice or information beyond what FISA and related statutes require, it should be denied.

Tsarnaev requests that the Court order the government to provide notice of whether: (1) "it intends to use as evidence against him information that was obtained through the use of surreptitious surveillance or searches, including but not limited to surveillance conducted under the Foreign Intelligence

1

Surveillance Act ("FISA") or the FISA Amendments Act ("FAA"), including the collection and examination of telephone and computer records pursuant to Sections 215 and 702 of the FAA, or was derived from such evidence;" and whether (2) "it has within its possession, custody, or control information collected under FISA, FAA, the auspices of national security programs, or is otherwise classified that is relevant and helpful to the defense."  Essentially, through this motion, Tsarnaev seeks to learn if the government possesses classified national security information and, if so, to obtain an index of it.  In support of this request, Tsarnaev has invoked a number of authorities, including FISA, 50 U.S.C. 1801 et seq., and the Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. 3, none of which establish that Tsarnaev is entitled to any notice or additional discovery in this matter.

**I.   Tsarnaev's Request for Notice Pursuant to FISA**

As is plainly laid out in the FISA statute, when the government "intends to enter into evidence or otherwise use or disclose" any "information obtained or derived from" electronic surveillance or physical search conducted pursuant to FISA against an aggrieved person in a criminal case (as well as in other proceedings), it must provide notice to that individual. 50 U.S.C. §§ 1806(c), 1825(d), 1881e(a).  An "aggrieved person" is the target of the electronic surveillance or "any other

person whose communications or activities were subject to electronic surveillance." 50 U.S.C. § 1801(k). A person is also aggrieved if his or her "premises, property, information, or material is the target of physical search" or "was subject to physical search." 50 U.S.C. § 1821(2).

The government's notice obligations regarding its use of FISA information under §§ 1806, 1825, and 1881e apply only if the government: (1) "intends to enter into evidence or otherwise use or disclose" (2) "against an aggrieved person" (3) in a "trial, hearing or other proceeding in or before any court, department, officer, agency, regulatory body, or other authority of the United States" (4) any "information obtained or derived from" (5) an "electronic surveillance [or physical search] of that aggrieved person." 50 U.S.C. §§ 1806(c), 1881e(a); *see also* 50 U.S.C. § 1825(d). Where all five criteria are met, the government will notify the defense and the court (or other authority) in which the information is to be disclosed or used that the United States intends to use or disclose such information.

As recounted in the communications between the government and defense counsel cited in Tsarnaev's motion, on multiple occasions, the government has explained that it is aware of the legal requirements set forth in the FISA statutes' notice provisions and will follow them. In this case, the FISA notice

criteria have not been met.  Tsarnaev has no legal right to compel the government to confirm or deny the existence of classified information that does not meet FISA's notice requirements.

The government is similarly aware of the requirements of Local Rule 116.1(c)(1)(C) as it relates to the interception of wire, oral, or electronic communications, as defined in 18 U.S.C. § 2510, and Local Rule 116.1(c)(1)(B) as it relates to the disclosure of search materials.  At the outset, these rules should not be interpreted to expand or alter the carefully designed statutory scheme regarding notice and discovery that is outlined in FISA with respect to foreign intelligence surveillance and searches.

Tsarnaev's citation to 18 U.S.C. § 3504 is equally unavailing.  Section 3504 applies "upon a claim by a party aggrieved that evidence is inadmissible because it is the primary product of an unlawful act or because it was obtained by the exploitation of an unlawful act" and requires the opponent of the claim to "affirm or deny the occurrence of the alleged unlawful act."  Tsarnaev has not identified any evidence that is purportedly inadmissible on either of these grounds.

In any event, Tsarnaev cites no case law in support of the proposition that Section 3504 imposes an additional notice obligation with respect to information obtained pursuant to

FISA.  First, a specific statute -- such as FISA -- normally controls over one of more general application -- such as Section 3504.  Moreover, FISA's Section 1806 was enacted in 1978, approximately seven years after Section 3504 was adopted in 1970.  See Pub. L. 91-452, Title VII, § 702(a), Oct. 15, 1970.  "Where two statutes conflict, the later-enacted, more specific provision generally governs." United States v. Juvenile Male, 670 F.3d 999, 1008 (9th Cir.), cert. denied 133 S. Ct. 234 (2012); see also United States v. Lara, 181 F.3d 183, 198 (1st Cir. 1999).  Thus, there is no basis for concluding that Section 3504 trumps FISA's "later-enacted, more specific" notice provision.

Tsarnaev's further request that this Court order the government to provide notice of its intent to use information regarding the ". . . collection and examination of telephone and computer records pursuant to Section 215 . . ." that he speculates was obtained pursuant to FISA should also be rejected.  Section 215 of Pub. L. 107-56, conventionally known as the USA PATRIOT Act of 2001, is codified in 50 U.S.C. § 1861, and controls the acquisition of certain business records by the government for foreign intelligence and international terrorism investigations.  It does not contain a provision that requires notice to a defendant of the use of information obtained pursuant to that section or derived therefrom.  Nor do the

notice provisions of 50 U.S.C. §§ 1806(c), 1825(d), and 1881e apply to 50 U.S.C § 1861.  Therefore, even assuming for the sake of argument that the government possesses such evidence and intends to use it at trial, Tsarnaev is not entitled to receive the notice he requests.

    **II.   Tsarnaev's Request for Notice of the Government's Possession of "Relevant and Helpful" Classified Information**

The defendant has also requested that the Court order the government to provide notice of whether "it has within its possession, custody, or control information collected under the FISA, FAA, the auspices of national security programs, or is otherwise classified that is relevant and helpful to the defense."  In support of his claim, the defendant cites to CIPA and the standard first adopted in United States v. Yunis, 867 F.2d 617, 623 (D.C. Cir. 1989)(citing United States v. Roviaro, 353 U.S. 53 (1957)). Both CIPA and Yunis, however, are red herrings and provide no basis for a request for notice of the possession of "relevant and helpful" evidence.

    CIPA simply provides a set of procedures by which federal courts rule pretrial on matters concerning discovery, admissibility, and use of classified information.  See United States v. Baptista-Rodriguez, 17 F.3d 1354, 1363 (11th Cir. 1994); see also United States v. Abu-Jihaad, 630 F.3d 102, 140 (2d Cir. 2010).  As courts have repeatedly held, CIPA does not

create new rights of discovery.  United States v. Mejia, 448 F.3d 436, 455 (D.C. Cir. 2006); see also United States v. Dumeisi, 424 F.3d 566, 578 (7th Cir. 2005)("CIPA does not create any discovery rights for the defendant.").  The Yunis case simply established the standard that governs the resolution of government assertions of a national security privilege over classified information in motions to restrict discovery under Section 4 of CIPA.  See Yunis, 867 F.2d at 623.  Neither purports to impose any independent notification or discovery obligation on the government.

There is otherwise no basis for issuing a general order compelling notification of the possession of particular classified evidence.  The government is well aware of, and intends to comply with, its discovery obligations under Federal Rule of Criminal Procedure 16; Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150 (1972), and their progeny; and the Jencks Act.  To the extent necessary, the government will file any motions to restrict discovery of specific classified information under Section 4 of CIPA and Federal Rule of Criminal Procedure 16(d).

### III. Conclusion

As stated in the government's Opposition to Defendant's Motions to Compel, filed under separate cover, the government has and will continue to meet all of its discovery obligations

7

in this matter, consistent with the Constitution, the U.S. Code, Federal Rules of Criminal Procedure, and Local Rules. Additionally, the government will comply with its obligations to provide the defendant with any appropriate notifications pursuant to, or as required by, any applicable statutes.

WHEREFORE, the government respectfully requests that the Court deny the defendant's Motion for Notice of Use of FISA or Other Surveillance.

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

By:  /s/ William D. Weinreb
WILLIAM D. WEINREB
ALOKE S. CHAKRAVARTY
NADINE PELLEGRINI
Assistant U.S. Attorneys
