UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

*Filed Electronically*
CRIMINAL ACTION NO. 5:06 CR-00019-R

UNITED STATES OF AMERICA                                   PLAINTIFF

v.

STEVEN D. GREEN                                            DEFENDANT

## UNITED STATES' NOTICE OF INTENT TO SEEK THE DEATH PENALTY

The United States of America, pursuant to 18 U.S.C. § 3593(a), notifies the Court and defendant Steven D. Green, that it believes the circumstances of the offenses charged in Counts Three through Ten and Thirteen through Sixteen of the indictment are such that, in the event of a conviction, a sentence of death is justified under Chapter 228 (Sections 3591 through 3598) of Title 18 of the United States Code. Therefore, the United States will seek the sentence of death for the following offenses:

(1) Premeditated murder resulting in the death of Abeer Kassem Hamza Al-Janabi, which would have constituted an offense under 18 U.S.C. § 1111 had it been engaged in within the special maritime and territorial jurisdiction of the United States, in violation of 18 U.S.C. § 3261(a)(2) [Count Three];

(2) Premeditated murder resulting in the death of Hadeel Kassem Hamza Al-Janabi, which would have constituted an offense under 18 U.S.C. § 1111 had it been engaged in within the special maritime and territorial jurisdiction of the United States, in violation of 18 U.S.C. § 3261(a)(2) [Count Four];

(3) Premeditated murder resulting in the death of Kassem Hamza Rachid Al-Janabi, which would have constituted an offense under 18 U.S.C. § 1111 had it been engaged in within the special maritime and territorial jurisdiction of the United States, in violation of 18 U.S.C. § 3261(a)(2) [Count Five];

(4)  Premeditated murder resulting in the death of Fakhriya Taha Mohsine Al-Janabi, which would have constituted an offense under 18 U.S.C. § 1111 had it been engaged in within the special maritime and territorial jurisdiction of the United States, in violation of 18 U.S.C. § 3261(a)(2) [Count Six];

(5)  Unlawful killing of Abeer Kassem Hamza Al-Janabi in perpetration of aggravated sexual abuse, which would have constituted an offense under 18 U.S.C. § 1111 had it been engaged in within the special maritime and territorial jurisdiction of the United States, in violation of 18 U.S.C. § 3261(a)(2) [Count Seven];

(6)  Unlawful killing of Hadeel Kassem Hamza Al-Janabi in perpetration of aggravated sexual abuse, which would have constituted an offense under 18 U.S.C. § 1111 had it been engaged in within the special maritime and territorial jurisdiction of the United States, in violation of 18 U.S.C. § 3261(a)(2) [Count Eight];

(7)  Unlawful killing of Kassem Hamza Rachid Al-Janabi in perpetration of aggravated sexual abuse, which would have constituted an offense under 18 U.S.C. § 1111 had it been engaged in within the special maritime and territorial jurisdiction of the United States, in violation of 18 U.S.C. § 3261(a)(2) [Count Nine];

(8)  Unlawful killing of Fakhriya Taha Mohsine Al-Janabi in perpetration of aggravated sexual abuse, which would have constituted an offense under 18 U.S.C. § 1111 had it been engaged in within the special maritime and territorial jurisdiction of the United States, in violation of 18 U.S.C. § 3261(a)(2) [Count Ten];

(9)  Use of a firearm during a crime of violence, that is, the murder of Abeer Kassem Hamza Al-Janabi, which conduct would have constituted an offense under 18 U.S.C. §§ 924(c)(1)(A) and 924(j)(1) had it been engaged in within the special maritime and territorial jurisdiction of the United States, in violation of 18 U.S.C. § 3261(a)(2) [Count Thirteen];

(10) Use of a firearm during a crime of violence, that is, the murder of Hadeel Kassem Hamza Al-Janabi, which conduct would have constituted an offense under 18 U.S.C. §§ 924(c)(1)(A) and 924(j)(1) had it been engaged in within the special maritime and territorial jurisdiction of the United States, in violation of 18 U.S.C. § 3261(a)(2) [Count Fourteen];

(11) Use of a firearm during a crime of violence, that is, the murder of Kassem Hamza Rachid Al-Janabi, which conduct would have constituted an offense under 18 U.S.C. §§ 924(c)(1)(A) and 924(j)(1) had it been engaged in within the special

maritime and territorial jurisdiction of the United States, in violation of 18 U.S.C. § 3261(a)(2) [Count Fifteen]; and

(12)  Use of a firearm during a crime of violence, that is, the murder of Fakhriya Taha Mohsine Al-Janabi, which conduct would have constituted an offense under 18 U.S.C. §§ 924(c)(1)(A) and 924(j)(1) had it been engaged in within the special maritime and territorial jurisdiction of the United States, in violation of 18 U.S.C. § 3261(a)(2) [Count Sixteen];

## I. Statutory "Gateway" Factors under 18 U.S.C. § 3591(a)(2)(A)-(D)

The government proposes to prove the following statutory proportionality factors under 18 U.S.C. § 3591(a)(2)(A)-(D) as justifying a sentence of death. The factors below apply as specified to each of Counts 3-10 and 13-16.

### A. Intentionally Killing the Victims

The defendant intentionally killed Abeer Kassem Hamza Al-Janabi [Counts 3, 7, and 13], Hadeel Kessem Hamza Al-Janabi [Counts 4, 8, and 14], Kassem Hamza Rachid Al-Janabi [Counts 5, 9, and 15], and Fakhriya Taha Mohsine Al-Janabi [Counts 6, 10, and 16]. 18 U.S.C. § 3591(a)(2)(A).

### B. Intentionally Inflicting Serious Bodily Injury that Resulted in the Death of the Victims

The defendant intentionally inflicted serious bodily injury that resulted in the deaths of Abeer Kassem Hamza Al-Janabi [Counts 3, 7, and 13], Hadeel Kessem Hamza Al-Janabi [Counts 4, 8, and 14], Kassem Hamza Rachid Al-Janabi [Counts 5, 9, and 15], and Fakhriya Taha Mohsine Al-Janabi [Counts 6, 10, and 16]. 18 U.S.C. § 3591(a)(2)(B).

### C. Intentionally Acting to Take Life or Use Lethal Force

The defendant intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other

than one of the participants in the offense, and Abeer Kassem Hamza Al-Janabi [Counts 3, 7, and 13], Hadeel Kessem Hamza Al-Janabi [Counts 4, 8, and 14], Kassem Hamza Rachid Al-Janabi [Counts 5, 9, and 15], and Fakhriya Taha Mohsine Al-Janabi [Counts 6, 10, and 16], died as a direct result of the act. 18 U.S.C. § 3591(a)(2)(C).

### D. Intentionally and Specifically Engaging in an Act of Violence Creating a Grave Risk of Death

The defendant intentionally and specifically engaged in an act of violence knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Abeer Kassem Hamza Al-Janabi [Counts 3, 7, and 13], Hadeel Kessem Hamza Al-Janabi [Counts 4, 8, and 14], Kassem Hamza Rachid Al-Janabi [Counts 5, 9, and 15], and Fakhriya Taha Mohsine Al-Janabi [Counts 6, 10, and 16] died as a direct result of the act. 18 U.S.C. § 3591(a)(2)(D).

### E. Age Requirement of Defendant is Satisfied

At the time of the alleged offenses, the defendant was more than 18 years of age. 18 U.S.C. § 3591(a).

## II. Statutory Aggravating Factors under 18 U.S.C. § 3592(c)

### A. Heinous, Cruel, and Depraved Manner of Committing Offenses

The defendant committed the offenses alleged in Counts 3, 7, and 13 in an especially heinous, cruel, and depraved manner in that the offenses involved serious physical abuse to Abeer Kassem Hamza Al-Janabi. 18 U.S.C. § 3592(c)(6).

### B. Substantial Planning and Premeditation

The defendant committed the offenses charged in Counts 3-10 and 13-16 after substantial planning and premeditation to cause the death of a person. 18 U.S.C. § 3592(c)(9).

### C. Vulnerability of Victims

The victims of the charged offenses – Abeer Kassem Hamza Al-Janabi (Counts 3, 7, and 13) and Hadeel Kassem Hamza Al-Janabi (Counts 4, 8, and 14) – were particularly vulnerable due to youth. 18 U.S.C. § 3592(c)(11).

### D. Multiple Killings

The defendant intentionally killed more than one person in a single criminal episode as charged in Counts 3-10 and 13-16. 18 U.S.C. § 3592(c)(16).

## III. Other, Non-Statutory, Aggravating Factors under 18 U.S.C. § 3593(a)(2)

The following non-statutory aggravating factors apply to each of Counts 3-10 and 13-16.

### A. Witness Elimination

Defendant killed the victim and witnesses of his alleged rape, including Abeer Kassem Hamza Al-Janabi, Hadeel Kessem Hamza Al-Janabi, Kassem Hamza Rachid Al-Janabi, and Fakhriya Taha Mohsine Al-Janabi, in order to eliminate these victims as possible witnesses to his crimes.

### B. Victim Impact Evidence

1. The defendant caused injury, harm, and loss to the family of Abeer Kassem Hamza Al-Janabi, as evidenced by her personal characteristics as a human being and the impact of her death on her family.

5

2. The defendant caused injury, harm, and loss to the family of Hadeel Kassem Hamza Al-Janabi, as evidenced by her personal characteristics as a human being and the impact of her death on her family.

3. The defendant caused injury, harm, and loss to the family of Kassem Hamza Rachid Al-Janabi, as evidenced by his personal characteristics as a human being and the impact of her death on her family.

4. The defendant caused injury, harm, and loss to the family of Fakhriya Taha Mohsine Al-Janabi, as evidenced by her personal characteristics as a human being and the impact of her death on her family.

5. The injuries caused by the defendant extend especially to the two minor children orphaned as a result of their parents' death and to those presently caring for the children.

**IV.    Use of Guilt-Phase Evidence**

The Government further gives notice that in support of imposition of the death penalty it intends to rely upon all the evidence admitted by the Court at the guilt phase of the trial and the offenses of conviction as described in the indictment as they relate to the

background and character of the defendant, Steven D. Green, his moral culpability, and the nature and circumstances of the offenses charged in the indictment.

                                                   Respectfully submitted,

                                                 DAVID L. HUBER
                                                 UNITED STATES ATTORNEY

                                                 <u>/s/   Marisa J. Ford</u>
                                                 Marisa J. Ford
                                                 James R. Lesousky, Jr.
                                                 Assistant United States Attorneys
                                                 510 W. Broadway, 10th Floor
                                                 Louisville, Kentucky 40202
                                                 (502) 582-5911
                                                 (502) 582-5097 (fax)

                                                 <u>/s/   Brian D. Skaret</u>
                                                 Brian D. Skaret
                                                 United States Department of Justice
                                                 Domestic Security Section
                                                 950 Pennsylvania Ave. NW, Ste. 7645
                                                 Washington, DC 20530
                                                 (202) 353-0287

CERTIFICATE OF SERVICE

      I certify that on July 3, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to Scott T. Wendelsdorf, Federal Defender, and Patrick J. Bouldin, Assistant Federal Defender, counsel for defendant, Steven D. Green.

           /s/   Marisa J. Ford
          Marisa J. Ford
          Assistant United States Attorney