IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA, )
                          )
            Plaintiff,    )
                          )
vs.                       )   Case No. CR-95-110-A
                          )
TIMOTHY JAMES McVEIGH     )
     and                  )
TERRY LYNN NICHOLS,       )
                          )
            Defendants.   )

FILED

OCT 30 1995

DOCKETED

## NOTICE OF INTENTION TO SEEK THE DEATH PENALTY
## AS TO DEFENDANT TERRY LYNN NICHOLS

Pursuant to the requirements of 18 U.S.C. 3593(a), the United States of America hereby provides notice to this Court and to defendant Terry Lynn Nichols that the government believes that the circumstances of the various capital offenses charged in the indictment are such that, in the event of a conviction, a sentence of death is justified and that the government will seek the death penalty. Specifically, the government will seek a sentence of death for each of the following counts charged in the indictment, each of which provides for a sentence of death upon a finding of guilt: Count 1 (conspiracy to use a weapon of mass destruction, with death resulting); Count 2 (use of a weapon of mass destruction, with death resulting); and Count 3 (destruction of government property by means of an explosive, with death resulting); and Counts 4 through 11 (first degree murder).

1

490

During a bifurcated capital penalty hearing, the United States of America will rely on the following statutory aggravating factors listed in 18 U.S.C. 3592(c) as justifying a sentence of death:

1. That the deaths or injuries resulting in death occurred during the commission of an offense under 18 U.S.C. 33 (destruction of a motor vehicle or a motor vehicle facility), 18 U.S.C. 844(d) (transportation of explosives in interstate commerce for certain purposes), 18 U.S.C. 844(f) (destruction of government property by explosives), 18 U.S.C. 844(i) (destruction of property affecting interstate commerce by explosives), and 18 U.S.C. 2332a (use of a weapon of mass destruction). See Section 3592(c)(1).

2. That the defendant, in the commission of the offense(s), knowingly created a grave risk of death to one or more persons in addition to the victim(s) of the offense(s). See Section 3592(c)(5).

3. That the defendant committed the offense(s) after substantial planning and premeditation to cause the death of one or more persons and to commit an act of terrorism. See Section 3592(c)(9).

4. That various victims were particularly vulnerable due to old age, youth, and infirmity. See Section 3592(c)(11).

5. That the defendant committed the offense(s) against one or more federal public servants who were law enforcement officers, (a) while such victim(s) were engaged in the performance of official duties, (b) because of such victim(s)' performance of official

duties, and (c) because of such victim(s)' status as public servants.  See Section 3592(c)(14)(D).

In addition to the statutory aggravating factors outlined above that are contained in 18 U.S.C. 3592(c), the United States will rely on the following non-statutory aggravating factors to justify a sentence of death:

1. That the offense(s) committed by the defendant resulted in multiple deaths of 169 persons.

2. That, in committing the offense(s) charged in the indictment, the defendant caused serious physical and emotional injury, including maiming, disfigurement, and permanent disability, to numerous individuals.

3. That the defendant committed, caused, and aided and abetted acts of burglary, robbery, and theft to finance and otherwise facilitate the commission of the capital offense(s) charged in the indictment.

4. Victim impact evidence concerning the effect of the defendant's offense(s) on the victims and the victims' families, as evidenced by oral testimony and victim impact statements that identify the victims of the offense(s) and the extent and scope of injury and loss suffered by the victims and the victims' families.

Finally, pursuant to 18 U.S.C. 3591(a)(2), the United States will rely on the following preliminary factors with respect to intent to establish the defendant's eligibility for the death penalty:

1. That the defendant intentionally killed the victim(s).

3

2. That the defendant intentionally inflicted serious bodily injury that resulted in the death of the victim(s).

3. That the defendant intentionally participated in an act, contemplating that the life of a person would be taken or that lethal force would be used against a person, and that the victim(s) died as a result of that act.

4. That the defendant intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than a participant in the offense(s), such that participation in the act constituted a reckless disregard for human life and the victim(s) died as a result of the act.

RESPECTFULLY SUBMITTED,

_____
PATRICK M. RYAN
UNITED STATES ATTORNEY

JOSEPH H. HARTZLER
SPECIAL ASSISTANT UNITED STATES ATTORNEY

LARRY A. MACKEY
SPECIAL ASSISTANT UNITED STATES ATTORNEY

210 West Park Avenue - Suite 400
Oklahoma City, OK  73102
Telephone:      405-231-5281
Telefax:        405-231-5810

ATTORNEYS FOR PLAINTIFF UNITED STATES OF AMERICA

## Certificate of Service

I hereby certify that on the 20th day of October, 1995, a true and correct copy of the above and foregoing Notice of Intention to Seek the Death Penalty As To Defendant Terry Lynn Nichols was telefaxed and mailed via First Class Mail, postage prepaid thereon, to the following attorneys of record:

(1) Stephen Jones, Esq.
    Robert Nigh, Esq.
    Richard Burr, Esq.
    114 East Broadway, Suite 1100
    P.O. Box 472
    Enid, OK  73702-0472

    Counsel for Timothy James McVeigh; and

(2) Michael E. Tigar, Esq.
    Ronald G. Woods, Esq.
    D. Kate Rubin, Esq.
    1620 Mid-America Tower
    20 North Broadway
    Oklahoma City, OK 73102

    Counsel for Terry Lynn Nichols

                                   Steven K. Mullins
                                   Assistant United States Attorney

PMR:AF
018