UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
)
v. ) No. 13-CR-10200-GAO
)
DZHOKHAR TSARNAEV )

**MOTION FOR A HEARING AND APPROPRIATE RELIEF CONCERNING LEAKS AND PUBLIC COMMENTS BY LAW ENFORCEMENT**

Defendant, Dzhokhar Tsarnaev, by and through counsel, respectfully requests that this Court hold a hearing to address the inappropriate public comments and numerous and continuing leaks of grand jury, discovery, and investigative information that have plagued this case since its inception. The public comments and leaks threaten Mr. Tsarnaev's right to a fair trial and the Court should direct the prosecution to put a stop to them.

Counsel for Mr. Tsarnaev have attempted to address the issue of leaks with the prosecution team, expressing concern about the prejudicial impact of such unauthorized releases of information, some of it erroneous. Following up on initial oral discussions, defense counsel first communicated these concerns in writing by letter dated April 26, 2013. A month later, after having received no response to their letter of April 26, counsel again wrote to the government to express concern about ongoing leaks of information.

The prosecution ultimately responded by letter dated June 4, 2013, in which government counsel described efforts to impress upon law enforcement officers their duty to avoid public disclosure of investigative materials and defended the release of

some information as justified by the interests of public safety. At the same time, the prosecution noted its own frustration with the reporting of erroneous and false information, but expressed concern that attempting to correct misinformation could compound the problem. In response, defense counsel expressed faith that the prosecution would do "everything reasonably possible to prevent further disclosures of non-public information by federal law enforcement agents, personnel from state and local police, and all other individuals who may be briefed about investigative matters by law enforcement."

Now, many months later, both the leaks and prejudicial publicity have reached a new level, and have been aggravated by the addition of emotional statements and opinions on national television by FBI officials involved in the actual investigation and prosecution of this case. Examples of recent media releases of non-public, investigative information, compounded by opinions offered by law enforcement officials, include the following:

1. On April 13, 2014, the National Geographic Channel ran a "docudrama" featuring now-retired Boston FBI Special Agent in Charge, Richard DesLauriers – the lead FBI investigator in this case, and the public face of the investigation − who had revealed the photos of "white hat" and "black hat" to a television audience on the evening of April 18, 2013.[1] Featured prominently on the National Geographic show was

[1] *See*, http://channel.nationalgeographic.com/channel/inside-the-hunt-for-the-boston-bombers/

previously-undisclosed video footage showing "white hat" (identified as Mr. Tsarnaev) in the Marathon crowd, talking on a phone, and putting a backpack on the ground. The story disclosed investigative information, including photographs of evidence collection activities at the bombing scene that had not been previously made public. The video shows a highlighted box around "white hat" to indicate his location. In a somber voice, Agent DesLauriers describes the video footage as "a dramatic and tragic video. It was disturbing. It brought tears to our eyes. It brought tears to our eyes each time we watched it."

2. Agent DesLauriers, along with Stephanie Douglas, the Washington, D.C.-based Executive Assistant Director of the FBI overseeing the investigation of this case, also starred in a "60 Minutes" segment on March 23, 2014, which was publicized as presenting "for the first time" the "inside story from the federal investigators who ran the investigation."[2] The story offered additional investigative information that had not been previously made public, as well as an emotional interview with DesLauriers. He is seen at the point of tears describing a picture of "white hat" at the Marathon and saying: "I can see the subject who has been charged and people who were grievously injured." Stephanie Douglas describes seeing the backpack and one of the people who was killed, Martin Richard, in the accompanying images. After the moderator asks both DesLauriers and Douglas about the video "that has never before been seen publicly," they both provide vivid descriptions. Clips show the collection of evidence, as well as close-ups of

[2] *See,* http://www.cbsnews.com/videos/manhunt-the-pink-panthers-the-cartoonist/

specific items of evidence. Agent DesLauriers closes out the segment with a highly inappropriate and erroneous claim that Mr. Tsarnaev "smirked" during his arraignment, which he describes as "galling."[3] His comments convey DesLauriers' opinion regarding guilt, as well as his opinion that Mr. Tsarnaev lacked remorse.

3. Another recent broadcast reported the results of FBI testing that the government has repeatedly refused to provide to the defense in discovery, claiming that it is too soon to produce it. On April 15, 2014, ABC News reported that "an analysis of the bombs done by the FBI technicians at the Terrorist Explosive Device Analytical Center (TEDAC) in Quantico, Virginia in late April 2013 found that the bombs in Boston had a much more sophisticated design than that in the online magazine, including difference in the initiators, power source and switch trigger, which utilized a toy car remote control."[4]

4. Most recently, on April 17, 2014, ABC News distributed "a new image" showing the "bullet riddled anti-American rant allegedly scrawled by suspected Boston Marathon bomber Dzhokhar Tsarnaev on the inside wall of a boat as he hid from a police manhunt last year." According to ABC News, "[t]wo state and two federal law

---

[3] The truth is that Mr. Tsarnaev did not "smirk." The left side of his face was badly damaged during a burst of gunfire into the boat where he was hiding, and the resulting injuries affected the left side of his face, including his left eye and mouth. These injuries affect his facial expressions.

[4] *See*, James Gordon Meek and Brian Ross, "Could the Boston Bombers Have Been Stopped?" (April 15, 2014): http://abcnews.go.com/Blotter/boston-bombers-stopped/story?id=23331603

enforcement officials confirmed the authenticity of the image."[5] "Officials" apparently suggested that the "strips of red liquid" could be paint, or blood. This report also included the oft-repeated but patently false claim that the writing included the phrase, "F*** America."

In short, the leaks of investigative materials continue seemingly unabated. Much of the leaked information and evidence may be subject to grand jury secrecy. See Fed. R. Crim. P. 6(e)(3)(B)(grand jury information disclosed to government agents may only be used to assist an attorney for the government in performing attorney's duty to enforce federal criminal law). The leaks and inflammatory public statements occur while a one-way protective order – limiting only the defense – restricts not only who can receive a copy of discovery materials, but also who can even be shown a copy of certain materials. In sum, the prosecution has sought and imposed extraordinary limitations on the release of information by the defense, while failing to restrain government agents. Moreover, the prejudice flowing from the inappropriate release of these investigative materials has been aggravated by emotional descriptions and opinions of law enforcement regarding the alleged evidence and the defendant. Both are highly improper and inflammatory. Neither should be countenanced by this Court.

[5] *See,* McPhee, Michelle, "Image Shows Dzhokhar Tsarnaev's Last Message Before Arrest" (April 17, 2014): http://abcnews.go.com/Blotter/image-shows-dzhokhar-tsarnaevs-message-arrest/story?id=23335984

Department of Justice personnel, which includes the FBI, are obligated by regulation not to make such statements. Those regulations, which govern the release of information in criminal cases, provide in part:

> At no time shall personnel of the Department of Justice furnish any statement or information for the purpose of influencing the outcome of a defendant's trial, nor shall personnel of the Department furnish any statement or information, which could reasonably be expected to be disseminated by means of public communication, if such a statement or information may reasonably be expected to influence the outcome of a pending or future trial.

28 C.F.R. § 50.2 (b) (2). The regulations continue, specifying information that may be made public by "personnel of the Department of Justice":

> (3) Personnel of the Department of Justice, subject to specific limitations imposed by law or court rule or order, may make public the following information:
>
> (i) The defendant's name, age, residence, employment, marital status, and similar background information.
>
> (ii) The substance or text of the charge, such as a complaint, indictment, or information.
>
> (iii) The identity of the investigating and/or arresting agency and the length or scope of an investigation.
>
> (iv) The circumstances immediately surrounding an arrest, including the time and place of arrest, resistance, pursuit, possession and use of weapons, and a description of physical items seized at the time of arrest.
>
> *Disclosures should include only incontrovertible, factual matters, and should not include subjective observations*. In addition, where background information or information relating to the circumstances of an arrest or investigation would be highly prejudicial or where the release thereof would serve no law enforcement function, such information should not be made public.
>
> * * * * *

> (6) The release of certain types of information generally tends to create dangers of prejudice without serving a significant law enforcement function. Therefore, personnel of the Department should refrain from making available the following:
>
> (i) Observations about a defendant's character.
>
> (ii) *Statements, admissions, confessions, or alibis attributable to a defendant*, or the refusal or failure of the accused to make a statement.
>
> (iii) *Reference to investigative procedures* such as fingerprints, polygraph examinations, ballistic tests, or laboratory tests, or to the refusal by the defendant to submit to such tests or examinations. …

28 C.F.R. § 50.2 (b) (3), (6) [Emphasis added].

The recent public revelations – leaks of alleged statements and evidence and impassioned expressions of opinion by law enforcement regarding guilt and culpability – make clear that the U.S. Attorney is not able to police the FBI or others involved in the prosecution of this case. This Court has both a legitimate supervisory interest in protecting against violations of grand jury secrecy rules, s*ee, e.g., In re United States*, 441 F.3d 44, 50-51 (1stCir. 2006) (noting "entirely legitimate" concerns about leaks to the media about the grand jury that sat in the case), and a duty to ensure that this capital defendant receives a constitutionally fair trial. While searching voir dire may help bring to the surface the impact of this pre-trial publicity, the Court's first objective should be to stem the flow of leaks and inappropriate public comments by law enforcement involved in the investigation and prosecution of this case.

## **Conclusion**

Based on the foregoing, the defense requests that this Court hold a hearing to assess responsibility for the leaks and inappropriate public comments, direct that they be

stopped upon the pain of contempt, and enter appropriate orders to protect grand jury secrecy and the defendant's constitutional right to a fair trial.

Respectfully submitted,

DZHOKHAR TSARNAEV
by his attorneys

*/s/ Judy Clarke*

Judy Clarke, Esq. (CA Bar # 76071)
CLARKE & RICE, APC
1010 Second Avenue, Suite 1800
San Diego, CA 92101
(619) 308-8484
JUDYCLARKE@JCSRLAW.NET

David I. Bruck, Esq.
220 Sydney Lewis Hall
Lexington, VA 24450
(540) 460-8188
BRUCKD@WLU.EDU

Miriam Conrad, Esq. (BBO # 550223)
Timothy Watkins, Esq. (BBO # 567992)
William Fick, Esq. (BBO # 650562)
FEDERAL PUBLIC DEFENDER OFFICE
51 Sleeper Street, 5th Floor
(617) 223-8061
MIRIAM_CONRAD@FD.ORG
TIMOTHY_WATKINS@FD.ORG
WILLIAM_FICK@FD.ORG

**Certificate of Service**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 2, 2014. */s/ Judy Clarke*