UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 13-CR-10200-GAO |
| v. | ) | |
| | ) | |
| | ) | |
| DZHOKHAR TSARNAEV | ) | |

## DEFENDANT'S REPLY TO GOVERNMENT'S PROPOSAL RE: SPECIAL ADMINISTRATIVE MEASURES

At the last status conference on April 16, the Court observed that the government had not offered an adequate security or public-safety justification for requiring the presence of a government agent at defense meetings between a defense investigator, the defendant, and his two sisters. When the government continued to insist that such visits ought not to be allowed, and even implied that the Bureau of Prisons might prohibit them whatever the Court decided, the Court gave the government another opportunity to demonstrate the existence of some actual security threat justifying direct monitoring of defense-related meetings by a government agent unconnected with the prosecution.

> My thought was if we had to choose the course of some non-investigative prosecutorial participation, then I would ask you to make a concrete proposal with respect to the execution of that. And I suppose that could include, you know, if you wanted to have a BOP input. *But it's going to have to be pretty convincing in terms of the genuineness, the immediacy, the palpability, if you*

1

>    *want, of the security problem.* So what I'd suggest is a response
>    along those lines in, perhaps, two weeks.

April 16 Tr. at 14 (emphasis added).  The government has now filed its response.  It provides no evidence of any security threat, let alone an immediate and palpable one.  According to the government, the defendant should not be allowed unmonitored meetings with a cleared, government-approved defense investigator and either of his two remaining siblings because

- his mother has referred to the presence of unspecified "friends" of his brother Tamerlan during her own government-monitored and recorded phone calls with the defendant,

- "media and public interest in the defendant has not abated within the past year," and

- "there is no reason to believe" that terrorists and extremists "have lost interest in communicating with him."

*Government's Proposal re: Special Administrative Measures* at 2-3.  The government offers no basis for its suspicion that the "friends" mentioned by Ms. Tsarnaeva are themselves terrorists or extremists, or that they have any interest in communicating with the defendant.  Indeed, the government acknowledges that no communication prohibited by the SAMs has occurred or been attempted.  The fact that a highly-publicized event such as the Boston Marathon Bombing has attracted the attention of extremists elsewhere in the world provides no reason to suspect that the defendant's sisters will attempt

2

to engage in "terrorist tradecraft" while meeting with their brother and a government-employed defense investigator.  The government even disavows any claim that the sisters would knowingly engage in such activities.  In sum, the government's "security problem" turns but to be nothing but unfounded, generic speculation.

Raising such paper-thin concerns about security is a no-lose proposition for the government, because even the flimsiest of arguments, once ominously repeated and amplified by the news media, will inevitably tend to inflame the public's fear of the defendant.[1]  But the facts are what they are.  After initially stating that "I don't really think that the safety/security issue [looms] very large on the facts as I can appreciate them [based] on what I have," April 16 Tr. at 12, the Court in an abundance of caution gave the government a second chance to show that private defense meetings between the defendant, his sisters, and an experienced, pre-cleared defense

---

[1] See e.g.,  WCVB NewsCenter5, http://www.wcvb.com/news/marathon-defense-team-asks-new-deadlines-of-feds/25746870#!G6wej (April 30, 2014) ("There are fears that the surviving Boston Marathon bombing suspect could be sending a message to supporters from behind bars.  Prosecutors are raising the possibility as they fight to monitor his prison visits. Dzhokhar Tsarnaev is locked up at a secure federal medical facility in Devens, but not necessarily cut off from the rest of the world. In court filings tonight, prosecutors say some of Tsarnaev's conversations have raised the possibility he may seek to use social visits to communicate with third parties. The government is particularly concerned about his sisters who visit him and could be used to deliver messages. . . . The government wants an independent monitor who is not a member of the prosecution team to listen in on his conversations.")

investigator could pose even the slightest risk to public safety. The government has produced no such evidence, because none exists.

The Court should also be aware that another FBI-monitored meeting took place shortly after the April 16 status conference. Without going into detail in this public filing, suffice it to say that the actions of the agent were needlessly intrusive, and interfered with the work in which the defense investigator was engaged. Defense counsel are thus more convinced than ever of the need for a reasonable degree of privacy and confidentiality for this series of legal visits, and request that the Court so order.

Even if the government had produced some evidence that would justify the intrusion of a government monitor, the proposal it presents would not adequately address the problems such monitoring creates. Under the government's plan, the monitor would consult with a case agent and could discuss any issues with a member of the prosecution team. This is no solution. But since the government's expressed security concerns fall far short of meeting the burden imposed by the Court to justify *any* intrusion, further discussion of the optimal conditions for direct government monitoring of defense legal meetings is unnecessary.

For the forgoing reasons, defense counsel request that the Court order the government to permit properly cleared and authorized defense

investigators to conduct private legal conferences with the defendant and his sisters.

          Respectfully submitted,

          DZHOKHAR  TSARNAEV
          by his attorneys

          /s/   David Bruck

          Judy Clarke, Esq. (CA Bar #  76071)
          CLARKE & RICE, APC
          1010 Second Avenue, Suite 1800
          San Diego, CA 92101
          (619) 308-8484
          JUDYCLARKE@JCSRLAW.NET

          David I. Bruck, Esq.
          220 Sydney Lewis Hall
          Lexington, VA 24450
          (540) 460-8188
          BRUCKD@WLU.EDU

          Miriam Conrad, Esq. (BBO # 550223)
          Timothy Watkins, Esq. (BBO # 567992)
          William Fick, Esq. (BBO # 650562)
          FEDERAL PUBLIC DEFENDER OFFICE
          51 Sleeper Street, 5th Floor
          (617) 223-8061
          MIRIAM_CONRAD@FD.ORG
          TIMOTHY_WATKINS@FD.ORG
          WILLIAM_FICK@FD.ORG

### Certificate of Service

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 5, 2014.

                                                       Judy Clarke