UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,        )
                                 )
        v.                       )        Crim. No. 13-10200-GAO
                                 )
DZHOKHAR TSARNAEV                )


**MOTION TO STRIKE DUPLICATIVE AGGRAVATING FACTORS**

By motion filed May 1, 2014, DE 279, the defendant Dzhokhar Tsarnaev re-
quested that the Court strike the first nonstatutory aggravating factor alleged in the gov-
ernment's Notice of Intent to Seek the Death Penalty, "Betrayal of the United States."
This motion sets forth the defendant's objections to two additional aggravating factors on
the grounds that they are duplicative of one another.

Before turning to the specific objections, counsel note that the government appears
to have alleged a number of intent, statutory, and nonstatutory aggravating factors despite
the lack of any evidence to support them.  Other factors contained in the government's
Notice  seem to duplicate each other, but whether they actually do so cannot be deter-
mined until the government discloses – either prior to or during trial – the evidence with
which it proposes to prove each of these factors.  Partly to allow the Court to identify
such duplicative factors prior to trial, the defense has today filed a Motion for an In-
formative Outline requesting that the Court order the government to produce a summary
of its evidence in support of several aggravating factors.  Until such an informative out-
line is ordered (the government having previously declined defense counsel's request to

produce one voluntarily), defense counsel will have no opportunity to object to most of

the factually-unsupported or duplicative allegations contained in the Notice until after the

government has presented its case at sentencing.  Under these circumstances, the defend-

ant's failure to object to these allegations in the present pretrial motion is not, and should

not be deemed, a waiver of his objections to them.

> **2.      The Court should strike duplicative factors.**

Upon examination, at least two of the aggravating factors alleged by the govern-

ment can already be seen to duplicate one another, and in this way create a needless risk

that the sentencing jury will accord unwarranted extra weight to what is in reality a single

aspect of the crime.  Even without additional information concerning the government's

proof, it is already clear that the statutory aggravating factor of "substantial planning and

premeditation to cause the death of a person and commit an act of terrorism," NOI C.4, p.

5, subsumes the nonstatutory allegation that Tsarnaev "targeted the Boston Marathon."

NOI D.4, p. 6.   As the Tenth Circuit explained in *United States v. McCullah*, 76 F.3d

1087 (10th Cir. 1996), *cert. denied,* 520 U.S. 1213 (1997):

> Such double counting of aggravating factors, especially under a weighing
> scheme, has a tendency to skew the weighing process and creates the risk
> that the death sentence will be imposed arbitrarily and thus, unconstitution-
> ally. *Cf. Stringer v. Black*, 503 U.S. 222, 230-32 (1992). As the Supreme
> Court of Utah pointed out, when the same aggravating factor is counted
> twice, the "defendant is essentially condemned 'twice for the same culpable
> act,' " which is inherently unfair. *Parsons v. Barnes*, 871 P.2d 516, 529
> (Utah) (quoting *Cook v. State*, 369 So.2d 1251, 1256 (Ala.1979)), cert. de-
> nied, —— U.S. —— (1994). While the federal statute at issue is a weighing
> statute which allows the jury to accord as much or as little weight to any
> particular aggravating factor, the mere finding of an aggravating factor can-
> not but imply a qualitative value to that factor. *Cf. Engberg v. Meyer*, 820
> P.2d 70, 89 (Wyo.1991). When the sentencing body is asked to weigh a

factor twice in its decision, a reviewing court cannot "assume it would have made no difference if the thumb had been removed from death's side of the scale." *Stringer*, 503 U.S. at 232.  In *Stringer* the Supreme Court made it clear that:

> When the weighing process itself has been skewed, only constitutional harmless-error analysis or reweighing at the trial or appellate level suffices to guarantee that the defendant received an individualized sentence.
>
> *Id.* We hold that the use of duplicative aggravating factors creates an unconstitutional skewing of the weighing process which necessitates a reweighing of the aggravating and mitigating factors.

*McCullah*, at 1111-12.  While a plurality of the Supreme Court later noted that the Court had not yet considered  the validity of *McCullah's* "double-counting" theory, nor previously "held that aggravating factors could be duplicative so as to render them constitutionally invalid," *Jones v. United States*, 527 U.S. 373, 398 (1999), the Court has never disapproved *McCullah*, and after *Jones* the lower federal courts have uniformly continued to review claims that notices of intent to seek the death penalty contained duplicative aggravating factors.  *E.g. United States v. Johnson*, 136 F. Supp. 2d 553, 561-562 (W.D. Va. 2001) (non-statutory aggravating factor of "death of a fetus" improperly duplicative of factor that defendant "terminated the victim's pregnancy;");  *United States v. Umana*, 707 F.Supp.2d 621, 639 (W.D.N.C. 2010) (striking nonstatutory aggravating factor of "callous disregard for the severity of the offense" as potentially duplicative of lack-of-remorse component of future-dangerousness aggravating factor); *United States v. Watson*, 2007 WL 4591860, at *1-2 (E.D. Mich. 2007) (requiring government to elect between two non-statutory aggravating factors based on the same conduct, future dangerousness

and additional violent behavior, on grounds that they were unconstitutionally duplica-

tive).  In any event, whatever doubt Justice Thomas' plurality opinion in *Jones* may have

cast on this issue concerns primarily whether "double-counting" of aggravating factors

should be treated as constitutional error on appellate review.   The Federal Death Penalty

Act does not authorize the government to charge, or the sentencing jury to weigh, multi-

ple aggravating factors that mean the same thing, and as the above-cited cases illustrate,

federal trial courts have invariably eliminated such duplication when it is pointed out

prior to trial.

> **3.     The statutory allegation of 'substantial planning . . . to commit
> an act of terrorism," Notice at 5, ¶ 4, subsumes the nonstatutory
> allegation that Tsarnaev "targeted the Boston Marathon, an
> iconic event . . . especially susceptible to the act and effects of
> terrorism."  Notice at 6, ¶ 4.**

The government has alleged both the statutory aggravating circumstance that

"DZHOKHAR TSARNAEV committed the offense after substantial planning and pre-

meditation to cause the death of a person and commit an act of terrorism," and, as a non-

statutory factor, that "DZHOKHAR TSARNAEV targeted the Boston Marathon, an

iconic event that draws large crowds of men, women and children to its final stretch,

making it especially susceptible to the act and effects of terrorism."   Leaving aside the

question of whether the government actually proposes to prove that it was Dzhokhar ra-

ther than his older brother Tamerlan who targeted the Marathon, these two allegations ac-

tually are duplicative, for if the jury finds the second allegation (that Tsarnaev "targeted

the Boston Marathon"), his having engaged in substantial planning to cause death and an

act of terrorism would require no additional fact-finding by the jury.  Stated differently,

the allegation that Tsarnaev targeted the Marathon is simply a more specific statement of the substantial planning allegation. The "targeting" claim, moreover, amounts to an argumentative characterization of the substantial-planning evidence, and as such should be left to the advocacy of the prosecution at trial rather than being converted into an additional "fact" on which the jury must render a formal finding.

What is clear, in any event, is that these two factors do not represent different facets of the defendant's conduct, but are simply two different ways of describing the same thing. His culpability would not be increased by a finding of both factors rather than just one, given that they allege the same conduct and will be proven by the same evidence. And since the Federal Death Penalty Act requires that the jury reach its sentencing decision by a process that includes weighing each enumerated aggravating factor against the mitigating factors, 18 U.S.C. § 3593(e), such duplication of aggravating factors can have no other effect than to introduce arbitrariness and unfairness into the jury's sentencing deliberations. This would violate both the Eighth Amendment's requirement that "any decision to impose the death sentence be, and appear to be, based on reason, rather than caprice or emotion," *Gardner v. Florida*, 430 U.S. 349, 358 (1977), and the FDPA's provision that no death sentence be carried out if it "was imposed under the influence of . . . any . . . arbitrary factor." 18 U.S. Code § 3595(c)(2)(A). For both of the reasons, the court should strike the "targeting" nonstatutory factor, and leave this factual allegation to be proven by whatever evidence the government may offer in support of the "substantial planning" factor.

## CONCLUSION

For the foregoing reasons, the Court should strike the non-statutory allegation that the defendant "targeted the Boston Marathon."  As to other potentially duplicative factors, the Court should order the government to file an informative outline of such factors as requested by the defense, and in this way permit an informed pretrial ruling on whether any other aggravating factors should be struck as duplicative.

Respectfully submitted,

DZHOKHAR TSARNAEV

By his attorneys

*/s/ David I. Bruck*

Judy Clarke, Esq. (CA Bar # 76071)
CLARKE & RICE, APC
1010 Second Avenue, Suite 1800
San Diego, CA 92101
(619) 308-8484
JUDYCLARKE@JCSRLAW.NET

David I. Bruck, Esq.  (SC Bar # 967)
220 Sydney Lewis Hall
Lexington, VA 24450
(540) 460-8188
BRUCKD@WLU.EDU

Miriam Conrad, Esq. (BBO # 550223)
Timothy Watkins, Esq. (BBO # 567992)
William Fick, Esq. (BBO # 650562)
FEDERAL PUBLIC DEFENDER OFFICE
51 Sleeper Street, 5th Floor
(617) 223-8061
MIRIAM_CONRAD@FD.ORG
TIMOTHY_WATKINS@FD.ORG
WILLIAM_FICK@FD.ORG

## Certificate of Service

       I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 7, 2014.

*/s/ Judy Clarke*
