UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Crim. No. 13-10200-GAO |
| | ) | |
| DZHOKHAR TSARNAEV | ) | |

**MOTION FOR INFORMATIVE OUTLINE OF THE**
**GOVERNMENT'S EVIDENCE OF AGGRAVATING FACTORS**

In the defendant's Motion to Strike Duplicative Aggravating Factors filed today, counsel have noted that several of the government's alleged statutory and nonstatutory aggravating factors appear to duplicate one another.  For the reasons set forth in the Motion to Strike, duplication of aggravating factors creates a constitutionally unacceptable risk of skewing the sentencing process in favor of the death penalty. However, whether most of these seemingly redundant factors are improperly duplicative cannot be determined until the government discloses at least a summary of the evidence on which they are based.  Only then will the Court be in a position to determine whether each factor concerns a separate facet of the defendant's offense, character or record, or whether they are simply calculated to inflate his culpability by re-casting the same facets of his conduct as different sentencing factors.  Compelling production of the requested summary or informative outline will also assist the Court in its gatekeeping function, assuring that the "heightened reliability" standard of capital cases is met.[1]

---

[1] *See, e.g., Ford v. Wainwright,* 477 U.S. at 411; *United States v. Chanthadara,* 230 F. 3d

In addition, the final nonstatutory aggravating factor in the government's Notice of Intent to Seek the Death Penalty ("Participation in Additional Uncharged Crimes of Violence") simply alleges that "DZHOKHAR TSARNAEV participated in additional uncharged crimes of violence, including assault with a dangerous weapon, assault with intent to maim, mayhem, and attempted murder, on April 15, 2013 in Boston, Massachusetts . . . and on or about April 19, 2013 in Watertown, Massachusetts." NOI at D. 7, p.7. The allegation does not identify the victims of these uncharged crimes, and omits all other information about the crimes apart from their dates and the cities where they occurred. In addition, the government's insertion of the word "including" into this allegation permits it to introduce evidence of *additional* uncharged violent crimes, committed anywhere, in any manner, and on any date that the government may later seek to prove. Such a nonspecific and open-ended allegation fails to provide the timely notice "of the aggravating factor . . . . that the government . . . proposes to prove as justifying a sentence of death" that 18 U.S.C. § 3593(a) requires, and is also inadequate to satisfy the defendant's "fundamental due process requirement right to reasonable notice of a charge against him." *In re Oliver*, 333 U.S. 257, 274 (1948).

---

1240, 1267 (10th Cir. 2000) ("The Supreme Court has made it clear that, because the consequences of a death verdict are so final and severe, 'this qualitative difference between death and other penalties calls for a greater degree of reliability when the death sentence is imposed.' *Lockett v. Ohio*, 438 U.S. 586, 604, 98 S. Ct. 2954, 57 L.Ed.2d 973 (1978). Consequently, we are required to take 'extraordinary measures to ensure that the prisoner sentenced to be executed is afforded process that will guarantee, as much as is humanly possible, that the sentence is not imposed out of ...prejudice.' *Eddings v. Oklahoma*, 455 U.S. 104, 117-18, 102 S. Ct. 869, 71 L.Ed.2d 1 (1982) (O'Connor, J., concurring). ").

For both of these reasons – judicial efficiency in disposing of objections to aggravating factors before trial whenever possible, and basic fairness to the accused – the defendant requests the Court to order the government to provide a brief informative outline summarizing the evidence it proposes to present regarding the statutory and nonstatutory aggravating factors listed below.

Although there are no specific constitutional or statutory provisions mandating discovery in the context of a death penalty notice, many courts have nonetheless invoked their inherent authority to order more detailed discovery with respect to aggravating factors used to seek the death penalty, reasoning that constitutional guarantees of due process and the right to confrontation entitle a defendant to supplemental notice in connection with aggravating factors in the sentencing phase of a death penalty case. *See, e.g.*, *United States v. Wilson*, 493 F.Supp.2d 364, 375-76 (E.D.N.Y. 2006) (explaining that courts have inherent authority to order production of more particular information concerning notices of special findings and notices of intent to seek death penalty); *United States v. Karake*, 370 F. Supp. 2d 275, 279-80 (D.D.C. 2005) ("[I]t has been uniformly recognized that if the death penalty [notice] provides insufficient notice to the defendant, the Court retains inherent authority to require the government to provide more specifics in order to give the defendant the opportunity to prepare for the penalty phase."); *United States v. Llera Plaza*, 179 F. Supp. 2d 464, 471-4722 (E.D. Pa. 2001) (concluding that Constitution requires government to provide some notice of type of evidence that it

intends to introduce at sentencing phase in order to provide defendant a meaningful opportunity to present his defense).

More specifically, federal trial courts have frequently entered orders requiring the government to produce the type of informative outline requested here. *See e.g., United States v. Lujan*, 530 F. Supp. 2d 1224, (D.N.M. 2008) (ordering government to provide the defendant with an informative outline regarding several of the threshold and aggravating factors listed in the NOI, including the statutory aggravators of heinous, cruel or depraved, substantial planning, and vulnerability of victim, and the nonstatutory aggravating factors of continuing pattern of violence, lack of remorse and victim impact); *United States v. Hammer*, 2011 WL 6020157 (M.D. Pa. Dec. 1, 2011) ("In order to ensure that Defendant's due process rights are protected and that the Court can properly screen the information the parties will introduce at the sentencing proceeding, the Court will order the Government to provide Defendant with Informational Outlines of the information it plans to present in support of the intent factors, the statutory aggravating factor . . . and the non-statutory factors . . . .  The Government should provide in the outline the general nature of the evidence it will seek to introduce in support of the threshold findings and specified aggravating factors."); *United States v. Williams,* 2013 WL 1335599 (M.D. Pa. Mar. 29, 2013) (regarding victim impact, "the Court will order the Government to provide an informational outline to Defendant, containing:  the personal characteristics . . . it intends to prove; whether the Government intends to present the testimony of any individuals who are not identified by name in the amended

notice; the particularized categories of injury, harm, and loss that it intends to present during the penalty phase; whether the Government has informed the individuals identified by name in the amended notice of the accurate circumstances of . . . death . . .; and any other pertinent information Defendant would need to adequately prepare responses during the penalty phase"); and *United States v. Pleau*, 2013 WL 1673109 (D. R.I. April 17, 2013) ("the Court hereby orders the government to provide an outline of its victim impact evidence…to provide a bill of particulars listing the incidents upon which it intends to rely in proving the second nonstatutory aggravating factor, participation in other serious acts of violence" and "to proffer its evidence in support of "other acts of violence", the proffer to "include lists of the witnesses it expects to testify in support of each aggravator, brief descriptions of each witness's anticipated testimony, and copies of any out of court documents or exhibits the government plans to introduce.").

The specific aggravating factors for which an informational outline should be provided are these:

(a) The evidence of substantial planning by Dzhokhar Tsarnaev (see NOI C. 4, p. 5

(b) The evidence that Dzhokhar Tsarnaev (as opposed to Tamerlan Tsarnaev) "select[ed . . . the] site" and "targeted the Boston Marathon." (see NOI, D.4, p. 6-7);

(c) The evidence that Dzhokhar Tsarnaev made statements suggesting others would be justified in committing additional acts of violence and terrorism, other than the writing found inside the boat (see NOI, D.2, p. 6);

(d) The evidence that Dzhokhar Tsarnaev demonstrated a lack of remorse, other than the writing found inside the boat (see NOI, D. 5, p. 7);

5

   (e) Identification and evidence of the uncharged crimes of violence the government intends to prove in aggravation of punishment (see NOI, D. 7, p. 7).

As can be seen, this request does not extend to most of the government's alleged aggravating factors, but focuses on only those factors which most readily appear duplicative of each other, or which most obviously demand greater specificity under the notice provision of § 3593(c)(1) and fundamental due process. Granting the request for an informative outline as to these five aggravating factors will allow for a narrowing of issues prior to trial, and will thus promote both efficiency and fairness to the accused.

## CONCLUSION

For the foregoing reasons, the Court should require the government to provide defense counsel with a brief informative outline summarizing the evidence it proposes to present regarding the specified statutory and nonstatutory aggravating factors listed above.

                                          Respectfully submitted,

                                          DZHOKHAR TSARNAEV
                                          By his attorneys

                                          */s/ David I. Bruck*

                                          Judy Clarke, Esq. (CA Bar # 76071)
                                          CLARKE & RICE, APC
                                          1010 Second Avenue, Suite 1800
                                          San Diego, CA 92101
                                          (619) 308-8484
                                          JUDYCLARKE@JCSRLAW.NET

                                          David I. Bruck, Esq.  (SC Bar # 967)
                                          220 Sydney Lewis Hall
                                          Lexington, VA 24450

(540) 460-8188
BRUCKD@WLU.EDU

Miriam Conrad, Esq. (BBO # 550223)
Timothy Watkins, Esq. (BBO # 567992)
William Fick, Esq. (BBO # 650562)
FEDERAL PUBLIC DEFENDER OFFICE
51 Sleeper Street, 5th Floor
(617) 223-8061
MIRIAM_CONRAD@FD.ORG
TIMOTHY_WATKINS@FD.ORG
WILLIAM_FICK@FD.ORG

**Certificate of Service**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 7, 2014.

*/s/ Judy Clarke*