UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Crim. No.13-10200-GAO |
| | ) | |
| DZHOKHAR A. TSARNAEV, | ) | |
| Defendant | ) | |

## GOVERNMENT'S MOTION FOR LIST OF MITIGATING FACTORS

The United States of America, by and through its undersigned counsel, respectfully moves for an order directing that defendant, Dzhokhar Tsarnaev, provide file a list of the mitigating factors on which he intends to rely at sentencing at least 30 days before the date for submission of jury questionnaires.

### INTRODUCTION

The Federal Death Penalty Act ("FDPA"), 18 U.S.C. §3591 et. seq., states that a jury must consider both "aggravating factors" and "mitigating factor[s]" in determining whether to recommend a death sentence.  18 U.S.C. § 3592.  The FDPA expressly requires that the government give "notice" of aggravating factors it wishes the jury to consider.  Id. § 3592(c).  Although the FDPA does not impose the same express obligation on the defendant, courts have power under the FDPA, as well as inherent power, to order such notice, and have done so.  Ordering Tsarnaev to provide notice of mitigating factors

at least 30 days before the deadline for submitting jury
questionnaires will give both parties an equal opportunity to
ensure that jurors are fair and unbiased.  "Such disclosure is
[also] consistent with the promotion of other goals such as
minimizing surprise, accelerating the sentencing process, and
avoiding continuances."  *United States v. Catalan Roman*, 376
F.Supp.2d 108, 117 (D.P.R., 2005).

**ARGUMENT**

Both the FDPA and Federal Rules of Criminal Procedure
empower the Court to order Tsarnaev to provide notice of
mitigating factors on a date certain.  The FDPA neither requires
nor exempts the defense from providing notice of mitigating
factors; it is simply silent on the matter.  In cases such as
this one where "the FDPA is otherwise silent as to procedure, it
clearly does not purport to provide a comprehensive penalty
phase procedure, and it follows that Congress left the
fashioning of such procedures, including disclosure matters, to
the courts."  *Catalan Roman*, 376 F.Supp.2d at 112.  More
generally, Fed. R. Crim. P. 57(b) allows a court to "regulate
practice in any manner consistent with federal law, these rules,
and the local rules of the district."  And the court's inherent
supervisory authority "preserve[s] the integrity of the
judiciary by ensuring that a conviction rests upon appropriate
considerations validly before the jury."  *United States v.*

*Hasting*, 461 U.S. 499, 505 (1983).  See United States v.

Sampson, 335 F.Supp.2d 166, 200 (D. Mass. 2004)

("[A]cknowledging that a district court has such inherent

authority furthers the goals of the FDPA.").

Relying on these authorities, courts have ordered

defendants to provide notice of mitigating factors to the

government.  See *United States v. Wilson*, 493 F.Supp.2d 464

(E.D.N.Y. 2007); *Catalan Roman*, 376 F. Supp.2d 108; *United

States v. Pepin Taveras*, 2006 WL 1875339 (E.D.N.Y. 2006).  These

decisions are in keeping with the Supreme Court's observation

that notice requirements are "a salutary development which, by

increasing the evidence available to both parties, enhances the

fairness of the adversary system."  *Michigan v. Lucas,* 500 U.S.

145, 151 (1991)*.*  They are also in keeping with the FDPA's

requirement that each party have a "fair opportunity to present

argument as to the adequacy of the information to establish the

existence of any aggravating or mitigating factors."  18 U.S.C.

§3593(c).  See *United States v. Lujan*, Crim. No. 05-924, Slip

Op. at *3 (D. N.M. May 18, 2011) ("The policies underlying the

FDPA and the Federal Rules of Criminal Procedure support the

disclosure of penalty-phase information by the defendant.").

Although the government is not aware of any court's having

ordered notice of mitigating factors 30 days before the deadline

for submitting jury questionnaires, that deadline is fair to

3

Tsarnaev and will ensure that the jury is fair and well-
informed.  "Accelerating disclosures of a particular defense
does not violate a defendant's constitutional rights, because a
criminal trial is not 'a poker game in which players enjoy an
absolute right always to conceal their cards until played,'"
*Williams v. Florida*, 399 U.S. 78, 82 (1970).  Indeed, ordering
notice at the requested time will simply compel Tsarnaev to
disclose right before jury selection what he would disclose to
the jury later in any event.

At the same time, ordering early disclosure will enable the
government to use the information to select a fair and impartial
jury.  It is a common tactic during voir dire for the defendant
to read to a prospective juror a list of all of the aggravating
factors and then ask whether, assuming those factors are proved,
*any* mitigating factor could possibly counterbalance them.  A
juror who is unaware of the *actual* mitigating factors the
defense will seek to prove is in no position to give a
meaningful answer to that question.  Without knowing the actual
mitigating factors the defense will seek to prove, many
prospective jurors simply answer "No."  The result is that
jurors can be excused for cause essentially at the defendant's
will.  Timely disclosure of mitigating factors is also needed so
the government can explore whether jurors have deeply held
beliefs about those mitigating factors that might prevent them

from being fair and impartial.

Finally, timely disclosure of mitigating factors is needed to ensure that the jury makes a well-informed sentencing recommendation.  In a capital case, the jury should have "before it all possible relevant information about the individual defendant whose fate it must determine." *Jurek v. Texas*, 428 U.S. 262, 276 (1976).  Tsarnaev has repeatedly emphasized his right to put a broad spectrum of mitigating evidence before the jury.  But the FDPA also gives the government a statutory right to rebut that evidence.  See 18 U.S.C. § 3593(c).  That right will be meaningful -- and the jury will be fully informed -- only if the government has sufficient notice of mitigating factors to prepare a rebuttal case.

WHEREFORE, the government respectfully moves the Court to order Tsarnaev to file notice of the mitigating factors on which he will rely no later than 30 days before the deadline for submitting jury questionnaires.

> Respectfully submitted,
>
> CARMEN M. ORTIZ
> United States Attorney
> District of Massachusetts
>
> By:  /s/Nadine Pellegrini
>       NADINE PELLEGRINI
>       WILLIAM D. WEINREB
>       ALOKE S. CHAKRAVARTY
>       Assistant U.S. Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that these document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on May 7, 2014.

/s/Nadine Pellegrini
Nadine Pellegrini
Assistant U.S. Attorney
