AO 93 (Rev. 12/09) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
District of Massachusetts

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* ) Case No. 13-MJ-2263-MBB
)
Personal Property of Dzhokhar Tsarnaev Obtained from )
Room 7341 of Pine Dale Hall )
)

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ District of ____Massachusetts____
*(identify the person or describe the property to be searched and give its location)*:

Personal Property of Dzhokhar Tsarnaev Obtained from Room 7341 of Pine Dale Hall, at University of Massachusetts at Dartmouth, as further described in Attachment B

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:

See Attachment D

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before ____August 7, 2013____
*(not to exceed 14 days)*

☑ in the daytime 6:00 a.m. to 10 p.m.      ☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge Marianne B. Bowler _____ .
*(name)*

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)* ☐ for _____ days *(not to exceed 30)*.
☐ until, the facts justifying, the later specific date of _____.

Date and time issued: 07/24/2013 0:00 am @ 3:00 PM    /s/ Marianne B. Bowler, USMJ
                                                          *Judge's signature*

City and state: Boston, Massachusetts           Marianne B. Bowler, U.S. Magistrate Judge
                                                      *Printed name and title*

DT-0000992

AO 93  (Rev. 12/09) Search and Seizure Warrant (Page 2)

| | Return | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: | | |

**Certification**

    I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

                                         _____
                                                      *Executing officer's signature*

                                         _____
                                                      *Printed name and title*

DT-0000993

## ATTACHMENT B

### PREMISES TO BE SEARCHED

The location to be searched is the **Personal Property of Dzhokhar Tsarnaev Obtained from Room 7341 of Pine Dale Hall,** held at the University of Massachusetts at Dartmouth (UMD), in the custody of the UMD police (the "Target Materials"). UMD is located at 285 Old Westport Road, North Dartmouth, Massachusetts.

DT-0000994

## ATTACHMENT D

### ITEMS TO BE SEIZED

All evidence contained within the Target Materials relating to violations of 18 U.S.C. § 2332a(a)(2) (Using and Conspiring to Use Weapons of Mass Destruction), 18 U.S.C. § 2332f (Bombing of a Place of Public Use and Conspiracy); 18 U.S.C. § 844(i) & (n) (Malicious Destruction of and Conspiracy to Maliciously Destroy Property by Means of an Explosive Device Resulting in Death), 18 U.S.C. § 2119 (Carjacking Resulting in Serious Bodily Injury), 18 U.S.C. § 1951 (Interference with Commerce by Violence), 18 U.S.C. § 924(c) (Use of a Firearm During and in Relation to a Crime of Violence), 18 U.S.C. § 924(c) (Use of a Firearm During and in Relation to a Crime of Violence Resulting in Death); and 18 U.S.C. § 2 (Aiding and Abetting), including:

1. Blood, tissue, DNA, hair, fingerprints, bodily fluids;
2. Fibers and other trace evidence;
3. Clothing;
4. Shoes and other footwear;
5. The specific items listed:

    a. A notebook labeled "Chem. Nutrition Dzhokhar";
    b. A notebook with rust-colored exterior containing handwritten notes;
    c. An opened 10-pack of AAA batteries with 8 batteries remaining
    d. A pair of black Ray Ban sunglasses;
    e. A yellow notebook bearing the name "Dzhokhar" containing handwritten Chemistry notes;
    f. Various boots and shoes;
    g. A black jacket with puffed horizontal ribbing;
    h. A black Nike backpack containing academic materials, including notebook, papers, calculator, and an implement designed to record presence at lectures;
    i. Two notebooks bearing the name "Timur Mugynov";
    j. A copper-colored ball bearing (BB)/pellet found on the far right floor;
    k. A Massachusetts State Police accident form documenting a collision;
    l. A Gap store receipt;
    m. Two empty glass jars sealed with metal tops containing strong odor of marijuana;
    n. Correspondence related to a Progressive Insurance claim for event on January 28, 2013;
    o. Cambridge Rindge and Latin High School identification card for Dzhokhar;
    p. Masshealth card for Dzhokhar;
    q. Gray plastic piece appearing to have been a component of an electronic

DT-0000995

      remote control device;
- r. Sample of reddish-brown powder seized from atop the window sill of Room 7341 Pine Dale Hall;
- s. Various items of clothing;
- t. Luggage;
- u. Books and documents, including those about history, politics and religion;

6. Property, records, or other information related to the ordering, purchasing, manufacturing, storage, and transportation of explosives;
7. Property, records, or other information related to the ordering and purchasing of pressure cooker devices, BBs, nails, and other small metallic objects;
8. Property, records, or information related to the Boston Marathon;
9. Property, records, or information related to any plans to initiate or carry out any other attacks inside or outside the United States, or any records or information related to any past attacks;
10. Property, records, or information related to the state of mind and/or motive of Tamerlan and Dzhokhar to undertake the Boston Marathon bombings;
11. Property, records, or other information related to the identity of Tamerlan and Dzhokhar;
12. Property, records, or other information related to the identity of any individuals who were in contact with, or were associates of Tamerlan and Dzhokhar;
13. Property, records, or information, related to any organization, entity, or individual in any way affiliated with Tamerlan and Dzhokhar, that might have been involved in planning, encouraging, promoting the actions described herein;
14. Property, records, or other information, related to Tamerlan's and/or Dzhokhar's schedule of travel or travel documents;
15. Property, records, or information related to any bank records, checks, credit card bills, account information, and other financial records;
16. Personal property, including articles of clothing, which could contain trace, DNA, explosives, blood or other evidence.
17. All digital evidence, as that term is used herein, means the following:

    A. Any computer equipment or digital devices that are capable of being used to commit or further the crimes referenced above, or to create, access, or store evidence, contraband, fruits, or instrumentalities of such crimes, including central processing units; laptop or notebook computers; personal digital assistants; wireless communication devices including paging devices and cellular telephones; peripheral input/output devices such as keyboards, printers, scanners, plotters, monitors, and drives intended for removable media; related communication devices such as modems, routers, cables, and connections; storage media; and security devices;

B. Any computer equipment or digital devices used to facilitate the transmission, creation, display, encoding, or storage of data, including word processing equipment, modems, docking stations, monitors, printers, plotters, encryption devices, and optical scanners that are capable of being used to commit or further the crimes referenced above, or to create, access, process, or store evidence, contraband, fruits, or instrumentalities of such crimes;

C. Any magnetic, electronic, or optical storage device capable of storing data, such as floppy disks, hard disks, tapes, CD-ROMs, CD-Rs, CD-RWs, DVDs, optical disks, printer or memory buffers, smart cards, PC cards, memory calculators, electronic dialers, electronic notebooks, personal digital assistants, and cell phones capable of being used to commit or further the crimes referenced above, or to create, access, or store evidence, contraband, fruits, or instrumentalities of such crimes;

D. Any documentation, operating logs, and reference manuals regarding the operation of the computer equipment, storage devices, or software;

E. Any applications, utility programs, compilers, interpreters, and other software used to facilitate direct or indirect communication with the computer hardware, storage devices, or data to be searched;

F. Any physical keys, encryption devices, dongles, or similar physical items which are necessary to gain access to the computer equipment, storage devices, or data;

G. Any passwords, password files, test keys, encryption codes, or other information necessary to access the computer equipment, storage devices, or data; and

H. All records, documents, programs, applications, or materials created, modified, or stored in any form, including in digital form, on any computer or digital device, that show the actual user(s) of the computers or digital devices during the time the device was used to commit the crimes referenced above, including the web browser's history; temporary Internet files; cookies, bookmarked, or favorite web pages; email addresses used from the computer; MAC IDs and/or Internet Protocol addresses used by the computer; email, instant messages, and other electronic communications; address books; contact lists; records of social networking and online service usage; and software that would allow others to control the digital device such as viruses, Trojan horses, and other forms of malicious software.

DT-0000997

AO 93 (Rev. 12/09) Search and Seizure Warrant (Page 2)

## Return

| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
|---|---|---|
| 13-MJ-2264-MBB | 07/26/2013, 11:00 A.M. | CAPTAIN TIMOTHY M. SHEEHAN UMASS DARTMOUTH POLICE DEPT. |

Inventory made in the presence of:
CAPTAIN TIMOTHY M. SHEEHAN, UMASS DARTMOUTH P.D.

Inventory of the property taken and name of any person(s) seized:

PLEASE SEE COPY OF INVENTORY ATTACHED HERETO.

### Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 08/12/2013

_Executing officer's signature_

JOHN WALKER, SA, FBI, BOSTON
_Printed name and title_

DT-0000998