AO 93 (Rev. 12/09) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
District of Massachusetts

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>Sony Vaio laptop, bearing serial number<br>275285393000903 | )<br>)<br>) Case No. M.J. #13-2124-MBB<br>)<br>)<br>) |

## SEARCH AND SEIZURE WARRANT

To:  Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ District of ___Massachusetts___
*(identify the person or describe the property to be searched and give its location)*:

Sony Vaio laptop, bearing serial number 275285393000903, as further described in Attachment A

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:

See Attachment B.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before ___May 4, 2013___
                                                                                                                                         *(not to exceed 14 days)*

☐ in the daytime 6:00 a.m. to 10 p.m.    ☒ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge Marianne B. Bowler                                                                                                            .
_____
                    *(name)*

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)* ☐ for _____ days *(not to exceed 30)*.
                                                                                     ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:  04/23/2013 0:00 am @ 10:50 PM        *[signature]* Marianne B. Bowler USMJ
                                                                                                                          *Judge's signature*

City and state:  Boston, Massachusetts        Marianne B. Bowler, U.S. Magistrate Judge
                           Brookline                                              *Printed name and title*

AO 93 (Rev. 12/09) Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: | | |

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
Executing officer's signature

_____
Printed name and title

## ATTACHMENT A

### DESCRIPTION OF THE PROPERTY TO BE SEARCHED

The property to be searched is a **Sony Vaio laptop, bearing serial number 2752856393000903** ("the Target Computer"), found in a consent search of 69A Carriage Road, New Bedford, Massachusetts on April 19, 2013. The Target Computer is currently in the custody of the FBI.

This warrant authorizes the forensic examination of the electronic data for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT B
## ITEMS TO BE SEIZED

I. All records stored within the Target Computer, related to violations of 18 U.S.C. §§ 2332a (Using and Conspiring to Use A Weapon of Mass Destruction), 844(i) (Malicious Destruction of Property by Means of an Explosive Device Resulting in Death), 2119 (Carjacking), 1951 (Interference with Commerce by Violence), 924(c) (Use of a Firearm During a Crime of Violence) and 371 (Conspiracy to Commit Offenses), including but not limited to:

1. Records, items, or other information, related to violations of the aforementioned statutes, including but not limited to, bomb making material and equipment, ammunition, weapons, explosive material, and components of bomb delivery devices;

2. Records or other information related to the ordering, purchasing, manufacturing, storage, and transportation of explosives;

3. Records or other information related to the ordering, purchasing, manufacturing, storage, and transportation of firearms;

4. Records or other information related to the ordering and purchasing of pressure cooker devices, BBs, nails, and other small metallic objects;

5. Records or information related to the Boston Marathon;

6. Records or information related to any plans to initiate or carry out any other attacks inside or outside the United States, or any records or information related to any past attacks;

7. Records or information related to the state of mind and/or motive of Tamerlan and Dzhokhar to undertake the Boston Marathon bombings;

8. Records or other information related to the identity of Tamerlan and Dzhokhar;

9. Records or other information related to the identity of any individuals who were in contact with, or were associates of Tamerlan and Dzhokhar;

10. Records or information, related to any organization, entity, or individual in any way affiliated with Tamerlan and Dzhokhar, that might have been involved in planning, encouraging, promoting the actions described herein;

11. Records or other information, related to Tamerlan's and/or Dzhokhar's schedule of travel or travel documents;

12. Records or information related to any bank records, checks, credit card bills, account information, and other financial records.

13. For any computer hardware, computer software, computer-related documentation, or storage media called for by this warrant or that might contain things otherwise called for by this warrant ("the computer equipment"):

1. evidence of who used, owned, or controlled the computer equipment;
2. evidence of malicious computer software that would allow others to control the computer equipment, computer software, or storage media, evidence of the lack of such malicious software, and evidence of the presence or absence of security software designed to detect malicious software;
3. evidence of the attachment of other computer hardware or storage media;
4. evidence of counter-forensic programs and associated data that are designed to eliminate data;
5. evidence of the times the computer equipment was used;
6. passwords, encryption keys, and other access devices that may be necessary to access the computer equipment;
7. records and tangible objects pertaining to accounts held with companies providing Internet access or remote storage of either data or storage media; and

II. All computer hardware, computer software, computer-related documentation, and storage media. Off-site searching of these items shall be limited to searching for the items described in paragraph I.

## DEFINITIONS

For the purpose of this warrant:

A. "Computer equipment" means any computer hardware, computer software, computer-related documentation, storage media, and data.

B. "Computer hardware" means any electronic device capable of data processing (such as a computer, personal digital assistant, cellular telephone, or wireless communication device); any peripheral input/output device (such as a keyboard, printer, scanner, monitor, and drive intended for removable storage media); any related communication device (such as a router, wireless card, modem, cable, and any connections), and any security device, (such as electronic data security hardware and physical locks and keys).

C. "Computer software" means any program, program code, information or data stored in any form (such as an operating system, application, utility, communication and data security software; a log, history or backup file; an encryption code; a user name; or a password), whether stored deliberately,

                inadvertently, or automatically.

D.    "Computer-related documentation" means any material that explains or illustrates the configuration or use of any seized computer hardware, software, or related items.

E.    "Storage media" means any media capable of collecting, storing, retrieving, or transmitting data (such as a hard drive, CD, DVD, USB or thumb drive, or memory card).

F.    "Data" means all information stored on storage media of any form in any storage format and for any purpose.

G.    "A record" is any communication, representation, information or data. A "record" may be comprised of letters, numbers, pictures, sounds or symbols.

## RETURN OF SEIZED COMPUTER EQUIPMENT

If, after inspecting seized computer equipment, the government determines that the equipment does not contain contraband or the passwords, account information, or personally-identifying information of victims, and the original is no longer necessary to preserve as evidence, fruits or instrumentalities of a crime, the equipment will be returned within a reasonable time, if the party seeking return will stipulate to a forensic copy's authenticity (but not necessarily relevancy or admissibility) for evidentiary purposes.

If computer equipment cannot be returned, agents will make available to the computer system's owner, within a reasonable time period after the execution of the warrant, copies of files that do not contain or constitute contraband; passwords, account information, personally-identifying information of victims; or the fruits or instrumentalities of crime.