**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

   vs.                                                                      Cr. No. 10-2734 JCH

JOHN CHARLES McCLUSKEY,

        Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on *United States' Motion To Compel Discovery of Mitigating Factors and Penalty Phase Witnesses* [Doc. No. 997]. The Court has reviewed the motion, response [Doc. No. 1024], and reply [Doc. No. 1056], together with the authorities cited. The Court concludes that the motion should be granted to the extent that it requests discovery of McCluskey's lists of mitigating factors and penalty phase witnesses, but denied as to the requested time for discovery; if a guilty verdict is returned, the Court orders that McCluskey provide discovery on the next business day after that verdict.

## BACKGROUND

By email dated May 3, 2013, the Government requested McCluskey to disclose his penalty phase witnesses and the mitigating factors on which he intended to rely. [Doc. No. 997-1, p. 1; Doc. No. 997, p. 1] McCluskey responded that he was willing to provide a witness list on the same timeline as in *Lujan*, referring to disclosure on the same day as the verdict if a guilty verdict is returned. [Doc. No. 1024, p. 12; Doc. No. 997-1, p. 1]

Trial is set to begin on July 22, 2013. The Government requests the Court to compel McCluskey to disclose his lists of proposed mitigating factors and penalty phase witnesses "at least 30 days before the commencement of jury selection." [Doc. No. 997, p. 8]

**DISCUSSION**

McCluskey does not object to providing discovery of mitigating factors and penalty phase witness list, but he opposes the Government's request that this discovery be provided before the guilt phase. McCluskey does not oppose providing a list of mitigating factors "from 0-5 days following a guilt verdict." [Doc. No. 1024, p. 10] In an email exchange between the parties, McCluskey agreed to provide his witness list on the same day as the verdict, if the jury returns a guilty verdict. [Doc. No. 997-1, p. 1; Doc. No. 1024, p. 12]

The Government recognizes that the FDPA requires the Government to give pretrial notice of aggravating factors, and does not impose a reciprocal duty on the defendant to provide notice of mitigating factors. 18 U.S.C. § 3593(a). The Government argues, however, that the Court should exercise its inherent authority to require pretrial disclosure by McCluskey in order to avoid delay before the penalty phase; the Government contends that it may otherwise request a continuance to allow time to prepare to meet McCluskey's penalty phase presentation.

The FDPA does require that the Government "be permitted to rebut any information" presented in the penalty phase and "be given fair opportunity to present argument as to the adequacy of the information to establish the existence of any aggravating or mitigating factor, and as to the appropriateness in the case of imposing a sentence of death." 18 U.S.C. § 3593(c). To implement this right, and also to prevent delay before a penalty phase, the Government argues that the Court should require the disclosures under its inherent authority.

Rule 57(b) provides that, when there is no controlling law: "A judge may regulate practice in any manner consistent with federal law, these rules, and the local rules of the district." Fed. R. Crim. P. 57(b). The Court concludes that the FDPA "clearly does not purport to provide a comprehensive penalty phase procedure," and that the Court may therefore use its

2

inherent authority under Rule 57(b) to require disclosure if warranted. *United States v. Catalan Roman*, 376 F. Supp. 2d 108, 112 (D.P.R. 2005); *see United States v. Edelin*, 134 F. Supp. 2d 45, 48-49 (D.D.C. 2001) (involving prior 21 U.S.C. § 848); *United States v. Beckford*, 962 F. Supp. 748, 754-57 (E.D. Va. 1997) (involving prior 21 U.S.C. § 848).

The Court concludes that disclosure is justified to implement the Government's right to rebuttal under § 3593(c). *See Catalan Roman*, 376 F. Supp. 2d at 115. The right to rebuttal would be illusory if there is unfair surprise and an inadequate opportunity for preparation and investigation. *See id.* (explicit provision of right to rebuttal requires facilitation of meaningful rebuttal). Judge Brack in *Lujan* held that "the policies underlying the FDPA and the Federal Rules of Criminal Procedure support the disclosure of penalty-phase information by the defendant." *United States v. Lujan*, Cr. No. 05-924 RB, Doc. No. 1212, p. 3 (filed 8/24/11) [Doc. No. 997-3, p. 3]; *see Catalan Roman*, 376 F. Supp. 2d at 115; *United States v. Wilson*, 493 F. Supp. 2d 348, 354 (E.D.N.Y. 2006). Disclosure promotes the "fair and efficient administration of justice" and an "informed sentencing determination." *Catalan Roman*, 376 F. Supp. 2d at 114. Adequate preparation, facilitated by disclosure of mitigating factors and witnesses, "will contribute to the truth-seeking process, resulting in a more reliable sentencing determination." *Id.*

The remaining question is the timing of McCluskey's disclosure. McCluskey argues that pretrial disclosure would compromise his constitutional rights, including his Fifth Amendment due process rights and his Sixth Amendment right to assistance of counsel, and possibly infringe on attorney work product privilege. [Doc. No. 1024, pp. 5-7] McCluskey also contends that forcing him to reveal defense strategies for sentencing may allow the Government to use this information to modify its presentation in the guilt phase. [Doc. No. 1024, p. 7] Although these

are only suggestions of possible infringement on McCluskey's rights, the Court observes that it is the Government's burden to justify its disclosure request—not McCluskey's burden to definitively demonstrate prejudice.

The authorities cited by the parties do not persuasively support disclosure before a guilty verdict is returned. *See, e.g.*, *Catalan Roman*, 376 F. Supp. 2d at 110 (disclosure ordered for the day before penalty phase, about three weeks after guilty verdict). Judge Brack denied a similar motion for pretrial disclosure in *Lujan*,[1] and later granted disclosure after the guilty verdict. *Lujan*, Cr. No. 05-924 RB [Docs. No. 997-2 & 997-3]. The Government observes that the *Wilson* court ordered pretrial disclosure of mitigating factors; however, the cited opinion contains little analysis on the issue of timing, merely making a conclusory statement that the defendant would not be prejudiced. [Doc. No. 1056, p. 4] *United States v. Wilson*, 493 F. Supp. 2d 464, 466 (E.D.N.Y. 2006) (ordering disclosure by Dec. 1, 2006, with trial set to commence Nov. 27, 2006). In determining how to exercise the Court's inherent authority, *Wilson* is therefore not persuasive.

The Court recognizes that a lengthy delay between the guilt and penalty phases carries some risks—increasing the burden on jurors already facing a lengthy trial, increasing the chance of some juror becoming unavailable, and requiring jurors additional effort to clearly remember trial evidence. *See Edelin*, 134 F. Supp. 2d at 57. However, the Court also recognizes that the Government has some indications of McCluskey's mitigating factors and penalty phase witnesses, and that the Government has already conducted substantial investigations. The Court

---

[1] Although the Government asserts that the situation was different in *Lujan*, the Government is incorrect. [Doc. No. 997, p. 7] The motion for pretrial disclosure in *Lujan*, as in McCluskey's case, requested both mitigating factors and penalty phase witness list, as McCluskey points out. [Doc. No. 1024, p. 3 n.1; Doc. No. 1024-1]

4

does not anticipate that a lengthy delay before penalty phase will be required to give the Government sufficient time to prepare.

In exercising its inherent authority, the Court must balance McCluskey's constitutional rights, the Government's right of meaningful rebuttal, and the interest of the parties and the Court in fairness and judicial efficiency. *See Beckford*, 962 F. Supp. at 763. The Court concludes that the Government has not justified its request for pretrial disclosure of McCluskey's penalty phase witnesses and mitigating factors. The Court orders that McCluskey disclose his lists of proposed mitigating factors and penalty phase witnesses on the next business day after a guilty verdict, if one is returned by the jury.

**IT IS THEREFORE ORDERED** that *United States' Motion To Compel Discovery of Mitigating Factors and Penalty Phase Witnesses* [Doc. No. 997] is **GRANTED IN PART** and **DENIED IN PART**, as explained above.

_____
**UNITED STATES DISTRICT JUDGE**