```
               UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA      )
                              )
          v.                  )    Crim. No.13-10200-GAO
                              )
DZHOKHAR A. TSARNAEV,         )
          Defendant           )
```

### OPPOSITION TO DEFENDANT'S MOTION FOR
### <u>GRAND JURY INSTRUCTIONS REGARDING THE DEATH PENALTY</u>

The United States of America, by and through its undersigned counsel, respectfully opposes defendant's motion for disclosure of any legal instructions given to the grand jury respecting the "special findings" in the Indictment and for an order striking the "special findings." As grounds for this opposition, the government states the following.

### INTRODUCTION

A person found guilty of an offense for which the maximum penalty is death may be sentenced to death only if one of the aggravating factors enumerated in 18 U.S.C. 3591(a)(2) is alleged in the indictment and proved to the jury beyond a reasonable doubt. See <u>United States v. Sampson</u>, 486 F.3d 13, 21 (1st Cir. 2007). Paragraphs 155 and 156 of the Indictment allege a number of such aggravating factors under the rubric "Notice of Special Findings."

Tsarnaev has moved to compel disclosure of any legal instructions given to the grand jury respecting its "special

findings" and for an order striking the "special findings" if those instructions were improper or absent.  In support of this extraordinary request, Tsarnaev offers the Court not even an allegation, much less a shred of evidence, that any irregularity occurred before the grand jury.  Rather, citing no legal authority, he argues that the Court must presume the existence of a fatal irregularity unless the government proves otherwise.

Tsarnaev's motion must be denied for three independent reasons.  First, even assuming for the sake of argument that the grand jury was improperly instructed, that is not a legally sufficient ground for striking all or part of the Indictment.  Second, even assuming that improper instructions *were* a legally sufficient ground for striking parts of the Indictment, Tsarnaev's conclusory allegations of impropriety do not satisfy his burden of showing a "compelling" and "particularized need" for disclosure of the instructions.  His argument that the Court must presume impropriety is the exact opposite of what the law provides.  Third, Tsarnaev's argument that the Fifth Amendment required the grand jury to be informed of penalty information is wrong and has been rejected by every court to consider it.

(Although the government has not addressed in this opposition the substance of the instructions given to the grand jury, it does not concede that they were legally deficient in any

way; rather, for the reasons given below, the Court need not and should not address the sufficiency of those instructions.)

## ARGUMENT

"It is well settled that '[a]n indictment returned by a legally constituted and unbiased grand jury . . . if valid on its face, is enough to call for trial of the charge on its merits.'" United States v. Maceo, 873 F.2d 1, 2-3 (1st Cir. 1989) (quoting Costello v. United States, 350 U.S. 359, 363 (1956)). The Supreme Court has held that indictments are not "open to challenge on the ground that there was inadequate or incompetent evidence before the grand jury." Costello, 350 U.S. at 408. It follows that "[c]hallenges going only to the instructions given to the grand jury as to the elements of the offense [likewise] are not grounds for dismissal of an indictment valid on its face." United States v. Buchanan, 787 F.2d 477, 487 (10th Cir. 1986).

Indeed, "under federal law the prosecutor is not obligated to provide legal instruction to the grand jury" at all. United States v. Lopez-Lopez, 282 F.3d 1, 9 (1st Cir. 2002). See United States v. Zangger, 848 F.2d 923, 925 (8th Cir. 1988); United States v. Larrazolo, 869 F.2d 1354, 1359 (9th Cir. 1989). Accordingly, where as here an indictment "is facially adequate and demonstrates that the grand jury found probable cause" with respect to all required elements, "any lack of instructions or

3

mistakes in instructions to the grand jury would not be sufficiently prejudicial to justify relief." United States v. Dimasi, 2011 WL 468213, at *3 (D. Mass. Feb. 4, 2011).

Even assuming for the sake of argument that improper instructions **were** a legally sufficient ground for striking parts of a facially valid indictment, Tsarnaev still would not be entitled to relief, because it is well-settled that "the 'indispensable secrecy of grand jury proceedings' must not be broken except where there is a compelling necessity." United States v. Capozzi, 486 F.3d 711, 727 (1st Cir. 2007) (quoting United States v. Procter & Gamble Co., 356 U.S. 677, 682 (1958)). "Thus, to be entitled to grand jury material . . . a defendant must show a 'particularized need' for the material requested." United States v. Friel, 1 F.3d 1231, at *2 (1st Cir. 1993) (quoting Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 399 (1959)); accord United States v. Barry, 71 F.3d 1269, 1274 (7th Cir. 1995).

The "compelling necessity" and "particularized need" requirements apply to the disclosure of grand jury instructions. See, e.g., Barry, 71 F.3d at 1274; United States v. Mariani, 7 F.Supp.2d 556, 566–68 (M.D. Pa. 1998); United States v. Johnson, 1994 WL 805243, at *7 (W.D.N.Y. May 26, 1995) ("As with a request for a review of grand jury minutes, the secrecy of the grand jury will not be compromised by an order to disclose grand

jury instructions without a showing of 'particularized need.'"), aff'd mem., 108 F.3d 1370 (2nd Cir. 1997); United States v. Abounnajah, 1991 WL 42895, at *2 (E.D.N.Y. Mar. 26, 1991) ("A defendant is not routinely entitled to grand jury testimony or instructions in order to engage in a fishing expedition in hopes of uncovering an impropriety or defect in the proceedings where he had no basis to conclude that such an impropriety or defect exists."); United States v. Keller, 1990 WL 6642, at *4 (N.D. Ill. Jan. 5, 1990) ("[T]he question of disclosing instructions to the grand jury has been considered in a number of cases and in each case disclosure was denied."); United States v. Winchester, 407 F. Supp. 261, 277 (D. Del. 1975) (denying request for grand jury instructions based upon conjecture and surmise).

Tsarnaev has not come close to showing a "compelling necessity" or "particularized need" for the grand jury material he seeks.  See Capozzi, 486 F.3d at 727 ("The burden of showing particularized need rests squarely on the defendant."). Tsarnaev simply speculates that the grand jury in this case **might** have been fatally mis-instructed or under-instructed.  But "unsubstantiated allegations of grand jury manipulation do not satisfy the 'particularized need' standard." United States v. Cole, 755 F.2d 748, 759 (11th Cir. 1985).  Accord United States v. Trie, 23 F.Supp.2d 55, 62 (D.D.C. 1998) ("[T]he mere

5

suspicion that the grand jury may not have been properly instructed with respect to [a] legal definition ... is insufficient to establish that [defendant] is entitled either to dismissal of the indictment or to disclosure of grand jury materials."). Courts may not order the release of grand jury transcripts "for the purpose of a fishing expedition or to satisfy an unsupported hope of revelation of useful information." United Kingdom v. United States, 238 F.3d 1312, 1321 (11th Cir. 2001); accord United States v. Rockwell Int'l Corp., 173 F.3d 757, 760 (10th Cir. 1999). Yet that is exactly what Tsarnaev's motion asks the Court to do.

Tsarnaev's argument that the Court must **presume** some fatal irregularity in the grand jury proceedings absent production of the material he seeks is the exact opposite of what the law requires. It is well-settled that "the law presumes, absent a strong showing to the contrary, that a grand jury acts within the legitimate scope of its authority." United States v. R. Enterprises, 498 U.S. 292, 301 (1991). "[T]he grand jury proceeding is accorded a presumption of regularity, which generally may be dispelled only upon particularized proof of irregularities in the grand jury process." United States v. Mechanik, 475 U.S. 66, 75 (1986). "Prosecutors' instructions are part of the grand jury proceeding and are entitled to a presumption of regularity." United States v. Keystone Auto.

6

Plating Corp., 1984 WL 2946, at *7 (D.N.J. Jan. 9, 1984) (citing United States v. Hubbard, 474 F. Supp. 64, 86 (D.D.C. 1979)). Tsarnaev offers no reason why the well-settled presumption of grand jury regularity should be reversed here.

The three cases Tsarnaev cites in which courts ordered the production of grand jury instructions are poorly reasoned and unpersuasive. (See Deft. Mot. at 4-5). All three are based on the exception to Fed. R. Crim. P. 6(e)'s secrecy requirement for purely "ministerial" records. But "'ministerial grand jury records, such as records reflecting the empaneling and extension of the grand jury, are not within the reach of Rule 6(e) because they reveal nothing of substance about the grand jury's investigation.'" In re Cudahy, 294 F.3d 947, 951 (7th Cir. 2002) (quoting 1 Sara Sun Beale et al., Grand Jury Law & Practice § 5:6, at p. 5-28 n.2 (2d ed. 2001)). In other words, ministerial grand jury records are not secret because they do not reflect "a matter occurring before the grand jury," Fed. R. Crim. P. 6(e), and their disclosure normally does not reveal, even indirectly, anything that occurred before the grand jury.

Legal instructions given to the grand jurors in connection with particular charges in an indictment, in contrast, plainly **are** "a matter occurring before the grand jury" and plainly *do* reveal something of substance about the grand jury's investigation. See, e.g., United States v. Welch, 201 F.R.D.

7

521, 523 (D. Utah 2001) ("The instructions to the grand jury are intimately associated with the deliberation and judgment aspects of the grand jury function.  Therefore, the instructions are matters occurring before the grand jury and require meeting standards for release of grand jury information."); Keystone Auto. Plating Corp., supra, at *7 ("[T]he prosecutor's instructions typically are delivered at the conclusion of the grand jury investigation and involve a weaving of the applicable law with the testimony presented to the grand jury.  The Government's instructions clearly reveal matters occurring before the grand jury.").

Like Tsarnaev, the defendants in Welch "made a motion for disclosure of the legal instructions given to the grand jury," arguing that they had "a substantial interest and particularized need for disclosure of the legal instructions . . . to determine whether the grand jury was instructed accurately." 201 F.R.D. at 523.  Also like Tsarnaev, the Welch defendants contended that their need for the instructions outweighed any secrecy interest, but they submitted "[no] factual material or affidavit . . . that defines the particularized need for such a request."  Id.  The court denied the defendants' motion on the grounds that it was "speculative, general and does not show particularized need."  Id. at 525.  The same is true here. Accord United States v. Chalker, No. 12-0367, 2013 WL 4547754

8

(E.D. Pa. Aug 27, 2013); United States v. Hazelwood, No. 10-150, 2011 WL 2565294, at *18 (N.D. Ohio June 27, 2011).

Finally, Tsarnaev's argument that the Constitution required the grand jury to be given penalty information is simply wrong. See, e.g., United States v. Natson, 444 F. Supp. 2d 1296, 1305 (M.D. Ga. 2006) (holding in a death penalty case that "since neither the Fifth or Sixth Amendments required the Indictment to include the ultimate punishment sought for the offenses, no reason existed for the grand jury to even know what that punishment may be"); United States v. Duncan, 2008 WL 544845, at *3 (D. Idaho Feb. 26, 2008) (holding that the government need not inform grand jury of potential capital consequences of its special findings); United States v. Troya, 2008 WL 4327004, at *7 (S.D. Fla. Sept. 22, 2008) ("[T]he case law is clear that there is no constitutional requirement that the grand jury be informed of the potential punishment arising out of the Special Findings."); United States v. Talik, 2007 WL 4570704, at *7 (N.D. W.Va. Dec. 26, 2007) (same); United States v. Williams, 2007 WL 2916123, at *4 (D. Haw. Oct. 2, 2007) (same); United States v. Diaz, 2007 WL 656831, at *6 (N.D. Cal. Feb. 28, 2007) (same); United States v. Haynes, 269 F. Supp. 2d 970, 981-82 (W.D. Tenn. 2003) (same).

**CONCLUSION**

WHEREFORE, the government respectfully requests that the Court deny Tsarnaev's motion for the production of grand jury instructions regarding the death penalty and for an order striking the "special findings" in the Indictment.

                              Respectfully submitted,

                              CARMEN M. ORTIZ
                              UNITED STATES ATTORNEY

        By:   /s/ William D. Weinreb
                WILLIAM D. WEINREB
                ALOKE S. CHAKRAVARTY
                NADINE PELLEGRINI
                Assistant U.S. Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non-registered participants on this date.

                              /s/ William D. Weinreb
                              WILLIAM D. WEINREB