**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Crim. No. 13-10200-GAO** |
| | ) | |
| **DZHOKHAR A. TSARNAEV,** | ) | |
| **Defendant** | ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO PRESERVE CONSTITUTIONAL CHALLENGES TO THE FEDERAL DEATH PENALTY ACT**

The United States of America, by and through its undersigned counsel, respectfully opposes the motion of defendant, Dzhokhar Tsarnaev ("Tsarnaev"), to declare the Federal Death Penalty Act ("FDPA") unconstitutional.

"We begin with the principle, settled by *Gregg,* that capital punishment is constitutional." *Baze v. Rees*, 553 U.S. 35, 47 (2008). The lower courts have recognized a limitation on their power to act in light of the Supreme Court's authority. See *United States v. Barnes*, 532 F. Supp. 2d 625, 641 (S.D.N.Y. 2008) ("[If the Supreme Court's decisions upholding the death penalty] are to be reevaluated in light of evolving 'standards of decency' under the Eighth Amendment, as defendants urge, they must be reevaluated by the Supreme Court, not us.") (internal quotation marks and citation omitted).

Tsarnaev concedes that the arguments he makes for invalidating the FDPA -- a purported defect in the FDPA and purported racial disparities in the death penalty's application -- were rejected by the First Circuit in *United States v. Sampson*, 486 F.3d 13 (1st Cir. 2007). They have also been rejected by every other circuit court to consider them. See *United States v. Barnette,* 390 F.3d 775 (4th Cir. 2004), *vacated on other grounds*, 546 U.S. 803 (2005); *United States .v Robinson,* 367 F.3d 278, 290 (5th Cir. 2004*); United States v. Purkey,* 428 F.3d 738 (8th Cir.

2005); *United States v. Brown*, 441 F.3d 1330, 1367 (11th Cir. 2006).  Tsarnaev's claim that the force of his arguments "has only increased since *Sampson*" is contradicted by the myriad of cases decided in the years since *Sampson* that have endorsed its holdings.  See *United States v. Caro*, 597 F. 3d 608, 622-23 (4th Cir. 2010) (FDPA's sentencing scheme meets Eighth Amendment standards); *United States v. Honken*, 541 F.3d 1146 (8th Cir. 2009) (risk of wrongful execution raised as a policy argument is not a basis for a constitutional challenge); *United States v. Hammer*, 2011 WL 6020577 (M.D. Pa. 2011) (FDPA does not violate *Furman v. Georgia* and does not operate in an arbitrary, capricious, and irrational manner); *United States v. Johnson*, 900 F. Supp. 2d 949 (N.D. Iowa 2012) (statistical discrepancies insufficient to prove either a Fifth or Eighth Amendment claim); *United States v. Sablan*, 2014 WL 172543 (E.D. Cal. 2014) (submitting aggravating factors to grand jury does not violate FDPA or conflict with Congressional intent); *United States v. Coonce*, 2014 WL 1018081 (W.D. Mo. 2014) (FDPA is administered in a manner that meets constitutional standards).

To the extent that Tsarnaev is requesting preservation of these arguments, that request should be denied.  Tsarnaev's failure to do more than parrot the issues raised in *Sampson* runs afoul of the long-settled standard in this district and Circuit that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation are deemed waived."  *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir.1990).

Tsarnaev also argues that the constitutionality of the FDPA is in doubt because the Commonwealth of Massachusetts does not authorize the death penalty for any crimes.  The basis of his argument -- that the death penalty is a violation of the Cruel and Unusual Punishments clause of the Eighth Amendment – has been rejected by the United States Supreme Court.  *See Baze v. Rees*, 553 U.S. 35 (2008) (capital punishment does not violate the Eighth Amendment's

prohibition against cruel and unusual punishments); *Gregg v. Georgia*, 428 U.S. 153 (1976)

(capital punishment for murder is not per se cruel and unusual punishment).

## CONCLUSION

WHEREFORE, the government respectfully requests that Tsarnaev's motion to preserve

constitutional challenges to the Federal Death Penalty Act be denied.

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

By:    /s/ Nadine Pellegrini
NADINE PELLEGRINI
WILLIAM D. WEINREB
ALOKE S. CHAKRAVARTY
Assistant U.S. Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the
registered participants as identified on the Notice of Electronic Filing (NEF).

/s/Nadine Pellegrini
Nadine Pellegrini
Assistant United States Attorney

Date: May 21, 2014