UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Crim. No.13-10200-GAO |
| | ) |
| DZHOKHAR A. TSARNAEV, | ) |
| Defendant | ) |

**GOVERNMENT'S MOTION FOR LEAVE TO FILE
PARTIALLY UNREDACTED VERSION OF ITS
OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS STATEMENTS**

The United States of America, by and through its undersigned counsel, respectfully requests leave to substitute a partially unredacted version of its opposition to Tsarnaev's Motion to Suppress Statements for the redacted one that it filed on May 21, 2014. The partially unredacted version that the government seeks leave to file is attached. The words that the government seeks to unredact are highlighted in indigo. The words that the government proposes to leave redacted are highlighted in yellow. As grounds for this motion, the government states the following.

Tsarnaev has filed a motion to suppress the statements he made to FBI agents at Beth Israel hospital. In an effort to demonstrate that his statements were "involuntary" and obtained in violation of his Miranda rights, Tsarnaev's motion quotes and refers liberally to those portions of his statements that purportedly support his position. The government, to preserve the matter for the Court's determination, has not reciprocated by referring or quoting openly to portions of the statements that support the government's position; instead, the government has redacted all such references from the publicly-filed version of its opposition.

The government now moves for leave to substitute a partially unredacted version of its opposition for the redacted one so that the parties' respective positions can be more fully appreciated by the public. "Because of the vital public interest in open judicial proceedings, the

Government has a general overriding affirmative duty to oppose their closure." 28 C.F.R. § 50.9. The same principles that animate this regulation militate against the redaction of more key portions of the government's opposition than are necessary.

The case for partial unredaction is particularly compelling here because the admissibility of Tsarnaev's statements does not depend on matters independent of the statements themselves, such as whether Tsarnaev was in custody when he made them; rather, their admissibility depends on whether they were "voluntarily" made, and many of the statements themselves are key evidence of that. For example, whether the defendant confessed and, if so, whether he did so immediately or only after receiving the "third degree," is a traditional question in a "voluntariness" analysis; but in the publicly-filed version of the opposition the government has redacted all references to Tsarnaev's confession, and thus the timing of it, to preserve the issue for the Court's determination. These redactions cannot help but prevent the public from understanding key arguments in the briefs.

Moreover, because the statements themselves bear on the issue of "voluntariness," the government anticipates offering some of them into evidence at the hearing on the motion. That eventuality severely undercuts any argument against partial unredaction.

We acknowledge Tsarnaev's desire to keep his self-incriminating statements from public view. To accommodate that desire, we do not propose to unredact statements he made that relate to the particular facts and circumstances of the crimes. We propose only to unredact a much narrower category of statements, namely, those that relate to (1) the fact that he confessed; (2) the timing of the confession; and (3) his state of mind during the interview. As noted earlier, these statements are highlighted in indigo on the version of the opposition that is attached.

WHEREFORE, the government respectfully requests that the Court grant the government leave to substitute the partially unredacted opposition attached hereto as Exhibit A for the fully redacted one it filed on May 21, 2014.

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

By:  /s/ William D. Weinreb
WILLIAM D. WEINREB
ALOKE S. CHAKRAVARTY
NADINE PELLEGRINI
Assistant U.S. Attorneys

CERTIFICATE OF SERVICE

I hereby certify that a copy of this opposition was served by First Class mail on Dzhokhar Tsarnaev's counsel, Miriam Conrad, Esq., Federal Defender's Office, 51 Sleeper Street, 5th Floor, Boston, MA 02210, on May 23, 2014.

/s/ William D. Weinreb
WILLIAM D. WEINREB