UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Crim. No. 13-10200-GAO |
| | ) | |
| DZHOKHAR TSARNAEV | ) | |

**SUPPLEMENTAL MEMORANDUM RESPECTING DEFENDANT'S SECOND MOTION TO COMPEL DISCOVERY OF FAVORABLE EVIDENCE (TODASHEV STATEMENTS CONCERNING WALTHAM MURDERS)**

The Court currently has pending before it the defendant's request, DE 233 at 19-20, to compel disclosure of statements made by Ibragim Todashev describing Tamerlan Tsarnaev's alleged murders of three people in Waltham, Massachusetts on September 11, 2011. On April 25, at the Court's direction, the government submitted "items relating to Ibragim Todashev . . . for an in camera ex parte review." DE 266. Since the submissions were made ex parte, defense counsel do not, of course, know what these items are. When it first ordered the in-camera submissions, the Court appears to have assumed that the best evidence of the Todashev statements regarding the Waltham murders would be contained in FBI 302s:

>THE COURT: What's the volume of this material?
>
>MR. WEINREB: Are you referring to the material –
>
>THE COURT: The 302s.
>
>MR. WEINREB: Solely related to any purported involvement by Tamerlan Tsarnaev in both murders?
>
>THE COURT: Both, I guess.

> MR. WEINREB: I would say not great.
>
> THE COURT: Well, my thought is I may review it in camera.

Transcript of 4/16/2014 Hearing at 21, DE 270.

The March 28, 2014 defense request which led to this submission was for "[t]he Todashev 302s *and any other memorialization or records* of his May, 2013 interviews" with the FBI (emphasis added). DE 233 at 20. To be sure, when defense counsel filed this discovery request on March 28, we had not yet had the opportunity to scrutinize a 161-page report by the State's Attorney for the Ninth Judicial Circuit of Florida, released just three days earlier, that revealed that the Massachusetts State Police had created no fewer than four video (with audio) recordings and one audio-only recording of the Todashev interviews on the night he was killed.[1] The full Florida State's Attorney's report is attached to this filing. The pertinent portion of the report, found at page 42, reads as follows:

> Three recording devices were used by the MSP at various times during the interview due to battery life. This resulted in a total of four video recordings with audio and one audio only recording. The recordings captured the majority of the interview and confession of Todashev . . .

It is entirely possible, of course, that the government has already provided these MSP electronic verbatim recordings to the Court for its in-camera review. Out of an

---

[1] After a careful review of the Florida state investigative report that could not have been conducted in the few days between its release and our last discovery motion deadline, as well as additional public information that has become available since then, we have identified many additional items regarding Todashev and Tamerlan's involvement in the Waltham murders that should be provided to us. We will be requesting by letter in the very near future that the government furnish this evidence.

abundance of caution, however, counsel wish to bring the existence of these recordings to the Court's attention, in case the government's in-camera submission did not include them.

The electronic recordings of the Todashev interviews disclosed by the Florida state investigators' March, 2014 report would have been the best evidence of what Todashev said about Tamerlan Tsarnaev under any circumstances. But the fatal ending of the FBI's May 22, 2013 interview with Todashev, and the controversy that followed, provide particular reasons why the Court should examine the actual video and audio recordings of the Todashev statements, rather than confining its review to second-hand renditions by the very FBI agent whose conduct has been under intense scrutiny ever since.

As Dzhokhar Tsarnaev's prior filings have made clear, any sentencing proceeding in this case will likely center on a comparison of the defendant's character, record, and conduct with those of his considerably older brother. Had the FBI not killed Todashev in the middle of his description of Tamerlan's commission of a bloody triple-murder, Todashev's in-court description of Tamerlan's violence and brutality on September 11, 2011, would have been an important part of the story. Indeed, were Todashev appearing as a mitigation witness to describe Tamerlan's behavior and character as exemplified by the sequence of events leading to the Waltham murders, it is hard to imagine that the government would even object. In addition, how Tamerlan induced Todashev to participate in this very serious crime may shed light on the process by which he allegedly drew his younger brother into violence some 19 months later. Given that the FBI has

rendered Todashev forever unavailable as a mitigation witness---and because the Rules of Evidence do not apply at the penalty phase of a capital case under the Federal Death Penalty Act, 18 U.S.C. § 3593(c)--- the defendant submits that he is entitled to obtain the best surviving evidence of Todashev's eyewitness account of Tamerlan's murderous behavior.  And that evidence is the MSP's actual contemporaneous recording of Todashev's account, not the subsequent memorialization of that account by the very agents who killed him before he finished it.

## CONCLUSION

For the foregoing reasons, counsel for the defendant Dzhokhar Tsarnaev renew their request that the government be required to disclose all eyewitness and other accounts by the late Ibragim Todashev of murders committed by Tamerlan Tsarnaev on or about September 11, 2011, and that such disclosure include the best evidence of Todashev's statements, which are the contemporaneous video and audio recordings made by the Massachusetts State Police on May 22, 2013.

Respectfully submitted,

DZHOKHAR TSARNAEV
By his attorneys

/s/  David I. Bruck

Judy Clarke, Esq. (CA Bar # 76071)
CLARKE & RICE, APC
1010 Second Avenue, Suite 1800
San Diego, CA 92101
(619) 308-8484
JUDYCLARKE@JCSRLAW.NET

- 5 -

                        David I. Bruck, Esq. (SC Bar # 967)
220 Sydney Lewis Hall
Lexington, VA 24450
(540) 460-8188
BRUCKD@WLU.EDU

Miriam Conrad, Esq. (BBO # 550223)
Timothy Watkins, Esq. (BBO # 567992)
William Fick, Esq. (BBO # 650562)
FEDERAL PUBLIC DEFENDER OFFICE
51 Sleeper Street, 5th Floor
(617) 223-8061
MIRIAM_CONRAD@FD.ORG
TIMOTHY_WATKINS@FD.ORG
WILLIAM_FICK@FD.ORG

## Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 13, 2014.

                        /s/  Miriam Conrad