UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**FILED UNDER SEAL**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 13-CR-10200-GAO |
| v. ) | |
| ) | |
| DZHOKHAR TSARNAEV ) | |

### MOTION FOR DISCLOSURE

Defendant Dzhokhar Tsarnaev, by and through counsel, and pursuant to the Fifth, Sixth and Eighth Amendments to the United States Constitution, respectfully requests that the Court direct the Court Unit Executives, the United States Marshal, and the United States Attorney for the District of Massachusetts to advise the Court and the parties of significant connections that may exist between their employees and the events alleged in the indictment. The defendant also requests that the Court provide the parties with any such information involving judges of the District Court for the District of Massachusetts or their staffs.

Specifically, the defendant requests that the Court direct the Chief Magistrate Judge, the Clerk of the District Court, the Chief United States Probation Officer, the U.S. Marshal, and the U.S. Attorney to advise the Court and the parties whether any officer or employee:

1

Direct Personal Connections

    (1) was personally injured by one of the explosions, personally witnessed one of the explosions, or was present at or near the finish line at the time of the explosions and personally observed their immediate aftermath;

    (2) lives in or was present in the neighborhood of the shootout (Laurel and Dexter Streets, Watertown) at the time of the shootout (the early morning hours of April 19, 2013), or was present near the scene of or witnessed the shooting of Officer Collier (the evening of April 18, 2013), or was present near the scene of Mr. Tsarnaev's arrest (evening of April 19, 2013);

Close Friend or Family Member

    (3) is related to or is a close personal friend of any person who was injured or killed by one of the explosions at the 2013 Boston Marathon;

    (4) is related to or is a close personal friend of Mr. Dun Meng, Officer Sean Collier, or Mr. or Mrs. David Henneberry;

    (5) is related to or is a close personal friend of any person who lived in, or was present in, the neighborhood of the shootout (Laurel and Dexter Streets, Watertown) at the time of the shootout (the early morning hours of April 19, 2013), or was present near the scene of or witnessed the shooting of Officer Sean Collier (the evening of April 18, 2013), or was present near the scene of Mr. Tsarnaev's arrest.

We ask that the Court provide the same information regarding the District Court Judges and their staffs.

2

As set forth below, defense counsel were unaware until late May 2014 that a courtroom deputy clerk for the U.S. District Court for the District of Massachusetts was present at the scene of the second explosion at the 2013 Boston Marathon. The fact that no one disclosed this potentially significant information – that a Court employee was a potential victim and witness to crimes charged in the indictment – for some thirteen months raises the question whether other court or prosecution personnel have connections to events alleged in the indictment that could give rise to an appearance of partiality that would require their recusal, or the recusal of the Court. This motion is made to determine whether a motion to recuse the District of Massachusetts or the U.S. Attorney for the District of Massachusetts should be filed.[1] The request is further based upon the following:

1.  By letter dated May 23, 2014, the government advised defense counsel that the Courtroom Deputy Clerk to Magistrate Judge Bowler was present at the Forum Restaurant, 755 Boylston Street, Boston on April 15, 2013 when the second explosive device was detonated there. Government counsel also advised that they understood that Judge Bowler was aware that the deputy clerk was at the Forum at the time of the explosion. [*See* Sealed Exhibit A, May 23, 2014 Letter to Defense Counsel]. Prior to receipt of this letter, counsel for Mr. Tsarnaev were unaware of the connection of the

---

[1] The inquiry is also potentially relevant to a determination of whether the search warrants the defense has challenged in this case, DE 297, 303, were issued by a "neutral and detached magistrate."

3

deputy clerk to the events alleged in the indictment in this case, or of Judge Bowler's knowledge of that connection.

2. Defense counsel asked the U.S. Attorney to advise whether other individuals who may be victims or witnesses are employed by the District of Massachusetts U.S. Attorney's Office, the Department of Justice, law enforcement agencies involved in the prosecution of this case, or the Court, U.S. Marshal, U.S. Probation Office, or the Clerk's Office for the District of Massachusetts, or are otherwise employed in one of the federal courthouses in the District. [*See* Sealed Exhibit B, June 3, 2014 Letter to Prosecution Counsel]. Counsel took this preliminary step because of the U.S. Attorney's unique access to information about the identity and employment of victims and potential witnesses.

3. Government counsel replied that they were aware of their own responsibilities with respect to recusal, presumed that court personnel were aware of theirs, and declined to respond to the defense request for information. [*See* Sealed Exhibit C, June 18, 2014 Letter to Defense Counsel].

4. Given the fact that court staff never disclosed to the defense the fact that the Deputy Clerk for the Magistrate Judge originally assigned to this case was actually at the scene of the second explosion, any presumption that court staff are aware of their obligations to disclose such a connection is unwarranted.

5. We currently know of no factual basis to conclude that this Court is actually biased in this case, or that recusal under 28 U.S.C. §§ 144 or 455(b) is warranted. However, the standard for recusal under 28 U.S.C. §455(a) is an objective one – whether

4

or not "impartiality might reasonably be challenged" – and is a fact-based determination. "[W]hat matters is not the reality of bias or prejudice but its appearance." *Liteky v. United States*, 510 U.S. 540, 548 (1994); *see also, In Re Bulger*, 710 F.3d 42, 46 (1st Cir. 2013) ("[t]he point under § 455(a) is not his actual state of mind at a particular time, but the existence of facts that would prompt a reasonable question in the mind of a well-informed person about the judge's capacity for impartiality in the course of the trial and its preliminaries); *In re United States*, 666 F.2d 690, 694 (1st Cir.1981) ("courts must not only be, but must seem to be, free of bias or prejudice"); *In Re United States*, 158 F.3d 26 (1st Cir. 1998). Doubts should be resolved in favor of recusal. *See Nichols v. Alley*, 71 F.3d 347, 352 (10th Cir. 1995).[2]

6. The impartiality of this Court, as well as that of the District Court for the District of Massachusetts as a whole, might reasonably be questioned if it emerges that individuals employed in the "court family" are potential victims or witnesses, or have close connections to victims, witnesses, to the events alleged in the indictment. Certainly if the assigned trial judge or chambers have close connections to the events in the indictment, recusal would be required. However, recusal may also be required if

---

[2] In *United States v. Loughner*, 11-187 (D. Ariz. 2011), a case involving the shooting death of the Chief Judge for the District of Arizona, the entire district court recused itself to avoid the appearance of impropriety. [Crim. No. 11-187, DE 11, Order attached as Exhibit D]. The Tenth Circuit, on mandamus, recused the trial judge in *United States v. Nichols/McVeigh*, finding that Judge Alley's impartiality might reasonably be questioned. *Nichols v. Alley, supra* ("Although Judge Alley lost no family or friends in the bombing, the explosion slightly injured a member of his staff, and injured other court personnel. Some of the court personnel and employees had friends or relatives who were injured or killed in the Murrah Building explosion.")

numerous court related employees are potential victims or witnesses. Without knowing the nature and degree of close connections to the Marathon bombings and related events, it is impossible to determine whether a recusal motion is warranted without further information.

## CONCLUSION

Given the high percentage of Bostonians and others in Massachusetts who either attended or knew someone who participated in the 2013 Boston Marathon, *see* Defendant's Motion to Change Venue, DE 376, and given the thirteen-month delay in providing the defense with notice of the close connection of a courthouse staff member who actually works for the Magistrate Judge assigned to this case, the defendant requests that the Court grant this Motion, and direct Court Unit Executives, the United States Attorney, and the United States Marshal to advise the Court and counsel whether any of their employees were potential victims of, or witnesses to the events alleged in the indictment as requested above. The defendant also requests that the Court provide the parties with any such information involving judges of the District Court for the District of Massachusetts or their staffs.

Respectfully submitted,

DZHOKHAR TSARNAEV
by his attorneys

/s/ Clarke

Judy Clarke, Esq. (CA Bar # 76071)
CLARKE & RICE, APC
1010 Second Avenue, Suite 1800
San Diego, CA 92101
(619) 308-8484
JUDYCLARKE@JCSRLAW.NET

David I. Bruck, Esq.
220 Sydney Lewis Hall
Lexington, VA 24450
(540) 460-8188
BRUCKD@WLU.EDU

Miriam Conrad, Esq. (BBO # 550223)
Timothy Watkins, Esq. (BBO # 567992)
William Fick, Esq. (BBO # 650562)
FEDERAL PUBLIC DEFENDER OFFICE
51 Sleeper Street, 5th Floor
(617) 223-8061
MIRIAM_CONRAD@FD.ORG
TIMOTHY_WATKINS@FD.ORG
WILLIAM_FICK@FD.ORG

## Certificate of Service

I hereby certify that this document was emailed to the counsel for the government on June 27, 2014.

/s/ Judy Clarke

7