UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 13-CR-10200-GAO |
| v. ) | |
| ) | |
| DZHOKHAR TSARNAEV ) | |

**MOTION FOR LEAVE TO FILE A REPLY TO GOVERNMENT OPPOSITION TO DEFENDANT'S MOTION FOR CHANGE OF VENUE, AND TO SUBMIT SUPPLEMENTARY MATERIAL IN SUPPORT**

Defendant, Dzhokhar Tsarnaev, by and through counsel, respectfully moves for leave to file a reply with supplemental materials in support of the Defendant's Motion for Change of Venue and in response to the Government's Opposition to the Defendant's Motion for Change of Venue. Defendant requests that he be allowed until August 7, 2014 to do so.

The Motion for Change of Venue spelled out that it was based on defense counsel's *preliminary review* of still-to-be-finalized survey data and on our own estimate of the volume of news media coverage. At the same time, the motion made clear that our request for authorization to obtain an expert analysis of the polling data, and a qualitative and quantitative evaluation of the media coverage, awaited court approval. [Def. Mot., DE 376, n. 1]. The motion also explained why the work was incomplete. [Def. Mot., DE 376, at n. 1, and pp. 2-3]. Ignoring defense counsel's explanation for why the defense was not yet in a position to make an evidentiary showing to support the motion for a pretrial change of venue, the government responded that the defendant failed to meet his

1

burden of establishing presumed prejudice, that the defense could have at least submitted a few news articles, and finally, that the defense failed to properly support the polling results. [Govt. Opp., DE 405, p. 2, 10, 12]. There is no need to again explain these "deficiencies," since the Court has approved the necessary funding to allow the defense venue expert to complete his work and that work is now underway. Accordingly, the defendant now requests the minimally sufficient time necessary for his expert to finalize the polling data and do at least a portion of the media content analysis necessary to support a change of venue.

The government's attack on the preliminary polling summary is unwarranted and misleading. First, the government challenges the defense's supposed "narrow focus on the City of Boston…because jurors will be drawn from an area 100 times the size of Boston…" [Opp. DE 405 at 12]. The government has apparently misread the motion. While the summary table utilized names of cities ("Boston", "Springfield", "Manhattan" and "DC") as a shorthand means of identifying the four polled divisions or districts, the defense motion made clear that the listed surveys encompassed four complete federal venues, including the Eastern Division of the District of Massachusetts. [Def. Mot., DE 376, p. 5 (the defense expert surveyed "four locations: the Eastern and Western Divisions of the District of Massachusetts …")].

Second, the defense made clear that the motion summarized a "key *preliminary* finding" ranking Boston (the Eastern Division of the District of Massachusetts) as manifesting the highest level of prejudice of the four venues surveyed on all of the critical measures [Def. Mot., DE 376, at p. 5]. The motion went on to explain that the

2

expert still needed to conduct validity checks of the survey results, perform a content analysis of the responses to open-ended questions, draft the methodological descriptions, and consult with the survey call-center to complete the statistical analysis of the polling data. [Def. Mot., DE 376, p. 8].

Ignoring all of this, the government cites the American Society of Trial Consultants' Professional Code for Venue Surveys (a Code which the defense expert helped draft) while chastising the defense for not including the background information for the survey. Again, this is precisely the information the defendant intends to provide in his supplementary showing, and requests a brief period of time to be permitted the opportunity to do so.

The parties are in general agreement regarding the applicable law. The primary area of disagreement is in the application of the law to the facts of this case. The defense position is that the Court will find a pretrial decision to move the trial to a venue outside of the state of Massachusetts to be warranted once the defense is able to complete and present an expert analysis of the survey data and pretrial publicity.

## Conclusion

The defense requests leave to file a Reply to the Government's Opposition to the

Defendant's Motion for Change of Venue, and Supplementary Materials in support of the Motion to Change Venue, on or by August 7, 2014.

> Respectfully submitted,
>
> DZHOKHAR TSARNAEV
> by his attorneys
>
> /s/  Judy Clarke
>
> Judy Clarke, Esq. (CA Bar # 76071)
> CLARKE & RICE, APC
> 1010 Second Avenue, Suite 1800
> San Diego, CA 92101
> (619) 308-8484
> JUDYCLARKE@JCSRLAW.NET
>
> David I. Bruck, Esq.
> 220 Sydney Lewis Hall
> Lexington, VA 24450
> (540) 460-8188
> BRUCKD@WLU.EDU
>
> Miriam Conrad, Esq. (BBO # 550223)
> Timothy Watkins, Esq. (BBO # 567992)
> William Fick, Esq. (BBO # 650562)
> FEDERAL PUBLIC DEFENDER OFFICE
> 51 Sleeper Street, 5th Floor
> (617) 223-8061
> MIRIAM_CONRAD@FD.ORG
> TIMOTHY_WATKINS@FD.ORG
> WILLIAM_FICK@FD.ORG

## Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 15, 2014.

> /s/ Judy Clarke