```
               UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS
```

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.                          ) | Crim. No.13-10200-GAO |
| ) | |
| **DZHOKHAR A. TSARNAEV,**      ) | |
|         Defendant           ) | |

### OPPOSITION TO DEFENDANT'S MOTION TO FILE
### REPLY BRIEF, TO SUMBIT SUPPLEMNTARY MATERIALS,
### <u>AND TO DELAY DOING BOTH UNTIL AUGUST 7, 2014</u>

The United States of America, by and through its undersigned counsel, respectfully opposes defendant Dzhokhar Tsarnaev's motion (1) to file a reply to the government's opposition to his motion to change venue, (2) to submit supplementary materials, and (3) to delay filing both until August 7, 2014.

### INTRODUCTION

Having previously asked for and been denied an extension until August 3, 2014, to file a change-of-venue motion supported by various supplementary materials, Tsarnaev now seeks to file that very same motion on August 7, 2014, only this time in the guise of a reply brief.  His motion is thus a transparent attempt to circumvent the Court's earlier ruling that a filing date in early August is too late and that the supplementary materials he wishes to submit are unnecessary.  Tsarnaev's effort to circumvent the Court's original filing deadline is underscored by his tactical decision to omit any supporting materials whatsoever

from his original motion -- even materials already in his possession or readily available to him -- effectively forcing the Court into an all-or-nothing choice between relying on his unadorned original motion or capitulating to his insistence on an early-August filing date.  The Court should not reward that tactic by allowing Tsarnaev to file a new change-of-venue motion disguised as a reply brief that will necessarily trigger a new round of litigation on the venue issue and concomitant delays.

**ARGUMENT**

Tsarnaev is not asking for leave to file a genuine reply to the government's opposition; he seeks instead to file the very same change-of-venue motion he wanted to file in the first place on roughly the same date he initially requested, namely, a motion in early August supported by "an expert analysis of the polling data, and a qualitative and quantitative evaluation of the media coverage."  (Deft. Mot. at 1).  When the Court first denied that request on June 13, 2014, it wrote that Tsarnaev had already "investigated and considered the pertinent issues" sufficiently to "[set] forth the factual and legal reasons why a change of venue is necessary or advisable." (Dkt. 368).  There is no reason for the Court to revisit that ruling.  On the contrary, now that the change-of-venue issue has actually been briefed by both parties, there is every reason for the Court *not* to revisit that ruling.

2

Tsarnaev made a tactical decision to omit from his original motion any supporting materials whatsoever -- even those already in his possession or at least readily available to him -- effectively forcing the Court to choose between that unadorned original motion and the overdue, fully annotated version he now seeks to file in the guise of a reply brief.  Tactics like that should not be rewarded.  At the time Tsarnaev filed his original motion he necessarily had in his possession (and thus could have included) fundamental information about his polling data such as the number of respondents surveyed in each venue, the specific questions that were asked, the methods used to ask them, the percentage of people who responded, and the identity of the expert who designed and administered the survey, among other things.  Had Tsarnaev included this basic information, the government could have critiqued it (if necessary with the help of its own venue expert), joining the issue for the Court.  Tsarnaev also could have included a representative sample of the media coverage he claims is prejudicial.  Instead, Tsarnaev evidently decided that if he could not submit *all* of the supporting materials he wanted to include, he would include none of them.  Having made that tactical decision, he must live with it; permitting him to file his original motion on his own deadline in the guise of a reply brief would simply make a mockery of the Court's scheduling order.

Tsarnaev's proposed reply brief will necessarily trigger another round of litigation over the venue issue, further delaying a decision on the issue and perhaps the trial date as well. That is because Tsarnaev's supporting materials are likely to raise numerous factual and legal issues requiring a government response. It would obviously be unfair to the government, not to mention the public, for the venue decision to turn on a one-sided presentation of expert analysis and testimony by the defense. Accordingly, the government will be forced to respond to Tsarnaev's "reply" as it would to a motion, meaning an additional round of briefing and further delay. None of that is necessary or in the interests of justice.

The absence of a reply brief will not prejudice Tsarnaev because he cannot demonstrate presumed prejudice no matter what his supporting materials might show. The Supreme Court has set an exceptionally high standard for concluding that prejudicial publicity and negative community sentiment are so pervasive that a court lacks discretion even *to try* to seat an impartial jury using screening questionnaires and voir dire. And it has never found that standard to be met in a district the size of Massachusetts. Indeed, it has not found that standard to be met in any case for nearly 50 years. This Court is already equipped, based on its own membership in the local community, to conclude that negative sentiment and pretrial publicity have not

4

effectively displaced the judicial process, as required for a finding of presumed prejudice.  Moreover, the Court has discretion, regardless of any polling data or expert evaluation of media coverage, to attempt to seat an impartial jury from the five million residents of the Easter Division of this district.  In fairness to both parties, the victims, and the public, it should endeavor to do so.

## CONCLUSION

  WHEREFORE, the Court should deny Tsarnaev's motion for leave to file a reply to the government's opposition to its motion to change venue, to submit supplementary materials, and to delay doing so until August 7, 2014.

                              Respectfully submitted,

                              CARMEN M. ORTIZ
                              UNITED STATES ATTORNEY

                         By:  /s/ William D. Weinreb
                              WILLIAM D. WEINREB
                              ALOKE S. CHAKRAVARTY
                              NADINE PELLEGRINI
                              Assistant U.S. Attorneys


## CERTIFICATE OF SERVICE

  I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non-registered participants on this date.

                              /s/ William D. Weinreb
                              WILLIAM D. WEINREB