UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 13-10200-GAO |
| | ) | |
| DZHOKHAR TSARNAEV | ) | |

## MOTION FOR SETTING OF FIREWALL PROCEDURES

Defendant, Dzhokhar Tsarnaev, by and through counsel, respectfully requests that the Court issue an order resolving two remaining areas of disagreement between the parties concerning the procedures that should govern the activity of the "firewalled" Assistant United States Attorney in this case.

During the June 18, 2014 status conference, the Court agreed with the government's request to use a firewalled agent and firewalled AUSA in connection with combined legal and social visits, and directed the government to designate an AUSA from outside the District of Massachusetts.  [Draft Transcript, p. 4].  The parties exchanged correspondence, and on July 3, 2014 prosecution counsel identified the firewalled AUSA.[1]   Thereafter, on July 7, 2014, defense counsel sent a letter directly to the firewalled AUSA suggesting procedures to implement the firewall so as to achieve its

---

[1] The parties anticipate that the firewalled AUSA will handle any issues that may arise between defense counsel and the Bureau of Prisons concerning the screening or inspection of confidential defense materials at FMC Devens, as well as SAM clearances. But for the limited instances where disclosure may be necessary to determine whether there has been a violation of the SAM, or the SAM has been violated, the firewalled AUSA is not to have contact with the prosecution team.

1

intended purpose of protecting the confidentiality of defense information. By letter dated July 15, 2014, the firewalled AUSA declined the defense invitation to agree to specific procedures regarding the firewall, and took the position that any such procedures should have been negotiated with the prosecution counsel. Acquiescing to the position of firewalled counsel, defense counsel then wrote to prosecution counsel seeking agreement to the following specific procedures:

(1) the firewalled AUSA will not, at any time, become a member of the Prosecution Team;

(2) all communications between the firewalled AUSA, acting in that capacity, and anyone – BOP, the firewalled FBI Agent, or the Prosecution Team – will be in writing, or memorialized in writing;

(3) all communication by the firewalled AUSA with the Court will be in writing, and will be served only on defense counsel unless and until the Court determines that it should be served on any member of the Prosecution Team; and,

(4) all writings/communications must be stored in a secure place to which no one on the Prosecution Team has access.

Prosecution counsel agreed to (1) and (4), but declined to agree to (2) and (3), the provisions which require communications to be written or documented. Accordingly, we now request that the Court order these additional protections – namely, that communications involving the firewalled AUSA be in writing or otherwise documented, and that any pleadings or other communication to the Court filed by the firewalled AUSA not be served on the government's trial team absent Court approval – in order to protect

2

against, and identify, breaches of the firewall.  *See e.g., United States v. Johnson*, 362 F.Supp.2d 1043, 1084 (N.D. Iowa 2005) (setting forth firewall procedures, requiring that communications be documented) [2]; *see also United States v. Lujan*, Cr. No. 05-924 (D. N.M. 2011) (DE 885, pp. 13-24, discussing government breach of firewall).

Adopting these procedures will also help ensure that any possible disagreement concerning compliance with the firewall procedures can be quickly and reliably resolved on the basis of a well-documented record.

### Conclusion

In order to ensure the integrity of the firewall, that the work of the defense is appropriately protected, and to avoid unnecessary delays in defense trial preparation, defense counsel ask the Court to impose conditions (2) and (3), above.

> Respectfully submitted,
> DZHOKHAR TSARNAEV
> by his attorneys
>
> */s/  Judy Clarke*

---

[2] In *Johnson*, the court set forth procedures to govern the firewalled (or "taint") attorney's activities in the context of Rule 12.2 that included the following:

> Should the "outside taint attorneys" find that an inquiry must be made to the prosecutors in this case, such an inquiry must be made in either of two ways: (1) in writing, with a copy filed under seal until after the Rule 12.2(c)(2) disclosures have been made, and the copy must be disclosed with those Rule 12.2(c)(2) disclosures; or (2) in a pre-arranged telephone call with a court reporter making a complete record of the conversation, which shall also be filed under seal until after the Rule 12.2(c)(2) disclosures have been made, and then disclosed with those Rule 12.2(c)(2) disclosures. The flow of information between the prosecutor and the "outside taint attorneys" must be entirely one-way, with the "taint attorneys" seeking information and the prosecutor providing it.

>Judy Clarke, Esq. (CA Bar # 76071)
>CLARKE & RICE, APC
>1010 Second Avenue, Suite 1800
>San Diego, CA 92101
>(619) 308-8484
>JUDYCLARKE@JCSRLAW.NET
>
>David I. Bruck, Esq. (SC Bar #967)
>220 Sydney Lewis Hall
>Lexington, VA 24450
>(540) 460-8188
>BRUCKD@WLU.EDU
>
>Miriam Conrad, Esq. (BBO # 550223)
>Timothy Watkins, Esq. (BBO # 567992)
>William Fick, Esq. (BBO # 650562)
>FEDERAL PUBLIC DEFENDER OFFICE
>51 Sleeper Street, 5th Floor
>(617) 223-8061
>MIRIAM_CONRAD@FD.ORG
>TIMOTHY_WATKINS@FD.ORG
>WILLIAM_FICK@FD.ORG

**Certificate of Service**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 21, 2014.

>*/s/ Judy Clarke*