UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Crim. No.13-10200-GAO |
| | ) | |
| DZHOKHAR A. TSARNAEV, | ) | <u>FILED UNDER SEAL</u> |
| Defendant | ) | |

<u>OPPOSITION TO DEFENDANT'S MOTION FOR DISCLOSURE</u>

The United States of America, by and through its undersigned counsel, respectfully opposes defendant Dzhokhar Tsarnaev's Motion For Disclosure. Tsarnaev argues that he has a legal right to the production of information from the Court, the United States Attorney, the United States Marshal, and the Chief United States Probation Officer that will help him "to determine whether a motion to recuse the District of Massachusetts or the U.S. Attorney for the District of Massachusetts" should be filed. (Deft. Mot. at 3). For the reasons stated below, Tsarnaev's motion lacks merit and should be denied.

**ARGUMENT**

A.  <u>The United States Attorney, United States Marshal, and Chief United States Probation Officer</u>

No law sets forth circumstances under which the United States Attorney, the United States Marshal, the Chief United States Probation Officer, or their respective employees must recuse themselves from a prosecution. Tsarnaev does not cite a single decision in which any of these entities or their

employees were legally required to recuse themselves, and the government is aware of none. It follows that Tsarnaev has no right to discovery in this area. Even assuming, moreover, that there was a law requiring recusal of these entities or their employees under certain circumstances, Tsarnaev still would have no right to discovery, because information relating to a possible recusal motion is not "material to preparing the defense" within the meaning of Rule 16(a)(1)(E), see United States v. Armstrong, 517 U.S. 456 (1996), or "material" and "exculpatory" within the meaning of Brady v. Maryland, 373 U.S. 83 (1963). To the extent Tsarnaev's motion relates to the United States Attorney's Office, United States Marshal, and United States Probation Office, it should be denied as having no legal basis whatsoever.

    B.    The Court and Court employees

Although 28 U.S.C. § 455 requires judicial officers to self-disqualify in certain circumstances, neither that statute nor any other law entitles a defendant to go on a fishing expedition for information that might support a disqualification motion. See, e.g., In re McCarthey, 368 F.3d 1266, 1269 (10th Cir. 2004) ("Section 455 does not provide for discovery, and no case we have reviewed has endorsed such a procedure."); Cheeves v. S. Clays, Inc., 797 F.Supp. 1570, 1582 (M.D. Ga. 1992) ("Either the alleged bias has already been manifested in some

2

way within the knowledge, information or belief of the party-affiant, or the effort to depose the judge would be a classic fishing expedition.").

Tsarnaev appears to argue that his motion must be granted because the Court did not notify him that Mr. Garvin was in the Forum Restaurant at the time of the second Marathon explosion (Deft. Mot. at 4), but that argument has no support in law or logic. To the extent section 455(a) imposes a disclosure requirement on judges, it reaches only those "circumstances that may give rise to a reasonable question about his [the judge's] impartiality." In re McCarthey, 368 F.3d at 1269. Mr. Garvin's mere presence at the Forum Restaurant does not give rise to a reasonable question about the Court's impartiality. It therefore does not call into doubt the Court's ability or willingness to comply with section 455(a), let alone entitle Tsarnaev to go on a wide-ranging fishing expedition for information that might be useful in filing a recusal motion.

C.  Timeliness

Finally, Tsarnaev's motion is untimely. Tsarnaev has known since April 15, 2013, that Court officers and employees, not to mention their relatives or close personal friends, might have witnessed one of the Marathon explosions, been present at or near the Marathon finish line, or lived in one of the neighborhoods where events in this case took place. That is

simply a matter of common sense. Yet Tsarnaev waited 14 months to file his Motion For Disclosure. The fact that the government's letter concerning Mr. Garvin apparently awoke Tsarnaev to the possibility that he might want to pursue a recusal motion does not excuse this 14-month delay.

WHEREFORE, the government respectfully requests that the Court deny Tsarnaev's Motion For Disclosure.

> Respectfully submitted,
>
> CARMEN M. ORTIZ
> UNITED STATES ATTORNEY
>
> By: /s/ William D. Weinreb
> WILLIAM D. WEINREB
> ALOKE S. CHAKRAVARTY
> NADINE PELLEGRINI
> Assistant U.S. Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non-registered participants on this date.

> /s/ William D. Weinreb
> WILLIAM D. WEINREB

4