UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Crim. No.13-10200-GAO |
| | ) | |
| DZHOKHAR A. TSARNAEV, | ) | |
| Defendant | ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION FOR SETTING OF FIREWALL PROCEDURES**

The United States, by and through its undersigned counsel, respectfully files this opposition to defendant Dzhokhar Tsarnaev's Motion for Setting of Firewall Procedures. Because the requested procedures are unduly burdensome and unnecessary, the United States requests that the Court deny Tsarnaev's motion.

**INTRODUCTION**

In agreements with Tsarnaev negotiated outside of Court, the government has voluntarily submitted to many restrictions on its own authority under the SAM's to address problems that have been largely been theoretical and would likely have remained so even in the absence of an agreement. For example, the government has agreed that:

- If BOP has concerns about materials, electronic or otherwise, brought into Tsarnaev's cell by his attorneys, they may not consult with anyone in DOJ without first attempting to resolve any issues about the materials with Tsarnaev's attorneys;

- if BOP cannot resolve the issues with Tsarnaev's attorneys, they still may not consult the prosecution team, but must instead consult with a firewalled AUSA;

- the firewalled AUSA, in turn, may not reveal to the prosecution team any information regarding his/her consultations with BOP or the information or issues to which it pertains except to the extent that: (1) disclosure is necessary to determine whether a violation of the SAMs or of BOP policies and regulations has actually occurred or (2) the designated Assistant U.S. Attorney determines by a preponderance of the evidence that a violation of the SAMs or of BOP policies and regulations has in fact occurred;

- the firewalled AUSA may never, at any time, become a member of the prosecution team; and

- all written communications between the firewalled AUSA, acting in that capacity, and anyone else must be stored in a secure place to which no one on the prosecution team has access.

- Any defense requests to modify paragraphs 2(d), 2(e), or 2(f) of the SAMs so as to add named individuals must be addressed with the firewalled AUSA, who may not pass on any information about the requests to the prosecution team;

- No one on the Prosecution Team may be involved in clearing or approving visitors to Tsarnaev. Instead, all SAM affirmations and BOP clearance forms henceforth must be maintained by individuals who are not part of the Prosecution Team;

- No one on the Prosecution Team may be provided with a copy of the Tsarnaev visitor log until the defense has had an opportunity to redact the names of defense experts and the dates of their visits.

In addition, on June 18, 2014, the Court accepted the government's proposal that a firewalled agent and AUSA be utilized to monitor in-person visits between Tsarnaev and his sisters. Thereafter, the Court denied Tsarnaev's motion to vacate the SAMs.

Tsarnaev has now moved the Court to place two additional restrictions on government authority of Tsarnaev's making: (1) all communications between the firewalled AUSA, acting in that capacity, and anyone else must be in writing, or memorialized in writing; and (2) all communications between the firewalled AUSA and the Court must be in writing, must be served on defense counsel, but must not be served on any member of the prosecution team "unless and until the Court determines that it should be." These proposals are unnecessary, unduly restrictive, and should be rejected.

## ARGUMENT

Requiring all communications between the firewalled AUSA and anyone else to be in writing is completely unnecessary. The sole purpose of having a firewalled AUSA is to wall off certain information from the prosecution team. Tsarnaev has no more right to know about the

firewalled AUSA's communications with the firewalled FBI agent, or with BOP or DOJ officials, than he had to know about the prosecution team's communications with those individuals.  And he certainly has no right to police the firewalled AUSA's communications with the prosecution team.  The firewalled AUSA can and should be trusted to give an accurate account of his communications with others if ever it becomes necessary to call him to account.

Requiring all communications between the firewalled AUSA and anyone else to be in writing or (memorialized in writing) would also be unduly burdensome.  The firewalled AUSA is stepping into a case in the investigation and prosecution of which he has played no part; he may therefore need to engage in extensive back-and-forth consultation with BOP, the firewalled FBI agent, and/or others in DOJ if an issue within his jurisdiction arises.  Requiring him to conduct all of those communications in writing would unduly burden him for no good reason.

It is also unnecessary to order that all communications between the firewalled AUSA and the Court be in writing.  The firewalled AUSA is an experienced AUSA who knows full well when it is and is not appropriate to communicate with a judge or his chambers other than in writing.  And there is no basis for a blanket requirement that all communications between the firewalled AUSA and the Court be served on the defense (or that all of those communications be kept from the government).  That is a matter best left for the Court to determine on a case-by-case basis.  For example, it is easy to imagine circumstances in which it might be appropriate for the firewalled AUSA to communicate with the Court ex parte, or for the Court to share a communication with both parties.

## CONCLUSION

WHEREFORE, the government respectfully requests that the Court deny Tsarnaev's Motion For Setting Of Firewall Procedures.

                                        Respectfully submitted,

                                        CARMEN M. ORTIZ
                                        United States Attorney

By:    /s/William D. Weinreb
        William D. Weinreb
        Nadine Pellegrini
        Aloke Chakravarty
        Assistant U.S. Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)

                                        /s/Nadine Pellegrini
                                        Nadine Pellegrini
                                        Assistant United States Attorney

Date: August 4, 2014