UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 13-10200-GAO |
| | ) | |
| DZHOKHAR TSARNAEV | ) | |

**REPLY TO GOVERNMENT'S OPPOSTION TO DEFENDANT'S
MOTION FOR CLARIFICATION OF DEFENSE PRETRIAL
PENALTY-PHASE EXPERT DISCOVERY OBLIGATIONS**

The defendant filed his Motion for Clarification of Defense Pretrial Penalty-Phase Expert Discovery Obligations [DE 442] on July 25, 2014, seven days before counsel received the Government's letter of August 1 containing its final expert disclosures. In its Opposition [DE 462], the government argues that the defense should have raised the scope of its expert disclosure obligations sooner, and charges that the present motion is a "charade" designed to evade the defendant's penalty phase expert disclosure obligations after the government had already made its own such disclosures.

First, the government is simply wrong in its insistence that the June 23 scheduling order unambiguously resolved the scope of the defendant's pretrial disclosure obligations. While the question of liability-phase versus penalty phase disclosures was briefly discussed at two prior status conferences, it was not resolved. Given the almost total lack of precedent for such broad disclosures of mitigating evidence before trial, *see infra,* the mere setting of a date for the defendant's Rule 16 disclosures did not resolve whether such disclosures would encompass non-mental health mitigation evidence.

Nor is there any merit to the government's claim that it has detrimentally relied on its own expansive reading of the defendant's Rule 16 disclosure obligations. Even indulging the erroneous assumption that the defendant's penalty phase expert disclosure obligations are the same as the government's, *see infra*, the government's claim that it has complied with "its own discovery obligations – including penalty-phase discovery," Opp. at 1, is largely incorrect and certainly exaggerated. Of the 18 experts identified in the government's August 1 disclosure letter, only one, a trauma researcher, is specifically designated as solely or even primarily a penalty-phase witness. The government apparently plans to call most or all of the remaining 17 experts listed in its August 1 letter at the guilt-or-innocence phase of trial. Likewise, the 31 experts (and 17 CVs) disclosed in the government's massive data-dumps on June 30 and July 7 are all guilt-phase witnesses, if indeed they are going to be witnesses at all. Thus, with a single exception (and that of doubtful admissibility), the government's "penalty phase" disclosures amount to its revelation that it may *recall* a handful of its guilt-phase experts to provide additional testimony at the sentencing phase.[1] Under these circumstances, the government's somewhat indignant claim of detrimental reliance on a supposed duty on the part of the defense to provide broad sentencing-phase discovery before trial is misplaced.

---

[1] The government's August 1 letter specifies that it intends to recall one or more of three terrorism experts at the penalty phase, and apparently intends to do the same for Dr. David King, a trauma surgeon at Massachusetts General Hospital, and three FBI explosives experts. Letter at 5, 10, 12.

The government cites a handful of district court cases in support of its claim that capital defendants' penalty evidence is fully subject to the reciprocal discovery obligations imposed by Rule 16, or else that the Court should craft such disclosure obligations on its own authority.  The defendant has already distinguished the one reasoned precedent for the government's position, *United States v. Catalan-Roman*, 376 F.Supp.2d 108 (D. PR 2005).  *See* Def. Mot. for Clarification at 4-7.  The government now offers only two other cases, and neither substantially strengthens its argument for broad pretrial disclosure of non-mental health expert mitigation evidence.

In *United States v. Northington*, 2012 WL 2873360 (E.D.Pa. 2012), the defendant moved for a pretrial hearing at which he intended to prove that he was ineligible for the death penalty by reason of intellectual disability. At the same time, he sought to invoke the protections of Rule 12.2(c) to avoid turning over reports of his own mental health evaluations until the government had conducted and disclosed the results of its own evaluation.  The court found that the timing provisions of Rue 12.2 were inapplicable to a pretrial determination of intellectual disability (known as an "*Atkins*" hearing), because "it would be impossible to have a meaningful pretrial evidentiary hearing to consider Defendant's *Atkins* claim without the exchange of expert reports. Rule 12.2(c)'s provisions related to the disclosure of expert reports obviously cannot apply in cases where a defendant is claiming ineligibility for the death penalty based upon intellectual disability." *Northington* at *5.  Thus, the actual issue before the court in *Northington* concerned the obligation of a defendant to disclose mental health expert evidence after affirmatively raising prior to trial the question of intellectual disability and obtaining a

pretrial evidentiary hearing on that issue. *Northington* is hardly authority for the proposition that the government is entitled to broad disclosure of non-mental health expert mitigation evidence well in advance of the defendant's trial and conviction.

The government's other case, *United States v. Wilson*, 493 F.Supp.2d 348 (E.D.N.Y. 2006), *sentence rev'd on other grounds sub. nom., United States v. Whitten*, 610 F.3d 168 (2d Cir. 2010)), is also inapposite because it concerns an order requiring disclosure of (1) mental health evidence (2) to a firewalled government attorney (3) after the defendant filed notice of his intent to present expert mental health evidence in mitigation under Rule 12.2. None of these three enumerated aspects of *Wilson* are present here, and so *Wilson* provides scant support for the government's claim of a broad entitlement to pretrial expert disclosures that concern only mitigation evidence to be presented at sentencing, should the defendant be convicted of a capital offense at trial.

In light of the fact that the federal government has now filed notices of intent to seek the death penalty against nearly 500 defendants in the modern era of capital punishment, it is telling that the government can point to so few cases supporting its claim of a broad entitlement to pretrial discovery of non-mental health mitigation expert evidence. The almost total absence of authority for the government's position likely reflects a general recognition by federal courts that pretrial discovery of a defendant's mitigation evidence raises substantial Fifth and Sixth Amendment concerns, and is generally inconsistent with the rights of all criminal defendants to put to the government to its burden of proving guilt without assistance from the accused or his counsel.

Indeed, the seminal case setting out procedures for capital sentencing mental health evaluations that were eventually codified in the 2002 amendments to Rule 12.2, *United States v. Beckford,* 962 F.Supp. 748 (E.D Va.1997), expressly rejected government claims that it was entitled to pretrial notice of a summary of the defendant's mental health experts opinions, or of "any and all materials supplied to the defense expert that form the basis of his or her opinion."  With respect to the latter, the *Beckford* court recognized that "[a]n order of that scope would violate the defendants' Sixth Amendment right to effective assistance of counsel in that defense planning and strategy would necessarily be revealed through the production of 'any and all materials supplied to the defense expert.'"  Codifying *Beckford's* very limited pretrial notice requirements, the 2002 amendments to Rule 12.2 struck a balance that accords considerably greater protection to the constitutional rights of capital defendants than to the government's desire to know before trial what mitigating evidence the defendant may eventually offer if he is convicted.  The lack of authority for the government's more expansive view of its pretrial penalty phase discovery rights reflects the restraint with which the federal courts have approached this issue, and warrants similar caution here.

In noncapital cases, the government's need for a presentence investigation is accommodated by a substantial interlude between conviction and sentencing.  The lack of such an interval in capital cases may complicate the government's efforts to rebut the defendant's mitigating evidence, but does not justify wholesale disclosure of the defendant's sentencing case before the government has proven his guilt.

**CONCLUSION**

For the foregoing reasons and those contained in his Motion for Clarification [DE 442], the defendant submits that the Court should clarify that its June 23 scheduling order requires the defendant to provide disclosures only of expert evidence that he intends to present at the guilt-or-innocence phase of trial (after the government has first satisfied the disclosure requirements of Rule 16(a)(1)(G)), and does not extend to evidence that the defendant will offer solely in mitigation of punishment.

Respectfully submitted,

DZHOKHAR TSARNAEV
By his attorneys

/s/ *David I. Bruck*

Judy Clarke, Esq. (CA Bar # 76071)
CLARKE & RICE, APC
1010 Second Avenue, Suite 1800
San Diego, CA 92101
(619) 308-8484
JUDYCLARKE@JCSRLAW.NET

David I. Bruck, Esq. (SC Bar # 967)
220 Sydney Lewis Hall
Lexington, VA 24450
(540) 460-8188
BRUCKD@WLU.EDU

Miriam Conrad, Esq. (BBO # 550223)
Timothy Watkins, Esq. (BBO # 567992)
William Fick, Esq. (BBO # 650562)
FEDERAL PUBLIC DEFENDER OFFICE
    51 Sleeper Street, 5th Floor
(617) 223-8061
MIRIAM_CONRAD@FD.ORG
TIMOTHY_WATKINS@FD.ORG
WILLIAM_FICK@FD.ORG

## **CERTIFICATE OF SERVICE**

      I, David I. Bruck, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on August 12, 2014.

      /s/  David I. Bruck