UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 13-10200-GAO

UNITED STATES OF AMERICA

v.

DZHOKHAR A. TSARNAEV,
Defendant.

ORDER
[UNDER SEAL]
August 18, 2014

O'TOOLE, D.J.

The defendant has filed a "Motion for Disclosure" (dkt. no. 404) seeking information about potential involvement of various court personnel in the events surrounding the Marathon bombings as either victims or potential witnesses. Acknowledging that he has "no factual basis to conclude that this Court is actually biased in this case, or that recusal under 28 U.S.C. §§ 144 or 455(b) is warranted," id. at 4, he nonetheless suggests that the Court's "impartiality might reasonably be questioned" under § 455(a) "if it emerges that individuals employed in the 'court family' are potential victims or witnesses, or have close connections to victims, witnesses [sic], to the events alleged in the indictment." Id. at 5.

Recusal obligations are imposed on judicial officers by § 455, but not on other court employees. To the extent the motion seeks information to support some claim that a non-judicial officer had an obligation to "recuse" from, say, clerical duties, it is wholly baseless. While the motion is indirect about the matter, the necessary implication is that there is a possibility that Magistrate Judge Bowler's impartiality could reasonably be questioned. The only actual facts the

defendant has to rely on are (1) that the regular courtroom deputy clerk to Magistrate Judge Bowler at the time of the event was in a restaurant near the place where one of the bombs was detonated and (2) Magistrate Judge Bowler was aware of that when she presided over the initial proceedings in the case. There is no information that the clerk was physically affected by the explosion or a percipient witness to it. The clerk was no different from any of the large number of persons gathered to celebrate the Marathon event. There is no information that he was in any way peculiarly affected by the bombing differently from any other of the many general spectators in the area. A reasonable person, aware of those facts alone (and there are no more), would not find them a basis for objectively doubting Magistrate Judge Bowler's impartiality.

The defendant does not now say otherwise. Rather, he wants what is essentially a discovery process directed to Court personnel to see if he can learn other facts that might conceivably form the basis for some other request for relief of some kind. Such a motion is literally extraordinary. See In re McCarthey, 368 F.3d 1266, 1269 (10th Cir. 2004). Discovery from personnel of the judicial branch other than judges is possible, but if it occurs, it must be conducted in conformity with the applicable regulations established by the Judicial Conference of the United States. See generally, Guide to Judiciary Policy, Chapter 8 ("Testimony and Production of Records"). There may also be questions of privilege or competency, but they have not been addressed.

The present motion (dkt. no. 404) is DENIED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge