UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**FILED UNDER SEAL**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | NO. 13-CR-10200-GAO |
| ) | |
| DZHOKHAR TSARNAEV ) | |

**REPLY TO GOVERNMENT'S OPPOSTION TO DEFENDANT'S
SEALED SUPPLEMENTAL MOTION TO COMPEL THE GOVERNMENT
TO COMPLY WITH ITS EXPERT DISCLOSURE OBLIGATIONS**

Defendant, Dzhokhar Tsarnaev, by and through counsel, respectfully submits this Reply to the Government's Opposition [DE 504] to his Sealed Supplemental Motion to Compel the Government to Comply with its Expert Disclosure Obligations. [DE 460.]

The still-pending Sealed Supplemental Motion concerns the government's expert disclosures provided on August 1, 2014, *i.e.*, those concerning "terrorism and geopolitics," computer forensics, and a handful of other disciplines. The government's contention that it "provided the requisite level of detail about the government's expert witnesses" in those disclosures, Opp. at 1, is unfounded. The August 1 disclosure letter is little more than an extensive list of expert testimony *topics*, lacking case-specific *substance*. It lacks even the small amount of substance contained in the June/July forensic disclosures that the Court has already found wanting. *See* D.E. 498. To maintain, as the government apparently still does, that such disclosures comply with the Rules is simply untenable.

Underlying much of the government's Opposition is the mistaken premise that Rule 16(a)(1)(G) only applies to prospective testimony rendered in the form of an "opinion" and does not reach testimony by witnesses with specialized knowledge or experience that is factual in nature or provides "background." *See, e.g.*, Opp. at 4, 6, 9. Whether or not the witnesses disclosed in the government's August 1 letter will ultimately state an "opinion" in the common sense of the word, the government has expressly represented that they are "experts" who will testify on specialized subjects based on particular qualifications. Fed. R. Evid. 702 applies to such testimony in whatever form it takes: "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion *or otherwise*" (emphasis added). Rule 16(a)(1)(G), in turn, requires the government to provide a "*written summary*" of "*any testimony* that the government intends to use under Rules 702, 703, or 705 . . ." (emphasis added). The Rule is intended to "minimize surprise that often results from unexpected expert testimony, to reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merits of the expert's testimony through focused cross-examination." Advisory Committee Notes to 1993 Amendment to Fed. R. Crim. P. 16.[1]

---

[1] Notably, Fed. R. Evid. 705 expressly contemplates cross-examination about the "underlying facts or data" upon which an expert relies. Timely production of this material under Rule 16(a)(1)(G), as part of the "bases" of testimony, ensures that trial may proceed efficiently.

The various cases upon which the government relies in its Opposition fail to support its position:

*United States v. Mehta*, 236 F. Supp. 2d 150 (D. Mass. 2002), Opp. at 1, 2, concerned the sufficiency of a defendant's reciprocal expert disclosure. In that case, involving alleged tax evasion, the Magistrate Judge had required the defendant "to provide even more information than the government has provided," *id.* at 156, which the Court held to be improper. Such circumstances are not at issue here.

*United States v. McCluskey*, 954 F. Supp. 2d 1224 (D.N.M 2013), Opp. at 2, involved a *Daubert* challenge to DNA evidence accompanied by a complaint that the government's disclosures were inadequate. *See id.* at 1231. In that case, the government provided the expert's "lab reports, the foundational data including protocols and standard operating procedure, internal and external audits, and proficiency tests," which, not surprisingly, the Court held to be sufficient. While, as *McCluskey* noted, Rule 16 may not "track the methodological factors by the Daubert Court," *id.*, that is not what the defense is seeking in Mr. Tsarnaev's case.

*United States v. Brown*, 592 F.3d 1088 (10th Cir. 2009), Opp. at 3, held that the defendant had "waived his right to object to the government disclosures" because he "waited until cross-examination to object to [the expert] testimony and seek a supplemental report setting forth the bases and reasons for [the expert's] opinion." *Id.* at 1089-90. On an abuse of discretion standard of review, the Court found that a disclosure lacking certain details "substantially complied with Rule 16" because it did, in fact, convey that the expert would testify to a particular fingerprint match. *Id.* at 1090.

In *United States v. Jackson*, 51 F.3d 646 (7th Cir. 1995), Opp. at 3, the court held that the government "barely" satisfied the requirements of Rule 16 where it "notified the defendant that the experts "were of the opinion that certain paraphernalia and profile evidence were frequently linked to the sale of narcotics." *Id.* at 651. At the same time, the Court warned that "[o]ther contexts, such as cases involving technical or scientific evidence, may require greater disclosure, including written and oral reports, tests, investigations, and any other information that may be recognized as a legitimate basis for an opinion . . . ." *Id.* The Court continued: "[I]n light of the somewhat amorphous parameters of the drug courier profile, in future cases we strongly encourage the government to offer more specific descriptions of the opinions of the witnesses, foundations for their testimony, and their qualifications." *Id.*

In *United States v. Duvall*, 272 F. 3d 825 (7th Cir. 2001), contrary to the government's representation, Opp. at 3-4, the court found the government's disclosure to be inadequate:

> We believe that the government's notice did not adequately summarize or describe [the expert's] trial testimony. *The Rule requires a summary of the expected testimony, not a list of topics.* The government's notice provided a list of the general subject matters to be covered, but did not identify what the opinion the expert would offer on those subjects. For example, the statement that [the expert] would testify concerning 'the manner in which methamphetamine is distributed' does not in any way identify the particular opinion that [the expert] offered at trial — for example, that methamphetamine is typically divided into small packages for distribution. Similarly the statement that [the expert] would testify 'concerning amounts of methamphetamine an individual might have for distribution, as opposed to personal use,' does not identify what amount, according to the expert, would point to intended sales rather than use.

*Id.* at 828 (emphasis added). *United States v. Rogers*, 2006 WL 5249745 (D.D.C. Jul. 17, 2006), Opp. at 4, held likewise. *See id.* at * 4 (the disclosure "offered only the topics on which [the expert] would testify and that he would offer an opinion, but did not state the actual conclusion to which he would testify. This type of summary was insufficient under Rule 16 since it did not 'describe the witness's opinion' under the Rule."). Thus, *Duvall* and *Rogers* strongly support the defense position here.

In *United States v. Lamonda*, 2006 WL 843823 (M.D. Fla. Mar. 29, 2006), Opp. at 4-5, a magistrate judge ordered the government to provide "a supplemental disclosure of the bases and reasons support [the expert's] opinion" that certain income was taxable. *Id.* at 2. To the extent the magistrate judge also found that listing the general subjects of another expert's testimony was sufficient, that decision was inconsistent with both the language of Rule 16 and the weight of other district court and appellate authority.

Finally, the government's reliance on *United States v. Mehanna*, 735 F.3d 32 (1st Cir. 2013), and *United States v. Mubayyid*, 658 F.3d 35 (1st Cir. 2011), Opp. at 8, is misplaced. Neither appellate decision involved any discussion of expert disclosures, nor is it clear whether the adequacy of government disclosures was litigated at any point in those cases.[2]

**Terrorism/Geopolitics.** The government now claims that its terrorism/geopolitics experts "will not offer opinion testimony but rather only background information about matters within their area of expertise." Opp. at 5. However, this claim is flatly contrary

---

[2] The defense has asked the government for an opportunity to review the *Mehanna* disclosures to test the government's assertion that they were analogous in scope and level of detail provided here; the government has declined.

to the government's August 1 disclosure letter, which expressly represents that they will offer various opinions, *e.g.*: "The witnesses are expected to . . . opine how the facts in this case fit into the global jihadist movement," and "[t]he witnesses will opine that if the defendant and his brother had succeeded in carrying out additional bombings in another large city such as New York, the resulting terror would have been even greater," etc. Moreover, Rule 16 requires the government to summarize the substance of expert testimony whatever form it may take. The subjects that the government has identified for these experts to cover are far from mere "background." Rather, the apparently underlying premise of the government's putative experts — that an identifiable "global jihadi movement" exists — will be a contested issue at trial. The defense cannot make reciprocal disclosures or properly prepare for trial without knowing the substance of what the government's experts will say.

Notably, the government also states that "to the extent the experts prepare written reports, [it] will provide them as *Jencks* material when it receives them." Opp. at 5.[3] Production of such reports could well render this portion of the defense motion moot, if and when it occurs. But the government has not indicated when such reports may be

---

[3] In the penultimate paragraph of its conclusion, the government includes an ambiguous statement that may signal its intent to provide reports from its three "terrorism" experts by September 2. The statement is ambiguous because the government does not indicate whether "this information" (to be disclosed by September 2) includes the terrorism experts' reports, or only the last-mentioned FBI computer report concerning the defendant's laptop computer. Even assuming that the government does in fact plan to disclose its terrorism experts' reports by September 2, and further assuming the adequacy of these belated disclosures under Rule 16, the government has still not made these disclosures, and thus the defendant's own reciprocal disclosure obligations under Rule 16(b)(1)(C) have yet to be triggered.

ready, or why, given the government's press for an early trial date, the reports are not yet ready.

**Computer Forensics.** The government's argument with regard to computer forensics rests solely on its argument, addressed above, that the experts will not render "opinions." Opp. at 8-9. The government has produced more than thirty (30) electronic devices in this case, most of which contain tens of thousands of files and internet artifacts in a variety of languages. While the defense could make some educated guesses about the needles that the government may choose to highlight in these electronic haystacks, Rule 16 is designed to remove the need for such guesswork. Moreover, conclusions about the origin, history transfer among devices, and dates of access to certain files of information often require layers of comparison and inference, and can be subject to debate. In order to prepare for such controversies, the defense needs to know what conclusions the government has drawn that it deems to have evidentiary significance.

**Linguistics and Culture.** The fact that the government "has not yet determined whether it will need to offer translations," Opp. at 10, flouts the rule and this Court's disclosure deadlines. Prompt disclosure of this information is important precisely so that the defense has time, as the government puts it, to "hire his own translators" and verify the accuracy of the government's work. With regard to Chechen cultural issues, the government now states that Ms. Shishani will be testifying as a lay witness." If that is the case, her qualifications as provided by the government do not indicate why such testimony would be admissible.

**Explosives.** The government's Opposition does little more than repackage the

information in its August 1 letter, listing topics and posing questions without providing the substance of the testimony. Opp. at 13. As noted above and argued in defendant's Supplemental Motion to Compel Expert Disclosures, such a listing of topics and questions is insufficient to satisfy the government's obligations under Fed. R. Crim. P. 16(a)(1)(G).

## Conclusion

For the foregoing reasons, as well as those set forth in Mr. Tsarnaev's Sealed Supplemental Motion to Compel, the government should be ordered to provide compliant disclosures and the defendant's reciprocal disclosures should be postponed accordingly.

Respectfully submitted,

DZHOKHAR TSARNAEV
By his attorneys

Judy Clarke, Esq. (CA Bar # 76071)
CLARKE & RICE, APC
1010 Second Avenue, Suite 1800
San Diego, CA 92101
(619) 308-8484
JUDYCLARKE@JCSRLAW.NET

David I. Bruck, Esq. (SC Bar # 967)
220 Sydney Lewis Hall
Lexington, VA 24450
(540) 460-8188
BRUCKD@WLU.EDU

Miriam Conrad, Esq. (BBO # 550223)
Timothy Watkins, Esq. (BBO # 567992)
William Fick, Esq. (BBO # 650562)

FEDERAL PUBLIC DEFENDER OFFICE
51 Sleeper Street, 5th Floor
(617) 223-8061
MIRIAM_CONRAD@FD.ORG
TIMOTHY_WATKINS@FD.ORG
WILLIAM_FICK@FD.ORG

## CERTIFICATE OF SERVICE

I, William Fick, hereby certify that this has been served upon government counsel by e-mail PDF on this 25th day of August, 2014.

_____