UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **Crim. No.13-10200-GAO** |
| | ) | |
| **DZHOKHAR A. TSARNAEV,** | ) | |
| **Defendant** | ) | |

## GOVERNMENT'S RENEWED MOTION FOR LIST OF MITIGATING FACTORS

On May 7, 2014, the government moved for an order directing Tsarnaev to provide a list of the mitigating factors on which he intends to rely at sentencing (Dkt. 294). Tsarnaev opposed the motion (Dkt. 315). At the June 18, 2014 status hearing, the Court denied the government's motion without prejudice and invited the government to renew it after the deadline for filing notice under Federal Rule of Criminal Procedure 12.2.

Four months have passed since the government filed its original motion. The Rule 12.2 filing deadline has come and gone. Tsarnaev did not file a Rule 12.2 notice, precluding him from introducing expert evidence relating to a mental condition bearing on the issues of guilt or punishment. See Fed. R. Crim. P. 12.2(b). The deadline for Tsarnaev to provide the government with affirmative expert discovery has also passed. Tsarnaev provided the government with notice of only one affirmative penalty-phase expert -- a social worker -- who, according to a letter from the defense, will testify about "relevant aspects of

Mr. Tsarnaev's life history."

The government now renews its original motion for a list of the mitigating factors on which Tsarnaev will rely during the sentencing phase and incorporates its original motion by reference.  With jury selection around the corner, and time for trial preparation running short, the government's need for such a list is even more pressing than it was four months ago.  And even assuming Tsarnaev had legitimate reasons back then for withholding such a list, they no longer exist.  It is now clear that Tsarnaev will not offer evidence relating to a mental condition or any affirmative expert testimony at all aside from "relevant aspects of [his] life history."  That means providing a list of mitigating factors now will not require Tsarnaev to disclose anything the Court has previously ruled he need only disclose in the future.

Aside from a one-sentence disclosure notifying the government that an expert will testify about "relevant aspects of Mr. Tsarnaev's life story," the defense has produced no information whatsoever about its case-in-chief.  Tsarnaev was arrested over 16 months ago, and trial beings in less than eight weeks.  The time has come for Tsarnaev to provide the government with basic notice about its mitigation case.  The government's job at the sentencing phase is not just to prove the existence of aggravating factors but to "rebut any information received

[in mitigation] at the hearing." 18 U.S.C. § 3593(c). The government cannot do that job without advance notice of the mitigating factors on which Tsarnaev intends to rely.

WHEREFORE, the government respectfully moves the Court to order Tsarnaev to file notice of the mitigating factors on which he will rely.

```
                              Respectfully submitted,

                              CARMEN M. ORTIZ
                              UNITED STATES ATTORNEY

                         By:  /s/ William D. Weinreb
                              WILLIAM D. WEINREB
                              ALOKE S. CHAKRAVARTY
                              NADINE PELLEGRINI
                              Assistant U.S. Attorneys
```

**CERTIFICATE OF SERVICE**

I hereby certify that this document will be sent via electronic mail to Judy Clarke, Esq., counsel for Dzhokhar Tsarnaev, on this date.

```
                              /s/ William D. Weinreb
                              WILLIAM D. WEINREB
```