```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA      )
                              )
      v.                      )     Crim. No.13-10200-GAO
                              )
DZHOKHAR A. TSARNAEV,         )
            Defendant         )
```

## GOVERNMENT'S RENEWED MOTION TO COMPEL RECIPROCAL DISCOVERY

On April 30, 2014, the government moved for an order "to (1) compel reciprocal discovery by defendant, Dzhokhar Tsarnaev ("Tsarnaev"), under Federal Rule of Criminal Procedure 16(b) and Local Rule 116(d), and (2) preclude Tsarnaev from introducing any evidence in his case-in-chief at trial or sentencing that has not been provided to the government by April 30, 2014, unless Tsarnaev can demonstrate that (a) the evidence is newly discovered and was promptly produced; or (b) that the government introduced evidence in its case in case-in-chief that Tsarnaev could not in good faith have anticipated, and in fairness Tsarnaev ought to be able to rebut that evidence by presenting his own evidence in the defense case-in-chief."

On June 23, 2014, the Court ordered Tsarnaev to produce "reciprocal discovery under Rule 16(b)(1)(A),(B) and (C)" by September 2, 2014.

The government filed its motion over four months ago, and the Court issued its Order over two months ago. Nevertheless,

September 2, 2014 has come and gone and Tsarnaev has not produced a single bit of reciprocal discovery under Rules 16(b)(1)(A) or (B).  With respect to Rule 16(b)(1)(C), the government received only the following disclosure, which states in its entirety:

> Tsarnaev will call a social worker who will testify about relevant aspects of Mr. Tsarnaev's life history. [Her] testimony will be based on interviews and on her review of documents and records.  To the extent that [she] will provide expert testimony as a clinical social worker, she will identify risk and other factors in the defendant's background and environment, if any, that shaped his life.

There is no excuse for Tsarnaev's failure to provide reciprocal discovery this late in the day.  The defense made clear from the outset of this case that it intended to "survey a broad set of sources," including but not limited to Tsarnaev's:

> medical history; complete prenatal, pediatric and adult health information; exposure to harmful substances in utero and in the environment; substance abuse history; mental health history; history of maltreatment and neglect; trauma history; educational history; employment and training history; military experience; multi-generational family history, genetic disorders and vulnerabilities, as well as multi-generational patterns of behavior; prior adult and juvenile correctional experience; religious, gender, sexual orientation, ethnic, racial, cultural and community influences; socio-economic, historical, and political factors.

(Deft. Mot. to Compel 10/07/13 at 7-8).  The defense also noted that professional standards

> highlight[] the gathering of multi-generational documentary records as a particularly important part of mitigation investigation . . . [including records] from courts, government agencies, the military, employers, etc.  Records should be requested concerning not only the client, but also his parents, grandparents, siblings, and children. . . .  The collection of corroborating information from multiple sources . . . is important wherever possible.

It is also clear that even if Tsarnaev does not actually offer any of these documents or records at trial, the social worker he intends to call will effectively publish them to the jury by "testify[ing] about relevant aspects of Mr. Tsarnaev's life history" that she has learned from reading them.  Tsarnaev cannot avoid the obligations placed upon him by the Federal Rules, or the compulsion of the Court's Order, by the mere expedient of having a witness read record and documents to the jury.

Accordingly, the government respectfully renews its request that Tsarnaev be precluded from using in its case-in-chief any information currently in its possession that it has failed to produce in defiance of the Federal Rules, the Local Rules, or the Court's June 23, 2014 Order.

```
                              Respectfully submitted,

                              CARMEN M. ORTIZ
                              UNITED STATES ATTORNEY

                         By:  /s/ William D. Weinreb
                              WILLIAM D. WEINREB
                              ALOKE S. CHAKRAVARTY
                              NADINE PELLEGRINI
                              Assistant U.S. Attorneys
```

## CERTIFICATE OF SERVICE

I hereby certify that this document will be sent via electronic mail to Judy Clarke, Esq., counsel for Dzhokhar Tsarnaev, on this date.

```
                              /s/ William D. Weinreb
                              WILLIAM D. WEINREB
```