UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 13-CR-10200-GAO |
| v. ) | |
| ) | |
| DZHOKHAR TSARNAEV ) | |

**MOTION TO SUPPLEMENT THE RECORD
ON MOTION FOR CHANGE OF VENUE
OR ALTERNATIVELY FOR AN EVIDENTIARY HEARING**

Defendant, Dzhokhar Tsarnaev, by and through counsel, respectfully moves to supplement the record on his Motion for Change of Venue. Alternatively, he requests that the Court hold an evidentiary hearing to resolve disputed issues of material fact.

The government opposed the defendant's Motion for Leave to File a Reply to the Government's Surreply to the Defendant's Motion for Change of Venue, and also moved to strike the proffered Reply on the grounds that "the Local Rules do not authorize the filing of a response to a surreply."[DE 516, 517, 519]. The Court denied the defendant's motion for leave to file and granted the government's motion to strike. [DE 527].

The fact that venue litigation has required, in effect, two rounds of briefing was an unforeseeable artifact of the bifurcated funding for Prof. Bronson's work. Initial funding was approved for Prof. Bronson to assist the defense to determine *whether* to seek a change of venue, and then a subsequent round of funding was approved for Prof. Bronson to complete the work necessary to document and support the motion already filed by the defense.

1

It was perhaps improvident and confusing for the defense to have commenced the second, more substantive round of briefing with a submission styled as a "reply" followed by an opposition from the government styled as a "surreply."  The bottom line, however is that the second round of briefing based on the entirety of Prof. Bronson's work still has not been completed:  the government's surreply attacks Prof. Bronson's integrity and methodology in a way that the defense could not have anticipated or pre-emptively addressed.

The defendant therefore seeks to supplement the record, that is, to complete the second round of briefing by entering into the record the Declaration of Professor Neil Vidmar (attached to the proffered Reply, DE 517) which addresses the various arguments advanced by the government.  The defense respectfully submits that this information is necessary in order to permit the Court to make a decision based upon a complete record.

In the alternative, the defendant requests that the Court hold an evidentiary hearing to resolve the issues of disputed fact raised by the government's surreply – issues to which the defendant has had no opportunity to respond.

The defendant also asks that the Court permit Docket Entry 517 to remain part of the record in the event of an appeal.

Respectfully submitted,
DZHOKHAR TSARNAEV

By his attorneys

/s/ Judy Clarke

Judy Clarke, Esq. (CA Bar # 76071)
CLARKE & RICE, APC
1010 Second Avenue, Suite 1800
San Diego, CA 92101
(619) 308-8484
JUDYCLARKE@JCSRLAW.NET

David I. Bruck, Esq.
220 Sydney Lewis Hall
Lexington, VA 24450
(540) 460-8188
BRUCKD@WLU.EDU

Miriam Conrad, Esq. (BBO # 550223)
Timothy Watkins, Esq. (BBO # 567992)
William Fick, Esq. (BBO # 650562)
FEDERAL PUBLIC DEFENDER OFFICE
51 Sleeper Street, 5th Floor
(617) 223-8061
MIRIAM_CONRAD@FD.ORG
TIMOTHY_WATKINS@FD.ORG
WILLIAM_FICK@FD.ORG

### Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 4, 2014.

/s/ Judy Clarke