UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Crim. No.13-10200-GAO |
| ) | |
| DZHOKHAR A. TSARNAEV, ) | |
| Defendant ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION FOR LEAVE TO SUPPLEMENT THE RECORD**

The government opposes Tsarnaev's second attempt to file yet another brief, accompanied by another affidavit, in connection with the venue issue. Tsarnaev appears to believe that the only problem with his first attempt to file yet another brief and affidavit was placing the wrong caption on the pleading. The government sees it differently. The problem is that Tsarnaev waited too long to research and brief his venue motion in the first place. And when he did finally file his initial motion (after failing to obtain yet another enlargement of time), he withheld basic information already in his possession – including the very name of the expert who had conducted the poll that was the basis for his motion – thus preventing the government from addressing the integrity of the poll and the reliability and trustworthiness of the expert in its opposition. Instead, he decided to release this information only when it suited him – long after the final date set by the Court for filing a motion to change venue. That is why he captioned his pleading a reply – to justify its late filing -- and why the government's response to it was properly captioned a surreply.

The arguments the government made in opposition to Tsarnaev's first attempt to file yet another brief and affidavit on the venue issue remain valid. Two rounds of briefing on the venue issue are enough. The Court has already permitted Tsarnaev to file two motions, a 37-page affidavit from Mr. Bronson, and thousands of pages of exhibits. The new affidavit he seeks to file raises new arguments based on new theories and studies that were not the basis of either of

Tsarnaev's first two motions. If the Court permits Tsarnaev to "supplement" the record with this new material, the government will be obliged to respond in kind. The government should not be forced to spend its time, energy, and resources on a single issue such as venue merely because Tsarnaev has decided that there should be no limits on his right to litigate it.

The trial is around the corner, and jury selection procedures are about to begin. The parties and the Court need to move on from the venue issue to more pressing ones. Tsarnaev has had a full and fair opportunity to brief the venue issue. Fairness does not require that he get the last word.

WHEREFORE, the government respectfully requests that the Court deny Tsarnaev's motion for leave to supplement the record or for an evidentiary hearing.

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

By:   /s/ William D. Weinreb
WILLIAM D. WEINREB
ALOKE S. CHAKRAVARTY
NADINE PELLEGRINI
Assistant U.S. Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non-registered participants on this date.

/s/ William D. Weinreb
WILLIAM D. WEINREB