**UNITED STATES DISTRICT COURT**
                        **DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | Crim. No.13-10200-GAO |
| | ) | |
| **DZHOKHAR A. TSARNAEV,** | ) | |
| **Defendant** | ) | |

                         **GOVERNMENT'S SURREPLY TO**
            **DEFENDANT'S MOTION TO CONTINUE TRIAL**

    1. <u>Overseas mitigation investigation.</u>  Tsarnaev's reply does not undermine the government's argument that "at least some of Tsarnaev's problems in conducting an overseas investigation arguably are of his own making." (Govt. Opp. at 3).  He apparently does not deny the Russian government's report that three defense team members "carr[ied] out actions during their stay in Russia that did not match their indicated purpose of visit to Russia," i.e. "tourism," and therefore were adjudicated in violation of the Code of Administrative Offences of the Russian Federation and expelled.  These apparently undisputed facts demonstrate the truth of the government's argument that at least some of Tsarnaev's problems in conducting an overseas investigation are of his own making.

    Tsarnaev accuses the government of making "reckless allegations" that he does deny (Deft. Mot. at 1) -- namely, that defense team members said they were FBI agents -- but the government made no allegations in its opposition at all; it simply reported an official communication from the Russian government relating the

basis for administrative action taken against U.S. citizens.  If Tsarnaev believes that official inter-governmental communications from the Russian government are untrustworthy, he should say so, and not seek to portray the United States as the culprit for reporting them.  The government was obliged to report the Russian communication in this instance to rebut Tsarnaev's claim that undisclosed facts made it impossible for him to conduct an effective overseas investigation; the government, of course, has no idea what Tsarnaev told the Court in his ex parte filing, and therefore had no reason to assume the Court was already aware of the information communicated by Russia.

    2.  <u>Expert disclosures</u>.  In stating in our opposition that Tsarnaev's complaints about the government's expert disclosures have "been overtaken by events" (Govt. Opp. at 5), the government was referring to the supplementary expert disclosures ordered by the Court, which the government made on September 2, 2014.  Those supplementary disclosures elaborated in great detail the experts' expected testimony and the bases and reasons for their testimony, and it pinpointed the underlying materials on which the experts relied.

    As for Tsarnaev's complaints about reports analyzing the contents of computers, the Court has already ruled that the law does not require the production of all documents prepared using FTK

software, but rather only FTK reports that the parties actually intend to use at trial.  The government earlier represented that it would provide such evidentiary reports when they were created, and its production of one such report on September 2, 2014, is a timely example of doing so.

                        Respectfully submitted,

                        CARMEN M. ORTIZ
                        UNITED STATES ATTORNEY

          By:  /s/ William D. Weinreb
               WILLIAM D. WEINREB
               ALOKE S. CHAKRAVARTY
               NADINE PELLEGRINI
               Assistant U.S. Attorneys

**CERTIFICATE OF SERVICE**

    I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non-registered participants on this date.

                        /s/ William D. Weinreb
                        WILLIAM D. WEINREB