UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 13-10200-GAO |
| | ) | |
| DZHOKHAR TSARNAEV | ) | |

## REPLY TO OPPPOSTION TO MOTION TO DISMISS INDICTMENT AND STAY PROCEEDINGS

### (1) The Failure to Comply With the Supplemental Summons Requirement of the Massachusetts Jury Selection Plan Was a Substantial Violation

The government's Opposition to Defendant's Motion to Dismiss and Stay Proceedings Pending Reconstitution of the Jury Wheel asserts that any failure to comply with the requirements of section 8.a. of the Massachusetts Plan for the Random Selection of Jurors is not a substantial violation of the Jury Selection and Service Act (JSSA) because the provision is not required by the Act (DE 535, Opp.p.5). However, the JSSA requires "a written plan for the random selection of grand and petit jurors that shall be designed to achieve the objectives of sections 1861 and 1862 of this title, and that shall otherwise comply with the provisions of this title." 28 U.S.C. §1863. [1] The plan must be approved by a reviewing panel and comply with the provisions of the JSSA. *Id.*  As the court stated in *In re United States*, 426 F.3d 1, 6 (1st Cir. 2005): "Once adopted, the plan

---

[1]  Those objectives are enforcement of "the right to grand and petit juries selected at random from a fair cross section of the community in the district or division wherein the court convenes", an "opportunity [for all citizens] to be considered for service on grand and petit juries…", an "obligation to serve as jurors when summoned for that purpose", and prohibition of discrimination. 28 U.S.C. §§1861 and 1862.

is intended to provide a uniform procedure for assembling jurors in that district court *binding* upon each district judge." (emphasis added).  *Cf. Mayor and City Council of Baltimore v. United States Department of Health, Education, and Welfare*, 562 F.2d 914, 922 4th Cir. 1977) ("Since the regulation, in turn was adopted pursuant to a statutory mandate, we think the regulation is elevated to the status of the statute and violation of the regulation becomes a violation of the statute itself.").

The provision at issue here is an approved component of an approved plan required by the JSSA.  It was adopted to further the JSSA's goal of a jury drawn at random from a fair cross-section of the community.  *See Revisions to the Jury Plan of the United States District Court for the District of Massachusetts: Notes of the Jury Plan Committee*, March, 2007.[2]   The 2006 Annual Report for the United States District Court for the District of Massachusetts, p.6 states that: "[r]evisions [to the jury plan] were needed after the Court recognized that certain areas in the district were being under-represented."   The government has not challenged section 8.a. of the Jury Plan as violative of the JSSA.  Tsarnaev maintains that a properly approved required plan becomes part of the JSSA and compliance with its provisions is also statutorily required.[3]

The government further relies on a description of an undocumented conversation between the Jury Administrator and AUSA Pellegrini concerning implementation of the

---

[2] Available at: www.mad.uscourts.gov/general/2007announcements.htm

[3]   The government's reliance on the discussion of follow-up on qualification forms in *United States v. Royal*, 174 F.3d 1, 11 (1st Cir. 1999) (Opp.p.5) is inapposite.  The plan addressed in *Royal* did not contain a provision for any follow-up.  Here, the plan does require supplemental summonses.

2

supplemental draw procedure.  First, that description is not supported by an affidavit from either the Jury Administrator or the AUSA.  Second, it does not explain why absolutely no replacement summonses were issued in connection with the creation of the grand jury pool used in this case.  The Jury Administrator reportedly stated that replacement summonses are issued when "undeliverables" are returned before the jury pool is exhausted or on the verge of exhaustion.  However, section 8 of the Massachusetts Plan calls for the issuance of a replacement summons for each summons returned as undeliverable without qualification or reference to any timing.   Moreover there is no indication of any exhaustion issue in connection with the jury pool in this case.

### (2) Constitutional and Statutory Fair Cross-Section Requirement

The attached supplemental declaration of Jeffrey Martin provides additional information concerning the underrepresentation of Boston residents and African-Americans on the qualified jury wheel.

The Supreme Court has not precisely defined the parameters of the "distinctive group" required to establish a fair cross-section violation of either the Sixth Amendment or the JSSA, and establishing a fair cross-section violation does not require proof of discriminatory intent.  However, as the Court stated in *Peters v. Kiff*, 407 U.S. 493, 503 (1972) in the context of an equal protection challenge, the exclusion of "any large and identifiable segment of the community" has the effect of:

> remov[ing] from the jury room qualities of human nature and
> varieties of human experience, the range of which is unknown and
> perhaps unknowable.  It is not necessary to assume that the excluded
> group will consistently vote as a class in order to conclude…that its

exclusion deprives the jury of a perspective on human events that
may have unsuspected importance in any case that may be presented.

This effect is equally relevant in the fair cross-section context.

Here, Tsarnaev maintains that he has made a prima-facie showing that persons over 70 constitute a group based on an immutable characteristic that shares enough characteristics different from those of persons of other ages to constitute a distinctive group and that an evidentiary hearing is required on that issue.   Just as women have been held to be a distinctive group even though not all women share all of the same values and perspectives (*see Duren v. Missouri*, 439 U.S. 357 (1979)), so people over 70 need not all share all of the same values and perspectives to constitute a distinctive group.  If this Court determines that persons over 70 are a distinctive group, as set out in Tsarnaev's initial memorandum absolute disparity analysis establishes under-representation and the opt-out provision constitutes systematic exclusion.[4]

## Conclusion

For the foregoing reasons and those set out in Tsarnaev's motion and initial memorandum this Court should find that Tsarnaev has established a substantial violation of the Massachusetts Plan for the Random Selection of Jurors based on the failure to send the additional summonses required by section 8.a. of the Plan.  Alternatively, the Court

---

[4]  To the extent the government suggests that an opt-out provision for persons over 70 is justified by infirmity, Mr. Martin's supplemental affidavit (paragraphs 11 and 12) provides statistics concerning participation in the work force by Massachusetts residents age 70 and over and mobility statistics for persons in the Eastern Division between the ages of 65-74 and those over 75 that support the conclusion that persons over 70 remain well qualified to serve on juries.

should hold an evidentiary hearing on that question.  In addition the Court should find that the opt-out provision of the Plan for persons over the age of 70 violates the fair cross-section requirement of the Constitution.  Alternatively, the Court should hold an evidentiary hearing on that question.

Tsarnaev recognizes that this Court cannot find under-representation of African-Americans violating the constitutional and statutory fair cross-section requirements based on the absolute disparity standard under current First Circuit law but does request findings concerning the analytical measures set out in Mr. Martin's Declaration and Supplemental Declaration in order to preserve the issue for appellate review.

Respectfully submitted,

DZHOKHAR TSARNAEV
by his attorneys

*/s/  Judy Clarke*

Judy Clarke, Esq. (CA Bar # 76071)
CLARKE & RICE, APC
1010 Second Avenue, Suite 1800
San Diego, CA 92101
(619) 308-8484
JUDYCLARKE@JCSRLAW.NET

David I. Bruck, Esq.
220 Sydney Lewis Hall
Lexington, VA 24450
(540) 460-8188
BRUCKD@WLU.EDU

Miriam Conrad, Esq. (BBO # 550223)
Timothy Watkins, Esq. (BBO # 567992)
William Fick, Esq. (BBO # 650562)
FEDERAL PUBLIC DEFENDER OFFICE
51 Sleeper Street, 5th Floor

5

(617) 223-8061
MIRIAM_CONRAD@FD.ORG
TIMOTHY_WATKINS@FD.ORG
WILLIAM_FICK@FD.ORG

### **Certificate of Service**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 17, 2014.

*/s/ Judy Clarke*