UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Crim. No. 13-10200-GAO |
| | ) | |
| DZHOKHAR TSARNAEV | ) | |

**DEFENDANT'S RESPONSE TO GOVERNMENT'S
<u>RENEWED MOTION TO COMPEL RECIPROCAL DISCOVERY</u>**

Defendant, Dzhokhar Tsarnaev, by and through counsel, respectfully files his response to the Government's Renewed Motion to Compel Reciprocal Discovery, DE 530.

Rule 16(b)(1) imposes discovery obligations on the accused that are far narrower than the government's. Specifically, Rule 16(b)(1) (a) requires the defendant to disclose "books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items if: (i) the item is within the defendant's possession, custody, or control; and (ii) the *defendant intends to use the item in the defendant's case-in-chief at trial.*" (emphasis added**).** Likewise, Rule 16(b)(1)(b) requires disclosure of any "results or reports of any physical or mental examination and of any scientific test or experiment" that the defendant has in his "possession, custody, or control," and intends to use in his case-in-chief at trial.

For reasons that have already been extensively briefed in connection with the defendant's motion for continuance*, e.g.* DE 518, 549, defense counsel are still in the process of investigating the evidence that will form the basis of the defendant's "case-in-

chief."  When that investigation is further advanced, defense counsel will able to determine what witnesses to call and what testimony to elicit.  Only then will it become possible to identify which "documents, data, photographs" or other exhibits might corroborate or illustrate the defense case.  And when those potential defense exhibits are identified, they will be disclosed to the government.   But disclosing our exhibits before we have identified them, and before we have determined what testimony they will corroborate, is an impossibility that Rule 16 does not require.

   As with its claim of entitlement to pretrial notice of mitigating factors, DE 529, the government's suggestion that it will be unfairly surprised by the defendant's presentation at trial is overblown.  Within days of the defendant's arrest, the government had seized and begun the process of analyzing everything that could be found in his home, his car, his computer, his Facebook, Twitter and email accounts, his family's and brother's computers, his college dorm room, his college friends' apartment, his government files, and most other visible, tangible or digital traces of his 19 years on earth.   While the government is correct that the defense bears the obligation of searching more deeply and widely for relevant evidence and witnesses, Govt. Mot. at 2-3, the government already has in its possession most of the documents and exhibits that the defendant may ultimately offer in his own defense.  It will not be unfairly disadvantaged by waiting until the defense investigation is substantially done, and until defense counsel is able to identify what additional defense exhibits and documents should be offered, to see what those exhibits might be.

   Although the government has captioned its pleading as a Motion to Compel, the

relief sought is that the defense should "be precluded from using in its case-in-chief any information currently in its possession that it has failed to produce in defiance of the Federal Rules, then Local Rules, and the Court's June 23, 2014 Order."  This case is still in the pretrial stage.   The defendant's case-in-chief is unlikely to begin for several months, even assuming that the current November 3 trial date remains in effect.  Even if there were any merit to the government's overheated charge that the defense has acted "in defiance" of its discovery obligations, its request for a drastic remedy of blanket exclusion of all undisclosed "information" now in the defense's possession — without regard to the reasons why the defense did not produce the evidence earlier, or whether the government can show prejudice from the late disclosure — is both premature and manifestly without merit.

Dated:  September 17, 2014          Respectfully Submitted,

DZHOKHAR TSARNAEV
By his attorneys

*/s/     David I. Bruck*

Judy Clarke, Esq. (CA Bar# 76071)
CLARKE & RICE, APC
1010 Second Avenue, Suite 1800
San Diego, CA 92101
(619) 308-8484
JUDYCLARKE@JCSRLAW.NET

David I. Bruck, Esq. (SC Bar # 967)
220 Sydney Lewis Hall
Lexington, VA 24450
(540) 458-8188
BRUCKD@WLU.EDU

> Miriam Conrad, Esq. (BBO # 550223)
> Timothy Watkins, Esq. (BBO # 567992)
> William Fick, Esq. (BBO # 650562)
> FEDERAL PUBLIC DEFENDER OFFICE
> 51 Sleeper Street, 5th Floor
> (617) 223-8061
> MIRIAM_CONRAD@FD.ORG
> TIMOTHY_WATKINS@FD.ORG
> WILLIAM_FICK@FD.ORG

## Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 17, 2014.

*/s/ David I. Bruck*