# EXHIBIT D

CLARKE & RICE, APC
1010 SECOND AVENUE, STE. 1800
SAN DIEGO, CALIFORNIA 92101
(619) 308-8484

FEDERAL PUBLIC DEFENDER OFFICE
DISTRICT OF MASSACHUSETTS
51 SLEEPER STREET, FIFTH FLOOR
BOSTON, MASSACHUSETTS 02210
(617) 223-8061

DAVID I. BRUCK
220 SYDNEY LEWIS HALL
LEXINGTON, VA 24450
(540) 458-8188

September 12, 2014

Aloke Chakravarty
Nadine Pellegrini
William Weinreb
Assistant U.S. Attorneys
United States Courthouse
1 Courthouse Way, Suite 9200
Boston, Massachusetts 02210

Re: United States v. Dzhokhar Tsarnaev
Criminal No. 13-10200- GAO

Dear Counsel:

We write to request the following:

1. Transcriptions/translations of recently-provided BoP phone calls by our client.

2. Audio recordings of BoP phone calls by our client subsequent to the batch most recently produced.

3. Forensic copy of █████████████

4. Forensic copy of █████████████████

5. Forensic copy of ████████████████

6. Please produce the names and statements, if any, of all witnesses who observed the condition and behavior of each of the victims who died from injuries sustained in the Marathon bombings between the time of the blasts and the time when each victim was pronounced dead. We have received statements of Sgt. Joseph Horton DT-00062416 (re: Martin Richard), Police Officer Lauren Woods (DT-0063157) and Det. James Ratigan (DT-00062965) (re: Lingzi Lu), and Sgt. Robert Ridge (DT-00062976) (re: Krystle Campbell). To the extent that other witnesses or statements are known to the government, we ask that they be produced. This evidence is material in light of the government's representations that it will attempt to prove at trial or sentencing that all three victims did not die

Aloke Chakravarty, et al.
September 12, 2014
Page 2 of 3

immediately, and that in the case of Martin Richard, blast injuries "would not have killed him instantly and would have caused him excruciating and unbearable pain in the moments after the blast and leading up to his death."

7. To the extent that Dr. Henry M. Nields disagreed with or failed to support the conclusion that Martin Richard "would . . . have . . . [suffered] . . . excruciating and unbearable pain in the moments after the blast and leading up to his death," please produce Dr. Nields' opinion on this issue. This request extends to any oral as well as written expression of opinion.

8. To the extent that either Dr. Katherine Lindstrom or Dr. Jennifer Hammers was asked whether the victim whose autopsy she conducted was likely to have experienced pain, or was otherwise conscious of suffering before death, please produce each doctor's opinion on this issue. This request extends to any oral as well as written expressions of opinion.

9. Please identify all video or other images of Tamerlan Tsarnaev at or near the blast scene on April 15, 2013.

10. DT-0066552, produced by the government on September 2, 2014, is a 53-page report of examination of the laptop computer believed to be associated with Dzhokhar Tsarnaev. The author goes on to describe the report as an "analysis [that] highlights significant findings pertaining to Jihadi-related media where the preponderance of data indicates the user of the 1R6 at that time was Dzhokhar Tsarnaev aka Jahar."

    a. Please identify the date of the DT-0066552 report.

    b. DT-0066552 states that digital forensic analysis of the computer remains ongoing. Please produce any subsequent supplemental reports as they are completed.

    c. Please produce any and all reports of examination of other electronic devices seized or obtained by the government, as required under Fed. R. Crim. P. 16(a)(1)(F).

    d. To the extent not already included in 11.c. above, please produce any and all reports of examination or analysis containing findings pertaining to "Jihadi-related media" on any electronic devices where the preponderance of data indicates the user of the device concerned at that time was Tamerlan Tsarnaev. This evidence material to the defense because it tends to rebut the government's apparent theory that Dzhokhar "self-radicalized," and that such "self-radicalization"

70

occurred over a long period of time and was especially extreme. This evidence is also exculpatory (mitigating) with regard to the relative culpability of the brothers.

11. D435 is described as a forensic . While we have received a logical copy of his phone, a physical copy was not included in the collection of digital items you made available to us on the stand-alone computer in your office. Please provide us with the forensic physical copy.

12. The complete "list of digital devices among which [the government] may introduce digital evidence" referenced in your letter dated September 3, 2014.

13. The directory and filename of the encrypted volume located on Tamerlan Tsarnaev's computer, referenced in your letter date September 2, 2014, as well as any reports of examination of the encrypted volume.

Sincerely,

/s/ William Fick
David I. Bruck
Judy Clarke
Miriam Conrad
William Fick
Timothy Watkins

Counsel for Dzhokhar Tsarnaev

71