# EXHIBIT G



**U.S. Department of Justice**

*Carmen M. Ortiz*
*United States Attorney*
*District of Massachusetts*

Main Reception: (617) 748-3100

John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210

August 15, 2014

**BY ELECTRONIC MAIL AND HAND DELIVERY**

Timothy Watkins, Esq.
William Fick, Esq.
Miriam Conrad, Esq.
Judy Clarke, Esq.
David Bruck, Esq.
Federal Defender's Office
51 Sleeper Street, 5th Floor
Boston, MA 02210

Re: <u>United States v. Dzhokhar Tsarnaev, Crim. No. 13-10200- GAO</u>

Dear Counsel:

We are writing in response to your discovery requests of July 29, 2014, July 31, 2014, August 7, 2014, and August 8, 2014. The overwhelming majority of these requests are untimely and not prompted by any newly discovered information or unforeseeable issues. We decline them based on that fact alone. We provide certain additional information below, but our willingness to do so is not a concession that the information is actually required by Rule 16 or any other discovery rule.

"Twitter Scrub" material. We have provided you with all of the defendant's Twitter messages, public and private, that we possess, including some that Twitter failed to provide us in response to the search warrant but that were found in other places. We do not possess any ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. To the extent this request seeks anything else, we decline it.

Timothy Watkins, Esq. et al.
August 15, 2014
Page 2

Psychological profiling of Tamerlan Tsarnaev. It is not clear what you mean by "profiling." But to the extent that you are referring to a report generated by the FBI's Behavioral Analysis Unit (or an equivalent state or local agency unit) in connection with this investigation, we are not aware of any.

Additional Information re: Q715. The majority of the notebook consisted of blank pages. We have produced the germane photographs. The other Q numbers referenced in your request were reserved but not used.

We provided you with the contents of the email account in a .pst file containing native .msg files. We are providing the account information for that account in the



Transmitter/Receiver (Q178 and Q575). We are providing materials related to this request on a CD accompanying this report. To the extent your specific questions are not answered by these materials, we decline the remainder of your request, as the discovery rules do not authorize interrogatories.

Construction and detonation of facsimiles. A mock-up of the improvised explosive devices used at the Boston Marathon was created and will be made available for inspection before trial. No facsimiles were detonated, and there are no plans to detonate any.

Genetic analysis data files. We do not consider this information discoverable under Rule 16(a)(1)(G) but will nevertheless produce it when we receive it.

OIG report information. We have conducted a thorough review of all of the information that underlies the references in the OIG report cited in your letter. The review revealed no additional discoverable information. Accordingly, we decline this request.



Case 1:13-cr-10200-GAO  Document 604-13  Filed 10/14/14  Page 4 of 4

Timothy Watkins, Esq. et al.
August 15, 2014
Page 3

<u>Grand jury information</u>.  We decline this request as untimely and as seeking information to which the defendant is not legally entitled.

<u>Item Q322</u>.  The pieces and fragments that comprise Item Q322 came from a law enforcement detonation of a suspicious object undertaken for the safety of first responders.  We do not regard it as relevant or discoverable and therefore decline this request.

<u>August 8, 2014 Request</u>  In response to your letter of August 8, 2014, requesting additional organization of the MSP Lab materials, we made our position clear in our opposition to your motion to compel and at the recent status hearing.  MSP has organized these materials and named the folders and files in keeping with their filing system.  We preserved that organization when we produced them to you.  We do not believe we have a legal obligation to reorganize the files or rename them, especially when so many of them were produced as a courtesy rather than as a matter of legal obligation.

        Sincerely,

        CARMEN M. ORTIZ
        United States Attorney


By:    /s/ Aloke Chakravarty
        Aloke Chakravarty
        William Weinreb
        Nadine Pellegrini
        Assistant U.S. Attorneys