UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 13-cr-10200-GAO |
| | ) | |
| DZHOKHAR TSARNAEV | ) | |


**DEFENSE MEMORANDUM RE SCHEDULING**

The defendant, by and through undersigned counsel, files the following

memorandum regarding scheduling:

As noted in the Joint Status Conference Report filed October 16, 2014 [DE 605],

the parties met and conferred on proposed dates for disclosing witness lists, exhibit lists

and *Jencks* material.  The government advised the Court of its proposed date for its own

disclosures, and hearing no objection by the defense, the Court ordered the government to

provide its preliminary witness and exhibit lists on or before December 15, 2014, any

supplemental lists on or before December 29, 2014, and *Jencks* material on those same

dates, respectively, if not already produced.  [DE 612].[1] The Court directed the parties to

confer regarding the defendant's pretrial witness disclosures.  [*Id.*]

---

[1] Although the point was not discussed at the status conference, or included
specifically in the Court's order, the government has advised that December 29 is also the
date on which it intends to produce *Giglio* and related witness-credibility material.  *See*
Local Rule 116.2(b)(2).

The parties have now met, conferred, and failed to reach agreement regarding the production of defense witness and exhibit lists.  The defense sets forth its position regarding these issues below[2]:

1. <u>Defense Witness List.</u>

Defense counsel have described the unusual and severe obstacles they have encountered in their efforts to interview and secure testimony from potential witnesses who knew the defendant, Tamerlan Tsarnaev, and other members of his family prior to April 15, 2013.  *See, e.g.* DE 518 at 2, 11-14.   A substantial part of these difficulties stems from the aggressive, persistent and pervasive law enforcement presence in the lives of many potential defense witnesses, and the atmosphere of fear and intimidation that has necessarily followed.  This problem, and the consequent slowing of the pace of the defense mitigation investigation, was one of the reasons why defense counsel sought a continuance of the trial date to September 2015.  *See id.; see also Ex Parte* Submission of Defense Counsel in Support of Motion for Continuance, DE 526 (Sealed).

These same concerns make it impossible for the defense to voluntarily agree to disclose to the government the names of non-expert defense witnesses long before they are to be called.  Given the virtual certainty that the FBI will descend on each of the non-expert witnesses to interview them (and in most cases, to re-interview them), the defendant has a well-founded concern that in the very unusual context of this case,

---

[2] The government advised the defense that it will not agree to production by the defense of exhibit or witness lists any later than seven days before trial, which would be the same day that the government provides its final lists.

defense witnesses whose identities are disclosed to the government prior to trial will quickly cease to be defense witnesses.   For this reason, the defense does not agree to a witness disclosure requirement that is not mandated by statute or rule.

No statute or Federal Rule of Criminal Procedure requires the defense to provide a witness list in advance of trial, and precedent suggests that district courts lack the authority to order production of such a list over defense objection.  *See, e.g., United States v. Hicks*, 103 F.3d 837, 841 (9th Cir.1996) ("A district court that orders the Government and the defendant to exchange witness lists and summaries of anticipated witness testimony in advance of trial has exceeded its authority under Rule 16 of the Federal Rules of Criminal Procedure and has committed error.");[3]  *United States v. Finley*, 2014 WL 3056022, at *4 (W.D.PA 2014).   The sole basis for the widespread practice of exchanging such lists appears to be consent; in most non-death penalty cases, each side benefits from receiving notice of the other's witnesses prior to trial, and thus the practice has become commonplace, and is contemplated by the Local Rules in this and other districts.  But in a capital case, 18 U.S.C. § 3432 specifically provides for an asymmetrical procedure ungrounded in consent.  That statute requires the government to provide the defense with "a list of . . . the witnesses to be produced on the trial for

---

[3] *Hicks* was overruled by *United States v. W.R. Grace*, 526 F.3d 499, 509 (9th Cir. 2008) (en banc), which held that the district court could require *government* to provide a witness list, but *Grace* expressly reserved *Hicks*'s disapproval of requiring the defense to produce such a list.  *Id*. n. 7 ("We do not decide whether or to what extent the defense can be compelled to disclose a list of its witnesses before trial, and do not address those issues here.")

proving the indictment, stating the place of abode of each . . . . witness" while imposing no such requirement on the defense.

To be sure, Local Rule 117.1(a)(10) does create a presumptive date for defense "witness identification" at least seven days before trial. But even there, the Local Rules provide for an exception: subsection (a)(6) provides an opportunity for objections to the witness list exchange in *any* case. And for the reason just stated, the witness-list presumption of Local Rule 117.1(a)(10) is inapplicable in capital cases.

The government may claim that basic fairness requires reciprocity in the exchange of witness lists. This argument is meritless in light of Congress's decision that only the prosecution should be required to provide a witness list in a capital case. But even if generalized claims of fairness to the prosecution could authorize courts to disregard the statutory choice reflected 18 U.S.C. § 3432 – a choice made by the First Congress in 1790, and unaltered in the 224 years since – such claims would ring hollow here. The government has virtually limitless investigative capacity, and the power to subject potential witnesses to enormous pressure, including arrest, imprisonment, and deportation. Many if not most of the non-expert defense witnesses in this case will be drawn from segments of the population that are especially vulnerable to this power. Considering all of the equities in a case like this, there is no danger that the government will be deprived of a fair trial if the defense exercises its legal right to withhold the identities of its non-expert witnesses during the two or three months between the start of jury selection and the time that the first defense witnesses are called.

Defense counsel recognize that the Court will require the names of potential witnesses prior to jury selection, in order to ensure the seating of an impartial jury.  But this need can be accommodated by the furnishing of a written defense witness list *ex parte* to the Court and to the prospective jurors, but not to the government.  Use of a written witness list for jurors to scrutinize prior to being questioned on their *voir dire* is in any event the most efficient and reliable procedure, given the probable length of the government's witness list.

In sum, the defense is content to have lay witness disclosures for both sides governed by the statutes enacted by Congress, and submit that the Court should not require additional disclosures that carry the substantial risk, under the unusual circumstances of this case, of impairing his right to present witnesses and evidence on his own behalf.   That said, the defense has advised the government that it will agree to reciprocal notification of the names of all witnesses that each side intends to call the afternoon before they testify.

2.   Exhibit List.  The defense proposes to submit an exhibit list by January 30, 2015, subject to supplement as the defense identifies additional exhibits (if any) it intends to introduce in its case-in-chief.[4]  Fed. R. Crim. P. 16(b)(1)(A)(ii).

---

[4] Under a current scheduling order, the defense must produce Rule 16 reciprocal materials by November 24, 2014, and a list of mitigating factors by December 15, 2014.

Respectfully submitted,
DZHOKHAR TSARNAEV
by his attorneys

/s/   Judy Clarke

Judy Clarke, Esq. (CA Bar # 76071)
CLARKE & RICE, APC
1010 Second Avenue, Suite 1800
San Diego, CA 92101
(619) 308-8484
JUDYCLARKE@JCSRLAW.NET

David I. Bruck, Esq. (SC Bar # 967)
220 Sydney Lewis Hall
Lexington, VA 24450
(540) 460-8188
BRUCKD@WLU.EDU

Miriam Conrad, Esq. (BBO # 550223)
Timothy Watkins, Esq. (BBO # 567992)
William Fick, Esq. (BBO # 650562)
FEDERAL PUBLIC DEFENDER OFFICE
51 Sleeper Street, 5th Floor
(617) 223-8061
MIRIAM_CONRAD@FD.ORG
TIMOTHY_WATKINS@FD.ORG
WILLIAM_FICK@FD.ORG

## Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on October 24, 2014.

/s/Judy Clarke