UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | Crim. No.13-10200-GAO |
| ) | |
| **DZHOKHAR A. TSARNAEV,** ) | |
| **Defendant** ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S FOURTH MOTION TO COMPEL**

The United States of America, by and through its undersigned counsel, respectfully opposes Tsarnaev's fourth Motion to Compel, which he filed on October 10, 2014.

1.  <u>Documents provided by the Russian government after April 15, 2013.</u>  On or after April 22, 2013, the government received six documents from the Russian government, portions of which relate to individuals involved in this case.  Without conceding that the documents are discoverable, the government produced redacted copies of them to the defense on June 9, 2014.  Tsarnaev now moves to compel production of unredacted copies of the documents.[1]

Tsarnaev's motion should be denied because the government has provided all information even arguably required by the rules of discovery.  No relevant substantive information was redacted from the documents -- only letterhead information, references to

---

[1] One of the documents appears to have been copied in such a way that text at the bottom of certain pages is cut off.  The government is seeking to obtain a copy with the text restored and, if successful, will produce it.

1

intergovernmental communications, and exact date information. The government has already informed Tsarnaev that it does not know how the Russian government obtained the information contained in the documents, and the redacted portions do not reveal how the Russian government obtained it.  Even assuming for the sake of argument that the information in the documents constitutes admissible mitigation evidence -- a dubious proposition at best -- the exact identity of who in the Russian government provided the documents, who in the United States government received them, and the exact date on which those transfers took place, is not itself favorable material information or material to the preparation of the defense.

    2.   <u>Documents provided by the Russian government before April 15, 2013.</u>  Before April 15, 2013, the Russian government notified the United States that it was interested in Tamerlan Tsarnaev and asked for information related to him.  When the United States received that communication it requested the underlying information on which the request was based.  The Russian government eventually provided the underlying information, but not until after April 15, 2013.  The government has passed along all of the underlying information to the defense.

    Having received the underlying information on which the

original Russian government communication was based, Tsarnaev is not entitled to a copy of the communication itself.  The communication constitutes only an unidentified Russian analyst's opinion about the significance of the underlying information.  Even assuming for the sake of argument that Tamerlan Tsarnaev's radicalization is a factor that mitigates Dzhokhar Tsarnaev's culpability, the opinion of an unidentified Russian analyst is not admissible evidence or likely to lead to the discovery of admissible evidence -- especially when the sources of that opinion have been produced.  This portion of Tsarnaev's motion should therefore be denied.

    3.   <u>Transcripts/translations of Tsarnaev's BOP telephone calls.</u>  The government does not agree with Tsarnaev that Fed. R. Crim. P. 16(a)(1)(B)(i) requires the production of transcripts of recorded statements that have already been produced in discovery.  Nevertheless, to conserve public resources, the government will produce any transcripts in its possession.

    4.   <u>Reports of computer forensic examinations.</u>  The parties have already extensively litigated the government's obligation to produce the results of its own examination of digital devices.  The government understands its legal obligations, has complied with them, and will continue to do so.  No purpose is served by Tsarnaev's filing another motion to

compel each time the government prepares a report and provides it to him.

5. <u>List of digital devices.</u>  The government long ago provided Tsarnaev with copies of (or access to) all digital evidence that it might seek to offer into evidence.  It has also provided Tsarnaev with a list of the digital items it is actually likely to offer.  Tsarnaev now effectively moves to compel production of a government exhibit list, i.e. a list that specifies each and every digital exhibit the government will offer into evidence.  The Court, however, recently set a deadline for production of a government exhibit list, and the deadline has not yet passed.  This portion of Tsarnaev's motion should therefore be denied.

6. <u>Russian communication concerning members of the defense team.</u>  Tsarnaev moved to continue the trial date on the ground (among others) that he was having problems conducting an overseas investigation.  In his motion, he conceded that "the extent to which the movant has contributed to his perceived predicament" is a factor a court must consider when evaluating a request for a continuance.  <u>United States v. Saccoccia</u>, 58 F.3d 754, 770 (1st Cir. 1995).  The government therefore included in its opposition information it had received from the Russian government related to that factor.

Tsarnaev's motion to compel production of the document containing the Russian information should be denied because there is no legal basis for it. The document is not favorable material information or material to the preparation of the defense. Tsarnaev argues, in essence, that he is entitled to the document so that he can engage in a fishing expedition for evidence of government bad faith, but that argument is specious; the law presumes that prosecutors perform their official duties properly, see, e.g., United States v. Armstrong, 517 U.S. 456, 464 (1996); Ramirez v. Sanchez Ramos, 438 F.3d 92, 99 (1st Cir. 2006), and a defendant who seeks to overcome that presumption must offer actual evidence of prosecutorial misconduct -- something Tsarnaev has not done, and cannot do. To the extent Tsarnaev denies the truthfulness or accuracy of the information in the Russian document, his quarrel is with the Russian government, not the prosecutors, who merely repeated the information.

Tsarnaev also argues that the document is discoverable to the extent the government intends to offer it to impeach one of the defendant's expert witnesses; the Court, however, need not reach that question, because the government does not intend to offer the document into evidence for impeachment or any other purpose.

5

7. <u>Offices of Inspectors General ("OIG") report</u>.  Tsarnaev has offered no reason whatsoever to doubt the government's representation that it reviewed the April 14, 2014, classified OIG report concerning the Marathon bombings in light of the portions of the unclassified OIG report cited by Tsarnaev in his discovery request and determined that it contains no additional discoverable information.  Consequently, there is no basis for ordering an <u>in camera</u> review of the classified report.

8. <u>Waltham triple homicide</u>.  The government informed Tsarnaev over a year ago that Ibragim Todashev told police that Tamerlan Tsarnaev participated in the Waltham triple homicide.  Tsarnaev subsequently moved for production of any written or recorded account of Todashev's statement concerning Tamerlan Tsarnaev's involvement.  The government opposed the motion on the grounds that production of any such writing or recording (as opposed to the information itself) was not required by the rules of discovery and would needlessly jeopardize the Middlesex District Attorney's ongoing investigation of the triple homicide.  After reviewing pertinent materials in camera, the Court denied the motion to compel.

Nothing has occurred to warrant reconsideration of the Court's earlier ruling.  The government has no additional evidence that Tamerlan Tsarnaev participated in the Waltham

triple homicide.  And we have been informed by the Middlesex District Attorney that her investigation of the Waltham murders remains active and ongoing.

As the government previously pointed out, moreover, the defense has not articulated a mitigation theory that would make Tamerlan Tsarnaev's *actual* participation in the Waltham triple homicide relevant.  If Tamerlan Tsarnaev actually participated in that crime but Dzhokhar Tsarnaev knew nothing about it, then Tamerlan's participation could have had no bearing on Dzhokhar Tsarnaev's mental state.  If, on the other hand, Dzhokhar Tsarnaev *believed* his brother had committed the Waltham murders, then it makes no difference from a mitigation standpoint whether Tamerlan committed the murders or not, and the facts related to the murders would similarly be irrelevant.

Tsarnaev's motion inaccurately states that "the government disclosed that an identified witness would be prepared to testify that Dzhokhar had such awareness" (i.e. awareness of his brother's involvement in the Waltham murders).  In fact, the government disclosed only that a *third party* had informed the government that there was someone who might say such a thing.  Whether that person would actually say it, let alone testify to it, is another matter entirely.  In any event, as noted above, the government has no evidence that Tamerlan Tsarnaev actually

7

participated in the Waltham murders, so there is nothing to produce.

    9.   <u>Zubeidat Tsarnaeva's emails</u>.  Local Rule 116.1(C)(1)(b) requires production of a search warrant return only if the search warrant (1) was for the defendant's property or (2) resulted in the seizure of evidence that the government intends to use in its case-in-chief.  Neither is the case here.  The government has produced all of the actual emails that are even arguably required by the rules of discovery.

**CONCLUSION**

   WHEREFORE, the government respectfully requests that the Court deny Tsarnaev's Motion to Compel.

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

By: <u>/s/ William D. Weinreb</u>
WILLIAM D. WEINREB
ALOKE S. CHAKRAVARTY
NADINE PELLEGRINI
Assistant U.S. Attorneys

**CERTIFICATE OF SERVICE**

    I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non-registered participants on this date.

                                          */s/ William D. Weinreb*
                                          WILLIAM D. WEINREB