**CLARKE & RICE, APC**
1010 Second Avenue, Ste. 1800
San Diego, California 92101
(619) 308-8484

**FEDERAL PUBLIC DEFENDER OFFICE**
DISTRICT OF MASSACHUSETTS
51 Sleeper Street, Fifth Floor
Boston, Massachusetts 02210
(617) 223-8061

**DAVID I. BRUCK**
220 Sydney Lewis Hall
Lexington, VA 24450
(540) 458-8188

August 12, 2014

Robert M. Farrell
Clerk of Court
United States District Court
District of Massachusetts
United States Courthouse
1 Courthouse Way, Suite 9200
Boston, Massachusetts 02210

      Re:    United States v. Dzhokhar Tsarnaev
              Criminal No. 13-10200- GAO

Dear Mr. Farrell:

      Thank you for your letter of August 7, 2014.  Pursuant to Federal Judiciary Disclosure Regulation § 830(a), kindly consider this letter as our

> written statement . . . by counsel . . . containing an explanation of the nature of the testimony or records sought, the relevance of the testimony or records sought to the legal proceedings, and the reasons why the testimony or records sought, or the information contained therein, are not readily available from other sources or by other means.

      1. The above-referenced case involves charges that our client committed the Boston Marathon Bombing on Boylston Street on April 15, 2013.  The second of two explosions occurred at the Forum Restaurant, 755 Boylston Street, on that date.  It is the government's theory that our client personally placed and detonated the bomb in front of the Forum Restaurant.

      2. By letter dated May 23, 2014, the government advised defense counsel in the above-referenced case that the Courtroom Deputy Clerk to Magistrate Judge Bowler was present at the Forum Restaurant on April 15, 2013 when the second explosive device was detonated there. Government counsel also advised that they understood that Judge Bowler was aware that the deputy clerk was at the Forum at the time of the explosion. Prior to receipt of this letter, counsel for Mr. Tsarnaev were unaware of the connection of the deputy clerk to the events alleged in the indictment in this case, or of Judge Bowler's knowledge of that connection.

Honorable Robert M. Farrell
August 12, 2014
Page 2

3. After receiving this notification, defense counsel asked the U.S. Attorney's Office to advise whether other individuals who may be victims or witnesses are employed by the District of Massachusetts U.S. Attorney's Office, the Department of Justice, law enforcement agencies involved in the prosecution of this case, or the Court, U.S. Marshal, U.S. Probation Office, or the Clerk's Office for the District of Massachusetts, or are otherwise employed in one of the federal courthouses in the District. Counsel took this preliminary step because of the U.S. Attorney's unique access to information about the identity and employment of victims and potential witnesses.

4. Government counsel replied that they were aware of their own responsibilities with respect to recusal, presumed that court personnel were aware of theirs, and declined to respond to the defense request for information.

5. On June 27, 2014, defense counsel filed under seal with the Court a request "that the Court direct the Court Unit Executives, the United States Marshal, and the United States Attorney for the District of Massachusetts to advise the Court and the parties of significant connections that may exist between their employees and the events alleged in the indictment," and to direct a similar request to the Judges of the District Court. The government has filed its opposition to this motion. The motion remains pending before Judge George A. O'Toole.

## A. "The nature of the testimony . . . sought."

6. On July 7, 2014, we wrote directly to Mr. Garvin requesting an interview "about topics including:

- whether, when, and how you notified the Court that you were present at the scene of one of the explosions,

- the specific information you provided to the Court, and

- whether and when you were interviewed by government counsel or by law enforcement about your observations, and if you were interviewed, what you told government counsel or law enforcement personnel."

## B. "The relevance of the testimony . . . sought to the legal proceedings."

7. Mr. Garvin, as Magistrate Judge Bowler's Deputy Courtroom Clerk, plays a central and confidential role assisting her in the discharge of her judicial duties. In this

Honorable Robert M. Farrell
August 12, 2014
Page 3

case, those duties included issuing numerous search warrants authorizing searches of the defendant's home, dorm room, computers, phones, and on-line social media accounts. Judge Bowler also determined when and where the defendant would have his initial appearance, conducted the defendant's initial appearance and arraignment, appointed counsel, and ruled on many pre-indictment defense requests for expert and investigative services.

8. The government's May, 2014 disclosure that Mr. Garvin was a potential eyewitness and was within the zone of danger from the Marathon bombing obligates defense counsel to investigate whether Magistrate Judge Bowler should have recused herself from participating in this case, both before and after the defendant's arrest, or, at a minimum, whether she should have notified the defendant and his counsel that so important a member of the court's staff was present at the crime scene.

9. The standard for recusal under 28 U.S.C. §455(a) is an objective one – whether "impartiality might reasonably be challenged" – and is a fact-based determination. "[W]hat matters is not the reality of bias or prejudice but its appearance." *Liteky v. United States*, 510 U.S. 540, 548 (1994); see also, *In Re Bulger*, 710 F.3d 42, 46 (1st Cir. 2013) ("[t]he point under § 455(a) is not his actual state of mind at a particular time, but the existence of facts that would prompt a reasonable question in the mind of a well-informed person about the judge's capacity for impartiality in the course of the trial and its preliminaries); *In re United States*, 666 F.2d 690, 694 (1st Cir.1981) ("courts must not only be, but must seem to be, free of bias or prejudice"); *In Re United States*, 158 F.3d 26 (1st Cir. 1998). Doubts should be resolved in favor of recusal. See *Nichols v. Alley*, 71 F.3d 347, 352 (10th Cir. 1995)

10. Related to the question of recusal is whether Magistrate Judge Bowler was able to fulfil the constitutional role of a neutral and detached judicial officer in evaluating law enforcement requests for search warrants, given that a confidential member of her courtroom staff was an eyewitness to, and potential victim of, one of the bombings in this case.

11. Under these circumstances, defense counsel have a duty to undertake a reasonable investigation into the facts surrounding Mr. Garvin's personal exposure to the Forum Restaurant bombing and its aftermath, and to Magistrate Judge Bowler's awareness of those facts prior to and during her involvement as the Magistrate Judge responsible for this case.

Honorable Robert M. Farrell
August 12, 2014
Page 4

12. Finally, defense counsel have an obligation to conduct a reasonable investigation determine whether other judicial officers or staff were themselves actual or potential victims of, or witnesses to, the Boston Marathon bombing and its aftermath.

13. The legal relevance of this question is to determine whether grounds exist for the District Court to recuse itself, as was done following both the Oklahoma City bombing case in 1995, and the murder of the Chief Judge of the District of Arizona, among others, in January, 2011. Given Mr. Garvin's own experience, counsel wish to ask him whether he is aware of other federal judicial officers or staff employed in the courthouse who had comparable experiences on or immediately after April 15, 2013, and also whether and how widely he discussed his own experiences of April 15 with other judicial officers or employees at the federal courthouse.

**C.     Why the matters about which counsel seek to interview Mr. Garvin are not readily available from other sources or by other means.**

14. The information sought here does not exist in any documentary form of whic we are aware. There exists no source for information about Mr. Garvin's personal experiences at the Marathon Bombing other than a personal interview, and counsel cannot determine the extent to which he made Magistrate Judge Bowler aware of those experiences except by interviewing him or the Judge.

15. I declare under penalty of perjury that the facts set forth in this letter are true, except as to those facts that are provided on information and belief, and as to those, I believe them to be true.

Sincerely,

By:     Judy Clarke

For:    David I. Bruck
        Judy Clarke
        Miriam Conrad
        William Fick
        Timothy Watkins
        Counsel for Dzhokhar Tsarnaev