

**UNITED STATES DISTRICT COURT**
DISTRICT OF MASSACHUSETTS
OFFICE OF THE CLERK
1 COURTHOUSE WAY
BOSTON, MASSACHUSETTS 02210

**ROBERT M. FARRELL**
CLERK OF COURT

September 23, 2014

Judy Clarke, Esq.
1010 Second Avenue
Suite 1800
San Diego, California 92101

    Re: United States v. Dzhokhar Tsarnaev, Crim. No. 13-10200-GAO (D.Mass.)

Dear Ms. Clarke:

    This letter is in response to your letter of July 9, 2014 and your August 12, 2014 affidavit detailing your request to interview Brendan Garvin, Courtroom Deputy to the Honorable Marianne B. Bowler, in connection with the above-referenced case. In particular, you have requested to question him about the following topics:

- whether, when, and how he notified the Court that he was present at the scene of one of the explosions;

- the specific information he provided to the Court; and

- whether and when he was interviewed by government counsel or by law enforcement about his observations, and if he was interviewed, what he told government counsel or law enforcement personnel.

    Your letter also stated that you are interested in interviewing Mr. Garvin "given [his] role as Judge Bowler's courtroom deputy." As previously stated, insofar as your request pertains to matters involving Mr. Garvin's official duties, it is governed by the Federal Judiciary's disclosure regulations.

    The Federal Judiciary's disclosure regulations, "Testimony of Judiciary Personnel and Production of Judiciary Records in Legal Proceedings" (Disclosure Regulations), govern requests for official judiciary information, and they are publicly accessible on uscourts.gov via the following hyperlink: http://www.uscourts.gov/RulesAndPolicies/SubpoenaRegulations.aspx. Under these regulations, disclosure requests are referred to the appropriate "determining officer", in this instance myself as Clerk of Court. See Disclosure Regulations, § 840(b)(3). Requests that fail to satisfy these regulations may be denied on substantive or procedural grounds. See id., §§ 830 and 850(a).

The first two requests pertain to Mr. Garvin's performance of duties as Judge Bowler's courtroom deputy. As stated in your letter, "Mr. Garvin, as Magistrate Judge Bowler's Deputy Courtroom Clerk, plays a central and **confidential** role..." As you state, your request seeks information regarding confidential communication between a judge and her clerk. For this reason, the request to interview Mr. Garvin regarding his confidential communication with Judge Bowler as a member of the Clerk's Office staff is denied unless the presiding judge orders otherwise.

The third request seeks information regarding interviews of Mr. Garvin by government counsel or law enforcement. As this request governs contact and communication by Mr. Garvin outside the scope of his employment with the court, these guidelines do not apply.

Sincerely,

Robert M. Farrell
Clerk of Court

cc: Honorable Patti B. Saris
Honorable George A. O'Toole
Honorable Marianne B. Bowler
Miriam Conrad, Federal Public Defender