UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**SEALED**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Crim. No. 13-10200 - GAO |
| v. | ) | |
| | ) | |
| | ) | |
| DZHOKHAR TSARNAEV | ) | |

**SEALED MOTION FOR ORDER**
**AUTHORIZING INTERVIEW OF DEPUTY CLERK**

Pursuant to Federal Judiciary Regulations and the letter of Clerk of Court Robert Farrell dated September 23, 2014 (attached hereto as Exhibit A), the defendant, Dzhokhar Tsarnaev, by counsel, files this sealed request for an order authorizing the defense to interview Deputy Clerk Brendan Garvin concerning his experience as a possible percipient witness to the Boston Marathon Bombings and any communications about that experience relating to his duties as a deputy clerk.

As grounds for this motion, defense counsel state:

1.     By letter dated May 23, 2014, the government advised defense counsel that Mr. Garvin, the Courtroom Deputy Clerk to Magistrate Judge Bowler, was present at the Forum Restaurant on April 15, 2013 when the second explosive device, allegedly placed by the defendant, was detonated outside. Government counsel also advised that they understood that Judge Bowler was aware that the deputy clerk was at the Forum at the time of the explosion.

2.      On June 27, 2014, defense counsel filed a sealed motion requesting "that the Court direct the Court Unit Executives, the United States Marshal, and the United States Attorney for the District of Massachusetts to advise the Court and the parties of significant connections that may exist between their employees and the events alleged in the indictment," and to direct a similar request to the Judges of the District Court.  [DE 404.]  The government opposed the motion.

3.      On July 9, 2014, defense counsel wrote directly to Mr. Garvin requesting an interview "about topics including:

• whether, when, and how [he] notified the Court that you were present at the scene of one of the explosions,

• the specific information [he] provided to the Court, and

• whether and when [he was] interviewed by government counsel or by law enforcement about [his] observations, and if [he was] interviewed, what [he] told government counsel or law enforcement personnel."

Exhibit B.

4.      By letter dated August 7, 2014, Mr. Farrell responded that the defense request was governed by Federal Judiciary Disclosure regulations and such a request should be made formally pursuant to the requirements of those regulations.  Exhibit C.

5.      By letter dated to Mr. Farrell dated August 12, 2014, the defense formally requested to interview Mr. Garvin pursuant to Federal Judiciary Disclosure Regulation § 830(a).  Exhibit D.  As explained in the letter, defense counsel have a duty to undertake a reasonable investigation into the facts surrounding Mr. Garvin's personal exposure to the bombing and its aftermath, and to Magistrate Judge Bowler's awareness of those facts

prior to and during her involvement as the Magistrate Judge responsible for this case. In particular, these facts bear on an issue that was raised motions to suppress, that is, whether the search warrants were issued by a "neutral and detached magistrate." [DE 297, 303, 387 fn. 6.] Information obtained from Mr. Garvin could provide the basis for a motion to reconsider the Court's denial of the motions [DE 607], which was based in part on the "good faith" doctrine. In addition, the information obtained from Mr. Garvin could provide a basis for a renewed motion to change venue.

6.     On August 18, 2014, the Court denied the defense motion seeking information about potential involvement of various court personnel in the events surrounding the Marathon bombings as either victims or potential witnesses. [DE 494.] With regard to Mr. Garvin, the Court stated: "There is no information that the clerk was physically affected by the explosion or a percipient witness to it. The clerk was no different from any of the large number of persons gathered to celebrate the Marathon event. There is no information that he was in any way peculiarly affected by the bombing differently from any other of the many general spectators in the area." *Id.* at 2.

7.    However, Mr. Garvin was clearly within the zone of danger. The bomb allegedly placed by the defendant exploded directly outside the Forum Restaurant where Mr. Garvin was a patron. The explosion blew out the windows of the restaurant, and, on information and belief, injured multiple patrons of the restaurant. The defense therefore has a strong basis in fact to believe that Mr. Garvin likely was a percipient witness with close and personal exposure to the second explosion and its bloody aftermath.

8.    By letter dated September 23, 2014, Mr. Farrell declined the defense "request to interview Mr. Garvin regarding his confidential communication with Judge Bowler as a member of the Clerk's Office staff . . . unless the presiding judge orders otherwise." Exhibit A.

9.    There exists no source for information about Mr. Garvin's personal experiences at the Marathon Bombing other than a personal interview, and counsel cannot determine the extent to which he made Magistrate Judge Bowler aware of those experiences except by interviewing him or the Judge.

WHEREFORE, the defendant's motion should be granted.


DATED:  October 28, 2014

David I. Bruck
Judy Clarke
Miriam Conrad
William Fick
Timothy Watkins
Attorneys for Dzhokhar Tsarnaev

### Certificate of Service

I hereby certify that this motion and attached exhibits have been served upon counsel for the United States hand delivery this 28th day of October, 2014.



- 4 -