**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Crim. No.13-10200-GAO** |
| | ) | |
| **DZHOKHAR A. TSARNAEV,** | ) | |
| **Defendant** | ) | |

**GOVERNMENT'S PROPOSAL AND LEGAL MEMORANDUM**
**CONCERNING DISCLOSURE OF DEFENSE WITNESS AND EXHIBIT LISTS**

The United States, by and through counsel, respectfully submits this response to Tsarnaev's "Defense Memorandum re Scheduling," in which he proposes that he be permitted to conceal the identity of his trial witnesses from the government until they actually testify.

**BACKGROUND**

On September 18, 2014, the Court ordered the parties "to file a joint proposed schedule regarding pretrial witness disclosures on or before 10/2/14." [Dkt. 569]. At Tsarnaev's request, the Court later extended that deadline to October 16, 2014. [Dkt. 592].

On October 16, 2014, the parties filed a joint memorandum in which the government proposed to provide its preliminary witness and exhibit lists on December 15, 2014, and final lists on December 29, 2014. [Dkt. 605]. Tsarnaev requested an additional week in order to determine if the parties could reach

agreement with respect to the timing of his own disclosures. Id.

On October 20, 2014, the Court held a status hearing at which (among other things) it approved the government's proposal and allowed Tsarnaev's oral motion for even more time to confer with the government on the timing of his own disclosures. [Dkt. 612].

On October 24, 2014, Tsarnaev filed a pleading (entitled "Defense Memorandum re Scheduling") in which he proposed that he make no witness-list disclosures at all. Specifically, he proposed to disclose the names of his witnesses to the Court and to prospective jurors at the beginning of voir dire but to conceal the names from the government (and withhold any corresponding Rule 26.2 statements) until the day before each witness testifies. Tsarnaev also proposed that he not disclose his exhibit list until January 30, 2014 -- four weeks after the beginning of trial.

## ARGUMENT

The government proposes that Tsarnaev, like the government, be ordered to produce preliminary witness lists, exhibit lists, and Rule 26.2 statements on December 15, 2014, and final witness and exhibit lists and Rule 26.2 statements on December 29, 2014. Tsarnaev's contrary proposal does not seek to vindicate any legal rights; it seeks only to give him a tactical advantage to

which he is not entitled. Pretrial witness- and exhibit-list disclosure by both parties is consistent with both the letter and spirit of the Local Rules, Federal Rules of Criminal Procedure, and Federal Death Penalty Act ("FDPA"). Tsarnaev does not deserve special treatment and the Court should not rewrite the rules on his behalf.

The Court has ample authority to order that the parties exchange witness and exhibit lists before trial. Federal Rule of Criminal Procedure 57(b) authorizes a court to "regulate practice in any manner consistent with federal law, these rules, and the local rules of the district." Local Rule 117.1(a)(9) states that, "[u]nless an objection has been made pursuant to L.R. 117.1(a)(6), [the Court shall] order that at least three (3) days before the trial the defendant must provide the government with witness and exhibit identification and materials to the same extent the government is obligated to do so." In cases such as this one, where an objection has been made, Local Rule 117.1(a)(6) provides that "the court may decide the issue(s) presented at the Initial Pretrial Conference or may order briefing and/or later argument on such issue(s)." Local Rule 117.1(a)(6) plainly contemplates that a Court **may** order pretrial witness-list disclosures by both parties, and Local Rule 117.1(a)(9) plainly contemplates that it normally **should** do so.

The exchange of witness and exhibit lists before trial is also consistent with the letter and spirit of the FDPA, which guarantees both parties a right "to rebut any information received at the [penalty-phase] hearing." 18 U.S.C. § 3593(c). A right to rebut the other party's information is meaningless without sufficient notice of that information to prepare a rebuttal. Thus, courts have held that "[t]he policies underlying the FDPA and the Federal Rules of Criminal Procedure support the disclosure of penalty-phase information by the defendant." United States v. Lujan, Crim. No. 05-924, Slip Op. at *3 (D. N.M. May 18, 2011). In cases such as this one where "the FDPA is otherwise silent as to procedure . . . it follows that Congress left the fashioning of such procedures, including disclosure matters, to the courts." United States v. Catalan Roman, 376 F.Supp.2d 108, 112 (D.P.R. 2005); see United States v. Sampson, 335 F.Supp.2d 166, 200 (D. Mass. 2004) ("[A]cknowledging that a district court has such inherent authority furthers the goals of the FDPA."). Thus, the FDPA is a second source of authority for ordering the pretrial production of witness and exhibit lists.

Nothing in the language or history of 18 U.S.C. § 3432 calls into question the Court's authority to order pretrial witness-list disclosure by the defense in a capital case. That statute merely guarantees a capital defendant the right (among

other things) to see the government's witness list at least three days before trial; it does not prohibit a Court from ordering reciprocal witness-list disclosure by the defense, and there is no indication Congress intended it to. To read 18 U.S.C. § 3432 as an affirmative *prohibition* on a Court's authority to order pretrial witness-list disclosure by the defense would simply be to rewrite the statute.

It is important to note that Tsarnaev does not seek to vindicate any legal right by resisting an order directing him to exchange witness and exhibit lists with the government. After all, he intends to provide his witness list to 1,000 potential jurors many weeks before any defense witness takes the stand. Rather, Tsarnaev seeks only the tactical advantage of taking the government completely by surprise. As the Court has previously observed, however, "[a] criminal trial is not "a poker game in which players enjoy an absolute right always to conceal their cards until played." Williams v. Florida, 399 U.S. 78, 82 (1970). Tsarnaev is not entitled to a tactical advantage that other criminal defendants are routinely denied.

Several courts have held that the parties may be ordered to exchange witness lists before trial. See United States v. Fletcher, 74 F.3d 49, 54 (4th Cir.1996); United States v. Jackson, 508 F.2d 1001, 1006-08 (7th Cir. 1975); United States v. Tavares, 436 F.Supp.2d 493, 503 (E.D.N.Y 2006) ("After the

government has supplied its [witness] list, defendant's witness list for the guilt and penalty phases shall be provided to the government the day that voir dire begins. Exchange of this information may not only speed the trial but also may make the voir dire more informed, and therefore more fair."). In the Northern District of Texas, a local rule requires the parties to exchange witness and exhibit lists at least 14 days before trial. See Northern District of Texas Local Rule 16.1(b).

Citing United States v. Hicks, 103 F.3d 837 (9th Cir. 1996), Tsarnaev claims the Ninth Circuit holds that courts lack authority to order pretrial witness-list disclosure by the defense; but Hicks was expressly overruled by the Ninth Circuit in United States v. W.R. Grace, 526 F.3d 499 (9th Cir. 2008). Although the only issue in W.R. Grace was whether a trial court has authority to order pre-trial witness-list disclosure by the government, the authorities cited by the Ninth Circuit for such an order would equally permit a court to issue an identical order to the defendant. See 526 F.3d at 510-511 (listing as authorities Fed. R. Crim. P. 16 and the well-established principles "that district courts have inherent power to control their dockets," that "judges exercise substantial discretion over what happens inside the courtroom," and that "all federal courts are vested with inherent powers enabling them to manage their cases and courtrooms effectively and to ensure obedience

to their orders”) (internal quotation marks and citations omitted).

Finally, Tsarnaev makes the specious (and entirely unsupported argument) that law enforcement officers have created an “atmosphere of fear and intimidation” among potential defense witnesses through an “aggressive, persistent and pervasive law enforcement presence in the[ir] lives,” and that, if given a defense witness list, they “will descend” on potential defense witnesses, who then “will quickly cease to be defense witnesses.” Overheated rhetoric such as this cannot substitute for actual facts and sound legal argument. There is no evidence of witness intimidation in this case. Securing the voluntary cooperation of witnesses can be a challenge for both parties; many victims of the Marathon bombings, for example, are afraid, if not unwilling, to testify against the man accused of dismembering or traumatizing them in a terrorist attack. Tsarnaev, however, has adequate tools, including subpoena power, to obtain the testimony of witnesses whom he wishes to call at trial. Tsarnaev’s situation is not so special that he is entitled to have the Court invent new rules of criminal procedure on his behalf.

Tsarnaev also should be ordered to produce his preliminary and final exhibit lists on December 15, 2014 and December 29, 2014, respectively. The pre-trial exchange of exhibit lists is

essential to permit both parties adequate time to draft motions in limine. That process, in turn, will help ensure that the trial proceeds smoothly, expeditiously, and without unnecessary delays. See Fed. R. Crim. P. 2.

WHEREFORE, the government respectfully proposes that Tsarnaev, like the government, be ordered to produce preliminary witness lists, exhibit lists, and Rule 26.2 statements on December 15, 2014, and final witness and exhibit lists and Rule 26.2 statements on December 29, 2014.

Respectfully submitted,

CARMEN M. ORTIZ
UNITED STATES ATTORNEY

By: /s/ William D. Weinreb
WILLIAM D. WEINREB
ALOKE S. CHAKRAVARTY
NADINE PELLEGRINI
STEVEN D. MELLIN
Assistant U.S. Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 10, 2014.

.

*/s/ William D. Weinreb*
WILLIAM D. WEINREB