UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**FILED UNDER SEAL**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 13-10200-GAO |
| | ) | |
| DZHOKHAR TSARNAEV | ) | |

**MOTION FOR FOREIGN DEPOSITION**

Defendant, Dzhokhar Tsarnaev, by and through counsel, respectfully requests, pursuant to Fed. R. Crim. P. 15 as well as the Fifth, Sixth and Eighth Amendments, that the Court authorize the foreign deposition of Magomed Kartashov and order the government to request that Russian authorities make him available for questioning, as the government did previously for an FBI interview.

**Background**

Magomed Kartashov is a cousin of the defendant's mother, Zubeidat Tsarnaeva. Kartashov headed an Islamist organization in Dagestan, Russia called the "Union of the Just." On information and belief, he is presently serving a sentence of incarceration at a penal colony in Voronezhskaya Oblast, Russia (the region surrounding the city of Voronezh in the Southwest of the "European" part of Russia) arising from an alleged assault on a law enforcement officer.

On June 5, 2013, at the request of the U.S. government, Kartashov was brought from a pretrial detention facility to the office of the Russian Federal Security Service (FSB) in Makhachkala, Dagestan, where he was interviewed by FBI agents. A copy of

1

the redacted FBI 302 describing this interview, provided by the government in discovery, is attached to this motion as Exhibit A.

Kartashov stated that he spent substantial time with the defendant's older brother, Tamerlan Tsarnaev, when Tamerlan visited Dagestan for six months in 2012. Among other things, Kartashov provided the following insight into Tamerlan's radical views and intentions as of early 2012:

- TAMERLAN ... asked KARTASHOV if he had any radical connections to Islam or contacts with the people in the forest.[1] KARTASHOV told TAMERLAN that he did not have radical connections to Islam. KARTASHOV believed that TAMERLAN may have asked the same questions of other people.

- TAMERLAN was under the impression that there was Jihad in the streets. TAMERLAN's expectations of how it was going to be when he came to DAGESTAN came from Internet sites like KAVKAZ CENTER.

- TAMERLAN came to RUSSIA with the intention to fight Jihad in the forest.

- TAMERLAN told KARTASHOV, "I came here to get involved in Jihad."

- TAMERLAN would talk openly about wanting to join the Jihad. KARTASHOV opined that if TAMERLAN talked to him about these things that he probably told others that he wanted to join as well.

- KARTASHOV stated that when TAMERLAN arrived in RUSSIA he was already thinking about Jihad and looking to do something. When asked who could have planted the thoughts in TAMERLAN's head, KARTASHOV said, "I know for a fact that it was the Internet site KAVKAZCENTER and lectures of ANWAR AL-AULAQI (AULAQI). TAMERLAN told KARTASHOV that he listened to "so many" lectures from AULAQI and that he regularly used KAVKAZCENTER.

- When asked why TAMERLAN wanted to go to the forest, KARTASHOV said TAMERLAN felt that Jihad was mandatory today.

---

[1] The "forest" is a euphemism in Russian for the underground jihadist insurgency in the North Caucasus region.

2

- KARTASHOV said that if someone has no basic understanding of Islam and is then exposed to AULAQI, they are loaded with information and ready to go.

- KARTASHOV claimed that just based off of conversations with TAMERLAN, he realized that TAMERLAN's decision to pursue Jihad was "not a decision he made yesterday."

In addition, the government has provided in discovery two transcripts of intercepted Skype communications between Kartashov and Tamerlan in late 2012, after Tamerlan had returned to the United States, in which they discuss various issues related to Islam and armed conflicts around the globe.

## Argument

Fed. R. Crim. P. 15(a)(1) provides, in relevant part, that a "party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of exceptional circumstances and in the interest of justice." The Rule further provides that

> The deposition of a witness who is outside the United States may be taken without the defendant's presence if the court makes case-specific findings of all the following:
>
> (A) the witness's testimony could provide substantial proof of a material fact in a felony prosecution;
>
> (B) there is a substantial likelihood that the witness's attendance at trial cannot be obtained;
>
> (C) the witness's presence for a deposition in the United States cannot be obtained;
>
> (D) the defendant cannot be present because:

3

> (i) the country where the witness is located will not permit the defendant to attend the deposition;
>
> (ii) for an in-custody defendant, secure transportation and continuing custody cannot be assured at the witness's location; or
>
> (iii) for an out-of-custody defendant, no reasonable conditions will assure an appearance at the deposition or at trial or sentencing; and
>
> (E) the defendant can meaningfully participate in the deposition through reasonable means.

Fed. R. Crim. P. 15(c)(3).

Here, the requested deposition of Kartashov readily satisfies these standards. Kartashov can provide uniquely probative and compelling testimony regarding Tamerlan Tsarnaev's radical views dating back to early 2012, which sheds light on the motive for the alleged offenses as well as the relative culpability of the two brothers. The testimony therefore is expected to provide "substantial proof of a material fact," as required by subsection (c)(3)(A). Because Kartashov is detained in a Russian penal colony, the defense cannot secure his presence at trial or at a deposition in the United States, thus satisfying subsections (c)(3)(B) and (C). The defendant cannot be transported in custody to Russia to participate in a deposition there, satisfying subsection (c)(3)(D), but can meaningfully participate in a deposition by consulting with counsel, as required under subsection (c)(3)(E).

WHEREFORE, the Court should authorize the foreign deposition of Magomed Kartashov and order the government to request that Russian authorities make him available for questioning.

Respectfully submitted,

DZHOKHAR TSARNAEV
by his attorneys

Judy Clarke, Esq. (CA Bar # 76071)
CLARKE & RICE, APC
1010 Second Avenue, Suite 1800
San Diego, CA 92101
(619) 308-8484
JUDYCLARKE@JCSRLAW.NET

David I. Bruck, Esq.
220 Sydney Lewis Hall
Lexington, VA 24450
(540) 460-8188
BRUCKD@WLU.EDU

Miriam Conrad, Esq. (BBO # 550223)
Timothy Watkins, Esq. (BBO # 567992)
William Fick, Esq. (BBO # 650562)
FEDERAL PUBLIC DEFENDER OFFICE
51 Sleeper Street, 5th Floor
(617) 223-8061
MIRIAM_CONRAD@FD.ORG
TIMOTHY_WATKINS@FD.ORG
WILLIAM_FICK@FD.ORG

## Certificate of Service

I hereby certify that this document I have caused the foregoing document and exhibit to be served on counsel for the United States by hand delivery on November 15, 2014November 17, 2014.