UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Crim. No.13-10200-GAO |
| | ) | |
| DZHOKHAR A. TSARNAEV, | ) | Under Seal |
| Defendant | ) | |

GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION FOR ORDER AUTOHRIZING INTERVIEW OF DEPUTY CLERK

The United States of America, by and through its undersigned counsel, respectfully opposes defendant Dzhokhar Tsarnaev's motion for an order authorizing him to interview Deputy Clerk Brendan Garvin. As grounds therefore, the government states the following.

BACKGROUND

On July 9, 2014, Tsarnaev wrote Mr. Garvin a letter requesting to interview him about several matters, including Mr. Garvin's communications with Magistrate Judge Bowler about his presence at the scene of one of the Boston Marathon explosions. The letter stated (among other things):

> By this letter, we ask for an opportunity to interview you about topics including:

- whether, when, and how you notified the Court that you were present at the scene of one of the [Boston Marathon] explosions,

- the specific information you provided to the Court, and

- whether and when you were interviewed by government counsel or by law enforcement about your observations, and if you were interviewed, what you told government counsel or law enforcement personnel.

The Guide to Judiciary Policy, Volume 20, Chapter 8 (hereinafter "GJP") states that "[f]ederal judicial personnel may not provide testimony or produce records in legal proceedings except as authorized in accordance with these regulations." GJP § 820(a). "Testimony" includes any "statement in any form arising out of the performance of the witness' official duties." GJP § 810.30. A request for testimony "must set forth . . . a written statement . . . containing an explanation of the nature of the testimony or records sought, the relevance of the testimony or records sought to the legal proceedings, and the reasons why the testimony or records sought, or the information contained therein, are not readily available from other sources or by other means." GJP § 830(a). The witness may not testify "without the prior approval of the determining officer designated in § 840(b)," who in this case was Clerk of Court Robert Farrell.

On August 7, 2014, Mr. Farrell wrote Tsarnaev requesting a written statement as required by GJP § 830(a), and on August 12, 2014, Tsarnaev provided one. It stated that the information Tsarnaev sought was relevant to three issues: (1) "whether Magistrate Judge Bowler should have recused herself from

2

participating in this case," (2) "whether Magistrate Judge
Bowler was able to fulfill the constitutional role of a neutral
and detached judicial officer in evaluating law enforcement
requests for search warrants," and (3) "whether other judicial
officers or staff were themselves actual or potential victims
of, or witnesses to, the Boston Marathon bombing and its
aftermath . . . [such that] grounds exist for the District Court
to recuse itself."  (Deft. Ex. D, pp. 3-4).

On September 23, 2014, Mr. Farrell denied Tsarnaev's
request to interview Mr. Garvin about the latter's confidential
communications with Magistrate Bowler "unless the presiding
judge orders otherwise."  [Deft. Ex. A].  He also informed
Tsarnaev that Tsarnaev's request to interview Mr. Garvin about
communications with government counsel were not governed by the
GJP.

Tsarnaev has now moved for "an order authorizing the
defense to interview" Mr. Garvin "concerning his experience as a
possible percipient witness to the Boston Marathon Bombings and
any communications about that experience relating to his duties
as a deputy clerk."  [Deft. Mot. at 1].  In support of this
motion he relies on essentially the same grounds he cited in his
written statement pursuant to GJP § 830(a).  For the reasons set
forth below, the motion should be denied.

ARGUMENT

A.   Tsarnaev has no right to judicial review of the
     Clerk's determination.

Section 840(b)(3) of the FJP provides that when a request

is made to interview a deputy clerk about job-related matters,

the "determining officer" who may grant or deny the request is

the clerk of court.  The FJP does not authorize judicial review

of the Clerk's determination.  On the contrary, it states that

"[t]hese regulations . . . are not intended to create, do not

create, and may not be relied upon to create any right or

benefit, substantive or procedural."  FJP § 820(e).  Tsarnaev

has cited no authority for the Court to grant its motion, and

the government is aware of none.

B.   In any event, the determination was correct.

The purpose of the Federal Judicial Regulations governing

testimony by court personnel is, among other things, to "protect

confidential and sensitive information and the deliberative

processes of the federal judiciary."  Mr. Farrell correctly

determined that granting Tsarnaev's request to interview Mr.

Garvin about his confidential communications with Judge Bowler

would thwart that purpose.  Mr. Farrell appears to have followed

correctly the procedures set forth in FJP § 850 and given due

consideration to the factors enumerated in FJP § 850(a).  Even

4

assuming, therefore, that the FJR authorizes judicial review of his determination, there is no compelling reason to overturn it.

    C.    Regardless of the Court's ruling, Mr. Garvin remains free to decline Tsarnaev's request.

Although Tsarnaev seeks "an order authorizing the defense to interview Deputy Clerk Brendan Garvin" (Deft. Mot. at 1), strictly speaking what he really seeks is an order permitting Mr. Garvin voluntarily to submit to an interview.  The FJP states that when a deputy clerk such as Mr. Garvin receives a request for an interview, he must decline it unless and until he is authorized to accept it by the determining officer.  FJP § 850(b).  If the Court reverses the Clerk's determination that Mr. Garvin may not accept Tsarnaev's invitation, then Mr. Garvin will become free to accept it or reject it as he sees fit. Tsarnaev has not asked the Court for an order compelling Mr. Garvin to submit to an interview, and the FJP does not authorize such an order.

WHEREFORE, the government respectfully requests that the Court deny Tsarnaev's motion for an order authorizing him to interview Deputy Clerk Brendan Garvin about his confidential communications with Judge Bowler.

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

By: /s/ William D. Weinreb
WILLIAM D. WEINREB
ALOKE S. CHAKRAVARTY
NADINE PELLEGRINI
Assistant U.S. Attorneys

CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non-registered participants on this date.

/s/ William D. Weinreb
WILLIAM D. WEINREB