UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**FILED UNDER SEAL**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 13-10200-GAO |
| | ) |
| DZHOKHAR TSARNAEV | ) |

## MOTION FOR ORDER RE: FORENSIC TESTING

Defendant, Dzhokhar Tsarnaev, hereby requests that the Court order evidence technicians at the Federal Bureau of Investigation ("FBI") Boston office to send physical evidence to a laboratory identified by the defendant for certain forensic testing. The defense further requests that the order prohibit the FBI evidence technicians from communicating with the prosecution team regarding the evidence, transfer or testing unless and until the defense provides notice of the intention to use the results.[1]

Government laboratory personnel have performed a myriad of tests and analyses of the thousands of items collected from the three major crime scenes that will be the subject of this case. In its continuing efforts to examine, review, and analyze potential forensic evidence and testimony the government intends to introduce at trial, the defendant has identified tests that could have been, but were not, adequately performed on specific items the government has collected. Those tests, if performed, might result in

---

[1] "Prosecution team" means the District of Massachusetts U.S. Attorney's office, the United States Department of Justice, and all state and federal law enforcement agents and officers involved in the investigation or prosecution of the federal case against Mr. Tsarnaev. *See* Agreement to Protect Defense Information and Work Product (signed by the parties 7/3/14).

evidence that is favorable to the defense and at the very least material to its preparation for trial. The defense proposes to conduct the necessary tests on specific physical evidence and is currently making arrangements so that the testing may be performed. The items, the nature of the testing, and the name of the forensic testing facility to which the items will be submitted are identified in a declaration submitted separately *ex parte*.

The defense has requested that the government permit FBI evidence technicians in Boston to send the physical evidence to a laboratory identified by the defense. To preserve the work product opinion privilege, *see, e.g., United States v. Horn*, 811 F. Supp. 739, 746 (D. N.H. 1992), *rev'd in part on other grounds*, 29 F.3d 754 (1st Cir. 1994), the defense also requested that evidence technicians shield any information regarding the items to be tested, the testing to be performed, and the laboratory to which the items would sent from the prosecution team.[2] A copy of the email exchange regarding the proposed testing is attached as Exhibit A to this motion. The government has refused to accommodate work product protections in connection with the requested testing, stating

> the government will not consent to any evidence being removed from government custody and subjected to testing without knowing the identity of the item, where it is going, the nature of the tests, and the degree to which the testing might alter or destroy the item or its character -- a judgment we intend to make for ourselves. "Evidence technicians" unassociated with the prosecution are in no position to judge whether the

---

[2] This firewall has been in place by agreement throughout the defense's review of evidence in the custody of the government. Absent purely logistical arrangements regarding the time and place of evidence review, evidence technicians (and other law enforcement personnel present for the defense team's inspection of evidence) are prohibited from revealing to the prosecution team what was inspected, photographed, or copied or otherwise reviewed.

government should consent to having original items of evidence removed from government custody, especially so close to the trial date.

*Id.*

## ARGUMENT

The Supreme Court has confirmed that the work product doctrine plays an essential role in the integrity of criminal cases:

> Although the work-product doctrine most frequently is asserted as a bar to discovery in civil litigation, its role in assuring the proper functioning of the criminal justice system is even more vital. The interests of society and the accused in obtaining a fair and accurate resolution of the question of guilt or innocence demand that adequate safeguards assure the thorough preparation and presentation of each side of the case.
>
> . . . .
>
> At its core, the work-product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case.

*United States v. Nobles*, 422 U.S. 225, 238 (1975). Put another way, the work product doctrine grants attorneys "a zone of privacy within which to prepare the client's case and plan strategy, without undue interference." *In re San Juan Dupont Plaza Hotel Fire Litigation*, 859 F.2d 1007, 1014 (1st Cir. 1988).

Specifically, for example, courts "have held that defense counsel's selection and compilation of documents in preparation for pretrial discovery fall within the highly-protected category of opinion work product." *Horn*, 811 F. Supp. at 746. In *Horn*, the court found that the government had improperly invaded defense work product where the prosecution had directed a vendor to make an additional copy for the government of materials that the defense had selected to be copied. *See id.* Based on similar reasoning, in *United States v. June*, 2011 U.S. Dist. LEXIS 127902 (D. Mass. Oct. 19, 2011), the

Court order the government to permit the defense to review and copy original documents without the presence of an agent.

There is no principled basis to permit invasion of defense work product when the defendant seeks to procure testing of items exclusively under the government's control. Fed. R. Crim. P. 16(b)(1)(B) protects disclosure of reports of expert testing unless and until the defendant decides to make use of the testing at trial. The rule is designed to eliminate the chilling effect on defense counsel's preparation that the risk of disclosure of adverse results would bring. *See United States v. Tarricone*, 996 F.2d 1414, 1419 (2d Cir. 1993). Government knowledge of the evidence the defense has selected for testing, and the tests to be performed, would similarly undermine the integrity of attorney work product where the decision as to whether to present the results at trial at all is completely protected from disclosure. Thus, fidelity to *Horn* and Rule 16(b)(1)(B) mandates the procedure the defense has proposed to the government, and now asks this Court to impose.

In refusing, the government's primary complaint is that the prosecution team alone must determine the degree to which the testing might alter or destroy the items or their character. *See* Exhibit A. The government's complaint is meritless. As the correspondence notes, and as is made clear in the sealed *ex parte* declaration, FBI evidence technicians can easily and thoroughly document the condition of the items as they leave the FBI office to be tested. A member of the defense team will affirm the description, photographs, videos or any other methods chosen by the evidence technicians to document the state of the evidence before the item is sent for testing. The

defense team will not permit consumptive testing without obtaining further leave of the Court.

In short, the items to be tested and the testing to be done are protected from disclosure to the prosecution team. The proposed method ensures integrity of the defense function as well as integrity of the evidentiary items at issue. The Court should permit the testing and prohibit disclosure to the prosecution team.

## CONCLUSION

For the foregoing reasons, the Court should order evidence technicians at the Federal Bureau of Investigation Boston office to send specific physical evidence to a qualified laboratory identified by the defendant for certain forensic testing. The defense further requests that the order prohibit the FBI evidence technicians from communicating with the prosecution team regarding the evidence, transfer or testing unless and until the defense provides notice of the intention to use the results.

Should the Court grant the requested relief, the defendant requests that the Court transmit an order to Boston FBI evidence technicians that includes identification of the items to be tested and instructions as where the items should be sent. The order should otherwise remain *ex parte* and under seal  A proposed order is submitted *ex parte*.

Respectfully submitted,

DZHOKHAR TSARNAEV
By his attorneys

/s/ Judy Clarke

Judy Clarke, Esq. (CA Bar # 76071)
CLARKE & RICE, APC
1010 Second Avenue, Suite 1800
San Diego, CA 92101
(619) 308-8484
JUDYCLARKE@JCSRLAW.NET

David I. Bruck, Esq.
220 Sydney Lewis Hall
Lexington, VA 24450
(540) 460-8188
BRUCKD@WLU.EDU

Miriam Conrad, Esq. (BBO # 550223)
Timothy Watkins, Esq. (BBO # 567992)
William Fick, Esq. (BBO # 650562)
FEDERAL PUBLIC DEFENDER OFFICE
51 Sleeper Street, 5th Floor
(617) 223-8061
MIRIAM_CONRAD@FD.ORG
TIMOTHY_WATKINS@FD.ORG
WILLIAM_FICK@FD.ORG

CERTIFICATE OF SERVICE

I, Timothy G. Watkins, hereby certify that true copies of this document were served upon Assistant U.S. Attorneys William Weinreb, Aloke Chakravarty, Nadine Pellegrini, and Donald Cabell by e-mail and interoffice delivery on November 7, 2014November 6, 2014.

/s/ Timothy Watkins

Timothy Watkins