```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA        )
                                )
        v.                      )    Crim. No.13-10200-GAO
                                )
DZHOKHAR A. TSARNAEV,           )
            Defendant           )
```

                          FILED UNDER SEAL

          GOVERNMENT'S OPPOSITION TO DEFENDANT'S
           MOTION FOR ORDER RE: FORENSIC TESTING

The United States of America, by and through its undersigned counsel, respectfully opposes defendant Dzhokhar Tsarnaev's motion filed under seal for an order directing the removal of unspecified physical evidence from the custody and control of the prosecution and which further prohibits FBI technicians from communicating any information to the prosecution team regarding the identity of the evidence or the location and nature of the testing.

As set forth below, there is no legal authority for the defendant to remove undisclosed physical trial evidence from the government's possession for unknown forensic testing at an unknown facility by unknown persons.

The vague assurances offered by Tsarnaev regarding the non-destruction and alteration of the evidence provide no measure of protection or relief for the government in either the short-term as relates to preparation for trial or the long-term as relates

1

to the potential loss of evidence and any appellate issue that might arise. The court should not be forced to make decisions that could affect the government's ability to use its own evidence at trial without first receiving input from the government. Evidence technicians likewise are not counsel for the government and their judgments cannot substitute for that of the prosecution.

At a minimum, the government should be advised of the identity of the item and the exact nature of the testing so that it can properly address this issue in an adversarial setting if necessary.

## ARGUMENT

Tsarnaev claims he has identified evidence that "the government intends to use at trial" for which there are "tests that could have been, but were not, adequately performed." [Def. Mot. at 1]. If, in fact, the physical evidence has been identified by the government as among those items it intends to introduce at trial, then the government plainly has an interest in ensuring that the item is not mishandled, altered, or otherwise rendered unsuitable for its intended evidentiary use. To adequately protect that interest the government needs to know the identity of the item, the tests Tsarnaev proposes to perform, and the identity of the testers, before it can agree to release the item to Tsarnaev.

2

Tsarnaev argues that Fed.R.Crim.P. 16(b)(1)(B) supports his request for a blind transfer of physical evidence into his custody. He claims that "the rule [Rule 16(b)(1)(B)] is designed to eliminate the chilling effect on defense counsel's preparation that the risk of disclosure of adverse results would bring." [Def. Mot. at 4]. But Rule 16(b)(1)(B) is completely inapposite here. That rule merely establishes a defendant's obligation to produce reciprocal discovery with respect to examination and tests. It does not apply where, as here, the government is not seeking reciprocal discovery but rather is declining to assent to a blind transfer of its own evidence to the defendant except on certain conditions.

To the extent any party is seeking Rule 16 discovery in this dispute it is Tsarnaev. But Rule 16(a)(1)(E)( E), the rule that governs a defendant's request for physical evidence, permits a defendant only to inspect, copy, and photograph items, not transfer them to third parties who may well permanently alter them. The long-standing practice in this district has been that defendants who wish to transfer government evidence to third parties for testing advise the government of the identity the item in question and the nature of the testing so that the government can make an informed determination of whether or not the testing will alter or destroy the item's evidentiary character. Tsarnaev has not cited a single case that supports

3

his right to a blind transfer of government evidence, and the government is not aware of any.

Even assuming for the sake of argument that Tsarnaev's choice of the particular test he wishes to perform on the item in question is protected by the work-product doctrine (a point the government does not concede), that concern is outweighed by the government's need to protect and preserve the evidence in its possession.  Cf. 18 U.S.C. § 3509(m) (providing that contraband material must remain in the care, custody and control of the government or the court as long as the government provides ample opportunity for viewing and inspection at a Government facility).

The government does not agree that it must accept Tsarnaev's assurance that his proposed testing will not affect the government's ability to use the item at trial.  Indeed, Tsarnaev acknowledges in his motion that the test may consume a portion of the item.  Only the prosecutors themselves are in a position to determine -- if necessary to inform the Court -- whether the proposed tests may adversely affect the government's interests in the item.

The question is not what the condition of the item is when it leaves the government's possession; the concern is its condition upon its return.  Will the physical evidence be cut or chemicals applied? Could the physical evidence be lost or

4

removed from the unknown facility? What are the controls and the security at the facility? Who are the persons who are performing these tests and are they qualified to do so? These are questions that the government cannot answer at this time, and the Court should not be forced to make this decision without the government's informed input.

The government respectfully requests that the court deny the Defendant's Motion in its entirety.

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

By:  /s/Nadine Pellegrini
Nadine Pellegrini
William D. Weinreb
Aloke S. Chakravarty
Donald Cabell
Assistant U.S. Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that true copies of this document were served upon Judy Clarke, David I. Bruck, Miriam Conrad, Timothy Watkins and William Fick by email and interoffice delivery on November 19, 2014.

/s/Nadine Pellegrini
Nadine Pellegrini
Assistant United States Attorney

Date: November 19, 2014