UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**FILED UNDER SEAL**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                                        ) | CRIMINAL NO. 13-10200-GAO |
| ) | |
| DZHOKHAR TSARNAEV           ) | |

### REPLY TO THE GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR ORDER RE: FORENSIC TESTING

The government's opposition to the defendant's request that it not be privy to what tests the defendant conducts boils down to its contention that it has in interest in ensuring that the item at issue "is not mishandled, altered, or otherwise rendered unsuitable for its intended evidentiary use," an outcome possible, according to the government, if the Court permits "a blind transfer of its own evidence to the defendant." Government's Opposition to Defendant's Motion for Order Re: Forensic Testing [DE 662] at 2-3. As an initial matter, the government's underlying premise that the evidence will be "transfer[red] . . . to the defendant" is wrong. As the defense made clear to the government in its initial proposal to the government and has detailed in its *ex parte* submission to Court, the defense proposes that the item be sent by FBI personnel to a qualified laboratory and returned by the laboratory to the FBI upon completion; consequently, it will not be "transferred" to the defendant at all.

In any event, the government's purported concern about the evidence is overblown. The procedures set forth in the defendant's proposal to the government,

which includes complete documentation of the condition of the item when it leaves the FBI evidence room, will safeguard its suitability for its intended use as evidence by either party. Were more needed – and it is not – the specific procedures outlined to the Court in the defendant's *ex parte* submission, all of which will be conducted by FBI or laboratory personnel independent of any member of the defense team, will completely insure the item's continued evidentiary integrity.

The government's citation to 18 U.S.C. § 3509(m) supports the defendant's request for testing free of the chilling effect of government intrusion into defense work product. Section 3509(m) is designed to balance the need for defense investigation in child pornography cases, where a defendant must examine nominally contraband evidence for a variety of reasons, with the need to control redistribution of child pornography into the public domain. Common defense reasons for investigation of child pornography evidence, nearly always in the modern age contained in digital devices, are as diverse as checking computer files for modified, accessed, and create dates (which would be performed by a computer forensics expert), to determine the age of a depicted individual (which would be performed by a pediatric development expert), or to determine whether the images at issue were computer generated (which would be performed by an expert in graphic arts). Section 3509(m) does <u>not</u> require the defendant to disclose to the government which test the defense wants performed, what part of the evidence the examined items are to be drawn from, or the expertise of the individual(s) the defense hires to perform the test. Rather, it mandates that the government "makes the property or material reasonably available to the defendant" while the material remains "in

the care, custody, and control of either the Government or the court." 18 U.S.C. § 3509(m)(1) and (2)(A). The simple fact that Congress has directed the government to maintain the evidence at its own facility does not give the government added rights to discern defense work product. *United States v. Flinn*, 521 F. Supp. 2d 1097, 1101 (E.D. Cal. 2007) (ample opportunity under § 3509(m) "requires that the analysis be performed in a situation where attorney-client privilege and work product will not be easily, accidentally exposed to the government").

Here, of course, the item the defense proposes to have tested is not contraband and raises none of the concerns implicated by the redistribution of child pornography into the public domain. Thus, there is nothing prohibiting the Court from ordering the testing to be performed elsewhere, as defendant proposes here. But the broader underlying principle of § 3509(m) certainly applies: the defendant must be permitted an "ample opportunity" for expert defense investigation unfettered by government intrusion into defendant's work product by its knowledge of what is to be looked at, why it is being looked at, and who is doing the looking. 18 U.S.C. § 3509(m)(2)(B). The defendant's procedure here is reasonable, tailored, and necessary to vindicate this principle. Where, unlike the child pornography context, there is no compelling need to conduct the examination at the government's premises, the opportunity to conduct unfettered independent defense forensic examination can and should be accomplished by the procedures outlined to the government and detailed to the Court.

## CONCLUSION

For the foregoing reasons, as well as the reasons set forth in defendant's Motion for Order Re: Forensic Testing, the Court should order evidence technicians at the Federal Bureau of Investigation Boston office to send the physical evidence identified to the Court to a qualified laboratory identified by the defendant for certain forensic testing. The Court should prohibit the FBI evidence technicians from communicating with the prosecution team regarding the evidence, transfer or testing unless and until the defense provides notice of the intention to use the results.

Respectfully submitted,

DZHOKHAR TSARNAEV
By his attorneys

Judy Clarke, Esq. (CA Bar # 76071)
CLARKE & RICE, APC
1010 Second Avenue, Suite 1800
San Diego, CA 92101
(619) 308-8484
JUDYCLARKE@JCSRLAW.NET

David I. Bruck, Esq.
220 Sydney Lewis Hall
Lexington, VA 24450
(540) 460-8188
BRUCKD@WLU.EDU

Miriam Conrad, Esq. (BBO # 550223)
Timothy Watkins, Esq. (BBO # 567992)
William Fick, Esq. (BBO # 650562)
FEDERAL PUBLIC DEFENDER OFFICE
51 Sleeper Street, 5th Floor
Boston, MA 02210
(617) 223-8061

## CERTIFICATE OF SERVICE

I, Timothy G. Watkins, hereby certify that true copies of this document were served upon Assistant U.S. Attorneys William Weinreb, Aloke Chakravarty, Nadine Pellegrini, and Donald Cabell by e-mail and interoffice delivery on November 20, 2014.

*/s/ Timothy Watkins*

Timothy Watkins