UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
| ) | Crim. No. 13-10200 |
| v.    ) | |
| ) | |
| ) | |
| DZHOKHAR TSARNAEV    ) | |

### STIPULATED PROTECTIVE ORDER

1. Pursuant to Federal Rule of Criminal Procedure 16(d), the parties hereby stipulate that good cause exists for the following protective order.

2. All of the materials provided by the Defendant in preparation for, or in connection with, any stage of the proceedings in this case (collectively, "the materials") are subject to this protective order and may be used by the prosecution (defined as counsel of record in this case) solely in connection with the prosecution of this case without further order of this Court.

3. The materials shall not be deemed to include any item(s) already in the government's possession, custody or control at the time they are produced by the Defendant.

4. The prosecution shall not disclose the materials or their contents directly or indirectly to any person or entity other than persons engaged to assist in the prosecution (defined as persons assisting the prosecution who are included within the work product privilege, regardless of whether they receive any remuneration), public safety officers to the extent reasonably necessary to protect public safety, persons who are interviewed as

potential witnesses, counsel for potential witnesses, and other persons to whom the Court may authorize disclosure (collectively, "authorized persons"). Potential witnesses and their counsel may be shown copies of the materials as necessary to prepare the prosecution, but may not retain copies without prior permission of the Court, which may be sought ex parte.

4. Certain of the materials disclosed or to be disclosed by the defense may contain particularly sensitive information relating to medical information, mental health information, and financial information (collectively, "sensitive materials"). These sensitive materials shall be plainly marked as sensitive by the defense prior to disclosure. These materials may be disclosed only to counsel for the prosecution, public safety officers to the extent reasonably necessary to protect public safety, persons engaged to assist the prosecution, or the person to whom the sensitive information pertains, without prior authorization from the Court, which may be obtained ex parte. Absent prior permission from the Court, information marked as sensitive shall not be included in any public filing with the Court, and instead shall be submitted under seal.

5. Copies and reproductions of the materials shall be treated in the same manner as the original materials.

6. Prosecution counsel, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the materials other than to authorized persons, and all such notes or records are to be treated in the same manner as the original materials.

7. Before providing copies of the materials to an authorized person, prosecution counsel must provide the authorized person with a copy of this Order.

8. Upon conclusion of all stages of this case, all of the materials and all copies made thereof shall be destroyed or returned to the defense, unless otherwise required by law or ordered by the Court. The Court may require a certification as to the disposition of any such materials.

9. To the extent any material is produced by the defense to prosecution counsel by mistake, the defense shall have the right to request the return of the material and shall do so in writing. Within five days of the receipt of such a request, prosecution counsel shall return all such material if in hard copy, and in the case of electronic materials, shall certify in writing that all copies of the specified material have been deleted from any location in which the material was stored.

10. The restrictions set forth in this Order do not apply to items that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit prosecution counsel in the use of discovery materials in judicial proceedings in this case, except that sensitive materials shall be filed under seal absent prior permission from this Court.

11. Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

SO STIPULATED:

DATED: November 24, 2014                CARMEN M. ORTIZ
                                        United States Attorney
                                        By:

                                        /s/ William Weinreb
                                        Aloke S. Chakravarty
                                        Steven Mellin
                                        Nadine Pellegrini
                                        William D. Weinreb
                                        Assistant U.S. Attorneys


DATED: November 24, 2014                /s/ Judy Clarke
                                        David Bruck
                                        Judy Clarke
                                        Miriam Conrad
                                        Timothy Watkins
                                        William Fick
                                        Counsel for Dzhokhar Tsarnaev


IT IS SO ORDERED.


/s/George A. O'Toole, Jr.               Dated: November 25, 2014
Hon. George A. O'Toole
United States District Judge