UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 13-10200-GAO

UNITED STATES OF AMERICA

v.

DZHOKHAR A. TSARNAEV,
Defendant.

OPINION AND ORDER
November 25, 2014

O'TOOLE, D.J.

The defendant's Motion to Compel Discovery (dkt. no. 602) is DENIED.

*Documents from the Russian Government*: The defendant's request for unredacted copies of documents furnished by the Russian government after the Marathon bombings is denied at this time. If the defendant's ability to use disclosed information at trial is hampered by the redactions, the matter can be revisited. In addition, the defendant's request for complete copies of pages with text which appears to have been cut off inadvertently is moot in light of the government's representations that it will try to obtain a copy of the materials with the text restored and will produce the material if successful.

*Pre-2013 Communication from the Russian Government:* The government represents that it has disclosed the substance of the communication. It does not appear that the production of a copy of the communication would furnish additional information that would be helpful or material to the defense. The defendant's request for a copy of the communication itself, which the government describes as consisting of an unidentified Russian analyst's opinion about the significance of the underlying information, is therefore denied.

*Transcripts/Translations of the Defendant's BOP Calls:* In light of the government's agreement to produce any transcripts in its possession, the defendant's request is moot.

*Reports of Computer Forensic Examinations:* The government has represented that there are no other reports of examination similar to the analysis of the defendant's computer referred to in the defendant's motion. (Mot. to Compel Ex. E (dkt. no. 602-5) (under seal).) In light of the representation, the defendant's request is moot.

*List of Digital Devices:* The defendant's request for the "government's list identifying which among [the digital] devices it actually intends to use at trial," (Mot. to Compel) (dkt. no. 602), is denied in light of the scheduling order establishing a deadline for production of the government's exhibit list.

*Russian Communications Regarding Defense Team Travel Issues:* The defendant's request is denied.

*OIG Report:* The defendant's request is denied.

*FBI Todashev Materials:* The defendant seeks production of certain FBI materials related to Ibragim Todashev's statements about Tamerlan Tsarnaev's participation in the murder of three men in Waltham in 2011. With respect to this issue, the government had submitted to me for in camera review FBI 302 reports of interviews of Todashev, as well as a video and audio recording of an additional interview. Only one of these materials, an FBI 302 report dated June 7, 2013, is pertinent to the request. The government objects to the request.

The government represents that a state law enforcement investigation of the Waltham murders is ongoing and for that reason invokes the limited investigatory privilege. See Comm. of Puerto Rico v. United States, 490 F.3d 50, 62-64 (1st Cir. 2007). It also asserts that it has already

conveyed the fact and general substance of Todashev's statements concerning the murders, and principles governing discovery in criminal cases do not require more.

After careful consideration, I agree with the government as to both points. As to the first, disclosure of the report risks revealing facts seemingly innocuous on their face, such as times of day or sequences of events, revelation of which would have a real potential to interfere with the ongoing state investigation. As to the second, I fully understand the mitigation theory the defense thinks the requested discovery may advance. After review, it is my judgment that, contrary to the defense speculation, the report does not materially advance that theory beyond what is already available to the defense from discovery and other sources. It would be a different matter if Todashev were available as a potential witness. Without that possibility, the utility of the report to the defense in building a mitigation case is very low at best. I conclude that the report is not material and helpful in the necessary sense.

The defendant's motion regarding this topic is denied.

*Search Warrant Return for Zubeidat Tsarnaeva's Emails:* The requested materials do not appear to fall within the scope of Local Rule 116.1(c)(1)(B).[1] The defendant's request is therefore denied.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge

---

[1] Implicit in this ruling is my understanding that the government represents that the search warrant also did not lead to the discovery of evidence that the government intends to use in its case-in-chief. See L.R. 116.1(c)(1)(B)(i).