UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 13-10200-GAO

UNITED STATES OF AMERICA

v.

DZHOKHAR A. TSARNAEV,
Defendant.

OPINION AND ORDER
November 25, 2014

O'TOOLE, D.J.

The defendant has moved for an evidentiary hearing to address public comments attributed to law enforcement sources that appeared in a recent magazine article about the defendant's family and associates. In particular, he requests the Court to hold a hearing in which supervising federal and state law enforcement officers with access to information about the case would testify about their efforts to curb unauthorized communications with the media.

Although the comments to which the defendant principally objects involve content that by and large had been publicized previously, the fact that the article attributes them to law enforcement sources is of concern in light of the Court's previous cautions against public comment by law enforcement personnel.[1] All who are or who have been involved in the case, even in relatively minor ways, share responsibility for maintaining the integrity of the proceedings and ensuring that the future jury's judgment is ultimately based on the evidence

---

[1] As defense counsel acknowledged during oral argument on the motion, the comments were not necessarily "leaks" as that term is commonly understood, but rather extrajudicial statements about the case attributed to law enforcement personnel.

presented in the courtroom. Unauthorized extrajudicial commentary about the ongoing case by law enforcement personnel is unnecessary and inappropriate.

Nevertheless, a hearing of the type suggested by the defendant is unlikely to be either productive or effective. It is instead more likely to elicit further comment and speculation and distract from the proceedings.

In response to the Court's previously expressed concern, the government has made attempts to curtail public commentary by law enforcement, including circulating a letter on the matter to "relevant department heads and former law enforcement agents" in July 2014. (Opp'n to Def.'s Renewed Mot. for Hearing to Address "Leaks" (dkt. no. 463).) It is essential that those who were previously or are currently involved in the case or who otherwise have access to non-public information understand and appreciate the concerns addressed in the government's letter, particularly as the commencement of trial draws closer.

I am confident that counsel for the government appreciate the importance of this issue. They are directed to require the appropriate supervisory personnel in any law enforcement agency that has worked or is working on matters related to this case to communicate to those under their command that disclosure of non-public information must be avoided on pain of disciplinary sanction, departmental or otherwise. A report will be expected at the scheduled pretrial conference.

The defendant's motion (dkt. no. 616) is DENIED at this time.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge