UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 13-10200-GAO

UNITED STATES OF AMERICA

v.

DZHOKHAR A. TSARNAEV,
Defendant.

ORDER
[UNDER SEAL]
November 25, 2014

O'TOOLE, D.J.

The defendant has moved for an order authorizing him to interview the courtroom deputy clerk of Magistrate Judge Bowler. The defendant previously filed a similar motion (see dkt. no. 404 (under seal)), which the Court denied in part for failure to follow the appropriate procedure for requesting discovery from judiciary employees (see Order (dkt. no. 494) (under seal)).

While the motion was pending, the defendant submitted a written statement to the Clerk of Court requesting authorization to interview the courtroom deputy clerk pursuant to the Federal Judiciary Disclosure Regulations established by the Judicial Conference of the United States. See Guide to Judiciary Policy, Ch. 8 § 830(a) ("Disclosure Regulations"). The defendant specified three topics about which he wished to interview the clerk: (1) "whether, when, and how [he] notified the Court that [he was] present at the scene of one of the explosions;" (2) "the specific information [he] provided to the Court;" and (3) "whether and when [he was] interviewed by government counsel or by law enforcement about [his] observations, and if [he was] interviewed, what [he] told government counsel or law enforcement personnel." (Mot. for Order Authorizing Interview of Deputy Clerk Ex. A (Letter from Judy Clarke to Robert M. Farrell dated Aug. 12,

2014) (dkt. no. 635-1) (under seal).) In response, the Clerk of Court, as the "determining officer" pursuant to Disclosure Regulations § 840(b)(3), rejected the defendant's request as to the first two topics "unless the presiding judge orders otherwise." (Mot. for Order Authorizing Interview of Deputy Clerk Ex. D (Letter from Robert M. Farrell to Judy Clarke dated Sept. 23, 2014) (dkt. no. 635-4) (under seal).) He reasoned that the two topics pertained to the clerk's performance of his duties and involved confidential communications between the clerk and Magistrate Judge Bowler. (Id.) He further determined that the Disclosure Regulations did not apply to the defendant's third topic as it related to contact and communications with the clerk outside the scope of his employment. (Id.)

The defendant now appears to asking for a reassessment of the Clerk of Court's denial of his request to interview the courtroom deputy clerk regarding the details of his communications with Magistrate Judge Bowler. (Mot. for Order Authorizing Interview of Deputy Clerk Intro., ¶¶ 8, 9 (dkt. no. 635) (under seal).) As an initial matter, it is not clear whether the Clerk's determination is subject to further administrative review. See Disclosure Regulations § 840(b)(3). Even if some avenue of administrative review is meant to be available, it would likely be done by the Chief Judge. See id., Note. Accordingly, I take the defendant's motion to be addressed to me in my capacity as the presiding judge over this prosecution and consider again the request in that posture.

The role of the clerk, as the defendant acknowledges, is a confidential one. Certain judicial employees, including courtroom deputy clerks, "bear a duty of . . . confidentiality." United States v. Kraus, 137 F.3d 447, 456 (7th Cir. 1998). The Code of Conduct for Judicial Employees prohibits judicial employees from disclosing any confidential information received in the course of official duties. Guide to Judiciary Policy, Ch. 3 § 320 Canon 3D. Permitting the

defendant to inquire into the private communications between Magistrate Judge Bowler and her clerk not only would risk the disclosure of information concerning the deliberative and decisional process but also would inhibit frankness and completeness in those communications. It is not necessary in the circumstances to say that it *never* could be done. It is sufficient to say, again, that the defendant's curiosity alone does not justify such an intrusion into the confidential interactions between the judge and her clerk.

As to the third category of interest, seeking to interview the clerk as to his conversations with the government, any privilege or principle of confidentiality is inapplicable. As far as I am concerned, the defendant is free to ask him about non-confidential communications.

Accordingly, the defendant's Motion for Order Authorizing Interview of Deputy Clerk (dkt. no. 635) is DENIED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge