UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.                      ) | Crim. No. 13-10200-GAO |
| ) | |
| DZHOKHAR TSARNAEV ) | |

**DEFENDANT'S PROPOSED PROCEDURES FOR JURY SELECTION**

Defendant, Dzhokhar Tsarnaev, by and through counsel, respectfully proposes the following procedures to be followed in conducting the voir dire examination of potential jurors in this case. In summary, the defense proposes that the court divide the jury venire into panels sufficient to assure an adequate number of jurors for each day of jury selection, and then conduct individual sequestered voir dire of each prospective juror, and allow a reasonable opportunity for voir dire questioning by counsel.[1]

1. On January 5, 2015, the first group of 200 prospective jurors assembles at the Courthouse and received preliminary instructions from the Court.

2. The prospective jurors then fill out the questionnaires, which are collected by the Clerk. Jurors are dismissed with instructions to return on or after January 12, as instructed via a call-in number at the Clerk's office.

---

[1] As evidenced by the Declaration of Kevin McNally, filed today with the Defendant's Memorandum of Law Respecting Voir Dire Examination of Prospective Jurors on Death-Penalty Views, the procedures outlined below reflect, with only minor variations, the practice in the large majority of federal courts to have conducted capital trials under the Federal Death Penalty Act of 1994, 18 U.S.C. §§ 3591 *et eq.*. On information and belief, counsel represent that these procedures are also those followed by both courts that have conducted capital trials under the FDPA in the District of Massachusetts. *United States v. Gilbert,* 3:98-cr-30044-MAP; *United States v. Sampson,* 1:01-cr-10384-MLW.

3. The Clerk distributes electronic copies of the completed questionnaires to counsel for the parties.

4. Meanwhile, on January 5-7, ensuing groups of prospective jurors are instructed, and their questionnaires are filled out and collected by the Clerk. Jurors in the second and ensuing panels are instructed to return on or after January 12, as directed by call-in number at the Clerk's office.

5. Before 5:00 p.m. on Thursday, January 8, the parties are directed to confer and to agree on any jurors in the first group of 200 who should be excused for cause based on the answers to their questionnaires, or on any other information known to the parties and the Court.

6. On Friday, January 9, the Court advises the Clerk as to which jurors in the first group have been excused by consent.

7. The Clerk divides jurors in the first group who have not been excused into 25-member panels, retaining the order established by their juror numbers.

8. The first 25-member panel is directed to report to the Courtroom at 9:00 a.m. on January 12, 2015.

9. The Court provides preliminary instructions, and directs the panel to the Jury Assembly room.

10. Individual sequestered voir dire then commences. Each juror is brought into a chambers conference room or the courtroom by juror number, seated in an informal seating arrangement at a table with the Court and counsel, and questioned by the Court

and by counsel for the government and the defense.  Questioning may include possible bias for or against the accused, and views regarding the death penalty and life imprisonment.

11. Questioning on private or sensitive topics may be conducted so as to safeguard juror privacy, in the Court's discretion.

12. At the conclusion of the voir dire examination of each juror, the juror is excused so that the Court may entertain and rule upon challenges for cause, if any.

13. The juror returns to the conference room or to the courtroom and is thanked and dismissed, or else instructed how to determine when to return.

14. A second 25-member panel is directed to report to the Jury Assembly Room as necessary to assure a sufficient supply of jurors.

15. Voir dire examination and cause challenges continue from day to day until a sufficient number of jurors have been qualified to empanel a jury and alternates, allowing for peremptory challenges.

16. The parties exercise peremptory challenges to seat a jury and six alternates.

Dated:  December 1, 2014             Respectfully Submitted,

>                DZHOKHAR TSARNAEV
>                By his attorneys
>
>                */s/      David I. Bruck*
>
>                Judy Clarke, Esq. (CA Bar# 76071)

CLARKE & RICE, APC
1010 Second Avenue, Suite 1800
San Diego, CA 92101
(619) 308-8484
JUDYCLARKE@JCSRLAW.NET
David I. Bruck, Esq. (SC Bar # 967)
220 Sydney Lewis Hall
Lexington, VA 24450
(540) 458-8188
BRUCKD@WLU.EDU

Miriam Conrad, Esq. (BBO # 550223)
Timothy Watkins, Esq. (BBO # 567992)
William Fick, Esq. (BBO # 650562)
FEDERAL PUBLIC DEFENDER OFFICE
51 Sleeper Street, 5th Floor
(617) 223-8061
MIRIAM_CONRAD@FD.ORG
TIMOTHY_WATKINS@FD.ORG
WILLIAM_FICK@FD.ORG

## Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 1, 2014.

*/s/ David I. Bruck*