**JOINT REQUESTED PRELIMINARY INSTRUCTIONS CONCERNING
VOIR DIRE AND JURY SELECTION**

Good morning, ladies and gentlemen. I want to welcome you back to the United States District Court for the District of Massachusetts, and to thank you again for coming here today.

We are in the process of selecting a jury for the case of *United States v. Dzhokhar Tsarnaev*. As many of you are aware, and as I told you when you filled out your questionnaires, Mr. Tsarnaev is charged in connection with a bombing that occurred near the finish line of the Boston Marathon on April 15, 2013, and that resulted in the deaths of three people. Mr. Tsarnaev is also charged in the death of an MIT police officer three days later, and with additional crimes that occurred in Cambridge, Boston and Watertown on the night of April 18-19, 2013. We are selecting a jury to hear evidence and decide whether the government has proved Mr. Tsarnaev's guilt on each of the charges against him, and, if he is convicted of any of the capital charges, whether he will be sentenced to death or to life in prison without possibility of release.

Some of you may wonder why the death penalty could be a possibility in this case in view of the fact that the laws of Massachusetts do not provide the death penalty for murder or any other violation of Massachusetts law. The reason is that this is a federal case, involving violations of the laws of the United States, rather than a state case, involving violations of the laws of Massachusetts. If the jury convicts Mr. Tsarnaev of any one of the capital crimes charged in the indictment, the same jury will hear additional evidence, and then decide whether to sentence him to death or to life in prison without

1

possibility of release. Because the jury that is selected to decide the defendant's guilt or innocence will also decide his punishment if he is convicted, it is necessary to question you about your feelings and beliefs about the death penalty as part of the process of picking a jury.

To help the jury determine whether to impose the death penalty, the government will introduce evidence that seeks to prove beyond a reasonable doubt (1) that Mr. Tsarnaev acted with sufficient intent to be subject to the death penalty, and (2) that "aggravating factors" about the killings or the defendant justify sentencing him to death. Aggravating factors are circumstances that, if proven, make the killings particularly serious or blameworthy, and therefore, under the law, may justify imposing a more severe sentence on Mr. Tsarnaev compared to others convicted of murder.  The government will bear the burden of proving alleged aggravating factors to every juror beyond a reasonable doubt.

Mr. Tsarnaev will then have the opportunity to introduce information concerning what are referred to as "mitigating factors."  Mitigating factors are usually circumstances about the crime or about Mr. Tsarnaev's background or character that would suggest that the death penalty is not the appropriate sentence in this case, or that life imprisonment without possibility of release is adequate to punish the defendant.  A mitigating factor must only be proven by a preponderance of the evidence.  That is a lower standard of proof than proof beyond a reasonable doubt.  Mitigating factors also do not have to be proven to the satisfaction of all 12 jurors.  Any juror who finds a mitigating factor to have been proven by a preponderance of the evidence may consider that factor in deciding the

appropriate sentence in this case, regardless of whether any or all of the other jurors agree that the mitigating factor has been proven .

Before a jury could vote to impose the death penalty, every juror would have to be persuaded that certain "threshold" factors that make Mr. Tsarnaev potentially subject to the death penalty had been proven beyond a reasonable doubt.  In addition, in order to impose the death penalty, every juror would have to be persuaded that any proven aggravating factors sufficiently outweigh any mitigating factors that one or more jurors found existed to justify a sentence of death.  Even if the jury did not find any mitigating factors in this case, it would still have to be unanimously persuaded that any proven aggravating factors were themselves sufficient to justify a death sentence.

You should understand that a jury is never required to find that a sentence of death is justified.  The decision whether the government has proven that a defendant should be sentenced to death must ultimately be made by each juror himself or herself.    If, however, every juror is persuaded that the death penalty should be imposed, I would be required, as the judge, to sentence the defendant to death.  In other words, I could not change the jury's decision. The jury — and not the judge — is responsible for determining whether a defendant who is convicted of a capital crime will live or die.

What I have just described is only an overview of the law applicable to a jury's consideration of the death penalty.  If you are selected to serve on the jury, and if you find the defendant guilty of a crime or crimes punishable by death, I will give you very detailed instructions concerning your duties in deciding whether to impose the death

penalty or life imprisonment without possibility of release, and the law that must be followed in making that decision.

As I told you before you filled out your questionnaire, there are no right or wrong answers to any of the questions that you have been asked, or that you will be asked in this process. We are asking them primarily because both the government and Mr. Tsarnaev are entitled to a jury that does not have its mind made up, one way or another, concerning whether Mr. Tsarnaev is guilty or not guilty, and — assuming he is convicted — whether he should be sentenced to death or to life in prison without possibility of release before hearing the evidence and a detailed explanation of the law.

During the course of the day, each of you will be questioned about issues that are relevant to selecting a jury in this case. We do not expect or want any particular answer to my questions. All we want, and what the law expects, is that you provide accurate and truthful answers to every question. If you do that, you will be doing your duty as a citizen and as a juror — no matter what your answers may be.