UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 13-cr-10200-GAO |
| ) | (FILED UNDER SEAL) |
| DZHOKHAR TSARNAEV ) | |

**OPPOSITION TO DEFENDANT'S MOTION FOR FOREIGN DEPOSITION**

The United States, by and through undersigned counsel, respectfully opposes Tsarnaev's motion pursuant to Fed. R. Crim. P. 15 to depose Magomed Kartashov in the Russian prison in which he is allegedly incarcerated. Tsarnaev claims that such a deposition would be in the interests of justice, and he asks the Court to order the government to arrange the deposition in Russia on his behalf. For the reasons below, the motion should be denied.

Neither Rule 15, nor any other rule or law, authorizes a court to order the government to arrange for the foreign deposition of a defense witness. Fed. R. Crim. P. 15. On the contrary, Fed. R. Crim. P. 15(b)(1) plainly contemplates that the party taking the deposition will arrange it. In addition, the law is clear that the government cannot and ought not be compelled to engage with a foreign government on a criminal defendant's behalf. See, e.g., United Kingdom v. United States, 238 F.3d 1312, 1317 (11th Cir. 2001); United States v. Marquez, 2012 WL 349580 (S.D.Cal. Feb. 2, 2012); United States v. Jefferson, 594 F.Supp2d 655 (N.D.Va. 2009). It would be particularly inappropriate for the Court to compel the government to file a Mutual Legal Assistance Treaty (MLAT) request on Tsaranev's behalf because MLATs between governments are reserved for national interests only; they do not exist for the benefit of private litigants. See Treaty between the United States of America and the Russian Federation on Mutual Legal Assistance in Criminal Matters, U.S.-Russia, art. 1(4), June 17, 1999, T.I.A.S. 1304. (That the FBI was able to interview Kartashov in June 2013 pursuant to an MLAT request does not support Tsarnaev's

argument, because the FBI made that request, and the Russian government granted it, for national security reasons.)

Even assuming the Court had authority to order the government to facilitate a foreign deposition for Tsarnaev's benefit, Tsarnaev has not made an adequate showing under Rule 15, based on actual facts, that the requested deposition would be in the interests of justice. Even assuming for the sake of argument that Kartashov's expected testimony would be both relevant and admissible -- points the government does not concede -- equivalent evidence is available and could be obtained with less time, cost, and expense. A deposition of a prisoner incarcerated in a Russian prison would be expensive, time-consuming, and potentially dangerous; and occurring, as it necessarily would, on the eve of trial (or even during trial), it would also be extremely disruptive. Although Tsaranev argues that he must have *this* witness testify that Tamerlan Tsarnaev wanted to engage in jihad when he went to Russia in 2012; Tsarnaev's mother could say as much dating back to 2011. Tsarnaev also already possesses the report of an interview with Kartashov, and a transcript of conversations with him, that provide the statements he seeks. Furthermore, there are other (non-custodial) witnesses who had equal access to Tamerlan while in Russia, and Tamerlan's computer is full of pro-jihad materials, including recorded conversations. Tsarnaev also has had access to other family members and investigators in Russia who could be made available for similar testimony.

Besides failing to establish that the Court has authority to order the government to facilitate a deposition of Kartashov, or that such a deposition would be in the interests of justice, Tsarnaev has failed even to allege that necessary preconditions for the deposition exist. For example, Tsarnaev has not alleged (let alone established) that Kartashov would agree to be deposed, that the Russian government would allow the deposition of an incarcerated prisoner

2

under any circumstances, or that a deposition could be arranged and take place before the end of the trial. These matters ought to be settled before the Court invests time, energy, and public funds on this matter, let alone orders the government to do so. See United States v. Olafson, 203 F.3d 560, 567 (9th Cir.2000).

## Discussion

The burden is on the moving party to establish *exceptional circumstances* justifying the taking of depositions. See United States v. Bunnell, 201 F.Supp.2d 169, 170 (D.Me. 2002)(M.J. analysis of defense request of Rule 15 deposition, citing to 1st, 11th and 9th Circuit law). The defendant has not established with adequate factual support that the witness' testimony will provide *substantial* proof of a *material* fact, that the witness remains in custody and for how long, that the defendant has even attempted in good faith to procure his presence for trial let alone exercised due diligence, that he has declared that he is willing to submit to a deposition and that he is not willing or able to come to the United States to testify. United States v. Drogoul, 1 F.3d 1546, 1553 (11th Cir. 1993).

The defendant has only offered conclusory and speculative facts related to any of the elements of Rule 15. The insufficiency under Rule 15 begins with the showing of witness' unavailability. "Courts may accept the assertions of counsel on the facts relating to unavailability, United States v. Sindona, 636 F.2d 792, 803 (2d Cir. 1980), as long as those assertions are neither conclusory or speculative." United States v. Oudovenko, 2001WL253027, *1 (EDNY 2001)(not reported). The court in Oudovenko dealt with a defense request for depositions in Russia, noting in a time of more friendly relations with Russia, that it was not clear that the Russians would permit depositions under the MLAT, but would rather engage in their own questioning of the witness, facts conceded by that defendant. Finally, "[a] witness who

3

resides abroad and outside the reach of a court's subpoena power is not automatically unavailable without a further showing that he or she will not testify in court." United States v. Warren, 713 F. Supp. 2d 1, 4 (D. D.C. 2010). The defendant has failed to meet this standard.

At the core of Rule 15, the defendant also remains deficient in terms of materiality. Materiality in this context requires more than mere relevance. Not only must the proposed testimony be material, but that it be "critical" or "important" to the case. United States v. Drogoul, 1 F.3d at 1552. The principal consideration guiding whether the absence of a particular witness' testimony would produce injustice is whether it is crucial and exculpatory. Id; see also United States v. Ngirangas, 806 F.2d 895, 897 (9th Cir. 1986). In addition, "countervailing considerations" offered by the non-moving party can outweigh the reasons offered by the movant for taking the foreign deposition. Id.

On the basis of defense counsel's proffer, the relevance and materiality of the Kartashov's testimony to the extent it is relevant at all, is more cumulative to a mitigation theory than it is important. United States v. Hernandez-Escarsega, 886 F.2d 1560, 1570 (9th Cir. 1989) (upholding district court's denial of Rule 15 motion that was based on finding that proposed deponent's testimony "was in some respects irrelevant, and in others cumulative, and possibly inadmissible as hearsay."). The defendant is adequately equipped to offer evidence of Tamerlan's radicalization to violent jihad without Kartashov's deposition, and to the extent that a deposition of Kartashov's testimony is more likely admissible in a penalty phase than existing information in his possession, then the defendant should have made arrangements to preserve that testimony months ago. The absence of a deposition ought not increase the admissibility of Kartashov's prior statements in the face of the defendant's tactical decision to wait until the eleventh hour to create such an issue.

4

The fact that the deposition sought here would be in a Russian prison makes a substantial difference to the viability of the request. Even if the elements were satisfied, depositions generally are disfavored in criminal cases, United States v. Ferrera, 746 F.2d 908, 912 (1st Cir. 1984), "particularly those taken in foreign countries." United States v. Mueller, 74 F.3d 1152, 1156 (11th Cir. 1996). A defendant must show that the reliability and trustworthiness of deposition procedures in the foreign country are compatible with fundamental issues of fairness. United States v. Maolin, 2012 WL 3637370 (S.D.Cal.,2012)(citing Societe Nationale Industrielle Aerospoatiale v. United States Dist. Ct. S.D. Iowa, 482 U.S. 522 (1987)). In addition, there obviously cannot be a sanction for perjury beyond the reach of this Court's subpoena power and of American law enforcement authorities. United States v. Alvarez, 837 F.2d 1024, 1029 (11th Cir. 1988). In addition, a defendant must show that the witness is agreeable and able to be deposed without coercion or promises, rewards or inducements. See United States v. Olafson, 203 F.3d 560, 567 (9th Cir.2000). Finally, relying on foreign deposition testimony diminishes a non-movant's right to effective cross examination. Such is especially the case here, where the context of the cross-examination is inherently disadvantageous, and the scope of such cross examination may not only be contrary to the witness' and defendant's interests, but also his captors'.

A Rule 15 motion can be denied even if the elements of Rule 15 were satisfied, if there were "significant countervailing factors which would render the taking of the deposition unjust." Drogoul, 1 F.3d at 1552. In addition to the lack of timeliness of the defendant's motion, the failure to take the initiative to organize a deposition as required, the questionable materiality, the logistical concerns, expense and resources, foreign relations implications, and the security and safety implications, all weigh against the granting of the motion. Given the marginal tactical

5

advantage that the defendant would get by having the jury see Mr. Kartashov on a TV screen (and perhaps the Russian security personnel around him) saying that Tamerlan wanted to engage in jihad in 2012, the motion should be denied.

WHEREFORE, the Court should deny Tsarnaev's motion for a deposition. If the motion is allowed in part, the defendant should be ordered to make arrangements for the deposition, and provide reasonable notice as to its date and location.

                        Respectfully submitted,
                        CARMEN M. ORTIZ
                        United States Attorney

By:   /s/Aloke Chakravarty
        Aloke Chakravarty
        Nadine Pellegrini
        William D. Weinreb

**CERTIFICATE OF SERVICE**

I hereby certify that this document was emailed and placed in the U.S. mail and sent to counsel of record on this date.

        /s// Aloke Chakravarty
        Aloke Chakravarty
        Assistant U.S. Attorney

Date: December 1, 2014