UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 13-10200-GAO |
| | ) | |
| DZHOKHAR TSARNAEV | ) | |

## SEALED MOTION TO SUPPLEMENT
## AGREED-UPON QUESTIONNAIRE UNDER SEAL

Defendant, Dzhokhar Tsarnaev, by and through counsel, respectfully requests that the Court supplement the agreed-upon proposed jury questionnaire by adding two additional questions that were proposed by the defense and objected to by the government. The grounds for this motion are as follows.

In working toward an agreement concerning the contents of the proposed jury questionnaire, the parties were able to compromise on all but a small number of issues. In order to submit a substantially-complete joint draft, the defense and the government agreed to submit their remaining differences by way of a motion to supplement and response.

The two questions that the defendant asks the Court to add to the questionnaire are:

**No. 83 [As a result of what you have seen or read in the news media, or what you have learned or already know about the case from any source, have you formed an opinion:]**

**(e) that whoever committed the crimes charged in this case should receive the death penalty?  ❑ Yes  ❑ No**

**[After No. 100]:  State whether you agree or disagree with the following statements:**

**The death penalty is the ONLY appropriate punishment for ANYONE who:**

**A. murders a child.  ❑ Agree  ❑ Disagree**
**B. deliberately murders a police officer.   ❑ Agree  ❑ Disagree**
**C. deliberately commits murder as an act of terrorism. ❑ Agree ❑ Disagree**

As now written, Question 83 asks jurors whether they have formed an opinion that the defendant Dzhokhar Tsarnaev is or is not guilty, and whether he should or should not receive the death penalty.  But there likely exists a substantial group of jurors who have already formed an opinion that *whoever* committed the Marathon bombing should be sentenced to death, but who are unwilling or unable to state that Mr. Tsarnaev is that person until they have heard the evidence *of his guilt.*  Stated differently, these are jurors for whom the only open question is whether the government has charged the right person; if it has, the question of punishment is already settled in their minds.  Given that the penalty phase of a capital case must comport with the requirements of due process, *Gardner v. Florida,* 430 U.S. 349 (1977), *Deck v. Missouri*, 544 U.S. 622 (2005), this is clearly the type of pre-existing opinion about which a capital defendant has a constitutional right to inquire on voir dire examination.  The defendant does not contend that an affirmative answer to this question, without more, would necessarily require that a juror be excused for cause.  But the very purpose of the questionnaire is to bring such pre-existing opinions to light, and for this reason, the question should be included.

The reason for the second additional question has already been set out in *Defendant's Memorandum of Law Respecting Voir Dire Examination of Prospective Jurors on*

*Death-Penalty Views,* DE 682, pp. 7-17, and is further discussed in Judge Bennett's comprehensive survey of the issue in *United States v. Johnson*, 366 F.Supp.2d 822 (N.D. Iowa 2005); *see also, United States v. Fell,* 372 F.Supp.2d 766 (D. Vt. 2005). The government may reflexively insist that such questions are improper attempts to "stake-out" jurors' views regarding the verdict they would render given particular facts of the case. But as *Johnson* lucidly explains, 366 F.Supp.2d at 842-847, these are the opposite of "stake-out" questions, because they seek only to probe whether jurors' minds are open to considering all of the evidence relevant to sentence once the government has proven particular elements of the aggravated capital crimes charged in the case to be tried.

Again, the defendant recognizes that affirmative answers to these questions would not automatically mandate disqualification. But that is not the test for a jury questionnaire; if it was, no question would qualify. This series of questions does effectively probe for a common form of bias—the belief that the death penalty should always or automatically be imposed *for certain types of murder.* No other agreed-upon question is designed or likely to uncover this form of bias. The defendant therefore submits that the proffered question should be included in the questionnaire.

### Conclusion

Based on the foregoing, and on the reasons set forth in his *Memorandum of Law Respecting Voir Dire Examination,* DE 682, the defendant requests that the Court add the two questions set forth above to the supplemental jury questionnaire in this case.

Respectfully submitted,

DZHOKHAR TSARNAEV

3

by his attorneys

David I. Bruck, Esq. (SC Bar # 967)
220 Sydney Lewis Hall
Lexington, VA 24450
(540) 460-8188
BRUCKD@WLU.EDU

Judy Clarke, Esq. (CA Bar # 76071)
CLARKE & RICE, APC
1010 Second Avenue, Suite 1800
San Diego, CA 92101
(619) 308-8484
JUDYCLARKE@JCSRLAW.NET


Miriam Conrad, Esq. (BBO # 550223)
Timothy Watkins, Esq. (BBO # 567992)
William Fick, Esq. (BBO # 650562)
FEDERAL PUBLIC DEFENDER OFFICE
51 Sleeper Street, 5th Floor
(617) 223-8061
MIRIAM_CONRAD@FD.ORG
TIMOTHY_WATKINS@FD.ORG
WILLIAM_FICK@FD.ORG

## Certificate of Service

I hereby certify that a copy of this document was hand-delivered to counsel of record on December 3, 2014.