UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 13-10200-GAO |
| | ) | |
| DZHOKHAR TSARNAEV | ) | |

**MOTION TO RECONSIDER ORDER DENYING MOTION TO PRODUCE
GRAND JURY INSTRUCTIONS REGARDING THE DEATH PENALTY
AND TO DIRECT THE GOVERNMENT TO MAKE ANALAGOUS *SAMPSON*
GRAND JURY DISCLOSURE A PART OF THE RECORD IN THIS CASE**

Defendant, Dzhokhar Tsarnaev, by and through counsel, respectfully requests that

the Court reconsider its Order [DE 384] denying the Defendant's Motion to Produce

Grand Jury Instructions. [DE 288].  In addition, we seek an Order from this Court

directing the government to provide the disclosures made regarding the analogous

*Sampson* instructions (or lack thereof) to this Court and to file them under seal as part of

the record of this case.

On May 7, 2014, Mr. Tsarnaev filed a motion seeking production of the

instructions to the Grand Jury regarding the death penalty, and to strike the capital special

findings.  [DE 288].  The Government opposed the motion [DE 317] and the Court

denied it.  [DE 384].

Reconsideration is appropriate.  In *United States v. Sampson*, No. 01-CR-10284-

MLW (D. Mass.), the other capital case in the District of Massachusetts indicted after the

Supreme Court's decision in *Ring v. Arizona*, 536 U.S. 584 (2002), Judge Wolf ordered

production of the identical material Mr. Tsarnaev has requested:

1

> The government shall . . . produce to Sampson the transcript(s), if any, of the instructions to the grand jury that returned the Second Superseding Indictment, including but not limited to any instruction(s) that the special findings would make Sampson eligible for the death penalty. If the government did not instruct the grand jury that the special findings would make Sampson eligible for the death penalty, it shall so state. Discovery of these transcripts is appropriate under Federal Rule of Criminal Procedure 6(e) (3) (E) because it may contribute to preventing injustice, the need for disclosure is greater than the need for continued secrecy, and the discovery ordered is "structured to cover only material so needed." *Douglas Oil Co. of Cal. v. Petrol Stops Nw*., 441 U.S. 211, 222 (1979); *United States v. DiMas*i, Cr. No. 09-10166-MLW, 2011 WL 468213, ¶7 (D. Mass. Feb. 4, 2011).

*Sampson*, DE 1505 ¶ 4(b); DE 1671 (denying government motion to reconsider and directing production by November 14, 2014) (copy attached).   In reaffirming his Order, Judge Wolf found that:

> [ ] there is a possible injustice if the defendant does not receive a response to paragraph 4B of the August 19, 2014 order as required by *Douglas*. That is because there may exist grounds to dismiss the indictment which is the standard of Rule 6(e). If the defendant's constitutional rights with regard to the grand jury were violated, his execution may be impermissible or at least unfair.

[Reporter's Transcript, November 12, 2014, Cr. No. 01-10384, at p. 55].

Reconsideration of this Court's Order denying production in *Tsarnaev* would avoid perpetuation of an intra-district split of authority on an important matter of law for which no dispositive Supreme Court or First Circuit authority currently exists. Disclosure of the material is, of course, key to the defendant's fundamental submission that a grand jury deprived of the knowledge that "special findings" trigger eligibility for the death penalty cannot fulfill its historic role as the local, democratic restraint on the exercise of life-or-death prosecutorial power that the Indictment Clause of the Fifth Amendment guarantees.

2

**Conclusion**

Based on the foregoing, as well as the authorities and arguments in the Defendant's underlying motion papers, the defense requests that this Court order disclosure of the pertinent grand jury instructions in this case, or lack thereof, as Judge Wolf did in *Sampson* and reconsider the defendant's Motion to Strike the Special Findings in the Indictment.

Respectfully submitted,

DZHOKHAR TSARNAEV
by his attorneys

/s/   Judy Clarke

Judy Clarke, Esq. (CA Bar # 76071)
CLARKE & RICE, APC
1010 Second Avenue, Suite 1800
San Diego, CA 92101
(619) 308-8484
JUDYCLARKE@JCSRLAW.NET

David I. Bruck, Esq.
220 Sydney Lewis Hall
Lexington, VA 24450
(540) 460-8188
BRUCKD@WLU.EDU

Miriam Conrad, Esq. (BBO # 550223)
Timothy Watkins, Esq. (BBO # 567992)
William Fick, Esq. (BBO # 650562)
FEDERAL PUBLIC DEFENDER OFFICE
51 Sleeper Street, 5th Floor
(617) 223-8061
MIRIAM_CONRAD@FD.ORG

TIMOTHY_WATKINS@FD.ORG
WILLIAM_FICK@FD.ORG

## <u>Certificate of Service</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 5, 2014.

*/s/  Judy Clarke*