```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA    )
                            )
     v.                     )    Crim. No.13-10200-GAO
                            )
DZHOKHAR A. TSARNAEV,       )
          Defendant         )
```

## GOVERNMENT'S MOTION TO EXCLUDE EXPERT'S TESTIMONY OR, IN THE ALTERNATIVE, TO COMPEL

The United States of America, by and through its undersigned counsel, respectfully requests that the Court prohibit proposed defense expert Janet Vogelsang from testifying as a sanction for Tsarnaev's violation of Rule 16(b)(1)(C) or, in the alternative, compel Tsarnaev to produce a detailed written summary of her testimony forthwith.

### BACKGROUND

On April 30, 2014, Tsarnaev filed a pleading requesting that the Court set an October 31, 2014 deadline for defense penalty-phase expert disclosures. (Dkt. 276). At the time, that deadline was one business day before the scheduled trial date. The government objected that one business day was too little time for it to prepare a response, and the Court agreed; it set a deadline of September 2, 2014, for defense penalty-phase expert disclosures. (Dkt. 385).

On September 2, 2014, Tsarnaev informed the government that it intended to call Janet Vogelsang, LCSW, as a

"biopsychosocial" expert.  Tsarnaev provided an expert disclosure pursuant to Rule 16(b)(1)(C) that consisted entirely of the following three sentences:

> [Ms. Vogelsang] will testify about relevant aspects of Mr. Tsarnaev's life history.  Ms. Vogelsang's testimony will be based on interviews and on her review of documents and records.  To the extent that Ms. Vogelsang will provide expert testimony as a clinical social worker, she will identify risk and other factors in the defendant's background and environment, if any, that shaped his life.

Tsarnaev added:  "Ms. Vogelsang's assessment is not complete.  When it is, we will provide a more detailed summary of her anticipated testimony that will include the bases and reasons for her opinions."

At Tsarnaev's request, the Court later extended the deadline for defense affirmative penalty-phase expert disclosures to November 24, 2014.  (Dkt. 578).  Although November 24 is nearly one month *later* than the October 31 date Tsarnaev himself originally requested, it has come and gone, and Tsarnaev still has not provided a summary of Ms. Vogelsang's anticipated testimony.

**ARGUMENT**

Federal Rule of Criminal Procedure 16(b)(1)(C) provides that "[t]he defendant must, at the government's request, give to the government a written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705 of the

2

Federal Rules of Evidence as evidence at trial."  Rule 16(d)(2)(C) and (D) state that "[if] a party fails to comply with this rule, the court may . . . prohibit that party from introducing the undisclosed evidence; or . . . enter any other order that is just under the circumstances."  A district court's decision to prohibit an expert from testifying as a sanction for violating Rule 16 will be upheld unless it was an abuse of discretion.  See United States v. Banks, 761 F.3d 1163, 1198 (10th Cir. 2014).

The Court should prohibit Ms. Vogelsang from testifying as a sanction for Tsarnaev's failure to comply with Rule 16(b)(1)(C).  The purpose of that rule is to "minimize surprise that often results from unexpected expert testimony . . . and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination." United States v. Bresil, 767 F.3d 124, 127 (1st Cir. 2014); accord United States v. Hilario-Hilario, 529 F.3d 65, 72 (1st Cir. 2007).  Because of the nature of Ms. Vogelsang's expected testimony, the absence of a written summary of it will make focused cross-examination impossible.

Ms. Vogelsang has written a book in which she describes the way in which she prepares her testimony.  Vogelsang, Janet, The Witness Stand (Haworth Press 2001).  She begins by interviewing "as many of the following" as possible:  the defendant's

3

parents, stepparents, siblings, grandparents, great grandparents, aunts, uncles, cousins, neighbors, friends, girlfriends, boyfriends, teachers, coaches, principals, school counselors, employers co-workers, police officers, corrections officials, ministers, Sunday school teachers, social workers, military officers and buddies.  Id. at 62.  She also reviews "as many documents as possible" relating to the defendant's life, from medical records reflecting his mother's prenatal care for him and his siblings to autopsy and hospital records for any family member who has died.  Id. at 63.  Finally, she interviews "other experts or professionals who have evaluated the client in the past as well as those who are involved on the current legal case."  Id. at 71.  She then recapitulates much of this out-of-court testimonial and recorded information on the witness stand in support of her conclusions about factors in the defendant's background and environment that shaped his life.  See id. at 89-90.

It is obvious that without the written summary of Ms. Vogelsang's testimony required by Rule 16, the government will be unable to cross-examine her effectively.  She has undoubtedly interviewed scores of individuals and reviewed hundreds of records over the course of many months in preparation for her testimony.  Yet, because she will be standing in for these witnesses at the sentencing hearing, repeating their out-of-

court statements, none of them will appear on Tsarnaev's witness list, and the government will have no advance notice of who they are, and therefore no opportunity to research their reliability, i.e. their ability to perceive, remember, recount, and to be truthful and impartial.  Similarly, because she will be recounting the contents of documents and records that likely will not be offered into evidence and therefore will not be on Tsarnaev's exhibit list, the government will have no opportunity to research the reliability or accuracy of those records.

    The result of allowing Ms. Vogelsang to testify in violation of Rule 16's written-summary requirement would be a sentencing hearing at which the jury is deprived of the benefits of the adversarial process.  The jury will be exposed to a vast amount of hearsay without the government's being able to shed any light on its truthfulness or reliability.  An advance written summary of Ms. Vogelsang's expected testimony is the least the Court should require as a precondition for admitting all of that hearsay, let alone the conclusions that Ms. Vogelsang will base on it.

    That Ms. Vogelsang's "biopsychosocial" assessment of the factors that shaped the defendant's life is built on witness testimony that will never be subject to cross-examination, and on records that will not be subject to authentication, highlights a second reason it is essential that the government

receive an advance written summary of her testimony. The Court has set a deadline of December 29, 2014, for motions in limine, and the government may well move in limine to preclude some or all of Ms. Vogelsang's testimony on the grounds that "its probative value is outweighed by the danger of creating unfair prejudice, confusing the issues, or misleading the jury." But the government cannot do that without knowing in advance the substance of Ms. Vogelsang's testimony and the interviews and records it is based on.

Tsarnaev has repeatedly argued in his pleadings and in Court that the government is entitled to little or no notice of the defense case. His original request to provide penalty-phase expert discovery one day before trial is in keeping with that view. The government has argued that the Federal Rules of Criminal Procedure, the Federal Death Penalty Act, and Supreme Court precedent (among other things) seek to promote an adversarial presentation of evidence, even in capital cases, by requiring both parties to provide adequate notice of their respective cases. The Court has twice resolved this dispute by ordering Tsarnaev to provide expert discovery at least several weeks in advance of the scheduled trial date. That date is now only four weeks away, and the deadline for motions in limine is even sooner. It is long past time for Tsarnaev to produce the "more detailed summary of [Ms. Vogelsang's] anticipated

6

testimony that will include the bases and reasons for her opinions" that he promised on September 2, 2014.

## CONCLUSION

WHEREFORE, the government respectfully requests that the Court prohibit Janet Vogelsang from testifying as a defense expert as a sanction for Tsarnaev's violation of Federal Rule of Criminal Procedure 16(b)(1)(C) or, in the alternative, order him forthwith to produce a detailed written summary of her testimony that identifies the witness statements and records on which she intends to rely.

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

By: /s/ William D. Weinreb
WILLIAM D. WEINREB
ALOKE S. CHAKRAVARTY
NADINE PELLEGRINI
Assistant U.S. Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non-registered participants on this date.

/s/ William D. Weinreb
WILLIAM D. WEINREB