**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Crim. No.13-10200-GAO** |
| | ) | |
| **DZHOKHAR A. TSARNAEV,** | ) | |
| **Defendant** | ) | |

**OPPOSITION TO DEFENDANT'S MOTION**
**FOR ADDITIONAL PEREMPTORY CHALLENGES**

The United States of America, by and through its undersigned counsel, respectfully opposes defendant's motion for additional peremptory challenges. Tsarnaev argues that this Court has authority to grant him additional peremptory challenges and should exercise it to remedy extensive pretrial publicity. The government disagrees on both counts.[1]

Federal Rule of Criminal Procedure 24 provides in relevant part:

> (b) Peremptory Challenges. Each side is entitled to the number of peremptory challenges to prospective jurors specified below. The court may allow additional peremptory challenges to multiple defendants, and may allow the defendants to exercise those challenges separately or jointly.
>
> (1) Capital Case. Each side has 20 peremptory challenges when the government seeks the death penalty.
>
> (2) Other Felony Case. The government has 6 peremptory challenges and the defendant or defendants jointly have 10 peremptory challenges when the defendant is charged with a crime punishable by imprisonment of more than one year.

In perfectly plain language that leaves no room for interpretation, Congress specified that a defendant in a capital case is entitled to exactly 20 peremptory challenges. Congress gave courts

[1] Tsarnaev also claims (or at least suggests) that (1) this case involves "unprecedented levels of pretrial publicity and notoriety" (Deft. Mot. at 1), (2) government "leaks" are partly responsible, and (3) in light of that publicity, the Court should have granted him a longer trial continuance and/or moved the trial to an out-of-state venue. The government disputes all of these claims but, having set forth its reasons in other pleadings, sees no need to repeat them here.

discretion to allow additional peremptory challenges under only one circumstance -- where there are multiple defendants -- and that circumstance is not present here.

In light of Rule 24(b)'s plain language, it is hardly surprising that the First Circuit has previously rejected essentially the same argument Tsarnaev makes here. In United States v. Gullion, 575 F.2d 26 (1st Cir. 1978), the defendant filed a pretrial motion "seeking extra peremptory challenges in addition to the ten regularly authorized by Rule 24(b) . . . [arguing that they] were necessary to combat the prejudicial pretrial publicity affecting him." Id. at 29. The district court denied the motion, and the First Circuit affirmed. It held, "While Rule 24(b) permits extra peremptory challenges at the discretion of the court if there is more than one defendant, there is no authority in that rule for according extra challenges to a single defendant." Id. (internal quotation marks and citation omitted).

Similarly, in New England Enterprises, Inc. v. United States, 400 F.2d 58 (1st Cir. 1968), the First Circuit wrote:

> We read the rule's final sentence allowing the court to grant additional peremptory challenges in cases of multiple defendants as impliedly negativing any other authority to exceed the numbers prescribed by the rule. This reading finds support in the detailed deliberations which led to the final wording of the rule, which was the product of extensive discussion and no fewer than nine drafts over a period of three years. The government's challenges in capital cases were increased from six to twenty. The provision for challenges in non-capital felony cases went through four different versions. A suggestion that the court should be allowed to increase the challenges of the government in multiple defendant cases was not acted upon. Orfield, Trial Jurors in Federal Criminal Cases, 29 F.R.D. 43, 43-47, 53 (1962).

Later legislative proceedings provide even more support for the First Circuit's understanding of Congressional intent, which is the controlling issue. See Ross v. Oklahoma, 487 U.S. 81, 88 (1988) ("Because the right to peremptory challenges is a statutory creation, it is for the [legislature] to determine the number of peremptory challenges allowed and to define their

purpose and the manner of their exercise." ). Id. at 89. On April 26, 1977, the Supreme Court proposed an amendment to Rule 24(b)(2)(A) that would have vested district courts with discretion to grant additional peremptory challenges to both the prosecution and defense. See Communication from the Chief Justice of the United States, H.R. Doc. No. 464, 94th Cong., 2d Sess. 13. Congress rejected that proposed amendment on July 30, 1977, while accepting proposed amendments to other rules, see Pub. L. 95–78, § 2(c), 91 Stat. 320, and it has never revisited that decision.

Other Courts have read Congress's intent the same way. See United States v. Awadallah, 457 F.Supp.2d 246, 250 (S.D.N.Y. 2006) ("Rule [24(b)] states that 'the court may allow additional peremptory challenges to multiple defendants, and may allow the defendants to exercise those challenges separately or jointly.' However, the Rule does not provide parallel authorization to grant additional peremptory challenges in the case of an individual defendant."); United States v. Wilson, 571 F.Supp. 1422, 1429-30 (S.D.N.Y.1983) ("Since Wilson is the sole defendant, there is no authority in Rule 24(b) for according extra challenges.") (internal punctuation and citation omitted); see also United States v. Anderson, 39 F.3d 331, 244 n.8 (D.C. Cir. 1994) (in light of Rule 24(b)'s plain language, district court lacks authority to grant government additional peremptory challenges even in multi-defendant cases); United States v. Bruno, 873 F.2d 555, 560-61 (2nd Cir. 1989) (same).

Even in multi-defendant cases, where a district court *has* authority to grant additional peremptory challenges to the defense, it is never required to, and it has broad discretion to deny them. See United States v. Misla-Aldarondo, 478 F.3d 52, 58 (1st Cir. 2007) ("We review a district court's decisions on motions for . . . additional peremptory challenges for abuse of discretion."); United States v. Marrero-Ortiz, 160 F.3d 768, 776 (1st Cir. 1988) ("Although the

applicable rule allows a judge to grant additional challenges, the judge has wide discretion in administering this authority."); United States. v. Cox, 752 F.2d 741, 748 (1st Cir. 1985) ("The district court's authority in applying this rule is broad.").

The argument that extra peremptory challenges are needed to safeguard against adverse effects of pretrial publicity has been rejected by numerous courts. For example, in United States. v. Johnson, 495 F.3d 951 (8th Cir. 2007), a capital case, the Eighth Circuit wrote:

> The district court denied Johnson's request for additional peremptory challenges beyond the twenty to which she was entitled under Rule 24. Johnson contends that the denial was improper because she needed the additional challenges to cure the effects of pretrial publicity. Assuming for the sake of argument that the district court had the authority to grant additional peremptory challenges, we cannot discern any error in the denial of Johnson's motion. Johnson was able to challenge for cause jurors adversely affected by pretrial publicity and, if those challenges were denied, exercise her peremptory challenges.

Id. at 865. Similarly, in the Watergate prosecution, the D.C. Circuit held that it was not an abuse of discretion to grant only one additional peremptory challenge to each of the five defendants, despite the truly unprecedented level of pretrial publicity and notoriety in that case. See United States v. Haldeman, 559 F.2d 31, 79 (D.C. Cir. 1976). Likewise, in the notorious Jimmy Hoffa case, United States v. Hoffa 367 F.2d 698 (7th Cir. 1966), vacated on other grounds, 387 U.S. 231 (1967), the Seventh Circuit affirmed the district court's decision to limit each of the defendants to one additional peremptory challenge, despite the fact that "[o]ver 500 veniremen were questioned on the voir dire before the 12 jurors and four alternates were chosen." Id. at 710. And in United States v. Hueftle, 687 F.2d 1305, 1309 (10th Cir. 1982), a protester case, the Tenth Circuit held that it was not error for the district court to require 15 defendants to share a total of three peremptory challenges, even though voir dire revealed that "jurors [had] read about or knew of the protesters' case."

Contrary to Tsarnaev's claim, Skilling v. United States, 561 U.S. 358 (2010) does not stand for the proposition that courts have authority to exceed Rule 24(b)'s numeric limitations, nor does it encourage courts to exercise the limited discretion Rule 24(b) allows. Although the Skilling Court noted that the defendants had been given two additional peremptory challenges, that still amounted to a combined total of only 14 peremptory challenges for the two defendants (versus the 10 each would have had to himself in a separate trial). There is also no legal support for Tsarnaev's argument that Rule 24(b) violates the Constitution's Equal Protection clause. The Supreme Court has expressly ruled that the right to exercise peremptory challenges is "not of federal constitutional dimension." United States v. Martinez-Salazar, 528 U.S. 304, 311 (2000); see Rivera v. Illinois, 556 U.S. 148, 157 (2009) ("[T]here is no freestanding constitutional right to peremptory challenges."); Stilson v. United States, 250 U.S. 583, 586 (1919) ("There is nothing in the Constitution of the United States which requires the Congress to grant peremptory challenges to defendants in criminal cases; trial by an impartial jury is all that is secured."). To the government's knowledge, every court to have considered Tsarnaev's constitutional argument has rejected it. See Johnson, 495 F.3d at 963; United States v. Williams, 2014 WL 712598 (D. Hawaii, February 21, 2014); United States v. Williams, 2013 WL 1563708 (M.D. Pa. Apr. 12, 2013).

WHEREFORE, the government respectfully requests that the Court deny Tsarnaev's motion for additional peremptory challenges.

Respectfully submitted,

CARMEN M. ORTIZ
UNITED STATES ATTORNEY

By: /s/ William D. Weinreb
WILLIAM D. WEINREB
ALOKE S. CHAKRAVARTY
NADINE PELLEGRINI
Assistant U.S. Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non-registered participants on this date.

*/s/ William D. Weinreb*
WILLIAM D. WEINREB