UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
**FILED UNDER SEAL**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 13-10200-GAO |
| ) | |
| DZHOKHAR TSARNAEV ) | |

**SEALED MOTION TO EXCLUDE UNSUPPORTED "SCIENTIFIC" OPINIONS
OF GOVERNMENT TERRORISM EXPERTS**

Defendant, Dzhokhar Tsarnaev, by and through counsel, respectfully requests that the Court exclude any opinion testimony offered by the government's three terrorism experts that purport to be based upon as-yet-undisclosed "social scientific skills and methodology." Government's Rule 16 disclosure letter, August 1, 2014, at 2. In the alternative, the defendant requests that the Court conduct a hearing to determine the sufficiency of the facts or data on which their opinions will be based, the reliability of the principles and methods employed, and the reliability of the experts' application of those principles and methods to the facts of this case. Federal Rules of Evidence 702, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

The government's August 1 expert disclosure letter described its three proposed terrorism experts as follows:

> Each of the experts has employed social scientific skills and methodology to develop a basis of knowledge that is reliable and will be helpful to the jury. Each witness will explain his education, research, observations and the methods he used to become proficient in the areas of terrorism and geopolitics. Each of the witnesses has been recognized as an expert by colleagues around the world and two by various federal courts. To the extent that the witnesses provide opinion testimony, they will do so

1

based upon their qualifications and experience, the evidence provided to them in this case, and the facts as alleged in the indictment and presented at trial.

Id. at 2. Later, the summary included the following statements:

> If there is a sentencing phase, we expect the witnesses to testify that radicalization can occur with little or no urging from others, and that *the evidence in this case is consistent with the defendant's having largely self-radicalized.* The witnesses will testify that the defendant has much in common with other young men who are known to have self-radicalized, including similar family relationships, family background, religious identity, external influences, intelligence, and exposure to jihadi propaganda. The witnesses will discuss circumstances associated with family members' playing a substantial role in the radicalization process *and their absence in this case*. We also expect them to testify that newly radicalized individuals are often the most zealous.

*Id.* at 5. This appears to mean that one or more of the government's experts are prepared to identify "circumstances associated with family members' playing a substantial role in the radicalization process" that are absent in this case, presumably so as to raise the inference that 19-year-old Dzhokhar Tsarnaev "self-radicalized" without any family members having played "a substantial role." However, the lengthy reports of Messrs. Kohlmann, Gorka and Levitt contain no support for this very important contention, and indeed do not even discuss the defendant's family at all.

In a pleading filed before receiving the government terrorism experts' reports, the defendant objected to the adequacy of this notice under Rule 16(a)(1)(G), noting that it failed to provide any hint of the experts' answers to the following questions:

> What are the circumstances "associated with family members' playing a substantial role in the radicalization process?" How do the government's experts know what they are? What are the underlying facts and research data on which these expert opinions are based? And most critically, how did the

2

> government expert(s) conclude that these unnamed "circumstances" are "absen[t] in this case?"

DE 460, *Sealed Supplemental Motion to Compel the Government to Comply with its Expert Disclosure Obligations,* at 5. The Court eventually denied the defendant's request for additional disclosure under Rule 16. DE 569. But the issue now is not whether the defense was entitled to discovery of the scientific basis of these opinions, but whether any such basis exists, such that the testimony should be admitted under either Rule 702 of the Federal Rules of Evidence, or 18 U.S.C. § 3593.

Given that the government has yet to disclose anything about these opinions—including which of its three terrorism experts, if any, actually holds them—it is impossible for the defendant to articulate any more specific challenge to the opinions' admissibility. The burden of establishing admissibility is, in any event, on the proponent of the expert evidence. Accordingly, the defendant requests that the Court exclude any "expert" testimony concerning whether the facts of his case are consistent or inconsistent with any particular constellation of interpersonal factors, unless the government can first demonstrate, at a *Daubert* hearing, the reliability and relevance of the testimony, and that "its probative value is [not] outweighed by the danger of creating unfair prejudice, confusing the issues, or misleading the jury." 18 USC § 3593(c).

## Conclusion

Based on the foregoing, the defense requests that the Court exclude the expert testimony at issue, or else conduct a *Daubert* hearing to determine its admissibility.

Respectfully submitted,

DZHOKHAR TSARNAEV
by his attorneys

*/s/ David I. Bruck*

Judy Clarke, Esq. (CA Bar # 76071)
CLARKE & RICE, APC
1010 Second Avenue, Suite 1800
San Diego, CA 92101
(619) 308-8484
JUDYCLARKE@JCSRLAW.NET

David I. Bruck, Esq.
220 Sydney Lewis Hall
Lexington, VA 24450
(540) 460-8188
BRUCKD@WLU.EDU

Miriam Conrad, Esq. (BBO # 550223)
Timothy Watkins, Esq. (BBO # 567992)
William Fick, Esq. (BBO # 650562)
FEDERAL PUBLIC DEFENDER OFFICE
51 Sleeper Street, 5th Floor
(617) 223-8061
MIRIAM_CONRAD@FD.ORG
TIMOTHY_WATKINS@FD.ORG
WILLIAM_FICK@FD.ORG

## Certificate of Service

I hereby certify that a copy of this document was hand-delivered to counsel of record on December 3, 2014.

*/s/ William F. Fick*

4