### UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Crim. No.13-10200-GAO** |
| | ) | |
| **DZHOKHAR A. TSARNAEV,** | ) | |
| **Defendant** | ) | |

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S
### MOTION FOR RECONSIDERATION OF HIS
### RENEWED MOTION FOR HEARING TO ADDRESS "LEAKS"

The United States of America, by and through its undersigned counsel, respectfully opposes defendant Dzhokhar Tsarnaev's motion for reconsideration of the Court's denial of his third motion for a hearing to address law enforcement "leaks."

Tsarnaev bases his argument on a recently-released Boston Magazine article that appears to draw from FBI reports concerning Khairullozhan Matanov, who is charged with obstructing justice in the Boston Marathon investigation.   See United States v. Khairullozhan Matanov, Crim. No. 14-10159-WGY (D. Mass.).   The article focuses on Tamerlan Tsarnaev and his actions in the days after the Marathon bombings.   It also mentions Dzhokhar Tsarnaev, albeit barely.

Matanov was arrested and had his initial appearance on May 30, 2014.   The government moved for an order of pretrial detention, and a detention hearing was scheduled for June 4, 2014. Before the hearing, the government provided Matanov's then defense-counsel with a package of discovery materials, including the FBI reports (and a transcript of a detective's interview with Matanov) on which the Boston Marathon article appears to be based.   No protective order covered the use of those documents at that time.

Matanov's counsel made extensive use of the FBI reports and transcript to cross-examine a government agent at the detention hearing, quoting from them at length.   See Matanov Trans.

06/04/14 at 24-54 (attached as Exhibit A).   He made such extensive use of them, in fact, that the court suggested it would be helpful for the court to have copies.   See id. at 37.   Only the transcript of the detective's interview with Tsarnaev was admitted into evidence.   See id. at 32, 62.   But it is not clear from the detention-hearing transcript whether copies of the other reports were provided to the court (or deputy clerk) for the court's convenience.

The Boston Magazine article's author -- who attended the detention hearing -- does not claim to have obtained the reports she cites from the FBI or from any other law enforcement official.   She writes only that the reports were "obtained exclusively by Boston magazine." (This is in sharp contrast to all of the other articles by this author cited in Tsarnaev's motion.)   In light of how the documents were disclosed and used in the Matanov case, the author might have obtained them, made copies of them, or been permitted to take notes from them, by non-law enforcement sources.   Yet Tsarnaev, without having made any apparent effort to exclude or even investigate those obvious possibilities, requests that the Court "require government counsel to obtain affidavits from each of the relevant law enforcement supervisory personnel advising whether they or those under their command" provided the reports to Boston Magazine.

Despite the absence of a prima facie showing (or even an allegation by the article's author) that law enforcement officers provided any reports to Boston Magazine, the government has taken steps to investigate this matter and is continuing to do so.   As set forth in a sealed exhibit ("Exhibit B"), the government's investigation has yielded no information that would justify seeking the affidavits Tsarnaev requests.   If the government obtains information that suggests law-enforcement affidavits are warranted, it will promptly notify the Court.

WHEREFORE, the government respectfully requests that Tsarnaev's motion for reconsideration be denied.

Respectfully submitted,

CARMEN M. ORTIZ
UNITED STATES ATTORNEY

By:      /s/ William D. Weinreb
         WILLIAM D. WEINREB
         ALOKE S. CHAKRAVARTY
         NADINE PELLEGRINI
         Assistant U.S. Attorneys

CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non-registered participants on this date.

*/s/ William D. Weinreb*
WILLIAM D. WEINREB