FILED
IN CLERKS OFFICE

2014 DEC 12  PM 3 33

U.S. DISTRICT COURT
DISTRICT OF MASS.

Sealed Exhibit 2

(December 12, 2014 letter to government counsel re mitigating factors)

CLARKE & RICE, APC
1010 Second Avenue, Ste. 1800
San Diego, California 92101
(619) 308-8484

FEDERAL PUBLIC DEFENDER OFFICE
DISTRICT OF MASSACHUSETTS
51 Sleeper Street, Fifth Floor
Boston, Massachusetts 02210
(617) 223-8061

DAVID I. BRUCK
220 Sydney Lewis Hall
Lexington, VA 24450
(540) 458-8188

December 12, 2014

Aloke Chakravarty
Steven Mellin
Nadine Pellegrini
William Weinreb
Assistant U.S. Attorneys
United States Courthouse
1 Courthouse Way, Suite 9200
Boston, Massachusetts 02210

    Re: United States v. Dzhokhar Tsarnaev
       Criminal No. 13-10200- GAO

Dear Counsel:

  Pursuant to the Court's order, DE 577, we write to provide a list of the mitigating factors we currently intend to prove.

1. The defendant was 19 years old at the time of the crimes charged.
2. The defendant had no substantial history of violence prior to the crimes.
3. But for the influence of his older brother Tamerlan, the defendant would not have committed any of the crimes of which he has been convicted.
4. Tamerlan's influence over the defendant was likely enhanced by the parents' failure or impaired ability to provide Dzhokhar with adequate protection and guidance during his childhood and adolescence.
5. The defendant was particularly vulnerable to Tamerlan's influence and control because of Tamerlan's age, size, dominant personality, and status in the family.
6. The defendant would pose a very low risk for future violent or other serious misconduct if he is imprisoned for life.
7. Under the circumstances of this case, executing the defendant would increase rather than reduce the danger of future terrorist attacks.

This list of factors has been drafted at the same level of detail as the aggravating factors contained in the government's Notice of Intent to Seek the Death Penalty, and is

Aloke Chakravarty, et al.
December 12, 2014
Page 2

not intended as an itemization of each mitigating fact that we believe will be established at sentencing. The defendant's list of mitigating factors for the jury's sentencing verdict form may also include subsidiary facts that tend to establish or support the factors listed here, depending on the evidence presented.

If we determine that any additional mitigating factors should be presented, we will supplement this list accordingly.

                                  Sincerely,

                                  */s/ David I. Bruck*

                                  David I. Bruck
                                  Judy Clarke
                                  Miriam Conrad
                                  William Fick
                                  Timothy Watkins

                                  Counsel for Dzhokhar Tsarnaev