UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.    ) | CRIMINAL NO. 13-10200-GAO |
| ) | |
| DZHOKHAR TSARNAEV    ) | |

**RESPONSE TO GOVERNMENT MOTION TO EXCLUDE EXPERT TESTIMONY OR, IN THE ALTERNATIVE, TO COMPEL**

Defendant, Dzhokhar Tsarnaev, by and through counsel, respectfully responds to the Government's Motion to Exclude Expert Testimony, or in the Alternative, to Compel [DE 709], which was filed on December 8, 2014.  As explained below, the defense has provided the disclosures sought, and the government's motion is therefore moot.

The government was notified of Ms. Vogelsang's name, background, and role in this case on September 2, 2014, four months before the beginning of jury selection, and more than six months before the likely date of her testimony in a sentencing phase.  The defense has provided the government with voluminous family-history records, many of which the government also apparently obtained by grand jury subpoenas.[1]

On November 24, 2014, the defense notified the government that Ms. Vogelsang's work was continuing, and that the defense disclosure would be supplemented.  At that time, the defense provided the government a substantial number of life history-related

---

[1] For example, on November 21, 2014, the government produced 396 pages of medical records pertaining to the defendant's father, which the government apparently obtained in May 2013 pursuant to a grand jury subpoena.  This set appears to be more complete than that independently obtained by the defense.

1

documents.  On Friday, December 12, 2014, defense counsel provided a supplemental disclosure summarizing Ms. Vogelsang's anticipated testimony, and will continue to provide government counsel with additional family history and related records as they are identified and as appropriate.  Thus, the defense has now provided the disclosures that the government seeks.  These disclosures are analogous in form, content, and detail to the Rule 16 expert witness disclosures provided by the government.

Ms. Vogelsang is a potential witness for the defense penalty phase case, which is unlikely to begin before late March 2014.  For reasons with which the government and the Court are already familiar, Ms. Vogelsang's work has yet to be completed.  The defense will continue to supplement the disclosure of her anticipated testimony as it becomes possible to do so, and will also provide additional records as appropriate.

## Conclusion

Based on the foregoing, the defense requests that the Government's motion be denied as moot.

>Respectfully submitted,
>DZHOKHAR TSARNAEV
>by his attorneys
>
>/s/   Judy Clarke
>
>Judy Clarke, Esq. (CA Bar # 76071)
>CLARKE & RICE, APC
>1010 Second Avenue, Suite 1800
>San Diego, CA 92101
>(619) 308-8484
>judyclarke@jcsrlaw.net
>
>David I. Bruck, Esq.
>220 Sydney Lewis Hall

>Lexington, VA 24450
>(540) 460-8188
><u>BRUCKD@WLU.EDU</u>
>
>Miriam Conrad, Esq. (BBO # 550223)
>Timothy Watkins, Esq. (BBO # 567992)
>William Fick, Esq. (BBO # 650562)
>FEDERAL PUBLIC DEFENDER OFFICE
>51 Sleeper Street, 5th Floor
>(617) 223-8061
>MIRIAM_CONRAD@FD.ORG
>TIMOTHY_WATKINS@FD.ORG
>WILLIAM_FICK@FD.ORG

## Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 15, 2014.

>*/s/  Judy Clarke*