UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Crim. No.13-10200-GAO |
| | ) | |
| DZHOKHAR A. TSARNAEV, | ) | |
| Defendant | ) | |

**GOVERNMENT'S MOTION TO STRIKE EXHIBITS
TO DEFENDANT'S SECOND MOTION FOR CHANGE OF VENUE**

The United States, by and through undersigned counsel, respectfully moves the Court to strike paragraphs 11 through 14 of "Exhibit 1" and all of "Exhibit 2" to Tsarnaev's Second Motion for Change of Venue. As grounds for this motion, the government states the following.

Although captioned a "Second Motion For Change of Venue," Tsarnaev's motion is largely an illicit effort to supplement the record in support of his first motion for change of venue. Tsarnaev's first motion -- which was filed after many extensions -- relied almost entirely on a public opinion poll and media analysis conducted by Professor Edward Bronson. But in filing his motion, Tsarnaev decided not to reveal anything about Mr. Bronson's polling methodology or about the details of his media analysis. Indeed, Tsarnaev did not even reveal his name. After the government opposed the motion, Tsarnaev filed a "reply" to which he attached a 37-page declaration from Mr. Bronson and thousands of pages of exhibits detailing Mr. Bronson's polling methodology and media analysis. The government, facing this information for the first time, filed a surreply in which it responded to Mr. Bronson's polling methodology and media analysis.

Tsarnaev promptly filed a motion for leave to file a response to the government's surreply. [Dkt. 517]. He attached a declaration from Professor Neil Vidmar defending Mr.

Bronson's polling methodology and media analysis.  The government opposed, arguing that Tsarnaev had been given ample opportunity to make a record and that it would be unfair to force the government into yet another round of litigation -- this time on the soundness of Mr. Vidmar's testimony.  [Dkt. 519].  The Court agreed:  it denied Tsarnaev's motion for leave to file a response and struck the response from the record.  [Dkt. 527].

Undaunted, Tsarnaev then filed a "Motion to Supplement the Record" in which he once again sought to add to Mr. Vidmar's declaration to the record.  [Dkt. 531].  The government opposed for the same reasons as before [Dkt. 537], and the Court once again denied the motion, stating in open court, "The record is complete."  [Dkt. 539].

Now, three months later, Tsarnaev seeks yet again to add Mr. Vidmar's declaration to the record, attaching it as "Exhibit 2" to his Second Motion to Change Venue.  The declaration is dated August 29, 2014, and is the exact same declaration the Court has twice before struck from the record.  Tsarnaev has offered no reason whatsoever why the Court, having twice denied his untimely and improper efforts to force yet another round of litigation on his original motion to change venue, should allow him to do so now -- just weeks before the trial is set to begin.  The Court should not permit this transparent attempt to circumvent its earlier rulings.

The Court likewise should strike paragraphs 11 through 14 of "Exhibit 1" to Tsarnaev's Second Motion to Change Venue.  "Exhibit 1" is a Declaration from Mr. Bronson's research assistant, Josie Smith.  See Smith Decl. ¶ 1.  Paragraphs three through ten of her declaration describe an updated media analysis that she has performed.  But paragraphs 11 through 14 are simply a response to the government's surreply to Tsarnaev's original motion to change venue: they seek to defend Mr. Bronson's original media analysis and cast doubt on the government's response.  Like Mr. Vidmar's declaration, this portion of Ms. Smith's declaration will, if not

2

struck, force the government to respond, resulting in another entire round of litigation on Tsarnaev's first motion to change venue. Once again, the Court should not allow this transparent attempt to reopen a record that the Court declared "complete" over three months ago.

WHEREFORE, the government respectfully requests that the Court strike paragraphs 11 through 14 of "Exhibit 1" and all of "Exhibit 2" to Tsarnaev's Second Motion For Change of Venue.

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

By:   /s/ William D. Weinreb
WILLIAM D. WEINREB
ALOKE S. CHAKRAVARTY
NADINE PELLEGRINI
Assistant U.S. Attorneys

### CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non-registered participants on this date.

/s/ William D. Weinreb
WILLIAM D. WEINREB