UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )  )  v.                                                            ) )  DZHOKHAR TSARNAEV                   ) | CRIMINAL NO. 13-10200-GAO |

**OPPOSITION TO MOTION TO STRIKE EXHIBITS TO DEFENDANT'S
SECOND MOTION FOR CHANGE OF VENUE**

Defendant, Dzhokhar Tsarnaev, by and through counsel, respectfully submits this opposition to the government's Motion to Strike Exhibits to Defendant's Second Motion to Change Venue [DE 760]. The government argues that paragraphs 11-14 of Exhibit 1 (declaration of Josie Smith) and all of Exhibit 2 (declaration of Dr. Neil Vidmar) should be stricken because they are "an illicit effort to supplement the record in support of [the defendant's] first motion for change of venue." Mtn. Strike at 1. The government is incorrect and its Motion to Strike should be denied. The government's efforts to block the defense from presenting a complete record on venue, an issue central to due process and critical to a fair trial, have no place in a case where the defendant's life is at stake.

Courts have recognized that it is appropriate to renew a request for change of venue one or more times prior to trial as circumstances evolve. Indeed, this was the procedural posture in *Skilling v. United States*, 561 U.S. 358 (2010), the most recent Supreme Court decision on the merits of a venue change request. *See id*. at 370-73. In *United States v. Abrahams*, 453 F.Supp. 749 (D. Mass. 1978), a case in this district, the court granted a renewed motion for change of venue after an earlier motion had been

1

denied because defense counsel submitted a deficient factual record.  *See id.* at 751-53. Numerous other courts concur that venue can and even must be revisited prior to trial.  *See, e.g., United States v. Jeffreys*, 2013 WL 5503698, *3 (E.D. Wash. Oct. 3, 2013) ("The Court recognizes that inflammatory media coverage of [defendant] may increase as the trial date approaches.  Therefore, [defendant] may renew his motion to change venue if appropriate."); *United States v. Agriprocessors, Inc.*, 2009 WL 1833598, *2 (N.D. Iowa Jun 18, 2009) (addressing renewed motion on merits and noting that defendants again "may renew their request for a change of venue following voir dire."); *United States v. Dutton-Myrie*, 2008 WL 2914587, *3 (M.D. Pa. Jul. 24, 2008) (denying change of venue while noting it may be necessary to address a renewed motion during voir dire); *United States v. Johnson*, 403 F. Supp. 2d 721, 769-70 (N.D. Tex. 2005) (noting that venue challenge may be deemed waived if not renewed after voir dire); *United States v. Jamieson*, 264 F. Supp. 2d 603, 604 (N.D. Ohio 2003) (addressing merits of renewed and supplemental motion to change venue); *United States v. Maldonado-Rivera*, 922 F.2d 934, 966-68 (2d Cir. 1990) (addressing merits of second venue motion brought to address changed circumstances).   The government implicitly conceded this point when it moved to strike only certain portions of the exhibits and not the entirety of the Second Motion for Change of Venue itself.

     Having made that concession, however, the government can offer no cogent rationale to exclude from consideration material that is relevant to a decision on the merits of the motion.  The core purpose of a venue inquiry is to assure "a fair and impartial trial," Fed. R. Crim. P. 21(a) which is "a basic requirement of due process."

2

*Skilling*, 561 U.S. at 378.  In order to decide the motion, the Court of necessity must evaluate the *totality* of circumstances.  *See, e.g., Brecheen v. Oklahoma*, 485 U.S. 909, 910 (1988) ("In deciding whether such a presumption of prejudice is warranted, courts must examine any indications in the totality of circumstances that petitioner's trial was not fundamentally fair") (internal quotation marks and citation omitted).  Together, the information submitted in connection with both motions defines the "totality" available for the Court to evaluate.

The peculiar timing of the pleadings and procedural development of the defendant's first motion[1] does not supply a reason to exclude evidence now offered in support of the second motion.  In fact, the government's opposition to the second motion [DE 766-1] highlights the need to consider the very material it seeks to strike.  For instance, the government complains that the defense "does not address" its critique of Dr. Bronson's polling data, which was adopted by the Court in the absence of any opportunity for rebuttal by the defense.  But that is precisely one of the topics addressed by Dr. Vidmar.  *See* DE 686-5.

## Conclusion

Based on the foregoing, the government's to strike should be denied.

                            Respectfully submitted,

                            DZHOKHAR TSARNAEV

---

[1] The multiple rounds of briefing on the first motion were an artifact of bifurcated funding for Prof. Bronson's work.  Initial funding was approved for Prof. Bronson to assist the defense to determine whether to seek a change of venue, and then a subsequent round of funding was approved for Prof. Bronson to complete the work necessary to document and support the motion that the defense already had been required to file.

by his attorneys

/s/   William W. Fick

Judy Clarke, Esq. (CA Bar # 76071)
CLARKE & RICE, APC
1010 Second Avenue, Suite 1800
San Diego, CA 92101
(619) 308-8484
JUDYCLARKE@JCSRLAW.NET

David I. Bruck, Esq.
220 Sydney Lewis Hall
Lexington, VA 24450
(540) 460-8188
BRUCKD@WLU.EDU

Miriam Conrad, Esq. (BBO # 550223)
Timothy Watkins, Esq. (BBO # 567992)
William Fick, Esq. (BBO # 650562)
FEDERAL PUBLIC DEFENDER OFFICE
51 Sleeper Street, 5th Floor
(617) 223-8061
MIRIAM_CONRAD@FD.ORG
TIMOTHY_WATKINS@FD.ORG
WILLIAM_FICK@FD.ORG

## Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 19, 2014.

/s/   William W. Fick