UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 13-10200-GAO |
| | ) | |
| DZHOKHAR TSARNAEV | ) | |

**REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S
SECOND MOTION TO CHANGE VENUE**

Defendant, Dzhokhar Tsarnaev, by and through counsel, respectfully submits this

Reply to the government's Opposition [DE 766-1] to his Second Motion to Change

Venue [DE 684].

The government's opposition essentially repeats its arguments in opposition to the

first motion for change of venue.  In so doing, the government simply ignores the

submissions from Josie Smith and Prof. Neil Vidmar that refute each of those arguments.

The government also ignores the two principal new circumstances that prompted the

defendant's second motion.

First, adverse pretrial publicity and leaks continue unabated.  Contrary to the

government's assertion, Opp. at 2, Ms. Smith's search terms were not overbroad and she

vetted the articles to ensure they are, in fact related to the case.  That they may be "factual

and objective" in the government's view, Opp. at  2, does nothing to blunt their impact.

The District of Massachusetts is reminded on a nearly daily basis of the events of April

2013 as well as their impact on individuals and the community as a whole.  Not only that,

the media periodically tie those events and Mr. Tsarnaev to new perceived threats such as

1

ISIS.  This media saturation can only be expected to intensify as we approach the start of trial and, then, the anniversary of the Marathon bombing.

Second, even the government, itself, now takes the position, by way of its own expert disclosures, that the crimes charged inflicted actual injury on the entire local population, especially children.  Greater Boston was, itself, a victim.  That is what places this case on all fours with *United States v. McVeigh*, 918 F. Supp. 1467 (W. D. Okla. 1996).  The likely reason *McVeigh* hasn't been cited by other courts in orders changing venue is that no case before this one has come close to the same level of impact on an entire community.  Whether or not *McVeigh* technically counts as "precedent," Opp. at 3, the Constitution plainly compelled a change of venue, a reality which the parties and the Court wisely understood and accepted.[1]

The government attacks the entire body of social science research underlying the "story model" with Supreme Court cases finding, in different circumstances based on individual factual records, that passage of time between adverse publicity and trial softens the effects of publicity.  Opp. at 2-3.  Here, in contrast, the record shows that intense publicity is unabating.  Absent a substantial continuance there simply is no gap in time to "soften" adverse effects.

Regarding the efficacy of voir dire, the government urges the Court to ignore the First Circuit's powerful language in *United States v. Delaney*, 199 F.2d 107 (1st Cir. 1952), and to be guided instead by the experience of other recent  high-profile trials, and

---

[1] Notably, the government contended that the trial could proceed elsewhere in Oklahoma but the Court disagreed and transferred the trial to Denver.  *See McVeigh*, 918 F. Supp. At 1474.

by boilerplate language in other cases that "juries follow instructions."   Opp. at 3-4.

*Delaney* remains good law, however, and none of the recent trials, despite their notoriety,

comes close to this one in attention and impact.

## <u>Conclusion</u>

For the foregoing reasons, as well as those set forth in prior filings, the Court

should grant Mr. Tasarnaev's motion and order a change of venue to an appropriate

location outside the District of Massachusetts.  The Court should hold a hearing on this

motion, and to determine the district of transfer.

Respectfully submitted,

DZHOKHAR TSARNAEV
by his attorneys

*/s/*   William W. Fick

Judy Clarke, Esq. (CA Bar # 76071)
CLARKE & RICE, APC
1010 Second Avenue, Suite 1800
San Diego, CA 92101
(619) 308-8484
JUDYCLARKE@JCSRLAW.NET

David I. Bruck, Esq.
220 Sydney Lewis Hall
Lexington, VA 24450
(540) 460-8188
BRUCKD@WLU.EDU

Miriam Conrad, Esq. (BBO # 550223)
Timothy Watkins, Esq. (BBO # 567992)
William Fick, Esq. (BBO # 650562)
FEDERAL PUBLIC DEFENDER OFFICE
51 Sleeper Street, 5th Floor
(617) 223-8061
MIRIAM_CONRAD@FD.ORG

TIMOTHY_WATKINS@FD.ORG
WILLIAM_FICK@FD.ORG

## **Certificate of Service**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 19, 2014.

*/s/*  William W. Fick