

**U.S. Department of Justice**

*Carmen M. Ortiz*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*     *John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

December 4, 2014

**BY EMAIL**

Timothy Watkins, Esq
William Fick, Esq.
Judy Clarke, Esq.
David Bruck, Esq.
Federal Defender's Office
51 Sleeper Street, 5th Floor
Boston, MA 02210

      Re: United States v. Dzhokhar Tsarnaev, Crim. No. 13-10200- GAO

Dear Counsel:

      We are writing in response to your letter of November 28, 2014, seeking responses to previous discovery requests or to intervening court orders.

1. The copy we produced to you of the Russian language transcript of apparent communications between Tamerlan Tsarnaev and Magomed Kartashov, which has a few lines cut off, is the copy we ourselves received.  We have made efforts to determine whether a complete copy is available and are continuing to do so.  We will report back to you next week on whether we met with success.

2. Our earlier reference to Zubeidat as the owner of the T-Mobile SIM Card obtained at 410 Norfolk Street, identified as 2R95, was an error.  We have no reason to believe it was Zubeidat's.  The content of the SIM card includes the telephone number for the phone.  A copy of a report on the SIM card accompanies this letter.

3. The reports, notes and memoranda associated with the recovery of the bind codes for the RCIEDs by the CEAU in Quantico were previously produced.  On or before December 15, 2014, we will provide you with some additional materials that relate to Mr. McFarlane's analysis that are responsive to your requests of November 26, 2014.

Case 1:13-cr-10200-GAO   Document 789-13   Filed 12/22/14   Page 2 of 2

Tim Watkins, Esq. et al.
December 4, 2014
Page 2

    Data was pulled from the various EEPROMs using a commercially available chip reader. An unredacted SOP is included herewith.

4. This appears to be a request for us to help you prepare your case, not a request for discovery. We are not obligated to find for you every case in which Mr. McFarlane has testified. Without waiving that objection, here is a list of some cases in which Mr. McFarlane has testified State v. Weimer (x2) in Ohio, USA v. Kabir, C.D.Ca., USA v. Blake, S.D.Fl., and USA v. Edwards, N.D.Il.

5. We have already informed you that the prosecution has no interest in tracking or interfering with your investigation in Russia or anywhere else. Given that we have no legal obligation to satisfy your curiosity, but do have a strong interest in maintaining the confidence of inter-governmental communications, if any, we decline your request.

6. We have already produced all documents and other tangible items relating to the investigation at Dexter and Laurel that are in our possession, custody or control, and that we intend to use at trial or that are material to the preparation of the defense.

7. We are assembling a list of the chains of custody and list of imaging witnesses for the various devices that you have requested. We are not obligated to provide you with Jencks materials for those individuals who we do not intend to call to testify, and therefore decline to provide those materials for that subset of devices. For the remainder, on or before December 15, 2014, we intend to produce this list to you. We have previously provided you with an image of Mr. Matanov's computer, and we are preparing to provide you with the extractions from his phones. Although we do not concede that anything related to Mr. Todashev is relevant or admissible, we are also preparing an image of his computer for you.

    You have previously stated in pleadings that our agreement to produce materials is a concession that we are obligated to produce them under the discovery rules. That is wrong both as a matter of fact and law. In our view, the vast bulk of the materials that we have produced to you over time were not discoverable, but were produced voluntarily, in the spirit of openness and cooperation. That is true of the materials we reference today as well.

    Sincerely,
CARMEN M. ORTIZ
United States Attorney

By:    /s/ Aloke Chakravarty
Aloke Chakravarty
William Weinreb
Nadine Pellegrini
Steve Mellin
Assistant U.S. Attorneys