UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**UNDER SEAL**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 13-10200-GAO |
| | ) | |
| DZHOKHAR TSARNAEV | ) | |

**DEFENSE POSITION REGARDING JUROR ADDRESSES**

Defendant, Dzhokhar Tsarnaev, by and through counsel, and pursuant to 18

U.S.C. § 3432 respectfully requests that the defense be provided with the name and home

addresses of the approximately 1,200 jurors who have been summoned to complete

supplemental juror questionnaires in this case.

During an *in camera* hearing on Thursday, December 19, 2014, the Court raised

with the parties the question of what information was required by "place of abode" in 18

U.S.C. § 3432, and advised that it was considering production of each prospective juror's

name, township and possibly zip code.   However, the Court asked for the parties'

positions prior to making this decision.   18 U.S.C. § 3432, in its entirety, provides as

follows:

> A person charged with treason or other capital offense shall at least three
> entire days before commencement of trial, excluding intermediate
> weekends and holidays, be furnished with a copy of the indictment and a
> list of the veniremen, and of the witnesses to be produced on the trial for
> proving the indictment, stating the place of abode of each venireman and
> witness, except that such list of the veniremen and witnesses need not be
> furnished if the court finds by a preponderance of the evidence that
> providing the list may jeopardize the life or safety of any person.

1

The statute provides no reason to conclude that "place of abode" means anything different with respect to jurors than it does with respect to witnesses.  It is the defense position that "place of abode" in 18 U.S.C. §3432 requires that the defense be provided with the home addresses of the venire members as well as of the government witnesses, including law enforcement.  *See United States v. Sampson*, 335 F. Supp. 2d 166, 177 (D. Mass 2004) ("place of abode" means home addresses of all witnesses, including law enforcement witnesses; providing only township may be inadequate to identify a person with a common name).

It is further the defense position that the names and addresses must be produced at least three business days before jury selection begins.  *See, e.g., United States v. O'Driscoll,* 229 F. Supp. 2d 370 (M.D. Pa. 2002) (tracking history of statute and concluding trial commences with jury selection); *United States v. Young*, 533 F.3d 453 (6th Cir. 2008) ("The *O'Driscoll* court's reasoning and the obvious importance of voir dire to litigants' trial strategy persuades us to agree with the district court that, for purposes of §3432, trial begins with the start of jury selection.").

## Conclusion

Based on the foregoing, the defense requests production of the names and home addresses of the approximately 1,200 potential jurors who have been summoned to complete questionnaires in this case. The defense has no objection to an order of protection to keep all of this identifying information from the public.

Respectfully submitted,

DAVID I. BRUCK
JUDY CLARKE
MIRIAM CONRAD
WILLIAM FICK
TIMOTHY WATKINS
Attorneys for Dzhokhar Tsarnaev

## Certificate of Service

I hereby certify that this document was hand-delivered to the U.S. Attorney's Office, District of Massachusetts, Attention: William Weinreb on December 22, 2014.

Robert Rieske