# EXHIBIT L



**U.S. Department of Justice**

*Carmen M. Ortiz*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*                    *John Joseph Moakley United States Courthouse*
                                                     *1 Courthouse Way*
                                                     *Suite 9200*
                                                     *Boston, Massachusetts 02210*

December 15, 2014

**BY E-MAIL AND HAND DELIVERY**

William Fick, Esq.
Timothy Watkins, Esq
Judy Clarke, Esq.
David Bruck, Esq.
Federal Defender's Office
51 Sleeper Street, 5th Floor
Boston, MA 02210

Re: United States v. Dzhokhar Tsarnaev, Crim. No. 13-10200- GAO

Dear Counsel:

We write to respond to assorted outstanding requests.

Request re: Evan Kohlmann

1.  You have requested security clearances so that you may receive classified Giglio information (without further description) related to Evan Kohlmann. We take it that one of your colleagues, perhaps Mr. Dratel, has suggested to you that something exists with regard to Mr. Kohlmann that is classified and discoverable. The government is aware of its obligations to provide Brady and Giglio information to a defendant regardless of its status as classified information. In some circumstances, counsel is cleared and provided access to such information and/or the procedures of the Classified Information Procedures Act are employed. In other cases, such as this, to the extent that there is any discoverable information that is classified, the government has declassified that information and has produced it to the defendant. Today, separately, you are being provided any information we believe may be discoverable related to Mr. Kohlmann in an unclassified form. Having done the review for such information in this and in other cases, we are unaware of any classified information that must be disclosed to you. This is a view that has been seconded by other courts, and you have provided no basis to question those repeated determinations.

William Fick, Esq. et al.
December 15, 2014
Page 2

Request re: administrative parole

2. In response to your request to assent to a procedure whereby the government and its
agents will firewall itself off from the information related to the administrative parole
process, we decline. The circumstances of this case are very different from those
articulated in the cases involving Rwandan witnesses in which such procedures were
employed. Also, we cannot provide you with a Homeland Security Investigations agent
to contact for purposes of administrative parole because the required procedure is that the
investigative agency, in this case the FBI, must apply for parole for any witnesses. In
addition, an extensive security and safety analysis andrisk mitigation strategy would need
to be done prior to Homeland Security's assessment of whether parole, under the
circumstances, is warranted. The points of contact at the FBI with whom you can
coordinate the applications for parole are SSA Courtland Rae and SSA David Donahue.
Even on an expedited schedule, administrative parole takes several weeks to process, and
if security procedures, such as detention, will be required for any of the witnesses, it will
likely take longer.

Request re: digital devices

3. We are providing you today with a spreadsheet list of digital devices that you have
requested authentication information about. The spreadsheet includes the witnesses who
seized and imaged/extracted information from the device for chain of custody purposes.
The information regarding the imaging/extractions was contained on the extracted data
itself by operation of software, either in text that accompanied the extracted data, or
within the cell phone extraction information. With respect to all evidence which has a
1B number in this case, chains of custody forms are available for your inspection, or if
you would like specific forms, we will provide them to you.

Request for information related to Andria Mehltretter, Tapes, Paints and Polymers

4. In response to your earlier requests, we are memorializing our phone call from December
12, 2014, in which we communicated that Ms. Mehltretter did not use the Forensic Tape
database that you inquired about for purposes of comparison in this case. Rather, her
work populating and accessing that database, as with other reference materials, is part of
her education and qualifications. In addition, you asked for specific studies and sources
that support her analysis and conclusions. The studies and sources cited in the
bibliography in her C.V. and supporting materials, including the SOPs for her lab's
analysis have already been provided. In addition, we are providing you today with
several similar publicly available sources from the Scientific Working Group for Material
Analysis, of which she is a member. One of the documents specifically addresses the
reliability and admissibility of analyses such as the one she did in this case. Ms.
Mehltretter has reviewed your request and is happy to provide additional information if it

William Fick, Esq. et al.
December 15, 2014
Page 3

exists, but does not know what else you want.  We are hopeful that these additional materials, along with the raw digital data which we provided previously, will obviate the need for a Daubert hearing with regard to this testimony.

Request for information related to Michael McFarlane, Communications Analysis

5. In response to your request for additional information related to Michael McFarlane, on December 4th, 2014, we informed you that the information you requested about the underlying tests and findings of those who assisted in the analysis had already been provided.  Nevertheless, , under separate cover, we will provide a supplemental disclosure related to Mr. McFarlane relating that he has personally replicated the underlying testing of the exemplars about which you had expressed concern in order to simplify and streamline his testimony.  In addition, his responses to your Question 12 are included in the production we are providing to you today, as well as underlying data from the analysis in electronic form, third-party technical data and marketing materials, and photos (which may be duplicates). With the exception of the new analysis which Mr. McFarlane just completed, he believes all of the relevant notes and materials from his lab that have contributed to his conclusions have been made available to you. Mr. McFarlane, like Ms. Mehltretter is happy to provide additional information if it exists, but does not know what else you want.

Request for Russian Document without lines cut off

6. We have also included in the production today a copy of the Russian transcript which had a few lines cut off of the previously discovered copy.

This letter should be considered sensitive pursuant to the protective order.  Thank you.

Sincerely,

CARMEN M. ORTIZ
United States Attorney

By:   /s/ Aloke /Chakravarty
      Aloke Chakravarty
      William Weinreb
      Nadine Pellegrini
      Assistant U.S. Attorneys