UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Crim No.13-10200-GAO |
| | ) | |
| DZHOKHAR A. TSARNAEV, | ) | UNDER SEAL |
| Defendant | ) | |

GOVERNMENT'S OPPOSITION TO
DEFENDANT'S MOTION TO EXCLUDE
"SCIENTIFIC" OPINIONS OF GOVERNMENT'S TERRORISM EXPERTS

The United States, by and through undersigned counsel, respectfully submits this

opposition to defendant Dzhokhar Tsarnaev's "Sealed Motion to Exclude Unsupported

'Scientific' Opinions of Government Terrorism Experts."

INTRODUCTION

In an August 1, 2014, letter to Tsarnaev (attached as "Exhibit A"), the government

disclosed its intention to call up to three terrorism experts.  It also wrote:

> Each of the experts has employed social scientific skills and methodology
> to develop a basis of knowledge that is reliable and will be helpful to the jury.
> Each witness will explain his education, research, observations and the methods
> he used to become proficient in the areas of terrorism and geopolitics. Each of the
> witnesses has been recognized as an expert by colleagues around the world and
> two by various federal courts. To the extent that the witnesses provide opinion
> testimony, they will do so based upon their qualifications and experience, the
> evidence provided to them in this case, and the facts as alleged in the indictment
> and presented at trial. * * * *

> If there is a sentencing phase, we expect the witnesses to testify that
> radicalization can occur with little or no urging from others, and that the evidence
> in this case is consistent with the defendant's having largely self-radicalized.  The
> witnesses will testify that the defendant has much in common with other young
> men who are known to have self-radicalized, including similar family
> relationships, family background, religious identity, external influences,
> intelligence, and exposure to jihadi propaganda.  The witnesses will discuss
> circumstances associated with family members' playing a substantial role in the

radicalization process and their absence in this case.  We also expect them to testify that newly radicalized individuals are often the most zealous.

Based on these two paragraphs, Tsarnaev moves to exclude certain categories of testimony by the expert(s) or, in the alternative, for a Daubert hearing.  The motion should be denied for several reasons.  First, the arguments offered in support of it lack merit.  Second, the testimony will be offered in the trial's sentencing phase, at which the Federal Rules of Evidence -- and, hence, Daubert-- do not apply.  Third, even assuming Daubert applied at the sentencing phase, no hearing would be needed because the expert(s)' methodology will have adequately been tested during the liability phase.

## ARGUMENT

Tsarnaev first argues that any opinion testimony offered by the experts that is based on "social scientific skills and methodology" must be excluded because the government has not disclosed the skills or methodology in question or established their reliability.  That argument is specious.  The experts in question are social scientists.  Their skills are the skills shared by all social scientists.  They acquired those skills through their training and prior work experience, which is amply documented in their respective c.v.'s.  Their methodology is likewise the methodology of all social scientists.  They read books, journals, and papers, attend conferences and classes, conduct research (as documented in their c.v.'s), and review the research findings of others.  When they testify as experts, they share specialized knowledge they have acquired with the jury and suggest ways in which it sheds light on facts in the case.  That specialized information is beyond the ken of most of jurors and thus helpful to them, but it is not based on a scientific skill or test.  There is no difference between the skills and methodology on which the government's terrorism expert(s) will rely and the skills and methodology on which Tsarnaev's own terrorism expert will rely.  In addition to the expert disclosures with respect to these

witnesses, their c.v.'s, and their expert reports more than adequately support the admission of their testimony without a <u>Daubert</u> hearing.  (Those c.v.'s and reports are attached as Exhibits B and C).  A <u>Daubert</u> hearing would serve no purpose in this case other than to give the defense a complete word-for-word preview of the government expert(s)'s testimony.

Tsarnaev argues specifically that the court should exclude in limine any sentencing-phase expert testimony that the evidence in this case is consistent with the defendant's having largely self-radicalized "unless the government can first demonstrate, at a <u>Daubert</u> hearing, the reliability and relevance of the testimony, and that 'its probative value is [not] outweighed by the danger of creating unfair prejudice, confusing the issues, or misleading the jury.'" (quoting 18 USC § 3593(c)). [Deft. Mot. at 3].  That argument likewise has no merit.  <u>Daubert</u> hearings are a means of determining whether evidence satisfies Fed. R. Evid. 702, <u>see</u> <u>Daubert</u>, 509 U.S. at 589-90, but the Federal Rules of Evidence do not apply in the sentencing phase of capital cases, <u>see</u> 18 U.S.C. §  3593(c).  Tsarnaev's argument therefore must simply be that the evidence should be excluded either because it is irrelevant or because it is confusing, misleading, or more prejudicial than probative.  He has shown none of those things.

Tsarnaev has repeatedly made clear his theory that to the extent he was radicalized, he was essentially "brainwashed" by a powerful, dominant older brother who put ideas into his head.  The government's expert(s) will not testify that Tsarnaev was not influenced by his older brother.  They will, however, testify that the evidence in this case is consistent with the theory that Tsarnaev became radicalized in part by imbibing radical ideas from traditional sources such as books, magazines, lectures, recordings, videos, and websites.  That path to radicalization is well-established and not a novel creation of the government's experts.  And virtually all of the books, magazines, lectures, recordings, videos, and websites in question are identified (or

3

contained in items identified) on the government's exhibit list.   In light of Tsarnaev's theory of the case, testimony that Tsarnaev appears to have found sources of radical ideas other than from his brother's lips plainly meets the test of admissibility under 18 U.S.C. § 3593(c).

WHEREFORE, the government respectfully requests that the Court deny Tsarnaev's motion to exclude or alternatively for a Daubert hearing.

Respectfully submitted,
CARMEN M. ORTIZ,
United States Attorney

By: /s/ Aloke S. Chakravarty
Aloke S. Chakravarty
William D. Weinreb
Nadine Pellegrini
Steve Mellin
Assistant United States Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that this document, was sent via electronic mail to Dzhokhar Tsarnaev's counsel, Judy Clarke, Esq, on December 19, 2014.

By: /s/ Aloke S. Chakravarty
Aloke S. Chakravarty
Assistant U.S. Attorney

4