

**U.S. Department of Justice**

*Carmen M. Ortiz*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

December 23, 2014

**BY ELECTRONIC MAIL**

David Bruck, Esq.
Judy Clarke, Esq.
William Fick, Esq.
Timothy Watkins, Esq
Federal Defender's Office
51 Sleeper Street, 5th Floor
Boston, MA 02210

      Re: United States v. Dzhokhar Tsarnaev, Crim. No. 13-10200- GAO

Dear Counsel:

      We are writing in response to your letter of December 23, 2014, concerning a letter sent by the government to certain prospective witnesses earlier today.

      We disagree with you that the letter in question was "extremely misleading," that the addresses of witnesses are not being provided "at the defendant's request," and that the government's obligation to produce a witness list pursuant to 18 USC § 3432 "arises without any request by the defendant."

      It is well-settled that a defendant may waive his right to a witness list under section 3432 by failing to request one. See Hickory v. United States, 151 U.S. 303, 307 (1894); United States v. Lee, 374 F.3d 637, 651-52 (8th Cir. 2004); Loux v. United States, 389 F.2d 911, 915 (9th Cir. 1968); Gordon v. United States, 289 F. 552, 554 (D.C. Cir. 1923). We treated your letter of December 22, 2014, informing us of your belief that "place of abode" means "home address," and reminding us that "[t]he statute requires production of this information at least three business days before jury selection begins," as making such a request. Any suggestion that your letter was not tantamount to a request would elevate form over substance.

      We also reject your assertion that our letter had the purpose of "inciting personal hostility against the defense team;" its sole purpose was to explain the need for the recipients to do something we reasonably anticipated all would find undesirable, namely, provide their home addresses to an accused terrorist charged with the mass murder of civilians. We also dispute your assertion that the letter's likely *effect* is to incite personal hostility against the defense team; the letter makes clear that the law requires production of address upon request, and we trust that potential witnesses will not fault defense counsel simply for doing their jobs.

David Bruck, Esq. et al.
December 23, 2014
Page 2

      To the extent it assuages your concerns, the letter was intended to be sent only to the government's non-law enforcement expert witnesses (and, evidently was sent to one defense expert witness as well). Under the circumstances, we do not believe the proposed follow-up letter you request is needed given this audience, even if it were legally warranted.

      Very truly yours,

      CARMEN M. ORTIZ
      United States Attorney

By:   /s/ Aloke Chakravarty
      Aloke S. Chakravarty
      William D. Weinreb
      Nadine Pellegrini
      Steve Mellin
      Assistant U.S. Attorneys