| CLARKE & RICE, APC | FEDERAL PUBLIC DEFENDER OFFICE | DAVID I. BRUCK |
|---|---|---|
| 1010 Second Avenue, Ste. 1800 | DISTRICT OF MASSACHUSETTS | 220 Sydney Lewis Hall |
| San Diego, California 92101 | 51 Sleeper Street, Fifth Floor | Lexington, VA 24450 |
| (619) 308-8484 | Boston, Massachusetts 02210 | (540) 458-8188 |
| | (617) 223-8061 | |

December 23, 2014

Aloke Chakravarty
Steve Mellin
Nadine Pellegrini
William Weinreb
Assistant U.S. Attorneys
United States Courthouse
1 Courthouse Way, Suite 9200
Boston, Massachusetts 02210

      Re:    United States v. Dzhokhar Tsarnaev
              <u>Criminal No. 13-10200- GAO</u>

Dear Counsel:

    We have learned that at least one prospective witness in this case has received an email in which your office writes, in pertinent part, as follows:

> [REDACTED] I work with Assistant U.S. Attorney Aloke Chakravarty. I have been asked by Mr. Chakravarty to obtain the following information from you. The court requires, at the defendant's request, that every witness' residential address be provided to the defense counsel (pursuant to a protective order which prohibits them from sharing outside of the legal defense.) This has happened in this case.
>
> We recognize that this is undesirable. Nevertheless, the law requires the production of this information, so we ask that you provide us with this residential information, which we have to produce to the defense by Monday morning, 12/29.

This message is extremely misleading. The addresses of witnesses are not being provided "at the defendant's request." As you are aware, 18 USC § 3432 requires this information to be furnished to the defense in every capital case, and this statutory obligation arises without any request by the defendant. Indeed, no such "request" has been made in this case. The message therefore falsely implies that your need for the witness's home address is the result of some initiative on the part of defense counsel. It

276

Nadine Pellegrini, Aloke Chakravarty & William Weinreb
December 23, 2014
Page 2

thus appears calculated to arouse concern and resentment against the defense on the part of the witnesses who receive it.

Moreover, as the letter fails to mention, the real reason why the government must furnish the witness's home address is that the government has chosen to seek the death penalty in this case.

This misleading message appears highly likely to accomplish indirectly what the government may not do directly: by inciting personal hostility against the defense team, the message discourages witnesses from cooperating with defense counsel's efforts to investigate the case against their client, and from agreeing to be interviewed by the defense.

We are therefore compelled to request that the government promptly send a correction to every prospective witness who has received the message quoted above, or one similar to it. At a minimum, such a message should make clear

1. that the defendant did *not* request to be provided with the home address of the witness, and neither did defense counsel;

2. that the government's obligation to provide the witness's home address arises automatically by law whenever the government elects to seek the death penalty, as it has done in this case, and

3. that the government should not have characterized its legal obligation to furnish the information as "undesirable."

In addition, please identify each witness to whom your office has sent the message quoted at the beginning of this letter, or one like it.

We would appreciate a response to this request by noon tomorrow, December 24, so that we can determine whether it will be necessary to apply to the court for relief in connection with our 3:00 p.m. filing [see Sealed Order, DE 802].

                Sincerely,

                /s/ *David I. Bruck*

                David I. Bruck
                Judy Clarke
                Miriam Conrad

277

William Fick
Timothy Watkins