FILED
IN CLERKS OFFICE

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS** 6  AM 9 36

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | U.S. DISTRICT COURT |
| | ) | DISTRICT OF MASS. |
| v. | ) | **Crim. No.13-10200-GAO** |
| | ) | |
| **DZHOKHAR A. TSARNAEV,** | ) | **UNDER SEAL** |
| **Defendant** | ) | |

### GOVERNMENT'S REPLY TO DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION FOR ORDER THAT LAW ENFORCEMENT WITNESSES' HOME ADDRESSES NEED NOT BE PROVIDED TO THE DEFENDANT

1.     Tsarnaev effectively concedes that he has no legitimate need for law-enforcement home-address information, let alone one that outweighs the risk to officer safety. He makes no proffer of what he would actually do with the information. Nor does he even suggest how the information would advance the goal of 18 U.S.C. § 3432, which is "to inform the defendant of the testimony which he will have to meet, and to enable him to prepare his defense." Logan v. United States, 144 U.S. 263, 304 (1892). In short, he has offered no evidence concerning whether disclosure of law enforcement home-address information "may jeopardize the life or safety of any person."

2.     There is no realistic basis for Tsarnaev's concern that the government will prejudice law enforcement agents (and, through them, the public) by the method in which it informs them that they must provide their home addresses to Tsarnaev. Law enforcement agents by training and experience are familiar with the basic principles of criminal procedure. They are well aware that everything the government must produce to the defense in a criminal case is a thing the defendant has a legal right to; and they are also well aware that a defendant can assert his rights, sleep on them, or waive them, as he sees fit. Even assuming Tsarnaev could dictate

the exact words used to inform law enforcement officers that he is entitled to know their home addresses, he could not prevent them from concluding that he is asserting a right to that information.

3.      It is silly for Tsarnaev to argue that the government created the need for law enforcement officers to provide him with their home addresses by filing a notice of intent to seek the death penalty.  It might equally be said that Tsarnaev created the need by committing federal capital crimes.  Tsarnaev cannot avoid the simple fact that, if the government's motion is not granted, whether law enforcement agents must provide him with their home addresses is entirely up to him:  he can stand on his right to a list of their home addresses or he can waive it.

4.      Tsarnaev's claim that the government has tried to poison public sentiment against him is pure calumny.  Every one of the government's pleadings in this case has been filed in good faith, for good reasons, and has been based on sound factual and legal grounds.  Unlike Tsarnaev, who need look out for no one's interests but his own, the government is legally obligated to safeguard the victims' rights to privacy and dignity, see 18 U.S.C. § 3771, and the public's interest in open judicial proceedings, see 28 C.F.R. § 50.9.  There are no grounds whatsoever in this case for impugning the government's motives or conduct.

5.      The government's obligation to furnish Tsarnaev with witness home-address information arises from his request for it, and the government misled no one by saying so.  It is well-settled that a defendant may waive his right to a witness list under section 3432 by failing to request one.  See Hickory v. United States, 151 U.S. 303, 307 (1894); United States v. Lee, 374 F.3d 637, 651-52 (8th Cir. 2004); Loux v. United States, 389 F.2d 911, 915 (9th Cir. 1968); Gordon v. United States, 289 F. 552, 554 (D.C. Cir. 1923); United States v. Williams,  2005 WL 664791, at *2 (Mar. 22, 2005).  The government treated Tsarnaev's letter of December 22, 2014,

2

informing it of his belief that "place of abode" means "home address" and that "[t]he statute

requires production of this information at least three business days before jury selection begins,"

as making such a request. Any suggestion that the letter was not tantamount to a request would

elevate form over substance.

Many rights afforded to criminal defendants, although phrased as a mandatory

requirement that a government actor do something, require the defendant affirmatively to assert

the right or else forfeit it. For example, Federal Rule of Criminal Procedure ("FRCP") 18

provides that "the government must prosecute an offense in a district where the offense was

committed," but if the government initiates the prosecution in some other district and the

defendant fails to assert his FRCP 18 right, he waives it. See, e.g., United States v. Black Cloud,

590 F.2d 270, 272 (8th Cir. 1979). Similarly, FRCP 40 states that officers involved in the

execution of a warrant "must" enter on it the exact date and time is was executed, "must" prepare

and verify an inventory, "must" give leave behind a copy and receipt, and "must" promptly

return the warrant; yet unless a defendant affirmatively asserts his entitlement to these things, he

waives them. See, e.g., United States v. Weaks, 388 F.3d 913, 915 (D.C. Cir. 2004).

Over 100 years ago, in Hickory, the Supreme Court made clear that the rights created by

18 U.S.C. § 3432 are no different. Although the statute states that the defendant "must be

furnished" with certain lists, the Court held in Hickory that if the defendant fails to make an

affirmative request for the lists, he waives his right to them. It is thus substantively correct to say

that the reason the government must provide the defense with witnesses' home addresses

pursuant to 18 U.S.C. § 3432 is that the defense has requested them. Absent such a request, the

right would be deemed waived.

6.    Contrary to footnote one of Tsarnaev's response, the government's motion did not

3

implicitly concede that "place of abode" means "street address." The government did not

discuss that issue at all because its motion seeks relief from having to provide any law-

enforcement home-address information, not only street addresses. The better view, as shown

below, is that "place of abode" means city or town of residence, not street address.

In 1795, just five years after Congress enacted the first version of 18 U.S.C. § 3432, the

Supreme Court ruled for the first and only time on the meaning of the phrase "place of abode" in

the statute. See United States v. The Insurgents of Penn., 2 U.S. 335 (1795). It held that merely

specifying county of residence was not enough to satisfy the statute; rather, "the townships in

which the jurors and witnesses respectively reside, should be specified." Id. at 342. Despite the

age of the Insurgents case, and demographic changes in the country since then (such as

population growth), this Court is bound to follow that decision unless and until the Supreme

Court itself overrules it. See State Oil Co. v. Khan, 522 U.S. 3, 20 (1997) ("[It is the Supreme

Court's] prerogative alone to overrule one of its precedents"); Agostini v. Felton, 521 U.S. 203,

237 (1997) (courts of  appeals must leave to "this Court the prerogative of overruling its own

decisions," even if a particular decision "appears to rest on reasons rejected in some other line of

decisions")  (internal quotation marks and citations omitted); Perez v. Greiner, 296 F.3d 123, 125

n.4 (2nd Cir. 2002) ("[Even] where a Supreme Court precedent appears to have been reversed by

implication, lower courts should continue to follow the case that directly controls, and leave to

the Supreme Court the prerogative of overruling its own decisions.") (internal citations,

quotation marks and alterations omitted); Figueroa v. Rivera, 147 F.3d 77, 81 (1st Cir. 1998).

Congress, for its part, has revised and reenacted 18 U.S.C. § 3432 several times in recent

years – including in 1948, 1994 and 2009 -- but it has never altered the phrase "place of abode,"

even as it has enacted numerous other statutes requiring that an "address" be furnished  to

someone. <u>See</u>, <u>e.g.</u>, Fed. R. Crim. P. 12.1(a)(2) ("defendant's notice must state . . . the name,

address, and telephone number of each alibi witness"); Fed. R. Civ. P. 26(a)(1) (parties must

provide "the name and, if known, the address and telephone number of each individual likely to

have discoverable information"); 2 U.S.C. § 441d(a)(3) (political communication "shall clearly

state the name and permanent street address, telephone number, or World Wide Web address of

the person who paid for the communication"); 4 U.S.C. § 124(8) ("place of primary use"

includes "the residential street address or the primary business street address of the customer");

18 U.S.C. § 2343(a)(1) (Attorney General may require cigarette distributors to maintain the

"name, address, destination (including street address)" "of the person receiving such cigarettes");

20 U.S.C. § 1232h(c)(6)(E) (defining "personal information" to include a person's "home or

other physical address (including street name and the name of the city or town)"); 28 U.S.C. §

3203(g)(1)(A)(i)(III) (notice of sale must include "brief description of the property to be sold,

sufficient to identify the property (such as a street address for urban property and the survey

identification and location for rural property)"); 42 U.S.C. § 300aa-25(c)(2) ("the term

'information which may identify an individual' shall be limited to the name, street address, and

telephone number of the person"); 47 U.S.C. § 325(e)(1)(D) (complaints by television broadcast

stations must include "the street address of at least one person in the local market of the station to

whom the alleged retransmission was made").

Having revised and reenacted the statute several times without changing the phrase

"place of abode," Congress is presumed to have incorporated the Supreme Court's interpretation

of that phrase into the statute. <u>See</u> <u>Lindahl v. O.P.M.</u>, 470 U.S. 768, 782 n.15 (1985) ("Congress

is presumed to be aware of an administrative or judicial interpretation of a statute and to adopt

that interpretation when it reenacts a statute without change"). In short, the Supreme Court's

centuries' old interpretation of "place of abode" controls and it will continue to do so unless and until either the Supreme Court overrules itself or Congress amends Section 3432.

Although Tsarnaev claims that "the weight of authority" holds that "place of abode" in section 3432 means "the home address of each witness or juror," the Court will find, on the contrary, that the authority to which he refers is not at all weighty; in fact it is virtually non-existent. None of it, moreover, persuasively explains how it is lawful to ignore the Supreme Court's plain language in <u>Insurgents</u> or the presumption that Congress adopted that interpretation when it repeatedly revised and reenacted the statute without changing the words "place of abode."

Notwithstanding the government's position that "place of abode" means city or town, rather than street address, the government is prepared to honor Tsarnaev's request for the home addresses of its civilian witnesses (which it will provide as "sensitive" materials pursuant to the protective order), and it does not object to his (and the government's) receiving home-address information for potential jurors. The government reserves the right, however, to inform civilian witnesses that their street addresses are being provided to Tsarnaev pursuant to 18 U.S.C. § 3432 at his request.

<div style="margin-left: 40%;">

Respectfully submitted,
CARMEN M. ORTIZ
UNITED STATES ATTORNEY

By:   /s/ William D. Weinreb
WILLIAM D. WEINREB
ALOKE S. CHAKRAVARTY
NADINE PELLEGRINI
STEVEN D. MELLIN
Assistant U.S. Attorneys

</div>

CERTIFICATE OF SERVICE

I hereby certify that this document will be served by electronic mail on Dzhokhar Tsarnaev's attorney, Judy Clarke, Esq., on December 26, 2104.

/s/  William D. Weinreb
WILLIAM D. WEINREB