UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| v. | ) | Crim. No. 13-10200-GAO |
| | ) | |
| DZHOKHAR A. TSARNAEV, | ) | **UNDER SEAL** |
| Defendant | ) | |

### GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OR ARGUMENT REGARDING MITIGATING EVIDENCE IN THE GUILT PHASE

The United States of America, by and through its undersigned counsel, respectfully moves for an order precluding Tsarnaev, during the guilt phase, from referring to mitigating factors in opening statement or closing argument or eliciting evidence about them. Tsarnaev has not yet articulated a theory of the defense or indicated how he will attempt to challenge the overwhelming evidence of his guilt. Accordingly, the government is legitimately concerned that Tsarnaev will seek to use the guilt phase to "pre-litigate" sentencing-phase issues such as his brother's alleged dominance over him or his allegedly dysfunctional home life. Although "information may be presented [at the sentencing phase] as to any matter relevant to the sentence," 18 U.S.C. § 3593(c), mitigation evidence and argument has no place in the guilt phase, where it can serve only to waste time and provoke objections and side bars, not to mention prejudice the government, confuse the issues, and mislead the jury. Accordingly, Tsarnaev should be precluded during the guilt phase from mentioning mitigating factors during opening statement or closing argument, and from eliciting evidence about them, during the guilt phase.

In keeping with the Court's September 25, 2104 Order, Tsarnaev notified the government on December 15, 2014, that he will seek to prove seven mitigating factors during the sentencing phase. They are:

1. The defendant was 19 years old at the time of the crimes charged.
2. The defendant had no substantial history of violence prior to the crimes.
3. But for the influence of his older brother Tamerlan, the defendant would not have committed any of the crimes of which he has been convicted.
4. Tamerlan's influence over the defendant was likely enhanced by the parents' failure or impaired ability to provide Dzhokhar with adequate protection and guidance during his childhood and adolescence.
5. The defendant was particularly vulnerable to Tamerlan's influence and control because of Tamerlan's age, size, dominant personality, and status in the family.
6. The defendant would pose a very low risk for future violent or other serious misconduct if he is imprisoned for life.
7. Under the circumstances of this case, executing the defendant would increase rather than reduce the danger of future terrorist attacks.

Because none of those proposed mitigating factors is a legal defense to any of the charges in the Indictment, Tsarnaev should not be permitted to argue to the jury, present evidence, or ask questions concerning these irrelevant matters during the guilt phase.

1. <u>Evidence of relative culpability is irrelevant during the guilt phase.</u>

Tsarnaev should not be permitted to argue or elicit evidence that he would not have committed the charged crimes but for his older brother's influence, or that this older brother committed more of the overt acts charged in the Indictment, or more serious ones, because the relative culpability of co-conspirators, or the influence one may have had over another, is not relevant during the guilt phase of a conspiracy trial. Worse, admitting such evidence will inevitably confuse and mislead the jury about the only issues they must actually decide -- namely, whether Tsarnaev agreed to commit criminal acts, and actually committed them, with the requisite mens rea. Evidence and arguments about the brothers' relative culpability or respective roles will necessarily suggest to the jury that if Tamerlan Tsarnaev is guilty -- or

"more guilty" -- of the crimes with which the defendant is charged, then the defendant must be "less guilty," or perhaps even not guilty, solely for that reason; otherwise, why would the arguments and evidence be admissible? To ensure the jury is not confused and misled during the guilt phase by argument and evidence that pertains only to the sentencing phase, the Court should exclude such irrelevant evidence in limine.

    2.    **Evidence of Tsarnaev's background and family history is irrelevant during the guilt phase.**

Just as the brothers' relative culpability is irrelevant during the guilt phase, so are circumstances of his childhood and family history, and of Tamerlan's physique and personality, that purportedly made the defendant particularly vulnerable to Tamerlan's influence. Indeed, all evidence of Tsarnaev's childhood and family history should be excluded from the guilt phase; it has no bearing on the defendant's guilt or innocence and therefore is certain to create unnecessary delay, unfair prejudice, and confuse and mislead the jury.

    3.    **Evidence of Tsarnaev's age and non-violent history are irrelevant during the guilt phase.**

Finally, argument and evidence about Tsarnaev's age and non-violent history should be excluded during the guilt phase as irrelevant and more prejudicial than probative. Those factors plainly have no bearing on guilt or innocence. Argument and evidence about them during the guilt phase will do nothing but invite the jury to decide the case based on sympathy or favor, which juries are instructed not to do.

WHEREFORE, the government respectfully requests that the Court preclude Tsarnaev from presenting evidence or argument during the guilt phase about mitigating factors.

                Respectfully submitted,

                CARMEN M. ORTIZ
                United States Attorney

By:    /s/ Steven D. Mellin
        WILLIAM D. WEINREB
        ALOKE S. CHAKRAVARTY
        NADINE PELLEGRINI
        Assistant U.S. Attorneys
        STEVEN D. MELLIN
        Trial Attorney
        Department of Justice

## CERTIFICATE OF SERVICE

I hereby certify that this document will be served by electronic mail on Dzhokhar Tsarnaev's attorney, Judy Clarke, Esq., on December 29, 2014.

                */s/ Steven D. Mellin*
                STEVEN D. MELLIN