UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Crim. No.13-10200-GAO |
| ) | |
| DZHOKHAR A. TSARNAEV, ) | |
| Defendant ) | |

## GOVERNMENT'S MOTION IN LIMINE TO
## PRELCUDE REFERENCE TO PLEA NEGOTIATIONS

The United States of America, by and through its undersigned counsel, respectfully moves for an order precluding Tsarnaev during both the liability and penalty phases of trial from making any reference to his efforts to negotiate a plea agreement.

At various points in this litigation, Tsarnaev has offered to plead guilty to all charges in the Indictment and serve a sentence of life imprisonment in exchange for a government agreement to withdraw its notice to seek the death penalty. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ The government has consistently rejected Tsarnaev's conditional offers.

Any mention of Tsarnaev's failed efforts to plea bargain should be excluded from the liability phase as irrelevant and substantially more prejudicial than probative. See Fed. R. Crim. P. 401, 403. The reasons are sufficiently self-evident to obviate the need for case citations.

Mention of Tsarnaev's failed efforts to plea bargain likewise should be excluded from the penalty phase. The majority view is that conditional plea offers are not evidence of remorse or acceptance of responsibility (or any other mitigating factor) and are therefore irrelevant. In United States v. Caro, 597 F.3d 608 (4th Cir. 2010), for example, the defendant, "[h]oping to rebut the alleged non-statutory factor of lack of remorse . . . sought to present at sentencing a

957

letter he had written to the government offering to plead guilty" in exchange for a life sentence. Id. at 634. The district court excluded the letter, and the Fourth Circuit affirmed. It reasoned, "[b]ecause Caro's letter was calculated to persuade the government not to seek the death penalty, rather than expressing unqualified remorse, we cannot agree with Caro's argument that the letter shows acceptance of responsibility. Therefore, we cannot say that the district court abused its discretion or violated due process by excluding it as irrelevant." Id. at 635. Similarly, in Wright v. Bell, 619 F.3d 586 (6th Cir. 2010), a habeas case, the Sixth Circuit held that the Tennessee Supreme Court reasonably interpreted federal law when it held that evidence of a defendant's offer to plead guilty in exchange for a life sentence was "irrelevant and inadmissible because the evidence did not constitute evidence of a mitigating circumstance." Id. at 599. See also Hitchcock v. Secretary, Florida Dept. of Corrections, 745 F.3d 476, 483 (11th Cir. 2014) ("Evidence of a rejected plea offer for a lesser sentence, like evidence of innocence or evidence of the geographical location of the crime, is not a mitigating circumstance because it sheds no light on a defendant's character, background, or the circumstances of his crime."); Owens v. Guida, 549 F.3d 399, 421-22 (6th Cir. 2008) ("Numerous . . . state supreme courts have also concluded that failed plea negotiations are not admissible at capital sentencing hearings.") (collecting cases).

The proceedings in United States v. Fell, 531 F.3d 197 (2nd Cir. 2008), highlight a second reason to exclude plea negotiation evidence: its admission inevitably risks confusing the issues and misleading the jury. In Fell, after the government proposed, then withdrew, a draft plea offer, "the district court excluded the draft plea agreement -- and statements made during plea negotiations -- as irrelevant . . . [but permitted the defendant] to introduce during the penalty phase a stipulation that he had offered to plead guilty to Count 2 in exchange for a sentence of

2

958

life imprisonment without parole." Id. at 217-18. The Second Circuit did not rule on the whether the stipulation was relevant in the first place because that issue was not raised on appeal. It did, however, affirm the district court's exclusion of the draft plea agreement and statements made during plea negotiations because their admission would have "authorize[d] a confusing and unproductive inquiry into incomplete plea negotiations." Id. at 219-20. It also held that, because the defense used the stipulation to argue that the defendant had accepted responsibility, the district court did not plainly err by allowing the government to argue in closing:

> [D]efense counsel ... told you in his opening statement that Donald Fell accepted responsibility for what he did. But that's not entirely true because as the judge told you on the first day of trial Donald Fell has pleaded not guilty. And because he pleaded not guilty a jury must find whether or not the Government can introduce evidence beyond a reasonable doubt to overcome the presumption of innocence that the law provides to Donald Fell. * * * *
>
> [D]efense counsel also said that Fell accepts responsibility for what he did. But he pleaded not guilty. And that's why we're here. And that's why you are here. And let's think a little bit about that. Think about the very nature of the crimes that he's charged with. They are all about evasion, about escape, about trying to avoid responsibility for what he did. * * * *
>
> Ladies and gentlemen, the judge instructed you. You know the law. Life imprisonment without the possibility of release is the minimum sentence that Donald Fell faces for kidnapping with death resulting. It's the minimum sentence. When he offered to make that plea, he knew the evidence against him was overwhelming. He knew there was no doubt he was going to be convicted, so he asked for the minimum sentence. We rejected that, ladies and gentlemen. We wanted a jury to decide the appropriate sentence in this case. And, ladies and gentlemen, let's take a look at the last part of this: He's maintained that offer to this day.
>
> Ladies and gentlemen, we had to try and convict him. If he wanted to plead guilty, he could have pled guilty. We had a guilt phase in this case, ladies and gentlemen. We put on our case. We met our burden. We proved it. And now we are here to decide what is the just sentence. The minimum sentence? Or death sentence.

Id. at 218, 220 n.13. Accord Johnson v. United States, 860 F.Supp.2d 663, 903 (N.D. Iowa. 2012) (holding that defendant's offer to plead guilty "would have been relevant to a mitigating

3

factor based on acceptance of responsibility," but also holding that prosecutor could then have argued that defendant "only offered to plead guilty in exchange for a life sentence when faced with overwhelming evidence of her guilt and that, when the prosecution did not accept her offer, she could have pleaded unconditionally, but she did not").

If the Court allows Tsarnaev to mention his offer to plead guilty, the government, as in Fell, will need to explain to the jury why that offer should not be regarded as evidence of remorse or acceptance of responsibility. Likewise, if the Court allows Tsarnaev to mention statements he made in the course of plea negotiations, the government will need to explain why those statements should not be regarded as evidence of acceptance of responsibility or remorse.

[text redacted] The inevitable result will be to confuse the issues and mislead the jury with a complicated and extended inquiry into the nature and dynamics of plea bargaining.

## CONCLUSION

WHEREFORE, the government respectfully requests that the Court exclude from both the liability and penalty phases any mention of the parties' failed plea negotiations or statements

4

960

made in connection with those negotiations.

                                          Respectfully submitted,

                                          CARMEN M. ORTIZ
                                          United States Attorney

                    By:    /s/ William D. Weinreb
                          WILLIAM D. WEINREB
                          ALOKE S. CHAKRAVARTY
                          NADINE PELLEGRINI
                          Assistant U.S. Attorneys

## CERTIFICATE OF SERVICE

    I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non-registered participants on this date.

                                          */s/ William D. Weinreb*
                                          WILLIAM D. WEINREB