UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**SEALED**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 13-10200-GAO |
| | ) | |
| DZHOKHAR TSARNAEV | ) | |

**SEALED MOTION TO LIMIT**
**<u>DEFENSE PENALTY PHASE FOREIGN WITNESS DISCLOSURE</u>**

Defendant, Dzhokhar Tsarnaev, by and through counsel, respectfully requests:

1) that the defense not be required to reveal foreign penalty phase witness identities to the prosecution team until the later of:   a) the departure of the flight bringing the witness to the United States; or b) seven days before the anticipated conclusion of the government's penalty phase case.  Alternatively, the Court should enter an order barring the government from revealing the identities of such witnesses to their home country governments or attempting to interview the witnesses before their arrival in the United States.

2) that an ICE agent firewalled from the prosecution team be designated to interact with the defense to assist in securing the attendance by administrative parole of any witnesses who may be unable to obtain ordinary U.S. entry visas.

As grounds for this motion, the defendant states:

1

1) In the penalty phase of this case, the defense expects to call witnesses, including members of Mr. Tsarnaev's extended family and others who knew the family, who are foreign nationals and who reside in foreign countries.

2) The measures requested in this motion are necessary to ensure that foreign witnesses remain safe in their home countries, do not face intimidation that deters their attendance at trial, and are not blocked by their home governments from travel to the United States.

3) Analogous measures were ordered by Judge McAuliffe in New Hampshire with regard to witnesses from Rwanda in *United States v. Munyenyezi*, No. 10-CR-0085-SM (D. N.H.). *See* Sealed Exhibit A (attached docket entries and order from *Munyenyezi*).[1] Defense disclosure in that case was pegged to the later of a) departure from Rwanda; or b) seven days before trial (since the entire trial was only expected to last a couple of weeks).

4) Prospective jurors are extremely unlikely to know any of the foreign witnesses in this case, and for purposes of jury selection, a generic question could be posed as to whether jurors know anyone who hails from each of the relevant foreign countries where the witnesses reside. Alternatively, in an abundance of caution, a sealed list of foreign witnesses could be provided to the Court for prospective jurors' eyes only.

---

[1] In *Munyenyezi*, the government agreed to designate a firewalled ICE agent to coordinate administrative parole and any security or health concerns that arose in connection with defense witnesses from Rwanda. Here, the government has declined to replicate that model and has demanded that the defense seek any necessary assistance with foreign witness parole through the principal FBI case agent.

5)  In order to travel to the United States to testify at trial, foreign witnesses will have to apply for and obtain a foreign travel passport from their home countries (if, as with many witnesses in this case, they do not already have one). Such witnesses also will have to apply for and obtain a U.S. visitor's visa for entry into the United States. For witnesses who are unable to obtain a U.S. visa for whatever reason, it may be necessary to seek administrative parole of the witness, a process controlled by U.S. Immigration and Customs Enforcement.

6)  Many of the prospective foreign witnesses are not very sophisticated and lack international travel experience. They have expressed reluctance to be associated publicly with the defense in this case at home and have expressed fear for their personal safety based on a widespread perception of anti-Muslim sentiment in the United States. In short, their willingness to travel to the United States to testify is fragile.

7)  Visits from state security agents (Russian FSB or equivalent in other countries), whether or not accompanied by U.S. FBI agents, to question the witnesses about their relationship with the defense and substance of their prospective testimony, would have a predictable chilling effect on the witnesses' willingness to travel around the world to testify.

8)  In former Soviet states, mere familial ties with individuals deemed associated with "terrorists" can put individuals at risk. Recently, for example, local authorities in the Republic of Chechnya, Russia, have demolished and/or burned the homes of extended family members of terrorism suspects. *See, e.g.,* Radio Free

Europe/Radio Liberty, *Homes of Alleged Militants' Families Torched in Chechnya* (Dec. 10, 2014), *available at* < http://www.rferl.org/content/article/26734918.html>. Home country authorities may also interfere with passport issuance or foreign travel authorization if attendance at the Tsarnaev trial is deemed politically inexpedient.

  9) Any unusual U.S. security concerns with respect to any particular witness could be handled by a firewalled ICE agent.

  10) The government would have ample time to investigate the defense witnesses after they are disclosed and arrive in the United States. Any witnesses admitted under administrative parole likely would be under ICE supervision at a local hotel once in the United States. Accordingly, the government will not be prejudiced by any delay in disclosing the identities of foreign defense witnesses until they are en route to the United States.

  For the foregoing reasons, the Court should grant the requested relief.

              Respectfully submitted,

              DZHOKHAR TSARNAEV
              by his attorneys

              /s/ Judy Clarke

              Judy Clarke, Esq. (CA Bar # 76071)
              CLARKE & RICE, APC
              1010 Second Avenue, Suite 1800
              San Diego, CA 92101
              (619) 308-8484
              JUDYCLARKE@JCSRLAW.NET

              David I. Bruck, Esq.
              220 Sydney Lewis Hall
              Lexington, VA 24450

(540) 460-8188
BRUCKD@WLU.EDU

Miriam Conrad, Esq. (BBO # 550223)
Timothy Watkins, Esq. (BBO # 567992)
William Fick, Esq. (BBO # 650562)
FEDERAL PUBLIC DEFENDER OFFICE
51 Sleeper Street, 5th Floor
(617) 223-8061
MIRIAM_CONRAD@FD.ORG
TIMOTHY_WATKINS@FD.ORG
WILLIAM_FICK@FD.ORG

## Certificate of Service

I hereby certify that I have caused a copy of this document to be served upon counsel for the United States by e-mail PDF this 29th day of December, 2014.

/s/