# EXHIBIT C

# FBI Laboratory
# Practices for the Examination of Evidence

## 1 Purpose

To establish the practices for documenting the examination of evidence to conform to the requirements of the FBI Laboratory Quality Assurance Manual and the American Society of Crime Laboratory Directors/Laboratory Accreditation Board-*International*® (ASCLD/LAB-*International*) accreditation program.

## 2 Scope

These practices apply to FBI Laboratory examiners and technicians who are involved in the examination of evidence.

## 3 Responsibilities

**3.1**       An Examiner will:

- Contact the contributor telephonically or by email upon receipt and check-in of evidence and prior to beginning any examinations on the evidence after receipt of the evidence and accompanying paperwork in the unit, as appropriate.
- Ensure that the appropriate examinations are conducted.
- When necessary, communicate with other examiners to determine if additional examinations need to be performed.
- When applicable, notify the contributor that probative examinations not specifically requested may be appropriate to conduct.
- Notify the Request Coordinator (RC) when additional examinations not listed on the *Examination Plan* (7-262) are identified and need to be added.
- Ensure that the work product is accurate and inclusive of all pertinent information to support a conclusion.
- Document agreement with all examination-related data generated by a technician.
- Ensure that the supporting records are accounted for in their totality and properly labeled.
- Initial (or secure electronic equivalent of initials or signature) his/her entries on examination records.
- Ensure that the integrity of the evidence is maintained for each requested examination.
- Communicate with the RC.

**This is an uncontrolled copy of a controlled document.**

FBI Laboratory Operations Manual
Examination of Evidence
Issue Date: 03/13/13
Revision: 6
Page 2 of 13

**3.2**      A Technician will:

- Contact the contributor telephonically or by email upon receipt and check-in of evidence and prior to beginning any examinations on the evidence after receipt of the evidence and accompanying paperwork in the unit, as appropriate.
- Ensure that his/her work product is accurate and inclusive of all pertinent information.
- Initial (or secure electronic equivalent of initials or signature) his/her entries on examination records.
- Ensure that the integrity of the evidence is maintained for each requested examination.

**3.3**      The Request Coordinator (RC) will:

- Maintain the *Examination Plan* (7-262).
- Provide copies of any revised 7-262 to all affected examiners.
- When applicable, notify the contributor that probative examinations not specifically requested may be appropriate to conduct.
- Prepare a *Report of Examination* (7-1) when a request for examination has been canceled and no examinations have been initiated.

## 4 Practices

### 4.1 Examination Process

**4.1.1**      Within 10 business days of receipt of the evidence and accompanying paperwork in the unit, a person from the unit, such as an examiner or technician, will telephone or email the contributor upon receipt and check-in of the evidence within his/her unit.   This communication will be recorded on the *Activity and Communication Log* (7-245). Also, a person from the unit, such as the examiner assigned the case or a technician, will telephone or email the contributor prior to beginning any examinations on the evidence after receipt of the evidence and accompanying paperwork in the unit.  If examinations begin within 60 days of the initial contact, no further contact is required before commencing examinations. This communication will be recorded on the *Activity and Communication Log* (7-245).

**4.1.1.1**      The purpose of the contact(s) will be to discuss case investigative needs; time constraints, such as trial dates; provide clarification on what is forensically feasible and probative; whether additional evidence, such as known samples or reference samples, is required; prioritization of the items to be analyzed; a reasonable estimate of the completion date for the examinations by that particular examiner; and whether the examination(s) is still needed.

**This is an uncontrolled copy of a controlled document.**

FBI Laboratory Operations Manual
Examination of Evidence
Issue Date: 03/13/13
Revision: 6
Page 3 of 13

### 4.1.2 Examination Plan

**4.1.2.1**     The RC will contact each appropriate Unit Chief or designee for examiner assignment(s), where appropriate when preparing the *Examination Plan* (7-262) (See LOM - Practices for Case Assignment). If an examiner assignment is not made at that time by the caseworking unit, the examiner or someone from his/her unit will notify the RC when the examiner assignment is made.

**4.1.2.2**     If an examiner identifies an additional examination(s) not included in the *Examination Plan* (7-262) that may be probative, the examiner will contact the affected unit(s) to determine if there is value in conducting the examination(s). If so, the RC will be notified and the examiner or the RC will contact the contributor to determine if he/she would like this examination(s) conducted. If the contributor agrees to the additional examination(s), the information will be recorded on the *Activity and Communication Log* (7-245), the affected examiner(s) will be notified, and the addition will be made to the *Examination Plan* (7-262). If the additional examination(s) is not wanted by the contributor, the information will be recorded on the *Activity and Communication Log* (7-245).

**4.1.3**     Any methods or procedures applied to the examination of evidence will be validated according to the LOM - Practices for Validating Technical Procedures.

**4.1.4**     FBI Laboratory practices and unit policies and procedures will be followed to preserve the integrity of the evidence. Units are responsible for maintaining effective separation between incompatible activities to prevent cross-contamination.

**4.1.5**     Upon completion of the examinations, results will be communicated in a *Report of Examination* (7-1) according to LOM - Practices for Formatting and Content of a Report.

**4.1.6**     If an examiner is instructed to discontinue examinations after they have been initiated, the affected examiner will determine the appropriate stopping point in the testing process. In all instances where the examination has been initiated, the examination process will continue to completion if the testing results to date indicate information that may be favorable to the suspect; for example, if there is an inability to include or the ability to exclude the suspect. All results will be furnished to the contributor in a *Report of Examination* (7-1) prepared by the examiner.

**4.1.6.1**     If examinations have not commenced on additional items that were submitted prior to the cancellation request, the additional items of evidence will not be examined. All results will be furnished to the contributor in a *Report of Examination* (7-1) prepared by the examiner.

**4.1.7**     If a request for examination has been canceled and no examinations have been initiated, a *Report of Examination* (7-1) will be written by the RC indicating that the request for examination has been canceled and that the evidence will be returned to the appropriate party. At a minimum, the 7-1 will include the individual's name who canceled the request and the corresponding date.

**This is an uncontrolled copy of a controlled document.**

FBI Laboratory Operations Manual
Examination of Evidence
Issue Date: 03/13/13
Revision: 6
Page 4 of 13

**4.1.8**      All cancellation instructions and the name of the person who canceled the request will be recorded on the *Activity and Communication Log* (7-245).

### 4.1.9  Individual Characteristic Database (ICD) Searches

**4.1.9.1**      If a forensic sample (i.e., latent print, test fire or DNA profile) is searched as a one-time event, then an FBI Laboratory *Report of Examination* (7-1) must be generated clearly stating the results of the ICD search. A "one-time" event means that the sample will not be retained in the database and automatically searched against the database on some routine basis.

**4.1.9.2**      If a forensic sample is, or will be, entered into a database(s) and is repeatedly searched with negative results, an FBI Laboratory *Report of Examination* (7-1) is not required for each search. However, the first time the sample is entered into the database, written notification (e.g., email, letter of notification, FBI Laboratory *Report of Examination* (7-1)) must be generated which clearly informs the contributor that the sample was, or will be, entered into the database. Any time a positive association is made, written notification (e.g., email, letter of notification, FBI Laboratory *Report of Examination* (7-1)), must be generated. A record of the notification will be maintained.

### 4.2  Identifying Subdivided and Secondary Evidence

### 4.2.1  Subdividing Evidence

There may be times during the examination process that an item of evidence needs to be subdivided. Subdividing an item occurs when an item not initially noted during the inventory process needs to be uniquely identified. An examiner and/or technician may subdivide an item as necessary.

**4.2.1.1**      When an item that needs to be subdivided is identified, the format used to uniquely identify that item is to assign the item identifier from which the subdivided item came, followed by a decimal point and a new sequential number.

| | |
|---|---|
| Q1 | Jeans |
| Q1.1 | Note removed from Q1 front pocket |

**Figure 1:** Example of identifying a subdivided item of evidence

**4.2.1.1.1**      When an item that needs to be subdivided is identified on an item that has been resubmitted, the item will be tracked under the FBI Laboratory number of the current submission.

| | |
|---|---|
| Q1.1 | Note removed from Q1 front pocket |
| ITEM(S) RESUBMITTED FROM [FBI Laboratory Number or Case ID, FBI Laboratory Number] | |
| Q1 | Jeans |

**This is an uncontrolled copy of a controlled document.**

FBI Laboratory Operations Manual
Examination of Evidence
Issue Date: 03/13/13
Revision: 6
Page 5 of 13

**Figure 2:** Example of identifying a subdivided item of evidence from a resubmitted item

**4.2.1.2** If an examiner and/or technician needs to identify different components of one item and subdividing is not appropriate, the examiner and/or technician may identify those components as necessary.

| Identifying the pages of a Q1 notebook as page 1, page 2, page 3, and so on. |
|---|

**Figure 3**: Example of identifying components of an item of evidence

## 4.2.2 Secondary Evidence

Secondary evidence is a material derived from an examination process on an item of evidence. It is not an individual item submitted by a contributor and could not have been assigned an item identifier through the inventory process.

**4.2.2.1** Each unit quality manual will contain unit-specific means of identifying secondary evidence. Additionally, each unit will have a secondary evidence log. Secondary evidence will be returned to the RC, unless it is consumed during the examination, destroyed according to existing regulations, or meets the criteria for retention by the FBI Laboratory.

**4.2.2.2** When secondary evidence, for example, pill boxes, slides, processed DNA, is added to the listing of what is being transferred, it will be added to the "Item(s)" block. A secondary evidence log is required for this transfer.

**4.2.2.3** When returning secondary evidence to the contributor, a detailed list of what is being returned will be recorded on a secondary evidence log. The *Chain-of-Custody Log* (7-243 or 7-243a) (See LOM - Practices for Transferring Evidence) will include a general notation of what is being returned and will reference the appropriate secondary evidence log.

## 4.3 Initialing and Labeling Evidence

This section does not apply to electronic evidence (e.g., email attachments), including evidence uploaded to Sentinel by FBI contributors and retrieved by Laboratory personnel for examination. If electronic evidence is printed, it will be considered an examination record(s).

**4.3.1** Each item, where practicable, will be labeled with the:
- Item identifier.
- FBI Laboratory number or a derivative thereof. If a derivative is used, the primary container will bear the full FBI Laboratory number.

**4.3.2** Persons directly examining and/or processing an item of evidence will place their initials directly on the evidence, where practicable, or its proximal container. It is not necessary for persons whose roles are limited to drawing conclusions based on data derived from examination procedures to initial the item(s) of evidence from which the data was derived.

**This is an uncontrolled copy of a controlled document.**

FBI Laboratory Operations Manual
Examination of Evidence
Issue Date: 03/13/13
Revision: 6
Page 6 of 13

**4.3.3** When initialing or labeling, care should be taken not to mark the item of evidence in such a manner as to affect another examination. Therefore, if the item does not lend itself to marking, the proximal evidence container or identifying tag will be labeled with the item identifier and the FBI Laboratory number.

**4.3.4** Individuals who perform administrative processes on evidence for documentary purposes such as photographing or photocopying, do not need to initial the evidence or its proximal container.

## 4.4 Case File Records

**4.4.1** All case-related work will be documented and retained in the FBI Laboratory file.

**4.4.2** In the event a request for examination is canceled, all case-related records completed up to that point will be retained in the FBI Laboratory file.

**4.4.3** FBI Laboratory employees who generate case records will complete the following tasks.

**4.4.3.1** Retain the *Laboratory Work Sheet* (7-2) as an administrative record in the FBI Laboratory file. The 7-2 cannot be an examination record.

**4.4.3.2** Prepare handwritten administrative and examination records in ink, not pencil. Pencil is only appropriate for making diagrams, tracings or when environmental conditions dictate. Computer generated notes are acceptable.

**4.4.3.3** Generate examination records that are understandable to another qualified examiner in that discipline/category of testing. Case notes will include observations, data, and calculations, where appropriate. These notes will be recorded contemporaneously with, and will be identifiable to, the specific examination performed.

**4.4.3.4** Abbreviations and notations are acceptable if they are readily comprehensible to a technical or administrative reviewer and clearly documented. A list of unit-specific abbreviations will be maintained in each unit's quality manual.

**4.4.3.5** The FBI Laboratory number, the date of examinations, and the examiner's handwritten initials (or secure electronic equivalent of initials or signature) will be on each page of the examination records. Examination records reflect, at a minimum, the starting and ending date(s) of the examinations. An examiner's initials will acknowledge his/her agreement with the content of the examination records.

**4.4.3.6** When examination records are prepared by a technician, the technician's handwritten initials (or secure electronic equivalent of initials or signature) will be on each page of the records representing his/her work.

**This is an uncontrolled copy of a controlled document.**

FBI Laboratory Operations Manual
Examination of Evidence
Issue Date: 03/13/13
Revision: 6
Page 7 of 13

**4.4.3.7**    The FBI Laboratory number will be on each page of administrative records.

**4.4.3.8**    The FBI Laboratory number for each case for which data was generated shall be appropriately recorded on the printout when data from multiple cases is recorded on a single printout.

**4.4.3.9**    When information is recorded on the front and back of an examination record, each side will be identified as an individual page and initialed (or secure electronic equivalent of initials or signature) and labeled with the FBI Laboratory number.

**4.4.3.10**    Corrections to hard copy and/or handwritten administrative and examination records will be made by an initialed single strikeout, when necessary. Nothing in the hard copy and/or handwritten material may be obliterated or erased. Additions made to case records will be initialed by the person making the addition.

**4.4.3.11**    Attachments that have been affixed to an administrative or examination record will be labeled with the FBI Laboratory number.

**4.4.3.12**    Administrative and examination records, together or separately, will be accounted for in their totality and that totality documented. Each unit quality manual will contain a unit-specific method(s) to account for and document the total number of administrative and examination pages.

**4.4.4**    When standards and controls are specified in a procedure, the examination records will reflect the unique identifier, for example, the lot number or the batch number of the standard or control used.

**4.4.5**    Each unit quality manual will contain a unit-specific list of that which is considered administrative records and examination records.

**4.4.6**    Administrative and examination records will be filed according to the LOM - Practices for Retaining Case-Related Records.

### 4.5 Evidence Storage

This section does not apply to electronic evidence (e.g., email attachments), including evidence uploaded to Sentinel by FBI contributors and retrieved by Laboratory personnel for examination. If electronic evidence is printed, it will be considered an examination record(s).

It is the responsibility of the person who has custody of the evidence to ensure that:
- The integrity of each item is maintained by protecting it from loss, cross-transfer, contamination, or deleterious change.
- When evidentiary items have to be stored under specified environmental conditions, these conditions will be maintained, monitored and recorded.

**This is an uncontrolled copy of a controlled document.**

FBI Laboratory Operations Manual
Examination of Evidence
Issue Date: 03/13/13
Revision: 6
Page 8 of 13

- When the examination does not begin immediately, the evidence will be placed under proper seal and stored appropriately until the examination begins.

### 4.5.1 Applying a Proper Seal

A proper seal prevents loss, cross-transfer, or contamination while ensuring that attempted entry into the container is detectable. A proper seal may include a heat seal, tape seal, or a lock, with the initials of the person creating the seal being placed on the seal or across the seal onto the container, when possible.

**4.5.1.1** Evidence under examination may be stored in an individually assigned evidence locker without a proper seal if the access to the locker is controlled and limited to the examiner and his/her technician, excluding access using the backup key controlled by the Unit Chief.

**4.5.1.2** Evidence placed in an evidence storage room (ESR) will be properly sealed each time it is stored, unless it is within an individual locker.

**4.5.1.3** If more than one piece of tape is used to create a proper seal, each piece used will be initialed. For heat seals, the person creating the seal will initial over the seal.

**4.5.1.4** If the container houses paper evidence and the container is not rigid, the examiner's or technician's initials will be placed on the tape prior to the tape being placed on the container. This will protect the evidence from extraneous indentations.

### 4.5.2 During an Active Examination

An examiner and/or technician who is in the process of conducting an examination and has to leave the evidence unattended will only do so in a secured, limited access area and will clearly identify items of evidence to distinguish them from non-evidentiary items, training materials, or supplies. This may be accomplished by placing an "Evidence Do Not Disturb" sign (or similar) on top or in front of the evidence.

### 4.5.3 Not Under Active Examination

Evidence that is not being examined will be stored in a secured, limited access area. An examiner and/or technician who is storing evidence will complete the following tasks.

**4.5.3.1** Properly seal evidence in a container and label the container with at least the FBI Laboratory number prior to storage.

**4.5.3.2** Store bulky or a large item of evidence that does not lend itself to sealing and does not fit in a storage locker in a secured, limited access area when not under active examination. Place an "Evidence Do Not Disturb" sign (or similar) on top or in front of the evidence.

**This is an uncontrolled copy of a controlled document.**

**4.5.3.3** Store drug or valuable evidence according to the LOM - Practices for Handling Drug and Valuable Evidence.

## 5 Records

The following records will be generated and/or retained in the FBI Laboratory file as a result of these practices:

- Examination records.
- Administrative records.

## 6 References

ASCLD/LAB-*International* Supplemental Requirements for the Accreditation of Forensic Science Testing Laboratories, American Society of Crime Laboratory Directors/Laboratory Accreditation Board, Garner, NC, 2011.

FBI Laboratory Quality Assurance Manual, Federal Bureau of Investigation, Laboratory Division, latest revision.

FBI Laboratory Safety Manual, Federal Bureau of Investigation, Laboratory Division, November latest revision.

ISO/IEC 17025 - General Requirements for the Competence of Testing and Calibration Laboratories, International Organization for Standardization, Geneva, Switzerland, 2005.

**This is an uncontrolled copy of a controlled document.**

| Rev. # | Issue Date | History |
|---|---|---|
| 3 | 02/07/11 | Updated document to records, where appropriate. Updated responsibilities for consistency. Changed requirement in section 4.1.1 to allow emails as an acceptable means of contact, to allow someone from the unit instead of only examiner to contact contributor when evidence received in unit and clarified when examiner will contact contributor in section. Clarified reasons for contact in section 4.1.1.1. Deleted section 4.1.1.2 regarding reasonable attempts. Added heading to section 4.1.2 and added section 4.1.2.1 regarding examiner assignment. Former section 4.1.2 moved to new section 4.1.2.2 and updated regarding additional examinations. Eliminated during the examination process in section 4.2.1.1 as it was redundant. In section 4.4.3.5 clarified date requirements. Updated references. |
| 4 | 12/07/11 | Added bullet to sections 3.1 and 3.3 regarding notifying the contributor of additional examinations not requested. Updated title of section 4.9.1, removed option for telephoning contributor for negative one time searches in section 4.1.9.1, and in section 4.1.9.2 added options for the format of a written notification and clarified that the notification must be maintained. Added section 4.2.1.1.1 and Figure 2 to provide guidance on how to describe and track subdivided evidence from a resubmitted item.  Renumbered Figure 2 to Figure 3. Updated how secondary evidence is defined in section 4.2.2 to be consistent with LOM - Definitions. Updated section 4.3.3 for consistency with QAM. Clarified section 4.4.3.5 to reflect examination date(s) have to be in examination records, but not on each page of the records. Added new section 4.5.3.2 and renumbered to provide direction on how to store a bulky or large item of evidence that does not lend itself to sealing and does not fit in a storage locker. |
| 5 | 09/10/12 | Added or secure electronic equivalent of initials or signature to sections 3.1, 3.2, and 4.4.3.9. Clarified contributor contact in sections 3.1, 3.2, and 4.1.1. Added category of testing to section 4.4.3.3. Added link to LOM – Case Assignment in reference to 7-262 in section 4.1.2.1 and added link to LOM – Transferring Evidence in reference to 7-243 in section 4.2.2.3. Deleted MAOP from section 6. Added Appendix A – Fillable 7-245 and Printable 7-245. |
| 6 | 03/13/13 | Added information about electronic evidence and evidence retrieved from Sentinel to sections 4.3 and 4.5. Updated references in section 6. |

**This is an uncontrolled copy of a controlled document.**

FBI Laboratory Operations Manual
Examination of Evidence
Issue Date: 03/13/13
Revision: 6
Page 11 of 13

**Approval**

Laboratory Director

D. Christian Hassell

Date:   03/09/2013

**Approval/Issuance**

Quality Manager

Catherine E. Theisen

Date:   03/09/2013

**This is an uncontrolled copy of a controlled document.**

FBI Laboratory Operations Manual
Examination of Evidence
Issue Date: 03/13/13
Revision: 6
Page 12 of 13

**Appendix A:  *FBI Laboratory Activity and Communication Log (7-245) Fillable***

7-245 (Rev. 09-10-12)

| Add Entry Block to Form | **FBI Laboratory**<br>**Activity and Communication Log** | Print Blank Form to Complete by Hand |
|---|---|---|

Laboratory No.: ░░░░░░░░░░░░   Case ID No.: ░░░░░░░░░░░░

**Activity/Communication and Outcome**

Delete Entry   Date: ░░░░░░

By: ░░░░░░

Page___of___

**This is an uncontrolled copy of a controlled document.**

FBI Laboratory Operations Manual
Examination of Evidence
Issue Date: 03/13/13
Revision: 6
Page 13 of 13

**Appendix A:** *FBI Laboratory Activity and Communication Log (7-245) Printable*

---

7-245 (Rev. 09-10-12)

## FBI Laboratory
## Activity and Communication Log

Laboratory No.:                                        Case ID No.:

### Activity/Communication and Outcome

Date: _____
By: _____

Date: _____
By: _____

Date: _____
By: _____

Date: _____
By: _____

Date: _____
By: _____

Date: _____
By: _____

Page ___ of ___

---

**This is an uncontrolled copy of a controlled document.**