UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Crim. No.13-10200-GAO |
| ) | |
| DZHOKHAR A. TSARNAEV, ) | |
| Defendant ) | |

## GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE ANY REFERENCE TO WALTHAM TRIPLE HOMICIDE OR OTHER ALLEGED BAD ACTS OF TAMLERAN TSARNAEV

The United States of America, by and through its undersigned counsel, respectfully moves for an order in limine precluding Tsarnaev during both the liability and penalty phases of trial from making any reference to a triple homicide that occurred in Waltham, Massachusetts on September 11, 2011, or any other alleged bad acts of Tamerlan Tsarnaev. As grounds for this motion, the government states the following.

### BAGROUND

On September 11, 2011, three men were murdered in an apartment in Waltham, Massachusetts. The men were bound, their throats were cut, and at least one of them had marijuana sprinkled over his body. All three men were known to be drug dealers; one of them, Brendan Mess, was a close friend of Tamerlan Tsarnaev's. The Middlesex District Attorney's Office ("Middlesex") investigated the crime immediately after it occurred, but made no arrests.

After Tamerlan Tsarnaev was identified as one of the Marathon bombers, FBI agents began to interview his former friends and associates. Massachusetts State Police ("MSP") officers assigned to the Middlesex CPAC Unit were invited to attend some of those interviews. One individual interviewed by both FBI and Middlesex was Ibragim Todashev. After several

interviews, Todashev told police that he and Tsarnaev had both participated in the Waltham triple homicide. Todashev then attacked one of the MSP officers, and an FBI agent fatally shot him.

Middlesex has informed the government that its investigation of the Waltham triple homicide is active and ongoing. The investigation is not joint; it is being conducted by Middlesex alone. Middlesex has not permitted the government to access its investigative files and, with extremely few exceptions, it has declined to inform the government about any of its investigative steps.

All reports of interviews with Todashev in the government's possession, custody or control were previously provided to the Court for in camera review. Those reports show that Todashev implicated himself and Tamerlan Tsarnaev in the Waltham triple homicide only once, during his final interview. The government possesses no other evidence that Todashev and/or Tamerlan Tsarnaev actually participated in the Waltham triple homicides.

## ARGUMENT

1. <u>Evidence of the Waltham murders is irrelevant.</u>

The Court should preclude any reference at trial to the Waltham triple homicide because the homicide, and Tamerlan Tsarnaev's alleged involvement in it, is not relevant to any issue in the case. Even assuming for the sake of argument that Tamerlan Tsarnaev actually participated in the murders, his participation would not make it any more or less likely that the defendant is guilty of the crimes charged in the Indictment. Similarly, his participation would not make the existence of any aggravating factor less probable or the existence of any mitigating factor more probable.

Although the defendant has informed the government that he will seek to prove in the penalty phase that "[b]ut for the influence of his older brother Tamerlan, the defendant would not have committed any of the crimes of which he has been convicted," he has never alleged that he actually knew or believed that his older brother committed the Waltham murders, let alone that such knowledge influenced him to commit the crimes charged in the Indictment.  Absent evidence that the defendant in fact believed his brother had committed the Waltham murders and was influenced to commit the crimes charged in the indictment by that belief, the entire issue of the Waltham murders is irrelevant.  And even then, only evidence of the defendant's belief itself would be relevant; evidence that Tamerlan Tsarnaev actually participated in the murders would remain irrelevant.

    2.    Any reference to the Waltham murders would be more prejudicial than probative.

Reference to the Waltham triple homicide also should be excluded on the ground that "its probative value is outweighed by the danger of creating unfair prejudice, confusing the issues, or misleading the jury."  18 U.S.C § 3593.  The probative value of that evidence is minimal, not only because it is irrelevant, but also because it is so unreliable.  The evidence of record that Tamerlan Tsarnaev actually participated in the Waltham triple homicides consists entirely of a statement from someone who was confessing his own participation in the murders, and thus had an obvious motive to try to shift the blame to someone else -- someone who, conveniently, had died, and therefore could no longer deny it.  It also came from someone who obviously was not of sound mind at the time, because he interrupted the writing of his confession to attack two armed law enforcement agents with a sword.  Todashev himself, of course, is dead, and therefore cannot be cross-examined about the truthfulness or accuracy of his statements.  Under the circumstances, the evidence is too flimsy and unreliable to have any probative value at all.

Reference to the Waltham murders is also likely to confuse the jurors. Any such reference will inevitably trigger a "mini trial" on whether Todashev and/or Tamerlan Tsarnaev actually participated in the murders, which in turn could lead to the admission of a great deal of information having nothing to do with the crimes charged in the Indictment. In a case involving thirty crimes that occurred in different cities over the course of several days and generated hundreds of items of evidence, the jury should not be forced to digest information about an entirely separate and independent crime occurring 18 months earlier.

Finally, reference to the Waltham murders will almost certainly mislead the jurors into believing that a comparison of Tamerlan's character and the defendant's character is a relevant consideration in recommending a sentence. It is not. The law requires the sentencing jury to focus entirely on the defendant's background, record, character, and the circumstances of the offenses of conviction. See 18 U.S.C. § 3592; Lockett v. Ohio, 438 U.S. 586, 604 n.12 (1978) (holding that neither Constitution nor FDPA "limit[ ] the traditional authority of a court to exclude, as irrelevant, evidence not bearing on the defendant's character, prior record, or the circumstances of his offense"); United States v. Purkey, 428 F.3d 738, 756 (8th Cir.2005) (FDPA does not give "the defense . . . carte blanche to introduce any and all evidence that it wishes)." Although the jury may consider as a mitigating factor the Tsarnaev brothers' relative responsibility for the offenses of conviction, see 18 U.S.C. §§ 3592(a)(3), they may not spare the defendant merely because his brother was a "worse criminal" or more reprehensible person based on other criminal acts. Reference to the Waltham murders risk misleading the jury into doing so.

3. **Evidence of other alleged acts by Tamerlan Tsarnaev should likewise be excluded as irrelevant and more prejudicial than probative.**

Mention of any other bad acts by Tamerlan Tsarnaev should likewise be excluded as irrelevant and more prejudicial than probative. As noted above, bad acts unrelated to the charged crimes may not be offered to show that Tamerlan Tsarnaev was somehow "worse" than the defendant, and, in any event, the "mini trials" certain to arise over them will inevitably confuse and mislead the jury.

WHEREFORE, the government respectfully moves the Court in limine to preclude any reference to the Waltham triple homicide or Tamerlan Tsarnaev's alleged participation in it, as well as to any other bad acts by Tamerlan Tsarnaev, at both the penalty and sentencing phases of trial.

> Respectfully submitted,
>
> CARMEN M. ORTIZ
> United States Attorney
>
> By:  /s/ William D. Weinreb
>      WILLIAM D. WEINREB
>      ALOKE S. CHAKRAVARTY
>      NADINE PELLEGRINI
>      STEVEN MELLIN
>      Assistant U.S. Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that this document will be sent by electronic mail to Dzhokhar Tsarnaev's attorney, Judy Clarke, Esq., on December 29, 2014.

> /s/ William D. Weinreb
> WILLIAM D. WEINREB

5