UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Crim. No.13-10200-GAO |
| ) | |
| DZHOKHAR A. TSARNAEV, ) | |
| Defendant ) | |

UNDER SEAL

DEFENSE POSITION ON OUTSTANDING ISSUES
REGARDING JURY SELECTION AND JURY QUESTIONNAIRE

Defendant, Dzhokhar Tsarnaev, by and through his undersigned attorneys, respectfully submits his position on certain matters regarding jury selection and the juror questionnaire about which the Court had directed the parties to confer. Having conferred by email, the parties have been unable to reach agreement on any of the three areas set forth below, nor on an additional question that the defense has proposed.

1.   Public access to voir dire

The defense agrees with the Court's expressed desire for a setting for individual voir dire examination that will facilitate candor and disclosure of relevant information. Given that voir dire examination of jurors will be transmitted live to one or more courtrooms for public viewing, the defense sees no need for any "token" representation from the public in the actual courtroom where the juror is being questioned. To allay any legal concerns that the government may have, the defense will waive on the record any possible public trial objection.

2.   Questions 18, 19, 20.

The government has proposed that "the phrase 'tried to influence' in Question 18 should be changed to 'tried hard to influence,' and questions 19 and 20 should be deleted." In view of the in-chambers discussion yesterday, the defense objects to singling out a weak version of one

1

possible mitigating factor for what amounts to "pre-testing" on the juror questionnaire. We therefore do not agree to Question 18 as revised, and submit that Questions 18, 19 and 20 should be deleted.

3. <u>Mistrust of government</u>

The government has proposed to add the following question: "Do you believe that the government often feeds false information to the public in order to cover up the true facts." The defense does not does not agree to this "mistrust of government" question, especially without a corresponding "mistrust of defense attorneys" question (e.g. "Do you believe that criminal defense lawyers will say or do anything to get their clients off, even when they know it's false?"). We think the better course is to include no such questions on the juror questionnaire.

4. <u>Request for jurors' on-line screen names</u>

The defense requests, immediately after Question 85 (concerning whether jurors have commented on the case in a letter to the editor, on-line comment or post, etc.), that the Court add the following question:

> **Please list your screen name(s), if any, on Twitter, Instagram, Tumblr, Facebook, or Myspace, or any similar social media programs. If you have more than one such screen name, please specify which name is for which program. This is a request for your screen name(s) only, not for passwords.** _____

Respectfully submitted,

DZHOKHAR TSARNAEV
by his attorneys

*/s/ David I. Bruck*

David I. Bruck, Esq.
220 Sydney Lewis Hall
Lexington, VA 24450
(540) 460-8188
BRUCKD@WLU.EDU

2

Judy Clarke, Esq. (CA Bar # 76071)
CLARKE & RICE, APC
1010 Second Avenue, Suite 1800
San Diego, CA 92101
(619) 308-8484
JUDYCLARKE@JCSRLAW.NET

Miriam Conrad, Esq. (BBO # 550223)
Timothy Watkins, Esq. (BBO # 567992)
William Fick, Esq. (BBO # 650562)
FEDERAL PUBLIC DEFENDER
OFFICE
51 Sleeper Street, 5th Floor
(617) 223-8061
MIRIAM_CONRAD@FD.ORG
TIMOTHY_WATKINS@FD.ORG
WILLIAM_FICK@FD.ORG

CERTIFICATE OF SERVICE

I certify that this document was served by electronic mail on Assistant United States Attorney William D. Weinreb on December 31, 2014.

*/s/ David 2 Bl*

3