FILED
IN CLERKS OFFICE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS   JAN 5 AM 8 58

**FILED UNDER SEAL**

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 13-CR-10200-GAO |
| | ) | |
| DZHOKHAR TSARNAEV | ) | |

**OBJECTION TO DRAFT PRELIMINARY JURY INSTRUCTIONS**

Defendant, Dzhokhar Tsarnaev, by and through counsel, hereby respectfully objects

to the Court's draft preliminary jury instructions.[1]

The proposed instructions repeatedly discuss the jurors' obligation to serve, while

giving short shrift to the necessity of giving truthful and complete responses to the

questionnaire.   The addition of this discussion, set forth in four full paragraphs on pages

2-3, without stressing the importance of truthfully and openly providing information that

may lead to disqualification, implies a dangerous message:  that by providing honest

information or revealing doubts about their ability to be fair, the jurors are somehow

shirking a civic duty.  *See* Defendant's Position Re: "Called to Serve" Video," at 1-2.

The Court's draft incorporates language regarding publicity about the case, taken

from the parties' joint proposed preliminary jury instructions, DE 688-1 ("Joint Proposed

Instructions").  This portion includes the statement:  "The mere fact that prior to this you

may have read or heard something about the case does not automatically mean that you

---

[1] Defendant also notes an apparent typographical error on page 5, in a sentence that
reads:  "The jury will not ordinarily on Fridays[.]"  It appears that the word "sit" was
omitted.

1

cannot be a juror." Draft Preliminary Jury Instructions to Venire (hereafter "Draft

Preliminary Instructions") at 6. But the Court deleted the following language, which

followed that sentence in the Joint Proposed Instructions:

> We simply need to know what you have read, seen, heard, or experienced in relation
> to the case. There are no "right answers." We only want your honest and true thoughts
> and opinions.

Joint Proposed Instructions at 4.

Because it fails to balance the statement that exposure to publicity does not amount

to a disqualification with one emphasizing the importance of honest and complete

responses, the instruction as currently drafted does not convey the need for a searching

inquiry. The jurors' willingness to provide candid responses may be further diminished

by the Court's omission of the Joint Proposed Instructions' assurance that, when the

questionnaires are made public, they would not identify the jurors by name. Joint

Proposed Instructions at 2.

Respectfully submitted,

DZHOKHAR TSARNAEV

by his attorneys

/s/ Miriam Conrad

Judy Clarke, Esq. (CA Bar # 76071)
CLARKE & RICE, APC
1010 Second Avenue, Suite 1800
San Diego, CA 92101
(619) 308-8484
JUDYCLARKE@JCSRLAW.NET

2

David I. Bruck, Esq.
220 Sydney Lewis Hall
Lexington, VA 24450
(540) 460-8188
BRUCKD@WLU.EDU

Miriam Conrad, Esq. (BBO # 550223)
Timothy Watkins, Esq. (BBO # 567992)
William Fick, Esq. (BBO # 650562)
FEDERAL PUBLIC DEFENDER OFFICE
51 Sleeper Street, 5th Floor
(617) 223-8061
MIRIAM_CONRAD@FD.ORG
TIMOTHY_WATKINS@FD.ORG
WILLIAM_FICK@FD.ORG

**Certificate of Service**

I hereby certify that this document will be sent by email to counsel of record on January 4, 2015.

*/s/ Miriam Conrad*

3