UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Criminal Action |
| v. | ) | No. 13-10200-GAO |
| | ) | |
| DZHOKHAR A. TSARNAEV, also | ) | |
| known as Jahar Tsarni, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

BEFORE THE HONORABLE GEORGE A. O'TOOLE, JR.
UNITED STATES DISTRICT JUDGE

**STATUS CONFERENCE**

John J. Moakley United States Courthouse
Courtroom No. 9
One Courthouse Way
Boston, Massachusetts  02210
Monday, October 20, 2014
10:15 a.m.

```
 1   APPEARANCES:

 2         OFFICE OF THE UNITED STATES ATTORNEY
           By: Aloke Chakravarty, Nadine Pellegrini,
 3         William D. Weinreb and Donald L. Cabell, Assistant U.S.
           Attorneys
 4         John Joseph Moakley Federal Courthouse
           Suite 9200
 5         Boston, Massachusetts  02210
           On Behalf of the Government
 6
           FEDERAL PUBLIC DEFENDER OFFICE
 7         By: William W. Fick, Esq.
           51 Sleeper Street
 8         Fifth Floor
           Boston, Massachusetts  02210
 9         - and -
           LAW OFFICES OF DAVID I. BRUCK
10         By: David I. Bruck, Esq.
           220 Sydney Lewis Hall
11         Lexington, Virginia  24450
           - and -
12         CLARKE & RICE, APC
           By: Judy Clarke, Esq.
13         1010 Second Ave.
           Suite 1800
14         San Diego, California  92101
           On Behalf of the Defendant
15

16

17

18

19

20

21

22

23

24

25
```

```
 1              THE CLERK:  All rise.

 2              (The Court enters the courtroom at 10:01 a.m.)

 3              THE CLERK:  The United States District Court for the

 4   District of Massachusetts.  Court is in session.  Be seated.

 5              For a status conference in the case of United States

 6   v. Dzhokhar Tsarnaev, 13-10200.  Would counsel identify

 7   yourselves for the record.

 8              MR. WEINREB:  Good morning, your Honor.  William

 9   Weinreb for the United States.

10              MR. CHAKRAVARTY:  As well as Aloke Chakravarty, your

11   Honor.

12              MS. PELLEGRINI:  Good morning, your Honor.  Nadine

13   Pellegrini.

14              MR. CABELL:  Good morning, your Honor.  Donald Cabell.

15              MR. FICK:  Good morning, your Honor.  William Fick for

16   the defense.  With me are Judy Clarke and David Bruck.

17              THE COURT:  Okay.  I think this will be brief, but

18   that's what status conferences are for.

19              So the first matter I guess is the scheduling of

20   response, and perhaps reply, to the pending motion to compel.

21   In your status report you set out the normal template dates,

22   and those are fine with me.  The other motions that were

23   referred to in status reports have now been resolved.

24              So let me talk a little bit -- and perhaps

25   generally -- about the December schedules, where we are with
```

1    that.  And I'm contemplating a November status conference,

2    probably mid month or so.  We can refine anything that we need

3    to.  We can deal with a hearing on the motion to compel if

4    that's necessary at that time.

5              So in your status report it's noted that the

6    government proposes preliminary witness and exhibit lists on

7    the 15th of December -- the status conference -- sorry -- the

8    final pretrial being the 18th.  So that would be the Monday

9    before that.  And any *Jencks* material at the same time.  Is

10   that correct?  With a, perhaps, follow-up, which I assume would

11   be to the extent any new developments of alleged identified

12   additional witnesses.

13             MR. WEINREB:  That's correct, your Honor.

14             THE COURT:  I expect that to be a short list, if it

15   exists at all --

16             MR. WEINREB:  Yes.  Right.

17             THE COURT:  -- on the 29th.  That seems fine.  Having

18   in mind, of course, we're set for -- I think the 5th is the

19   first Monday in January.  That week I'm sure will be consumed

20   with jury selection in one way or another, and perhaps more.

21   So we won't actually begin worrying about witnesses until at

22   least the following week, and perhaps even later than that,

23   depending on how things go.  So I think that that should be

24   plenty of time.

25             Is there any disagreement with that proposal?

1            MR. FICK:  Not with that part.  I mean, we had hoped

2    to continue a discussion with the government about the defense

3    pretrial disclosures.  And, you know, we hope to wrap that up

4    before the end of this week.  If the Court wants, we can file

5    something today laying out opposing opinions, but we prefer to

6    try and see --

7            THE COURT:  No, that's the next point I was coming to.

8    To the extent you're engaged in negotiations, I'm happy to let

9    you do that again.  If there's impasse that needs resolution,

10   we can do that in November.  And you'll know well in advance of

11   the timetables, okay?  All right?

12           We have begun to think -- and I think we talked about

13   this generally last time -- about the jury selection

14   procedures.  We're going to generally follow what the practice

15   has been here on cases that have required jury questionnaires.

16   And I don't know -- we don't have to lock anything in -- you

17   know, in firm positions at this point, but in general we'll

18   follow the plan of having groups of prospective jurors come in

19   and fill out questionnaires.  We'll figure out the numbers and

20   the number of days necessary.

21           I think we're expecting to have questionnaires for at

22   least 1,000 jurors.  We'll see how that goes.  I mean, my

23   understanding from the other cases is that it's kind of a

24   rolling admissions policy, that as you work through the

25   questionnaires, a first -- what will appear will be a body of

1  prospective jurors eligible for individual voir dire, and then

2  we'll follow that process until a certain number of yield is

3  adequate to satisfy the needs of empanelment.

4          We need -- I think the number was 58?  Is that it?  58

5  absolutely at the margin?  We'll do more than that, but I think

6  if we're in the range of -- something like that.  That's not --

7          MS. CLARKE:  That would do -- you have to include

8  strikes for the alternates.  But it's 20 per side for the

9  panel, I mean, for the --

10          THE COURT:  Okay.  So it's a little higher than that.

11          MS. CLARKE:  It's a little higher than that.

12          THE COURT:  But anyway, we'll have a margin anyway

13  beyond that.  So, you know, the view generally is if we have

14  potentially 1,000 questionnaires, we need a yield of 10

15  percent, which should be 100, to have a comfortable margin, it

16  would seem to me.  So I think that's doable.

17          MR. WEINREB:  Your Honor, one thing the parties wanted

18  to clarify is that November 5th is the date -- the first date

19  the jurors will be brought in to complete questionnaires.  Is

20  that --

21          THE COURT:  January 5th, you mean.

22          MR. WEINREB:  I'm sorry.  January 5th.

23          Is that what the Court --

24          THE COURT:  With the possibility that it would be the

25  next day.  And that's something I have to coordinate with our

1    chief because Monday is normally an empanelment day for

2    everybody, and I don't know whether -- I haven't yet looked

3    to -- or had anybody look to see whether there are jury trials

4    scheduled to begin on the 5th.

5           There are two possibilities:  If there's one jury

6    trial scheduled to be done on the 5th, the presiding judge

7    might agree to postpone it a week, for example; but if there

8    are several already scheduled and they're expected to go, I

9    think we would probably let them complete their empanelments on

10   the 5th and have our jurors come in on the 6th.  That would be

11   my expectation.  But all of this is still, you know, subject to

12   revision.  But generally, yes, we're going to get going on that

13   schedule.

14          Just sort of a small housekeeping matter.  I guess I

15   didn't -- yes, I did.  Just to clean up the list on the

16   computer, there are two motions that show up as pending, but

17   they're really not because they've been resolved in other ways.

18   The motion to suppress statements has just been put aside.

19   It's subject to renewal as needed.  But in light of the

20   government's statement that it would be not offering those

21   statements in its case-in-chief, we've treated that as, I

22   guess, denied without prejudice, which is appropriate given the

23   government's position.  So that's 295.  That shouldn't be

24   listed as pending.

25          And the motion that goes back to April, Number 242,

1    for an order regarding certain notices, the government's

2    motion, we've resolved that by scheduling.

3              So that's my list.  Does anybody have anything else?

4              Mr. Fick?

5              MR. FICK:  The one thing we would just, perhaps,

6    foreshadow, there was another troubling, from our point of

7    view, leak issue that emerged last week.  There is an article

8    in *Newsweek* magazine written not by a normal *Newsweek* writer

9    but a local TV journalist which had numerous, again, statements

10   attributed to high-level law-enforcement sources.  And so it's

11   sort of an echo of the troubling matters that we've discussed

12   with the Court before.  I think we may formalize that into some

13   kind of submission to your Honor sometime in the next few days.

14             THE COURT:  All right.  I wasn't aware of it.

15             Anything from the government on that?

16             MR. WEINREB:  No, your Honor.  I'm aware of the

17   article, but I'll have to wait to see what the defense points

18   out before responding to any of that.

19             THE COURT:  Okay.  Anything else?  Okay.  Thank you.

20             Oh, so let's set the November status date.  I thought

21   you had proposed the 5th, but I think you may have done that

22   thinking that this might have been skipped over.  So I would

23   suggest just a week later, the 12th, at ten o'clock.

24   Wednesday, November 12th, for the next status conference.

25             And as I say, the briefing will be done on the motion

1    to compel at that point, and, if necessary, we can have

2    argument about that.

3              MS. CLARKE:  Thank you, your Honor.

4              THE COURT:  All right.  Thank you.

5              MR. CHAKRAVARTY:  Your Honor, one final thing.  In

6    light of the fact you just mentioned that there were no motions

7    pending, can we get an excludable delay over until that day?

8              THE COURT:  Yes.  I assume there's no objection to

9    that?

10             MR. FICK:  No objection.

11             THE COURT:  Yes.

12             Okay.  Thank you.  We'll be in recess.

13             THE CLERK:  All rise for the Court.  The Court will be

14   in recess.

15             (The Court exits the courtroom and the proceedings

16   adjourned at 10:11 a.m.)

17

18

19

20

21

22

23

24

25

```
 1                    C E R T I F I C A T E

 2

 3         I, Marcia G. Patrisso, RMR, CRR, Official Reporter of

 4    the United States District Court, do hereby certify that the

 5    foregoing transcript constitutes, to the best of my skill and

 6    ability, a true and accurate transcription of my stenotype

 7    notes taken in the matter of Criminal Action No. 13-10200-GAO,

 8    United States of America v. Dzhokhar Tsarnaev.

 9

10    /s/ Marcia G. Patrisso
      MARCIA G. PATRISSO, RMR, CRR
11    Official Court Reporter

12
      Date:  1/6/15
13

14

15

16

17

18

19

20

21

22

23

24

25
```