FILED
UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
2015 JAN 6 PM 4 54

**FILED UNDER SEAL**
U.S. DISTRICT COURT
DISTRICT OF MASS.

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 13-10200-GAO |
| | ) | |
| DZHOKHAR TSARNAEV | ) | |

## MOTION TO BAR SPOLIATION OF SO-CALLED "BOAT WRITINGS" AND TO MAKE BOAT AVAILABLE FOR VIEW BY JURY AT TRIAL

Defendant, Dzhokhar Tsarnaev, by and through counsel, respectfully requests that the Court prohibit spoliation of the so-called "boat writings" and order the government to make the boat, itself, available for view by the jury during trial in the Courthouse garage, "sally port," or some other appropriate location convenient to the Court.

Since the government has advised that it intends to physically cut out and extract from the boat various surfaces that contain the writings on or about January 9, 2015, the defense further requests that the Court order a temporary stay pending final resolution of this motion.

### Background

The government has indicated that it intends to offer evidence at trial of certain writings that the defendant made on interior surfaces of the boat in which he was found hiding in Watertown, MA. Some of this writing was quoted in the indictment. *See* DE 58 at 4. The government contends that the writings are probative of issues including the

1

defendant's motive, intent, and state of mind in committing the charged offenses and also reflect a lack of remorse as of the time of his arrest.

The government included photographs of these "boat writings" among its proposed exhibits and also previously produced a transcribed text of the writings in discovery. To date, the boat, including the subject writings on various interior surfaces,[1] remains intact (albeit riddled with bullet holes and blood stains) and is being stored in a local FBI facility, where the defense has had the opportunity to view it.

## Argument

Last week, the government informed the defense that it intends to "cut out" various pieces of the boat that contain the writings so that it can offer those pieces of the boat into evidence at trial. The defense objects to any such modification of the boat or destructive extraction of surfaces that contain the writings.

To the extent the content of the writings is at issue, it can be proven by photographic and/or testimonial evidence. However, in order for the jury to gain a complete understanding of the context and conditions in which the writings were made, there is no substitute for viewing the writings as they were found in the boat, itself. This will permit the jury to see the spatial relationships inside the boat and to understand where and how, for example, the bloodstains and bullet holes on the surfaces that contain writings fit into the broader picture. Only this kind of full view will permit the jury to

---

[1] Two small boards with some scratched-in writing were previously removed, but the bulk of the writing, apparently in pencil, is on interior surfaces that remain an integral part of the boat.

draw informed and reliable conclusions about the writings, their significance, and what they may suggest about the defendant's state of mind.

The government's plan, to cut out various pieces that contain the writings and to offer those pieces into evidence, would be unfairly prejudicial and misleading. Introduction of the removed pieces would enhance the impact of the writings by providing them to the jury in very tactile, close-up form. But that enhanced impact would be misleading when stripped from the larger physical object and context in which the writings were made.

While a jury "view" of the boat would require some special logistical arrangements, the boat is inherently mobile and can be staged in a location that would pose the least inconvenience and disruption to the Court. Even larger and normally immovable objects previously have been prepared for jury views. For example, in the lead-up to the "Unabomber" trial, *United States v. Kaczynski* (E. D. Cal.), the forest cabin in which Mr. Kaczynski lived was transported from Montana to California to be introduced as a defense exhibit concerning Mr. Kaczynski's mental state. *See, e.g.*, CNN, *Kaczynski's Cabin Steals the Spotlight* (Dec. 4, 1997), available at <http://www.cnn.com/US/9712/04/unabomb.pm/index.html>. Ultimately, that case was resolved by plea to a life sentence before a jury view was needed.

### Conclusion

For the foregoing reasons, the Court should bar spoliation of the boat writings and order that the boat, itself, be made available for view by the jury during trial.

Respectfully submitted,

DZHOKHAR TSARNAEV
by his attorneys

/s/ Judy Clarke

Judy Clarke, Esq. (CA Bar # 76071)
CLARKE & RICE, APC
1010 Second Avenue, Suite 1800
San Diego, CA 92101
(619) 308-8484
JUDYCLARKE@JCSRLAW.NET

David I. Bruck, Esq.
220 Sydney Lewis Hall
Lexington, VA 24450
(540) 460-8188
BRUCKD@WLU.EDU

Miriam Conrad, Esq. (BBO # 550223)
Timothy Watkins, Esq. (BBO # 567992)
William Fick, Esq. (BBO # 650562)
FEDERAL PUBLIC DEFENDER OFFICE
51 Sleeper Street, 5th Floor
(617) 223-8061
MIRIAM_CONRAD@FD.ORG
TIMOTHY_WATKINS@FD.ORG
WILLIAM_FICK@FD.ORG

**Certificate of Service**

I hereby certify that this document has been served upon counsel for the United States by e-mail PDF this 6th day of January, 2015.



/s/ Judy Clarke

4