UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 13-10200-GAO

UNITED STATES OF AMERICA

v.

DZHOKHAR A. TSARNAEV,
Defendant.

STATEMENT OF REASONS FOR DENIAL OF CONTINUANCE
January 7, 2015

O'TOOLE, D.J.

## I. Background

On September 24, 2014, the Court granted in part the defendant's motion to continue the trial and rescheduled the commencement of trial from November 3, 2014 to January 5, 2015. On November 13, 2014, pursuant to a status conference held on November 12, 2014, the Court issued a scheduling order, calling for all remaining anticipatable pretrial motions to be filed by December 5, 2014.[1] (Nov. 13, 2014 Order (dkt. no. 650).) The defendant did not move for a further continuance prior to December 5. About two weeks later, at the final pretrial conference on December 18, 2014, defense counsel informed the Court that he anticipated filing a continuance motion "as quickly as possible" that was "largely responsive to events in the last 48 hours, disclosures from the government that have created issues for us." (Final Pretrial Status Conf. Tr. at 17 (dkt. no. 800).) On December 23, 2014, the defendant filed the predicted second motion for a continuance. The next day, the government opposed the motion. On December 29, 2014, the defendant filed a reply brief. The following day, with briefing complete, I signaled to

---

[1] The deadline was based on the parties' proposal. (See Nov. 4, 2014 Electronic Order (dkt. no. 631); Status Report (dkt. no. 642).)

the parties during a jury selection-planning lobby conference that I would be denying the motion. On December 31, 2014, I issued an electronic order denying the motion, noting that an explanatory opinion would follow. This is that opinion.

## II.     Analysis

The determination of whether a continuance is warranted is case-specific. United States v. Moore, 362 F.3d 129, 135 (1st Cir. 2004).[2] For that reason, the list of factors to consider is open-ended. Among them are the reasons contemporaneously presented in support of the party's request for the continuance, the time needed for trial preparation compared to the actual time previously and remaining available, the diligence the movant employed and whether he contributed to his perceived predicament, the complexity of the case, other available assistance, the probable utility of a continuance, inconvenience to others, and the likelihood of injustice if there is no continuance. See id.; United States v. Rosario-Otero, 731 F.3d 14, 18 (1st Cir. 2013).

With respect to the reasons the defendant presents in support of his motion for a continuance, I consider the most significant to be the mid-December disclosures by the government. It was the concern addressed by the defendant at the final pretrial conference, and it is the only reason advanced by the defendant which was not anticipatable before the deadline for filing anticipatable pretrial motions.

---

[2] Because each case is sui generis, the defendant's reliance on a decision in this District to continue the penalty-phase trial of a capital defendant, United States v. Sampson, No. CR 01-10384-MLW, 2014 WL 7333905, at *5 (D. Mass. Dec. 23, 2014), is unpersuasive. As Judge Wolf noted in that decision, "[e]very case is unique." Id. One significant factor in that case not present here was counsel's limited ability to consult with their client for many months during preparation for trial. Id. at *7. Another dissimilarity is that Sampson is a retrial, requiring new counsel to read thousands of pages of transcripts and related documents from the first trial. Id. at *6. Every case is unique.

Regarding the mid-December disclosures, the defendant complains primarily about the length of the government's witness list, ambiguities in the government's exhibit list, and the volume of productions made by the government on December 15, 17, and 18.[3] As to the witness and exhibit lists, I agree that they are extensive and, in the case of the exhibit list, could have been organized in a way to permit the defendant more readily to identify particular proposed exhibits from the list. However, since their initial production, the government has made efforts to do so. It has produced, pursuant to 18 U.S.C. § 3432, a witness list with either home or work address information for each witness. It has also produced a more detailed exhibit list, along with a flash drive of the actual exhibits. I have further ordered the government to disclose the witnesses it expects to call, in order, during the first two weeks of trial, and to identify the specific exhibits it intends to use with each of those witnesses.[4] That witness-exhibit disclosure obligation shall be a continuing and rolling obligation during the trial.

Additionally, both parties have expressed a desire to minimize the need for certain kinds of witnesses, such as records custodians, and have signaled a willingness to confer about possible stipulations. I am confident the parties can work together to help the trial run smoothly in that respect.

As to the document productions made on December 15, 17, and 18, it is unclear from the parties' differing descriptions how onerous they really are for the large defense team to process. Trial evidence is not expected to begin until the end of January at the earliest. In the meantime, I have instituted some ameliorative measures, such as requiring the aforementioned rolling disclosure of the schedule of the government's anticipated witnesses and exhibits several weeks

---

[3] Counsel did not specifically identify these concerns as reasons for the second continuance motion at the final pretrial conference. They were stated first in the motion to continue filed the following week.

[4] The government produced the list as required on January 2, 2015.

in advance. Should issues arise with respect to particular documents and their dates of disclosures (e.g., information relating to Stephen Silva), the defendant can raise them as needed. Appropriate orders can be made as necessary to protect the defendant from any serious or unjust disadvantage.[5]

The remaining reasons advanced by the defendant in support of his motion to continue are essentially the same issues raised in his first motion. As a procedural matter, these were anticipatable reasons (since they had previously been anticipated) and should have been raised before December 5, in accordance with the motion schedule.

As a substantive matter, I stand by my previous resolution of the issues. By way of example only, I doubt that the additional time requested by the defendant will assist appreciably the overseas mitigation investigation. (Given some of the events of the past year, additional time may only make things harder.) Similarly, I suspect that neither local nor national publicity will subside to the extent the defendant wishes, given the substantial continuing interest in the case. Coverage will be substantial whenever trial commences. A postponement is unlikely to have an effect on that.

I am further obligated to consider factors beyond the defendant's proffered reasons in support of his argument. See Rosario-Otero, 731 F.3d at 18. Here, I recognize that this case is complex, generally because it is a capital case and specifically because of the volume of discovery. However, a large, highly qualified team has been assembled on the defendant's behalf, and extensive funding for support resources has been made available. It is also fair to take

---

[5] The defendant also states that the government has not met its obligations under Rule 16(a)(1)(E)-(G) of the Federal Rules of Criminal Procedure. The defendant has advanced certain Daubert motions and other motions in limine. To the extent that the defendant considers the government's expert or other disclosures inadequate, it should raise the issue in an evidentiary-related motion to the point.

note that the defendant has asked, and continues to ask, for the government to produce material sometimes well beyond what is required by applicable law, and thus shares some responsibility for the volume of information he feels the need to examine and evaluate.

Whether to grant a continuance also involves considering the potential effect of a postponement on other trial participants, such as the government, witnesses, and the Court. Because of the importance of the defendant's due process right to a fair trial, inconvenience to the government and the Court is not the most important factor, but it can be considered in the total mix.

There is also a significant public interest in the resolution of the case for the victims and for the public at large. Indeed, the Crime Victims' Rights Act provides in relevant part that victims, as defined in the statute, have a "right to proceedings free from unreasonable delay." 18 U.S.C. § 3771(a)(7).

I realize that defense counsel would like more time to prepare and, if given additional time, would continue to labor diligently on their client's behalf. From my vantage point, the high quality and detailed nature of counsel's submissions and argument, counsel's mastery of the legal and factual issues as reflected in their work, and their capacity to devote attention to even the smallest of details all suggest a thorough preparation and ability to proceed.

On balance, the relevant factors have pointed to a denial of a further continuance in this matter.

### III. Conclusion

For these reasons, as previously ordered, the defendant's Second Motion to Continue (dkt. no. 829) was DENIED.

/s/ George A. O'Toole, Jr.
United States District Judge