FILED
IN CLERK'S OFFICE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

2015 JAN 7 PM 5 00

**UNDER SEAL**

U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES OF AMERICA )
)
v. ) CRIMINAL NO. 13-10200-GAO
)
DZHOKHAR TSARNAEV )

## MOTION TO VOIR DIRE JURORS IN THE RANDOM
## ORDER PROVIDED ON THE DECEMBER 29, 2014 LIST

Defendant, Dzhokhar Tsarnaev, by and through counsel, respectfully moves this Court to call jurors for voir dire in the order provided the parties on December 29, 2014.

On December 29, 2014, the parties were provided a numbered list of potential jurors in the random order in which jurors had been summoned for this case. The defendant's entitlement to this list arose from 18 U.S.C. § 3432 ("A person charged with treason or other capital offense shall at least three entire days before commencement of trial, excluding intermediate weekends and holidays, be furnished with a copy of the list of the veniremen . . . ."). The list included jurors who had been summoned and responded ("responded"), jurors who had been summoned but not yet responded ("summoned"), and jurors who had replaced those whose summonses had been returned as undeliverable ("summoned – replaced (date)").[1] A draft order, later finalized and issued on January 5, 2015, stated that individual voir dire examination of panel members would "retain the order established by jury numbers." DE 895 at 2. The order included

---

[1] Following receipt of this list, the defendant filed a Sealed Motion for Disclosure of Jury Records. [DE 912].

1

no other reference to jury numbers, nor to any procedure by which the jury administrator would assign new numbers to panel members after they arrived at the courthouse to fill out questionnaires.[2] Thus, the first 200 individuals from the December 29 list who appeared and completed questionnaires would be Panel A, the second 200 would be Panel B, and so forth.

The juror list now has been reshuffled in a way that reflects who actually showed up (on time) on Monday, Tuesday and Wednesday, January 5-7. Thus, the Panels have been reordered based on factors such as juror convenience or juror timeliness, rather than using the random draw that produced the December 29 list. The reshuffling may have skewed the pool both geographically and economically, since it will likely have had differing impacts on jurors who come from further away, and on those with or without professional or family obligations. Thus, the reshuffle based on jurors' timeliness or other commitments may well have skewed the demographics of the randomly-selected pool. Furthermore, jurors who were particularly motivated to be seated on this jury and may therefore have an agenda, may have appeared earlier.

Given the extremely large number of jurors who have been summoned, the practical utility of the list received on December 29 depended on the ability to prioritize preparation for jury selection based on the order in which jurors would be questioned, challenged, and qualified. Stated differently, the value of the defendant's statutory right to three days' advance notice of the jurors to be called for service will be largely

---

[2] Undersigned counsel also understood that jurors would be called in for voir dire in the order reflected on the December 29 list. Accordingly, counsel planned to review questionnaires in that order for potential excusals in advance of individual voir dire.

destroyed if the smaller subset of jurors who are likely to be actually questioned and challenged or qualified remains unknown and unknowable until several days into a jury selection process that involves between 1,200 and 1,400 names.

Defendant therefore requests that the Court direct the jury administrator to summon individual jurors for voir dire in the order shown on the December 29, 2014 list, regardless of when the potential juror appeared to complete his or her questionnaire, and to further identify the various Panels based upon the December 29, 2014 randomly ordered list.

Respectfully submitted,

/s/ Clarke

DAVID I. BRUCK
JUDY CLARKE
MIRIAM CONRAD
WILLIAM FICK
TIMOTHY WATKINS
Attorneys for Dzhokhar Tsarnaev

### Certificate of Service

I certify that this document was served by electronic mail on Assistant United States Attorneys William D. Weinreb on January 7, 2015.

/s/ Clarke
Judy Clarke