FILED
IN CLERKS OFFICE
2015 JAN 13 AM 10 58
U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**FILED UNDER SEAL**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 13-CR-10200-GAO |
| | ) | |
| DZHOKHAR TSARNAEV | ) | |

**MEMORANDUM OF LAW REGARDING WAIVER OF DEFENDANT'S PRESENCE DURING VOIR DIRE EXAMINATION OF JURORS**

Defendant, Dzhokhar Tsarnaev, by and through counsel, hereby submits this memorandum regarding the authority of the Court to permit a capital defendant to waive his own presence during voir dire examination of prospective jurors.[1]

The leading First Circuit case on this question is *L'Abbé v. Dipaolo*, 311 F.3d 93 (1st Cir. 2002). As this Court may recall, *L'Abbé* involved a federal habeas petition in which a Massachusetts state prisoner alleged that a state trial court had violated his Sixth Amendment rights by granting his repeated requests to absent himself from the trial proceedings. On appeal, having reversed field, L'Abbé cited two nineteenth-century Supreme Court cases, *Lewis v. United States*, 146 U.S. 370, (1892), and *Hopt v. Utah*, 110 U.S. 574 (1884), for the proposition that a defendant's presence cannot be waived in a capital case (which L'Abbé's was under Massachusetts law), and that the state trial judge had therefore violated his constitutional rights by honoring his requests not to be

[1] Mr. Tsarnaev has not sought to waive his presence during individual voir dire, and thus there is no present need for a decision on this issue. However, after the government raised the question of whether the defendant intended to be present, and expressed its position that the Court could and should compel his presence if necessary, the Court asked for briefing on the issue.

present in court. The Supreme Judicial Court rejected this claim in a discussion that the First Circuit summarized as follows:

> [T]he SJC found that the Supreme Court had rejected those holdings in subsequent noncapital cases. It then took notice of the Court's observation in *Snyder v. Massachusetts*, 291 U.S. 97 (1934), that "the privilege to confront one's accusers 'may be lost by consent or at times even by misconduct.' " *L'Abbe*, 656 N.E.2d at 1246 (quoting *Snyder*, 291 U.S. at 106). On this basis, the SJC found that there was no Supreme Court case holding that a defendant in a capital trial cannot also waive his right to presence. *L'Abbe,* 656 N.E.2d at 1246.
>
> Looking to other courts that had addressed the same argument, the SJC agreed with the Ninth Circuit's decision in *Campbell v. Wood*, 18 F.3d 662 (9th Cir. 1994), that "[t]here is no principled basis for limiting to noncapital offenses a defendant's ability knowingly, voluntarily, and intelligently to waive the right of presence." *L'Abbe*, 656 N.E.2d at 1246 (quoting *Campbell*, 18 F.3d at 672) (internal quotation marks omitted). It therefore concluded that the trial judge did not err when she allowed *L'Abbe* to absent himself voluntarily and knowingly from his trial.

311 F.3d at 96-97. The First Circuit further noted that modern Supreme Court cases (albeit not capital ones) had held that criminal defendants can waive their right to be present at trial in several ways, including by consent, *Taylor v. United States*, 414 U.S. 17, 20 (1973), or by engaging in disruptive behavior. *Illinois v. Allen*, 397 U.S. 337, 343 (1970). *Id.,* 311 F.3d at 97.

To be sure, because *L'Abbé* arose on federal habeas, the narrow issue before the First Circuit on appeal was not the correctness of the state court's rejection of L'Abbé's Sixth Amendment claim as such, but merely whether the SJC's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Nevertheless, the First Circuit made clear that it regarded the SJC's ruling that capital defendants may

validly waive their right to presence to be not merely reasonable but correct. It was also, the court said, "eminently sensible," given the potentially perverse results of any rule to the contrary:

> L'Abbe insisted that he would become disruptive if forced to sit through his trial. If the court could not have granted his request to absent himself, after the thorough inquiry the court pursued each day, it would have had to wait until he actually became disruptive, and perhaps discredited himself in the eyes of the jury by such behavior. Moreover, there might have been the spectacle of forcible removal from the courtroom, or of a defendant physically restrained in his seat. As the Court recognized in *Allen,* ''[i]t is essential to the proper administration of criminal justice that dignity, order, and decorum be the hallmarks of all court proceedings in our country.'' 397 U.S. at 343.
>
> In L'Abbe's trial, the judge gave voice to L'Abbe's choice to absent himself from the trial. The SJC recognized that in the circumstances of this case, there was no reason to limit the right of a voluntary and knowing waiver of presence to noncapital defendants. There was nothing unreasonable about the extension of the principle of waiver of presence, well-established in the noncapital context, to this capital case.

311 F.3d at 99.

*L'Abbé* leaves no basis upon which the government may question the right of a capital defendant to voluntarily absent himself from jury selection, or the Court's authority to allow him to do so. The Sixth Amendment right to be present at every critical stage of the proceedings belongs to the accused, not to the prosecution. Should the defendant determine that his interests in this very unusual case are better served by his absence than by his presence while the Court is questioning potential jurors, the defendant submits that his choice can and should be honored.

Respectfully submitted,

DZHOKHAR TSARNAEV
by his attorneys

David I. Bruck, Esq.
220 Sydney Lewis Hall
Lexington, VA 24450
(540) 460-8188
BRUCKD@WLU.EDU

Judy Clarke, Esq. (CA Bar # 76071)
CLARKE & RICE, APC
1010 Second Avenue, Suite 1800
San Diego, CA 92101
(619) 308-8484
JUDYCLARKE@JCSRLAW.NET

Miriam Conrad, Esq. (BBO # 550223)
Timothy Watkins, Esq. (BBO # 567992)
William Fick, Esq. (BBO # 650562)
FEDERAL PUBLIC DEFENDER OFFICE
51 Sleeper Street, 5th Floor
(617) 223-8061
MIRIAM_CONRAD@FD.ORG
TIMOTHY_WATKINS@FD.ORG
WILLIAM_FICK@FD.ORG

**Certificate of Service**

I hereby certify that this document was served by email upon counsel for the government this 13th day of January, 2015.

David I. Bruck