## GENERAL QUESTIONS RE: SUPPORT FOR DEATH PENALTY
### (*Morgan v. Illinois*)

As you know, the government is seeking the death penalty in this capital case. And for this reason the jurors who hear this case may – if the case proceeds to a sentencing trial – be in a position to decide between imposing a sentence of life imprisonment without the possibility of release or death. For this reason, I have to ask you some questions about your beliefs and opinions concerning punishment, life imprisonment without the possibility of release, and the death penalty.

There are no "right" or "wrong" answers to any of these questions. People in our community hold many different views on a variety of topics and nobody will be judged or criticized for having or holding a particular belief or opinion. In responding to your Juror Summons and participating in this process you are serving your civic duty as a citizen of the United States and throughout this process we will endeavor to ensure you are treated with dignity and respect.

I explained to you earlier this (morning/afternoon) that if a defendant is convicted in a capital case of an intentional murder, the same jury will hear additional evidence and then decide whether to sentence the defendant to life imprisonment without the possibility of release or death.  Before making that decision, the jurors must consider and weigh both aggravating and mitigating evidence.  "Aggravating evidence" is evidence that the prosecution believes supports imposing the death penalty.  "Mitigating evidence" is evidence that the defense offers to show that life imprisonment without possibility of release is a sufficient or appropriate punishment in this case.

1


ATTACHMENT 2

The jury does not get to the final step of a sentencing trial where they consider imposing the death penalty or life imprisonment without the possibility of release unless it has already found, beyond a reasonable doubt, that the defendant intentionally murdered the victims, and that he did so with aggravating factors. The aggravating factors alleged in this case include that the murders were committed after substantial planning to commit an act of terrorism, that the defendant killed and attempted to kill several victims, and that one of the people he killed was a child, and was therefore especially vulnerable. If the government proves any or all of these factors, the jurors must then consider mitigating factors—reasons *not* to impose the death penalty—and finally it must choose between the punishments of death and life imprisonment without release. Which punishment to choose is up the each juror; the law never requires that the death penalty be imposed.

1. The first question I want to ask you is whether, if you found a defendant guilty beyond a reasonable doubt of using a weapon of mass destruction to carry out an intentional killing, you believe that the death penalty is the only *appropriate* punishment for a person you are convinced is guilty of such a crime.

2. To put the question differently, could you realistically consider *both* the death penalty and life imprisonment without release as possible punishments? Please keep in mind in answering this question that if a jury reached this point, each juror would *already* have found that the defendant was guilty of an intentional killing, and that he had no valid defenses—in other words, he was not legally insane, the crime was not an

accident, he did not act in self-defense or in the heat of passion, etc. If *you* reached that point as a juror and had to choose between the death penalty rather than life imprisonment, would you always vote for the death penalty in that situation?

     3.     Now assume for the moment that the government proves aggravating factors—for example that:

- the defendant engaged in substantial planning to kill and to commit an act of terrorism,
- he intentionally killed and tried to kill multiple victims, and
- he killed a child.

If all of that was proven beyond a reasonable doubt, would you realistically be able to consider life imprisonment as a possible punishment? Or would you *always* vote to impose the death penalty in such a case?

     3.     [Alternative formulation:] If you were convinced beyond a reasonable doubt that the defendant deliberately committed an act of terrorism that killed multiple victims, including a child, could you consider imposing a life sentence rather the death penalty in that situation?

     4.     [Alternative formulation:] Do you believe that the death penalty is the only appropriate punishment for a person who deliberately commits an act of terrorism that resulted in the deaths of several victims, including a child? Or could there be cases in which you would favor life imprisonment — rather than the death penalty — for someone guilty of such a crime? (If yes) In what sort of situation, or for what sort of

convicted defendant, would you favor life imprisonment rather than the death penalty in a terrorism-murder case?

5. Do you believe that the death penalty is the only *appropriate* punishment for anyone who intentionally murders a police officer in the line of duty?

6. You have referred in the questionnaire to having heard about this case before you were summoned to be a juror. Based on what you know or have heard about this case, do you have an opinion about whether whoever committed the Boston Marathon bombing deserves the death penalty? (If yes):

    a. What is your opinion?

    b. Given your opinion, would it be difficult for you to start over with a "clean slate" if you were selected to serve in this case?

    c. If the defendant is convicted of crimes carrying a possible death sentence, would you require the defense to change your mind about whether he should be sentenced to death?