## GENERAL QUESTIONS RE OPPOSITION TO THE DEATH PENALTY
### (*Witherspoon v. Illinois*)

As you know, the government is seeking the death penalty in this capital case. And for this reason the jurors who hear this case may – if the case proceeds to a sentencing trial – be in a position to decide between imposing a sentence of life imprisonment without the possibility of release or death. For this reason, I have to ask you some questions about your beliefs and opinions concerning punishment, life imprisonment without the possibility of release, and the death penalty.

There are no "right" or "wrong" answers to any of these questions. People in our community hold many different views on a variety of topics and nobody will be judged or criticized for having or holding a particular belief or opinion. In responding to your Juror Summons and participating in this process you are serving your civic duty as a citizen of the United States and throughout this process we will endeavor to ensure you are treated with dignity and respect.

I explained to you earlier this (morning/afternoon) that if a defendant is convicted in a capital case of an intentional murder, the same jury will hear additional evidence and then decide whether to sentence the defendant to life imprisonment without the possibility of release or death. Before making that decision, the jurors must consider and weigh both aggravating and mitigating evidence. "Aggravating evidence" is evidence that the prosecution believes supports imposing the death penalty. "Mitigating evidence" is evidence that the defense offers to show that life imprisonment without possibility of release is a sufficient or appropriate punishment in this case.

1

ATTACHMENT 3

The jury does not get to the final step of a sentencing trial where they consider imposing the death penalty or life imprisonment without the possibility of release unless it has already found, beyond a reasonable doubt, that the defendant intentionally murdered the victims, and that he did so with aggravating factors. The aggravating factors alleged in this case include that the murders were committed after substantial planning to commit an act of terrorism, that the defendant killed and attempted to kill several victims, and that one of the people he killed was a child, and was therefore especially vulnerable. If the government proves any or all of these factors, the jurors must then consider mitigating factors—reasons *not* to impose the death penalty—and finally it must choose between the punishments of death and life imprisonment without release. Which punishment to choose is up the each juror; the law never requires that the death penalty be imposed, and each juror must make up his or her own mind about whether the sentence should be death or life without release.

1.      You have indicated on your questionnaire that you are not in favor of the death penalty or you have some reservations about the death penalty. I would like you to know that a person may have philosophical, religious, moral, or other reasons for opposing the death penalty or having reservations about the death penalty and still serve as a juror in a case in which the government is seeking the death penalty. It is not necessary for someone to support or believe in the death penalty in order to serve as a juror. And it is certainly not necessary for a juror to promise in advance that he or she would impose the death penalty in a particular case before hearing any of the evidence.

All the law requires is that a juror be willing to fairly consider both punishments that are provided by law — which in a case like this, if the case proceeds to a sentencing hearing, could be the death penalty and life imprisonment without the possibility of release — and vote for either sentence depending on the evidence presented.

If the case proceeds to the final portion of the sentencing trial, where the jurors make a choice between life imprisonment without the possibility of release and death, the law will provide guidance, but in the end each juror individually weighs the aggravating factors (evidence that the prosecution believes supports imposing the death penalty) and the mitigating factors (evidence that the defense offers to show that life imprisonment without possibility of release is a sufficient or appropriate punishment in this case) for him or herself.  Then each juror makes an individual judgment about the appropriate sentence to impose; either life imprisonment without release or death. Whether the evidence in a particular case justifies the death penalty is always up to each juror; the law will never require a juror to vote for the death penalty if that juror does not believe that the death penalty is justified.

Understanding this, could you fairly consider both penalties — death and life imprisonment without release — and make your decision only after hearing all of the evidence?

2. Understanding that you do not support the death penalty, could you fairly consider the death penalty, and not be committed to voting against it no matter what the evidence might turn out to be?

3. Please understand that I am not asking you whether you would impose the death penalty in this case. Rather, I am asking only this: Could there *ever* be a case — involving especially horrible murders, for example, or a very dangerous defendant — in which you would be able to fairly consider voting for the death penalty as a member of a jury?

    (a) (If yes): In other words, if I understand you correctly, are you telling me that while you do not support the death penalty and would be very reluctant to impose it, you could still consider both sentences that are provided by law — life imprisonment without release and the death penalty — and choose between them based on the evidence presented in court about the crime and the convicted murderer?