FILED
IN CLERKS OFFICE
2015 JAN 21 PM 4 32
U.S. DIST...
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 13-10200-GAO |
| ) | |
| DZHOKHAR TSARNAEV ) | |

### DEFENSE FOLLOW-UP VOIR DIRE QUESTIONS (THIRD REQUEST)

Defendant, Dzhokhar Tsarnaev, by and through counsel, respectfully requests that

1. the Court question each prospective juror about the *basis of* and *reasons for* their opinions respecting the defendant's guilt or innocence and the punishment he should receive if convicted *before* instructing the juror concerning his or her obligation to presume the defendant innocent, to hold the government to its burden of proof, and to evaluate the defendant's punishment without regard to previously-held opinions or to information gained outside of court;

2. to use only non-leading, non-directive language in explaining the requirements for jury service;

3. and to ask, or permit defense counsel to ask, the following questions of each juror:

1

## PUBLICITY AND PERSONAL EXPERIENCES

1. What stands out in your mind from everything you have heard, read or seen about the Boston Marathon bombing and the events that followed it?[1]

   [If juror has difficulty responding, prompt with: Do you recall anything . . . .]

   a. About how the bombings occurred?
   b. About the people who are supposed to have carried it out?
   c. About any of the bombing victims who died?
   d. About any of the victims who were hurt but survived?
   e. About the MIT police officer who was killed several days later?
   f. About the defendant, Dzhokhar Tsarnaev?
   g. About any members of Mr. Tsarnaev's family?

2. Please tell us how you first heard about the Marathon bombings. Where were you, how did the news make you feel, and what if anything did you do?

3. Please tell us where you were and what you did on April 19, 2013. What about your immediate family?

4. Despite what you have heard, read or seen about this case and this defendant, can you presume him to be innocent of all of the charges against him?

5. If you were the defendant on trial in this case, would you want someone on your jury who thinks about you the way you think about Mr. Tsarnaev?[2]

6. Do you want to be on this jury? [If juror hesitates or is evasive, follow up with:]

   a. If I just left it up to you whether you are seated or excused from this jury, which would you choose? Would you rather be on the jury that will decide this case, or would you rather be excused?

---

[1] *Skilling v. United States*, 561 U.S. 358, 371 (2010) (noting that jurors were asked on questionnaire "to report on 'what st[ood] out in [their] mind[s]' of 'all the things [they] ha[d] seen, heard or read about Enron.'")

[2] *Irvin v. Dowd*, 356 US 717, 727 (1961) ("A number [of veniremen] admitted that if they were in the accused's place in the dock and he in theirs in the jury with their opinions, they would not want him in the jury.")

2

## SUPPORT FOR DEATH PENALTY — *MORGAN*

7. The defendant is charged, as you know, with intentionally setting off bombs at the Boston Marathon that resulted in the deaths of three people. If you found the defendant guilty of this crime, would you automatically sentence him to death no matter what the facts are?[3]

8. [Alternative formulation:] Do you believe that the death penalty is the only appropriate punishment for a person who deliberately uses a weapon of mass destruction to cause the deaths of several victims? Or could there be cases in which, after considering mitigating factors about the crime or the you would favor life imprisonment — rather than the death penalty — for someone guilty of such a crime?

9. [Alternative formulation:] If you were convinced beyond a reasonable doubt that the defendant deliberately committed an act of terrorism that killed multiple victims, could you nevertheless give meaningful consideration to mitigating factors (such as, for example, a defendant's age, lack of a prior criminal record, or family background), and actually consider imposing a life sentence rather the death penalty?

10. [Alternative formulation:] If you were convinced beyond a reasonable doubt that the defendant killed a child by deliberately using a weapon of mass destruction, would you always vote for the death penalty as the only appropriate punishment in such a case, or could there be cases in which you could consider and impose life imprisonment without release after considering mitigating factors (such as, for example, the defendant's youth, lack of a prior criminal record, or family background)?

## OPPOSITION TO THE DEATH PENALTY — *WITHERSPOON*

11. Understanding that you do not support the death penalty, could you meaningfully consider both life imprisonment without possibility of release *and* the death penalty, and not be committed in advance to voting against the death penalty no matter what the evidence might turn out to be?

---

[3] *Morgan v. Illinois*, 504 U.S. 719, 723 (1993).

12. Please understand that I am not asking you whether you would impose the death penalty in this case. Rather, I am asking only this: Could there *ever* be a case — involving especially horrible murders, for example, or a very dangerous defendant — in which you would be able to fairly consider voting for the death penalty as a member of a jury?

   a. (If yes): In other words, if I understand you correctly, are you telling me that while you do not support the death penalty and would be very reluctant to impose it, you could still consider both sentences that are provided by law — life imprisonment without release and the death penalty — and choose between them based on the evidence presented in court about the crime and the convicted murderer?

Respectfully submitted,

DZHOKHAR TSARNAEV
by his attorneys

*/s/ Judy Clarke*

Judy Clarke, Esq. (CA Bar # 76071)
CLARKE & RICE, APC
1010 Second Avenue, Suite 1800
San Diego, CA 92101
(619) 308-8484
JUDYCLARKE@JCSRLAW.NET

David I. Bruck, Esq.
220 Sydney Lewis Hall
Lexington, VA 24450
(540) 460-8188
BRUCKD@WLU.EDU

Miriam Conrad, Esq. (BBO # 550223)
Timothy Watkins, Esq. (BBO # 567992)
William Fick, Esq. (BBO # 650562)

4

FEDERAL PUBLIC DEFENDER OFFICE
51 Sleeper Street, 5th Floor
(617) 223-8061
MIRIAM_CONRAD@FD.ORG
TIMOTHY_WATKINS@FD.ORG
WILLIAM_FICK@FD.ORG

**Certificate of Service**

I hereby certify that this document was personally served upon counsel for the government on January 21, 2015.

/s/ David Bruck