UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 13-10200-GAO |
| | ) | |
| DZHOKHAR TSARNAEV | ) | |

## MOTION TO AMEND ELECTRONIC ORDER
## RE: CHANGE OF VENUE FILING

Yesterday's order directing that the defendant's Memorandum in Support of the Third Motion to Change Venue [DE 981] be placed under seal [DE 983] described the defense's initial filing of the memorandum publicly as "improper." Undersigned counsel request that the Court amend the electronic order by striking that conclusion. As with any pleading it files with the Court, the defense was mindful that court filings are subject to the common law presumption of public access. *United States v. Kravetz*, 706 F.3d 47, 52 (1st Cir. 2013); *see also* Loc. R. 7.2 (requiring good cause for impoundment and prohibiting "blanket" impoundment orders). The presumption has applied to the venue litigation thus far, with all pleadings having been filed on the public docket. While the defense keenly recognizes that countervailing considerations require sealing of some documents, *id.* at 60, undersigned counsel reasonably believed that such considerations did not apply to the defendant's use of statements from the questionnaires.

The sources of the quotes in the memorandum were identified only by their randomly assigned numbers, numbers the public and media cannot link to individual names or other identifying information. And counsel redacted information from those quotes that might in any way tend to identify any specific juror, beyond his or her juror number. Jurors were not identified by age, race, gender, or city of residence. Moreover, the type of information appearing in the quoted portions - views of defendant's guilt and connections to people and places at issue

- 2 -

in the crimes charged - is publicly revealed each day during voir dire.  That information has been reported by the media to the general public and reports cite the juror number announced by the clerk.  Thus, the memorandum did no more than what the Court does each day in its voir dire of potential jurors:  publicly air the issues that are crucial to selecting an impartial jury, while maintaining the confidentiality and privacy of the jurors.

The Court order's allegation of impropriety seems to focus on the fact that the memorandum included quotes from jurors who had not yet been interviewed in the public voir dire proceedings.  This suggests that it is the *timing* of the release of quotes that is the issue.  There does not appear to be a reasoned distinction between anonymous information that is made public prior to the individual voir dire of a prospective juror and that which is revealed a day or so later when the juror is publically interviewed.  Again, no identifying information was included, and potential jurors have been instructed in the clearest and sternest terms not to read, watch, or listen to any media reports about this case.

Jurors are presumed to follow these instructions and the potential jurors questioned to date have assured the Court they have done so.  Thus, the suggestion that defendant's use of the quotes from prospective jurors not yet questioned was improper, or has damaged the proceedings, is unfounded.

While undersigned counsel believe it was proper to file the venue memorandum in the public record, we do not question the Court's authority to direct that pleadings be redacted or filed under seal.  *Kravetz,* 706 F.3d at 60.  As a result, counsel will submit a redacted version of the memorandum under seal for review.  But the Court's description of the defense's initial filing of the document publicly as "improper" and the conclusion that  it compromised confidentiality

or threatened the integrity of the proceedings is unwarranted. Defendant therefore requests that the Court amend its electronic order to delete this finding.

    Respectfully submitted,

    DZHOKHAR TSARNAEV

    By his attorneys

    */s/* Miriam Conrad

    Judy Clarke, Esq. (CA Bar # 76071)
    CLARKE & RICE, APC
    1010 Second Avenue, Suite 1800
    San Diego, CA 92101
    (619) 308-8484
    JUDYCLARKE@JCSRLAW.NET

    David I. Bruck, Esq.
    220 Sydney Lewis Hall
    Lexington, VA 24450
    (540) 460-8188
    BRUCKD@WLU.EDU

    Miriam Conrad, Esq. (BBO # 550223)
    Timothy Watkins, Esq. (BBO # 567992)
    William Fick, Esq. (BBO # 650562)
    FEDERAL PUBLIC DEFENDER OFFICE
    51 Sleeper Street, 5th Floor
    (617) 223-8061
    MIRIAM_CONRAD@FD.ORG
    TIMOTHY_WATKINS@FD.ORG
    WILLIAM_FICK@FD.ORG

### Certificate of Service

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 23, 2015.

    */s/* Miriam Conrad