UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES, <br><br> v. <br><br> DZHOKHAR A. TSARNAEV, <br><br> Defendant. | ) <br> ) <br> )    CRIMINAL ACTION <br> )    NO. 1:13-cr-10200-GAO <br> ) <br> ) <br> ) <br> ) |

**MOTION OF BOSTON GLOBE MEDIA PARTNERS, LLP FOR PUBLIC ACCESS TO LEGAL RULINGS ON CHALLENGES FOR CAUSE**

Boston Globe Media Partners, LLC, publisher of The Boston Globe newspaper (the "Globe") respectfully moves for public access to the Court's legal rulings on challenges for cause. As grounds for its motion, the Globe states as follows:

1. Individual jury *voir dire* began in this case on January 15, 2015.

2. The Globe understands that, after the questioning of prospective jurors is concluded each day, the Court hears legal arguments on challenges for cause in hearings closed to the public. The Globe also understands that the Court may have ruled on challenges for cause either during or after those hearings.

3. To date, approximately 100 prospective jurors have been individually questioned by the Court during *voir dire*. There is no public record, however, indicating which prospective jurors, or how many of them, have been excluded for cause.

4. The Court's December 31, 2014 Decorum Order requires that juror names not be revealed to the public or the media during the course of these proceedings, and that all references to the jurors in public, including within the trial courtroom, be by juror number only. The Globe is <u>not</u> asking for any modification of those requirements.

5. The Globe also is <u>not</u> requesting contemporaneous public access to the legal arguments on challenges for cause or public access to the transcripts of those arguments prior to the conclusion of jury selection.

A/76603112.1

- 2 -

6. Instead, the sole relief sought by this motion is an order permitting public access to the portions of judicial proceedings in which the Court rules on challenges for cause or, in the alternative, public access to written orders reflecting the Court's rulings on challenges for cause, including the juror numbers of those excused for cause.

## REASONS RELIEF SHOULD BE GRANTED

The public's First Amendment right of access to jury *voir dire* "vindicate[s] the concerns of the victims and the community in knowing that offenders are being brought to account for their criminal conduct by jurors fairly and openly selected." *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 509 (1984). "Proceedings held in secret would deny this outlet and frustrate the broad public interest…." *Id.* The Supreme Court's decision in *Press-Enterprise* established that the "broad public interest" in an open jury selection process applies to all criminal cases. The facts of this case present additional and compelling reasons for the public to have access to and understand the Court's rulings on challenges for cause.

*First*, the fact that this is a death penalty case significantly enhances the public's interest in satisfying for itself that the jurors are "fairly and openly selected," *id.*, particularly in a jurisdiction such as Massachusetts that has rejected the death penalty as a matter of state law.

*Second*, the nature of the crimes with which the defendant is charged and their effect on the community heightens the need for the public to understand how an impartial jury is selected. Public access to the Court's rulings on challenges for cause thus is a critical means of promoting the legitimacy of the jury selection process and public acceptance of the jury's ultimate verdict.

*Third*, public access to the Court's rulings will assist the public in evaluating the arguments made by counsel in this case (and publicly debated by interested non-parties) about whether or not the defendant can receive a fair trial in this venue, and in understanding the Court's rulings on that important issue.

*Fourth*, public access to the Court's rulings is essential if the public is to understand and evaluate how the jury selection process addresses the views of the community on the legality and morality of the death penalty. *See, e.g.*, G. Jeffrey Macdonald, *Boston Marathon bombing jury*

- 2 -

*excludes some Catholics*, (Religious News Service January 26, 2015) (available at http://www.religionnews.com/2015/01/26/boston-bombing-jury-excludes-catholics/).

*Fifth*, the disclosure of the juror numbers of prospective jurors excused for cause will not pose any threat to the jury selection process or to defendant's fair trial rights. The jurors identities will remain confidential, as will the legal arguments made by the government and the defendant for and against their exclusion.

In sum, the Globe submits that public access to the Court's rulings on challenges for cause will promote the legitimacy and public understanding and acceptance of these proceedings, will not pose any threat to the jury selection process or the defendant's fair trial rights, and strikes the proper balance between the First Amendment rights of the public and the administration of justice. *See generally Wainwright v. Witt*, 469 U.S. 412, 430-31 (1985) (affirming trial court judge's practice of asking juror to "step down" when excused for cause and rejecting further requirements of written or oral findings of bias); *cf. Bucci v. United States*, 662 F,3d 18, 26 (1st Cir. 2011) (limiting number of spectators in *voir dire* could not be justified by space limitations where empty seats were available and could not be justified by risk of "intermingling" between potential jurors and others because that generic risk is inherent in every *voir dire* proceeding).

## CONCLUSION

For the foregoing reasons, movant respectfully requests that the Court enter an order permitting public access to the portions of judicial proceedings in which the Court rules on challenges for cause or, in the alternative, public access to written orders reflecting the Court's rulings on challenges for cause, including the juror numbers of those excused for cause.

- 4 -

Respectfully submitted,

**BOSTON GLOBE MEDIA PARTNERS, LLC**

By its attorneys,

/s/Jonathan M. Albano
Jonathan M. Albano BBO #013850
jonathan.albano@morganlewis.com
Emma D. Hall BBO #687947
emma.hall@morganlewis.com
**MORGAN, LEWIS & BOCKIUS, LLP**
One Federal Street
Boston, MA  02110-1726
Phone: 617-951-8000
Fax:     617-951-8736

Dated:  January 28, 2015

### CERTIFICATE OF SERVICE

I, Jonathan M. Albano, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 28, 2015.

/s/Jonathan M. Albano
Jonathan M. Albano