UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 13-10200-GAO

UNITED STATES OF AMERICA

v.

DZHOKHAR A. TSARNAEV,
Defendant.

ORDER
February 5, 2015

O'TOOLE, D.J.

The defendant has moved for the disclosure of various jury records. As I indicated to defense counsel on January 21, 2015, the motion (dkt. no. 912) is generally granted, subject to data maintenance and retrieval.[1] As the defendant is aware, I met with the Jury Administrator on January 20, and he has begun the work of assembling the materials requested by the defendant. Specifically, the following information shall be provided to the defendant:

1. AO-12 Forms or JS-12 Forms completed for the Calendar Year 2014 Master and Supplemental Jury Wheels during the life of the wheels.

2. Statistical analyses of the Calendar Year 2014 Master and Supplemental Jury Wheels.

3. A blank juror summons/qualification form used to summon the Petit Jurors.

4. The Calendar Year 2014 Master Jury Wheel data.
   The data should not include any personally identifiable information such as Name and Street Address but should include Participant Number, Zip Code, County, Municipality, and Date of Birth, to the extent available. The Master Jury Wheel data should be in electronic and accessible form and should include a layout with descriptions of all data fields and codes.

---

[1] The defendant's motion was filed under seal. Upon further consideration, the Court finds that sealing is unnecessary. Therefore, the defendant's motion (dkt. no. 912) shall be unsealed and this Order shall be docketed unsealed.

5. The Calendar Year 2014 Supplemental Jury Wheel data.
   The data should not include any personally identifiable information such as Name and Street Address but should include Participant Number, Zip Code, County, Municipality, and Date of Birth, to the extent available. The Supplemental Jury Wheel data should be in electronic and accessible form and should include a layout with descriptions of all data fields and codes.

6. Results of the national change-of-address comparison for Calendar Year 2014.

7. All Draws from the Calendar Year 2014 Master and Supplemental Jury Wheel.[2]
   The data should include Participant Number, pool summoned for, date of summoning, type of jury service (grand or petit) and disposition for each summons sent during the life of the wheel. The disposition should indicate whether the summons was returned undeliverable, not responded to, disqualified, reason for disqualification, qualified, excused, reason for excusal, selected for jury service and/or served as a juror.

8. Source Data
   a) The municipal resident lists used to construct the Calendar Year 2014 Master and Supplemental Jury Wheels.
      The source data should be in electronic and accessible form and should include a layout with descriptions of all data fields and codes. Personally identifiable information such as Name and Street Address should be redacted but information such as Zip Code, County, and demographic information should be retained.
   b) Any statistical or other analyses of the municipal resident lists.

9. Data regarding replacement summons for summons returned as undeliverable for Jury Pool 101150101
   For any summons mailed to replace any summons returned as undeliverable for Jury Pool 101150101, the data should include Participant Number of the summons returned as undeliverable, Participant Number of the replacement summons, and the disposition for each replacement summons sent. The disposition should indicate whether the replacement summons was returned as undeliverable, not responded to, disqualified, reason for disqualification, qualified, excused, reason for excusal, and/or selected for jury service. For any replacement summons returned as undeliverable, the disposition shall also indicate whether a replacement summons was issued.

The defendant will not be granted access to completed juror summons/qualification forms and supporting documentation unless he can make some showing of reasonable necessity for and relevance to his preparation of a motion challenging this District's jury selection procedures. The redaction of all personally identifiable information from thousands of forms and related printing

---

[2] This includes Jury Pool 101150101.

of material will pose an extraordinary administrative burden on the Clerk's Office. The defendant's right to inspect jury records is not without bounds. See United States v. Savage, 2013 WL 797417, at *3 (E.D. Pa. Mar. 5, 2013); United States v. Diaz , 236 F.R.D. 470, 482 (N.D. Cal. 2006).

Defense counsel is directed to make arrangements for transfer of the requested information directly with the Clerk of the Court, or his designee.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge