UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.    ) | CRIMINAL NO. 13-10200-GAO |
| ) | |
| DZHOKHAR TSARNAEV    ) | |

**MOTION FOR LEAVE TO REFERENCE AND/OR QUOTE
CERTAIN MATERIALS IN PUBLIC FILINGS**

Defendant, Dzhokhar Tsarnaev, by and through counsel, pursuant to the Order of the First Circuit Court of Appeals, respectfully requests leave to reference information contained in and/or to use quotations from the following materials in pleadings and other documents filed on the public docket in both this Court and in the Court of Appeals:

(1) juror questionnaires;

(2) transcripts of publicly-conducted voir dire;

(3) the aggregate number of jurors provisionally deemed "qualified" as of particular dates;

(4) transcripts of the parties' arguments and this Court's decisions on individual juror qualifications.

Any such references or quotations would refer to individual jurors by randomly-assigned number only, without revealing other personal identifiers.

As grounds for this motion, and as set forth below, the presumptive right of public access to this information outweighs any countervailing basis to keep it under seal.

**Background**

On February 3, 2015, the defendant filed a Second Petition for Writ of Mandamus in the United States Court of Appeals for the First Circuit, No. 15-1170. Pursuant to Fed. R. App. P. 21, defendant served this Court with a copy of the Second Petition at the time it was filed and understands that the government likewise served the Court with a copy of its Opposition. The Second Petition and Opposition were filed under seal in the Court of Appeals; a redacted copy of the Second Petition was subsequently filed on the First Circuit public docket.

On February 13, 2015, the defendant filed in the Court of Appeals a Motion to Unseal the unredacted version of his Second Petition for Mandamus and the government's Opposition. Defendant also requested leave to publicly refer to and/or quote analogous materials in subsequent First Circuit filings, and to discuss such information publicly at oral argument on February 19, 2015. A copy of this motion is attached hereto as Exhibit A.

Later in the day on February 13, the First Circuit issued the following order:

> Petitioner has filed a motion to unseal the unredacted version of his Second Petition for Mandamus as well as the government's Opposition. The motion is denied without prejudice. As granting this motion would essentially result in this court unsealing materials which the district court has sealed, petitioner must first ask the district court to unseal these materials and obtain a ruling thereon from the district court, thereby providing the district court an opportunity to express its views on the matter. We request that the district court act promptly with respect to this matter. As we understand petitioner's motion, petitioner wishes to refer in his supplemental brief and at oral argument to the following: (1) information from sealed juror questionnaires (2) sealed portions of publicly conducted voir dire (3) the aggregate number of jurors the district court deemed qualified as of the dates of the filing of the Second Petition for Mandamus and the

>government's Opposition  (4) the parties' arguments and the district court decisions on individual juror qualifications. Petitioner stipulates that all references would be by juror number and would not disclose any personal identifiers. If the district court and this court do not rule further on petitioner's unsealing request prior to noon, February 17, 2015, when the supplemental briefs are due, then petitioner and the government should be prepared to file redacted supplemental briefs on the public docket and unredacted supplemental briefs under seal.

A copy of the Order is attached hereto as Exhibit B.  Defendant files this motion pursuant to the First Circuit's Order.

## Argument

In *United States v. Kravetz*, 706 F.3d 47 (1st Cir. 2013), the First Circuit reaffirmed that "materials on which a court relies in determining [ ] litigants' substantive rights" are subject to a presumption of public access. *Id*. at 54.  "When addressing a request to unseal, a court must carefully balance the presumptive public right of access against the competing interests that are at stake in a particular case . . . keeping in mind that only the most compelling reasons can justify non-disclosure of judicial records that come within the scope of the common-law right of access." *Id*. at 59 (internal quotation marks and citations omitted).  No compelling interests weigh against unsealing the specific categories of information at issue here.

**Juror questionnaires.**  Anonymous references (identified only by randomly-assigned number) to juror questionnaire information does not in any way compromise the privacy interests of potential jurors or threaten the integrity of the proceedings.  Indeed, relevant portions of written juror questionnaires have been freely described and/or quoted orally by the Court and the parties in the public voir dire proceedings on a daily basis.

There is no basis to keep under seal questionnaire information that already has been discussed publicly and no reason to restrict discussion of other questionnaire responses that may not have yet emerged in public voir dire to date but that have relevance to court pleadings.

**Transcripts of publicly-conducted voir dire.** While transcripts of individual voir dire have not yet been made public, the vast majority of the questioning is being conducted in the presence of media "pool" members and transmitted to the public and other members of the media in a separate room via live audio and video feed. Information from these proceedings, including direct quotations of questions and answers, is being reported contemporaneously in great detail and compiled by various media. *See, e.g., The Dzhokhar Tsarnaev Jury Pool* (on-line spreadsheet, with ongoing updates, listing every juror questioned individually and linking to contemporaneous media Twitter accounts of individual voir dire questions and answers for each juror), THE BOSTON GLOBE ONLINE, <available at http://www.bostonglobe.com/metro/2015/02/11/the-potential-jurors-dzhokhar-tsarnaev-trial/spC2IAyCqUNPQouAJlwWEI/story.html>. There is no basis to keep under seal information that is already part of the public record.

**Aggregate number of jurors provisionally deemed "qualified" as of particular dates.** In its Order denying a third-party motion on February 13, 2015, this Court disclosed that 54 jurors have been provisionally qualified to date. *See* DE 1031. There is no basis to restrict release of the same information as of other dates in the voir dire process, past or future.

**Transcripts of the parties' arguments and this Court's decisions on individual juror qualifications.**  The district court has instructed potential jurors in the clearest and sternest terms not to read, watch, or listen to any media reports about this case.  Jurors are presumed to follow these instructions and the potential jurors questioned to date have assured the Court they have done so.  The risk that public disclosure of arguments and rulings on cause challenges might influence future prospective juror interviews is remote.

.**Conclusion**

For the foregoing reasons, the defendant's motion should be granted.

>Respectfully submitted,
>
>DZHOKHAR TSARNAEV
>by his attorneys
>
>/s/      William W. Fick
>
>Judy Clarke, Esq. (CA Bar # 76071)
>CLARKE & RICE, APC
>1010 Second Avenue, Suite 1800
>San Diego, CA 92101
>(619) 308-8484
>JUDYCLARKE@JCSRLAW.NET
>
>David I. Bruck, Esq.
>220 Sydney Lewis Hall
>Lexington, VA 24450
>(540) 460-8188
>BRUCKD@WLU.EDU
>
>Miriam Conrad, Esq. (BBO # 550223)
>Timothy Watkins, Esq. (BBO # 567992)
>William Fick, Esq. (BBO # 650562)
>FEDERAL PUBLIC DEFENDER OFFICE
>51 Sleeper Street, 5th Floor
>(617) 223-8061
>MIRIAM_CONRAD@FD.ORG

TIMOTHY_WATKINS@FD.ORG
WILLIAM_FICK@FD.ORG

## Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 14, 2015.

*/s/   William W. Fick*