UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

_____

No. 15-1170
_____

In re
DZHOKHAR TSARNAEV,
Petitioner
_____

**MOTION TO UNSEAL DOCUMENTS**

Pursuant to Rule 27 of the Federal Rules of Appellate Procedure and the Rules of this Court, petitioner, Dzhokhar Tsarnaev, requests that the unredacted version of his Second Petition for Mandamus and the government's Opposition be unsealed. The sealed materials reference and/or quote, without the disclosure of personal identifiers, information from the written juror questionnaires and portions of publicly conducted voir dire. The sealed materials also reveal the aggregate number of jurors that the district court has deemed "qualified" in voir dire as of the date of filing.

Petitioner further requests leave to reference and/or quote such materials and information publicly in his supplemental brief. In addition, petitioner requests leave to quote and/or reference the parties' arguments and the district court's decisions on individual juror qualifications (again, without disclosure of personal identifiers).

1

In support of this motion, petitioner states the following:

1. On February 12, 2015, this Court entered an Order scheduling oral argument in this case and ordering the parties "to refrain from disclosing or discussing at the hearing any of the sealed materials in this case."

2. As the concurring judge recognized, the portion of the Order addressing the disclosure or discussion of sealed materials will preclude discussion of "facts directly at the heart of the issue presented."

3. In *United States v. Kravetz*, 706 F.3d 47 (1st Cir. 2013), this Court reaffirmed that "materials on which a court relies in determining [ ] litigants' substantive rights" are subject to a presumption of public access. *Id*. at 54. "When addressing a request to unseal, a court must carefully balance the presumptive public right of access against the competing interests that are at stake in a particular case . . . keeping in mind that only the most compelling reasons can justify non-disclosure of judicial records that come within the scope of the common-law right of access." *Id*. at 59 (internal quotation marks and citations omitted). No compelling interests weigh against unsealing here.

4. The sealed materials at issue here include the unredacted Second Petition for Mandamus and the government's Opposition to that Petition. Insofar as those documents contain and discuss statements from juror questionnaires, which were identified using randomly assigned numbers that the public and media

cannot link to individual names or other identifying information, petitioner submits that the continued sealing of such information is unwarranted. Petitioner initially sought to seal that discussion in his Second Petition to this Court only because his Third Motion for Change of Venue in the district court, which also contained such discussion and which was initially filed on the public docket, had been ordered sealed by the trial judge. Petitioner did not believe then, and does not believe now, that the juror questionnaire information disclosed in the Second Petition compromises the privacy interests of potential jurors or threatens the integrity of the proceedings. Indeed, relevant portions of written juror questionnaires frequently are referenced and/or quoted orally in the public voir dire proceedings.

5. The Second Petition contains references to voir dire questioning and the government's Opposition focuses on voir dire as a curative remedy for local prejudice. While the transcripts of the voir dire have not yet been made public, the vast majority of the questioning is being conducted in the presence of media "pool" members and transmitted to the public and other members of the media in a separate room via live audio and video feed. Information from these proceedings is being reported contemporaneously in great detail and compiled by various media. *See, e.g., The Dzhokhar Tsarnaev Jury Pool* (on-line spreadsheet, with ongoing updates, listing every juror questioned individually and linking to contemporaneous media Twitter accounts of individual voir dire questions and

3

answers for each juror), THE BOSTON GLOBE ONLINE, <available at http://www.bostonglobe.com/metro/2015/02/11/the-potential-jurors-dzhokhar-tsarnaev-trial/spC2IAyCqUNPQouAJlwWEI/story.html>. To the extent the discussions in the Second Petition and the government's Opposition reference or quote portions of the publicly conducted voir dire, petitioner submits there is no need for continued sealing.

6. Public references to and quotations of additional information not already made public in voir dire — *e.g.*, the aggregate number of "cleared" jurors, arguments and decisions on "cause" strikes — will not threaten the integrity of the proceedings. The district court has instructed potential jurors in the clearest and sternest terms not to read, watch, or listen to any media reports about this case. Jurors are presumed to follow these instructions and the potential jurors questioned to date have assured the Court they have done so.

7. Discussion of information disclosed in the anonymous juror questionnaires is an essential component of petitioner's contention that he has established a presumption of prejudice precluding a fair trial by an impartial jury in the District of Massachusetts. Discussion of public portions of the voir dire will be part of his supplemental briefing responding to the government's Opposition. To the extent he is unable to disclose or discuss that information publicly, he will be unable to present a cogent argument to this Court.

4

        Respectfully submitted,

        DZHOKHAR TSARNAEV
        by his attorneys,

        /s/ Judith Mizner
        Judith Mizner (1st Cir. No. 11056 )
        William W. Fick (1st Cir. No. 82686)
        FEDERAL PUBLIC DEFENDER OFFICE
        51 Sleeper Street, 5th Floor
        Boston, MA 02210
        (617) 223-8061
        JUDITH_MIZNER@FD.ORG
        WILLIAM_FICK@FD.ORG

## CERTIFICATE OF SERVICE

I, Judith Mizner, hereby certify that this document filed through the ECF system will be sent to the registered participants, including counsel of record William Weinreb, Aloke Chakravarty, Nadine Pellegrini, Steve Mellin, and Dina Chaitowitz, as identified on the Notice of Electronic Filing on February 13, 2015.

        /s/ Judith Mizner