UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES,<br><br>v.<br><br>DZHOKHAR A. TSARNAEV,<br><br>Defendant. | )<br>)<br>)   CRIMINAL ACTION<br>)   NO. 1:13-cr-10200-GAO<br>)<br>)<br>)<br>) |

**MOTION OF PRESS INTERVENORS TO UNSEAL MATERIALS REFERENCED IN DEFENDANT'S MOTION FOR LEAVE TO REFERENCE AND/OR QUOTE CERTAIN MATERIALS IN PUBLIC FILINGS**

Boston Globe Media Partners, LLP, publisher of The Boston Globe; Trustees of Boston University, D/B/A WBUR-FM; and Cable News Network, Inc. ("Movants") respectfully move for an order unsealing the materials referenced in defendant's pending motion for leave to reference and/or quote certain materials in public filings.

Movants acknowledge that on February 13, 2015, the Court ruled on the two motions previously filed by Movants, one of which sought relief that was, in part, identical to part of the relief now requested by defendant. This motion is not an attempt to re-argue those motions. Rather, this motion is filed so that Movants may request this Court and, depending on this Court's ruling, the First Circuit, to unseal portions of the record currently before the Court of Appeals in connection with defendant's second petition for a writ of mandamus, scheduled for argument on February 19, 2015. As further grounds for their motion, Movants state as follows:

1.  On February 3, 2015, defendant filed with the First Circuit his second petition for a writ of mandamus (the "Second Petition."). The Second Petition was filed after Movants had filed the two motions before this Court that were decided on February 13, 2015.

2.  On February 4 and February 12, 2015, the First Circuit entered orders sealing portions of the record before the Court of Appeals in connection with the Second Petition. The February 12 order also ordered counsel to refrain from disclosing or discussing at the hearing any of the sealed materials.

A/76706396.1

3. On February 13, 2015, the defendant filed in the Court of Appeals a Motion to Unseal the unredacted version of his Second Petition and the government's Opposition. The defendant also requested leave to publicly refer to and/or quote analogous materials in subsequent First Circuit filings, and to discuss such information publicly at oral argument on February 19, 2015.

4. Later in the day on February 13, the First Circuit issued an order instructing the defendant to first ask this Court to unseal the materials at issue. *See generally* First Circuit Local Rule 11.0(c)(1) ("The court of appeals expects that ordinarily motions to seal all or part of a district court or agency record will be presented to, and resolved by, the lower court or agency.").

5. Depending upon this Court's ruling on defendant's motion for leave to reference and/or quote certain materials in public filings, Movants anticipate filing a motion with the First Circuit asking that the Court unseal record materials considered by the Court in ruling on the Second Petition and to permit reference to those materials during oral argument. *See generally Globe Newspaper Co. v. Pokaski*, 868 F.2d 497, 502 (1st Cir. 1989) ("This circuit, along with other circuits, has established a First Amendment right of access to records submitted in connection with criminal proceedings."); *Federal Trade Commission v. Standard Financial Management*, 830 F.2d 404, 409 (1st Cir. 1987) ("relevant documents which are submitted to, and accepted by, a court of competent jurisdiction in the course of adjudicatory proceedings, become documents to which the presumption of public access applies"). *See also Pokaski*, 868 F.2d at 502 ("without access to documents the public often would not have a 'full understanding' of the proceeding and therefore would not always be in a position to serve as an effective check on the system").

6. In view of the First Circuit's order requiring the defendant to first request relief from this Court before asking the Court of Appeals to unseal the record on appeal, and in view of the terms of First Circuit Local Rule 11.0(c)(1), Movants respectfully request that the Court unseal the materials referenced in defendant's pending motion so that Movants and the public may have access to them in connection with the Second Petition and in order to preserve

- 3 -

Movants' right to request such relief from the First Circuit should this Court deny defendant's motion.

WHEREFORE, Movants request that the Court unseal the following materials cited by the defendant or the government in support of or in opposition to the Second Petition:

a. Portions of Jury Questionnaires identifying jurors by designated juror numbers;

b. Transcripts of voir dire proceedings that have been conducted in public sessions;

c. The aggregate number of jurors found "provisionally qualified" as of particular dates during jury selection; and

d. Transcripts of the parties' arguments and this Court's decisions on individual juror qualifications.

Respectfully submitted,

**BOSTON GLOBE MEDIA PARTNERS, LLP; TRUSTEES OF BOSTON UNIVERSITY D/B/A WBUR-FM; AND CABLE NEWS NETWORK, INC.**

By their attorneys,

/s/Jonathan M. Albano
Jonathan M. Albano BBO #013850
jonathan.albano@morganlewis.com
Emma D. Hall BBO #687947
emma.hall@morganlewis.com
**MORGAN, LEWIS & BOCKIUS, LLP**
One Federal Street
Boston, MA  02110-1726
Phone: 617-951-8000
Fax:    617-951-8736

Dated:  February 15, 2015

- 4 -

## CERTIFICATE OF SERVICE

I, Jonathan M. Albano, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 15, 2015.

/s/Jonathan M. Albano
Jonathan M. Albano