UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 13-10200-GAO

UNITED STATES OF AMERICA

v.

DZHOKHAR A. TSARNAEV,
Defendant.

OPINION AND ORDER
February 17, 2015

O'TOOLE, D.J.

On February 3, 2015, the defendant filed a Second Petition for Mandamus with the United States Court of Appeals for the First Circuit, requesting an order commanding this Court to grant a change of venue.[1] He simultaneously filed a motion to stay jury selection and trial pending the disposition of his petition. On February 12, the Court of Appeals denied the defendant's motion to stay and scheduled argument on the petition, permitting the parties to file supplemental briefs. On February 13, the defendant moved the Court of Appeals to unseal certain currently sealed district court materials so that he could publicly quote from them. That same day, the Court of Appeals denied his request without prejudice, suggesting that he first seek relief from the seal from this Court. On Saturday, February 14, the defendant filed the present motion to unseal with this Court. On Sunday, February 15, the government opposed the motion, arguing that the defendant "has offered no compelling reason to violate juror privacy or to encourage further public dissemination of and speculation about juror information that he might

---

[1] See this Court's January 2, 2015 Opinion and Order (dkt. no. 887) and February 6, 2015 Opinion and Order (dkt. no. 1021).

then use to argue, improperly, demonstrates the need for a change of venue." (Gov't's Opp'n to Def.'s Mot. for Leave to Reference and/or Quote Certain Material in Public at 1 (dkt. no. 1036).)

Through his motion, the defendant "requests leave to reference information contained in and/or to use quotations from the following materials in pleadings and other documents filed . . . in both this Court and in the Court of Appeals," specifically (1) information from sealed juror questionnaires; (2) portions of currently sealed transcripts of publicly conducted voir dire; (3) the aggregate number of jurors this Court deemed qualified on particular dates; and (4) transcripts of the parties' arguments and this Court's rulings on the qualification of individual jurors. (Mot. for Leave to Reference and/or Quote Certain Materials in Public Filings at 1 (dkt. no. 1032).)

I interpret the defendant's request narrowly; unless otherwise hereafter expressly provided, the rulings of this Order apply specifically and only to the parties' already-filed opening papers regarding the pending mandamus petition, the parties' supplemental briefs due on February 17, and oral argument scheduled on February 19.[2]

In support of his present motion, the defendant cites a single case: United States v. Kravetz, 706 F.3d 47 (1st Cir. 2013). The case is inapposite. First, the factual circumstances of that case are very different from those at hand. Kravetz addressed a request to unseal by a journalist to vindicate a First Amendment claim to public access to sealed materials that had been relied on by the district judge in sentencing criminal defendants. That is a very different claim from the one the defendant makes here, which is to be allowed to quote selectively from sealed records to make an argument not so much to the Court of Appeals (which has access to all the sealed materials) as to the public at large. Kravetz says nothing about that proposition.

---

[2] Although this Order addresses the defendant's requests, the provisions apply with equal force to the government if it wishes to publicly quote from the sealed materials.

The Sixth Amendment guarantees the defendant both a public trial and a fair trial. To be sure, in many respects publicity conduces to fairness, see Waller v. Georgia, 467 U.S. 39, 46 (1984), but there are also circumstances in which temporary restrictions on public access are also necessary to assure a fair trial, see Presley v. Georgia, 558 U.S. 209, 213-14 (2010) (per curiam). In this case, the temporary sealing of the jury empanelment materials during the process is done for the particular purpose of assuring the defendant a fair trial.[3] In fact, the defendant originally wanted the completed juror questionnaires and the voir dire closed entirely to the public for that reason.[4] (See Def.'s Proposed Procedures for Jury Selection ¶ 10 (dkt. no. 681); Joint Proposed Juror Questionnaire at 2 (dkt. no. 713) (under seal); Def.'s Resp. at 4 (dkt. no. 718).)

Second, Kravetz addressed a post-judgment request to unseal records, not a mid-trial—let alone a mid-empanelment—request. It therefore provides no support for a request to unseal while the part of the proceedings in aid of which the sealing was ordered in the first place is still underway.

Finally, the Court in Kravetz recognized a distinction between case management actions by a trial judge and the resolution of substantive issues. Managing jury empanelment and

---

[3] The temporary sealing of some jury selection materials has been done primarily to obtain complete and candid answers by jurors, to avoid jury taint and contamination, and to prevent a potential chilling effect on jurors. While jurors are presumed to follow my instructions to avoid media accounts of events in the case, and so far have assured me they have, there is nonetheless a not insubstantial risk of inadvertent exposure from headlines and news teases or from unexpected comments from persons not subject to my order. Another reason materials are confidential at this point is to protect the privacy interests of the prospective jurors in this case, who have been asked deeply personal questions about their feelings about Muslims, the war on terror, immigration, religion, and the death penalty; possibly sensitive or embarrassing questions about hardship, disability, criminal history, and medication; and individually identifying questions regarding their dates of birth, towns of residence, race, employment, education, and ages and occupations of family members.

[4] He since has acquiesced in the arrangements that have been made, which include live streaming to overflow courtrooms and allowance for ten members of the public, two sketch artists, and two rotating pool reporters in the trial courtroom.

protecting the integrity of that process does not resolve substantive issues between parties, and therefore does not implicate the presumptive public access <u>Kravetz</u> described. Moreover, implicit in the Court's remand order in <u>Kravetz</u> was a recognition of the general policy to entrust such matters in the first instance to the district court.

A very large number of sealed filings exist in this case. A very large number of those have been sealed at the defendant's request. There are a variety of reasons sealing has been ordered, among them protecting defense strategy and work product, protecting law enforcement investigative materials not germane to issues in this case, and keeping from the public domain discovery materials that may never be used in evidence so as to prevent public discussion of "facts" that will never be properly available for the jury's fact-finding consideration.

Jury selection in a high profile case involves balancing judgments. As I have explained in a recent order, (Feb. 13, 2015 Op. and Order (dkt. no. 1029)), I have tried to accommodate public access with the need to assure an untainted jury selection process. In my judgment, it would be unsound and unnecessarily risky to revise mid-process the procedures that have been so far apparently successfully employed when we are so close to completing the process.

As to the specific sealed matters the defendant wishes to reference and quote publicly:

1) Juror questionnaires

Voir dire of prospective jurors has largely been done publicly and there is no reason the defendant (and the government) should not be able to refer to or quote what has already been made public in that process, including portions of juror questionnaires quoted during public questioning. To that extent, the seal can be avoided.

In all other respects, the defendant's request to unseal the questionnaires is denied. For example, the seal should continue for portions of the questionnaire not specifically quoted in the

public voir dire process. There is still a blanket confidentiality order in place regarding the questionnaires in accordance with the assurances I made to prospective jurors prior to the completion of the questionnaires, and I would prefer to be able to deal with that issue on a generalized basis, rather than trying to keep track of which parts of which questionnaires are public and which are still private. Moreover, as instructed, some jurors requested on their questionnaires that information of a sensitive or private nature not be made public, and we have not had the opportunity yet to review and determine whether that information should remain private.

Similarly, I would retain the present confidentiality of the questionnaires of all prospective jurors who have not been questioned in the public voir dire.

2) Transcripts from publicly conducted voir dire

The defendant may refer to or quote the portions of transcripts of publicly conducted voir dire. This of course does not apply to transcripts of sidebar discussions and does not imply permission to elaborate publicly on issues that were intentionally referenced only vaguely so as to avoid the need for a sidebar.

That I am permitting the defendant to quote from the currently sealed transcripts of publicly conducted voir dire does not mean that they should be unsealed generally at this time. The redaction period under the District's policy has not elapsed. See Fed. R. Crim. P. 49.1; Transcript Redaction Policy at 1, D. Mass. (2008). There have also been inadvertent references to juror names. Furthermore, specific determinations will have to be made regarding other information about which jurors expressed a desire to remain private. The defendant should similarly avoid any reference or quotation to material which is subject to redaction in these respects.

3) Aggregate number of jurors this Court deemed qualified on particular dates

As to the <u>numbers</u> of jurors provisionally qualified as of various dates during voir dire, I have no objection to disclosure. It bears emphasizing that they are as of this time provisionally, and not finally, qualified.

4) Transcripts of the parties' arguments and this Court's decisions on individual juror qualifications

All sidebar discussions regarding the qualification of potential jurors and my provisional rulings should remain sealed at this time, as they would at this stage in any case.

No substantial limitation on the defendant's ability to argue the petition to the Court of Appeals is imposed by maintaining the seal to the extent described herein. The Court of Appeals has the full record available to it, and in oral argument it should be sufficient for counsel to direct the Court's attention specifically to the places in the record where relevant matter can be found. That happens commonly in appellate argument even where the record is not sealed. The Court's ability to evaluate the merits of the defendant's claims is not improved simply by counsel's ability to quote publicly from sealed materials.

I remain steadfast in my commitment to having this case tried through the presentation of evidence in the courtroom, and not in the media. I hope the parties share that commitment.

For the foregoing reasons, the defendant's Motion for Leave to Reference and/or Quote Certain Materials in Public Filings (dkt. no. 1032) is GRANTED in part and DENIED in part as stated herein.

The defendant's Motion for Leave to File Reply (dkt. no. 1038) is GRANTED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge