UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Crim. No.13-10200-GAO |
| | ) | |
| DZHOKHAR A. TSARNAEV, | ) | FILED UNDER SEAL |
| Defendant | ) | |

### GOVERNMENT'S MOTION TO EXCUSE JURORS QUALIFIED ON DAYS ONE AND TWO OF INDIVIDUAL VOIR DIRE

On February 3, 2015, Tsarnaev filed a second petition for mandamus in the Court of Appeals seeking a change of venue. He argued, among other things, that the voir dire process on the first two days of individual voir dire was inadequate, and that the potential jurors qualified on those two days should therefore be deemed presumptively biased.

As the Court is aware, the parties made various arguments during the first two days of voir dire about the best procedures for questioning jurors. Tsarnaev requested, among other things, that the Court allow the attorneys more leeway to ask questions, especially concerning jurors' views about the death penalty. The Court considered the parties' requests, experimented with various procedures, and resolved all of the disputed issues. By the third day of voir dire, the Court essentially settled on a set of procedures that it (and the parties) have followed ever since.

Although the government does not agree that the five potential jurors qualified during the first two days of voir dire should be deemed presumptively biased, it recognizes the value of having a pool of jurors who were all qualified using the same procedures. The government therefore moves that the five potential jurors qualified on the first two days of voir dire – Jurors 21, 32, 35, 41, and 54 – be excused for cause. Serendipitously, those five jurors are roughly equally divided on an issue of importance to both parties, namely, their views on the death

penalty, so this motion should not be seen as a government effort to seek a tactical advantage under another guise. If experience is any guide, excusing these jurors will likely add only one additional day to jury selection. The government believes the extra effort is worth it to protect the jury selection process from attack on a future date.

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

By: /s/ Aloke Chakravarty
Aloke Chakravarty
Nadine Pellegrini
William D. Weinreb
Steven D. Mellin
Assistant U.S. Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that this document will be served upon counsel for the defense today.

/s/ Aloke Chakravarty
Aloke Chakravarty
Assistant United States Attorney

Date: February 17, 2015