UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**FILED UNDER SEAL**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 13-10200-GAO |
| | ) | |
| DZHOKHAR TSARNAEV | ) | |

**OPPOSITION TO GOVERNMENT'S MOTION TO EXCUSE JURORS
QUALIFIED ON DAYS ONE AND TWO OF INDIVIDUAL VOIR DIRE**

Defendant, Dzhokhar Tsarnaev, by and through counsel, respectfully submits this Opposition to the government's Motion to Excuse Jurors Qualified on Days One and Two of Individual Voir Dire ("Mtn.") [DE ___ (filed under seal on Feb. 17, 2015)].

The government opens its motion with a false premise: it claims the defendant argued, in his Second Petition for Writ of Mandamus (hereinafter "Second Petition"), "that the voir dire process on the first two days of individual voir dire was inadequate, and that the potential jurors qualified on those two days should therefore be deemed presumptively biased." Mtn. at 1. Tellingly, the government does not quote or cite any particular language in the Second Petition, which contains no such argument focused on the first two days of voir dire.

Rather, it was the *government* that relied, in its Opposition ("Opp.") to the defendant's Second Petition, on the first 20 or 30 jurors to be questioned. *See Opp.* at 13-

1

21.[1]  The government claimed that the voir dire of these jurors, specifically — all of whom were questioned during the first two days — demonstrated a "reassuring picture of their ability to be fair and impartial." Opp. at 13.  Now, ironically, the government requests that "the five potential jurors qualified on the first two days of voir dire" — products of an exemplary process, according to the government — "be excused for cause." Mtn. at 1.

The government's motion raises no new specific objections to particular jurors, nor does it rely on any particular identifiable deficiency of questioning on the first two days.  Instead, the government simply notes that the Court "experimented with various procedures" and that it would be best to have "a pool of jurors who were all qualified using the same procedures."  This does not supply a proper basis for a "cause" challenge.

The defendant opposes the motion.  Striking the 5 jurors whom the Court found qualified during the first two days of voir dire examination would not cure the broader problems with the voir dire in this case (*e.g.*, the Court's decision not to ask or permit the defendant's so-called "*Morgan*" questions) and indeed could well advantage the government in its exercise of peremptory strikes.  As a result, the defendant cannot agree to the government's request.  In doing so, the defendant preserves his specific and continuing objections to the conduct of voir dire, and to the attempt to seat a jury drawn from the Eastern Division of the District of Massachusetts.

---

[1] Specifically, the government pointed to the voir dire responses of the first 20 prospective jurors to support its claims regarding prejudgment of guilt or innocence, and of the first 30 jurors respecting their "connections" to the Marathon bombing and its aftermath.

The defendant's position is that the entire voir dire process is deficient. The government cannot be permitted to eliminate jurors strategically by, in effect, conceding that that a selected part of the voir dire warrants a "group" strike for cause. Absent a specific basis for objection to a specific juror, the voir dire process, and the panel of qualified jurors, must be viewed as a whole. Granting the government's motion would undermine the random ordering of jurors required under the local Jury Plan and invite further strategic mischief.

For all of the foregoing reasons, the government's motion should be denied.

Respectfully submitted,

DZHOKHAR TSARNAEV
by his attorneys

/s/

Judy Clarke, Esq. (CA Bar # 76071)
CLARKE & RICE, APC
1010 Second Avenue, Suite 1800
San Diego, CA 92101
(619) 308-8484
JUDYCLARKE@JCSRLAW.NET

David I. Bruck, Esq.
220 Sydney Lewis Hall
Lexington, VA 24450
(540) 460-8188
BRUCKD@WLU.EDU

Miriam Conrad, Esq. (BBO # 550223)
Timothy Watkins, Esq. (BBO # 567992)
William Fick, Esq. (BBO # 650562)
FEDERAL PUBLIC DEFENDER OFFICE
51 Sleeper Street, 5th Floor
(617) 223-8061

MIRIAM_CONRAD@FD.ORG
TIMOTHY_WATKINS@FD.ORG
WILLIAM_FICK@FD.ORG

## Certificate of Service

I hereby certify that I have caused this document to be served on counsel for the United States by e-mail PDF on February 23, 2015.