UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**FILED UNDER SEAL**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 13-10200-GAO |
| | ) | |
| DZHOKHAR TSARNAEV | ) | |

**REPLY TO GOVERNMENT'S OPPOSITION TO DEFNENDANT'S MOTION
TO BAR SPOLIATION OF BOAT WRITINGS
AND TO MAKE BOAT AVAILABLE TO JURY**

Defendant, Dzhokhar Tsarnaev, by and through counsel, respectfully submits this Reply to the Government's Opposition ("Opp.") [DE 944] to his Motion to Bar Spoliation of Boat Writings and to Make Boat Available to Jury [DE 918].

The government contends that the "statement Tsarnaev penned inside the boat is one of the most important pieces of evidence in the case" because it amounts to a confession and depicts his motive and state of mind. Opp. at 2. As such, the government asserts an entitlement "to present its best evidence to the jury." *Id.* Yet having taken this position, the government would modify and alter the evidence by, literally, cutting the words, alone, from the moveable object on which they were scrawled. The government cannot have it both ways.

The internal inconsistency of the government's position emerges vividly in the cases that it cites. In one breath, it advances the proposition that only the original will do. Opp. at 3 ("The government should not be limited to introducing photographs of the defendant's writings rather than the writings themselves."). And then in the next breath it

1

responds to the defense request to preserve and view the boat itself with cases holding that a "view" may be denied when "there is sufficient evidence describing the scene in the form of testimony, diagrams, or photographs"). Opp. at 3-4.

The government even goes so far as to cite a "conspiracy theory" website to suggest a "danger that some jurors will doubt the writings are real." Opp. to 3. To the extent this is a genuine concern, surely maintaining the integrity of the evidence — the entire boat — is the best way to "dispel[ ] doubts" about whether it was "feasible for Tsarnaev to have written the message at all."

The two cases the government cites for the proposition that the government may "manipulate or even destroy potential" evidence, Opp. at 5-6, are inapposite. Neither case involved a pre-trial defense request to preserve and view evidence. Rather, the appellants sought reversal on direct appeal arising from alteration or loss of "evidence" that, the Court found, was marginally relevant at best.[1]

Here, physical context is everything. The government wants to argue inferences about the defendant's motive, that is, his state of mind, based on the boat writings. The only way the jury can fully assess this evidence is to see the actual location of the writings and the conditions under which they were made.

---

[1] *United States v. Alston*, 112 F.3d 32 (1st Cir. 1997), was a gun possession cases where the defense claimed it was improper for the government to have cleaned, removed rust from, and test fired the weapon at issues. *Id.* at 35-36. *United States v. Guerrero*, 114 F. 3d 332 (1st Cir. 1992) involved charges of drug possession on vessel where, after the arrest and seizure, the Coast Guard scuttled the vessel, which was already sinking, in order to protect navigation. *Id.* at 345. The boat itself had no evidentiary value in that case.

The government's logistical objections are speculative at best. Members of the defense team were able to view the boat writings by either standing on a hydraulic lift platform and/or climbing part way up a stepladder. It was not necessary to step into or touch the boat and thus there was no risk of exposure to the purported debris that the government describes. In any event, if required, any such debris could be isolated or cleared without otherwise damaging the integrity of the evidence. And, of course, the government has available a typed transcription, close-up photographs, and testimony to the extent any juror has difficulty reading any part of the writings in the boat itself.

The government has not demonstrated that a "view" at the Courthouse is impractical. Alternatively, the boat is currently located at a large indoor facility in greater Boston adjacent to a major highway exit. A "view" at that facility or another convenient location would not require undue time. Basic measures could be taken to protect juror privacy and the dignity of the proceedings.

For the foregoing reasons, as well as those set forth in the original Motion, the Court should bar the government from cutting the boat and should order that the boat be made available to view at trial.

Respectfully submitted,

DZHOKHAR TSARNAEV
by his attorneys

_____

Judy Clarke, Esq. (CA Bar # 76071)
CLARKE & RICE, APC
1010 Second Avenue, Suite 1800

San Diego, CA 92101
(619) 308-8484
JUDYCLARKE@JCSRLAW.NET

David I. Bruck, Esq.
220 Sydney Lewis Hall
Lexington, VA 24450
(540) 460-8188
BRUCKD@WLU.EDU

Miriam Conrad, Esq. (BBO # 550223)
Timothy Watkins, Esq. (BBO # 567992)
William Fick, Esq. (BBO # 650562)
FEDERAL PUBLIC DEFENDER OFFICE
51 Sleeper Street, 5th Floor
(617) 223-8061
MIRIAM_CONRAD@FD.ORG
TIMOTHY_WATKINS@FD.ORG
WILLIAM_FICK@FD.ORG

## Certificate of Service

I hereby certify that I have caused this document to be served upon counsel for the United States buy e-mail PDF on February 25, 2015.

_____