UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 13-CR-10200-GAO |
| v. ) | |
| ) | |
| DZHOKHAR TSARNAEV ) | |

## FOURTH MOTION FOR CHANGE OF VENUE

Defendant, Dzhokhar Tsarnaev, by and through counsel, and pursuant to Fed. R. Crim. P. 21, and the Fifth, Sixth, and Eighth Amendments to the United States Constitution, and to ensure that the record is fully preserved, hereby moves that the Court cease jury selection in Boston, order a change of venue, and move his trial outside the District of Massachusetts.

Defendant recognizes that this Court has denied his three prior motions for change of venue and that the First Circuit has denied his two requests for relief via mandamus. However, as set out in defendant's memorandum in support of his Third Motion for Change of Venue [DE 981:2-3], courts have held that it is appropriate to renew a request for a change of venue before trial and during voir dire as circumstances evolve, and at least one court has suggested the failure to renew a venue challenge after voir dire may be viewed as a waiver. Voir dire has now produced the provisionally qualified jurors from whom this Court will have the parties exercise their peremptory challenges. Accordingly, to complete the record in support of the request for a change of venue after the selection of the provisionally qualified jurors, defendant submits the additional information set out below and files this motion based on the entirety of the record.

1

Defendant incorporates by reference the substantive filings (with appended exhibits) made in connection with the third venue motion [DE 980, 981, 996], the second venue motion [DE 686, 696, 774, 779, 780, 852] and the first venue motion [DE 376, 461], as well as filings concerning "leaks" of non-public information by law enforcement. [DE 280, 336, 438, 616, 680.]

Defendant also incorporates by reference his Motion to Strike All Provisionally Qualified Jurors or, in the Alternative, for Further Voir Dire, and Exhibits A and B to that motion [DE ___ (filed under seal on February 27, 2015 )], in support of the contention that voir dire cannot cure, and has not cured, the presumptive prejudice in this case. In that motion, Mr Tsarnaev provided the following aggregate analysis of questionnaire data. Among the 75 provisionally qualified jurors:

- forty-two (42), or 56%, self-identified in their questionnaires some connection to the events, people, and/or places at issue in the case;

- twenty-three (23),[1] or 31%, stated in their questionnaires that they had formed the opinion that Mr. Tsarnaev "is" guilty, with one (1) of those twenty-three (23) stating in the questionnaire that he would be unable to set aside that belief;

- Overall, forty-eight (48) or 64% either believe that Mr. Tsarnaev is guilty, or have a self-identified connection, or both, based on their questionnaires.

In addition, as reflected in the juror-by-juror chart attached as Exhibit A to the motion to strike the panel, multiple jurors revealed additional connections, allegiances, or other problematic issues during voir dire, and further connections, allegiances, and issues were uncovered by independent defense investigation. Taking that additional information into

---

[1] One additional juror checked both "yes" and "unsure" of guilt and then wrote in "probably."

account, fifty-seven (57) or 76 % of the panel have connections or allegiances to the events, people/and or places at issue.

Mr. Tsarnaev further notes that responses from the entire group of 1,373 jurors concerning what others said to them about possible jury service (question 75) are also relevant to evaluating the community sentiment surrounding the Marathon bombings and their aftermath.

Defendant also incorporates by reference the facts, authorities and arguments described in the dissenting opinion of Judge Torruella in the First Circuit's denial of mandamus relief in *In re Tsarnaev*, No. 15-1170 (decided February 27, 2015). Of particular note, the security measures taken in connection with the trial of this case provide additional reminders of the community impact of the Marathon bombings that will have unique impact on jurors who lived through those events.

Finally, as further illustration of the ongoing and pervasive public reminders of the Marathon bombings and their aftermath, defendant attaches, as Exhibit A, photographs (previously submitted to the First Circuit) taken on February 12, 2015 of a cement mixer in the construction site in front of the Courthouse displaying the sentiments: "Boston Strong"; "This is Our ******* City"; and "Thank You First Responders". An additional photograph, taken earlier in 2014, shows a "Boston Strong" banner hanging from a building adjacent to the Courthouse.

Based on the totality of the information submitted in this and prior venue pleadings to date, this Court should order a change of venue and hold a hearing to determine the appropriate venue of transfer.

Respectfully submitted,
DZHOKHAR TSARNAEV
by his attorneys

*/s/*   William W. Fick

Judy Clarke, Esq. (CA Bar # 76071)
CLARKE & RICE, APC
1010 Second Avenue, Suite 1800
San Diego, CA 92101
(619) 308-8484
JUDYCLARKE@JCSRLAW.NET

David I. Bruck, Esq.
220 Sydney Lewis Hall
Lexington, VA 24450
(540) 460-8188
BRUCKD@WLU.EDU

Miriam Conrad, Esq. (BBO # 550223)
Timothy Watkins, Esq. (BBO # 567992)
William Fick, Esq. (BBO # 650562)
FEDERAL PUBLIC DEFENDER OFFICE
51 Sleeper Street, 5th Floor
(617) 223-8061
MIRIAM_CONRAD@FD.ORG
TIMOTHY_WATKINS@FD.ORG
WILLIAM_FICK@FD.ORG

## Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 2, 2015.

*/s/* William W. Fick