UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **Crim. No.13-10200-GAO** |
| | ) | |
| **DZHOKHAR A. TSARNAEV,** | ) | |
| **Defendant** | ) | |

## GOVERNMENT'S OPPOSITION TO
## DEFENDANT'S FOURTH MOTION FOR CHANGE OF VENUE

The government opposes Tsarnaev's fourth motion for change of venue. We incorporate by reference our three previous oppositions (and surreply) to Tsarnaev's earlier motions to change venue and respond only to Tsarnaev's erroneous characterization of the questionnaire data.

The government disagrees with Tsarnaev's claim that 42, or 56%, of the qualified panel members "self-identified in their questionnaires some connection to the events, people and/or places at issue at the case." Tsarnaev appears to have calculated this statistic by including every juror who provided a positive response to Question 81, 82, or 83 of the questionnaire. But potential jurors who gave a positive answer to Question 82 did not necessarily "self-identify" in their questionnaires a personal "connection" to this case or the underlying events. For one thing, the question embraces anyone in the juror's "family or household," which does not necessarily imply a personal connection. For another thing, jurors who, say, gave a token amount of money to the One Fund, or received a Boston Strong keychain as a gift, would not necessarily consider that a personal "connection" to the case or the underlying events. To include such jurors in a statistic that purports to identify the number of panel members with a "self-identified" personal "connection" to the Boston Marathon events is fundamentally inaccurate.

Questions 81 and 83 likewise embrace "a family member, or close friend" (Question 81) and "anyone close to you" (Question 83). Accordingly, Tsarnaev's use of positive answers to those questions in his calculations is subject to the same criticism.

Tsarnaev had an opportunity during voir dire to ask follow-up questions of any potential juror who gave a positive answer to Questions 81, 82, or 83. In many cases, he did not do so, undoubtedly because many of the "connections" identified in the answers are plainly too trivial to warrant follow-up. All jurors who were asked follow-up questions about purported "self-identified" "connections" to the Boston Marathon events said that those purported "connections" would not affect their ability to be fair or impartial.

Although Tsarnaev may be correct in stating that 23, or 31%, of qualified panel members stated in their questionnaires that they had formed an opinion based on pretrial publicity that he is guilty, many of them qualified that answer during voir dire by stating that the opinion was weakly held precisely because it was based only on media reports and not on evidence. All of them affirmed during voir dire that they would not carry that opinion into the jury box but rather would set it aside and would presume the defendant to be innocent of each charged crime unless and until the government proved him guilty of that crime beyond a reasonable doubt. All said that if the evidence at trial did not prove Tsarnaev guilty of a particular charge, they would find him not guilty of that charge, regardless of any opinion they might have formed before trial based on pretrial publicity.

The government disagrees that what others may have said to panel members about possible jury service (Question 75) is relevant to evaluating the community sentiment surrounding the Marathon bombings and their aftermath. Tsarnaev does not claim, and could not possibly show, that the answers to Question 75 are a statistically sound representative sampling of community

sentiment about this case.

WHEREFORE, the government respectfully requests that the Court deny Tsarnaev's fourth motion for a change of venue.

Respectfully submitted,

CARMEN M. ORTIZ
UNITED STATES ATTORNEY

By:  /s/ William D. Weinreb
WILLIAM D. WEINREB
ALOKE S. CHAKRAVARTY
NADINE PELLEGRINI
Assistant U.S. Attorneys
STEVEN MELLIN
Trial Attorney, Department of Justice

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ William D. Weinreb*
WILLIAM D. WEINREB