```
            UNITED STATES DISTRICT COURT
             DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA    )
                            )
     v.                     )      Crim. No.13-10200-GAO
                            )
DZHOKHAR A. TSARNAEV,        )
          Defendant         )
```

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S SECOND MOTION TO DISMISS THE INDICTMENT AND STAY PROCEEDINGS PENDING RECONSTITUTION OF THE JURY WHEEL**

The United States, by and through its undersigned counsel, respectfully opposes the second motion of the Defendant, Dzhokhar Tsarnaev ("Tsarnaev") to dismiss the indictment and/or to stay further proceedings pending reconstitution of the jury wheel.

Tsarnaev previously moved to dismiss the Indictment based upon the selection of the jurors who returned it. He claimed that (1) the District of Massachusetts Plan for Random Selection of Jurors ("Plan") had been violated because there was an inadequate supplemental draw; and (2) the Plan violated the Sixth Amendment and the Jury Selection and Service Act ("JSSA")'s fair

cross-section requirement by systemically excluding African-Americans and individuals over the age of 70. Tsarnaev's motion was denied and all of his arguments were rejected by the Court. [Dkt. 608]. The Court found that Tsarnaev failed to show that the omission of 19 replacement summonses "compromised either the principle of random selection of jurors or the principle that juror qualification is to be assessed on objective criteria." Id. at 5. The Court further found that Tsarnaev failed to show that a distinctive group was not fairly and reasonably represented or that any such underrepresentation resulted from systematic exclusion in the jury selection process. Id.

Tsarnaev's current motion requests dismissal based upon the selection of the petit jury. His motion makes no new argument. Tsarnaev correctly recognizes that the Court's reasons for denying his earlier motion apply with equal force to his current motion and require that it be denied.[1]

---

[1] In his first motion, Tsarnaev conceded that he failed to demonstrate that the representation of African-

Although Tsarnaev claims in the current motion that the Court violated the Jury Plan by "renumbering" panel members, his factual assertions are wrong and his analysis is faulty and without support.

On January 7, 2015, Tsarnaev filed a motion claiming that, during the two previous days, potential jurors summonsed into Court to fill out jury questionnaires had been unlawfully "reshuffled." He further claimed that this "reshuffling" disadvantaged him. Tsarnaev requested that the jurors be questioned during *voir dire* in the same sequence in which they were summonsed.

The Court rejected the motion, explaining that Tsarnaev had mistaken the sequence numbers assigned to potential jurors with the actual jury numbers assigned to them once they have appeared at court for jury assignment.  As explained by the Jury Administrator to

---

Americans on the jury wheel was not "fair and reasonable." (Court Order, p. 6). As in his first motion, Tsarnaev continues to ignore the prevailing case law of this circuit and presses his argument that there is a recognized distinctive group of individuals over the age of 70.

the Court and to both parties, the sequence number determines the date and time that potential jurors must appear at the courthouse, but once those potential jurors are assembled, and after each has filled out a questionnaire, a computer program randomly assigns a juror number to each individual.

Tsarnaev previously made, and continues to make, the erroneous argument that this assignment of juror numbers was, in his case, a re-ordering that had "systemic effects on the order." But, as the Court's explanation makes clear, it was not a re-ordering but the actual ordering itself. Tsarnaev provides no information in support of his claim and makes no attempt to explain how the use of a computer program to randomly assign numbers is a systemic method of unlawful discrimination. In particular, it is clear that the random assignment of juror numbers to potential jurors is not affected by the potential juror's timeliness or other commitments.

Tsarnaev claims that the "reshuffling" resulted in

there being no African-Americans within the first 94 jurors.  He states that there would have been at least five African-Americans higher up in the order without the "reshuffling."  However, the JSSA requires that a jury venire be drawn from a fair cross section of the community.  Neither it nor any other law entitles a defendant to either a jury of any "particular composition" or a venire that "will be 'a substantially true mirror of the community.'" (Dkt. 608, at 5.) Tsarnaev also is not entitled to have particular panel members be questioned during voir dire in a particular order. The venire must be considered as a whole and not in a piecemeal fashion, as Tsarnaev suggests.  Indeed, Tsarnaev's own statistics fail to support his claim. All of the individuals he claims were moved "back" remained in the first panel of jurors to be considered.[2]

---

[2] The government's review of the of the composition of the first panel, referred to as Panel A and consisting of 223 jurors, was as follows:
White - 191 (85%)
Hispanic - 6 (3%)
African American - 8 (4%)
Asian - 14 (6%)
Other - 4 (2%) (2 American Indian/White, one Lebanese,

It is simply nonsensical to argue exclusion when the individuals were present.

Therefore, the Court should deny Tsarnaev's motion to dismiss the indictment or, alternatively, to stay the proceedings.

                                Respectfully submitted,
                                CARMEN M. ORTIZ
                                UNITED STATES ATTORNEY
                                By: /s/ Nadine Pellegrini
                                WILLIAM D. WEINREB
                                ALOKE S. CHAKRAVARTY
                                NADINE PELLEGRINI
                                Assistant U.S. Attorneys
                                STEVEN MELLIN
                                Trial Attorney, Department of Justice

---

and one Guyanese).

    Tsarnaev agreed to excuse the following individuals in Panel A:
White - 35 (68%)
Hispanic - 2 (4%)
African-American - 2 (4%)
Asian - 10 (20%)
Other - 2 (4%) (one American Indian/White and one Guyanese)

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system, was sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on March 2, 2015.

> */s/ Nadine Pellegrini*
> NADINE PELLEGRINI
> Assistant U.S. Attorney