FILED
IN CLERKS OFFICE

2015 MAR 5 AM 9:16

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

U.S. DISTRICT COURT
DISTRICT OF MASS.

**FILED UNDER SEAL**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 13-10200-GAO |
| ) | |
| DZHOKHAR TSARNAEV ) | |

### DEFENDANT'S RENEWED MOTION TO EXCLUDE
### VICTIM IMPACT EVIDENCE RELATED TO BOMBING SURVIVORS

The defendant's January 9, 2015 Status Report and Notice of Guilt Phase Evidentiary Issues and Objections included a motion *in limine* captioned "Exclusion of Victim Impact Evidence Related to Bombing Survivors." DE 933-5 (sealed) at 15-18. The motion argued that the Court should exclude testimony and evidence about the long-term physical, psychological, economic and social effects of the injuries experienced by surviving victims of the Marathon bombing, on the grounds that such evidence constitutes inadmissible "victim-impact" testimony that is inadmissible under the Federal Death Penalty Act. 18 U.S.C. § 3593 (a). *United States v. Sampson*, 335 F.Supp. 2d 66, 193 (D. Mass. 2004); *United States v. Gooch*, 2006 WL 3780781 (D. D.C. 2006). The government responded as follows:

> Although the government does not intend to offer victim-impact testimony from bombing survivors during the guilt phase, not all testimony about the bombings' long-term effects on victim-witnesses is victim-impact testimony. Put another way, some testimony about those long-term effects has relevance independent of its bearing on the seriousness of the capital crimes. Many of the counts in the indictment allege (either directly or by reference) that the Marathon bombings "maimed, burned, and wounded scores" of individuals or "resulted in

1

> personal injury to many persons." The government is entitled to prove these allegations through victim testimony. In addition, the long-term effects of the bombings on victim-witnesses may help explain why certain witnesses cannot remember certain events — or why they remember them with particular sharpness and certainty. It also may corroborate witnesses' accounts of things they saw or felt at the scene. Under the circumstances, objections to testimony on this ground are
> better made on a question-by-question basis rather than in a motion in limine.

Government's Response to Defendant's Status Report and Notice of Guilt Phase Evidentiary Issues and Objections at 16, DE 1068 (filed under seal on February 24, 2015). Based on the government's representation that it would not offer any evidence concerning the long-term sequelae of the surviving victims' injuries absent some particularized showing of relevance, the defendant withdrew his motion.

The first three seriously injured survivors have now testified, and their testimony requires that defendant renew his motion and request a ruling *in limine*. By way of example, the government elicited testimony from survivors about extremely moving hospital reunions with family members, surgical procedures that they underwent as long as 19 months after the bombings, and difficulties finding appropriate prosthetic devices. None of this testimony could have been justified under either of the government's proffered rationales, which were

(1) that it was entitled to prove the indictment's allegations that "[e]ach explosion killed at least one person, maimed, burned, and wounded scores of others," and "resulted in personal injury," and

(2) that the long-term effects of these injuries might be relevant to a witness's memory or perception.

Rather, a substantial portion of the testimony that the government elicited from the witnesses Rebekah Gregory, Sydney Corcoran and Karen McWaters was essentially victim-impact evidence of a sort that is normally admissible when a defendant is being sentenced for the particular offense that caused these witnesses' injuries — but not at either stage of a capital homicide trial such as this one.

The reasons why such non-homicide victim-impact evidence should be excluded were set forth in the defendant's prior pleading, DE 933-5 at 15-18, and need not be repeated here. The first day of trial has dramatically illustrated the impracticality and unfairness of the government's suggestion that "objections to testimony on this ground are better made on a question-by-question basis rather than in a motion in limine." To have interrupted the riveting and intensely moving testimony of these three surviving witnesses so as to interpose an objection would have shocked and perhaps even angered the jury, and so would have compounded the harm from allowing such testimony in the first place. The testimony referred to not was not spontaneously interjected by any of these very dignified and articulate witnesses, but was carefully elicited by government counsel. Under the circumstances, and contrary to the government's earlier representation, this issue is clearly one that requires an in limine ruling to establish meaningful limits on the evidence that the jury may hear regarding the long-term sequelae of bombing survivors' injuries.

Nothing in this motion is intended to deprive surviving victims of the Marathon bombings of their opportunity to testify concerning the full effects of the crime upon their lives and upon their loved ones. The opportunity for victims to be heard is guaranteed by

3

both federal law and simple decency. The only issue raised by this motion is *at which proceeding* such an opportunity should be afforded — the sentencing for the crimes against those victims, or the guilt-or-innocence phase of the defendant's capital trial, in the presence of a jury that must eventually impose sentence for the capital offenses, but that has no sentencing authority for the noncapital counts. For the reasons set forth in DE 933 and renewed here, the defendant submits that his sentencing for all non-capital counts should not be prejudicially conflated with the liability phase of his capital case, and that the Court should grant this renewed Motion to Exclude Victim Impact Evidence Related to Bombing Survivors.

Respectfully submitted,

DZHOKHAR TSARNAEV
by his attorneys

/s/ Judy Clarke

Judy Clarke, Esq. (CA Bar # 76071)
CLARKE & RICE, APC
1010 Second Avenue, Suite 1800
San Diego, CA 92101
(619) 308-8484
JUDYCLARKE@JCSRLAW.NET

David I. Bruck, Esq.
220 Sydney Lewis Hall
Lexington, VA 24450
(540) 460-8188
BRUCKD@WLU.EDU

Miriam Conrad, Esq. (BBO # 550223)
Timothy Watkins, Esq. (BBO # 567992)
William Fick, Esq. (BBO # 650562)

4

FEDERAL PUBLIC DEFENDER OFFICE
51 Sleeper Street, 5th Floor
(617) 223-8061
MIRIAM_CONRAD@FD.ORG
TIMOTHY_WATKINS@FD.ORG
WILLIAM_FICK@FD.ORG

**Certificate of Service**

I hereby certify that this document is being served upon counsel for the United States by hand delivery and e-mail PDF.

5