UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES,<br><br>　　　　v.<br><br>DZHOKHAR A. TSARNAEV,<br><br>　　　　Defendant. | )<br>)<br>)　CRIMINAL ACTION<br>)　NO. 1:13-cr-10200-GAO<br>)<br>)<br>) |

**MOTION OF PRESS INTERVENORS TO UNSEAL WITNESS/EXHIBIT LISTS AND REQUEST FOR EXPEDITED ORDER**

　　　　Boston Globe Media Partners, LLP, publisher of The Boston Globe; Trustees of Boston University, D/B/A WBUR-FM; and Cable News Network, Inc. ("Movants") respectfully request that the Court issue an order unsealing the witness and exhibit lists filed by the parties. Because of the importance of this information to ongoing news coverage of the trial of this case, movants respectfully request an expedited ruling on their motion. *See generally Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 561 (1976) ("As a practical matter ... the element of time is not unimportant if press coverage is to fulfill its traditional function of bringing news to the public promptly."); *Globe Newspaper Co. v. Pokaski*, 868 F.2d 497, 507 (1st Cir. 1989) ("even a one to two day delay impermissibly burdens the First Amendment").

**Procedural History**

　　　　On October 20, and November 13, 2014, the Court issued orders requiring the parties to file witness and exhibit lists on December 15 and 29, 2014. *See* Orders 612, 651. The parties filed a number of documents on those dates, all of which were filed under seal.

　　　　On March 2, 2015, the Court ordered the parties to submit electronic copies of exhibit lists to the Court. The Court also ordered the government to submit a revised list of witnesses and exhibits for the first two weeks to the defendant and Court, and required such disclosures to continue on a rolling, weekly basis. *See* Order 1111. To this date, none of the witness or exhibit lists are publicly available.

A/76736915.1

## Argument

### A. The Public Has A First Amendment and Common Law Right of Access to the Exhibit and Witness Lists.

The public's common law and constitutional right of access to judicial records is well-established. *See e.g., Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 599 (1978) (common law); *Federal Trade Commission v. Standard Financial Management Corp.*, 830 F.2d 404, 410 (1st Cir. 1987) (common law); *In re Providence Journal Co., Inc.*, 293 F.3d 1, 13, 15 (1st Cir. 2002) (First Amendment); *Pokaski*, 868 F.2d at 502 (First Amendment).

Under the First Amendment, public access to a judicial record cannot be restricted absent findings that such an order is "essential to preserve higher values and is narrowly tailored to serve that interest." *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 13-14 (1986) ("*Press-Enterprise II*"); *Pokaski*, 868 F.2d at 505. Indeed, although "[n]o right ranks higher than the right of the accused to a fair trial," *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 508 (1984) ("*Press-Enterprise I*"), even where fair trial rights are at stake, a closure order is proper "only if specific findings are made demonstrating that, first, there is a substantial probability that the defendant's right to a fair trial will be prejudiced by publicity that closure would prevent and, second, reasonable alternatives to closure cannot adequately protect the defendant's fair trial rights." *Press-Enterprise II*, 478 U.S. at 14. *See also Providence Journal*, 293 F.3d at 15 ("restrictions on access to presumptively public judicial documents should be imposed only if a substantial likelihood exists that the accused's right to a fair trial will otherwise be prejudiced"). "[T]his inquiry requires specific findings; the First Amendment right of public access is too precious to be foreclosed by conclusory assertions or unsupported speculation." *Id.*

The public's common law right of access also is "no paper tiger," *Standard Financial Management*, 830 F.2d at 410. The party seeking to seal bears the burden of persuasion. *Id.* at 411; *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). "Only the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983). Conclusory assertions of the need for closure are not accepted as surrogates for hard facts, and doubts are to be resolved in favor of public

- 3 -

access.  *Continental Illinois Securities Litigation*, 732 F.2d at 1313; *Standard Financial Management*, 830 F.2d at 412; *Siedle v. Putnam Investments, Inc.*, 147 F.3d 7, 10 (1st Cir. 1998).

Even when these formidable standards are met, the remedy is not an automatic blanket sealing of entire records.  Rather, any sealing order must be "narrowly tailored" to serve its intended interest.  *Press-Enterprise II*, 478 U.S. at 13-14; *Pokaski*, 868 F.2d at 505; *Siedle*, 147 F.3d at 12 & n.16.  *See also Providence Journal*, 293 F.3d at 15 (First Amendment right of access requires "consideration of the feasibility of redaction on a document-by-document basis").

In this case, public access to the exhibit and witness lists will facilitate news reporting of the trial and promote public understanding of the judicial process.  The information contained in the lists, moreover, is not by its nature private since all of the exhibits are presumptively public and all of the witnesses will testify in open court.  Nor is there any danger, now that the jury is seated, that disclosure will interfere with the jury selection process.  Under these circumstances, movants respectfully submit that the parties cannot carry their burden of demonstrating that continued sealing of the exhibit and witness lists is either "essential to preserve higher values" or "narrowly tailored to serve that interest."  *Press-Enterprise II*, 478 U.S. at 13-14.  *See also Pokaski*, 868 F.2d at 505; *Providence Journal*, 293 F.3d at 15.

WHEREFORE, movants request that the Court issue an order unsealing the witness and exhibit lists filed with the Court.

- 4 -

Respectfully submitted,

**BOSTON GLOBE MEDIA PARTNERS, LLP;
TRUSTEES OF BOSTON UNIVERSITY D/B/A
WBUR-FM; AND CABLE NEWS NETWORK, INC.**

By their attorneys,

/s/Jonathan M. Albano
_____
Jonathan M. Albano BBO #013850
jonathan.albano@morganlewis.com
Emma D. Hall BBO #687947
emma.hall@morganlewis.com
**MORGAN, LEWIS & BOCKIUS, LLP**
One Federal Street
Boston, MA  02110-1726
Phone: 617-951-8000
Fax:     617-951-8736

Dated:  March 5, 2015

- 5 -

## CERTIFICATE OF SERVICE

I, Jonathan M. Albano, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 5, 2015.

<div style="text-align:right">
/s/Jonathan M. Albano  
Jonathan M. Albano
</div>