UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 13-10200-GAO

UNITED STATES OF AMERICA

v.

DZHOKHAR A. TSARNAEV,
Defendant.

OPINION AND ORDER
[UNDER SEAL]
March 13, 2015

O'TOOLE, D.J.

The defendant has moved the Court pursuant to Rule 15(c)(3) of the Federal Rules of Criminal Procedure to authorize the foreign deposition of Magomed Kartashov and to order the government to request that Russian authorities make him available for questioning. The government opposes the motion.

The defendant maintains that Kartashov is a cousin of the defendant's mother and a leader of an Islamist organization in Dagestan. The defendant says that Kartashov is currently incarcerated in a penal colony in Russia, but previously was interviewed by FBI agents at the request of the United States government in June of 2013. In February 2014, the government produced to the defendant a redacted copy of the FBI 302 report describing the interview.

According to the 302, Kartashov spent time with Tamerlan Tsarnaev when Tamerlan visited Dagestan in 2012. Kartashov provided information about Tamerlan during that time period, including details about Tamerlan's radicalization, his desire to be involved in jihadist efforts in the North Caucasus region, and his familiarity with Islamist militant teachings available on the Internet.

During the interview with the FBI, Kartashov described two conversations he had with Tamerlan via Skype after Tamerlan returned to the United States. The government has produced transcripts of the Skype communications.

The defendant is therefore in possession of Kartashov's FBI 302 and transcripts of Skype communications between Tamerlan and Kartashov, all of which provide information supporting the defendant's claims about Tamerlan's radicalization. Because mitigating information in a sentencing phase would not have to meet the standards of admissibility established by the Federal Rules of Evidence, see 18 U.S.C. § 3593(c), it is likely that the defendant would be able to present to the jury the substance of any potential deposition testimony by Kartashov, perhaps by stipulation or perhaps by being allowed to introduce the statement or Skype transcripts directly. The defendant has not proffered what different or additional information on the topic would emerge from a deposition. It should be noted that depositions in criminal cases are intended to preserve expected testimony for presentation at trial, see Fed. R. Crim. P. 15(a)(1), rather than to provide a means to pursue discovery.

Furthermore, as a practical matter, Kartashov's deposition appears unattainable on this record. Even assuming the defendant has sustained his burden under Rule 15(a)(1) and 15(c)(3), a dubious proposition given the apparent cumulativeness of the likely testimony, it is doubtful that the government could help the defendant depose Kartashov. The "tool" the defendant requests the Court to order the government to invoke, the Treaty Between the United States of America and the Russian Federation on Mutual Legal Assistance in Criminal Matters ("US–Russia MLAT"), plainly does not confer the right on a private individual to obtain evidence. US–Russia MLAT, art. 1, ¶ 4, June 17, 1999, T.I.A.S. No. 13046 ("This Treaty is intended solely for cooperation and legal assistance between [the United States and the Russian Federation]. The

provisions of this Treaty shall not give rise to a right on the part of any other persons to obtain evidence . . . .") No party has suggested any other practicable mechanism for securing Kartashov's attendance through the government's assistance: the defendant states that issuance of letters rogatory would be futile and the government represents that Russia will not cooperate with any requests from the United States unless one is made through the US–Russia MLAT. Compare Unites States v. Theresius Filippi, 918 F.2d 244, 247 (1st Cir. 1990) (finding that failure to issue subpoena was not a violation of the Sixth Amendment where government had no power to compel presence of foreign national residing outside the United States, but that failure to make willing witness's presence at trial possible by requesting Special Interest Parole from the INS did violate the Sixth Amendment).

      Accordingly, the defendant's Motion for Foreign Deposition (dkt. no. 669) (under seal) is DENIED.

      It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge