UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 13-10200-GAO

UNITED STATES OF AMERICA

v.

DZHOKHAR A. TSARNAEV,
Defendant.

ORDER
[UNDER SEAL]
March 13, 2015

O'TOOLE, D.J.

Several months ago, the defendant was ordered to produce his list of witnesses and corresponding Rule 26.2 material on or before December 29, 2014. (See Nov. 13, 2014 Order (dkt. no. 650).) The defendant identified certain witnesses but withheld the names of his potential witnesses who live outside the United States and instead filed the instant motion.

Trial has now begun and the government is entitled to notice of persons who may testify for the defense during either phase of the case. The defendant's arguments for continued withholding of the identity of potential witnesses are unconvincing. For example, the defendant says that some of the foreign witnesses have expressed "fear for their personal safety based on a widespread perception of anti-Muslim sentiment in the United States." (Sealed Mot. to Limit Defense Penalty Phase Foreign Witness Disclosure at 3 (dkt. no. 871) (under seal).) Even if that is so, it is more a concern about their travel to the United States than a concern about disclosing their identities to the prosecution team. The defendant also argues that "[i]n former Soviet states, mere familial ties with individuals deemed associated with 'terrorists' can put individuals at risk." (Id.) From other information in the case, it appears highly unlikely that the foreign state

authorities do not have already a well-developed sense of who has "familial ties" with the Tsarnaev family. It is not likely that disclosure of the witnesses' identities will reveal information not already available to those authorities. Finally, the defendant argues that disclosure of the witnesses' identities could "interfere with passport issuance or foreign travel authorization." On its face, this is nothing more than speculation. I conclude that withholding the foreign witness identities any longer will unfairly prejudice the government's ability to prepare for their evidence and may therefore ultimately interfere with the truth-determining function of the trial process. See Taylor v. Illinois, 484 U.S. 400, 411 (1988) (recognizing principle that the "ends of criminal justice would be defeated if judgments were to be founded on a partial or speculative presentation of the facts," and noting that "[r]ules that provide for pretrial discovery of an opponent's witnesses serve the same high purpose."). Consequently, on or before March 16, 2015, the defendant must disclose to the government the foreign witnesses who may be called to testify at either the guilt or penalty phases, as well as their corresponding Rule 26.2 material.

      The defendant's Motion for Leave to File Reply Under Seal (dkt. no. 940) is DENIED.

      It is SO ORDERED.

                                  /s/ George A. O'Toole, Jr.
                                  United States District Judge