```
                                            FILED
         UNITED STATES DISTRICT COURT IN CLERKS OFFICE
              DISTRICT OF MASSACHUSETTS
                                         2015 MAR 16  PM 1 39
UNITED STATES OF AMERICA    )
                            )              U.S. DISTRICT COURT
     v.                     )          Crim. No. 13-10200-GAO
                            )                DISTRICT OF MASS.
DZHOKHAR A. TSARNAEV,       )          UNDER SEAL
              Defendant     )
```

### GOVERNMENT'S MOTION IN LIMINE
### TO PREVENT ELICITING OF INADMISSIBLE EVIDENCE FROM STEPHEN SILVA

The government, by and through undersigned counsel, respectfully moves in limine to prevent the defendant from eliciting inadmissible information during cross-examination of Stephen Silva, specifically his opinions about the relationship between the defendant and Tamerlan Tsarnaev, and his hearsay information about the relationship between the defendant and Tamerlan Tsarnaev.

As made evident in his opening statement and throughout trial, the defendant seeks to elicit through cross-examination any information about the interactions or observations of the defendant and his brother that it can. Stephen Silva, a friend of the defendant's, will be called by the government in this case primarily to explain that he provided the defendant with the gun used in the instant offenses. However, because the witness has known the defendant for years, the defendant and others have spoken to the witness about the defendant's brother and the relationship between the two Tsarnaevs. All of this information is based on hearsay. The witness has never met, nor spoken with Tamerlan Tsarnaev, nor personally observed interactions between the two about any fact relevant to the indictment. (He did hear the defendant speaking to his brother in Russian, a language the witness does not understand, over the phone on a handful of occasions in the years that he has known the defendant.) The witness' own opinions about that relationship are

similarly derived from this hearsay information, if not also independently inadmissible character evidence. The witness knows nothing about the conspiracy between the Tsarnaevs and has no relevant observations of the dynamic between them. Eliciting such testimony by the defendant, essentially his own statements and his friend's interpretation of them, is plainly inappropriate.

Not only would such questioning directly implicate hearsay, for which there is no exception (indeed, the entire purpose of the line of questioning is to establish the truth of the dynamic between the brothers), there is also no valid non-hearsay reason to elicit such testimony. Discussion about Tamerlan Tsarnaev's relationship with the defendant is not only beyond the scope of his intended testimony, it does not serve to impeach the witness, or to provide any other non-hearsay purpose related to some other set of events that is relevant and admissible. Wherefore, the government seeks a ruling on this motion seasonably in advance of the witness' testimony, which could occur as early as Tuesday, March 17, so that it can properly prepare its examination of Mr. Silva.

                          Respectfully submitted,

                          CARMEN M. ORTIZ
                          UNITED STATES ATTORNEY

By:    /s/ Aloke Chakravarty
        ALOKE S. CHAKRAVARTY
        WILLIAM D. WEINREB
        NADINE PELLEGRINI
        Assistant U.S. Attorneys
        STEVE MELLIN
        Trial Attorney, U.S. Department of Justice

## CERTIFICATE OF SERVICE

I hereby certify that this document was served by electronic mail on Dzhokhar Tsarnaev's attorney, Judy Clarke, Esq., et al, on March 16, 2015.

/s/ *Aloke Chakravarty*
Aloke Chakravarty