UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 13-CR-10200-GAO |
| v. ) | |
| ) | |
| DZHOKHAR TSARNAEV ) | |

## MOTION TO ADMIT STATEMENTS BY PARTY-OPPONENT

Defendant, Dzhokhar Tsarnaev, by and through counsel, respectfully moves that this Court permit him to admit into evidence factual statements made by the prosecution in the Government's Combined Opposition to Defendant's Motions to Suppress Physical and Digital Evidence ("Govt. Opp.") [DE #350].  The statements are admissible under Fed. R. Evid. 801(d)(2).  *See United States v. Kattar*, 840 F.2d 118 (1st Cir. 1988).

Contrary to the government's claim that the statements at issue were "legal argument," the statements clearly asserted facts.  After arguing that the defendant had failed to show he had standing to challenge the search of the Norfolk Street apartment, the government went on to say:

> [T]he facts show that the opposite is true.  He did not pay rent and was not on the lease.  Although he was raised in the apartment, he moved out in September 2011 after he became an adult, enrolled at UMass-Dartmouth, and leased a dorm room there, for which he paid rent.  His father and mother moved out for good approximately a year later, and both sisters also had moved out, *which left a single family consisting of Tamerlan and Katherine Tsarnaev and their daughter as the sole occupants.* . . . [T]he members of that family still slept in the apartment every night and kept all of their clothing and belongings there. Tsarnaev, in contrast, *slept nearly every night in his dorm room at UMass-Dartmouth and kept virtually all of his clothing and belongings there*[.]  . . . Tsarnaev was only an occasional overnight guest in the Norfolk Street apartment and kept only a few belongings there, and was not staying there overnight at the time of the search. [citation omitted]  *His old bedroom had effectively become an*

1

> *extension of the living room and was used by Tamerlan Tsarnaev's family as a storage and computer room. It is clear that he, like his parents and sisters, ceased residing in the apartment well before the search took place.*

Government's Opposition at 3-4 (emphasis added).

Anticipating a claim that the defendant maintained an expectation of privacy in his former bedroom, the government asserted,

> [T]he undisputed facts belie that claim. . . . The former bedroom was being used as a storage and computer room by Tamerlan Tsarnaev and his wife. It was separated from the living room only by a curtain that usually remained open. Virtually all of the seized items belonging to Tsarnaev were on shelves out in the open."

*Id.* at 4.

These are statements of fact, plain and simple. Indeed, after the government filed its opposition, defense counsel unsuccessfully sought discovery of the evidence underlying these unattributed assertions.

Defendant sought to introduce these statements after the government was allowed to present a map of Apartment 3 of 410 Norfolk Street, labeled "Residence of Tamerlan and Dzhokhar Tsarnaev." Exhibit 620. When the government objected, the Court excluded the statements. Defense counsel then sought to establish through cross-examination of Agent Derks that the room appeared to be a storage and computer room – the precise description provided by the government in its suppression opposition – but Derks demurred. During examination of Stephen Silva, the government elicited testimony that identified a room with bunk beds as "the defendant's bedroom" and repeatedly referred to the apartment as "the defendant's apartment." 3/17:34-37

The First Circuit has held that statements by an attorney for the United States, even when made in a different case, can be admitted under Fed. R. Evid. 801(d)(2) when the government takes an inconsistent position in a different proceeding.  *United States v. Kattar*, 840 F.2d 118 (1st Cir. 1988).

In *Kattar*, the appellant had sought to introduce portions of briefs submitted on behalf of the United States in two other cases that contained assertions contradicting testimony elicited by the prosecutor in his case.  The First Circuit held that "'the federal government is a party-opponent of the defendant in criminal cases.'"  *Kattar*, 840 F.2d at 130 (quoting *United States v. Morgan*, 581 F.2d 933, 937 n.10 (D.C. Cir. 1978)).  The *Kattar* court then concluded that the statements in the briefs were admissible under Fed. R. Evid. 801(d)(2)(B)  as "statements of which the party-opponent 'has manifested an adoption or belief in its truth.'"  *Id*. at 131 (quoting Fed. R. Evid. 801(d)(2)(B)).[1]  It explained:

> The Justice Department here has, as clearly as possible, manifested its belief in the substance of the contested documents; it has submitted them to other federal courts to show the truth of the matter contained therein.  We agree with Justice (then Judge) Stevens that the assertions made by the government in a formal prosecution (and by analogy, a formal civil defense) "establish the position of the United States and not merely the views of its agents who participate therein."

---

[1] The *Kattar* court rejected the defendant's claim that the testimony elicited by the prosecution amounted to a constitutional violation and held that the testimony elicited was not perjurious, since the differences between the testimony and the statements in the government's briefs "are differences of characterization."  *Id*. at  127.   The court noted, however, that "it is disturbing to see the Justice Department change the color of its stripes to such a significant degree[.]"  *Id*.

*Kattar*, 840 F.2d at 131 (quoting *United States v. Powers*, 467 F.2d 1089, 1097 n.1 (7th Cir. 1972) (Stevens, J., dissenting)).  Here, as in *United States v. Blood*, 806 F.2d 1218, 1221 (4th Cir. 1986), cited with approval in *Kattar*, the government made a clear and unambiguous admission.

> The inconsistency of the government's positions . . . should have been made known to the jury. [footnote omitted].  The government cannot indicate to one federal court that certain statements are trustworthy and accurate, and then argue to a jury in another federal court that those same assertions are hearsay.

*Kattar*, 840 F.2d at 131. Here, of course, the statements were made by the same prosecution team in the same case, making the inconsistency even more stark.

The Court excluded these statements after the government claimed, during the testimony of Special Agent Christopher Derks, that the statements were "legal argument" and could not be admitted against the government.  The language used by the government in its opposition to the defendant's motion to suppress, which characterized these assertions as facts, contradicts that claim.

Nor did the defendant take a contrary position in its own submission on the standing issue.  (Even if he had, we submit that those statements would not make the government's statements inadmissible.)  Instead, the defense reply, DE 387, relied on assertions in the application for the search warrant and other items of discovery to show that he maintained a legitimate expectation of privacy in his family home.  The defense primarily challenged the government's "contention that a college student lacks standing to challenge a search of the family home where he stores belongings and stays during

school breaks." Reply to Government's Opposition to Motion to Suppress Physical and Digital Evidence [DE 387] at 3.

## Conclusion

For the foregoing reasons, the statements quoted above and set forth in Exhibit 3067 (marked for identification) should be admitted.

Respectfully submitted,

DZHOKHAR TSARNAEV
by his attorneys

*/s/  Miriam Conrad*

Judy Clarke, Esq. (CA Bar # 76071)
CLARKE & RICE, APC
1010 Second Avenue, Suite 1800
San Diego, CA 92101
(619) 308-8484
JUDYCLARKE@JCSRLAW.NET

David I. Bruck, Esq.
220 Sydney Lewis Hall
Lexington, VA 24450
(540) 460-8188
BRUCKD@WLU.EDU

Miriam Conrad, Esq. (BBO # 550223)
Timothy Watkins, Esq. (BBO # 567992)
William Fick, Esq. (BBO # 650562)
FEDERAL PUBLIC DEFENDER OFFICE
51 Sleeper Street, 5th Floor
(617) 223-8061
MIRIAM_CONRAD@FD.ORG
TIMOTHY_WATKINS@FD.ORG
WILLIAM_FICK@FD.ORG

## **Certificate of Service**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 29, 2015.

*/s/ Miriam Conrad*