UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.                             ) | **Crim. No.13-10200-GAO** |
| ) | |
| **DZHOKHAR A. TSARNAEV,** ) | |
| **Defendant** ) | |

GOVERNMENT'S OPPOSITION TO
DEFENDANT'S MOTION TO ADMIT STATEMENTS BY PARTY-OPPONENT

Tsarnaev's motion to admit statements by party-opponent is yet another effort to relitigate a matter that the parties have already argued and the Court has already considered and decided. Motions for reconsideration "are appropriate only in a limited number of circumstances: if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust." United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009) (citing Marie v. Allied Home Mortgage Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2005)). None of those requirements is met here. The motion should be denied for that reason alone.

The motion also lacks merit. Tsarnaev relies entirely on United States v. Kattar, 840 F.2d 118 (1st Cir. 1988), but that case is nothing like this one. The government in Kattar called a witness to the stand and elicited certain facts from him when it had asserted that the opposite facts were true in pleadings filed in a different court. See id. at 125, 130. Here, in contrast, the government merely argued about the legal significance of certain facts. The question of whether the apartment at 410 Norfolk Street remained Tsarnaev's residence for purposes of Fourth Amendment standing after he went to college is, at best, a mixed question of law and fact. The

government argued that it was not his residence for standing purposes, and the defendant argued that it was.  The government lost that argument.

The fact that Stephen Silva identified a room in 410 Norfolk Street with bunk beds as "the defendant's bedroom" and repeatedly referred to the apartment as "the defendant's apartment" does not contradict the characterization of the bedroom or the apartment in the government's brief. Silva was offering his lay understanding of Tsarnaev's connection to the bedroom and the apartment; he was not a lawyer making an argument about standing.  Silva also was not talking about the nature of Tsarnaev's connection to the apartment at the time of the contested search, but rather his understanding of it having known the defendant since middle school and having spent time with him in the apartment long before the search.  As for Agent Derks's demurral, he was asked a question on cross-examination about a matter of which he has no personal knowledge, and therefore had little choice but to demur.

Tsarnaev's motion for reconsideration should be denied.

                Respectfully submitted,

                CARMEN M. ORTIZ
                UNITED STATES ATTORNEY

By:   /s/ William D. Weinreb
       WILLIAM D. WEINREB
       ALOKE S. CHAKRAVARTY
       NADINE PELLEGRINI
       STEVE MELLIN
       Assistant U.S. Attorneys

## CERTIFICATE OF SERVICE

      I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non-registered participants on this date.

                                    */s/ William D. Weinreb*
                                    WILLIAM D. WEINREB