UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 13-10200-GAO |
| | ) | |
| DZHOKHAR TSARNAEV | ) | |

**MOTION FOR JUDGMENT OF ACQUITTAL, OR FOR DISMISSAL OR ELECTION BY THE GOVERNMENT AS TO CERTAIN COUNTS**

Pursuant to Rule 29 of the Federal Rules of Criminal Procedure, defendant Dzhokhar Tsarnaev moves for a judgment of acquittal on all counts. He submits that the government has failed to introduce evidence sufficient to establish each essential element of the offenses charged beyond a reasonable doubt.

Alternatively, he moves for dismissal of counts seven and eight and for election by the government among the counts charging violations of 18 U.S.C. §924(c) as set forth in his previously filed Motion to Dismiss Surplus Counts of the Indictment, renewed herewith.

By way of illustration, he focuses on certain aspects of counts as set forth in the supporting memorandum below.

**SUPPORTING MEMORANDUM**

**Counts Alleging Violations of 18 U.S.C. §924(c) and (j) in connection with 18 U.S.C. §2332a(a)(2), §2332f(a)(1) and §844(i)**

18 U.S.C. §924(c) provides, in pertinent part, that:

> Any person who, during and in relation to any crime of violence…(including a crime of violence… that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall in addition to the punishment provided for such crime of violence…- [be sentenced to minimum terms of imprisonment].

1

18 U.S.C. §924(j) provides for the death penalty for an individual who "in the course of a violation of subsection (c) causes the death of a person through the use of a firearm" if the killing is a murder.

Count three of the indictment in this case alleges a violation of 924(c) in the use/carry of pressure cooker bomb #1 during and in relation to the placement and detonation of that same pressure cooker bomb as alleged in count two (use of weapon of mass destruction resulting in death in violation of §2332a(a)(2)) or the possession of pressure cooker bomb #1 in furtherance of the placement and detonation of that same pressure cooker bomb #1 as alleged in count two. Defendant submits that the offense alleged in count three is a lesser included offense of that alleged in count two. As charged, both require the use/carry or possession of the same pressure cooker bomb. Count two requires as an additional element an affect on interstate commerce. *See e.g. Blockburger v. United* States, 284 U.S. 299 (1932). Counts five and four share the same relationship as to pressure cooker bomb #2.

Count eight of the indictment in this case alleges a violation of §924(c) in the use/carry of pressure cooker bomb #1 during and in relation to the placement and detonation of that same pressure cooker bomb as alleged in count seven (bombing of a place of public use resulting in death in violation of §2332f(a)(1)) or the possession of pressure cooker bomb #1 in furtherance of the placement and detonation of that same pressure cooker bomb #1 as alleged in count seven. Defendant submits that the offense alleged in count eight is a lesser included offense of that alleged in count seven. As charged, both require the use/carry or possession of the same pressure cooker bomb. Count seven also requires the additional elements of placement and detonation in a place of public use with intent to cause death and serious bodily injury and extensive destruction. Counts ten and nine share the same relationship as to pressure cooker bomb #2.

Count thirteen of the indictment in this case alleges a violation of §924(c) in the use/carry of pressure cooker bomb #1 during and in relation to the placement and detonation of that same pressure cooker bomb as alleged in count twelve (malicious damage of a building and other business property by means of an explosive resulting in death in violation of 18 U.S.C. §844(i)) or the possession of pressure cooker bomb #1 in furtherance of the placement and detonation of that same pressure cooker bomb #1 as alleged in count twelve.

Defendant submits that the offense alleged in count thirteen is a lesser included offense of that alleged in count twelve.  As charged, both require the use/carry or possession of the same pressure cooker bomb.  Count twelve also requires the additional elements of placement and detonation to damage and destroy property.  Counts fourteen and fifteen share the same relationship as to pressure cooker bomb #2.

Conviction and sentencing on the greater and lesser included offenses would violate the Double Jeopardy Clause of the Fifth Amendment and the submission of the multiple accounts risks unfair prejudice.  Accordingly, for the reasons set forth in the previously filed Motion to Dismiss Surplus Counts of the Indictment election should be required.

**Counts Seven and Eight**

Count seven of the indictment charges a violation of 18 U.S.C §2332f(a), captioned "[b]ombings of places of public use… ."  It alleges that "Tamerlan Tsarnaev, aided and abetted by Dzhokhar Tsarnaev, placed Pressure Cooker Bomb #1 in front of Marathon Sports located at 671 Boylston Street, Boston, Massachusetts, and then detonated it…"  It alleges "that the offense took place in the United States, and that (1) it was committed in an attempt to compel the United States to do and abstain from doing any act, and (2) a victim of the offense was a national of another state…".  It further alleges "that the offense resulted in the death of at least one person;

specifically it resulted in the death of Krystle Marie Campbell." 18 U.S.C §2332f(c) provides, by cross-reference to 18 U.S.C §2332a(a), that the penalty "if death results" is death or imprisonment for any term of years or for life.

The government introduced evidence from which a jury can find the placement and detonation of the bomb as charged. It also introduced evidence from which a jury can find that the offense resulted in the death of Krystle Marie Campbell. However, the government failed to introduce evidence from which a jury can find, beyond a reasonable doubt, that a national of another state was a victim of the offense charged in count seven or that that offense resulted in the death of a national of another state.

18 U.S.C §2332f(d)(3), captioned "[e]xemptions to jurisdiction," provides, *inter alia*, that "[t]his section does not apply to – (3) offenses committed within the United States, where the alleged offender and the victims are United States citizens and the alleged offender is found in the United States. In such a case, there is no jurisdiction. In this case, the offenses were committed within the United States, the defendant is and Ms. Campbell was a United States citizen and the defendant was found in the United States. Accordingly, the exemption to jurisdiction set out in §2332f(d)(3) applies. In the absence of jurisdiction dismissal or a judgment of acquittal on count seven is required.

Count eight charges the use/carry and possession of pressure cooker bomb #1 during and in relation to the crime of violence alleged in count seven in violation of 18 U.S.C. §924(c) and (j). As count eight is predicated on count seven, and the government lacks jurisdiction for the offense charged in count seven, a judgment of acquittal is required on count eight as well.

**Counts Nine and Ten**

Counts nine and ten charge violations of 18 U.S.C §2332f(a) and 18 U.S.C. §924(c) and (j) alleging the placement and detonation of pressure cooker bomb #2 in front of the Forum restaurant by defendant and the resulting deaths of Lingzi Lu and Martin Richard.  For the reasons set out in connection with counts seven and eight dismissal or a judgment of acquittal on so much of counts nine and ten as involve the death of Martin Richard is required as Mr. Richard was a United States citizen.

**Count Nineteen**

As to count nineteen defendant submits that a judgment of acquittal be entered to so much of the count as charges carjacking resulting in serious bodily injury to officer Richard Donahue.  The government presented evidence that officer Richard Donahue suffered serious bodily injury when he was shot in Watertown during efforts to capture defendant and his brother.  The government introduced no evidence that defendant or his brother did that shooting.  Nor did the government introduce evidence that Richard Donahue was the victim of the carjacking offense charged; the indictment alleges, and the government introduced evidence to show, that a Mercedes was taken from Dun Meng ("D.M." in the indictment).  The evidence showed that Mr. Meng was not in the car at the time officer Donahue was shot.

18 U.S.C. §2119 provides, in pertinent part that "[w]hoever, with the intent to cause death or serious bodily harm takes a motor vehicle…from the person or presence of another by force and violence or by intimidation, or attempts to do so, shall—(2) if serious bodily injury…results, be…imprisoned for not more than 25 years…"  In *United States v. Figueroa-Cartagena*, 612 F.3d 69, 75 (1st Cir. 2010) the court stated: "…when a carjacking victim is taken hostage, 'the commission of [the] carjacking continues at least while the carjacker maintains

control over the victim and [his or] her car.'". Defendant submits that the statutory language and the discussion of the temporal scope of carjacking support the conclusion that the serious bodily injury must be to the victim of the carjacking. First, the statute requires that the taking be done with the intent to cause serious bodily harm and for an enhanced penalty if there is, in fact, serious bodily injury. The intent, which must be formed at the time of taking (*see Holloway v. United States*, 526 U.S. 1,12 (1999), must be to cause serious bodily harm to the victim; the effectuation of that intent should be similarly limited. Second, if the temporal scope of the carjacking extends to the time the carjacker maintains control over the victim and his car, that timeframe had ended. Mr. Meng was not in the control of either defendant or his brother at the time officer Donahue was injured by someone other than the defendant or his brother.

**Counts Twenty-One and Twenty-Two**

Count twenty-one charges the taking of D.M.'s ATM card and PIN number by actual and threatened force, violence, and fear of injury and the use of the ATM and PIN to obtain cash from a branch of the Bank of America in violation of 18 U.S.C. §1951; count twenty-two charges the use/carry of a firearm during and in relation to, and possession of a firearm in furtherance of, the offense charged in count twenty-one in violation of 18 U.S.C. §924(c).

To establish a violation of §1951 the government must present evidence sufficient to establish, beyond a reasonable doubt, that the robbery affected interstate commerce. *See Stirone v. United States*, 361 U.S. 212 (1960).

                                                Respectfully submitted,

                                                DZHOKHAR TSARNAEV
                                                By his attorneys

                                                Judy Clarke, Esq. (CA Bar # 76071)
                                                CLARKE & RICE, APC

1010 Second Avenue, Suite 1800
San Diego, CA 92101
(619) 308-8484
JUDYCLARKE@JCSRLAW.NET

David I. Bruck, Esq.
220 Sydney Lewis Hall
Lexington, VA 24450
(540) 460-8188
BRUCKD@WLU.EDU


/s/ Miriam Conrad
Miriam Conrad, Esq. (BBO # 550223)
Timothy Watkins, Esq. (BBO # 567992)
William Fick, Esq. (BBO # 650562)
FEDERAL PUBLIC DEFENDER OFFICE
51 Sleeper Street, 5th Floor
(617) 223-8061
MIRIAM_CONRAD@FD.ORG
TIMOTHY_WATKINS@FD.ORG
WILLIAM_FICK@FD.ORG

### Certificate of Service

I hereby certify that this document has been delivered in hand to the attorneys representing the United States on March 30, 2015.

*/s/* Miriam Conrad

Miriam Conrad