**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL NO. 03-10200-GAO** |
| | ) | |
| **DZHOKHAR TSARNAEV** | ) | |

### GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

The United States of America, by and through undersigned counsel, respectfully requests that the Court include the following jury instructions among others that it may give at the conclusion of this phase of the trial.

Duty of the jury to find the facts and follow the law[*]

It is your duty to find the facts from all the evidence admitted in this case. To those facts you must apply the law as I give it to you. The determination of the law is my duty as the presiding judge in this court. It is your duty to apply the law exactly as I give it to you, whether you agree with it or not. You must not be influenced by any personal likes or dislikes, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions, or into anything I may have said or done, any suggestions by me as to what verdict you should return — that is a matter entirely for you to decide.

---

[*] Authority: Pattern Jury Instructions: First Circuit, Criminal Cases Committee on Pattern Criminal Jury Instructions § 3.01 (2003).

1

<u>Presumption of innocence; proof beyond a reasonable doubt</u>[*]

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his or her guilt is established beyond a reasonable doubt.  The presumption is not a mere formality.  It is a matter of the most important substance.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant.  The defendant before you, Dzhokhar Tsarnaev, has the benefit of that presumption throughout the trial, and you are not to convict him of a particular charge unless you are persuaded of his guilt of that charge beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that the defendant is guilty of the crime with which he is charged beyond a reasonable doubt.  The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict.  This burden never shifts to the defendant.  It is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence.  The defendant has the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of a crime charged against him.

If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to the defendant's guilt of a particular crime, it is your duty to acquit him of that crime.  On the other hand, if, after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of the defendant's guilt of a particular crime, you should vote to convict him.

---

[*] Authority: Pattern Jury Instructions: First Circuit, Criminal Cases Committee on Pattern Criminal Jury Instructions § 3.02 (2003).

Defendant's Constitutional right not to testify[*]

The defendant has a Constitutional right not to testify and no inference of guilt, or of anything else, may be drawn from the fact that he did not testify. For any of you to draw such an inference would be wrong; indeed, it would be a violation of your oath as a juror.

---

[*] Authority: Pattern Jury Instructions: First Circuit, Criminal Cases Committee on Pattern Criminal Jury Instructions § 3.03 (2003).

<u>What is evidence; inferences</u>[*]

The evidence from which you are to decide what the facts are consists of sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; the exhibits that have been received into evidence; and any facts to which the lawyers have agreed or stipulated.  A stipulation means simply that the government and the defendant accept the truth of a particular proposition or fact.  Since there is no disagreement, there is no need for evidence apart from the stipulation.  You must accept the stipulation as fact to be given whatever weight you choose.

Although you may consider only the evidence presented in the case, you are not limited in considering that evidence to the bald statements made by the witnesses or contained in the documents.  In other words, you are not limited solely to what you see and hear as the witnesses testify.  You are permitted to draw from facts that you find to have been proved such reasonable inferences as you believe are justified in the light of common sense and personal experience.

---

[*] Authority: Pattern Jury Instructions: First Circuit, Criminal Cases Committee on Pattern Criminal Jury Instructions § 3.04 (2003).

Kinds of evidence:  direct and circumstantial[*]

There are two kinds of evidence: direct and circumstantial.  Direct evidence is direct proof of a fact, such as testimony of an eyewitness that the witness saw something.  Circumstantial evidence is indirect evidence, that is, proof of a fact or facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proved directly.  You are entitled to consider both kinds of evidence.  The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

---

[*] Authority: Pattern Jury Instructions: First Circuit, Criminal Cases Committee on Pattern Criminal Jury Instructions § 3.05 (2003).

<u>Credibility of witnesses</u>[*]

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe everything a witness says or only part of it or none of it.

In deciding what to believe, you may consider a number of factors, including the following: (1) the witness's ability to see or hear or know the things the witness testifies to; (2) the quality of the witness's memory; (3) the witness's manner while testifying; (4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice; (5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence; and (6) how reasonable the witness's testimony is when considered in the light of other evidence which you believe.

---

[*] Authority: Pattern Jury Instructions: First Circuit, Criminal Cases Committee on Pattern Criminal Jury Instructions § 3.06 (2003).

<u>Weighing the testimony of law enforcement officers</u>

Many of the witnesses you heard testify were law enforcement officers.  You should not give more or less weight to the testimony of police officers merely because they are police officers. You should give the testimony of each witness, including each law enforcement witness, the weight you think it deserves.

Weighing the Testimony of an Expert Witness[*]

You have heard testimony from persons described as experts.  An expert witness has special knowledge or experience that allows the witness to give an opinion.

You may accept or reject such testimony.  In weighing the testimony, you should consider the factors that generally bear upon the credibility of a witness as well as the expert witness's education and experience, the soundness of the reasons given for the opinion and all other evidence in the case.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it should be given.

---

[*]  Authority: Pattern Jury Instructions: First Circuit, Criminal Cases Committee on Pattern Criminal Jury Instructions § 2.07 (2003).

<u>Cautionary and limiting instructions as to particular kinds of evidence.</u>[*]

A particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I have told you when that occurred, and instructed you on the purposes for which the item can and cannot be used.

---

[*] Authority: Pattern Jury Instructions: First Circuit, Criminal Cases Committee on Pattern Criminal Jury Instructions § 3.07 (2003).

<u>What is not evidence</u>[*]

Certain things are not evidence.  I will list them for you:

(1) Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them from the evidence differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence.  Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by my ruling on it.

(3) Anything that I have excluded from evidence or ordered stricken and instructed you to disregard is not evidence. You must not consider such items.

(4) Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at trial.

(5) The indictment is not evidence.  This case, like most criminal cases, began with an indictment.  You will have that indictment before you in the course of your deliberations in the jury room.  That indictment was returned by a grand jury, which heard only the government's side of the case.  I caution you, as I have before, that the fact that the defendant has had an indictment filed against him is no evidence whatsoever of his guilt.  The indictment is simply an accusation.  It is the means by which the allegations and charges of the government are brought before this Court.  The indictment proves nothing.

---

[*] Authority: Pattern Jury Instructions: First Circuit, Criminal Cases Committee on Pattern Criminal Jury Instructions § 3.08 (2003).

<u>Separate Consideration of charges</u>

Each count of the indictment charges the defendant with having committed a separate offense.

Each count and the evidence relating to it should be considered separately, and a separate verdict should be returned as to each count.  Your verdict of guilty or not guilty of an offense charged in one count should not control your decision as to any other count.

<u>Counts One, Six, and Eleven (Conspiracy)</u>[*]

The defendant is charged in Counts One, Six and Eleven of conspiring with Tamerlan Tsarnaev, o commit certain federal crimes.  It is illegal to conspire with someone to commit a federal crime.

A conspiracy is an agreement.  It can be spoken or unspoken.  It does not have to be a formal agreement in which the people involved sat down together and worked out all the details. But the government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime they were agreeing to commit.  Mere similarity of conduct among people, or the fact that they may have associated with each other or discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy, although you may consider such factors.

Each conspiracy count charges the defendant with conspiring to commit a different federal crime.  You must consider each of those conspiracy counts separately.  You may find the defendant guilty on a particular conspiracy count only if you unanimously conclude beyond a reasonable doubt that the defendant conspired with another to commit the federal crime charged in that particular count, and not some other crime.

Count One charges the defendant with conspiracy to use a weapon of mass destruction. For you to find the defendant guilty of that charge, you must unanimously find that the government has proved the following two elements beyond a reasonable doubt:

First, that the defendant and another agreed to use a weapon of mass destruction;

---

[*]  Authority: <u>United States v. Rodriguez-Adorno</u>, 695 F.3d 32, 1 (1st Cir. 2012); <u>United States v. Cortes-Caban</u>, 691 F.3d 1, n.16 (1st Cir. 2012); <u>United States v. Castro-Davis</u>, 612 F.3d 53 (1st Cir. 2010); <u>United States v. Garcia-Pastrana</u>, 584 F.3d 351, 377 (1st Cir. 2009); <u>United States v. Gonzalez</u>, 570 F.3d 16 (1st Cir. 2009)  <u>United States v. Frankhauser</u>, 80 F.3d at 641, 653 (1st Cir. 1996).

Second, that the defendant knowingly and voluntarily joined the agreement, intending that the crime of using a weapon of mass destruction be committed.

Count Six charges the defendant with conspiracy to bomb a place of public use.  For you to find the defendant guilty of that charge, you must unanimously find that the government has proved the following two elements beyond a reasonable doubt:

First, that the defendant agreed with another to bomb a place of public use;

Second, that the defendant knowingly and voluntarily joined the agreement, intending that the crime of bombing a place of public use be committed.

Count Eleven charges the defendant with conspiracy to maliciously destroy property.  For you to find the defendant guilty of that charge, you must unanimously find that the government has proved the following two elements beyond a reasonable doubt:

First, that the defendant agreed with another to maliciously destroy property;

Second, that the defendant knowingly and voluntarily joined the agreement, intending that the crime of malicious destruction of property committed.

 Later, I will explain the elements of the crimes of use of a weapon of mass destruction, bombing a place of public use, and malicious destruction of property.  Right now I want to focus on the meaning of other words and concepts in the instructions I just gave you.

The government must prove both that the defendant intended to join the agreement and that he intended that the underlying crime be committed.  The government does not have to prove that the defendant knew all the details of the conspiracy, that he participated in each act of the agreement, or that he played a major role; it only needs to prove knowledge of the basic agreement coupled with an intent that the underlying offense be committed.  The defendant's intent and knowledge can be proved with direct or circumstantial evidence, including inferences

13

from the surrounding circumstances such as acts committed by the defendant that furthered the conspiracy's purposes.  On the other hand, a person who has no knowledge of a conspiracy, but simply happens to act in a way that furthers some object or purpose of the conspiracy, does not thereby become a conspirator.  Similarly, his mere presence at the scene is not enough, although it is a factor you may consider.

The government does not have to prove that the conspiracy succeeded or was achieved. The crime of conspiracy is complete upon the agreement to commit the underlying crime.

Each of the three conspiracy counts alleges a fourth element that the government also must prove beyond a reasonable doubt, namely, that the charged conspiracy resulted in death. The government has alleged that each of the charged conspiracies resulted in the death of four people:  Krystle Marie Campbell, Officer Sean Collier, Lingzi Lu, and Martin Richard.  For you to find that a charged conspiracy resulted in death, the government must prove beyond a reasonable doubt that the charged conspiracy resulted in the death of at least one of those four people.  You should consider each alleged death separately.  Your determination of which death, if any, resulted from a charged conspiracy must be unanimous.

A death results from a charged crime if the death would not have occurred in the absence of the crime.

All remaining counts (aiding and abetting)[*]

I just instructed you that three of the counts in the Indictment charge the defendant with conspiracy. The remaining counts charge the defendant with committing substantive offenses. In all of those substantive counts, as they are called, the defendant has been charged both as a principal and as an aider and abettor. Before I instruct you on the elements of the substantive counts I need to explain the meaning of aiding and abetting.

A person may be found guilty of a federal offense if he aids or abets another person in committing the offense. To "aid or abet" means intentionally to help someone else commit an offense. For you to find the defendant guilty as an aider or abettor, you must unanimously find that the government has proved each of the following three elements beyond a reasonable doubt:

First, that someone else committed the charged offense;

Second, that the defendant took an affirmative act in furtherance of that offense;

Third, that he did so intending to facilitate the commission of the offense.

To be guilty of aiding and abetting, the defendant need not have participated in each and every element of the offense, so long as he facilitated, or assisted, some part of it by words, acts, encouragement, support, or presence. But he must have participated in the offense as something he wished to bring about. Mere association with the principal, or mere presence at the scene of the crime, even when combined with knowledge that a crime will be committed, is not sufficient to establish aiding and abetting.

In every count where the defendant is charged both as a principal and as an aider and abettor, you may find him guilty if you unanimously conclude beyond a reasonable doubt that he

---

[*]   Authority: Pattern Jury Instructions: First Circuit, Criminal Cases Committee on Pattern Criminal Jury Instructions § 4.18.02 (2003); Rosemond v. United States, 134 S.Ct. 1240 (2014); United States v. Perez-Melendez, 599 F.3d 31, 1 (1st Cir. 2010).

was either a principal, an aider and abettor, or both.  You need not be unanimous as to whether

he was a principal as opposed to an aider and abettor; but to find him guilty, each of you must

conclude that he was one, or the other, or both.

<u>Counts Two, Four, Twenty-Three, Twenty-Five, Twenty-Seven, Twenty-Nine (use of a weapon of mass destruction)</u>[*]

As I told you earlier, the defendant is charged in Count One with conspiracy to use a weapon of mass destruction.  He is also charged with six counts of using a weapon of mass destruction and/or aiding and abetting Tamerlan Tsarnaev's use of a weapon of mass destruction. When I spoke to you earlier about Count One, I said I would explain the elements of use of a weapon mass destruction later.  I am going to do that now.

To find the defendant guilty of use of a weapon of mass destruction, you must unanimously find that the government has proved each of the following three elements beyond a reasonable doubt:

First, that the defendant knowingly used a weapon of mass destruction;

Second, that it was knowingly used against a person or against real or personal property within the United States; and

Third, that such property was used in interstate or foreign commerce or in an activity that affects interstate or foreign commerce, or, alternatively, that the offense, or the results of the offense, affected interstate or foreign commerce.

A "weapon of mass destruction" means a "destructive device," which in turn means any explosive bomb.

"Knowingly" in this context means that the act was done voluntarily and intentionally and not because of mistake or accident.

---

[*]    <u>See</u> <u>United States v. Mann</u>, 701 F.3d 274, 285 (8th Cir. 2012); <u>United States v. McVeigh</u>, 153 F.3d 1166, 1194 (10th Cir. 1998) ("Nothing in 2332a(a) links the 'if death results' language of the statute to any scienter whatsoever."); <u>United States v. Wise</u>, 221 F.3d 140 (5th Cir. 2000) (holding that the statutory requirement that the bombing be done "without lawful authority" is not an element but rather gives rise to an affirmative defense); <u>United States v. Davila</u>, 461 F.3d 298, 306 (2nd Cir. 2006) (only slight effect on interstate commerce needed)..

"Interstate commerce" means commerce between any point in a state and any point outside the state. It is only necessary that the government prove beyond a reasonable doubt that the crime had some slight or minimal effect on interstate commerce. It is not necessary for you to find that the defendant knew or intended that his actions would affect interstate commerce.

Each of the six counts that charge the defendant with use of a weapon of mass destruction relates to a different alleged destructive device.

Count Two charges that the defendant used a weapon of mass destruction, and aided and abetted the use of a weapon of mass destruction, in front of Marathon Sports on April 15, 2013. The Indictment and verdict form refer to this alleged bomb as "Pressure Cooker Bomb #1." Count Two also alleges an additional element that the government must prove beyond a reasonable doubt, namely, that the offense resulted in the death of Krystle Marie Campbell.

Count Four charges that the defendant used, and aided and abetted the use of, a pressure cooker bomb in front of the Forum Restaurant on April 15, 2013. The Indictment and verdict form refer to this alleged bomb as "Pressure Cooker Bomb #2." Count Four also alleges an additional element that the government must prove beyond a reasonable doubt, namely, that the offense resulted in the death of Lingzi Lu and Martin Richard. For you to find the defendant guilty of this additional element, you must unanimously find beyond a reasonable doubt that the offense charged in Count Four resulted in death of at least one of those two people. You should consider each alleged death separately. Your determination of which death, if any, resulted from the offense must be unanimous.

Count Twenty-Three charges that the defendant used a weapon of mass destruction, and aided and abetted the use of a weapon of mass destruction, that is alleged to have exploded on

Laurel Street on April 19, 2013.  The Indictment and verdict form refer to this alleged bomb as "Pressure Cooker Bomb #3."

Count Twenty-Five charges that the defendant used a weapon of mass destruction, and aided and abetted the use of a weapon of mass destruction, that is alleged to have exploded on Laurel Street on April 19, 2013.  The Indictment and verdict form refer to this alleged bomb as "Pipe Bomb #1."

Count Twenty-Seven charges that the defendant used a weapon of mass destruction, and aided and abetted the use of a weapon of mass destruction, that is alleged to have exploded on Laurel Street on April 19, 2013.  The Indictment and verdict form refer to this alleged bomb as "Pipe Bomb #2."

Count Twenty-Nine charges that the defendant used a weapon of mass destruction, and aided and abetted the use of a weapon of mass destruction, on Laurel Street on April 19, 2013, that did not explode.  The Indictment and verdict form refer to this alleged bomb as "Pipe Bomb #3."

<u>Counts Three, Five, Twenty-Four, Twenty-Six, Twenty-Eight, Thirty (using or carrying a firearm during and in relation to a crime of violence)</u>[*]

In addition to being charged with six counts of using a weapon of mass destruction, the defendant is charged with six corresponding counts of using and carrying a firearm during and in relation to a crime of violence.  I will refer to these as "use and carry" counts.  The "use and carry" counts separately charge that the defendant used and carried a bomb, a pistol, or both, during and in relation to each charged use of a weapon of mass destruction.  Although the "use and carry" charges and the corresponding "use of a weapon of mass destruction" charges involve overlapping conduct, under the law they are two different crimes.

To find the defendant guilty as a principal of a count charging that he used and carried a firearm during and in relation to a crime of violence, you must unanimously find that the government has proved the following two elements beyond a reasonable doubt:

First, that the defendant committed the underlying crime of violence specified in the count you are considering; and

Second, that the defendant knowingly used or carried the firearm during and in relation to that underlying crime.

To find the defendant guilty of aiding and abetting the use and carrying of a firearm during and in relation to a crime of violence, you must unanimously find that the government has proved the following four elements beyond a reasonable doubt:

---

[*]  Authority: Pattern Jury Instructions: First Circuit, Criminal Cases Committee on Pattern Criminal Jury Instructions § 4.18.924 (2003).  <u>Rosemond v. United States</u>, 134 S.Ct. 1240 (2014) (aiding and abetting); <u>United States. v. Roberson</u>, 459 F.3d 39 (1st Cir. 2006); <u>United States v. Ayala-Lopez</u>, 493 Fed.Appx. 120 (1st Cir. 2012) (premeditation).

First, that another person committed the underlying crime of violence specified in the count you are considering;

Second, that the other person knowingly used or carried a firearm during and in relation to the commission of that underlying crime;

Third, that the defendant facilitated either the use of the firearm or the commission of the underlying crime;

Fourth, that the defendant did so with advance knowledge that the other person would commit the underlying crime and use or carry a firearm during and in relation to it.

To do something "knowingly" in this context means to do it voluntarily and intentionally, not because of mistake or accident.

A "firearm" in this context means any weapon which will, or is designed to, expel a projectile by the action of an explosive. It also means a "destructive device," which in turn means any explosive bomb.

To "use" a firearm means to employ the firearm actively, such as to brandish, display, strike with, fire or attempt to fire it, or detonate or attempt to detonate it.

To "carry" a firearm means to move or transport the firearm on one's person or in a vehicle or container. The firearm need not be immediately accessible.

The words "during and in relation to" are to be given their plain and customary meaning. At a minimum it means that the firearm must have had some purpose or effect with respect to the underlying crime of violence. If a firearm is present simply as a result of coincidence or accident, it cannot be said that it was used or carried in relation to the underlying crime of violence. The firearm must have facilitated or have had the potential to facilitate the underlying offense.

To have "advance knowledge" that another person will use or carry a firearm during and in relation to a crime of violence means knowledge at a time when the individual could have attempted to alter the plan or withdraw from the enterprise. Knowledge of the gun may, but does not have to, exist before the underlying crime commences. It is sufficient if the knowledge is gained in the midst of the underlying crime, as long as the individual continues to participate in the crime and has a realistic opportunity to withdraw. You may, but need not, infer that an individual had sufficient advance knowledge if you find that the individual continued his or her participation in the crime after learning about the other person's possession of a gun.

Most of the "use and carry" counts have additional elements that the government must prove beyond a reasonable doubt. For example, some counts charge that the firearm was "brandished," or that it was "discharged," or that it was a "destructive device," or that the defendant caused, and aided and abetted another in causing, someone's death through the use of the firearm, and the killing was a murder. I will define some of those terms for you now.

To "brandish" a firearm means to display all or part of the firearm, or otherwise make the presence of the firearm known to another person, in order to intimidate that person, regardless of whether the firearm was directly visible to that person.

A "destructive device" is any explosive bomb.

"Murder" in this context is the unlawful killing of a human being with malice aforethought. "Malice aforethought" means an intent, at the time of a killing, willfully to take the life of a human being, or an intent willfully to act in callous and wanton disregard of the consequences to human life; but "malice aforethought" does not necessarily imply any ill will, spite or hatred towards the individual killed. In determining whether a victim was unlawfully killed with malice aforethought, you should consider all the evidence concerning the facts and

circumstances preceding, surrounding and following the killing which tend to shed light upon the question of intent.

A willful, deliberate, malicious, and premeditated killing is a murder.  A killing committed in the perpetration of, or attempt to perpetrate, any arson, robbery, or other murder is a murder.  And a killing perpetrated from a premeditated design unlawfully and maliciously to effect the death of any human being other than him who is killed, is also a murder. "Premeditation" contemplates a temporal dimension, which need only be an appreciable amount of time.  This time varies with each case and the key element is the fact of deliberation, of second thought.

If, in accordance with these instructions, you find the defendant guilty of using or carrying a firearm during and in relation to a particular crime of violence, or aiding and abetting another in doing so, you may find that the defendant also aided and abetted another in causing someone's death through the use of the firearm, even if the defendant did not personally use the firearm or encourage the homicide, if you unanimously find beyond a reasonable doubt that the defendant was a willing participant in the underlying crime of violence, intended that the homicide take place, and a co-participant caused the victim's death through the use of a firearm. You also may find that the defendant aided and abetted another in causing someone's death through the use of the firearm if you unanimously find beyond a reasonable doubt that the defendant was a willing participant in the underlying crime of violence, the underlying crime of violence was an arson, robbery, or murder, and a co-participant caused the victim's death through the use of a firearm.

Count Three charges that the defendant knowingly used or carried a firearm during and in relation to the crime charged in Count Two, and aided or abetted another in doing so.  The

Indictment and verdict form identify the firearm as Pressure Cooker Bomb #1.  I instruct you that the crime charged in Count Two is a crime of violence.  With respect to Count Three, the government must also prove three additional elements beyond a reasonable doubt:  that the alleged firearm was discharged; that the alleged firearm was a destructive device; and that the defendant, in the course of committing the offense charged in Count Three, caused the death of Krystle Marie Campbell through the use of the firearm, and the killing was a murder, or aided and abetted another in causing the death of Krystle Marie Campbell through the use of the firearm, and the killing was a murder.

Count Five charges that the defendant knowingly used or carried a firearm during and in relation to the crime charged in Count Four, and aided or abetted another in doing so.  The Indictment and verdict form identify the firearm as Pressure Cooker Bomb #2.  I instruct you that the crime charged in Count Four is a crime of violence.  With respect to Count Five, the government must also prove three additional elements beyond a reasonable doubt: that the alleged firearm was discharged; that the alleged firearm was a destructive device; and that the defendant, in the course of committing the offense charged in Count Five, caused the death of either Lingzi Lu or Martin Richard through the use of the firearm, and the killing was a murder, or aided and abetted another in causing the death of either Lingzi Lu or Martin Richard through the use of the firearm, and the killing was a murder.  Your finding as to which death, if any, was caused through the use of the firearm must be unanimous.

Count Twenty-Four charges that the defendant knowingly used or carried a firearm during and in relation to the crime charged in Count Twenty-Three, and aided or abetted another in doing so.   I instruct you that the crime charged in Count Twenty-Three is a crime of violence. The Indictment alleges that two firearms were used and carried during and in relation to the offense charged in Count Twenty-three; they are identified in the Indictment and the verdict form

as Pressure Cooker Bomb #3 and a Ruger P95 9mm semiautomatic handgun.  To find the defendant guilty, you must unanimously find beyond a reasonable doubt that the defendant used or carried at least one of those two alleged firearms during and in relation to the underlying crime of violence, or aided and abetted another in doing so.  You must be unanimous as to which, if any, of the two alleged firearms the defendant used or carried during and in relation to the underlying crime of violence.

If you unanimously find beyond a reasonable doubt that Pressure Cooker Bomb #3 is a firearm and that the defendant used or carried it during and in relation to the crime charged in Count Twenty-Three, or aided and abetted another in doing so, you must then determine whether the government has proved the following two additional elements beyond a reasonable doubt: that the alleged firearm was discharged, and that the alleged firearm was a destructive device.

If you unanimously find beyond a reasonable doubt that the Ruger P95 9mm semiautomatic handgun is a firearm and that the defendant used or carried it during and in relation to the crime charged in Count Twenty-Three, or aided and abetted another in doing so, you must then determine whether the government has proved the following additional element beyond a reasonable doubt:  that the alleged firearm was discharged.

 Count Twenty-Six charges that the defendant knowingly used or carried a firearm during and in relation to the crime charged in Count Twenty-Five, and aided or abetted another in doing so.  I instruct you that the crime charged in Count Twenty-Five is a crime of violence.   The Indictment alleges that two firearms were used and carried during and in relation to the offense charged in Count Twenty-Five; they are identified in the Indictment and the verdict form as Pipe Bomb #1 and a Ruger P95 9mm semiautomatic handgun.  To find the defendant guilty, you must unanimously find beyond a reasonable doubt that the defendant used or carried at least one of

these two alleged firearms during and in relation to the underlying crime of violence, or aided and abetted another in doing so.  You must be unanimous as to which, if any, of the two alleged firearms the defendant used or carried during and in relation to the underlying crime of violence.

If you unanimously find beyond a reasonable doubt that Pipe Bomb #1 is a firearm and that the defendant used or carried it during and in relation to the crime charged in Count Twenty-Five, or aided and abetted another in doing so, you must then determine whether the government has proved the following two additional elements beyond a reasonable doubt:  that the alleged firearm was discharged, and that the alleged firearm was a destructive device.

If you unanimously find beyond a reasonable doubt that the Ruger P95 9mm semiautomatic handgun is a firearm and that the defendant used or carried it during and in relation to the crime charged in Count Twenty-Five, or aided and abetted another in doing so, you must then determine whether the government has proved the following additional element beyond a reasonable doubt:  that the alleged firearm was discharged.

Count Twenty-Eight charges that the defendant knowingly used or carried a firearm during and in relation to the crime charged in Count Twenty-Seven, and aided or abetted another in doing so.   I instruct you that the crime charged in Count Twenty-Seven is a crime of violence. The Indictment alleges that two firearms were used and carried during and in relation to the offense charged in Count Twenty-Seven; they are identified in the Indictment and the verdict form as Pipe Bomb #2 and a Ruger P95 9mm semiautomatic handgun.  To find the defendant guilty, you must unanimously find beyond a reasonable doubt that the defendant used or carried at least one of these two alleged firearms during and in relation to the underlying crime of violence, or aided and abetted another in doing so.  You must be unanimous as to which, if any,

26

of the two alleged firearms the defendant used or carried during and in relation to the underlying crime of violence.

If you unanimously find beyond a reasonable doubt that Pipe Bomb #2 is a firearm and that the defendant used or carried it during and in relation to the crime charged in Count Twenty-Seven, or aided and abetted another in doing so, you must then determine whether the government has proved the following two additional elements beyond a reasonable doubt: that the alleged firearm was discharged, and that the alleged firearm was a destructive device.

If you unanimously find beyond a reasonable doubt that the Ruger P95 9mm semiautomatic handgun is a firearm and that the defendant used or carried it during and in relation to the crime charged in Count Twenty-Seven, or aided and abetted another in doing so, you must then determine whether the government has proved the following additional element beyond a reasonable doubt: that the alleged firearm was discharged.

Count Thirty charges that the defendant knowingly used or carried a firearm during and in relation to the crime charged in Count Twenty-Nine, and aided or abetted another in doing so. I instruct you that the crime charged in Count Twenty-Nine is a crime of violence. The Indictment alleges that two firearms were used and carried during and in relation to the offense charged in Count Twenty-Nine; they are identified in the Indictment and the verdict form as Pipe Bomb #3 and a Ruger P95 9mm semiautomatic handgun. To find the defendant guilty, you must unanimously find beyond a reasonable doubt that the defendant used or carried at least one of these two alleged firearms during and in relation to the underlying crime of violence, or aided and abetted another in doing so. You must be unanimous as to which, if any, of the two alleged firearms the defendant used or carried during and in relation to the underlying crime of violence.

If you unanimously find beyond a reasonable doubt that Pipe Bomb #3 is a firearm and that the defendant used or carried it during and in relation to the crime charged in Count Twenty-Nine, or aided and abetted another in doing so, you must then determine whether the government has proved the following two additional elements beyond a reasonable doubt:  that the alleged firearm was intentionally brandished, and that the alleged firearm was a destructive device.

If you unanimously find beyond a reasonable doubt that the Ruger P95 9mm semiautomatic handgun is a firearm and that the defendant used or carried it during and in relation to the crime charged in Count Twenty-Nine, or aided and abetted another in doing so, you must then determine whether the government has proved the following additional element beyond a reasonable doubt:  that the alleged firearm was discharged.

<u>Counts Seven and Nine (bombing a place of public use)</u>

I already instructed you that Count Six charges the defendant with conspiracy to bomb a place of public use.  Counts Seven and Nine charge the defendant with bombing a place of public use, or aiding an abetting another in doing so.  To find the defendant guilty of bombing a place of public use, you must find that the government has proved each of the following four elements beyond a reasonable doubt:

First, that the defendant knowingly delivered, placed, discharged, or detonated an explosive in, into, or against a place of public use;

Second, that the defendant did so intending to cause death or serious bodily injury, or, alternatively, that the defendant did so with the intent to cause extensive destruction of such a place, where such destruction results in or is likely to result in major economic loss.  You need not find that the government has proved both of these types of intent, but you must unanimously find that the government has proved at least one of them beyond a reasonable doubt;

Third, that the offense took place in the United States;

Fourth, that the offense was committed in an attempt to compel the United States to do or abstain from doing any act.

A "place of public use" means those parts of any building, land, street, or other location that are accessible or open to members of the public, whether continuously, periodically, or occasionally, and encompasses any commercial, business, cultural, historical, entertainment, recreational, or similar place that is so accessible or open to the public.

"Serious bodily injury" means bodily injury which involves (A) a substantial risk of death; (B) extreme physical pain; (C) protracted and obvious disfigurement; or (D) protracted loss or impairment of the function of a bodily member, organ, or mental faculty.

An "explosive" in this context means gunpowders, powders used for blasting, blasting materials, fuzes (other than electric circuit breakers), detonators, and any chemical compounds, mechanical mixture, or device that contains any oxidizing and combustible units, or other ingredients, in such proportions, quantities, or packing that ignition by fire or by detonation of the compound, mixture, or device or any part thereof may cause an explosion, insofar that it is designed, or has the capability, to cause death, serious bodily injury, or substantial material damage.

Count Seven charges that the defendant placed a bomb in front of Marathon Sports on Boylston Street in Boston, causing extensive destruction to Marathon Sports and other places of public use, and aided and abetted another in doing so.  The Indictment and verdict form refer to this alleged explosive as Pressure Cooker bomb #1.  Count Seven alleges an additional element that the government must prove beyond a reasonable doubt, namely, that the offense resulted in the death of Krystle Marie Campbell.

Count Nine charges that the defendant placed a bomb in front of the Forum restaurant on Boylston Street in Boston, causing extensive destruction to the Forum restaurant and other places of public use, and aided and abetted another in doing so.  The Indictment and verdict form refer to this alleged explosive as Pressure Cooker Bomb #2.  Count Nine alleges an additional element that the government must prove beyond a reasonable doubt, namely, that the offense resulted in the death of Lingzi Lu and Martin Richard.  For you to find the defendant guilty of this additional element, you must unanimously find beyond a reasonable doubt that the offense charged resulted in death of at least one of those two people.  You should consider each alleged death separately.  Your determination of which death, if any, resulted from the offense must be unanimous.

30

Counts Eight and Ten (using and carrying a firearm during and in relation to a crime of violence)

In addition to being charged with two counts of bombing a place of public use, the defendant is charged with two corresponding counts of using and carrying a firearm during and in relation to a crime of violence.  These counts separately charge that the defendant possessed and used a bomb during and in relation to each alleged bombing of a place of public use.

I already instructed you on the elements of using and carrying a firearm during and in relation to a crime of violence.  To find the defendant guilty of Count Eight, you must unanimously find beyond a reasonable doubt that the defendant committed each and every one of those same elements with respect to the crime charged in Count Eight.  Similarly, to find the defendant guilty of Count Ten, you must unanimously find beyond a reasonable doubt that the defendant committed each and every one of those same elements with respect to the crime charged in Count Ten.

Count Eight charges that the defendant knowingly used or carried a firearm during and in relation to the crime charged in Count Seven, and aided or abetted another in doing so.  The Indictment and verdict form identify this bomb as Pressure Cooker Bomb #1.  I instruct you that the crime charged in Count Seven is a crime of violence.  With respect to Count Eight, the government must prove three additional elements beyond a reasonable doubt:  that the alleged firearm was discharged; that the alleged firearm was a destructive device; and that the defendant, in the course of committing the offense charged in Count Eight, caused the death of Krystle Marie Campbell through the use of the firearm, and the killing was a murder, or aided and abetted another in causing the death of Krystle Marie Campbell through the use of the firearm, and the killing was a murder.

Count Ten charges that the defendant knowingly used or carried a firearm during and in relation to the crime charged in Count Nine, and aided or abetted another in doing so.  The Indictment and verdict form identify this bomb as Pressure Cooker Bomb #2.  I instruct you that the crime charged in Count Nine is a crime of violence.  With respect to Count Ten, the government must prove three additional elements beyond a reasonable doubt: that the alleged firearm was discharged; that the alleged firearm was a destructive device; and that the defendant, in the course of committing the offense charged in Count Ten, caused the death of Lingzi Lu and Martin Richard through the use of the firearm, and the killing was a murder, or aided and abetted another in causing the death of Lingzi Lu and Martin Richard through the use of the firearm, and the killing was a murder.  For you to find the defendant guilty of this last additional element, you must unanimously find beyond a reasonable doubt that the charged offense resulted in death of at least one of those two people.  You should consider each alleged death separately.  Your determination of which death, if any, resulted from the offense must be unanimous.

I already instructed you on the meaning of "discharge," "destructive device," and "murder," and on the requirements for finding that a person caused the death of someone through the use of the firearm or aided and abetted another in doing so.  Those instructions apply with equal force to Counts Eight and Ten.

<u>Counts Twelve and Fourteen (malicious destruction of property)</u>[*]

I already instructed you that Count Eleven charges the defendant with conspiring to maliciously destroy property.  Counts Twelve and Fourteen charge the defendant with malicious destruction of property.  To find the defendant guilty of malicious destruction of property, you must find that the government has proved each of the following four elements beyond a reasonable doubt:

First, that the defendant damaged or destroyed, or attempted to damage or destroy, by means of fire or an explosive, any building, vehicle, or other real or personal property;

Second, that the defendant did so maliciously;

Third, that he did so by means of fire or an explosive;

Fourth, that the building, vehicle, or other real or personal property was used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce.

"Explosive" in this context means gunpowders, powders used for blasting, blasting materials, fuzes (other than electric circuit breakers), detonators, and other detonating agents, or a device that contains any oxidizing and combustible units, or other ingredients, in such proportions, quantities, or packing that ignition by fire or by detonation of the compound, mixture, or device or any part thereof may cause an explosion.

To act "maliciously" means to act intentionally or with deliberate disregard of the likelihood that damage or injury will result.

"Use in interstate or foreign commerce or in any activity affecting interstate or foreign commerce" means current, active employment for commercial purposes, and not merely a

---

[*] Authority:  <u>Jones v. United States</u>, 529 U.S. 848, 854 (2000); <u>United States v. Troy</u>, 618 F.3d 27 (1st Cir. 2010)

passive, passing, or past connection to commerce.  The property's function must affect interstate commerce.

Count Twelve charges that the defendant placed an explosive bomb in the vicinity of Marathon Sports on Boylston Street in Boston, resulting in a premature end to the Boston Marathon and damage to Marathon Sports and other business property, and aided and abetted another in doing so.  The Indictment and verdict form refer to this alleged explosive as Pressure Cooker Bomb #1.  With respect to Count Twelve, the government must prove two other elements beyond a reasonable doubt:  that the defendant, as a result of his conduct, directly or proximately caused personal injury, or created a substantial risk of injury, to any person, or purposely aided and abetted another in doing so; and that the defendant, as a result of his conduct, directly or proximately caused the death of Krystle Marie Campbell, or purposely aided and abetted another in doing so.

Count Fourteen charges that the defendant placed a bomb in the vicinity of the Forum Restaurant on Boylston Street in Boston, resulting in a premature end to the Boston Marathon and damage to the Forum Restaurant and other business property, and aided and abetted another in doing so.  The Indictment and verdict form refer to this bomb as Pressure Cooker Bomb #2. With respect to Count Fourteen, the government must prove two other elements beyond a reasonable doubt:  that the defendant, as a result of his conduct, directly or proximately caused personal injury, or created a substantial risk of injury, to any person, or purposely aided and abetted another in doing so; and that the defendant, as a result of his conduct, directly or proximately caused the death of any person.  For you to find the defendant guilty of this additional element, you must unanimously find beyond a reasonable doubt that the defendant, through his conduct, directly or proximately caused the death of at least one of the two following

34

people:  Lingzi Lu and Martin Richard.  You should consider each alleged death separately. Your determination of which death, if any, the defendant caused through his conduct, must be unanimous.

<u>Counts Thirteen and Fifteen (using and carrying a firearm during and in relation to a</u>
<u>crime of violence)</u>

In addition to being charged with two counts of malicious destruction of property, the defendant is charged with two corresponding counts of using and carrying a firearm during and in relation to a crime of violence.  These counts separately charge that the defendant possessed and used a bomb during and in relation to each charged act of malicious destruction of property.

I already instructed you on the elements of using and carrying a firearm during and in relation to a crime of violence.  To find the defendant guilty on Count Thirteen, you must unanimously find beyond a reasonable doubt that the defendant committed each and every one of those same elements with respect to the crime charged in Count Thirteen.  Similarly, to find the defendant guilty on Count Fifteen, you must unanimously find beyond a reasonable doubt that the defendant committed each and every one of those same elements with respect to the crime charged in Count Fifteen.

Count Thirteen charges that the defendant knowingly used or carried a firearm during and in relation to the crime charged in Count Twelve, and aided or abetted another in doing so.  The Indictment and verdict form identify this bomb as Pressure Cooker Bomb #1.  I instruct you that the crime charged in Count Twelve is a crime of violence.  With respect to Count Thirteen, the government must prove three additional elements beyond a reasonable doubt:  that the alleged firearm was discharged; that the alleged firearm was a destructive device; and that the defendant, in the course of committing the offense charged in Count Thirteen, caused the death of Krystle Marie Campbell through the use of the firearm, and the killing was a murder, or aided and abetted another in causing the death of Krystle Marie Campbell through the use of the firearm, and the killing was a murder.

36

Count Fifteen charges that the defendant knowingly used or carried a firearm during and in relation to the crime charged in Count Fourteen, and aided or abetted another in doing so.  The Indictment and verdict form identify this bomb as Pressure Cooker Bomb #2.  I instruct you that the crime charged in Count Fourteen is a crime of violence.  With respect to Count Fifteen, the government must prove three additional elements beyond a reasonable doubt: that the alleged firearm was discharged; that the alleged firearm was a destructive device; and that the defendant, in the course of committing the offense charged in Count Fifteen, caused the death of Lingzi Lu and Martin Richard through the use of the firearm, and the killing was a murder, or aided and abetted another in causing the death of Lingzi Lu and Martin Richard through the use of the firearm, and the killing was a murder.  For you to find the defendant guilty of this additional element, you must unanimously find beyond a reasonable doubt that the defendant, through his conduct, directly or proximately caused the death of at least one of the two following people: Lingzi Lu and Martin Richard.  You should consider each alleged death separately.  Your determination of which death, if any, the defendant caused through his conduct, must be unanimous.

I already instructed you on the meaning of "discharge," "destructive device," and "murder," and on the requirements for finding that a person caused the death of someone through the use of the firearm and aided and abetted another in doing so.  Those instructions apply with equal force to Counts Thirteen and Fifteen.

Counts Sixteen, Seventeen, and Eighteen (using and carrying a firearm during and in relation to a crime of violence); *Pinkerton* liability[*]

Count Sixteen charges that the defendant knowingly used or carried a firearm, identified as a Ruger P95 9mm semiautomatic handgun, during and in relation to the crime of conspiracy to use a weapon of mass destruction as charged in Count One, and aided or abetted another in doing so.  I instruct you that the crime charged in Count One is a crime of violence.  Count Sixteen charges two additional elements as well:  that the alleged firearm was discharged, and that the defendant caused the death of Officer Sean Collier through the use of the firearm, and the killing was a murder, or that he aided and abetted another in causing the death of Officer Sean Collier through the use of the firearm, and the killing was a murder.

Count Seventeen likewise charges that the defendant knowingly used or carried a firearm, identified as a Ruger P95 9mm semiautomatic handgun, during and in relation to the crime of conspiracy to bomb a place of public use as charged in Count Six, and aided or abetted another in doing so.  I instruct you that the crime charged in Count Six is a crime of violence. Like count Sixteen, Count Seventeen charges two additional elements as well:  that the alleged firearm was discharged, and that the defendant caused the death of Officer Sean Collier through the use of the firearm, and the killing was a murder, or that he aided and abetted another in causing the death of Officer Sean Collier through the use of the firearm, and the killing was a murder.

Count Eighteen charges that the defendant knowingly used or carried a firearm, identified as a Ruger P95 9mm semiautomatic handgun, during and in relation to the crime of conspiracy to maliciously destroy property as charged in Count Eleven, and aided or abetted another in doing

[*]   Authority: Pattern Jury Instructions: First Circuit, Criminal Cases Committee on Pattern Criminal Jury Instructions § 4.18.371.2 (2015 revision). United States v. Vazquez-Castro, 640 F.3d 19, 25-26 (1st Cir. 2011); see United States v. Brown, 669 F.3d 10, n.26 (1st Cir. 2012)

so. I instruct you that the crime charged in Count Eleven is a crime of violence. Like Counts Sixteen and Seventeen, Count Eighteen charges two additional elements as well: that the alleged firearm was discharged, and that the defendant caused the death of Officer Sean Collier through the use of the firearm, and the killing was a murder, or that he aided and abetted another in causing the death of Officer Sean Collier through the use of the firearm, and the killing was a murder

My previous instructions regarding the elements of the crime of using and carrying a firearm during and in relation to a crime of violence apply with equal force to Counts Sixteen, Seventeen, and Eighteen. Similarly, my previous instructions regarding aiding and abetting, the meaning of the word "discharge" in this context, and the requirements for finding that the firearm caused the death of a person, and that the killing was a murder, apply with equal force to Counts Sixteen, Seventeen, and Eighteen. I remind you that to find the defendant guilty of an offense, you must be unanimously convinced that the government has proved each and every element of the offense beyond a reasonable doubt.

There is another method by which you may evaluate whether to find the defendant guilty on Count Sixteen, Seventeen and/or Eighteen. If you find that the defendant is guilty of one or more of the underlying conspiracies referenced in Counts Sixteen, Seventeen, and Eighteen, then you may also, but you are not required to, find him guilty of using and carrying a firearm during and in relation to an underlying conspiracy of which you found him guilty, provided you find beyond a reasonable doubt each of the following elements:

First, that a coconspirator used or carried a firearm during and in relation to that conspiracy;

Second, that the coconspirator did so in furtherance of the that conspiracy;

Third, that the defendant was a member of that conspiracy at the time the coconspirator used or carried a firearm during and in relation to it, and had not withdrawn from it; and

Fifth, that the defendant could reasonably have foreseen that the coconspirator might use or carry a firearm during and in relation to that conspiracy,

If you find all five of these elements to exist beyond a reasonable doubt with respect to one or more of the underlying conspiracies charged in Counts Sixteen, Seventeen, and Eighteen, then you may find the defendant guilty of using and carrying a firearm during and in relation to that conspiracy, even though he did not personally participate in the acts constituting the crime of using of carrying a firearm during and in relation to that underlying conspiracy, or did not even have actual knowledge of them.

If, however, you are not satisfied as to the existence of any one of these five elements, then you may not find the defendant guilty using and carrying a firearm during and in relation to the conspiracy unless the government proves beyond a reasonable doubt that the defendant personally committed that crime or aided and abetted its commission.

The same holds true for the additional element charged in Counts Sixteen, Seventeen, and Eighteen, namely, that the defendant, through the use of the firearm, caused the death of Officer Sean Collier, and the killing was a murder.  That is, you may, but you are not required to, find the defendant guilty of that element with respect to Counts Sixteen, Seventeen, and/or Eighteen, if you unanimously conclude beyond a reasonable doubt that the defendant joined the underlying conspiracy charged in each count; that a coconspirator used and carried a firearm during and in relation to that underlying conspiracy; that the firearm was used to cause the death of Officer Sean Collier, and the killing was a murder; that the killing was in furtherance of that conspiracy;

that the defendant was a member of that conspiracy at the time the killing occurred, and that the

killing was reasonably foreseeable to the defendant.

Count Nineteen (carjacking)[*]

Count Nineteen charges that the defendant carjacked a Mercedes SUV from Dun Meng, and aided and abetted another in doing so. For you to find the defendant guilty of carjacking, you must unanimously conclude that the government has proved the following four elements beyond a reasonable doubt:

First, that the defendant took a motor vehicle from Dun Meng;

Second, that the defendant took the motor vehicle through the use of force, violence, or by intimidation;

Third, that the defendant intended to cause death or serious bodily harm at the time he took the motor vehicle;

Fourth, that the motor vehicle was transported, shipped, or received in interstate or foreign commerce.

A person who takes a motor vehicle from the person or presence of another acts with the intent to cause death or serious bodily harm if the person intends to seriously harm or kill the driver if necessary to steal the car. You may infer that a person acted with such intent if he demanded the car at gunpoint and used verbal threats, although you are not required to. You also may infer that a person acted with such intent if he willfully and knowingly participated in the initiation of the carjacking knowing that another intended to demand the car at gunpoint, although you are not required to.

---

[*] Authority: Pattern Jury Instructions: First Circuit, Criminal Cases Committee on Pattern Criminal Jury Instructions § 4.18.2119 (2015 revisions); Holloway v. United States, 526 U.S. 1, 12, (1999); United States v. Rodriguez Adorno, 695 F.3d 32, 42 (1st Cir. 2012): United States v. Lebrón-Cepeda, 324 F.3d 52 (1st Cir. 2003); United States v. Jones, 188 F.3d 773, 777 (7th Cir. 1999); United States v. Vazquez-Rivera, 135 F.3d 172, 178 (1st Cir. 1998); Martinez-Bermudez, 387 F.3d 98, 102 n.6 (1st Cir. 2004).

As to Count Nineteen, the government must prove an additional element beyond a reasonable doubt, namely, that the carjacking resulted in serious bodily injury to Officer Richard Donohue.  "Serious bodily injury" means bodily injury that involves a substantial risk of death or extreme physical pain or protracted and obvious disfigurement or protracted loss or impairment of the function of a bodily member, organ or mental faculty. It "resulted" from a carjacking even if it did not result from the taking of the car, so long as it was caused by the carjacker while he still retained the car and had not yet completely evaded capture.

<u>Count Twenty (using and carrying a firearm during and in relation to a crime of violence)</u>

Count Twenty charges that the defendant knowingly used or carried a firearm, identified as a Ruger P95 9mm semiautomatic handgun, during and in relation to the crime of carjacking as charged in Count Nineteen, and aided or abetted another in doing so.  I instruct you that the crime charged in Count Nineteen is a crime of violence.  The instructions I previously gave you with respect to using and carrying a firearm during and in relation to a crime of violence apply with equal force to this count.  To find the defendant guilty on this count, you must unanimously conclude that the government has proved each and every element of using and carrying a firearm during and in relation to a crime of violence.

With respect to Count Twenty, the government must prove an additional element beyond a reasonable doubt, namely, that the firearm was brandished.  My previous instructions on the meaning of the "brandished" apply with equal force to this count.

<u>Count Twenty-One (robbery affecting interstate commerce)</u>

Count Twenty-One charges that the defendant committed a robbery affecting interstate commerce by withdrawing $800 from Dun Meng's bank account on April 18, 2013, at an ATM in Watertown, and aided or abetted another in doing so. To find the defendant guilty of this charge, you must unanimously find beyond a reasonable doubt that the government has proved the following three elements:

First, that the defendant knowingly and willfully took property from Dun Meng;

Second, that he did so by robbery;

Third, that the robbery affected interstate commerce.

To act "willfully" in this context means to act voluntarily and intelligently and with the specific intent that the underlying crime be committed — that is to say, with bad purpose, either to disobey or disregard the law — not to act by ignorance, accident or mistake

"Robbery" in this context means unlawfully taking or obtaining personal property from another, against his or her will, by means of actual or threatened force, or violence, or fear of injury to his or her person or property, or property in his or her custody or possession.

It is only necessary that the government prove beyond a reasonable doubt that there is a realistic probability that the acts committed by the defendant as charged in the indictment had some slight or minimal effect on interstate commerce. It is not necessary for you to find that the defendant knew or intended that his actions would affect interstate commerce.

45

<u>Count Twenty-Two (using and carrying a firearm during and in relation to a crime of violence)</u>

Count Twenty-Two charges that the defendant knowingly used or carried a firearm, identified as a Ruger P95 9mm semiautomatic handgun, during and in relation to the crime of robbery affecting commerce as charged in Count Twenty-One, and aided or abetted another in doing so.  I instruct you that the crime charged in Count Twenty-One is a crime of violence.  The instructions I previously gave you with respect to using and carrying a firearm during and in relation to a crime of violence apply with equal force to this count.  To find the defendant guilty on this count, you must unanimously conclude that the government has proved each and every element of using and carrying a firearm during and in relation to a crime of violence.

With respect to Count Twenty-Two, the government must prove an additional element beyond a reasonable doubt, namely, that the firearm was brandished.  My previous instructions on the meaning of the "brandished" apply with equal force to this count

Reaching agreement[*]

Each of you must decide the case for yourself, but you should do so only after considering all the evidence, discussing it fully with the other jurors, and listening to the views of the other jurors.

Do not be afraid to change your opinion if you think you are wrong.  But do not come to a decision simply because other jurors think it is right.

This case has taken time and effort to prepare and try.  There is no reason to think it could be better tried or that another jury is better qualified to decide it.  It is important therefore that you reach a verdict if you can do so conscientiously.  If it looks at some point as if you may have difficulty in reaching a unanimous verdict, and if the greater number of you are agreed on a verdict, the jurors in both the majority and the minority should reexamine their positions to see whether they have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with them.  You should not hesitate to reconsider your views from time to time and to change them if you are persuaded that this is appropriate.

It is important that you attempt to return a verdict, but of course, only if each of you can do so after having made your own conscientious determination.  Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

---

[*]   Authority: Pattern Jury Instructions: First Circuit, Criminal Cases Committee on Pattern Criminal Jury Instructions § 6.03 (2003).