UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL NO. 03-10200-GAO** |
| | ) | |
| **DZHOKHAR A. TSARNAEV,** | ) | |
| **a/k/a "Jahar Tsarni,"** | ) | |
| **Defendant** | ) | |

## **VERDICT**

**COUNT ONE:**

1.      As to Count One of the Indictment charging conspiracy to use a weapon of mass destruction, we unanimously find, beyond a reasonable doubt, the Defendant, Dzhokhar A. Tsarnaev:

☐      Guilty          ☐      Not Guilty

2.      As to whether the conspiracy charged in Count One of the Indictment resulted in at least one of the four deaths charged in Count One, we unanimously find,  beyond a reasonable doubt, the Defendant, Dzhokhar A. Tsarnaev:

a.      As to the death of Krystle Marie Campbell:
☐      Guilty          ☐      Not Guilty

b.      As to the death of Officer Sean Collier:
☐      Guilty          ☐      Not Guilty

c.      As to the death of Lingzi Lu:
☐      Guilty          ☐      Not Guilty

d.      As to the death of Martin Richard:
☐      Guilty          ☐      Not Guilty

**COUNT TWO:**

1.      As to Count Two of the Indictment charging use of a weapon of mass destruction (Pressure Cooker Bomb #1) on or about April 15, 2013, in the vicinity of 671 Boylston Street in Boston, Massachusetts, and aiding and abetting, we unanimously find, beyond a reasonable doubt, the Defendant, Dzhokhar A. Tsarnaev:

                     □      Guilty                    □      Not Guilty

2.      As to whether the offense charged in Count Two resulted in the death of Krystle Marie Campbell, we unanimously find, beyond a reasonable doubt, the Defendant, Dzhokhar A. Tsarnaev:

                     □      Guilty                    □      Not Guilty

**COUNT THREE:**

1.    As to Count Three of the Indictment charging that the defendant used or carried a firearm (Pressure Cooker Bomb #1) during and in relation to a crime of violence, namely, use of a weapon of mass destruction as charged in Count Two of the Indictment, and aiding and abetting, we unanimously find, beyond a reasonable doubt, the Defendant, Dzhokhar A. Tsarnaev:

□    Guilty                    □    Not Guilty

2.    As to whether the firearm charged in Count Three (Pressure Cooker Bomb #1) was discharged, we unanimously find, beyond a reasonable doubt, the Defendant, Dzhokhar A. Tsarnaev:

□    Guilty                    □    Not Guilty

3.    As to whether the firearm charged in Count Three (Pressure Cooker Bomb #1) was a destructive device, we unanimously find, beyond a reasonable doubt, the Defendant, Dzhokhar A. Tsarnaev:

□    Guilty                    □    Not Guilty

4.    As to whether the defendant, in the course of committing the violation alleged in Count Three, caused the death of Krystle Marie Campbell through the use of the firearm, and the killing was a murder, or aided or abetted another in causing the death of Krystle Marie Campbell through the use of the firearm, and the killing was a murder, we unanimously find, beyond a reasonable doubt, the Defendant, Dzhokhar A. Tsarnaev:

□    Guilty                    □    Not Guilty

**COUNT FOUR:**

1.      As to Count Four of the Indictment charging use of a weapon of mass destruction (Pressure Cooker Bomb #2) on or about April 15, 2013, in the vicinity of 755 Boylston Street in Boston, Massachusetts, and aiding and abetting, we unanimously find, beyond a reasonable doubt, the Defendant, Dzhokhar A. Tsarnaev:

        ☐      Guilty        ☐      Not Guilty

2.      As to whether the offense charged in Count Four of the Indictment resulted in at least one of the two deaths alleged in Count Four, we unanimously find, beyond a reasonable doubt, the Defendant, Dzhokhar A. Tsarnaev:

    a.      As to the death of Lingzi Lu:
        ☐      Guilty        ☐      Not Guilty

    b.      As to the death of Martin Richard:
        ☐      Guilty        ☐      Not Guilty

**COUNT FIVE:**

1.      As to Count Five of the Indictment charging that the defendant used or carried a firearm (Pressure Cooker Bomb #2) during and in relation to a crime of violence, namely, use of a weapon of mass destruction as charged in Count Four of the Indictment, we unanimously find, beyond a reasonable doubt, the Defendant, Dzhokhar A. Tsarnaev:

□      Guilty              □      Not Guilty

2.      As to whether the firearm charged in Count Five was discharged, we unanimously find, beyond a reasonable doubt, the Defendant, Dzhokhar A. Tsarnaev:

□      Guilty              □      Not Guilty

3.      As to whether the firearm charged in Count Five was a destructive device, we unanimously find, beyond a reasonable doubt, the Defendant, Dzhokhar A. Tsarnaev:

□      Guilty              □      Not Guilty

4.      As to whether the defendant, in the course of committing the violation alleged in Count Five, caused one of the two deaths alleged in Count Five, and the killing was a murder, or aided or abetted another in causing one of the two deaths alleged in Count Five, and the killing was a murder, we unanimously find, beyond a reasonable doubt, the Defendant, Dzhokhar A. Tsarnaev:

a.      As to the death of Lingzi Lu:
□      Guilty                        □      Not Guilty

b.      As to the death of Martin Richard:
□      Guilty                        □      Not Guilty

**COUNT SIX:**

1.          As to Count Six of the Indictment charging conspiracy to bomb a place of public use, we unanimously find, beyond a reasonable doubt, the Defendant, Dzhokhar A. Tsarnaev:

                    □          Guilty                    □          Not Guilty

2.          As to whether the conspiracy charged in Count Six of the Indictment resulted in at least one of the deaths charged in Count Six, we unanimously find, beyond a reasonable doubt, the Defendant, Dzhokhar A. Tsarnaev:

          a.          As to the death of Krystle Marie Campbell:
                    □          Guilty                    □          Not Guilty

          b.          As to the death of Officer Sean Collier:
                    □          Guilty                    □          Not Guilty

          c.          As to the death of Lingzi Lu:
                    □          Guilty                    □          Not Guilty

          d.          As to the death of Martin Richard:
                    □          Guilty                    □          Not Guilty

**COUNT SEVEN:**

1.      As to Count Seven of the Indictment charging the bombing of a place of public use (Pressure Cooker Bomb #1) on or about April 15, 2013, in the vicinity of 671 Boylston Street, Boston, Massachusetts, and aiding and abetting, we unanimously find, beyond a reasonable doubt, the Defendant, Dzhokhar A. Tsarnaev:

□      Guilty            □      Not Guilty

2.      As to whether the offense charged in Count Seven resulted in the death of Krystle Marie Campbell, we unanimously find, beyond a reasonable doubt, the Defendant, Dzhokhar A. Tsarnaev:

□      Guilty            □      Not Guilty

**COUNT EIGHT:**

1.      As to Count Eight of the Indictment charging that the defendant used or carries a firearm (Pressure Cooker Bomb #1) during and in relation to a crime of violence, namely, the bombing of a place of public use as charged in Count Seven of the Indictment, we unanimously find, beyond a reasonable doubt, the Defendant, Dzhokhar A. Tsarnaev:

□     Guilty                    □     Not Guilty

2.      As to whether the firearm charged in Count Eight (Pressure Cooker Bomb #1) was discharged, we unanimously find, beyond a reasonable doubt, the Defendant, Dzhokhar A. Tsarnaev:

□     Guilty                    □     Not Guilty

3.      As to whether the firearm charged in Count Eight (Pressure Cooker Bomb #1) was a destructive device, we unanimously find, beyond a reasonable doubt, the Defendant, Dzhokhar A. Tsarnaev:

□     Guilty                    □     Not Guilty

4.      As to whether the defendant, in the course of committing the violation alleged in Count Eight, caused the death of Krystle Marie Campbell through the use of the firearm, and the killing was a murder, or aided or abetted another in causing the death of Krystle Marie Campbell through the use of the firearm, and the killing was a murder, we unanimously find,  beyond a reasonable doubt, the Defendant, Dzhokhar A. Tsarnaev:

□     Guilty                    □     Not Guilty

**COUNT NINE:**

1.      As to Count Nine of the Indictment charging the bombing of a place of public use (Pressure Cooker Bomb #2) on or about April 15, 2013, in the vicinity of 755 Boylston Street, Boston, Massachusetts, and aiding and abetting, we unanimously find, beyond a reasonable doubt, the Defendant, Dzhokhar A. Tsarnaev:

□      Guilty            □      Not Guilty

2.      As to whether the offense charged in Count Nine of the Indictment resulted in the death of at least one of the two persons charged in Count Nine, we unanimously find, beyond a reasonable doubt, the Defendant, Dzhokhar A. Tsarnaev:

a.      As to the death of Lingzi Lu:
            □      Guilty            □      Not Guilty

b.      As to the death of Martin Richard:
            □      Guilty            □      Not Guilty

**COUNT TEN:**

1.      As to Count Ten of the Indictment charging that the defendant used or carried a firearm (Pressure Cooker Bomb #2) during and in relation to a crime of violence, namely, the bombing of a place of public use as charged in Count Nine of the Indictment, we unanimously find, beyond a reasonable doubt, the Defendant, Dzhokhar A. Tsarnaev:

□      Guilty                    □      Not Guilty

2.      As to whether the firearm charged in Count Ten (Pressure Cooker Bomb #2) was discharged, we unanimously find, beyond a reasonable doubt, the Defendant, Dzhokhar A. Tsarnaev:

□      Guilty                    □      Not Guilty

3.      As to whether the firearm charged in Count Ten (Pressure Cooker Bomb #2) was a destructive device, we unanimously find, beyond a reasonable doubt, the Defendant, Dzhokhar A. Tsarnaev:

□      Guilty                    □      Not Guilty

4.      As to whether the defendant, in the course of committing the violation alleged in Count Ten of the Indictment, caused the death of one of the two persons charged in Count Ten through use of the firearm, and the killing was a murder, or aided or abetted another in causing the death of one of the two persons charged in Count Ten through use of the firearm, and the killing was a murder we unanimously find, beyond a reasonable doubt, the Defendant, Dzhokhar A. Tsarnaev:

a.      As to the death of Lingzi Lu:
□      Guilty                    □      Not Guilty

b.      As to the death of Martin Richard:
□      Guilty                    □      Not Guilty

10

**COUNT ELEVEN:**

1.      As to Count Eleven of the Indictment charging conspiracy to maliciously destroy property, we unanimously find, beyond a reasonable doubt, the Defendant, Dzhokhar A. Tsarnaev:

                □      Guilty                    □      Not Guilty

2.      As to whether the conspiracy charged in Count Eleven of the Indictment resulted in at least one of the four deaths alleged in Count Eleven, we unanimously find, beyond a reasonable doubt, the Defendant, Dzhokhar A. Tsarnaev:

      a.      As to the death of Krystle Marie Campbell:
           □      Guilty                    □      Not Guilty

      b.      As to the death of Officer Sean Collier:
           □      Guilty                    □      Not Guilty

      c.      As to the death of Lingzi Lu:
           □      Guilty                    □      Not Guilty

      d.      As to the death of Martin Richard:
           □      Guilty                    □      Not Guilty

**COUNT TWELVE:**

1.      As to Count Twelve of the Indictment charging malicious destruction of property by means of an explosive (Pressure Cooker Bomb #1) on or about April 15, 2013, in the vicinity of 671 Boylston Street in Boston, Massachusetts, and aiding and abetting, we unanimously find, beyond a reasonable doubt, the Defendant, Dzhokhar A. Tsarnaev:

□      Guilty            □      Not Guilty

2.      As to whether the offense charged in Count Twelve of the Indictment resulted in personal injury to at least one person, we unanimously find, beyond a reasonable doubt, the Defendant, Dzhokhar A. Tsarnaev:

□      Guilty            □      Not Guilty

3.      As to whether the offense charged in Count Twelve of the Indictment resulted in the death of Krystle Marie Campbell, we unanimously find, beyond a reasonable doubt, the Defendant, Dzhokhar A. Tsarnaev:

□      Guilty            □      Not Guilty

**COUNT THIRTEEN:**

1.      As to Count Thirteen of the Indictment charging that the defendant used or carried a firearm (Pressure Cooker Bomb #1) during and in relation to a crime of violence, namely, malicious destruction property as charged in Count Twelve of the Indictment, we unanimously find, beyond a reasonable doubt, the Defendant, Dzhokhar A. Tsarnaev:

□      Guilty                    □      Not Guilty

2.      As to whether the firearm charged in Count Thirteen was discharged, we unanimously find, beyond a reasonable doubt, the Defendant, Dzhokhar A. Tsarnaev:

□      Guilty                    □      Not Guilty

3.      As to whether the firearm charged in Count Thirteen was a destructive device, we unanimously find, beyond a reasonable doubt, the Defendant, Dzhokhar A. Tsarnaev:

□      Guilty                    □      Not Guilty

4.      As to whether the defendant, in the course of committing the violation alleged in Count Thirteen, caused the death of Krystle Marie Campbell through the use of the firearm, and the killing was a murder, or aided or abetted another in causing the death of Krystle Marie Campbell through the use of the firearm, and the killing was a murder, we unanimously find, beyond a reasonable doubt, the Defendant, Dzhokhar A. Tsarnaev:

□      Guilty                    □      Not Guilty

13

**COUNT FOURTEEN:**

1.      As to Count Fourteen of the Indictment charging malicious destruction of property by means of an explosive (Pressure Cooker Bomb #2) on or about April 15, 2013, in the vicinity of 755 Boylston Street in Boston, Massachusetts, and aiding and abetting, we unanimously find, beyond a reasonable doubt, the Defendant, Dzhokhar A. Tsarnaev:

□      Guilty                □      Not Guilty

2.      As to whether the offense charged in Count Fourteen resulted in personal injury to at least one person, we unanimously find, beyond a reasonable doubt, the Defendant, Dzhokhar A. Tsarnaev:

□      Guilty                □      Not Guilty

3.      As to whether the offense charged in Count Fourteen of the Indictment resulted in in at least one of the two deaths charged in Count Fourteen, we unanimously find, beyond a reasonable doubt, the Defendant, Dzhokhar A. Tsarnaev:

a.      As to the death of Lingzi Lu:
□      Guilty                □      Not Guilty

b.      As to the death of Martin Richard:
□      Guilty                □      Not Guilty

**COUNT FIFTEEN:**

1.      As to Count Fifteen of the Indictment charging that the defendant used or carried a firearm (Pressure Cooker Bomb #2) during and in relation to a crime of violence, namely, malicious destruction property as charged in Count Fourteen of the Indictment, we unanimously find, beyond a reasonable doubt, the Defendant, Dzhokhar A. Tsarnaev:

□      Guilty            □      Not Guilty

2.      As to whether the firearm charged in Count Fifteen (Pressure Cooker Bomb #2) was discharged, we unanimously find, beyond a reasonable doubt, the Defendant, Dzhokhar A. Tsarnaev:

□      Guilty            □      Not Guilty

3.      As to whether the firearm charged in Count Fifteen (Pressure Cooker Bomb #2) was a destructive device, we unanimously find, beyond a reasonable doubt, the Defendant, Dzhokhar A. Tsarnaev:

□      Guilty            □      Not Guilty

4.      As to whether the defendant, in the course of committing the violation alleged in Count Fifteen of the Indictment, caused the death of one of the two persons charged in Count Fifteen, and the killing was a murder, or aided or abetted another in causing the death of one of the two persons charged in Count Fifteen, and the killing was a murder, we unanimously find, beyond a reasonable doubt, the Defendant, Dzhokhar A. Tsarnaev:

a.      As to the death of Lingzi Lu:
□      Guilty            □      Not Guilty

b.      As to the death of Martin Richard:
□      Guilty            □      Not Guilty

15

**COUNT SIXTEEN:**

1.      As to Count Sixteen of the Indictment charging that on or about April 18, 2013, the defendant used or carry a firearm (Ruger P95 9mm semiautomatic handgun) during and in relation to a crime of violence, namely, conspiracy to use a weapon of mass destruction as charged in Count One of this Indictment, and aiding and abetting, we unanimously find, beyond a reasonable doubt, the Defendant, Dzhokhar A. Tsarnaev:

                           □       Guilty                    □       Not Guilty

2.      As to whether the firearm charged in Count Sixteen (Ruger P95 9mm semiautomatic handgun) was discharged, we unanimously find, beyond a reasonable doubt, the Defendant, Dzhokhar A. Tsarnaev:

                           □       Guilty                    □       Not Guilty

3.      As to whether the defendant, in the course of the violation charged in Count Sixteen, caused the death of Officer Sean Collier, and the killing was a murder, or aided or abetted another in causing the death of Officer Sean Collier, and the killing was a murder, we unanimously find, beyond a reasonable doubt, the Defendant, Dzhokhar A. Tsarnaev:

                           □       Guilty                    □       Not Guilty

**COUNT SEVENTEEN:**

1.      As to Count Seventeen of the Indictment charging that on or about April 18, 2013, the defendant used or carried a firearm (Ruger P95 9mm semiautomatic handgun) during and in relation to a crime of violence, namely, conspiracy to bomb a place of public use charged in Count Six of this Indictment, and aiding and abetting, we unanimously find, beyond a reasonable doubt, the Defendant, Dzhokhar A. Tsarnaev:

☐      Guilty            ☐      Not Guilty

2.      As to whether the firearm charged in Count Seventeen was discharged, we unanimously find, beyond a reasonable doubt, the Defendant, Dzhokhar A. Tsarnaev:

☐      Guilty            ☐      Not Guilty

3.      As to whether the defendant, in the course committing the violation charged in Count Seventeen of the Indictment, caused the death of Officer Sean Collier, and the killing was a murder, or aided or abetted another in causing the death of Officer Sean Collier, and the killing was a murder, we unanimously find, beyond a reasonable doubt, the Defendant, Dzhokhar A. Tsarnaev:

☐      Guilty            ☐      Not Guilty

**COUNT EIGHTEEN:**

1.      As to Count Eighteen of the Indictment charging that on or about April 18, 2013, the defendant used or carried a firearm (Ruger P95 9mm semiautomatic handgun) during and in relation to a crime of violence, namely, namely, conspiracy to maliciously to destroy property as charged in Count Eleven of this Indictment, and aiding and abetting, we unanimously find, beyond a reasonable doubt, the Defendant, Dzhokhar A. Tsarnaev:

□      Guilty                 □      Not Guilty

2.      As to whether the firearm charged in Count Eighteen was discharged, we unanimously find, beyond a reasonable doubt, the Defendant, Dzhokhar A. Tsarnaev:

□      Guilty                 □      Not Guilty

3.      As to whether the defendant, in the course of committing the violation charged in Count Eighteen, caused the death of Officer Sean Collier, and the killing was a murder, or aided or abetted another in causing the death of Officer Sean Collier, and the killing was a murder, we unanimously find, beyond a reasonable doubt, the Defendant, Dzhokhar A. Tsarnaev:

□      Guilty                 □      Not Guilty

18

**COUNT NINETEEN**:

1.      As to Count Nineteen of the Indictment charging carjacking and aiding and abetting, we unanimously find, beyond a reasonable doubt, the Defendant, Dzhokhar A. Tsarnaev:

□      Guilty                □      Not Guilty

2.      As to whether the offense charged in Count Nineteen resulted in serious bodily injury to Officer Richard Donohue, we unanimously find, beyond a reasonable doubt, the Defendant, Dzhokhar A. Tsarnaev:

□      Guilty                □      Not Guilty

**COUNT TWENTY:**

1.      As to Count Twenty of the Indictment charging that on or about April 18, 2013, the defendant used or carried a firearm (Ruger P95 9mm semiautomatic handgun) during and in relation to a crime of violence, namely, carjacking as charged in Count Nineteen of this Indictment, and aiding and abetting, we unanimously find, beyond a reasonable doubt, the Defendant, Dzhokhar A. Tsarnaev:

☐      Guilty                    ☐      Not Guilty

2.      As to whether the firearm charged in Count Twenty (Ruger P95 9mm semiautomatic handgun) was brandished, we unanimously find, beyond a reasonable doubt, the Defendant, Dzhokhar A. Tsarnaev:

☐      Guilty                    ☐      Not Guilty

**COUNT TWENTY-ONE:**

As to Count Twenty-One of the Indictment charging interference with commerce by threats or violence on or about April 18, 2013, we unanimously find, beyond a reasonable doubt, the Defendant, Dzhokhar A. Tsarnaev:

☐    Guilty        ☐    Not Guilty

**COUNT TWENTY-TWO:**

1.      As to Count Twenty-Two of the Indictment charging that on or about April 18, 2013, the defendant used or carried a firearm (Ruger P95 9mm semiautomatic handgun) during and in relation to a crime of violence, namely, interference with commerce by threats and violence as charged in Count Twenty-One of this Indictment, and aiding and abetting, we unanimously find, beyond a reasonable doubt, the Defendant, Dzhokhar A. Tsarnaev:

□      Guilty                    □      Not Guilty

2.      As to whether the firearm charged in Count Twenty-Two was brandished, we unanimously find, beyond a reasonable doubt, the Defendant, Dzhokhar A. Tsarnaev:

□      Guilty                    □      Not Guilty

**COUNT TWENTY-THREE:**

As to Count Twenty-Three of the Indictment charging use of a weapon of mass destruction (Pressure Cooker Bomb #3) on or about April 19, 2013, in the vicinity of Laurel Street and Dexter Avenue in Watertown, Massachusetts, and aiding and abetting, we unanimously find, beyond a reasonable doubt, the Defendant, Dzhokhar A. Tsarnaev:

☐    Guilty        ☐    Not Guilty

**COUNT TWENTY-FOUR:**

1.      As to Count Twenty-Four of the Indictment charging that the defendant used or carried a firearm (a Ruger P95 9mm semiautomatic handgun and Pressure Cooker Bomb #3) during and in relation to a crime of violence, namely, use of a weapon of mass destruction, as charged in Count Twenty-Three of this Indictment, we unanimously find, beyond a reasonable doubt, the Defendant, Dzhokhar A. Tsarnaev:

□      Guilty                □      Not Guilty

2.      As to whether the Ruger P95 9mm semiautomatic handgun charged in Count Twenty-Four was discharged, we unanimously find, beyond a reasonable doubt, the Defendant, Dzhokhar A. Tsarnaev:

□      Guilty                □      Not Guilty

3.      As to whether Pressure Cooker Bomb #3 charged in Count Twenty-Four was discharged, we unanimously find, beyond a reasonable doubt, the Defendant, Dzhokhar A. Tsarnaev:

□      Guilty                □      Not Guilty

4.      As to whether Pressure Cooker Bomb #3 was a destructive device, we unanimously find, beyond a reasonable doubt, the Defendant, Dzhokhar A. Tsarnaev:

□      Guilty                □      Not Guilty

**COUNT TWENTY-FIVE:**

As to Count Twenty-Five of the Indictment charging use of a weapon of mass destruction (Pipe Bomb #1) on or about April 19, 2013, in the vicinity of Laurel Street and Dexter Avenue in Watertown, Massachusetts, and aiding and abetting, we unanimously find, beyond a reasonable doubt, the Defendant, Dzhokhar A. Tsarnaev:

☐       Guilty              ☐       Not Guilty

**COUNT TWENTY-SIX:**

1.      As to Count Twenty-Six of the Indictment charging that the defendant used or carried a firearm (a Ruger P95 9mm semiautomatic handgun and Pipe Bomb #1) during and in relation to a crime of violence, namely, use of a weapon of mass destruction as charged in Count Twenty-Five of this Indictment, and aiding and abetting, we unanimously find, beyond a reasonable doubt, the Defendant, Dzhokhar Tsarnaev:

☐      Guilty                     ☐      Not Guilty

2.      As to whether the Ruger P95 9mm semiautomatic handgun charged in Count Twenty-Five was discharged, we unanimously find, beyond a reasonable doubt, the Defendant, Dzhokhar A. Tsarnaev:

☐      Guilty                     ☐      Not Guilty

3.      As to whether Pipe Bomb #1 charged in Count Twenty-Five was discharged, we unanimously find, beyond a reasonable doubt, the Defendant, Dzhokhar A. Tsarnaev:

☐      Guilty                     ☐      Not Guilty

4.      As to whether Pipe Bomb #1 was a destructive device, we unanimously find, beyond a reasonable doubt, the Defendant, Dzhokhar A. Tsarnaev:

☐      Guilty                     ☐      Not Guilty

**COUNT TWENTY-SEVEN:**

As to Count Twenty-Seven of the Indictment charging use of a weapon of mass destruction (Pipe Bomb #2) on or about April 19, 2013, in the vicinity of Laurel Street and Dexter Avenue in Watertown, Massachusetts, and aiding and abetting, we unanimously find, beyond a reasonable doubt, the Defendant, Dzhokhar A. Tsarnaev:

☐     Guilty                    ☐     Not Guilty

**COUNT TWENTY-EIGHT:**

1.      As to Count Twenty-Eight of the Indictment charging that the defendant used or carried a firearm (a Ruger P95 9mm semiautomatic handgun and Pipe Bomb #2) during and in relation to a crime of violence, namely, use of a weapon of mass destruction as charged in Count Twenty-Seven of this Indictment, and aiding and abetting, we unanimously find, beyond a reasonable doubt, the Defendant, Dzhokhar A. Tsarnaev:

☐      Guilty              ☐      Not Guilty

2.      As to whether the Ruger P95 9mm semiautomatic handgun charged in Count Twenty-Eight was discharged, we unanimously find, beyond a reasonable doubt, the Defendant, Dzhokhar A. Tsarnaev:

☐      Guilty              ☐      Not Guilty

3.      As to whether Pipe Bomb #2 charged in Count Twenty-Five was discharged, we unanimously find, beyond a reasonable doubt, the Defendant, Dzhokhar A. Tsarnaev:

☐      Guilty              ☐      Not Guilty

4.      As to whether Pipe Bomb #2 was a destructive device, we unanimously find, beyond a reasonable doubt, the Defendant, Dzhokhar A. Tsarnaev:

☐      Guilty              ☐      Not Guilty

**COUNT TWENTY-NINE:**

As to Count Twenty-Nine of the Indictment charging use of a weapon of mass destruction (Pipe Bomb #3) on or about April 19, 2013, in the vicinity of Laurel Street and Dexter Avenue in Watertown, Massachusetts, and aiding and abetting, we unanimously find, beyond a reasonable doubt, the Defendant, Dzhokhar A. Tsarnaev:

☐　　　Guilty　　　　　☐　　　Not Guilty

**COUNT THIRTY:**

1.      As to Count Thirty of the Indictment charging that the defendant used or carried a firearm (a Ruger P95 9mm semiautomatic handgun and Pipe Bomb #3) during and in relation to a crime of violence, namely, use of a weapon of mass destruction as charged in Count Twenty-Nine of this Indictment, and aiding and abetting, we unanimously find, beyond a reasonable doubt, the Defendant, Dzhokhar A. Tsarnaev:

□      Guilty                    □        Not Guilty

2.      As to whether Pipe Bomb #2 charged in Count Thirty was brandished, we unanimously find, beyond a reasonable doubt, the Defendant, Dzhokhar A. Tsarnaev:

□      Guilty                    □        Not Guilty

3.      As to whether the Ruger P95 9mm semiautomatic handgun charged in Count Thirty was discharged, we unanimously find, beyond a reasonable doubt, the Defendant, Dzhokhar A. Tsarnaev:

□      Guilty                    □        Not Guilty

4.      As to whether Pipe Bomb #3 was a destructive device, we unanimously find, beyond a reasonable doubt, the Defendant, Dzhokhar A. Tsarnaev:

□      Guilty                    □        Not Guilty

FOREPERSON:  _____

DATE: _____