UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 13-10200-GAO |
| | ) | |
| DZHOKHAR TSARNAEV | ) | |

**DEFENDANT'S *REVISED*[1] OBJECTIONS TO GOVERNMENT'S PROPOSED
JURY INSTRUCTIONS AND PROPOSED INSTRUCTIONS**

Defendant Dzhokhar Tsarnaev submits the following objections to portions of the

government's proposed jury instructions, DE 1232, in the form of proposed amendments

to those instructions, along with defendant's own proposals.   Where the defendant

proposes amendments to the government's proposed language, insertions appear in **bold**.

1. Presumption of innocence (p.2):

Defendant proposes revising the second sentence of the third paragraph to conform

with the 2015 Revisions to the Pattern Criminal Jury Instructions for the District Courts

of the First Circuit ("Pattern Instructions"): "**It is a heavy burden, but** the law does not

require that the government prove guilt beyond all possible doubt; proof beyond a

reasonable doubt is sufficient to convict."

---

[1] On March 30, the government submitted proposed instructions and a proposed verdict form. As directed by the Court, defense counsel submitted their responses and proposals on April 1.  The government then filed substantially revised versions of both the instructions and the verdict form on the morning of April 2.  In this pleading, counsel attempts to address the new submissions by the government, incorporating those objections and proposals that were not addressed by the government's revisions.

2.  <u>Testimony of law enforcement witnesses  (p.7)</u>:

The government has added this instruction.  Defendant submitted his own proposal, as follows:

You have heard the testimony of a number of law enforcement officials.  The fact that a witness may be employed as a law enforcement official does not mean that his or her testimony is deserving of more or less consideration or greater or less weight than that of an ordinary witness.

It is legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of a law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.  Adapted from Sand, <u>Modern Federal Jury Instructions</u>, at ¶7.01 (Instruction No. 7-16).

In particular, defendant proposes that, if the Court adopts the government's proposal, it include the second paragraph above, beginning "It is legitimate . . ."

3.  <u>Conspiracy (p.12)</u>

The government's proposed instructions have been substantially revised.   Most notably, the government has, without explanation or citation, entirely eliminated the requirement that the government prove that the defendant **willfully** joined the agreement.

*See* First Circuit Pattern Jury Instruction 4.18.371 at 108.  In keeping with this change, the government has dropped the definition of willfulness.  Both should remain.

The government has changed the description of most counts throughout the instructions to eliminate Tamerlan Tsarnaev's name, replacing it with "another," despite the fact that the indictment names Tamerlan and no one else as the co-conspirator or person who was aided and abetted.  The government's proposed instructions require only proof that the defendant conspired with "another," rather than tracking the indictment's allegation of a conspiracy with Tamerlan or aiding and abetting Tamerlan. The instructions should follow the indictment.

The new proposed conspiracy instruction replaces "willfully joined the agreement" with "knowingly and voluntarily joined the agreement."  As noted above, this is inconsistent with the First Circuit Pattern Instructions.

 The government's most recent submission deleted the following language from its original filing.  "Proof that that the defendant willfully joined in the agreement must be based upon evidence of his own words and/or actions."  See First Circuit Pattern Instruction 4.18.371(1) at 108).   This language should be included.

Defendant proposes revising the second sentence of the last paragraph on page 13 to read: "The government does not have to prove that the defendant knew all the details of the conspiracy, that he participated in each act of the agreement, or that he played a major role; **but the government must prove beyond a reasonable doubt that he knew the essential features and general aims of the venture**."  First Circuit Pattern Instruction 4.18.371(1) at 108.

Defendant proposes revising the last sentence of the second line on page 14 by deleting the words, "On the other hand", which appears to contrast the contents of that sentence with a preceding sentence not included in the government's proposed instructions.

4. Aiding and abetting (p.15)

Defendant proposes that the Court revise the fourth paragraph on p.15 to read: "Second, that the defendant consciously shared the other person's knowledge of the offense, intended to help him, and took an affirmative act in furtherance of that offense seeking to make it succeed. *See* Pattern Instruction 4.18.02(a) at 83. *See also Rosemond v. United States*, 134 S.Ct. 1240, 1245 (2014).

Defendant proposes that the Court revise the first sentence of the sixth paragraph on p.15 to read: "To be guilty of aiding and abetting , the defendant need not have participated in each and every element of the offense, be present when it is performed, or be aware of the details  of its execution."  *See* Pattern Instruction 4.18.02(a) at 83.

Defendant also proposes  including the following additional language from the First Circuit pattern instructions  before the last sentence of the sixth paragraph on p.15:   "But a general suspicious that an unlawful act may occur or that something criminal is happening is not enough. Mere presence at the scene of a crime and knowledge that a crime is being committed are also not sufficient to establish aiding and abetting."  *Id.*

Defendant proposes revising the first sentence of the seventh paragraph to read: "In every count where the defendant is charged both as a principal and as an aider and

abettor, you should find him guilty **only** if you unanimously conclude beyond a reasonable doubt…"

5. Using a Weapon of Mass Destruction (p.17)

Defendant proposes revising the first sentence of the third paragraph on page 18 to reflect the charge in the indictment: "Count Two charges that Tamerlan Tsarnaev, aided and abetted by the defendant, used a weapon of mass destruction in front of Marathon Sports on April 15, 2013."

Defendant proposes revising the first sentence of the fourth paragraph on page 18 to reflect the charge in the indictment: "Count Four charges that the defendant used a pressure cooker bomb in front of the Forum Restaurant  on April 15, 2013."

Defendant proposes revising the first sentence of the fifth paragraph on page 18 and the first, second and third paragraphs on page 19 to reflect the charges in the indictment: "Count [Twenty-Three/Twenty-Five/Twenty-Seven/Twenty-Nine] charges that the defendant and Tamerlan Tsarnaev used a weapon of mass destruction that is alleged to have exploded [or did not explode for count Twenty-Nine]on Laurel Street on April 19, 2013."

6. Carrying and use of a firearm during and in relation to a crime of violence (p.20)

Defendant proposes that the definition of "during and in relation to" set forth on page 21 track the Pattern Instruction:  "For either use or carry to be 'during and in relation to' a crime, the firearm must have played a role in the crime or must have been intended by the defendant to play a role in the crime although that need not have been its sole purpose." *See* Pattern Instructions 4.18.924, p.140.

Defendant objects to the first paragraph on page 22, regarding "advance knowledge," set forth at the top of page 22, as it has no relationship to the facts of this case and is likely to confuse the jury. The phrase "advance knowledge" is sufficiently clear that no further discussion is necessary.

The language regarding murder on page 23 is new. The government does not cite its source.

7.  Bombing a place of public use (p.29)

Defendant proposes revising the first sentence of the second paragraph on page 30 to reflect the charge in the indictment: "Count Seven charges that Tamerlan Tsarnaev  aided and abetted by the defendant, placed a bomb in front of Marathon Sports on Boylston Street in Boston, causing extensive destruction to Marathon Sports and other places of public  use."

Defendant proposes revising the first sentence of the third paragraph on page 30 to reflect the charge in the indictment: "Count Seven charges that the defendant placed a bomb in front of the Forum Restaurant on Boylston Street in Boston, causing extensive destruction to the  Forum Restaurant and other places of public  use."

8.  Using and carrying a firearm during and in relation to a crime of violence (p.31)

On page 31, the government's newest instructions state that Counts Eight and Ten "charge that the defendant possessed and used a bomb during and in relation to each alleged bombing[.]"  Elsewhere, the government has dropped the possession language. It should be struck here:  in order to support a conviction under 18 U.S.C. § 924(c) and (j), the government must prove that the defendant used a firearm in relation to a crime of

violence or possessed one <u>in furtherance of</u> a crime of violence.  Since the government

has eliminated the possession language elsewhere, this may be an oversight.

9. <u>Malicious destruction of property (p.33)</u>

Defendant proposes revising the first sentence of the first paragraph on page 34 to

reflect the charge in the indictment: "Count Twelve charges that Tamerlan Tsarnaev ,

aided and abetted by the defendant, placed an explosive bomb in the vicinity of Marathon

Sports on Boylston Street in Boston, resulting in a premature end to the Boston Marathon

and damage to Marathon Sports and other business property."

Defendant proposes revising the first sentence of the second paragraph on page 34 to

reflect the charge in the indictment by removing the language concerning aiding and

abetting.

10.  <u>Carjacking  (p. 42)</u>

Defendant proposes that the second paragraph be revised to read: "First, that the

defendant **knowingly** took a motor vehicle from Dun Meng."  *See* Pattern Instructions

4.18.2119, p.210.

Defendant objects to the first full paragraph on p. 43, as the government's definition

of "resulted" is overly broad.  Serious bodily injury resulted from the carjacking if it was

caused by the actions of the carjacker at any time during the commission of the

carjacking, that is, while the carjacker maintains control over the victim and his car.  *See*

*Ramirez Burgos v. United States*, 313 F.3d 23, 30 n.9 (2002).

11.  Reaching Agreement (p. 47)

Defendant objects to this instruction.  It is not necessary to give a modified *Allen* charge at this time.

Additional Requests

1.       Reasonable doubt

The government bears the burden of proving, beyond a reasonable doubt, that a defendant is guilty of the charge made against him.  It is a strict and heavy burden, but it does not mean that a defendant's guilt must be proved beyond all possible doubt.  It does require that the evidence exclude any reasonable doubt concerning a defendant's guilt.

A reasonable doubt may arise not only from the evidence produced but also from a lack of evidence.  Reasonable doubt exists when, after weighing and considering all the evidence, using reason and common sense, jurors cannot say that they have a settled conviction of the truth of the charge.

A defendant is never to be convicted on suspicion or conjecture.  If, for example, you view the evidence in the case as reasonably permitting either of two conclusions — one that a defendant is guilty as charged, the other that the defendant is not guilty — you will find the defendant not guilty.

It is not sufficient for the government to establish a probability, though a strong one, that an element of, or a fact necessary to prove, an offense is more likely to be true than not true.  That is not enough to meet the burden of proof beyond reasonable doubt.  On the other hand, there are very few things in this world that we know with absolute

certainty, and in criminal cases the law does not require proof that overcomes every possible doubt.

In order to meet its heavy burden, the government must establish the truth of each part of each offense charged by proof that convinces you and leaves you with no reasonable doubt, and thus satisfies you that you can, consistently with your oath as jurors, base your verdict upon it.  If you so find as to a particular charge against a defendant, you will return a verdict of guilty on that charge.  If, on the other hand, you think there is a reasonable doubt about whether the defendant is guilty of a particular offense, you must give him the benefit of the doubt and find him not guilty of that offense.

Adapted from instruction given by Judge Keeton, approved in *United States v. Cleveland*, 106 F.3d 1056, 1062-63 (1st Cir. 1997).  *See* Pattern Criminal Jury Instructions for District Courts of the First Circuit, 3.02, n. 5.

2.      Inferences

An inference is not a suspicion or a guess.  It is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact you know exists.  There are times when different inferences may be drawn from certain facts.  The government asks you to draw one set of inferences, while the defense asks you to draw another.  It is for you, and you alone, to decide what inferences you will draw.  The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation.  An inference is a deduction or conclusion which you, the jury, are permitted, but not

required, to draw from the facts that have been established by either direct or circumstantial evidence.

In drawing inferences, you should exercise your common sense.  While you are considering the evidence presented to you, you are permitted to draw, from the facts that you find to be proven, such reasonable inferences as would be justified in light of your experience.  Here again, let me remind you that, whether based upon direct or circumstantial evidence, or upon the logical reasonable inferences drawn from such evidence, you must not convict the defendant unless you are convinced of his guilt beyond a reasonable doubt.

Respectfully submitted,

DZHOKHAR TSARNAEV
by his attorneys

/s/   Miriam Conrad

Judy Clarke, Esq. (CA Bar # 76071)
CLARKE & RICE, APC
1010 Second Avenue, Suite 1800
San Diego, CA 92101
(619) 308-8484
JUDYCLARKE@JCSRLAW.NET

David I. Bruck, Esq.
220 Sydney Lewis Hall
Lexington, VA 24450
(540) 460-8188
BRUCKD@WLU.EDU

Miriam Conrad, Esq. (BBO # 550223)
Timothy Watkins, Esq. (BBO # 567992)
William Fick, Esq. (BBO # 650562)
FEDERAL PUBLIC DEFENDER OFFICE
51 Sleeper Street, 5th Floor
(617) 223-8061

MIRIAM_CONRAD@FD.ORG
TIMOTHY_WATKINS@FD.ORG
WILLIAM_FICK@FD.ORG

### Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 3, 2015.


*/s/ Miriam Conrad*