UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 13-10200-GAO |
| | ) | |
| DZHOKHAR TSARNAEV | ) | |

**DEFENDANT'S OBJECTIONS TO GOVERNMENT'S PROPOSED JURY INSTRUCTIONS AND PROPOSED INSTRUCTIONS**

Defendant Dzhokhar Tsarnaev submits the following objections to portions of the government's proposed jury instructions in the form of proposed amendments to those instructions.

1. Presumption of innocence (p.2):

Defendant proposes revising the second sentence of the third paragraph to read, as set out in the 2015 Revisions to the Pattern Criminal Jury Instructions for the District Courts of the First Circuit ("Pattern Instructions"): "**It is a heavy burden, but** the law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict."

2. Conspiracy (p.9):

Defendant proposes revising the fourth sentence of the second paragraph to read: "But the government must prove beyond a reasonable doubt that those who were involved shared **an understanding of the unlawful nature of the crime they were agreeing to commit."** He submits that the reference to "a general understanding" is too amorphous and dilutes the requirement of an agreement.

Defendant proposes revising the last sentence of the first full paragraph on page 10 by deleting the words : "On the other hand", which appears to be language contrasting the contents of that sentence with a preceding sentence not included in the government's proposed instructions.

3. Special findings (p.11)

Defendant proposes removal of this instruction.   The facts the government apparently includes in this category are elements of some of the offenses charged and the instructions addressing the particular offenses should simply include those elements in those offenses.

4.  Aiding and abetting (p.12):

Defendant proposes revising the fourth paragraph  (second "thing" to be found) to read: "Second, that the defendant consciously shared the other person's knowledge of the underling criminal act, intended to help him, and willfully took **an affirmative act in furtherance of that offense**, seeking to make it succeed." *See Rosemond v. United States*, 134 S.Ct. 1240, 1245 (2014).

Defendant proposes revising the first sentence of the sixth paragraph to read: "In every count where the defendant is charged both as a principal and as an aider and abettor, you should find him guilty **only** if you unanimously conclude beyond a reasonable doubt…"

5.  Use of a weapon of mass destruction (p.14):

Defendant proposes adding the following:  As to count two, if you find that the defendant aided and abetted his brother in the use of the explosive bomb alleged in that

count you must then determine whether the government proved, beyond a reasonable doubt, that the use of the bomb did, in fact, cause the death of Krystle Marie Campbell. *See e.g. Burrage v. United States*, 134 S.Ct. 881,887, 892 (2014) (death results provision of drug distribution statute is element of offense and requires proof of "but-for" causation).

Defendant proposes adding the following: As to count four, if you find that the defendant used the explosive bomb alleged in that count you must then determine whether the government proved, beyond a reasonable doubt, that the use of the bomb did, in fact, cause the deaths of Lingzi Lu and Martin Richard.

6.  Possession and use of a firearm during and in relation to a crime of violence
    (p.17)

Defendant proposes that the instruction be amended throughout to clearly distinguish use/carry a firearm during and in relation to a crime of violence from possession of a firearm in furtherance of a crime of violence. *See* Pattern Instructions 4.18.924, Comment (1).

Defendant proposes that the last sentence of the paragraph on p.18 addressing "use" be revised to read: "For either use or carry to be 'during and in relation to' a crime, the firearm must have played a role in the crime or must have been intended by the defendant to play a role in the crime although that need not have been its sole purpose." *See* Pattern Instructions 4.18.924, p.140.

Defendant proposes that that the paragraph on p.18 addressing the possession in furtherance or use/carry during and in relation to of more than one firearm be revised to

read: "If a count charges the defendant with possession of more than one firearm in furtherance of a crime of violence or use/carry of more than one firearm during and in relation to a crime of violence, you must unanimously agree on which firearm or firearms that the government has proved, beyond a reasonable doubt, the defendant knowingly used or carried during and in relation to the underlying crime of possessed in furtherance of the commission of that crime." *See Alleyne v. United States*, 133 S.Ct. 2151 (2013) (provision of §924(c) increasing mandatory minimum is element of offense to be submitted to jury); *United States v. O'Brien*, 130 S.Ct. 2169 (2010) (type of firearm is element of offense). Here, the Ruger and the destructive devices carry different mandatory minimum penalties and are different types of firearms.

Defendant proposes that the third full paragraph on p.19, addressing aiding and abetting, be revised to read: "You may find that the defendant aided and abetted another in causing someone's death through the use of a firearm even if the defendant did not personally use the firearm **but you must find, beyond a reasonable doubt, that the defendant had advance knowledge of the firearm**. *See* Pattern Instructions, p.144, citing *Rosemond v. United States*, 134 S.Ct. 1240 (2014).

7. Bombing a place of public use (p.22)

Defendant renews his objection to the submission of counts 7-10 to the jury.

8. Carjacking (p. 28)

Defendant proposes that the second paragraph be revised to read: "First, that the defendant knowingly took a motor vehicle from Dun Meng, or aided or abetted another in so doing." *See* Pattern Instructions 4.18.2119, p.210.

Defendant proposes that the paragraph on p. 29 addressing special findings be deleted. He submits that any serious injury to Officer Richard Donahue is not within the scope of the carjacking charge in this case. He further submits that the government's definition of "resulted" is overbroad. Serious bodily injury resulted from the carjacking if it was caused by the actions of the carjacker at any time during the commission of the carjacking, that is, while the carjacker maintains control over the victim and his car. *See Ramirez Burgos v. United States*, 313 F.3d 23, 30 n.9 (2002).

9. Robbery affecting interstate commerce (p.31)

Defendant renews his objection to the submission of count 21 to the jury as the government failed to establish an effect on interstate commerce.

If this Court denies that motion, it should reinstruct the jury on interstate commerce.

10. Possession and use of a firearm during and in relation to a crime of violence (p.32)

Defendant renews his objection to the submission of count 22 to the jury as it hinges on count 21.

11. Reaching Agreement

Defendant objects to this instruction. It is not necessary to give a modified *Allen* charge at this time.

Additional Requests

    1.       Reasonable doubt

The government bears the burden of proving, beyond a reasonable doubt, that a defendant is guilty of the charge made against him.  It is a strict and heavy burden, but it does not mean that a defendant's guilt must be proved beyond all possible doubt.  It does require that the evidence exclude any reasonable doubt concerning a defendant's guilt.

A reasonable doubt may arise not only from the evidence produced but also from a lack of evidence.  Reasonable doubt exists when, after weighing and considering all the evidence, using reason and common sense, jurors cannot say that they have a settled conviction of the truth of the charge.

A defendant is never to be convicted on suspicion or conjecture.  If, for example, you view the evidence in the case as reasonably permitting either of two conclusions — one that a defendant is guilty as charged, the other that the defendant is not guilty — you will find the defendant not guilty.

It is not sufficient for the government to establish a probability, though a strong one, that an element of, or a fact necessary to prove, an offense is more likely to be true than not true.  That is not enough to meet the burden of proof beyond reasonable doubt.  On the other hand, there are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt.

In order to meet its heavy burden, the government must establish the truth of each part of each offense charged by proof that convinces you and leaves you with no

reasonable doubt, and thus satisfies you that you can, consistently with your oath as jurors, base your verdict upon it.  If you so find as to a particular charge against a defendant, you will return a verdict of guilty on that charge.  If, on the other hand, you think there is a reasonable doubt about whether the defendant is guilty of a particular offense, you must give him the benefit of the doubt and find him not guilty of that offense.

Adapted from instruction given by Judge Keeton, approved in *United States v. Cleveland*, 106 F.3d 1056, 1062-63 (1st Cir. 1997).  See Pattern Criminal Jury Instructions for District Courts of the First Circuit, 3.02, n. 5.

2.   Inferences

An inference is not a suspicion or a guess.  It is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact you know exists.  There are times when different inferences may be drawn from certain facts.  The government asks you to draw one set of inferences, while the defense asks you to draw another.  It is for you, and you alone, to decide what inferences you will draw.  The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation.  An inference is a deduction or conclusion which you, the jury, are permitted, but not required, to draw from the facts that have been established by either direct or circumstantial evidence.

In drawing inferences, you should exercise your common sense.  While you are considering the evidence presented to you, you are permitted to draw, from the facts that you find to be proven, such reasonable inferences as would be justified in light of your

experience. Here again, let me remind you that, whether based upon direct or circumstantial evidence, or upon the logical reasonable inferences drawn from such evidence, you must not convict the defendant unless you are convinced of his guilt beyond a reasonable doubt.

3. Testimony by Law Enforcement Witnesses

You have heard the testimony of a number of law enforcement officials. The fact that a witness may be employed as a law enforcement official does not mean that his or her testimony is deserving of more or less consideration or greater or less weight than that of an ordinary witness.

It is legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of a law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, at ¶7.01 (Instruction No. 7-16).