```
             UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF MASSACHUSETTS


                                    )
UNITED STATES OF AMERICA,           )
                                    )
        Plaintiff,                  )
                                    )   Criminal Action
v.                                  )   No. 13-10200-GAO
                                    )
DZHOKHAR A. TSARNAEV, also          )
known as Jahar Tsarni,              )
                                    )
        Defendant.                  )
                                    )



       BEFORE THE HONORABLE GEORGE A. O'TOOLE, JR.
              UNITED STATES DISTRICT JUDGE
```

**JURY TRIAL - DAY FORTY-FIVE**
**<u>EXCERPT - JUROR QUESTIONS</u>**

```
   John J. Moakley United States Courthouse
              Courtroom No. 9
             One Courthouse Way
       Boston, Massachusetts  02210
         Wednesday, April 8, 2015
                9:21 a.m.



       Marcia G. Patrisso, RMR, CRR
           Official Court Reporter
       John J. Moakley U.S. Courthouse
       One Courthouse Way, Room 3510
         Boston, Massachusetts  02210
                (617) 737-8728

   Mechanical Steno - Computer-Aided Transcript
```

```
 1    APPEARANCES:

 2        OFFICE OF THE UNITED STATES ATTORNEY
          By: William D. Weinreb, Aloke Chakravarty and
 3            Nadine Pellegrini, Assistant U.S. Attorneys
          John Joseph Moakley Federal Courthouse
 4        Suite 9200
          Boston, Massachusetts  02210
 5        - and -
          UNITED STATES DEPARTMENT OF JUSTICE
 6        By: Steven D. Mellin, Assistant U.S. Attorney
          Capital Case Section
 7        1331 F Street, N.W.
          Washington, D.C.  20530
 8        On Behalf of the Government

 9        FEDERAL PUBLIC DEFENDER OFFICE
          By: Miriam Conrad, Federal Public Defender
10        51 Sleeper Street
          Fifth Floor
11        Boston, Massachusetts  02210
          - and -
12        CLARKE & RICE, APC
          By: Judy Clarke, Esq.
13        1010 Second Avenue
          Suite 1800
14        San Diego, California  92101
          - and -
15        LAW OFFICE OF DAVID I. BRUCK
          By: David I. Bruck, Esq.
16        220 Sydney Lewis Hall
          Lexington, Virginia  24450
17        On Behalf of the Defendant

18

19

20

21

22

23

24

25
```

```
 1                    P R O C E E D I N G S
 2           THE CLERK:  All rise for the Court and the jury.
 3           (The Court and jury enter the courtroom at 9:21 a.m.)
 4           THE CLERK:  Be seated.
 5           THE COURT:  Good morning, jurors.
 6           THE JURORS:  Good morning, your Honor.
 7           THE COURT:  The record will reflect that all
 8   deliberating jurors have returned as well as all the alternate
 9   jurors.
10           I ask you again whether you can tell me whether you
11   have abided by my instructions to avoid any discussion of the
12   case outside of the confines of the jury room, for the
13   deliberating jury.
14           THE DELIBERATING JURORS:  Yes, sir.
15           THE COURT:  And avoided any news reports or other
16   media reports of the case?
17           THE DELIBERATING JURORS:  Yes.
18           THE COURT:  Yes?  All right.  Thank you.
19           Now, just before we broke yesterday the jury had sent
20   in two questions, and I will now proceed to answer those
21   questions for you.
22           The first question has really two parts but -- and I
23   I'll separate them in giving the answers so that it is clear.
24   The first part of the question is, "Can a conspiracy pertain to
25   a sequence of events over multiple days or a distinct event?"
```

1    As you've been instructed, a criminal conspiracy is an
2 agreement between two or more people to commit an unlawful act
3 or acts.  What the scope of the conspiracy was -- that is, what
4 the conspirators agreed to do jointly -- is a question of fact
5 for you to determine from your consideration of all the
6 evidence that you find may bear on that question.  Similarly,
7 the duration of a conspiracy, how long it was to continue, is
8 also a question of fact for you to determine from all the
9 pertinent evidence.
10    A conspiracy may be limited in scope or duration
11 because that is what the conspirators agreed.  Similarly, it
12 may be unlimited in scope or duration because that is what the
13 conspirators agreed.
14    For example, to return to our hypothetical crime of
15 selling apparel without providing a certificate of origin, two
16 or more persons might conspire to commit that offense.  They
17 might agree to unlawfully sell a truckload of apparel that was
18 at hand and then be done with it, or they might agree to sell
19 as many truckloads as they could get their hands on for an
20 indefinite period of time into the future if that's what they
21 agreed on.
22    So the scope and duration of the conspiracy is to be
23 determined from your assessment of the evidence in the case as
24 it pertains to the conspiracies.
25    Now, as you pointed out in your question there are

1  three conspiracy counts:  1, 6 and 11.  They each allege a
2  different conspiracy.  It's possible that your conclusions
3  based on your evaluation of the evidence could be the same in
4  terms of duration and scope or they could be different.  You
5  should give separate consideration to each of them.
6         I call your attention to the fact that in each of
7  Counts 1, 6 and 11 the indictment alleges that the conspiracy
8  existed from at least in or about February 2013 up to and
9  including on or about April 19th, 2013.  So that is what the
10 allegation of the indictment is.  You're not bound by that, of
11 course.  The question is for you to evaluate whether that is
12 factually true on the evidence or not.  But I just bring to
13 your attention that is what is alleged in the indictment.
14        You go on in the question to ask about Counts 1, 6 and
15 11.  You ask, "On Counts 1, 6 and 11" -- those counts ask you
16 to find an answer to Subparts A, B, C and D -- "but we only
17 have to be unanimous for one.  Do we have to consider all?"
18        The first question that each of -- on the verdict form
19 for each of Counts 1, 6 and 11 is whether you find the
20 defendant guilty or not guilty of that charge.  If the answer
21 is guilty, then you are to proceed to answer all the subparts
22 of the questions that follow.  To answer any of those questions
23 "yes," you must unanimously agree beyond a reasonable doubt on
24 that answer.  To answer any of those questions "no," you must
25 unanimously agree.  And if your answer to the first question is

1  "not guilty," then you proceed to the next count and do not
2  answer the subsidiary questions.  You answer only if your
3  answer to the first question is "guilty."
4         The second question you have:  "What is the difference
5  between aiding and abetting?  Is there a differentiation
6  between the two?  If there is phrasing of aiding and abetting,
7  it doesn't seem like there is evidence of both aiding and
8  abetting, but rather only aiding or abetting.  How can it be
9  said that aiding and abetting took place?"
10        "Aiding and abetting" is a single concept.  It is
11 sometimes said as "aiding and abetting" or it is sometimes said
12 as "aiding or abetting," but either formulation means exactly
13 the same thing.  To aid and abet means to intentionally help
14 someone else commit a criminal offense.  A person who aids and
15 abets the commission of a criminal offense by another person is
16 criminally responsible for the commission of that offense.
17        To prove -- as I instructed you, and as you have with
18 you in the jury room, to prove guilt by aiding and abetting,
19 the government must prove beyond a reasonable doubt, first,
20 that someone other than the defendant committed the crime
21 charged; and, second, that the defendant consciously shared the
22 other person's knowledge of the underlying criminal act,
23 intended to help him commit the crime, and willfully took part
24 in the criminal endeavor in some way seeking to help it
25 succeed. And again, of course, an act is done willfully if it

```
 1    is done voluntarily and intentionally.
 2            So those are my answers to the questions you put.  We
 3    ask you now to resume your deliberations.  The clerk will
 4    return to you the sealed envelope with the verdict slip in it
 5    as well as your notebooks and other materials, all right?
 6            MS. CONRAD:  Your Honor, may we be heard briefly at
 7    sidebar?
 8            THE COURT:  Yes.
 9            MS. CONRAD:  Thank you.
10            (Sidebar discussion redacted.)
11            THE COURT:  All right.  I'll ask the jurors to
12    withdraw.
13            THE CLERK:  All rise for the Court and the jury.  The
14    Court will be in recess.
15            (The Court and jury exit the courtroom and there is a
16    recess in the proceedings at 9:29 a.m.)
17
18
19
20
21
22
23
24
25
```

C E R T I F I C A T E


I, Marcia G. Patrisso, RMR, CRR, Official Reporter of the United States District Court, do hereby certify that the foregoing transcript constitutes, to the best of my skill and ability, a true and accurate transcription of my stenotype notes taken in the matter of Criminal Action No. 13-10200-GAO, United States of America v. Dzhokhar A. Tsarnaev.


/s/ Marcia G. Patrisso
MARCIA G. PATRISSO, RMR, CRR
Official Court Reporter

Date: 4/8/15