UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 13-10200-GAO

UNITED STATES OF AMERICA

v.

DZHOKHAR A. TSARNAEV,
Defendant.

ORDER
[UNDER SEAL][1]
April 10, 2015

O'TOOLE, D.J.

On April 7, 2015, the defendant filed a Motion for Mistrial or in the Alternative to Delay Start of Defense Penalty Phase Presentation (dkt. no. 1267). On April 9, at a scheduling conference, the defendant reiterated his request for a two-week delay between the trial phases in order to not overlap with the 2015 Boston Marathon and to permit him additional time to resolve issues related to foreign and institutional witnesses, professing that he would not be ready to start his case if the Court proceeded immediately to the penalty phase.[2] By separate order entered today, the Court granted the defendant's request for additional time to arrange witnesses and scheduled April 21 as the commencement of the penalty phase, which, based on counsel projections, would accommodate the defendant's request to begin his case the week of April 27.

---

[1] This Order is to be docketed under seal temporarily as it resolves a motion currently under seal because it describes confidential details of the transportation of jurors and quotes a transcript which has not yet been released.

[2] Specifically, his foreign witnesses have not yet received permission to travel to the United States to testify and there are outstanding issues related to two of his Touhy requests.

Having granted the defendant's alternative relief requested in his Motion for Mistrial or in the Alternative to Delay Start of Defense Penalty Phase Presentation, the Court sees no need for additional argument on the motion. Based on upon a review of the papers and the record, the primary motion is DENIED.

In particular, the Court disagrees with the defendant's characterization of the instructions the Court has given the jury regarding publicity.[3] On the very first days of trial, for example, the Court instructed the jury in clear terms and under the threat of contempt that jurors were not to read about the case or about anyone who may be connected to the case, including the defendant, any witnesses, the events involved, or any trial participants such as the lawyers or judge. The Court has repeatedly instructed jurors to avoid all press regarding the case and questioned them about their compliance. It is noteworthy that the defendant has not previously objected to the Court's instructions as insufficient on the basis he now raises, has not requested the Court to instruct the jury more often than it already has, and has not requested the jury to be sequestered during any part of the trial. Additionally, before deliberations began, the Court on its own motion conducted an individual voir dire of each juror in the presence of counsel in order to ask each juror about his or her compliance with the Court's instructions. The defendant made no objection to the form or substance of that voir dire.

As the defendant has argued in other filings, jurors are presumed to follow the Court's instructions. In this case, they have repeatedly affirmed under oath that they have and there is no reason to doubt their sincerity.

---

[3] As in prior filings, the defendant's selection of articles regarding "current events" does not accurately portray the broad range of issues being reported in Boston or elsewhere. For example, he does not mention the significant number of editorials and articles regarding statements made by Massachusetts residents speaking out against the imposition of the death penalty in this case. Those too would be prohibited reading material based on the Court's prior instructions.

The Court similarly rejects the arguments made by counsel regarding the introductory remarks the Court made privately to the jurors before they were sworn. The purpose of the meeting was to impress on the jurors, principally for the benefit of the defendant, the importance of their adopting an attitude of complete impartiality in their role as trial jurors. Counsel were advised in advance of the meeting and the remarks were made on the record. The defendant has had a transcript of the meeting for a month without any objection or request for corrective action. Any concern that the jury may be confused about their obligation and capacity to make an individual sentencing determination will be addressed by appropriate instructions in the next phase of the case.

It is so ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge