## DEFENDANT'S REQUESTED OPENING INSTRUCTION NO. 2:
## VICTIM IMPACT EVIDENCE

1. During the course of this sentencing proceeding, the government will be introducing what is known as victim impact evidence. Victim impact evidence is evidence about the deceased victims' personal characteristics and the impact of their deaths upon their families and others. The government has provided that notice that it intends to present such evidence to show the injury, harm and loss caused by each of the victims' deaths. While you may consider this evidence along with all the other evidence that will be admitted, I want to caution you concerning victim impact evidence.

2. You must be careful not to permit this evidence to cause you to sentence the defendant simply out of sympathy with the victims or with their family members. Such sympathy may be natural, but it cannot be the basis for your sentencing decision. Your decision must be a reasoned moral response to the evidence before you concerning all the circumstances of the offenses and the defendant's own background, character and record. It cannot be, and it must not be, an emotional response to the victim impact evidence, or a way to express sympathy with, or support for, the victims' families.

> *California v. Brown*, 479 U.S. 538, 544 (1987) (O'Connor, J., concurring) ("the sentence imposed . . . should reflect a reasoned moral response to the defendant's background, character and crime rather than mere sympathy or emotion.").

3. I also caution you that you are not to be influenced by speculation concerning what sentence you think the victims' families might wish to see imposed on the defendant. There will be no evidence before you concerning what opinions members of the victims' families might have on what sentence should be imposed. Indeed, there will

be no evidence that family members of the victim have any opinions on this issue at all. Even if they did, you as jurors must not be influenced by the opinions of family members of the deceased victims either for or against the death penalty. The reason you have been selected to decide this case is that you are impartial. It is for you alone, as fair-minded jurors who have no friends to reward and no enemies to punish, to decide the appropriate punishment in this case.

> *Payne v. Tennessee*, 501 U.S. 808, 830, 835 n. 1 (1991) (noting that *Payne* did not implicate or overrule *Booth v. Maryland*'s prohibition of opinions of murder victims' relatives concerning the defendant and the sentence he should receive); *United States v. McVeigh,* 153 F.3d 1166, 1217 (10th Cir.1998) (re-stating rule that victim opinion evidence remains improper after *Payne*).