UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**FILED UNDER SEAL**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 13-10200-GAO |
| ) | |
| DZHOKHAR TSARNAEV ) | |

**OPPOSITION TO GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE
ANY REFERENCE TO WALTHAM TRIPLE HOMICIDE OR OTHER
ALLEGED BAD ACTS OF TAMLERAN TSARNAEV**

Defendant, Dzhokhar Tsarnaev, by and through counsel, respectfully submits this opposition to the government's Motion in Limine to Preclude Any Reference to Waltham Triple Homicide or Other Alleged Bad Acts of Tamerlan Tsarnaev. [DE 867 (filed under seal).] The government's motion should be denied because Tamerlan's participation in the Waltham murders and evidence of his other "bad acts" support multiple aspects of the defense mitigation case regardless of whether or not Dzhokhar had specific awareness of any particular instance of Tamerlan's conduct.

The defense seeks to establish that "[b]ut for the influence of his older brother Tamerlan, the defendant would not have committed any of the crimes of which he was convicted." The government concedes that "the jury may consider as a mitigating factor the Tsarnaev brothers' relative responsibility" for those offenses. Mtn. at 4. The defense therefore already has started to elicit and will continue to elicit evidence that Tamerlan played the lead role in planning and carrying out the offenses of conviction and that he exercised dominating influence over Dzhokhar for reasons including age, size, culture,

1

character, and behavior. In addition, the defense is entitled to counter the government's "motive" evidence purportedly suggesting Dzhokhar's "self-radicalization" by showing instead that Tamerlan was the first to adopt violent "jihadist" beliefs and then sought to draw his younger brother into that belief system. Evidence of the Waltham murders, specifically, and other "bad acts" of Tamerlan, more generally, strongly support all of these facets of the defense case.

## I. EVIDENCE OF THE WALTHAM MURDERS IS RELEVANT AND POSES NO RISK OF UNFAIR PREJUDICE.

The government contends that evidence concerning Tamerlan's participation in the Waltham murders should be excluded because "the jury may not spare the defendant merely because his brother was a 'worse criminal' or more reprehensible person based on other criminal acts." Mtn. at 4. But that is not the purpose for which the evidence would be offered. Evidence tending to show that Tamerlan committed the Waltham murders, and information depicting the brutality of those murders, would tend to corroborate Tamerlan's dominant role in planning and carrying out the *charged offenses*. Evidence that Tamerlan planned and committed the Waltham murders makes it more plausible to believe that he planned and played the lead role in the offenses of conviction. It reinforces other evidence concerning Tamerlan's violent character and supports the proposition that he exercised coercive control over his brother. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Simply put, Tamerlan's participation in the Waltham murders is

2

probative of multiple issues even assuming, *arguendo*, that Dzhokhar was unaware of it at the time.

Notably, even if the Rules of Evidence applied in the penalty phase (they do not), ███████████████████████████████████████████████████

██████████████████████ If the government wishes to disprove or impeach the statement with other evidence it may certainly try to do so. ████████████████

████████████████████████████████████████████████████

█████████████████████████████████████████

█████████████████████████████████. ████████████

The Waltham homicides also provide important evidence of the apparent nature and depth of Tamerlan's extremist Islamist beliefs as early as September 2011. ████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████

## II. OTHER EVIDENCE OF "BAD ACTS" BY TAMERLAN TSARNAEV IS RELEVANT AND POSES NO RISK OF UNFAIR PREJUDICE.

The government also seeks to bar "mention of any other bad acts by Tamerlan" without identifying specific any particular evidence or acts that it seeks to bar. Mtn. at 5.

3

Lacking any trial context, the government's blanket request should be denied as too abstract. Generally speaking, the defense should be permitted to elicit evidence concerning Tamerlan's extremist beliefs and behavior as well as his proclivity for violence generally, and his use of violence and intimidation as a means of exercising coercive control over others, specifically. Such evidence provides direct support for the mitigating factors that the defense is entitled to prove.

## Conclusion

For the foregoing reasons, the government's motion should be denied.

Respectfully submitted,

DZHOKHAR TSARNAEV
by his attorneys

/s/ William W. Fick

Judy Clarke, Esq. (CA Bar # 76071)
CLARKE & RICE, APC
1010 Second Avenue, Suite 1800
San Diego, CA 92101
(619) 308-8484
JUDYCLARKE@JCSRLAW.NET

David I. Bruck, Esq.
220 Sydney Lewis Hall
Lexington, VA 24450
(540) 460-8188
BRUCKD@WLU.EDU

Miriam Conrad, Esq. (BBO # 550223)
Timothy Watkins, Esq. (BBO # 567992)
William Fick, Esq. (BBO # 650562)
FEDERAL PUBLIC DEFENDER OFFICE
51 Sleeper Street, 5th Floor
(617) 223-8061
MIRIAM_CONRAD@FD.ORG

4

TIMOTHY_WATKINS@FD.ORG
WILLIAM_FICK@FD.ORG

## Certificate of Service

I hereby certify that I have caused this document to be served upon counsel for the United States by e-mail PDF on April 11, 2015.

/s/ William Fick