UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA,          )
                                   )
          Plaintiff,               )
                                   )
v.                                 )   Criminal Action
                                   )   No. 13-10200-GAO
                                   )
DZHOKHAR A. TSARNAEV, also         )
known as Jahar Tsarni,             )
                                   )
          Defendant.               )
                                   )


BEFORE THE HONORABLE GEORGE A. O'TOOLE, JR.
UNITED STATES DISTRICT JUDGE


**EXCERPT OF DAY FORTY-THREE OF JURY TRIAL
<u>PART I JURY INSTRUCTIONS BY THE COURT</u>**


John J. Moakley United States Courthouse
Courtroom No. 9
One Courthouse Way
Boston, Massachusetts  02210
Monday, April 6, 2015
9:59 a.m.



Marcia G. Patrisso, RMR, CRR
Official Court Reporter
John J. Moakley U.S. Courthouse
One Courthouse Way, Room 3510
Boston, Massachusetts  02210
(617) 737-8728

Mechanical Steno - Computer-Aided Transcript

```
 1    APPEARANCES:

 2         OFFICE OF THE UNITED STATES ATTORNEY
           By: William D. Weinreb, Aloke Chakravarty and
 3             Nadine Pellegrini, Assistant U.S. Attorneys
           John Joseph Moakley Federal Courthouse
 4         Suite 9200
           Boston, Massachusetts  02210
 5         - and -
           UNITED STATES DEPARTMENT OF JUSTICE
 6         By: Steven D. Mellin, Assistant U.S. Attorney
           Capital Case Section
 7         1331 F Street, N.W.
           Washington, D.C.  20530
 8         On Behalf of the Government

 9         FEDERAL PUBLIC DEFENDER OFFICE
           By: Miriam Conrad, William W. Fick and Timothy G. Watkins,
10             Federal Public Defenders
           51 Sleeper Street
11         Fifth Floor
           Boston, Massachusetts  02210
12         - and -
           CLARKE & RICE, APC
13         By: Judy Clarke, Esq.
           1010 Second Avenue
14         Suite 1800
           San Diego, California  92101
15         - and -
           LAW OFFICE OF DAVID I. BRUCK
16         By: David I. Bruck, Esq.
           220 Sydney Lewis Hall
17         Lexington, Virginia  24450
           On Behalf of the Defendant

18

19

20

21

22

23

24

25
```

P R O C E E D I N G S

1     

2     THE CLERK:  All rise for the Court and the jury.

3     (The Court and jury enter the courtroom at 9:59 a.m.)

4     THE CLERK:  Be seated.

5     THE COURT:  Good morning, counsel.

6     COUNSEL IN UNISON:  Good morning.

7     THE COURT:  Good morning, jurors.

8     THE JURORS:  Good morning, your Honor.

9     THE COURT:  I have two major responsibilities in a

10    trial such as this.  The first is almost over, and that is to

11    preside over the case and to make whatever procedural or

12    evidentiary rulings are necessary in the course of the trial.

13    And you've seen that we've been doing that.  The other major

14    responsibility is at this stage of the proceedings to give you

15    what we call these instructions in the principles of law that

16    pertain to the matters you've heard about and about which you

17    will have to make some decisions.  So I'm now going to give you

18    these instructions about the law that applies to these matters.

19        You can think of this as sort of a short course in all

20    the law you will need to know in order to decide the issues in

21    the case.  So you shouldn't have to resort to any other ideas

22    that you might have from any other sources about what the law

23    is or might be with respect to these issues, but take it that

24    what I will tell you is a complete and accurate summary of the

25    principles of law that are to be applied in the case.  It is my

1   duty to set forth these principles fully and accurately without

2   regard to any personal or private views I might have about the

3   wisdom or prudence of these principles or whether there might

4   be different or additional ones that could be applied, but

5   rather to tell you what the law is with respect to these

6   matters.

7           You have a similar duty to accept and faithfully apply

8   these principles sensibly without any regard to any personal or

9   private views you might have about the wisdom or prudence of

10  these principles or whether there might be different or

11  additional ones that could be applied.  Instead, accept that

12  these are the principles of law that apply to these matters,

13  consider these instructions sensibly as a whole and apply them

14  faithfully.

15          These instructions will be lengthy but we will give

16  you a written copy of them for the jury room so that you may

17  review them and be reminded of them any time you wish to look

18  at them while you're deliberating.

19          I'm going to talk about two general areas, and I'm

20  going to divide my time in doing it.  First I'm going to talk

21  about the principles that relate to the particular offenses or

22  crimes that are charged by the indictment in this case.  That

23  is, I will tell you what the government is required to prove in

24  order to convict the defendant of the charges that are made

25  against him.  After I've done that, the lawyers for each side

1    will have their opportunity to present their closing statements

2    to you.  I think it will be helpful to you in listening to the

3    closing statements to have understood from me what the

4    principles of law are that relate to the proof of the charges.

5    After the lawyers' closing statements, I'll have some more to

6    say to you about the manner in which you will think about the

7    evidence, discuss it and make some judgments about it.

8            Because some of the offenses that are at issue in this

9    case are rather involved, let me begin by giving you a bit of

10   introduction to federal criminal law.  Federal criminal law

11   consists of laws enacted by Congress that define certain acts

12   as criminal.  In enacting a criminal statute, Congress

13   specifies what act or acts constitute the particular crime.  At

14   a trial when it is shown by the evidence that a defendant has,

15   in fact, committed the defined conduct, then the crime may be

16   said to have been proven, and where it has not been shown by

17   the evidence that the defendant committed the defined conduct,

18   the crime has not been proven.

19           Typically, the language of a federal criminal statute

20   follows a common pattern or formula that can be stated briefly

21   this way:  Whoever does such and such shall be punished.  Let

22   me give you a silly hypothetical example to illustrate the

23   grammar of federal criminal statutes.  The statute might say,

24   hypothetically, "Whoever knowingly sells an item of apparel

25   without providing a certificate of origin, shall be punished."

1    I deliberately use a silly example because I want you to focus
2    on the structure of criminal statutes right now rather than the
3    substance.

4          In seeking to determine whether someone has committed
5    the hypothetical crime, we would look at what the evidence
6    established that the person had done and whether the person had
7    done those things outlined in the statute as necessary to
8    constitute the offense.  So in the example, there would be
9    three things -- and we would refer to them as the elements of
10   the offense -- three things that would have to be shown:  The
11   person knowingly sold an item of apparel without providing a
12   certificate of origin.

13         If those three things or elements were established as
14   facts, then the government would have proved the crime.  If all
15   three things, all three things, are not established by the
16   evidence, that is, one or more of them has not been
17   established, then the crime has not been proven.

18         Sometimes Congress wants to be sure that a particular
19   term in a statute is understood in a particular way, and it may
20   include a full or partial definition of that term; for example,
21   in our illustration, the statute might say, "The term 'item of
22   apparel' shall include any garment or thing worn as clothing or
23   adornment, but shall not include hospital gowns."  When
24   Congress provides a specific definition, then that definition
25   is what controls for the purpose of the statute.  When Congress

does not provide a specific definition to the terms of the statute, the general rule is that words are to be understood in accordance with their ordinary and usual meaning.

Sometimes a criminal statute will provide for alternate ways in which the offense could be committed.  To return to our example, the statute might say, "Whoever knowingly sells an item of apparel without providing a certificate of origin, or advertises for sale an item of apparel for which no certificate of origin has been provided, shall be punished."

In this formulation there are two ways the statute might be violated:  First, it could be proved that a person knowingly sold an item of apparel without a certificate of origin; second, it could be proved that the person advertised for sale an item of apparel for which no certificate of origin had been given.

Proof of either alternative would suffice to constitute the crime.  But in such a case because the verdict of the jury must always be unanimous as to the elements of the offense, it would be necessary for all the members of the jury to agree that one or the other version had been proved beyond a reasonable doubt and to be unanimous about that.

Sometimes a federal criminal statute will contain what we call a "jurisdictional element."  The federal government has those powers that are granted to it by the Constitution.  The

1   federal government's power to enact a criminal statute is

2   limited to those matters within its proper jurisdiction.  For

3   example, the Constitution grants the federal government power

4   to regulate interstate and foreign commerce, and consequently,

5   the federal government can enact criminal laws that pertain to

6   the regulation of interstate and foreign commerce.

7          But selling or advertising an item of apparel might or

8   might not have interstate or foreign effect or impact.  In

9   order to govern particular conduct that may be either federal

10  or non-federal, depending on the circumstances, Congress may

11  prescribe what we call a "jurisdictional element" to bring the

12  matter within federal jurisdiction; thus, the statute might

13  say, as some federal statutes do, "Whoever sells in interstate

14  commerce an item of apparel without a certificate of origin

15  commits the offense."  Tying it to the specific power to

16  regulate is sometimes a necessary jurisdictional element of a

17  crime.

18         So I use this oversimplified illustration because I

19  want you to see the patterns that can occur in the statutes

20  that are at issue in this case.  And I hope it will help you to

21  hear and understand the instructions about those particular

22  statutes.

23         Before I get to the instructions about the particular

24  statutes, there are some other general matters I want to

25  address.  As I mentioned in my preliminary instructions to you

1    at the beginning of this case, there are various ways in which

2    a person can be criminally liable for an offense.  The first is

3    when the person has personally and directly performed the acts

4    that constitute the offense.  A person who has actually done

5    the acts which constitute the offense is said to have

6    personally committed what we call the "substantive offense."

7    To use our example, a person who personally sold an item of

8    apparel without providing a certificate of origin would be said

9    to have directly committed the substantive offense.

10          A person who has not personally done all of the acts

11   that constitute the crime may still be criminally responsible,

12   however.  One circumstance in which this may be true is if the

13   person has aided or abetted another to commit the crime.  A

14   person may be found guilty of a federal offense if he aids or

15   abets another person in committing that offense.  In most of

16   the counts in the indictment, the defendant is charged with

17   aiding and abetting another person, namely, Tamerlan Tsarnaev,

18   to commit a substantive offense.

19          To "aid or abet" means intentionally to help someone

20   else commit the offense.  To establish aiding and abetting, the

21   government must prove beyond a reasonable doubt, first, that

22   someone else committed the charged crime; second, that the

23   defendant consciously shared the other person's knowledge of

24   the underlying criminal act intended to help him, and willfully

25   took some part in the criminal endeavor seeking to help it

1  succeed.

2          An act is done willfully if it is done voluntarily and

3  intentionally.

4          A person who aids and abets another to commit a crime

5  need not be present when the underlying criminal act is

6  performed or be aware of all the details of its commission to

7  be guilty of aiding and abetting, but a general suspicion that

8  an unlawful act may occur or that something criminal is

9  happening is not enough.

10          Mere presence at the scene of a crime and knowledge

11  that a crime is being committed are also not sufficient to

12  establish aiding and abetting.  To be guilty of aiding and

13  abetting, a person must act in some way to affirmatively assist

14  another person to commit a crime.

15          In every count where the defendant is charged both as

16  a principal actor and as an aider or abetter, you may find him

17  guilty if you unanimously conclude beyond a reasonable doubt

18  that he was either a principal or an aider or abetter or both.

19  You need not be unanimous as to whether he was a principal as

20  opposed to an aider or abetter, but to find him guilty each of

21  you must conclude that he was one or the other or both.

22          It can also be a crime to conspire or agree with one

23  or more other persons to work together to commit a substantive

24  offense.  This is the crime of conspiracy.  When proven,

25  conspiracy to commit an offense is a separate crime from the

substantive crime.  The objective of the conspiracy might be to commit the substantive crime.

In our illustration, two or more people could agree or conspire together to sell an item of apparel without a required certificate of origin.  That would be a separate crime from the act of selling.

In this case, three counts of the indictment present allegations of the crime of conspiracy in various forms under various statutes.  In each of those counts the conspiracy is alleged to have had as its object the commission of certain identified substantive crimes.  Specifically, the defendant is charged in Counts 1, 6 and 11 of conspiring with Tamerlan Tsarnaev to commit certain federal crimes.

A criminal conspiracy is an agreement to achieve an unlawful end or a lawful end by unlawful means.  The agreement can be spoken or unspoken.  It does not have to be a formal agreement which the people involved have actually sat down together and worked out all the details, although that might be the case.

To prove a criminal conspiracy, the government must prove beyond a reasonable doubt that those who are involved shared an understanding of the unlawful nature of the crime they were agreeing to commit.  Mere similarity of conduct among people or the fact they may have been associated with each other, and even discussed common aims in interest, does not

1    necessarily establish proof of the existence of a conspiracy

2    although, of course, you may consider those factors.

3              Each of the three conspiracy counts charges the

4    defendant with conspiring to commit a different federal crime;

5    accordingly, you must consider each of those conspiracy counts

6    separately.  You may find the defendant guilty on any

7    particular conspiracy count only if you unanimously conclude

8    beyond a reasonable doubt that the defendant conspired with

9    another to commit the federal crime charged in that particular

10   count and not some other crime.

11             Count One charges the defendant with conspiracy to use

12   a weapon of mass destruction.  For you to find the defendant

13   guilty of that charge, you must unanimously find that the

14   government has proved the following two elements beyond a

15   reasonable doubt:  First, that the defendant and another agreed

16   to use a weapon of mass destruction; and, second, that the

17   defendant knowingly and voluntarily joined in the agreement

18   intending that the crime of using a weapon of mass destruction

19   be committed.

20             Count Six charges the defendant with conspiracy to

21   bomb a place of public use.  For you to find the defendant

22   guilty of that charge, you must unanimously find the government

23   has proved the following two elements beyond a reasonable

24   doubt:  First, that the defendant agreed with another to bomb a

25   place of public use; and, second, that the defendant knowingly

1    and voluntarily joined in that agreement intending that the

2    crime of bombing a place of public use be committed.

3           Count Eleven charges the defendant with conspiracy to

4    maliciously destroy property.  For you to find the defendant

5    guilty of that charge, you must unanimously find the government

6    has proved the following two elements beyond a reasonable

7    doubt:  That the defendant agreed with another to maliciously

8    destroy property; and, second, the defendant knowingly and

9    voluntarily joined in that agreement intending that the crime

10   of malicious destruction of property be committed.

11          The government must prove both the defendant intended

12   to join the agreement and that the underlying crime be

13   committed.  The government does not have to prove that a

14   defendant knew all the details of the conspiracy, that he

15   participated in every act of the agreement, or that he played

16   any particular role.  It only needs to prove that the defendant

17   knew of and joined in the agreement with the intent that its

18   unlawful purpose be achieved.

19          A defendant's intent and knowledge can be proved with

20   either direct or circumstantial evidence, including inferences

21   from the surrounding facts and circumstances, such as the acts

22   done by the defendant that furthered or advanced a conspiracy's

23   objective.

24          A person who has no knowledge of a conspiracy but may

25   happen to act in a way somehow to further the objective of the

1   conspiracy does not become a coconspirator.  He must knowingly

2   and intentionally join in the agreement with the purpose and

3   intention to do something unlawful.

4        For the crime of conspiracy, the government does not

5   have to prove that the conspiracy succeeded or that its

6   objective was achieved.  The crime of conspiracy is complete

7   when the conspirators form their agreement to commit the

8   underlying offense.

9        Each of the three conspiracy counts in this indictment

10  also alleges a third element the government must prove beyond a

11  reasonable doubt; namely, that the charged conspiracy resulted

12  in the death of a person named in the respective count of the

13  indictment.  The government has alleged in these counts that

14  each of the charged conspiracies resulted in the death of four

15  people:  Krystle Marie Campbell, Officer Sean Collier, Lingzi

16  Lu, and Martin Richard.

17       For you to find that a charged conspiracy resulted in

18  death, the government must prove beyond a reasonable doubt that

19  the charged conspiracy resulted in the death of at least one of

20  those people.  You should consider each alleged death

21  separately, and your determination of which death, if any,

22  resulted from the charged conspiracy must be a unanimous one.

23       A death results from a charged crime if the death

24  would not have occurred if the crime had not been committed.

25       In addition to the three counts in the indictment that

1    charged the defendant with conspiracy, there are 27 counts that

2    charged the defendant with committing substantive offenses.  In

3    all of those substantive counts, the defendant is charged both

4    as a principal and as an aider and abetter.  And I've

5    instructed you as to what must be proved to prove him guilty as

6    an aider and abetter.

7         Additionally, a person may be found guilty of a

8    substantive crime by his having been a coconspirator with

9    another person who in furtherance of the conspiracy commits a

10   crime that is within the scope of the conspiracy; in other

11   words, a defendant who is found to have knowingly joined in a

12   conspiracy may be held responsible for criminal acts committed

13   by his fellow conspirators.

14        Any member of a conspiracy who commits a crime during

15   the existence or life of the conspiracy in order to further or

16   advance the objectives of the conspiracy is, in effect, acting

17   as an agent for all the other members of the conspiracy, doing

18   what they all expect to be done to achieve the results they've

19   agreed to pursue.  That person's illegal activity may therefore

20   be attributed to the other coconspirators even if they have not

21   directly participated in their fellow conspirators' illegal

22   act.

23        You may find the defendant guilty of the substantive

24   crime as charged in the indictment, even if he did not

25   personally commit or participate in the actual commission of

1    the crime, if you are convinced that the crime was committed by

2    a coconspirator of the defendant acting in furtherance of the

3    conspiracy.  For instance, if you find beyond a reasonable

4    doubt that the defendant was guilty as a member of the

5    conspiracy charged in Count One, which is conspiracy to use a

6    weapon of mass destruction resulting in death, then you may,

7    although you're certainly not required to, find the defendant

8    guilty of the substantive crime that was committed by a

9    coconspirator who was working to accomplish the objective of

10   the conspiracy.

11        To find the defendant guilty under this theory, you

12   must be convinced of five things beyond a reasonable doubt:

13   First, that the defendant was guilty of being a conspirator in

14   the unlawful conspiracy; second, that another member of the

15   conspiracy committed the substantive crime, say, use of a

16   weapon of mass destruction resulting in death as charged in the

17   particular count; third, that that coconspirator who committed

18   the crime did so in furtherance of the work of the conspiracy;

19   fourth, that the defendant was at that time still an active

20   member of the conspiracy and had not withdrawn from

21   participating in it.

22        Sometimes people may join in a conspiracy and then

23   later leave or abandon the agreement.  If that should happen,

24   the person is no longer responsible for what is done thereafter

25   by coconspirators.

And finally, the final element is that the defendant could reasonably have foreseen that his coconspirator would have committed the substantive crime in furtherance of the conspiracy.

In sum, and the conditions are that the defendant has to be guilty of the conspiracy with somebody else; somebody else in the conspiracy committed the crime; the crime was committed in furtherance of the joint agreement to violate the law; that the defendant was then still an active participant in the conspiracy; and last, that the defendant could reasonably have foreseen that one of his coconspirators would have done what was done to commit the crime.

If you find all of those things beyond a reasonable doubt, then you may find one conspirator guilty both of the conspiracy under the relevant counts and of the substantive offenses committed by the coconspirator.

I will now explain the elements for each of the substantive counts. Each count of the indictment charges the defendant with having committed a separate offense. Each count and the evidence relating to it should be considered separately, and a separate verdict will be returned as to each count. Your verdict of guilty or not guilty of an offense charged in one count should not control your decision on any other count.

I'm going to group the counts by the nature of the

1  charge that is made because many of them repeat the same

2  statutory basis for asserting the fact of the crime.

3         Counts Two, Four, Twenty-Three, Twenty-Five,

4  Twenty-Seven and Twenty-Nine charge the defendant with the

5  crime of using a weapon of mass destruction.  As you've heard,

6  the defendant is charged in Count One with conspiracy to use a

7  weapon of mass destruction.  He's also charged in six counts

8  with using a weapon of mass destruction and/or aiding and

9  abetting Tamerlan Tsarnaev's use of a weapon of mass

10  destruction.  So these are the substantive offenses related to

11  the conspiracy that is charged in Count One.

12         To find the defendant guilty of the use of a weapon of

13  mass destruction either by direct commission or as an aider and

14  abetter, you must unanimously find the government has proved

15  each of the following three elements beyond a reasonable doubt:

16  First, the defendant knowingly used a weapon of mass

17  destruction; second, that it was knowingly used against a

18  person or against real or personal property within the United

19  States; and, third, that such property was used in interstate

20  or foreign commerce or in an activity that affects interstate

21  or foreign commerce; or, alternatively, that the offense or the

22  results of the offense affected interstate or foreign commerce.

23         So you'll see from that third element there's a

24  jurisdictional element, as I previously described it, and it is

25  pled in the alternative.  There are two ways of proving the

third element, which is that property was used in interstate or
foreign commerce or in an activity that affected it, or that
the offense or its results affected interstate or foreign
commerce.  If you choose an alternative, you must be unanimous
as to which you choose.

Some of the defined terms:  A "weapon of mass
destruction" for these purposes means a destructive device
which is defined by statute as any explosive bomb.  "Knowingly"
in this context, as in others, means that the act was done
voluntarily and intentionally and not because of a mistake or
an accident.  "Interstate commerce" means commerce between any
point in a state and any point outside that state.  It is only
necessary the government prove beyond a reasonable doubt that
the crime had some minimal effect on interstate commerce.  It
is not necessary to find the defendant knew or intended that
his actions would affect interstate commerce.

Each of the six counts that charge the defendant with
the use of a weapon of mass destruction relates to a different
alleged destructive device.

Count Two charges the defendant used a weapon of mass
destruction and/or aided and abetted the use of a weapon of
mass destruction in front of Marathon Sports on April 15, 2013.
The indictment and verdict form both refer to the bomb alleged
as Pressure Cooker Bomb No. 1.

Count Two alleges an additional element the government

must prove beyond a reasonable doubt; namely, the offense resulted in the death of Krystle Marie Campbell.

Count Four charges the defendant used and/or aided and abetted the use of a weapon of mass destruction in front of the Forum restaurant on April 15, 2013.  The indictment and verdict form refer to the bomb alleged as Pressure Cooker Bomb No. 2.

Count Four also alleges an additional element the government must prove beyond a reasonable doubt; namely, that the offense resulted in the death of Lingzi Lu and/or Martin Richard.

For you to find the defendant guilty of the additional element, you must unanimously find beyond a reasonable doubt that the offense charged in Count Four resulted in the death of at least one of these two people, and you should consider each separately.  Your determination of which death, if either, resulted from the offense must be unanimous.

Count Twenty-Three charges the defendant with use of a weapon of mass destruction and/or aiding and abetting the use of a weapon of mass destruction that is alleged to have exploded on Laurel Street on April 19th, 2013.  The indictment and verdict form refer to the bomb alleged as Pressure Cooker Bomb No. 3.

Count Twenty-Five charges that the defendant used a weapon of mass destruction and/or aided and abetted the use of a weapon of mass destruction that is alleged to have exploded

1    on Laurel Street on April 19th, 2013.  The indictment and

2    verdict form refer to this bomb alleged as Pipe Bomb No. 1.

3            Count Twenty-Seven charges the defendant used a weapon

4    of mass destruction and/or aided and abetted the use of a

5    weapon of mass destruction that is alleged to have exploded on

6    Laurel Street on April 19, 2013.  The indictment and verdict

7    form refer to the bomb alleged as Pipe Bomb No. 2.

8            Count Twenty-Nine alleges the defendant used a weapon

9    of mass destruction and/or aided and abetted the use of a

10   weapon of mass destruction on Laurel Street on April 19, 2013,

11   that did not explode.  The indictment and verdict form refer to

12   the bomb alleged as Pipe Bomb No. 3.

13           Counts 3, 5, 24, 26, 28 and 30 charge the defendant

14   with the crime of using or carrying a firearm during and in

15   relation to a crime of violence.  In addition to being charged

16   with six counts of using a weapon of mass destruction as I've

17   just summarized, the defendant is charged with six

18   corresponding counts of using and carrying a firearm during and

19   in relation to that crime of violence.  I will refer to these

20   as the "use and carry counts."

21           The use and carry counts separately charge that the

22   defendant used and carried a bomb, a pistol or both during and

23   in relation to each charged offense of the use of a weapon of

24   mass destruction.

25           Although the use and carry charges and the

1  corresponding use of a weapon of mass destruction charges

2  involve some overlapping conduct, under the law they are two

3  different crimes.

4          To find the defendant guilty as a principal of a count

5  charging that he used or carried a firearm during and in

6  relation to a crime of violence, you must unanimously find the

7  government has proved the following two elements beyond a

8  reasonable doubt:  First, the defendant committed the

9  underlying crime of violence specified in the count that you're

10 considering; and, second, that the defendant knowingly used or

11 carried a firearm -- the firearm specified in the particular

12 count during and in relation to that underlying crime.

13         To find the defendant guilty of aiding and abetting

14 the use and carrying of a firearm during and in relation to the

15 crime of violence, you must unanimously find the government has

16 proved the following four elements beyond a reasonable doubt:

17 First, another person committed the underlying crime of

18 violence specified in the count you're considering; that the

19 person knowingly used or carried a firearm during and in

20 relation to the commission of that underlying crime; third, the

21 defendant facilitated either the use of the firearm or the

22 commission of the underlying crime; and, fourth, that the

23 defendant did so with the advance knowledge that the other

24 person would commit the underlying crime and would use or carry

25 a firearm during and in relation to it.

1          Again, to do something knowingly in this context means

2     to do it voluntarily and intentionally and not because of

3     mistake or accident.

4          A "firearm" in this context means any weapon which

5     will or is designed to expel a projectile by the action of an

6     explosive.  A pellet or BB gun is not a firearm under the

7     relevant statute.  A firearm includes a destructive device

8     which in turn means any explosive bomb.  To use a firearm means

9     to employ the firearm actively, such as to brandish, display,

10    strike with, fire or attempt to fire, or detonate or attempt to

11    detonate.  To carry a firearm means to move or transport the

12    firearm on one's person or in a vehicle or a container.  A

13    firearm need not be immediately accessible.

14         The words "during" and "in relation to" are to be

15    given their ordinary and usual meaning.  At a minimum, it means

16    the firearm must have had some purpose or effect with respect

17    to the underlying crime of violence.  If a firearm is present

18    simply as a result of coincidence or accident, it cannot be

19    said that it was used or carried in relation to the underlying

20    crime of violence.  A firearm must have facilitated or have had

21    the potential to facilitate the underlying offense.

22         To have advance knowledge that another person will use

23    or carry a firearm during and in relation to the crime of

24    violence means knowledge at a time when the individual could

25    have attempted to alter the plan or withdrawn from the

1    enterprise.  Knowledge of the firearm may, but does not have

2    to, exist before the underlying crime commences.  It is

3    sufficient if the knowledge is gained in the midst of the

4    underlying crime as long as the individual continues to

5    participate in the crime and has a realistic opportunity to

6    withdraw after acquiring the necessary knowledge.

7            You may but are not required to infer that an

8    individual had sufficient advance knowledge if you find the

9    individual continued his participation in the crime after

10   learning of the other person's possession of a firearm.

11           Most of the use and carry counts include additional

12   elements as to which the government bears the burden of proof

13   beyond a reasonable doubt.  For example, some counts charge

14   that the firearm was brandished or that it was discharged or

15   that it was a destructive device or that the defendant caused

16   and/or aided another person in causing someone's death through

17   the use of the firearm, and the killing was a murder.  So I'll

18   define some of those terms for you.

19           To brandish a firearm means to display all or part of

20   the firearm or otherwise to make the presence of the firearm

21   known to another person in order to intimidate that person

22   regardless of whether the firearm was directly visible to the

23   person.  A destructive device, as I've told you, is any

24   explosive bomb.

25           "Murder" in this context is the unlawful killing of a

human being with malice aforethought.  "Malice aforethought"
means an intent at the time of the killing willfully to take
the life of a human being or an intent willfully to act in a
callous and wanton disregard of the consequences to human life.
Malice aforethought does not necessarily imply ill will, spite
or a hatred toward the individual killed.

In determining whether a victim was unlawfully killed
with malice aforethought, you should consider all the evidence
concerning the facts and circumstances preceding, surrounding
and following the killing which may shed light on the question
of intent.

A willful, deliberate, malicious and premeditated
killing is a murder.  A killing committed in the perpetration
of or an attempt to perpetrate any arson, robbery or other
murder is a murder.  A killing perpetrated from premeditated
design unlawfully and maliciously to affect the death of any
human being other than the person who is killed is also a
murder.  Premeditation contemplates a temporal dimension which
need only be an appreciable amount of time.  This may vary from
case to case.  The key element is the fact of deliberation of
second thought.

If in accordance with these instructions you find the
defendant guilty of using or carrying a firearm during and in
relation to a particular crime of violence or of aiding and
abetting another to do so, you may also find the defendant also

1    aided and abetted that other person in causing someone's death

2    through the use of the firearm even if the defendant did not

3    personally use the firearm or encourage the killing.

4         To find this, you must unanimously find beyond a

5    reasonable doubt the defendant was a willing participant in the

6    underlying crime of violence, the defendant intended the

7    killing take place, and that a co-participant caused the

8    victim's death through the use of a firearm.

9         You may also find the defendant aided and abetted

10   another in causing someone's death through the use of a firearm

11   if you unanimously find beyond a reasonable doubt that, A, the

12   defendant was a willing participant in the underlying crime,

13   the underlying crime of violence was an arson, robbery or

14   murder, and a co-participant caused the victim's death through

15   the use of a firearm.

16        Count Three charges the defendant knowingly used or

17   carried a firearm during and in relation to the crime of

18   violence that is charged in Count Two.  You'll see that these

19   several use and carry counts all relate to one of the

20   substantive counts of the use of a weapon of mass destruction,

21   as I've told you.  So you'll see them paired:  Three goes with

22   two, Five with Four and so on.

23        So as to Count Three, the indictment and verdict form

24   identify the firearm for the use counts as Pressure Cooker Bomb

25   No. 1.  The crime charged in Count Two, use of a weapon of mass

1    destruction, qualifies as a crime of violence.

2           In Count Three, the government also alleges additional

3    elements that must be proved beyond a reasonable doubt:  that

4    the alleged firearm was discharged, that the alleged firearm

5    was a destructive device, and that the defendant in the course

6    of committing the offense charged in Count Three caused the

7    death of Krystle Marie Campbell through the use of the firearm

8    and the killing was a murder, or aided and abetted another in

9    causing the death of Krystle Marie Campbell through the use of

10   the firearm and the killing was a murder.

11          Count Five charges the defendant knowingly used or

12   carried a firearm during and in relation to the crime charged

13   in Count Four and/or aided and abetted another in doing so.

14          The indictment and verdict form identify the firearm

15   for these counts as Pressure Cooker Bomb No. 2.  The crime

16   charged in Count Four qualifies as a crime of violence.

17          In Count Five, the government alleges three additional

18   elements that it must prove beyond a reasonable doubt:  That

19   the alleged firearm was discharged, that the alleged firearm

20   was a destructive device, and that the defendant in the course

21   of committing the offense charged in Count Five caused the

22   death of Lingzi Lu and/or Martin Richard through the use of the

23   firearm and the killing was a murder, and/or aided and abetted

24   another in causing the death of Lingzi Lu and/or Martin Richard

25   through the use of the firearm and the killing was a murder.

1    Your finding as to which death, if either, was caused through

2    the use of the firearm must be unanimous.

3         Count Twenty-Four charges the defendant knowingly used

4    or carried a firearm during and in relation to the crime

5    charged in Count Twenty-Three and/or aided and abetted another

6    in doing so.  The crime charged in Count Twenty-Three qualifies

7    as a crime of violence.

8         The indictment alleges that two firearms were used

9    and/or carried during and in relation to the offense charged in

10   Count Twenty-Three.  They're identified in the indictment and

11   the verdict form as Pressure Cooker Bomb No. 3, and a Ruger P95

12   9mm semiautomatic handgun.  To find the defendant guilty of

13   this use and carry charge, you must unanimously find beyond a

14   reasonable doubt that the defendant used or carried at least

15   one of the two alleged firearms during and in relation to the

16   underlying crime of violence and/or aided and abetted another

17   in doing so.  You must be unanimous as to which if either of

18   the two alleged firearms the defendant used or carried during

19   and in relation to the underlying offense.

20        If you're unanimously convinced beyond a reasonable

21   doubt that Pressure Cooker Bomb No. 3 is a firearm and that the

22   defendant used or carried it during and in relation to the

23   crime charged in Count Twenty-Three, and/or aided and abetted

24   another in doing so, you will then determine whether the

25   government has proved either of the following two additional

elements beyond a reasonable doubt:  that the alleged firearm was discharged or that the alleged firearm was a destructive device.

If you unanimously find beyond a reasonable doubt that the Ruger P95 9mm semiautomatic handgun is a firearm, as I've defined the term for you, and the defendant used or carried it during and in relation to the crime charged in Count Twenty-Three, and/or aided and abetted another in doing so, you will then determine whether the government has also proved the following additional element beyond a reasonable doubt:  that the firearm was discharged.

Count Twenty-Six charges the defendant knowingly used or carried a firearm during and in relation to the crime charged in Count Twenty-Five and/or aided or abetted another in doing so.  The crime charged in Count Twenty-Five qualifies as a crime of violence.

The indictment alleges that two firearms were used and carried during and in relation to the offense charged in Count Twenty-Five.  They're identified in the indictment on the verdict form as Pipe Bomb No. 1 and a Ruger P95 9mm semiautomatic handgun.

To find the defendant guilty, you must unanimously find beyond a reasonable doubt that the defendant used or carried at least one of these two alleged firearms during and in relation to the underlying crime of violence and/or aided

and abetted another in doing so.  You must be unanimous as to
which, if either, of the two alleged firearms the defendant
used or carried during and in relation to the underlying crime
of violence.

If you unanimously find beyond a reasonable doubt that
Pipe Bomb No. 1 is a firearm and the defendant used or carried
it during and in relation to the crime charged in Count
Twenty-Five, and/or aided and abetted another in doing so, you
will then determine whether the government has proved either of
the two following additional elements beyond a reasonable
doubt:  that the alleged firearm was discharged and that the
alleged firearm was a destructive device.

If you unanimously conclude beyond a reasonable doubt
that the Ruger P95 9mm semiautomatic handgun is a firearm and
the defendant used or carried it during and in relation to the
crime charged in Count Twenty-Five, or aided and abetted
another to do so, you will then determine whether the
government has proved the following additional elements beyond
a reasonable doubt:  that the alleged firearm was discharged.

Count Twenty-Eight charges the defendant knowingly
used or carried a firearm during and in relation to the crime
charged in Count Twenty-Seven and/or aided and abetted another
in doing so.  The crime charged in Count Twenty-Seven qualifies
as a crime of violence.  The indictment alleges that two
firearms were used and carried during and in relation to the

1    offense charged in Count Twenty-Seven.  They're identified in

2    the indictment and the verdict form as Pipe Bomb No. 2 and a

3    Ruger P95 9mm semiautomatic handgun.

4         To find the defendant guilty, you must unanimously

5    find beyond a reasonable doubt that the defendant used or

6    carried at least one of these two alleged firearms during and

7    in relation to the underlying crime of violence and/or aided

8    and abetted another in doing so.  You must be unanimous as to

9    which, if either, of the two alleged firearms the defendant

10   used or carried during and in relation to the underlying crime

11   of violence.

12        If you unanimously find beyond a reasonable doubt that

13   Pipe Bomb No. 2 is a firearm and the defendant used or carried

14   it during and in relation to the crime charged in Count

15   Twenty-Seven, or aided and abetted another in doing so, you'll

16   then determine whether the government has also proved either of

17   the following two elements beyond a reasonable doubt:  that the

18   alleged firearm was discharged and that the alleged firearm was

19   a destructive device.

20        If you unanimously find beyond a reasonable doubt that

21   the Ruger P95 9mm semiautomatic handgun is a firearm and the

22   defendant used or carried it during and in relation to the

23   crime charged in Count Twenty-Seven, and/or aided and abetted

24   another in doing so, you will then determine whether the

25   government has also proved the following additional element

beyond a reasonable doubt:  that the alleged firearm was discharged.

Count Thirty charges the defendant knowingly used or carried a firearm during and in relation to the crime charged in Count Twenty-Nine or aided and abetted another in doing so. The crime charged in Count Twenty-Nine qualifies as a crime of violence.  The indictment alleges that two firearms were used or carried during and in relation to the offense charged in Count Twenty-Nine.  They're identified in the indictment and the verdict form as Pipe Bomb No. 3 and a Ruger P95 9mm semiautomatic handgun.

To find the defendant guilty of this count, you must unanimously find beyond a reasonable doubt that the defendant used or carried at least one of these two alleged firearms during and in relation to the underlying crime of violence and/or aided and abetted another to do so.  You must be unanimous as to which, if either, of the two alleged firearms the defendant used or carried during and in relation to the underlying crime of violence.

If you unanimously find beyond a reasonable doubt that the Pipe Bomb No. 3 is a firearm and the defendant used or carried it during and in relation to the underlying crime charged in Count Twenty-Nine, and/or aided and abetted another in doing so, you will then determine whether the government has also proved either of the following two additional elements

1    beyond a reasonable doubt:  that the alleged firearm was

2    brandished intentionally and that the alleged firearm was a

3    destructive device.

4         If you unanimously find beyond a reasonable doubt that

5    the Ruger P95 9mm semiautomatic handgun is a firearm and the

6    defendant used or carried it during and in relation to the

7    crime charged in Count Twenty-Nine and/or aided and abetted

8    another in doing so, you will determine whether the government

9    has also proved the following additional element beyond a

10   reasonable doubt:  that the alleged firearm was discharged.

11        Counts Seven and Nine charge the defendant with the

12   crime of bombing a place of public use.  You'll recall that I

13   have instructed you that Count Six charges the defendant with

14   conspiracy to bomb a place of public use.  Counts Seven and

15   Nine charge the defendant with the substantive crime of bombing

16   a place of public use and/or aiding and abetting another to do

17   so.

18        To find the defendant guilty of the crime of bombing a

19   place of public use, you must find that the government has

20   proved each of the following four elements beyond a reasonable

21   doubt:  First, the defendant knowingly delivered, placed,

22   discharged or detonated an explosive in, into or against a

23   place of public use; second, that the defendant did so

24   intending to cause death or serious bodily injury, or

25   alternatively, that the defendant did so with the intent to

1    cause extensive destruction of such place when such destruction

2    resulted -- where such destruction results in or is likely to

3    result in major economic loss.

4         You need not find the government has proved both of

5    these types of intent, but you must unanimously find the

6    government has proved at least one of them beyond a reasonable

7    doubt.  The third element is that the offense took place in the

8    United States, and the fourth element is that the offense was

9    committed in an attempt to compel the United States to do or to

10   abstain from doing any act.

11        A "place of public use" means those parts of any

12   building, land, street or other location that are accessible or

13   open to members of the public whether continuously,

14   periodically or occasionally, and encompasses any commercial,

15   business, cultural, historical, entertainment, recreational or

16   similar place that is so accessible and open to the public.

17        "Serious bodily injury" means bodily injury which

18   involves:  A, a substantial risk of death; B, extreme physical

19   pain; C, protracted and obvious disfigurement; or, D,

20   protracted loss or impairment of the function of a bodily

21   member, organ or mental faculty.

22        For these purposes, an explosive means gunpowders,

23   powders used for blasting, blasting materials, fuses other than

24   electric circuit breakers, detonators and any chemical

25   compounds, chemical mixture or device that contains any

oxidizing or combustible units or other ingredients in such

proportions, quantities or packing that ignition by fire or by

detonation of the compound, mixture or device or any part

thereof may cause an explosion in so far that it is designed or

has the capability to cause death, serious bodily injury or

substantial material damage.

Count Seven charges the defendant placed a bomb in

front of Marathon Sports on Boylston Street in Boston causing

extensive destruction to Marathon Sports and other places of

public use and/or aided and abetted another in doing so.  The

indictment and verdict form refer to this alleged explosive as

Pressure Cooker Bomb No. 1.  In Count Seven, the government

alleges an additional element that it must prove beyond a

reasonable doubt:  that the offense resulted in the death of

Krystle Marie Campbell.

Count Nine charges the defendant bombed a place of

public use by placing a bomb in front of the Forum restaurant

causing extensive destruction to the Forum restaurant and other

places of public use and/or aided and abetted another in doing

so.  The indictment and verdict form refer to this alleged

explosive as Pressure Cooker Bomb No. 2.

In Count Nine, the government alleges an additional

element that it must prove beyond a reasonable doubt; namely,

that the offense resulted in the death of Lingzi Lu and/or

Martin Richard.  For you to find the defendant guilty of this

additional element, you must unanimously find beyond a
reasonable doubt that he committed the offense -- that the
offense resulted in the death of at least one of these two
people, and you should consider each separately.  And your
determination of which death, if either, resulted must be
unanimous.

Counts Eight and Ten charge the defendant with the
crime of using and carrying a firearm during and in relation to
a crime of violence.  We went through this with respect to the
crime of violence of use of a weapon of mass destruction.  Each
of those counts was paired with a count of using and carrying a
firearm during and in relation to the crime of violence.  This
is similar with respect to the crimes charged in Counts Seven
and Nine, is the bombing of a public place.  Counts Eight and
Ten allege use of and carrying a firearm during and in relation
to those crimes.

So Count Eight charges the defendant knowingly used
and/or carried a firearm during and in relation to the crime
charged in Count Seven and/or aided and abetted another in
doing so.  The indictment and verdict form identify the bomb as
Pressure Cooker Bomb No. 1.  The crime charged in Count Seven
qualifies as a crime of violence.

In Count Eight, the government also alleges three
additional elements, each of which it must prove beyond a
reasonable doubt:  that the alleged firearm was discharged,

that the alleged firearm was a destructive device, and that the

defendant in the course of committing the offense charged in

Count Eight caused the death of Krystle Marie Campbell through

the use of the firearm and the killing was a murder, and/or

aided and abetted another in causing the killing of Krystle

Marie Campbell through the use of the firearm, and the killing

was a murder.

Count Ten charges the defendant knowingly used or

carried a firearm during and in relation to the crime charged

in Count Nine and/or aided and betted another in doing so.  The

indictment and verdict form identify this bomb as Pressure

Cooker Bomb No. 2.  The crime charged in Count Nine is a crime

of violence.

In Count Ten, the government also alleges three

additional elements that it must prove beyond a reasonable

doubt:  that the alleged firearm was discharged, that the

alleged firearm was a destructive device, and that the

defendant in the course of committing the offense charged in

Count Ten caused the death of Lingzi Lu and/or Martin Richard

through the use of the firearm and that the killing was a

murder, and/or aided and abetted another in causing the death

of Lingzi Lu and/or Martin Richard through the use of the

firearm and the killing was a murder.

For you to find the defendant guilty of the last

element, you must unanimously find beyond a reasonable doubt

1    that the charged offense resulted in the death of at least one

2    of the two people identified.  You should consider each

3    separately, and your determination of which death, if either,

4    resulted from the offense must be an unanimous one.

5          Counts Twelve and Fourteen charge the defendant with

6    malicious destruction of property.  I have already instructed

7    you that Count Eleven charges the defendant with the conspiracy

8    to maliciously destroy property.  Counts Twelve and Fourteen

9    charge the defendant with the substantive offense of malicious

10   destruction of property.

11         To find the defendant guilty of the malicious

12   destruction of property, you must find the government has

13   proved each of the following elements beyond a reasonable

14   doubt:  First, the defendant damaged or destroyed or attempted

15   to damage or destroy by means of fire or an explosive any

16   building, vehicle or other real or personal property; second,

17   that the defendant did so maliciously; third, he did so by

18   means of a fire or explosion; and, fourth, that the building,

19   vehicle or other real or personal property was used in

20   interstate or foreign commerce or in any activity affecting

21   interstate or foreign commerce.

22         Let me define some of those terms.  I told you what

23   "explosive" means.  To act maliciously means to act

24   intentionally or with deliberate disregard of the likelihood

25   that damage or injury will result.  Use in interstate or

foreign commerce or in any activity affecting interstate or
foreign commerce means current active employment for commercial
purposes, not merely a passive passing or past connection to
commerce.  The property's function must affect interstate
commerce.

Count Twelve charges the defendant placed an explosive
bomb in the vicinity of Marathon Sports on Boylston Street in
Boston resulting in a premature end to the Boston Marathon and
damage to Marathon Sports and other business property, and/or
aided and abetted another in doing so.  The indictment and
verdict form refer to this alleged explosive as Pressure Cooker
Bomb No. 1.

In Count Twelve, the government alleges two other
elements it must prove beyond a reasonable doubt:  that the
defendant as a result of his conduct directly or proximally
caused personal injury or created a substantial risk of injury
to any person, and/or aided and abetted another in doing so;
and, second, that the defendant as a result of his conduct
directly or proximally caused the death of Krystle Marie
Campbell and/or purposely aided and abetted another in doing
so.

Count Fourteen charges the defendant placed a bomb in
the vicinity of the Forum restaurant on Boylston Street in
Boston resulting in a premature end to the Boston Marathon and
damage to the Forum restaurant and other business property,

and/or aided and abetted another in doing so.  The indictment
and verdict form refer to this bomb as Pressure Cooker Bomb
No. 2.

          In Count Fourteen, the government also alleges two
other elements it must prove beyond a reasonable doubt:  that
the defendant as a result of his conduct directly or proximally
caused personal injury or created a substantial risk of injury
to any person and/or aided and abetted another in doing so, and
the defendant as a result of his conduct directly or proximally
caused the death of any person.

          For you to find the defendant guilty of this
additional element, you must find unanimously beyond a
reasonable doubt that the defendant, through his conduct,
directly or proximally caused the death of Lingzi Lu and/or
Martin Richard.  You should consider each separately, and your
decision as to which, if either, death resulted from the
defendant's conduct must be a unanimous one.

          Counts Thirteen and Fifteen charge the defendant with
using and carrying a firearm during and in relation to the
crime of violence alleged in Counts Twelve and Fourteen.  Count
Thirteen charges the defendant knowingly used or carried a
firearm during and in relation to the crime charged in Count
Twelve and/or aided and abetted another in doing so.  The
indictment and verdict form identify this bomb as Pressure
Cooker Bomb No. 1.  The crime charged in Count Twelve is a

1    crime of violence.

2          In Count Thirteen, the government also alleges three

3    additional elements it must prove beyond a reasonable doubt:

4    that the alleged firearm was discharged, that the alleged

5    firearm was a destructive device, and that the defendant in the

6    course of committing the offense charged in Count Thirteen

7    caused the death of Krystle Marie Campbell through the use of

8    the firearm, and the killing was a murder, and/or aided and

9    abetted another in causing the death of Krystle Marie Campbell

10   through the use of the firearm, and the killing was a murder.

11         Count Fifteen charges the defendant knowingly used or

12   carried a firearm during and in relation to the crime of

13   violence charged in Count Fourteen, and/or aided and abetted

14   another in doing so.  The indictment and verdict form identify

15   this bomb as Pressure Cooker Bomb No. 2.  The crime charged in

16   Count Fourteen is a crime of violence.

17         In Count Fifteen, the government also alleges three

18   additional elements it must prove beyond a reasonable doubt:

19   that the alleged firearm was discharged, that the alleged

20   firearm was a destructive device, and that the defendant in the

21   course of committing the offense charged in Count Fifteen

22   caused the death of Lingzi Lu and/or Martin Richard through the

23   use of the firearm, and the killing was a murder, and/or aided

24   and abetted another in causing the death of Lingzi Lu and/or

25   Martin Richard through use of the firearm, and the killing was

1  a murder.

2        For you to find the defendant guilty of this

3  additional element, you must unanimously find beyond a

4  reasonable doubt that the defendant through his conduct

5  directly or proximally caused the death of Lingzi Lu and/or

6  Martin Richard.  You should consider each separately, and your

7  determination as to which, if either, was caused by -- either

8  death was caused by the defendant, your decision must be a

9  unanimous one.

10        Counts Sixteen, Seventeen and Eighteen charge the

11  defendant with using and carrying a firearm during and in

12  relation to a crime of violence.  Count Sixteen charges the

13  defendant knowingly used or carried a firearm identified as a

14  Ruger P95 9mm semiautomatic handgun during and in relation to

15  the crime of conspiracy to use a weapon of mass destruction

16  that is charged in Count One, and/or aided and abetted another

17  in doing so.  The crime charged in Count One qualifies as a

18  crime of violence.

19        In Count Sixteen, the government also alleges two

20  additional elements, each of which it must prove beyond a

21  reasonable doubt:  that the alleged firearm was discharged, and

22  that the defendant caused the death of Officer Sean Collier

23  through the use of the firearm, and the killing was murder,

24  and/or that he aided and abetted another in causing the death

25  of Officer Sean Collier through the use of the firearm, and the

1    killing was a murder.

2            Count 17 likewise charges the defendant knowingly used

3    or carried a firearm identified as a Ruger P95 9mm

4    semiautomatic handgun during and in relation to the crime of

5    conspiracy to bomb a place of public use as charged in Count

6    Six, and/or aided or abetted another in doing so.  The crime

7    charged in Count Six qualifies as a crime of violence.

8            Like Count Sixteen, Count Seventeen charges two

9    additional elements the government must prove beyond a

10   reasonable doubt:  that the alleged firearm was discharged, and

11   that the defendant caused the death of Officer Sean Collier

12   through the use of the firearm, and the killing was a murder,

13   and/or that he aided and abetted another in causing the death

14   of Officer Sean Collier through the use of the firearm, and the

15   killing was a murder.

16           Similarly, Count Eighteen charges the defendant

17   knowingly used or carried a firearm identified as a Ruger P95

18   9mm semiautomatic handgun during and in relation to the crime

19   of conspiracy to maliciously destroy property as alleged in

20   Count Eleven, and/or aided and abetted another in doing so.

21   The crime charged in Count Eleven is a crime of violence.

22           Like Counts Sixteen and Seventeen, Count Eighteen

23   charges the additional elements that the government must prove

24   beyond a reasonable doubt:  that the alleged firearm was

25   discharged and that the defendant caused the death of Officer

1     Sean Collier through the use of the firearm and the killing was

2     a murder, and/or that he aided and abetted another in causing

3     the death of Officer Sean Collier through the use of the

4     firearm and the killing was a murder.

5           My instructions I've already given regarding the

6     elements of the crime of using and carrying a firearm during

7     and in relation to a crime of violence apply to these Counts

8     Sixteen, Seventeen and Eighteen, as do my instructions

9     regarding aiding and abetting.  The meaning of the word

10    "discharge" and the requirements for finding that the firearm

11    caused the death of a person and the killing was a murder, all

12    of those instructions apply to Counts Sixteen, Seventeen and

13    Eighteen.

14          And I remind you, of course, that to find the

15    defendant guilty of an offense, you must be unanimously

16    convinced the government has proved each and every element of

17    the offense beyond a reasonable doubt.

18          As I've previously described, there is another method

19    by which you may evaluate whether the defendant is guilty under

20    Counts Sixteen, Seventeen or Eighteen.  If you find the

21    defendant is guilty of one or more of the underlying

22    conspiracies that are referred to in Count Sixteen, Seventeen

23    and Eighteen, that is, the conspiracies alleged in Counts One,

24    Six and Eleven, if you find the defendant guilty of those

25    conspiracy charges, you may, but of course are not required to,

find him guilty of using and carrying a firearm during and in

relation to the crime of conspiracy of which you found him

guilty provided you find beyond a reasonable doubt the

following elements:  First, the defendant was guilty of being a

conspirator in the underlying unlawful conspiracy; second, that

his coconspirator used or carried the firearm during and in

relation to the conspiracy; third, the coconspirator did so in

furtherance of the conspiracy; and, fourth, that the defendant

was at the time still an active member of the conspiracy and

had not withdrawn from it; and, fifth and finally, that the

defendant could have reasonably foreseen that the coconspirator

might use or carry the firearm during and in relation to the

conspiracy.

If you find all five of those elements to exist beyond

a reasonable doubt, especially the fifth which is important,

the defendant's state of mind, then you may find the defendant

guilty of using and carrying a firearm during and in relation

to the conspiracy even if he did not personally commit the acts

constituting the crime of using and carrying a firearm during

and in relation to the underlying conspiracy.  However, if you

are not satisfied of the existence of any one of the five

elements that I've outlined, then you may not find the

defendant guilty under this theory.

The same holds true for the additional element that is

charged in Counts Sixteen, Seventeen and Eighteen, namely, that

1    the defendant through the use of the firearm caused the death

2    of Officer Sean Collier; that is, you may, but are not required

3    to, find the defendant guilty of that element if you

4    unanimously conclude beyond a reasonable doubt that the

5    defendant joined the underlying conspiracy charged in each

6    count, that a coconspirator used and carried the firearm during

7    and in relation to the underlying conspiracy, that the firearm

8    was used to cause the murder of Officer Collier, the killing

9    was in furtherance of the conspiracy, and the defendant was a

10   member of the conspiracy at the time the killing occurred, and

11   the killing was reasonably foreseeable to the defendant.

12           Count Nineteen charges the defendant with carjacking,

13   specifically alleges the defendant carjacked a Mercedes SUV

14   from Dun Meng and/or aided and abetted another in doing so.

15   For you to find the defendant guilty of carjacking, you must

16   unanimously conclude that the government has proved the

17   following four elements beyond a reasonable doubt:  First, the

18   defendant took a motor vehicle from Dun Meng; second, the

19   defendant took the motor vehicle through the use of force,

20   violence or intimidation; third, the defendant intended to

21   cause death or serious bodily harm at the time he took the

22   motor vehicle; and fourth, that the motor vehicle was

23   transported, shipped or received in interstate or foreign

24   commerce.

25           A person who takes a motor vehicle from the person or

1    presence of another acts with the intent to cause death or

2    serious bodily harm if the person intends to seriously harm or

3    kill the driver, if necessary, to steal the car.  You may

4    infer, although you are not required to do so, that a person

5    acted with such intent if he demanded the car at gunpoint or

6    used verbal threats.  You may also infer, although you're not

7    required to do so, the person acted with such intent if he

8    willfully and knowingly participated in the initiation of the

9    carjacking knowing that another intended to demand the car at

10   gunpoint.

11          As to Count Nineteen, the government also alleges and

12   must prove beyond a reasonable doubt that the carjacking

13   resulted in the serious bodily injury to Officer Richard

14   Donohue.  "Serious bodily injury" means bodily injury that

15   involves a substantial risk of death or extreme physical pain

16   or protracted and obvious disfigurement or protracted loss or

17   impairment of the function of a bodily member, organ or mental

18   faculty.  Injury may be said to have resulted from a carjacking

19   even if it did not result from the taking of the car so long as

20   it was caused by the carjacker while he still retained the car.

21          Count Twenty charges the defendant with the crime of

22   using and carrying a firearm during and in relation to the

23   crime of violence that is charged in Count Nineteen, that is

24   carjacking.  Specifically, Count Twenty charges the defendant

25   knowingly used or carried a firearm identified as a Ruger P95

1    9mm semiautomatic handgun during and in relation to the crime

2    of carjacking that is charged in Count Nineteen, and/or aided

3    and abetted another in doing so.  The crime charged in Count

4    Nineteen qualifies as a crime of violence.

5         The instructions I previously gave you with respect to

6    using and carrying a firearm during and in relation to a crime

7    of violence apply with equal force to this count.

8         With respect to Count Twenty, the government seeks to

9    prove an additional element beyond a reasonable doubt, namely,

10   that the firearm was brandished.  My previous instruction about

11   the definition of "brandished" applies here.

12        Count Twenty-One charges the defendant with robbery

13   affecting interstate commerce.  Specifically, Count Twenty-One

14   charges the defendant committed a robbery affecting interstate

15   commerce by withdrawing $800 from Dun Meng's bank account on

16   April 18, 2013, at an ATM in Watertown, and/or aided and

17   abetted another in doing so.  To find the person guilty of this

18   charge, you must unanimously find beyond a reasonable doubt

19   that the government has proved the following elements:  First,

20   that the defendant knowingly and willfully took property from

21   Dun Meng; second, that he did so by robbery; third, that the

22   robbery affected interstate commerce.

23        To act willfully in this context is to act voluntarily

24   and intelligently with the specific intent that the

25   underlying -- that the crime be committed, that is, with a bad

1 purpose either to disobey or disregard the law and not by

2 accident, ignorance or mistake.

3         Robbery in this context means unlawfully taking or

4 obtaining personal property from another against his or her

5 will by means of actual or threatened force or violence or fear

6 of injury to the person or property or to property in his

7 custody or possession.

8         It is only necessary the government prove beyond a

9 reasonable doubt that there is a realistic probability that the

10 acts committed by the defendant as charged in the indictment

11 had some minimal effect on interstate commerce.  It is not

12 necessary for you to find the defendant knew or intended that

13 his actions would affect interstate commerce.

14         Count Twenty-Two charges the defendant with using and

15 carrying a firearm during and in relation to a crime of

16 violence, in this case, the crime of robbery affecting

17 interstate commerce that is charged in Count Twenty-One, or

18 aiding and abetting another in doing so.  The crime charged in

19 Count Twenty-One, the robbery, is a crime of violence.  I've

20 previously instructed you the elements of the crime of using

21 and carrying a firearm during and in relation to a crime of

22 violence, and those apply here as well.

23         With respect to Count Twenty-Two, the government seeks

24 to prove an additional element beyond a reasonable doubt;

25 namely, that the firearm was brandished.  And I've previously

1   instructed you about brandishing.

2           Those are the elements of the offenses.  And as I say,

3   you will have the instructions with you and you can go through

4   them again as necessary as you think about each of the counts

5   in the indictment.  That concludes my opening part of my

6   instructions.  I'll have more to say later.

7                               *  *  *

1               C E R T I F I C A T E

2

3          I, Marcia G. Patrisso, RMR, CRR, Official Reporter of

4     the United States District Court, do hereby certify that the

5     foregoing transcript constitutes, to the best of my skill and

6     ability, a true and accurate transcription of my stenotype

7     notes taken in the matter of Criminal Action No. 13-10200-GAO,

8     United States of America v. Dzhokhar A. Tsarnaev.

9

10    /s/ Marcia G. Patrisso
      MARCIA G. PATRISSO, RMR, CRR
11    Official Court Reporter

12

13    Date:  4/15/15

14

15

16

17

18

19

20

21

22

23

24

25