UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUESTTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 13-10200-GAO |
| | ) | |
| DZHOKHAR TSARNAEV, | ) | |
|     Defendant | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION
FOR CERTAIN PENATLY-PHASE PRELIMINARY INSTRUCTIONS**

The United States, by and through undersigned counsel, respectfully submits the following response to Tsarnaev's motion for two additional penalty-phrase preliminary instructions.

A.   Instruction regarding victim-impact evidence

The government opposes Tsarnaev's proposed instruction regarding victim-impact evidence. The instruction unfairly and improperly suggests that victim-impact evidence is suspect and must be treated with special caution. It also presupposes that the only evidence that might stir the jurors' emotions is evidence of this one aggravator, when in fact evidence of various mitigating factors might do the same.

Many cases involve potentially emotional evidence. Courts routinely address that concern by instructing juries to "not be influenced by any personal likes or dislikes, prejudices or sympathy," in rendering a verdict. See First Cir. Pattern Jury Instr. 3.01. That is a neutral instruction that favors neither side. It suffices for all other defendants, and it will serve perfectly well in this case, too.

B.   Instruction regarding non-discrimination

The government objects to all but the first paragraph of Tsarnaev's proposed instruction regarding non-discrimination. The remainder of the proposed instruction -- which talks about

Congressional intent and human nature -- is potentially confusing, misleading, and prejudicial. The Court should not single out any one portion of the Federal Death Penalty Act as being more important than other parts. Nor should it suggest that any one of its final instructions is more important than any other. And it is simply offensive to instruct the jury that they are naturally prejudiced in favor of "people like themselves," or to suggest that if they do not credit the testimony of foreign witnesses the law requires them to "look deep inside" themselves for the reason.

WHEREFORE, the government respectfully requests that the Court decline to give Tsarnaev's proposed preliminary instruction regarding victim-impact evidence and give only the first paragraph of his proposed instruction regarding anti-discrimination.

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

By:   /s/ *William Weinreb*
WILLIAM D. WEINREB
ALOKE S. CHAKRAVARTY
NADINE PELLEGRINI
Assistant U.S. Attorneys
STEVE MELLIN
Trial Attorney, U.S. Department of Justice

**Certificate of Service**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)

By: /s/ *William Weinreb*
WILLIAM D. WEINREB