FILED
IN CLERKS OFFICE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

2015 APR 20  PM 12 52

**FILED UNDER SEAL**

U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES OF AMERICA          )
                                  )
          v.                      )          CRIMINAL NO. 13-10200-GAO
                                  )
DZHOKHAR TSARNAEV                 )


## OPPOSITION TO  PUBLIC DISCLOSURE OF PENALTY PHASE WITNESS LISTS

Defendant, Dzhokhar Tsarnaev, by and through counsel, respectfully submits his opposition to public disclosure of penalty phase witness lists before defense witnesses testify.  As grounds for this motion, undersigned counsel state that public identification of potential defense witnesses would invite harassment and make already reticent witnesses even more reluctant to testify.

The witness lists for the guilt phase, nearly all of whom were government witnesses, were not publicly disclosed.  The defense has provided the government and the Court with a list of its potential penalty phase witnesses.   No rule or statute requires the public and media to be provided with the names of prospective witnesses in advance of their testimony.   While the witnesses will be publicly identified when they testify, many of them may never be called to the witness stand.

Many potential witnesses contacted by the defense have expressed fear of harassment and public criticism and, in some cases, have refused to cooperate with the defense for that reason.   In addition, some potential witnesses – particularly those who

1

have been identified as former friends of the defendant – have reported that they have

been harassed by the media and received private messages (often through social media)

castigating them for their relationships with the defendant.  Publicity surrounding their

possible testimony will invite further harassment and opprobrium and will increase their

reluctance to testify or to cooperate with the defense.

The recent decision in *United States v. Kravetz*,  706 F.3d 47 (1st Cir. 2013),

supports the conclusion that the witness lists should not be made public at this time.  In

*Kravetz*, the court concluded that the response to a subpoena under Fed. R. Crim. P. 17(c)

need not be made public.  The court, relying on *Press-Enterprise Co. v. Superior Court*,

478 U.S. 1, 8-9 (1986), considered, first, whether these documents have "'historically

been open to the press and general public,'" and, second, "'whether public access plays a

significant positive role in the functioning of the particular process in question[.]'"

*Krantz*, 706 F.3d at 53-54, (quoting *Press-Enterprise*, 478 U.S. at 8-9).

While witness lists often are filed publicly in this district, no rule requires that.

The witness list is analogous to discovery, as to which the *Kravetz* court held, "there is no

tradition of access" in criminal cases. *Kravetz*, 706 F.3d at 54.

The second prong weighs heavily against public disclosure.  "There is scant value

and considerable danger in a rule that could result in requiring counsel for a criminal

defense to prematurely expose trial strategy to public scrutiny." *Id.*   That is especially

true in this case, in which the defense strategy has been the subject of widespread

speculation. *See, e.g.,* Boston Globe (April 19, 2015), "Defense Team Faces Task of

Trying to Humanize Tsarnaev,"http://www.bostonglobe.com/metro/2015/04/18/tsarnaev-

defense-expert-likely-try-paint-sympathetic-portrait-marathon-

bomber/oK3TCR91lyOAmbTu8wDteL/story.html?p1=Article_InThisSection_Bottom.

Disclosure of the list would only serve to fuel uninformed and in many cases

wildly inaccurate theorizing.   It is difficult to see what "positive role," much less a

significant one, public access would play in this situation.  As in *Kravetz*, the witness lists

at issue here "'relate[] merely to the judge's role in management of the trial' and

therefore "play no role in the adjudication process.' *In re Boston Herald, Inc.*, 321 F.3d

174, 189 (1st Cir. 2003) (quoting *F.T.C. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 408

(1st Cir. 1987)."  *See also United States v. Anderson*, 799 F.2d 1438, 1442 (11th Cir.

1986) (affirming denial of press request for bill of particulars).  "Documents that play no

role in the performance of Article III functions, such as those passed between the parties

in discovery, lie entirely beyond the presumption's reach[.]" *United States v. Amodeo*, 71

F.3d 1044, 1050 (2nd Cir. 1995)

Even if the witness lists passed the two-part test for disclosure, the Court must

consider "the competing interests that are at stake in a particular case[.]" *Kravetz*, 706

F.3d at  59.  Here, the prevention of harassment and of the chilling effect on the defense

presentation outweighs any need for disclosure. *See In re Boston Herald*, 321 F.3d at

190-91 (denying newspaper's mandamus petition seeking disclosure of financial

information submitted by the defendant in requesting appointed counsel).  In the *Boston*

*Herald* case, the court noted the need to protect privacy interests of "innocent third

parties" --- in that case, the defendant's wife and children, and in this case, the witnesses.

*Id.* (citing *Amodeo*, 71 F.3d at 1051).  "[C]ourts have the power to insure that their

records are not 'used to gratify private spite or promote public scandal[,]'" *Amodeo*, 71

F.3d at 1051 (quoting *Nixon v. Warner Communications, Inc.*, 435 U.S. 589 (1978)).

## Conclusion

For the foregoing reasons, penalty phase witness lists should not be publicly

disclosed.

Respectfully submitted,

DZHOKHAR TSARNAEV

by his attorneys

*/s/ Miriam Conrad*

Judy Clarke, Esq. (CA Bar # 76071)
CLARKE & RICE, APC
1010 Second Avenue, Suite 1800
San Diego, CA 92101
(619) 308-8484
JUDYCLARKE@JCSRLAW.NET

David I. Bruck, Esq.
220 Sydney Lewis Hall
Lexington, VA 24450
(540) 460-8188
BRUCKD@WLU.EDU

Miriam Conrad, Esq. (BBO # 550223)
Timothy Watkins, Esq. (BBO # 567992)
William Fick, Esq. (BBO # 650562)
FEDERAL PUBLIC DEFENDER OFFICE
51 Sleeper Street, 5th Floor
(617) 223-8061
MIRIAM_CONRAD@FD.ORG
TIMOTHY_WATKINS@FD.ORG
WILLIAM_FICK@FD.ORG

## Certificate of Service

I hereby certify that I have caused this document to be served upon counsel for the United States by e-mail PDF on April 19, 2015.

/s/  *Miriam Conrad*