FILED
UNITED STATES DISTRICT COURT IN CLERKS OFFICE
DISTRICT OF MASSACHUSETTS
2015 APR 22 AM 9 24
FILED UNDER SEAL
U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 13-10200-GAO |
| ) | |
| DZHOKHAR TSARNAEV ) | |

### DEFENDANT'S MOTION TO EXCLUDE INFLAMMATORY, CUMULATIVE, AND LATE-DISCLOSED GOVERNMENT EXHIBITS

After the conclusion of the government's penalty phase testimony on Tuesday, April 21,[1] counsel for the government handed defense counsel a CD containing what the government referred to as a "Contrast Video." This video montage is a mash-up of the most inflammatory, graphic, and shocking still and video images of the Marathon bomb blast aftermath at both sites, and includes a highly-magnified portion of the Forum video in depicting the last moments of a dying victim. This magnified image had never before been disclosed to the defense, and defense counsel had not been made aware that the Forum video was susceptible of such enhancement. The compilation also includes audio excerpts from the Forum video excerpts that precede and immediately follow the second blast, and images that had not previously been introduced or identified as exhibits,

---

[1] The government had not included this compilation on its exhibit list and gave no indication of its intention to use it until after court concluded for the day. Government counsel first asserted that it already had been provided, but later confirmed that it had not been.

1

including photographs of the body bags that contained each of the bombing victim's bodies.

The "Contrast Video" is replete with visual editorializing, including gratuitous comparisons of the horrific bomb blast scenes with the defendant's hurried progress down Boylston Street after the second explosion. The "comparison" aspect of the exhibit invites the jury to make an invidious comparison between the worth of the victims and the defendant—a contest which the defendant must automatically lose in every murder case. The video adds nothing to the jury's understanding of the offense or its consequences, but instead is designed simply to inflame and produce a sentencing verdict based on passion rather than reasoned reflection. *See* 18 USC § 3595(c)(2)(A) (requiring court of appeals to set aside any capital sentence where "the sentence of death was imposed under the influence of passion, prejudice, or any other arbitrary factor."). To the extent that the video contains any relevant material, all of it is cumulative to evidence already introduced, and its probative value is outweighed by its extraordinarily inflammatory effect And there is no justification for the government's failure to produce this exhibit until midway into its sentencing case. For all of these reasons, the Court should exclude it.

The defendant also objects to the government's latest exhibit — also provided just yesterday afternoon — consisting of photos of all 17 Marathon amputees, showing their prostheses or the stumps of their amputated limbs. Many of these victims have already testified, and in so doing have displayed their amputated limbs or prostheses to the jury. This exhibit is offered as a replacement for a much larger series of photos that depicted

2

injured victims but which did not also depict their injuries. Far from reducing the prejudicial impact of the previous exhibit, this replacement greatly enhances it, and constitutes yet another attempt to place the injuries of surviving victims foremost in the jury's sentencing calculus as it weighs the sentences to impose for the four homicides that are the actual subject matter of this hearing. For reasons that the defendant has already set forth, the long-term consequences of the bombing for the surviving victims are irrelevant to any noticed statutory or nonstatutory aggravating factor and are not admissible as victim-impact evidence, since victim-impact evidence must focus on the homicide victims. Even if the evidence was relevant, moreover, it is cumulative and inflammatory, invites the jury to use the death penalty to punish the defendant for crimes for which it has no sentencing authority, and threatens to overwhelm the jury's capacity to consider mitigating factors and to accord the defendant a fundamentally fair sentencing hearing.

For all these reasons, the Court should review the newly-disclosed video and photographic exhibits and should exclude them.

Respectfully submitted,

DZHOKHAR TSARNAEV
by his attorneys

/s/David I. Bruck

Judy Clarke, Esq. (CA Bar # 76071)
CLARKE & RICE, APC
1010 Second Avenue, Suite 1800
San Diego, CA 92101
(619) 308-8484
JUDYCLARKE@JCSRLAW.NET

3

David I. Bruck, Esq.
220 Sydney Lewis Hall
Lexington, VA 24450
(540) 460-8188
BRUCKD@WLU.EDU

Miriam Conrad, Esq. (BBO # 550223)
Timothy Watkins, Esq. (BBO # 567992)
William Fick, Esq. (BBO # 650562)
FEDERAL PUBLIC DEFENDER OFFICE
51 Sleeper Street, 5th Floor
(617) 223-8061
MIRIAM_CONRAD@FD.ORG
TIMOTHY_WATKINS@FD.ORG
WILLIAM_FICK@FD.ORG

## Certificate of Service

I hereby certify that this document will be served upon opposing counsel by emails on April 22, 2015.

/s/David I. Bruck