UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Crim. No.13-10200-GAO |
| | ) | |
| DZHOKHAR A. TSARNAEV, | ) | (UNDER SEAL) |
| Defendant | ) | |

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL GRAND JURY TESTIMONY OR OTHER RECORDED STATEMENTS OF DEFENSE WITNESSES

The government opposes Tsarnaev's motion to compel grand jury testimony or other recorded statements of defense witnesses. The Court has already denied an identical motion, and Tsarnaev has offered no reason for the Court to reconsider its earlier ruling.

Tsarnaev offers no support for the remarkable proposition that the Court can order the production of grand jury testimony merely "in the interests of justice and orderly trial management." (Deft. Mot. at 1). Congress took great care when drafting the Federal Rules of Criminal Procedure and the Jencks Act to precisely circumscribe the circumstances under which witness statements must be produced. The existence of those provisions makes clear that a court may not order the production of witness statements simply in the interests of justice or orderly trial management.

Tsarnaev's second argument -- that "[s]uch statements likely contain exculpatory (mitigating) information" (Deft. Mot. at 1) -- is flawed for several reasons. First, it is well-settled that "where the defense is aware of the grand jury witness and has access to interview that witness and have the witness testify at trial, the government need not disclose the details of the witness' grand jury testimony." United States v. Hicks, 848 F.2d 1, 4 (1st Cir. 1988). Second, Brady v. Maryland, 373 U.S. 83 (1963), and its progeny require the disclosure only of actual favorable

material information, not of documents that "likely contain" it. Third, as noted earlier, the Court has already denied a similar motion to compel production of grand jury testimony on the same grounds.

Tsarnaev's third argument rests entirely on dicta in United States v. McMahon, 938 F.2d 1501 (1st Cir. 1991), which in turn rested on dicta in Hicks. See McMahon, 938 F.2d at 1504. McMahon, moreover, involved facts that have not yet arisen, and may well never arise, in this case.

WHEREFORE, the government respectfully requests that Tsarnaev's motion to compel be denied.

Respectfully submitted,

CARMEN M. ORTIZ
UNITED STATES ATTORNEY

By: /s/ Aloke Chakravarty
WILLIAM D. WEINREB
ALOKE S. CHAKRAVARTY
NADINE PELLEGRINI
Assistant U.S. Attorneys
STEVE MELLIN
Trial Attorney, U.S. Department of Justice

**CERTIFICATE OF SERVICE**

I hereby certify that this document was served by electronic mail on Dzhokhar Tsarnaev's attorney, Judy Clarke, Esq., on April 22, 2015.

/s/ William Weinreb