UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED UNDER SEAL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 13-10200-GAO |
| | ) | |
| DZHOKHAR TSARNAEV | ) | |

### DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE DEFENSE EXHIBIT 3253 (ADX PHOTO)

Defendant, Dzhokhar Tsarnaev, by and through counsel, respectfully files this response to so much of the **Government's Motion In Limine To Exclude Non-Digital Penalty-Phase Evidence Identified In Defendant's Witness And Exhibit Lists** [DE __] as requires resolution prior to the defendant's opening statement.

The only item of evidence on the government's lengthy list of objections that the defense intends to discuss or display during opening statement is a photograph of the Bureau of Prisons ADX facility, Defendant's Ex. 3253.[1] Many of the government's other objections concern defense exhibits that the defendant no longer intends to introduce. As for those he does, the defense submits that the government's objections would be better

---

[1] Counsel also wishes to display, as a chalk, a very similar black-and-white photograph of the same ADX facility, Defendant's Exhibit 3254, that has recently been provided to the government on a CD. The defense may also utilize as chalks one or two maps to orient the jury to the relevant regions of Russia and Central Asia, and defendant's family's travels prior to moving to the United States. Those maps will be furnished to the government when they are completed.

1

addressed closer to the time when the exhibits are offered. Accordingly, he addresses here only the admissibility of the ADX photo(s).

The government has presented a huge volume of evidence depicting the defendant as a highly dangerous and remorseless offender. It further cites, as a nonstatutory aggravating factor weighing in favor of the death penalty, that the defendant made statements that the government views as having incited others to commit additional acts of terrorism. [DE 167, at 6]. The government now seeks to prevent him from showing, by displaying a photograph of the prison to which he will be sent, one of the ways in which he can and will be incapacitated if the jury does not sentence him to death.

The Supreme Court has repeatedly rejected arguments to limit such defensive responses to evidence that is unique or individualized to the accused. *Simmons v. South Carolina*, 512 U.S. 154 (1994); *Kelly v. South Carolina*, 534 U.S. 246 (2002) (both holding that due process was violated by refusal to inform capital sentencing jury that life imprisonment carried no possibility of parole). The due process problem is especially acute here because the government has alleged that the defendant's conduct included "statements suggesting that others would be justified in committing additional acts of violence and terrorism against the United States." Once the government invokes the defendant's past communications as a reason to sentence him to death, he has a due process right to inform the jury that dissemination of such statements in the future should not be a weighty concern in favor of the death penalty. And pictures of the isolated facility where he will be imprisoned are powerful evidence on that important point (as

will be an explanation of the Special Administrative Measures that the government has already imposed to drastically curtail his ability to communicate with the outside world).

The Federal Death Penalty Act does not limit the range of admissible evidence as the government suggests. 18 U.S.C. 3592(a) provides that the sentencing jury "shall consider any mitigating factor, *including* . . . (8) [o]ther factors in the defendant's background, record, or character or any other circumstance of the offense that mitigate against imposition of the death sentence." (Emphasis added). As one district court has noted,

> [T]he plain language of the statute contemplates consideration of mitigating factors in addition to "the defendant's background, record, or character or any other circumstance of the offense." Subhead (8) which refers to other factors "in the defendant's background, record, or character or any other circumstance of the offense" is a subcategory of "any mitigating factor" rather than being the outer boundaries of what may be considered as mitigating. What 18 U.S.C.A. § 3592 allows is substantially broader than what the Supreme Court has declared to be the minimal requirements under the Constitution.

*United States v. Davis*, 132 F.Supp.2d 455, 463-464 (E.D. La. 2001); *United States v. Sampson*, 335 F.Supp.2d 166, 194-195 (D. Mass. 2004); *and see United States v. Bin Laden*, 156 F. Supp. 2d 359, 370 (S.D.N.Y. 2001) (Sand, J.). Thus even if admission of evidence about the security conditions under which the defendant will be incarcerated if he is sentenced to life were not constitutionally required as fair response to the government's case for death, its admission is statutorily authorized by the FDPA.

Finally, the government claims that a photograph of ADX will "stir the jurors' sympathies and lead them to reach a verdict based on emotion rather than reason." Given the extraordinarily emotional and sympathy-inducing character of the government's

3

evidence to date, the government's concern that a photograph of ADX will produce an unduly emotional and sympathetic reaction in the defendant's *favor* is, to put it mildly, without merit.

The motion in limine should be denied.

                          Respectfully submitted,

                          DZHOKHAR TSARNAEV
                          by his attorneys

                          */s/ David I. Bruck*

                          Judy Clarke, Esq. (CA Bar # 76071)
                          CLARKE & RICE, APC
                          1010 Second Avenue, Suite 1800
                          San Diego, CA 92101
                          (619) 308-8484
                          JUDYCLARKE@JCSRLAW.NET

                          David I. Bruck, Esq.
                          220 Sydney Lewis Hall
                          Lexington, VA 24450
                          (540) 460-8188
                          BRUCKD@WLU.EDU

                          Miriam Conrad, Esq. (BBO # 550223)
                          Timothy Watkins, Esq. (BBO # 567992)
                          William Fick, Esq. (BBO # 650562)
                          FEDERAL PUBLIC DEFENDER OFFICE
                          51 Sleeper Street, 5th Floor
                          (617) 223-8061
                          MIRIAM_CONRAD@FD.ORG
                          TIMOTHY_WATKINS@FD.ORG
                          WILLIAM_FICK@FD.ORG

## Certificate of Service

I hereby certify that this document filed through the ECF system was served upon opposing counsel by email on April 26, 2015.

/s/ David I. Bruck