UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 13-10200-GAO

UNITED STATES OF AMERICA

v.

DZHOKHAR A. TSARNAEV,
Defendant.

OPINION AND ORDER
[UNDER SEAL]
April 29, 2015

O'TOOLE, D.J.

The defendant has moved to compel the Department of Homeland Security ("DHS") to grant immigration parole of a foreign witness the defendant maintains will offer critical testimony in support of his mitigation theories. DHS has already denied the witness parole because of security concerns.

Based upon the representations of counsel, the witness used to live in the United States and, while here, was charged with a felony crime of violence and ultimately pled guilty to a misdemeanor. He thereafter violated a restraining order associated with the criminal conviction. He also left the country at some point with his child without the child's mother's consent, resulting in a claim against him of parental kidnapping. He further has indicated a desire to return to and remain in the United States.

In support of his argument, the defendant relies solely on United States v. Filippi, 918 F.2d 244 (1st Cir. 1990). There, the Immigration and Naturalization Service declined to grant parole to a foreign defense witness without a request from the prosecution and the prosecution refused to help, despite instructions from the court and inquiries from defense counsel. There

appears to have been no countervailing reason for denying parole. Here, however, not only has the prosecution team repeatedly offered parole-related assistance, but also the agency responsible for national security, border protection, and immigration regulation has determined that this foreign witness is a security risk and should not be granted parole.

Additionally, a reasonable and apparently feasible alternative exists. It appears possible for the witness to testify via a two-way closed circuit television from his home location.[1] Court personnel have already confirmed that the requisite equipment is available for use in the trial courtroom and has been successfully employed in other proceedings.

Given the witness's criminal history, his previous failure to comply with a judicial order, his desire to remain in the United States (where he has familial ties), the availability of a practicable substitute to the witness's physical presence, and the lack of any assertion or showing of bad faith in the denial of parole, I decline to second-guess DHS. The defendant's Motion to Compel Immigration Parole of Defense Witness (dkt no. 1334) is DENIED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge

---

[1] One possibility might be the American Consulate in Almaty, Kazakhstan, where the witness lives.