UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 13-10200-GAO

UNITED STATES OF AMERICA

v.

DZHOKHAR A. TSARNAEV,
Defendant.

ORDER
[UNDER SEAL]
May 1, 2015

O'TOOLE, D.J.

On April 23, 2015, a foreign defense witness from Russia arrived in the United States by plane, but was denied entry. On April 24, 2015, the defendant filed a Sealed Motion to Seal and attached as an exhibit an Emergency Motion to Prohibit Return of Penalty Phase Witness and to Permit Entry into the United States Pending Testimony.[1] By the motion, the defendant requests the Court to enter an emergency order directing the United States Customs and Border Protection and the Federal Bureau of Investigation to grant the foreign witness parole, as well to issue as a temporary restraining order prohibiting the witness's return to Russia.

With respect to the temporary restraining order, I understand the issue is moot. Email correspondence between the parties indicates that the witness returned to Russia on April 23.

With respect to the request for the Court to order various agencies to grant parole, the motion lacks sufficient background information and legal authority. Without more details regarding the proposed witness and the overall circumstances leading to his return to Russia, I am in no position to second-guess the executive agencies responsible for maintaining national

---

[1] A courtesy copy was emailed to the Court on the evening of April 23.

security and border protection.[2] Additionally, as the defense is aware, I have been informed that technology is available in the trial courtroom to receive live testimony from foreign witnesses via a two-way closed-circuit connection. In light of the foregoing, the defendant's request is DENIED.

    It is SO ORDERED.

                                                /s/ George A. O'Toole, Jr.
                                                United States District Judge

---

[2] This is not a case in which the prosecution team has avoided any duty to assist the defense in obtaining parole for willing foreign witnesses. To the contrary, the prosecution team raised the issue of parole many times offering to help and expressing concern that the defense team had not yet requested any assistance from them.