UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Crim. No. 13-10200-GAO |
| | ) (**UNDER SEAL**) |
| DZHOKHAR TSARNAEV | ) |

**GOVERNMENT'S MOTION TO STRIKE CERTAIN MITIGATING FACTORS**

The United States of America, by and through its undersigned counsel, respectfully moves to strike the mitigating factors numbered 11, 13, 14, and 15 from Tsarnaev's list, for the reasons set forth below.

The Supreme Court has repeatedly held that mitigating evidence is evidence related to a defendant's background, character, record, or the circumstances of his offense. Eddings v. Oklahoma, 455 U.S. 104, 110 (1982); Lockett v. Ohio, 438 U.S. 586 (1978) (plurality opinion). That is in keeping with the principle that punishment should be directly related to the defendant's personal culpability. Penry v. Lynaugh, 492 U.S. 302, 319 (1989), overruled on other grounds by Atkins v. Virginia, 536 U.S. 304 (2002). Relying on Eddings, Penry, and Atkins, courts have rejected proposed mitigating factors that are unrelated to a defendant's moral culpability for the crimes of conviction and thus do not assist the jury in determining whether the defendant is more or less deserving of the death penalty than other murderers. See, e.g., United States v. Hager, 721 F.3d 167, 193 (4th Cir. 2013) (upholding exclusion of execution impact evidence); United States v. Gabrion, 719 F.3d 511, 521-23 (6th Cir. 2013) (en banc) (upholding exclusion of evidence that Michigan has abolished the death penalty); United States v. Johnson, 223 F.3d 665, 675 (7th Cir. 2000) (upholding exclusion of evidence about the existence of maximum security prisons with control units); United States v. Purkey, 428 F.3d 738, 756 (8th Cir. 2005) (upholding

1

exclusion of involuntary intoxication evidence); United States v. Chandler, 996 F.2d 1073, 1086 (11th Cir. 1993) (upholding exclusion of evidence of the "possibility" of a life-without-release sentence).

    A.    <u>Tsarnaev should be referred to by his full name</u>. The mitigating factors submitted by the defense refer to Tsarnaev by his first name only. That is inappropriate and prejudicial. In federal court proceedings, only children are referred to by their first names. No one other than witnesses who actually know the defendant personally should be referring to him in Court by his first name. And he should certainly should not be referred to by his first name in the jury instructions, verdict slip, or other materials submitted to the jury for their use. The jurors are not, and should not be encouraged to be, on a first-name basis with him.

    B.    <u>Mitigating factor No. 11</u>

"11.    The law requires that if not sentenced to death, Mr. Tsamaev will be sentenced to life in prison without the possibility of release."

This is not a proper mitigating factor because it is not a proposition that must be proved by the defense or decided by the jury. The Court has already instructed the jury that this proposition is true, and the jury must accept it as true.

    C.    <u>Mitigating factor No. 13.</u> This factor should be removed from the list of mitigating factors because Tsarnaev agreed voluntarily to withdraw it at the April 24, 2015, status hearing.

    D.    <u>Mitigating factor No. 14</u>

"14.    Under all of the circumstances of this case, executing Dzhokhar is unlikely to reduce the danger of future terrorist attacks."

This is not a proper mitigating factor because it has nothing to do with the extent of Tsarnaev's moral culpability for the crimes; rather, it requires the jury to decide whether the death penalty in

cases like this one is good public policy. Just as execution-impact evidence (i.e. the likely impact of a defendant's execution on his family and friends) is inadmissible, see Hager, 721 F.3d at 192, so is evidence of its likely impact on future terrorists. If the opposite were true, the government could argue that Tsarnaev should be executed simply because his death (in contrast to that of more culpable murderers) will likely deter future terrorist attacks.

This also is not a proper mitigating factor because it requires the jury to speculate about hypothetical future terrorists and hypothetical future terrorist attacks. Rational, non-arbitrary sentencing decisions cannot be made on the basis of hypotheticals and speculation.

E.   Mitigating factor No. 15

"15. Sentencing Dzhokhar to death is likely to increase his notoriety."

This is an improper mitigating factor for all of the same reasons set forth above in connection with Mitigating factor No. 14. It should be struck for the same reasons.

WHEREFORE, the government respectfully requests that the Court strike Mitigating factors 11, 13, 14, and 15.

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

By:   /s/ William D. Weinreb
WILLIAM D. WEINREB
ALOKE S. CHAKRAVARTY
NADINE PELLEGRINI
STEVEN D. MELLIN
Assistant U.S. Attorneys

CERTIFICATE OF SERVICE

I hereby certify that this document will be served by electronic mail on Dzhokhar Tsarnaev's counsel, Judy Clarke, Esq., on April 26, 2015.

.

/s/ William D. Weinreb
WILLIAM D. WEINREB