UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Crim. No.13-10200-GAO |
| ) | |
| DZHOKHAR A. TSARNAEV, ) | (UNDER SEAL) |
| Defendant ) | |

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR ORDERS COMPELLING VARIOUS AGENCIES TO PRODUCE INFORMATION REGARDING THE 2011 WALTHAM MURDERS

Tsarnaev has asked the Court to authorize a fishing expedition for exculpatory evidence in the files of the Massachusetts State Police, Waltham Police Department, and the Middlesex County District Attorney's Office. He cites no legal basis for the Court's authority to do so, and the government is aware of none. Although the government does not concede that evidence of Tamerlan Tsarnaev's participation in the Waltham murders would be exculpatory even if it existed, the government has produced all such evidence its possession, custody or control. The Court has no authority to order the inspection of other agencies' files for similar evidence based on mere speculation that such evidence might exist.

A defendant's right to compel the production of evidence flows chiefly from the Sixth Amendment, which guarantees to an accused "compulsory process for obtaining witnesses *in his favor*" (emphasis added). To establish a violation of the right, a defendant must show that the evidence he seeks to compel is "relevant and material, and ... vital to the defense." Washington v. Texas, 388 U.S. 14, 16 (1967). See United States v. Valenzuela-Bernal, 458 U.S. 858, 868 (1982); United States v. Duggan, 743 F.2d 59, 82 n. 8 (2nd Cir.1984); United States v. Beyle, 782 F.3d 159, 169-170 (4th Cir. 2015); Roussell v. Jeane, 842 F.2d 1512, 1516 (5th Cir. 1988). The limits of the right to compulsory process are reflected in Federal Rule of Criminal Procedure 17:

"That the Sixth Amendment does not guarantee criminal defendants the right to compel the attendance of any and all witnesses is reflected in the Federal Rules of Criminal Procedure. Rule 17(b) requires the Government to subpoena witnesses on behalf of indigent defendants, but only 'upon a satisfactory showing ... that the presence of the witness is necessary to an adequate defense.' Valenzuela-Bernal, 458 U.S. at 867 n.7 (quoting the then-current version of Fed. R. Crim. P. 17( b), which is substantively the same today). Relying on these principles, the Supreme Court has consistently held that defendants have extremely limited rights to *potentially* exculpatory evidence. See e.g., Illinois v. Fisher, 540 U.S. 544 (2004); Arizona v. Youngblood, 488 U. S. 51 (1988); Valenzuela-Bernal, 458 U.S. at 858.

Tsarnaev has not shown that the files he wants reviewed contain evidence that is relevant, material and vital to the defense. He relies entirely on statements in an affidavit in support of a federal warrant to search ███████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████. All of that information was already known to the Court when it granted the government's motion in limine to exclude evidence of the Waltham murders, and none of it warrants the intrusive relief Tsarnaev seeks. As for the matters raised in Tsarnaev's supplemental memorandum, no evidence recovered during █████████████ disclosed any connection between Tamerlan Tsarnaev and the murders, and the fact that █████████████████████ adds nothing new or significant to the analysis. (Contrary to Tsarnaev's claim, the fact that ███████████████████ ████████ is not newly-disclosed information; it was referenced in the statutory allegations section of the ████████████████████████████████████ – a document produced in discovery over

2

18 months ago.

Even assuming for the sake of argument that the Court has legal authority to order a fishing expedition for exculpatory evidence in the investigative files of the Middlesex District Attorney's Office, it should not do so in light of the District Attorney's legitimate interest in maintaining the confidentiality of an ongoing criminal investigation. It is well-settled that that a defendant's right to call witnesses is not absolute and "'may, in appropriate cases, bow to accommodate other legitimate interests.'" Rock v. Arkansas, 483 U.S. 44, 55 (1987) (quoting Chambers v. Mississippi, 410 U.S. 284, 295 (1973)). Tsarnaev should not be permitted to compel an examination of a district attorney's confidential investigative files – even by the Court in camera -- absent a substantial likelihood that those files contain favorable material evidence. Cf. Pennsylvania v. Ritchie, 480 U.S. 39 (1987); Franks v. Delaware, 438 U.S. 154 (1978). In this case, Tsarnaev offers nothing but speculation.

WHEREFORE, the government respectfully requests that Tsarnaev's motion to compel be denied.

Respectfully submitted,

CARMEN M. ORTIZ
UNITED STATES ATTORNEY

By: /s/ William Weinreb
WILLIAM D. WEINREB
ALOKE S. CHAKRAVARTY
NADINE PELLEGRINI
Assistant U.S. Attorneys
STEVE MELLIN
Trial Attorney, U.S. Department of Justice

**CERTIFICATE OF SERVICE**

3

1723

I hereby certify that this document was served by electronic mail on Dzhokhar Tsarnaev's attorney, Judy Clarke, Esq., on May 1, 2015.

/s/ *William Weinreb*

1724