UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.            ) | CRIMINAL NO. 13-10200-GAO |
| ) | |
| DZHOKHAR TSARNAEV      ) | |

## **RENEWED MOTION TO STRIKE AGGRAVATING FACTORS**

Defendant, Dzhokhar Tsarnaev, by and through counsel, respectfully moves to strike nonstatutory aggravating factor #3 (victim impact) insofar as it applies to Martin Richard and his family.  The factor, in pertinent part, alleged that the defendant "caused injury, harm and loss to . . . to Martin Richard and his family and friends."  The government called no witnesses and offered no evidence to establish this allegation, and there is therefore nothing before this jury upon which it could reply to find this factor.

In making this motion, the defendant acknowledges that in a sense, the government's allegation is self-evidently true — true for this young victim, for every person who is murdered, and for every grieving family member that murder leaves behind.  But an aggravating factor violates the Eighth Amendment if it applies, without particularized proof, to every murder case.  *See Arave v. Creech,* 507 U.S. 463, 474 (1995) ("If the sentencer fairly could conclude that an aggravating circumstance applies to every defendant eligible for the death penalty, the circumstance is constitutionally infirm.")  While review of nonstatutory aggravating factors such as victim-impact is less exacting than that of statutory "eligibility" factors, the government must still "ensure that the process is neutral and principled so as to guard against bias or caprice in the

1

sentencing decision." *Tuilaepa v. California*, 512 U.S. 967, 973 (1994). This means, at a minimum, that a jury cannot weigh "victim impact" as a factor on death's side of the scales based solely on the jurors' inevitably strong feelings of sympathy and grief for a young murder victim or for his family. The government having produced no proof beyond this, the factor should be stricken.

  This motion is in addition to, and therefore does not waive or displace, defendant's oral motion under Fed. R. Crim. P. 29 as to all of the statutory and non-aggravating factors alleged by the government.

              Respectfully submitted,

              DZHOKHAR TSARNAEV
              by his attorneys

              */s/  Miriam Conrad*

              Judy Clarke, Esq. (CA Bar # 76071)
              CLARKE & RICE, APC
              1010 Second Avenue, Suite 1800
              San Diego, CA 92101
              (619) 308-8484
              JUDYCLARKE@JCSRLAW.NET

              David I. Bruck, Esq.
              220 Sydney Lewis Hall
              Lexington, VA 24450
              (540) 460-8188
              BRUCKD@WLU.EDU

              Miriam Conrad, Esq. (BBO # 550223)
              Timothy Watkins, Esq. (BBO # 567992)
              William Fick, Esq. (BBO # 650562)
              FEDERAL PUBLIC DEFENDER OFFICE
              51 Sleeper Street, 5th Floor
              (617) 223-8061
              MIRIAM_CONRAD@FD.ORG

TIMOTHY_WATKINS@FD.ORG
WILLIAM_FICK@FD.ORG

## Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 11, 2015.

/s/  Miriam Conrad