UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                                            ) | Crim No.13-10200-GAO |
| ) | |
| DZHOKHAR A. TSARNAEV,        ) | |
| Defendant      ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE AGGRAVATING FACTORS**

The United States of America, by and through its undersigned counsel, respectfully files this Opposition to Defendant's Renewed Motion to Strike Aggravating Factors. Specifically, the government responds to the Defendant's unfounded claim that the government has not offered any evidence in support of the aggravating factor of Victim Impact with respect to Martin Richard.

**I.      Section 3593(a)(2)**

Victim impact is a relevant sentencing factor in federal capital cases. Section 3593(a)(2) specifically provides that:

> The factor for which notice is provided under this subsection may include factors concerning the effect of the offense on the victim and the victim's family, and may include oral testimony, a victim impact statement that identifies that of the offense and the extent and scope of the injury and loss suffered by the victim and the victim's family, and any other relevant information.

**II.     Evidence of Victim Impact**

The Supreme Court has held that victim impact evidence "is designed to show . . . each victim's 'uniqueness as an individual human being." *Payne v. Tennessee*, 501 U.S. 808, 823 (1991).

Martin Richard's father, Bill Richard, testified that Martin, who was eight years old at the

time of his murder, was the middle child of Richard family.  In addition to Bill and Denise Richard, Martin's mother, the other members of the Richard family included Martin's older brother, Henry, and his younger sister, Jane.  A photo of the Martin family was entered during the trial showing all of the family surrounding Bill Richard on his 38th birthday.  Bill holds Jane and Martin, both of whom are wearing colorful birthday hats, on his lap.  Denise and Henry stand behind them as the family smiled for the photo.

Bill Richard testified that, ever since the children were born, it was a family ritual to attend the Boston Marathon.  In 2013, on the Saturday before he was killed, Martin and Jane both participated in the Boston Athletic Association-sponsored race for children in Boston. A photograph of Martin running that race was entered in evidence.

On April 15, 2013, Martin and his entire family attended the Marathon.  They had just had ice cream at a favorite location -- another tradition.  A photo was entered into evidence showing the family watching the Marathon from the location of the ice cream shop.  Bill Richard testified that, to this day, he can remember the flavor of the ice cream his son had.

Numerous photos were introduced showing the entire family watching the race at the Forum site.  After the bomb exploded, Bill Richard, who was blown into the street, tried to get back to his family.  He testified that he had to make the wrenching decision to either leave and get medical care for Jane, whose leg was blown off, or stay with Denise and Martin.  Bill testified that he saw that Martin's body was severely damaged and he knew there was no chance that Martin would survive.  Another victim at the scene testified that he was close enough to see and hear Denise bending over her fatally injured son, pleading, "Please, Martin, please."  There was also a video and other photographic evidence showing Denise's location to her son.

Bill Richard testified that Jane was placed in a medical-induced coma after her surgery.

He told the jury that each time she awoke, she asked about Martin.  Each time her parents had to tell her Martin died and she cried.  Due to her injuries and her medication, she was not able to remember what her parents told her. Each time she awoke, they had to repeat the same painful and sorrowful experience of telling their youngest daughter that her big brother had died.  Each time, Jane cried.

A third photo was entered into evidence showing Martin standing and wearing a Red Sox uniform. At the time of his death, Martin was wearing a New England Patriots T-shirt as well as a Boston Celtics, both of which were shown to the jury during the Medical Examiner's testimony regarding the autopsy performed on Martin.

The injuries to Martin covered his entire body and were described as extraordinarily painful by Dr. Henry Nields, the Chief Medical Examiner, and Dr. David King, a trauma surgeon.  This evidence comports with the type of "victim impact" evidence which is clearly admissible, i.e., evidence which amount to "circumstances of the crime." *Payne*, 501 U.S. at 111.  It also reflects the proper inclusion of injury and loss to the victim himself under Section 3593(a)(2).

All of the foregoing informs the jury that Martin Richard was a beloved son and brother whose murder was witnessed by his family members and necessarily caused grievous harm and continuing grief.  Martin Richard was a child who loved sports and happily participated in family events.  The extent and scope of the injury and loss suffered by his family is immeasurable.

Defendant's Motion should be denied.

### III.     Defendant's Waiver of Additional Claims

With respect to any additional claim, the government states that the Defendant has failed, in both his oral and written motion, to provide any reasons and any supporting authority as

grounds for the dismissal of any other aggravating factor.  His assertion that his other claims – whatever they might be – are not waived or displaced does not cure his failure.  Under the law of this Circuit, the Defendant has, in fact, waived his right due to his failure to provide any support for his claim. *Rodríguez v. Municipality of San Juan,* 659 F.3d 168, 175 (1st Cir.2011) (Court explaining that it "should go without saying that we deem waived claims not made or claims adverted to in a cursory fashion, unaccompanied by developed argument.").

        Respectfully submitted,

        CARMEN M. ORTIZ
        United States Attorney

By:    */s/ Nadine Pellegrini*
        NADINE PELLEGRINI
        ALOKE S. CHAKRAVARY
        WILLIAM D. WEINREB
        Assistant U.S. Attorneys
        STEVE MELLIN
        Trial Attorney, U.S. Dept. of Justice

## CERTIFICATE OF SERVICE

    I hereby certify that this document will be served via electronic mail to Judy Clarke, Esq., et. al., counsel for Dzhokhar Tsarnaev, on May 12, 2015.

        */s/ Nadine Pellegrini*
        NADINE PELLEGRINI