# DEFENDANT'S REQUESTED PENALTY PHASE INSTRUCTION NO. \_\_\_

## INSTRUCTION REARDING NONSTATUTORY AGGRAVATING FACTOR THAT THE DEFENDANT "HAS DEMONSTRATED A LACK OF REMORSE"

The government has alleged that the defendant "has demonstrated a lack of remorse." I caution you that in determining whether the government has proven this factor beyond a reasonable doubt, you may not consider the fact that the defendant has not testified or made any statement here in court. As I told you earlier, every defendant has an absolute right not to testify both at his trial and at his sentencing hearing. There may be many valid reasons — having nothing to do with whether he feels or lacks remorse — why a defendant would exercise his constitutional right not to testify at his sentencing hearing. You must therefore not draw any conclusion against him from his failure to testify at any stage of this trial, and you may not consider or even discuss this fact in the jury room in deciding whether the government's "lack of remorse" allegation has been established beyond a reasonable doubt.

*Estelle v. Smith*, 451 U.S. 454, 462-63 (1981) ("We can discern no basis to distinguish between the guilt and penalty phases of respondent's capital murder trial so far as the protection of the Fifth Amendment privilege is concerned."); *Mitchell v. United States*, 526 U.S. 314, 316-17 (1999) (finding that court violated defendant's Fifth Amendment privilege by drawing adverse inference from her failure to testify at sentencing hearing); *United States v. Caro*, 597 F.3d 608, 627-631 (4th Cir. 2010) (recognizing that Fifth Amendment prohibits considering a federal capital defendant's silence in support of an aggravating factor of lack of remorse); 18 U.S.C. § 3481 (defendant's failure to testify "shall not create any presumption against him").