## DEFENDANT'S REQUESTED PENALTY PHASE INSTRUCTION NO. 4

## INSTRUCTION TO EXCLUDE SPECULATION CONCERNING COST OF SENTENCING ALTERNATIVES

I told you just a moment ago that you must not allow passion, prejudice, or any other arbitrary consideration to affect your decision about what sentence to impose. In that connection, I want to caution you are not to consider any possible costs to the government that may be involved in carrying out either the death penalty or life imprisonment without possibility of release.

This is so for two reasons. First, whether one sentence may be more expensive than another is simply not a proper basis upon which to decide a matter as grave as this. And second, even if it were proper to impose either the death penalty or life imprisonment simply to save money, there is no evidence before you as to which sentence—if either—is actually more expensive to carry out. For both of these reasons, it would be improper for you to base any part of your decision on the notion that the government could save money by imposing one sentence rather than another, and this is a subject that should not even be discussed by you in the jury room.

*Blair v. Armontrout*, 916 F.2d 1310, 1323 (8th Cir. 1990) ("There is simply no legal or ethical justification for imposing the death penalty on [the basis of cost] and it is not a proper factor to be considered by the jury, for it does not reflect the properly considered circumstances of the crime or the character of the individual"); *Brooks v. Kemp*, 762 F.2d 1383, 1412 (11th Cir.1985) (*en banc*) ("clearly improper" to argue that death should be imposed because it is cheaper than life imprisonment; "cost is not accepted as a legitimate justification for the death penalty"), *vacated on other grounds*, 478 U.S. 1016 (1986).