**DEFENDANT'S REQUESTED PENALTY PHASE INSTRUCTION NO. 5**

**INSTRUCTION THAT THE CONDUCT OR
DEMEANOR OF NON-WITNESSES IS NOT EVIDENCE**

I remind you that you must decide the defendant's sentence based only upon the testimony and evidence that has been admitted in this case. In deciding the credibility of a witness, you may of course consider that witness's demeanor on the witness stand as you listened to his or her testimony and the substance of what the witness said. However, a person's conduct and demeanor when *not* on the witness stand is *not* evidence because there is no way to determine -- other than by speculation -- why the person acts or appears as he or she does. You may not, therefore, treat as evidence the conduct and demeanor of the defendant in the courtroom, nor the conduct and demeanor of counsel, the court, and courtroom spectators.

Adapted from Laurie Levinson*, Courtroom Demeanor in the Theater of the Courtroom,* 92 Minn. L. Rev. 573, 630 (2008); *See Borodine v. Douzanis*, 592 F.2d 1202, 1210-2011 (1st Cir. 1979) (prosecutor's comments "on the defendant's expressionless courtroom demeanor . . . were improper in the sense of being irrelevant (a defendant's 'courtroom behavior off the stand is (not) in any sense legally relevant to the question of his guilt or innocence of the crime charged')"); *accord United States v. Shuler,* 813 F.2d 978 (9th Cir. 1987) (holding, *inter alia,* that "in the absence of a curative instruction . . . a prosecutor's comment on a defendant's off-the-stand behavior constitutes a violation of the due process . . . right not to be convicted except on the basis of evidence adduced at trial."). See also Susan Bandes, *Remorse and Demeanor in the Courtroom: Cognitive Science and the Evaluation of Contrition,* http://ssrn.com/abstract=2363326 at 12 (copy attached).