## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

**May 5, 2015**

**Introductory Instruction**

Members of the jury, it is again my duty to instruct you as to the law applicable to the sentencing phase of this case. The sole question before you is whether Dzhokhar Tsarnaev should be sentenced for his capital offenses to either the death penalty or life imprisonment without the possibility of release.

The selection between these very serious choices is yours and yours alone to make. If you determine, as to a particular count, that Mr. Tsarnaev should be sentenced to death, or instead to life imprisonment without the possibility of release, the Court is required to impose whichever sentence you choose as to that count. There is no parole in the federal system.

Remember that you have previously found Mr. Tsarnaev guilty of the following capital counts in the Indictment: Counts One, Two, Three, Four, Five, Six, Seven, Eight, Nine, Ten, Twelve, Thirteen, Fourteen, Fifteen, Sixteen, Seventeen, and Eighteen. Even though there are a total of 17 capital counts at issue here, you must still approach the sentencing decision before you separately as to each count and, of course, with an open mind. I cannot stress to you enough the importance of your giving careful and thorough consideration to all the evidence. And regardless of any opinion you may have as to what the law may be or should be it would be a violation of your oaths as jurors to base your sentencing decision upon any view of the law other than that which is given to you in these instructions.

The instructions I am giving you now are a complete set of instructions on the law applicable to the sentencing decision as to Mr. Tsarnaev. During your deliberations you

should thus rely on these instructions. I have also prepared a special verdict form that you must complete. The form details the special findings you must make and will aid you in properly performing your deliberative duties.

Now, although Congress has left it wholly to you, the jury, to decide Mr. Tsarnaev's proper punishment, it has narrowed and channeled your discretion in specific ways particularly by making you consider and weigh any "aggravating" and "mitigating" factors present in this case. As I explained previously, these factors have to do with the circumstances of the crime, or the personal traits, character, or background of Mr. Tsarnaev, or anything else relevant to the sentencing decision. Aggravating factors are those that would tend to support imposition of the death penalty. By contrast, mitigating factors are those that suggest that life in prison without the possibility of release is an appropriate sentence in this case.

Of course, your task is not simply to decide what aggravating and mitigating factors exist here, if any. Rather, you are called upon to evaluate any such factors and to make a unique, individualized choice between the death penalty and life in prison without the possibility of release. In short, the law does not assume that every defendant found guilty of committing murder should be sentenced to death. Nor does the law presume that Mr. Tsarnaev, in particular, should be sentenced to death. Rather, your decision on the question of punishment is a uniquely personal judgment that the law, in the final analysis, leaves up to each of you.

## Burden of Proof

The Government, at all times and as to all the capital counts, has the burden of proving beyond a reasonable doubt that the appropriate sentence for Mr. Tsarnaev is in fact the death penalty. Specifically, that means that the Government must prove as to each capital count all of the following beyond a reasonable doubt: (1) the existence of at least one gateway factor; (2) the existence of at least one statutory aggravating factor; (3) the existence, if any, of non-statutory aggravating factors; and (4) that all the aggravating factors found to exist sufficiently outweigh all the mitigating factors found to exist so as to make a sentence of death appropriate, or, in the absence of any mitigating factor, that the aggravating factors found to exist alone make a sentence of death appropriate.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence. Proof beyond a reasonable doubt must be proof of such a convincing character that a reasonable person would rely and act upon it without hesitation in the most important matters of his or her own affairs. Yet proof beyond a reasonable doubt does not mean proof beyond all possible doubt.

A defendant never has the burden of *disproving* the existence of anything that the Government must prove beyond a reasonable doubt. The burden is wholly upon the Government; the law does not at all require Mr. Tsarnaev to produce evidence that a particular aggravating factor does *not* exist or that death is *not* an appropriate sentence.

As such, Mr. Tsarnaev is not required to assert or establish any mitigating factors. However, if one or more mitigating factors are asserted, it is Mr. Tsarnaev's burden to establish any mitigating factors by a preponderance of the evidence. To prove something

by a preponderance of the evidence is a lesser standard of proof than proof beyond a reasonable doubt. To prove something by a preponderance of the evidence is to prove that it is more likely true than not true. It is determined by considering all of the evidence and deciding what evidence is more believable. If, however, the evidence is equally balanced, you cannot find that the mitigating factor has been proved.

The preponderance of the evidence is not determined by the greater number of witnesses or exhibits presented by the Government or Mr. Tsarnaev. Rather, it is the quality and persuasiveness of the information that controls.

## Evidence

In making all the determinations you are required to make in this phase of the trial, you may consider any information presented during this penalty phase and the guilt phase. Also, recall that for our purposes here the terms "evidence" and "information" have the same meaning.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it. In deciding what testimony of any witness to believe, consider the witness's intelligence, the opportunity the witness had to see or hear the things testified about, the witness's memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with other evidence that you believe.

Additionally, because the law does not permit any witness to state whether he or she personally favors or opposes the death penalty in this case, you should draw no inference either way from the fact that no witnesses have testified as to their views on this subject.

## Defendant's Right Not to Testify

Mr. Tsarnaev did not testify in this case. He has a right not to do so and there is no burden upon Mr. Tsarnaev to prove that he should *not* be sentenced to death. Instead, the burden is entirely on the prosecution to prove, beyond a reasonable doubt, that a sentence of death is in fact justified. Accordingly, that Mr. Tsarnaev did not testify must not be considered by you in any way, or even discussed, in arriving at any aspect of your sentencing decision, including the existence or non-existence of an alleged aggravating or mitigating factor.

## Separate Deliberations

You must deliberate and determine the appropriate sentence for the capital counts separately. Although I will be discussing the capital counts as a group, your findings regarding gateway factors, aggravating factors, and all other issues pertaining to these counts must treat each of these counts separately. ~~It is possible that, even though all of the counts are connected, you may find differences which would justify different sentences on different counts.~~ <u>You should understand, however, that if you impose the death penalty as to any count or counts, the death sentence will control and will be carried out, regardless of any life sentence or sentences that may be imposed on other counts.</u>

<u>In this connection, you will already have noticed that all 17 capital counts concern a total of four homicides.  You should not attach any significance to the fact that these four homicides have given rise to more than four capital counts.  While the government was entitled to bring multiple charges for each homicide, the number of counts does not by itself mean that the defendant's conduct is more blameworthy, or that he is deserving of greater punishment.</u>

The instructions I am about to give you, as well as the Special Verdict Form you will be completing, will first address your findings, if any, regarding the four so-called "gateway factors" and the statutory aggravating factors identified by the Government with regard to each capital count. The instructions and the Special Verdict Form thereafter address your findings, if any, as to each capital count regarding the existence of non-statutory aggravating factors and mitigating factors, as well as the weighing of aggravating and mitigating factors.

**<u>Finding of Gateway Factors</u>**

Before you may consider the imposition of the death penalty for any capital count, you must first unanimously find, beyond a reasonable doubt, the existence as to that count of at least one of the four gateway factors identified by the Government. The gateway factors are as follows:

1. That the defendant intentionally killed the victim or victims of the particular capital offense charged in the respective count of the Indictment; or

2. That the defendant intentionally inflicted serious bodily injury that resulted in the death of the victim or victims of the particular capital offense charged in the respective count of the Indictment; or

3. That the defendant intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person or persons, other than one of the participants in the offense, and the victim or victims of the particular capital offense charged in the respective count of the Indictment died as a direct result of the acts; or

4. That the Defendant intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person or persons, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victim or victims of the particular capital offense charged in the respective count of the Indictment died as a direct result of the act.

Your findings as to whether the Government has proven the existence, beyond a reasonable doubt, of a particular factor from among these four gateway factors must be separate and unanimous as to each capital count.

And with regard to your findings, you may not rely solely upon your first-stage verdict of guilt or your factual determinations therein. Instead, you must now each decide this issue for yourselves again.

Any finding that a gateway factor has been proven as to a particular capital count must be based on Mr. Tsarnaev's personal actions and intent, and not on the actions or

<u>intent of anyone else</u>. Intent or knowledge may be proven like anything else. You may consider any statements made and acts done by Mr. Tsarnaev, and all the facts and circumstances in evidence that may aid in a determination of Mr. Tsarnaev's knowledge or intent. ~~You may, but are not required to, infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.~~

In the event that you unanimously find, beyond a reasonable doubt, that a particular gateway factor exists as to all the capital counts, you should mark the appropriate space in Section I of the Special Verdict Form. In the event that you unanimously find, beyond a reasonable doubt, that a particular gateway factor exists as to some but not all of the capital counts, you are to indicate that finding in the appropriate space in Section I of the Special Verdict Form, and also identify on the lines provided, by count number, the specific capital counts as to which you find that gateway factor applies. If you do not unanimously find that a particular gateway factor has been proved beyond a reasonable doubt with respect to any of the capital counts you should mark the appropriate space in Section I of the Special Verdict Form.

I instruct you that any gateway factor found by you to exist is not an aggravating factor and may not be weighed by you in deciding whether or not to impose a sentence of death.

For any capital count, if you do not unanimously find that the Government has proven beyond a reasonable doubt the existence as to that count of any of the four gateway factors, your deliberative task as to that capital count will be over and the Court

will impose a mandatory sentence on that count of life imprisonment without the possibility of release.

## Statutory Aggravating Factors Introduction

If and only if you unanimously find that the Government has proven, beyond a reasonable doubt, that at least one of the four gateway factors exists as to a particular capital count, you must then proceed to determine whether the Government has proven, beyond a reasonable doubt, the existence of any of the following statutory aggravating factors with respect to that same count:

1. The death, and injury resulting in death, occurred during the commission and attempted commission of, and during the immediate flight from the commission of another offense.

2. The defendant knowingly created a grave risk of death to one or more persons in addition to the victim of the offense in the commission of the offense and in escaping apprehension for the violation of the offense.

3. The defendant committed the offense in an especially heinous, cruel and depraved manner in that it involved serious physical abuse to the victim.

4. The defendant committed the offense after substantial planning and premedication to cause the death of a person and commit an act of terrorism.

5. The defendant intentionally killed and attempted to kill more than one person in a single criminal episode.

6. The defendant is responsible for the death of a victim who was particularly vulnerable due to youth.

At this point the law directs you to consider and decide separately as to the capital counts for which you have unanimously found the existence of at least one gateway factor the existence or non-existence of the statutory aggravating factors specifically claimed by the Government. You are reminded that to find the existence of a statutory aggravating factor as to a particular count, your decision must be unanimous and beyond a reasonable doubt. Any finding that one or more of these factors has been proven must be based on Mr. Tsarnaev's personal actions and intent.

In the event that you unanimously find, beyond a reasonable doubt, that a particular statutory aggravating factor exists as to all the capital counts for which you have found the existence of at least one gateway factor, you should mark the appropriate space in Section II of the Special Verdict Form. In the event that you unanimously find, beyond a reasonable doubt, that a particular statutory aggravating factor exists as to some but not all of the capital counts for which you have found the existence of at least one gateway factor, you are to indicate that finding in the appropriate space in Section II of the Special Verdict Form, and also identify on the lines provided, by count number, the particular counts as to which you find the statutory aggravating factor applies. If you do not unanimously find that a particular statutory aggravating factor has been proved beyond a reasonable doubt with respect to any of the capital counts you are considering, you should mark the appropriate space in Section II of the Special Verdict Form.

For any capital count for which you unanimously found the existence of at least one gateway factor, if you do not also unanimously find as to that same count the existence of at least one statutory aggravating factor, then your deliberative task as to that

count will be over and the Court will impose a mandatory sentence on that count of life imprisonment without the possibility of release.

Let me now instruct you in detail on the specific elements necessary for the Government to prove each of these statutory aggravating factors beyond a reasonable doubt.

### Death During Commission of Another Crime

The first statutory aggravating factor alleged by the Government with regard to certain counts is that the death, and injury result in death, occurred during the commission and attempted commission of, and during the immediate flight from the commission of a crime other than the crime charged in that particular count. The Government alleges this factor in connection with counts 1-10 and 12-15 only.  Thus, as to each such count, you must determine if the victim or victims identified were killed during the commission of another crime, as set forth in the Special Verdict Form. The other crimes alleged are an offense under:

1. 18 U.S.C. § 2332(a) (Use of a Weapon of Mass Destruction) and

2. 18 U.S.C. § 844(i) (Destruction of Property Affecting Interstate Commerce by Explosives)

In order to prove that the deaths or injuries resulting in death occurred during the commission of these separate offenses, the Government must prove beyond a reasonable doubt exactly that, that the death or injury resulting in death of the victim or victims identified in the particular count occurred during the commission of a violation of 18

12

U.S.C. § 2332(a) and 18 U.S.C. § 844(i). You have previously found that Mr. Tsarnaev violated these statutes as reflected in your guilty verdict on Counts One, Two, Four, Twelve, and Fourteen. Accordingly, solely as to Counts One, Two, and Four, you may not consider the commission of the violation of 18 U.S.C. § 2332(a) as "another crime." And solely as to Counts Twelve and Fourteen, you may not consider the commission of a violation of 18 U.S.C. § 844(i) as "another crime." In other words, the death of the victim or victims must have occurred during the commission of a crime other than the crime charged in that particular count.

For the capital counts you are considering, in order to find that the Government has satisfied its burden of proving beyond a reasonable doubt that the deaths or injuries resulting in death of the victims occurred during the commission of one or more of these other offenses, you must unanimously agree on which other offenses were committed by Mr. Tsarnaev. Your finding as to this statutory aggravating factor must be indicated in the appropriate space in Section II of the Special Verdict Form.

**Grave Risk of Death to Additional Persons**

The second statutory aggravating factor alleged by the Government with regard to the capital counts is that, in the commission of the particular offenses, the defendant knowingly created a grave risk of death to one or more persons in addition to the victim of the offense in the commission of the offense and in escaping apprehension for the violation of the offense. The Government alleges this factor in connection with all of the capital counts

To establish the existence of this factor, the Government must prove beyond a reasonable doubt that the defendant, in committing the offense described in the capital count you are considering, knowingly created a grave risk of death to one or more persons in addition to the deceased victims identified in the particular count.

"Knowingly" creating such a risk means that Mr. Tsarnaev was conscious and aware that his conduct in the course of committing the offense might have this result. Mr. Tsarnaev's conduct cannot merely have been the product of ignorance, mistake or accident. Knowledge may be proved like anything else. You may consider any statements made and acts done by Mr. Tsarnaev, and all the facts and circumstances in evidence which may aid in a determination of Mr. Tsarnaev's knowledge.

"Grave risk of death" means a significant and considerable possibility that another person might be killed. In order to find that the Government has proven this factor beyond a reasonable doubt, you must unanimously agree on a particular person or a class of persons who were placed in danger by the defendant's actions.

"Persons in addition to the victims" include innocent bystanders in the zone of danger created by the defendant's acts, but do not include other participants in the offense.

Your finding as to this statutory aggravating factor must be indicated in the appropriate space in Section II of the Special Verdict Form.

## Heinous, Cruel, or Depraved Manner of Committing Offense

The third statutory aggravating factor alleged by the Government with regard to certain capital counts is that the defendant committed the offenses in an especially

heinous, cruel, or depraved manner in that it involved serious physical abuse to the

victim. The Government alleges this factor in connection with counts 1-10 and 12-15

only.

"Heinous" means shockingly atrocious. For the killing to be heinous, it must

involve such additional acts of serious physical abuse of the victim as set apart from other

killings.

"Cruel" means that the defendant intended to inflict a high degree of pain by

serious physical abuse of the victim in addition to killing the victim.

"Depraved" means that the defendant relished the killing or showed indifference

to the suffering of the victim, as evidenced by serious physical abuse of the victim.

"Serious physical abuse" means a significant or considerable amount of injury or

damage to the victim's body which involves a substantial risk of death, unconsciousness,

extreme physical pain, substantial disfigurement, or substantial impairment of the

function of a bodily member, organ, or mental faculty. Serious physical abuse does not

require that the victim be conscious of the abuse at the time it was inflicted. However, the

defendant must have specifically intended the abuse apart from the killing.

Pertinent factors in determining whether a killing was especially heinous, cruel, or

depraved include: infliction of gratuitous violence upon the victim above and beyond that

necessary to commit the killing; needless mutilation of the victim's body; and

helplessness of the victim.

The word "especially" should be given its ordinary, everyday meaning of being

highly or unusually great, distinctive, peculiar, particular, or significant.

15

For the capital counts you are considering, in order to find that the Government has satisfied its burden of proving beyond a reasonable doubt that Mr. Tsarnaev committed the offenses in an especially heinous, cruel, or depraved manner in that it involved serious physical abuse to the victim, you may only consider the actions of Mr. Tsarnaev; you may not consider the manner in which any accomplice or co-conspirator committed the offenses.

Your finding as to this statutory aggravating factor must be indicated in the appropriate space in Section II of the Special Verdict Form.

**Substantial Planning and Premeditation**

The fourth statutory aggravating factor alleged by the Government with regard to certain capital counts is that the defendant committed the offenses after substantial planning and premeditation to cause the death of a person and to commit an act of terrorism. The Government alleges this factor in connection with counts 1-10 and 12-15 only.

"Planning" means mentally formulating a method for doing something or achieving some end.

"Premeditation" means thinking or deliberating about something and deciding beforehand whether to do it.

"Substantial" planning and premeditation means a considerable or significant amount of planning and premeditation.

An "act of terrorism" is an act calculated to influence or affect the conduct of government by intimidation or coercion, or to retaliate against government conduct.

16

To find that the Government has satisfied its burden of proving beyond a reasonable doubt that the defendant engaged in substantial planning and premeditation either to cause the death of a person or to commit an act of terrorism, you must unanimously agree on the particular object of the substantial planning and premeditation, either to cause the death of a person, to commit an act of terrorism, or to do both. Your finding as to this statutory aggravating factor must be indicated in the appropriate space in Section II of the Special Verdict Form.

**Multiple Killings or Attempted Killings**

The fifth statutory aggravating factor alleged by the Government with regard to certain capital counts is that the defendant intentionally killed and attempted to kill more than one person in a single criminal episode. The Government alleges this factor in connection with counts 1-10 and 12-15 only.

To establish the existence of this factor, the Government must prove beyond a reasonable doubt that the defendant intentionally killed or attempted to kill more than one person in a single criminal episode. You must unanimously agree on the particular actual or intended victims or a class of intended victims in order to find this factor has been proved beyond a reasonable doubt.

"Intentionally killing" a person means killing a person on purpose, that is: willfully, deliberately, or with a conscious desire to cause a person's death (and not just accidentally or involuntarily).

"Attempting to kill" a person means purposely doing some act which constitutes a substantial step (beyond mere preparation or planning) toward killing a person, and doing

17

so with the intent to cause a person's death. You may not find that Mr. Tsarnaev attempted to kill a person who was actually killed.

"A single criminal episode" is an act or series of related criminal acts that occur within a relatively limited time and place, or are directed at the same person or persons, or are part of a continuous course of conduct related in time, place, or purpose.

~~You may, but are not required to, infer that a person of sound mind intended the ordinary, natural, and probable consequences of his knowing and voluntary acts. Thus, you may infer from Defendant's conduct that he intended to kill a person if you find: (1) that Defendant was a person of sound mind; (2) that the victim's death was an ordinary, natural, and probable consequence of the Defendant's acts (even if the victim's death did not actually result, in the case of an attempt); and (3) that Defendant committed these acts knowingly and voluntarily. But once again, you are not required to make such an inference.~~

Your finding as to this statutory aggravating factor must be indicated in the appropriate space in Section II of the Special Verdict Form.

**<u>Vulnerability of Victim</u>**

The sixth and final statutory aggravating factor alleged by the Government with regard to the capital counts is that the defendant committed certain offenses on a victim who was particularly vulnerable due to youth. The Government alleges this factor in connection with counts 1, 4-6, 9, 10, 14, and 15 only.

The word "youth" should be given its ordinary, everyday meaning. "Youth" refers to the period when one is young and has not reached adulthood. A juvenile is a youth.

To find that the Government has satisfied its burden of proving beyond a reasonable doubt that the defendant committed the offenses on a victim who was particularly vulnerable due to youth, you must unanimously agree that the victim was vulnerable due to this condition and that there was a connection between the victim's vulnerability and the offenses committed upon the victim. A connection does not mean that Mr. Tsarnaev targeted the victim because of the vulnerability. It means that, once targeted, the victim was more susceptible to death due to the vulnerability.

Your finding as to this statutory aggravating factor must be indicated in the appropriate space in Section II of the Special Verdict Form.

Finally, let me reiterate that if with respect to any capital count you do not unanimously find that the Government has proven beyond a reasonable doubt at least one statutory aggravating factor, your deliberations as to that particular count are concluded.

**Non-Statutory Aggravating Factors**

If and only if you have unanimously found that the Government has proven, beyond a reasonable doubt, the existence as to a particular capital count of at least one gateway factor and at least one statutory aggravating factor alleged by the Government, you must then consider whether the Government has proven the existence of any non-statutory aggravating factors with regard to that same count. You must agree unanimously, and separately as to each count, that the Government has proven beyond a reasonable doubt the existence of any of the alleged non-statutory aggravating factors before you may consider that non-statutory aggravating factor in your deliberations.

The law permits you to consider and discuss only the six non-statutory aggravating factors specifically claimed by the Government in advance and listed below. You are not free to consider any other facts in aggravation that you conceive of on your own.

The non-statutory aggravating factors alleged by the Government with regard to certain capital counts are as follows:

1. In conjunction with committing acts of violence and terrorism, the defendant made statements suggesting that others would be justified in committing additional acts of violence and terrorism against the United States. The Government alleges this factor in connection with all of the capital counts.

2. The defendant caused injury, harm and loss to Krystle Marie Campbell and her family and friends, Lingzi Lu and her family and friends, and Officer Sean Collier and his family and friends. The Government alleges this factor in connection with all of the capital counts.

3. The defendant targeted the Boston Marathon, an iconic event that draws large crowds of men, women and children to its final stretch, making it especially susceptible to the act and effects of terrorism. The Government alleges this factor in connection with counts 1-10 and 12-15 only.

4. The defendant has demonstrated a lack of remorse. The Government alleges this factor in connection with all of the capital counts.

5. The defendant murdered Officer Sean Collier, a law enforcement officer who was engaged in the performance of his official duties at the time of his death.

The Government alleges this factor in connection with counts 1, 6, and 16-18 only.

6.  The defendant participated in additional uncharged crimes of violence, including assault with a dangerous weapon, assault with intent to maim, mayhem, and attempted murder, on April 15, 2013 in Boston, Massachusetts and on or about April 19, 2013 in Watertown, Massachusetts. The Government alleges this factor in connection with all of the capital counts.

These non-statutory aggravating factors are self-explanatory and, generally, do not require further instruction. However, I do need to caution you with respect to the allegation that the defendant  "has demonstrated a lack of remorse."  In determining whether the government has proven this factor beyond a reasonable doubt, you may not consider the fact that the defendant has not testified or made any statement here in court.  As I told you earlier, every defendant has an absolute right not to testify or speak both at his trial and at his sentencing hearing.  There may be many valid reasons — having nothing to do with whether he feels or lacks remorse — why a defendant would exercise his constitutional right not to testify at his sentencing hearing.  You must therefore not draw any conclusion against him from his failure to testify at any stage of this trial, and you may not consider or even discuss this fact in the jury room in deciding whether the government's "lack of remorse" allegation has been established beyond a reasonable doubt.

Again, your findings regarding these factors must be separate and unanimous with regard to the capital count you are considering. You also must unanimously agree,

beyond a reasonable doubt, that the non-statutory aggravating factor alleged by the Government is in fact aggravating. As I mentioned at the beginning of this sentencing hearing, an aggravating factor is a fact or circumstance that would tend to support imposition of the death penalty.

In the event that you unanimously find, beyond a reasonable doubt, that a particular non-statutory aggravating factor applies to all of the capital counts for which you have found at least one gateway factor and at least one statutory aggravating factor, you should mark the appropriate space in Section III of the Special Verdict Form. In the event that you unanimously find that a particular non-statutory aggravating factor applies to some but not all of these counts, you are to indicate that finding in the appropriate space in Section III of the Special Verdict Form, and also identify on the lines provided, by count number, the particular counts to which you find the non-statutory aggravating factor applies. If you do not unanimously find that a non-statutory aggravating factor has been proven beyond a reasonable doubt with regard to any capital count, you should mark the appropriate space in Section III of the Special Verdict Form.

Unlike the rules relating to gateway factors and statutory aggravating factors, you are not required to find a non-statutory aggravating factor with regard to a particular count before you may consider the death penalty as the possible sentence for that count. Rather, the law only requires that before the jury may consider an alleged non-statutory aggravating factor in its sentencing decision as to any capital count, the jury must first unanimously agree that the Government has proven beyond a reasonable doubt the existence of that non-statutory aggravating factor as to that count.

After you have completed your findings regarding the existence or non-existence of non-statutory aggravating factors, you should proceed to Section IV of the Special Verdict Form, to consider whether any mitigating factors exist. Remember, unless you are unanimous that the existence of a particular statutory or non-statutory aggravating factor has been proven by the Government beyond a reasonable doubt, you may not give that factor any further consideration during any of your deliberations.

**Mitigating Factors**

Before you may consider the appropriate punishment for the capital counts for which you have unanimously found the existence of at least one gateway factor and at least one statutory aggravating factor, you must consider whether the defense has proven the existence of any mitigating factors with regard to that count. A mitigating factor is not offered to justify or excuse Mr. Tsarnaev's conduct. Instead, a mitigating factor is a fact about Mr. Tsarnaev's life or character, or about the circumstances surrounding the particular capital offense, or anything else relevant that would suggest, in fairness, that life in prison without the possibility of release is a more appropriate punishment than a sentence of death.

Unlike aggravating factors, which you must unanimously find proven beyond a reasonable doubt in order for you even to consider them in your deliberations, the law does not require unanimity with regard to mitigating factors. Any one juror who is persuaded of the existence of a mitigating factor must consider it in his or her sentencing decision.

Furthermore, it is Mr. Tsarnaev's burden to establish a mitigating factor only by a preponderance of the evidence. This is a lesser standard of proof under the law than proof beyond a reasonable doubt. A factor is established by a preponderance of the evidence if its existence is shown to be more likely so than not so. In other words, a preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, produces in your mind the belief that what is sought to be established is, more likely than not, true. If, however, the evidence is equally balanced, you cannot find that the factor has been proved.

Mr. Tsarnaev urges a total of 12 mitigating factors. There are 3 factors urged by Mr. Tsarnaev as mitigating factors that involve matters of law not in dispute. You should consider these mitigating factors in the weighing process. These three factors are:

1.  Dzhokhar Tsarnaev was 19 years old at the time of the offenses.

2.  Dzhokhar Tsarnaev had no history of violent behavior prior to the crimes.

3.  If he is not sentenced to death, Dzhokhar Tsarnaev will be incarcerated in prison for the rest of his life, without the possibility of release.

As to the other mitigating factors, Mr. Tsarnaev also urges the following mitigating factors:

4.  Dzhokhar Tsarnaev would not have committed the crimes of which he has been convicted had it not been for the influence of his older brother Tamerlan.

5.  Dzhokhar Tsarnaev was not the leader or planner of the crimes for which he has been convicted.

6. Dzhokhar Tsarnaev was well regarded by his teachers and peers in elementary school, middle school, and high school.

7. Dzhokhar Tsarnaev was particularly susceptible to Tamerlan's influence because of Tamerlan's age, his size, his personality, and his privileged status in the family.

8. Dzhokhar Tsarnaev's parents failed to provide him with positive guidance and support during his adolescence.

9. Dzhokhar Tsarnaev's father suffered from mental illness and brain damage.

10. Dzhokhar Tsarnaev's mother suffered from mental illness.

11. Dzhokhar Tsarnaev's parents' return to Russia in 2012 left Tamerlan as the dominant adult in Dzhokhar's life.

12. If incarcerated in prison for the rest of his life without the possibility of release, Dzhokhar Tsarnaev is highly unlikely to commit any acts of serious violent misconduct in the future.

In Section IV of the Special Verdict Form, you are asked to report the total number of jurors who individually find a particular mitigating factor to be established by a preponderance of the evidence.

In addition to the 12 mitigating factors specifically raised by Mr. Tsarnaev, the law permits each of you to consider anything about the circumstances of the offense, or anything about Mr. Tsarnaev's background, record, or character, or anything else relevant that you individually believe mitigates against the imposition of the death penalty. The law does not limit your consideration of mitigating factors to those that can be articulated

in advance. As such, if there are any mitigating factors not argued by the attorneys for

Mr. Tsarnaev but which any juror, on his or her own or with others, finds to be

established by a preponderance of the evidence, that juror is free to consider it in his or

her sentencing determination. In Section IV of the Special Verdict Form, there are blank

spaces available for you to write down any such additional mitigating factors that one or

more of you independently finds to exist by a preponderance of the evidence.

At this time, I wish to make a clarifying point: the existence of a mitigating factor

is a distinct consideration from whatever weight, if any, should ultimately be given that

factor in your deliberations. For example, any number of jurors might first find that a

particular mitigating factor is factually true (*i.e.*, that the factor exists), but those jurors as

individuals might later choose to give that same mitigating factor differing levels of

significance during the weighing process. With this distinction in mind, Section IV of the

Special Verdict Form only asks you to report the total number of jurors who individually

find the existence of a particular mitigating factor to be established by a preponderance of

the evidence.

In addition, you should understand that the law does not require that there be a

connection between the mitigating evidence and the crime committed. It is not necessary,

for example, for the defense to prove that adverse circumstances in the defendant's

childhood or family background caused him to commit the offense.  Whether any given

mitigating factor had a direct connection to the crime does not affect its status as a

mitigating circumstance that you are required to consider.

After you have completed your findings regarding the existence or non-existence of mitigating factors, you should proceed to Section V of the Special Verdict Form, to weigh the aggravating factors and mitigating factors with regard to the counts for which you have unanimously found at least one gateway factor and at least one statutory aggravating factor.

**<u>Weighing Aggravating and Mitigating Factors</u>**

If and only if you unanimously find, beyond a reasonable doubt, that the Government has proven the existence of at least one gateway factor *and* at least one statutory aggravating factor with regard to any capital count; and after you *then* determine whether the Government has proven beyond a reasonable doubt the existence of any non-statutory aggravating factors with regard to that count, and whether Mr. Tsarnaev has proven by a preponderance of the evidence the existence of any mitigating factors, you must *then* engage in a weighing process with regard to that count. This weighing process asks whether you are unanimously persuaded, beyond a reasonable doubt, that the aggravating factors sufficiently outweigh any mitigating factors or, in the absence of any mitigating factors that the aggravating factors are themselves sufficient to call for a sentence of death on the particular capital count you are considering.

~~(You are to conduct this weighing process separately with regard to each of the capital counts for which you have found at least one gateway factor *and* at least one statutory aggravating factor.)~~ Each juror must individually decide whether the facts and circumstances in this case ~~(as to each count)~~ call for death as the appropriate sentence.

In determining the appropriate sentence for the capital count you are considering, all of you must independently weigh the aggravating factor or factors that you unanimously found to exist with regard to that count whether statutory or non-statutory and each of you must weigh any mitigating factors that you individually or with others found to exist. You are not to weigh any of the four gateway factors I mentioned previously as part of this process. In engaging in the weighing process, you must avoid any influence of passion, prejudice, or any other arbitrary consideration. Your deliberations should be based upon the evidence you have seen and heard, and the law on which I have instructed you.

I told you just a moment ago that you must not allow passion, prejudice, or any other arbitrary consideration to affect your decision about what sentence to impose. In that connection, I want to caution you are not to consider any possible costs to the government that may be involved in carrying out either the death penalty or life imprisonment without possibility of release.  This is so for two reasons.  First, whether one sentence may be more expensive than another is simply not a proper basis upon which to decide a matter as grave as this. And second, even if it were proper to impose either the death penalty or life imprisonment simply to save money, there is no evidence before you as to which sentence—if either—is actually more expensive to carry out. For both of these reasons, it would be improper for you to base any part of your decision on the notion that the government could save money by imposing one sentence rather than another, and this is a subject that should not even be discussed by you in the jury room.

Again, whether or not the circumstances in this case call for a sentence of death is a decision that the law leaves entirely to you. Remember that all 12 jurors must agree beyond a reasonable doubt that death is in fact the appropriate sentence, but that no juror is ever required by the law to impose a death sentence. The decision is yours as individuals to make.

The process of weighing aggravating and mitigating factors against each other or weighing aggravating factors alone if you find no mitigating factors in order to determine the proper punishment, is by no means a mechanical or mathematical process. In other words, you should not simply count the total number of aggravating and mitigating factors and reach a decision based on which number is greater; rather, you should consider the weight and value of each factor. In carefully weighing these various factors, you are called upon to make a unique, individual judgment about the sentence Mr. Tsarnaev should receive.

The law contemplates that different factors may be given different weights or values by different jurors. Thus, you may find that one mitigating factor outweighs all aggravating factors combined, or that the aggravating factors proved do not, standing alone, justify imposition of a sentence of death beyond a reasonable doubt. Similarly, you may instead find that a single aggravating factor sufficiently outweighs, beyond a reasonable doubt, all mitigating factors combined so as to justify a sentence of death. Any one of you is free to decide that a death sentence should not be imposed so long as, based on the evidence and your sense of justice, you conclude that the proven aggravating

factors do not "sufficiently" outweigh the mitigating factors such that the death penalty should be imposed.

Each juror is individually to decide what weight or value is to be given to a particular aggravating or mitigating factor in the decision-making process. Bear in mind, however, that in order to find that a sentence of death is appropriate, the jurors must be unanimous in their conclusion, beyond a reasonable doubt, that the aggravating factor or factors proven as to that count sufficiently outweigh any mitigating factors found or, in the absence of any mitigating factors, that the aggravating factors alone are sufficient to call for a sentence of death.

### Determination of Sentence

In the event that you unanimously find, beyond a reasonable doubt, that the balancing process leads you to the conclusion that a sentence of death is called for as to all the capital counts, please so indicate in Section V of the Special Verdict Form.

In the event that you unanimously find, beyond a reasonable doubt, that the balancing process leads you to the conclusion that a sentence of death is called for as to some but not all of the capital counts, so indicate in Section V of the Special Verdict Form and also identify on the lines provided, by count number, the particular counts as to which you unanimously impose the death sentence.

In the event you unanimously find that Mr. Tsarnaev should be sentenced to life in prison without the possibility of release for all of the capital counts, please so indicate in Section V of the Special Verdict Form.

If, after engaging in the balancing process I have described to you, all twelve members of the jury are unable to reach a unanimous verdict in favor of a death sentence or in favor of a life sentence, please so indicate in Section V of the Special Verdict Form. Before you reach any conclusion based on a lack of unanimity, you should continue your discussions until you are fully satisfied that no further discussion will lead to a unanimous decision.

If the jury is unable to reach a unanimous decision in favor of either a death sentence or of a life sentence, I will impose a sentence of life imprisonment without possibility of release upon the defendant.  That will conclude the case.  At this sentencing stage of the case, the inability of the jury to agree on the sentence to be imposed does not require that any part of the case be retried.  It also does not affect the guilty verdicts that you have previously rendered.

As I have told you, should you unanimously decide to impose the death penalty or to impose life imprisonment without any possibility of release, I am required by law to abide by your decision and to sentence Mr. Tsarnaev accordingly.

After you have completed your determination of sentence, you should proceed to Section VI of the Special Verdict Form, and each juror should sign using his or her juror number, indicating that the sentence determination reflects the jury's decision. After you have completed Section VI, you should proceed to Section VII of the Special Verdict Form.

**Justice Without Discrimination**

In your consideration of whether the death sentence is appropriate, you must not consider the race, color, religious beliefs, national origin, or sex of either Mr. Tsarnaev or the victims. You are not to return a sentence of death unless you would return a sentence of death for the crime in question without regard to the race, color, religious beliefs, national origin, or sex of either Mr. Tsarnaev or any victim.

To emphasize the importance of this consideration, Section VII of the Special Verdict Form contains a certification statement. Each juror should carefully read the statement, and sign using your juror number in the appropriate place if the statement accurately reflects the manner in which each of you reached your individual decision.

**Concluding Remarks**

I have now outlined for you the rules of law applicable to your consideration of the death penalty and the process by which you should determine the facts and weigh the evidence. In a few minutes you will retire to the jury room.

The importance of your deliberations should be obvious. I remind you that you can return a decision sentencing Mr. Tsarnaev to death only if all 12 of you are unanimously persuaded, beyond a reasonable doubt, that the death sentence is in fact appropriate.  No juror is ever required by the law to impose a death sentence.

When you are in the jury room, please discuss all aspects of these sentencing issues among yourselves with candor and frankness, but also with a due regard and respect for the opinions of one another. Each of you must decide this question for yourself and not merely go along with the conclusion of your fellow jurors. In the course

of your deliberations, no juror should surrender his or her conscientious beliefs of what is the truth, of what is the weight and effect of the evidence, and what should be the outcome as determined by that juror's individual conscience and evaluation of the case. Remember that the parties and the Court are relying upon you to give full, considered, and mature consideration to this sentencing. By so doing, you carry out to the fullest your oaths as jurors: that you will well and truly try the issues of this case and a just result render.

If it becomes necessary during your deliberations to communicate with me for any reason, simply send me a note signed by your foreperson. Do not attempt to communicate with the Court or any other court personnel by any means other than a signed writing. I will not communicate with any member of the jury on any subject touching on your sentencing decision other than in writing or orally here in open court.

When you have reached a decision, send me a note signed by your foreperson that you have reached a decision. Do not indicate what the decision is in the note. In no communication with the Court prior to a verdict should you ever give a numerical count of where the jury stands in its deliberations.

Whichever decision you reach, the foreperson must also sign and fill out the Special Verdict Form accordingly and be prepared to report to the Court your findings as to the gateway, aggravating and mitigating factors, and then of your sentencing decision.

Let me remind you again that nothing that I have said in these instructions and nothing that I have said or done during the trial has been said or done to suggest to you

33

what I think the outcome should be. What the sentencing decision should be is your

exclusive duty and responsibility.