UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Crim. No.13-10200-GAO |
| ) | |
| DZHOKHAR A. TSARNAEV, ) | (UNDER SEAL) |
| Defendant ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S
REQUESTED PENALTY PHASE INSTRUCTIONS AND VERDICT FORM**

The United States, by and through its undersigned attorneys, respectfully opposes in part Tsarnaev's proposed jury instructions.

1. **Defense Request No. 1 (Lack of Remorse)**

The government objects to portions of this instruction. A redlined copy identifying the government's objections is attached.

Specifically, the government objects to the sentence, "There may be many valid reasons — having nothing to do with whether he feels or lacks remorse — why a defendant would exercise his constitutional right not to testify at his sentencing hearing." This sentence is both unnecessary and potentially misleading. The defendant may have only one reason for no testifying or many; those reasons might be good or bad; and the reasons might in fact have to do with lack of remorse. The point is that the jury should not consider the fact that he has no testified nor speculate about the reasons.

The government also objects to the portion of the last sentence that states: "and you may not consider or even discuss this fact in the jury room in deciding whether the government's 'lack of remorse' allegation has been established beyond a reasonable doubt." There is no need to create an entirely new category of juror misconduct during deliberations. There is also no need

for yet another repetition of the government's burden of proof.

### 2. Defense Request No. 2 (No Nexus Required)

The government objects to the wording of this instruction. It is worded in a way that makes it confusing, potentially misleading, and argumentative. For example, it fails to make clear that information offered in mitigation is not necessarily mitigating. See generally United States v. Rodriguez, 581 F.3d 775, 799 (8th Cir. 2009). It also suggests that it should make no difference to the jury whether a mitigating factor has a nexus to the crime, when the law in fact permits the jury to consider the presence or absence of such a nexus in assigning appropriate weight to the factor. See United States v. Fell, 531 F.3d 197, 222-23 n.14 (2nd Cir. 2008) ("It is not improper for a prosecutor to argue that, because such a nexus is absent, the mitigating evidence should be given little or no weight").

A redlined copy of Defense Request No. 2 identifying the government's proposed revisions is attached.

### 3. Defense Request No. 3 (Lack of Unanimity)

The government objects to this instruction in its entirety. It effectively instructs the jurors that anyone of them can independently sentence him to life imprisonment simply by refusing to participate in a unanimous verdict.

In Jones v. United States, 527 U.S. 373, 382 (1999), the Supreme Court held that a defendant is not entitled to an instruction about the consequences of a jury deadlock. Id. at 379-84. The Court reasoned:

> The truth of the matter is that the proposed instruction has no bearing on the jury's role in the sentencing process. Rather, it speaks to what happens in the event that the jury is unable to fulfill its role — when deliberations break down and the jury is unable to produce a unanimous sentence recommendation.... [W]e have long been of the view that '[t]he very object of the jury system is to secure

2

> unanimity by a comparison of views, and by arguments among the jurors themselves.' Allen v. United States, 164 U.S. 492, 501 (1896). We further have recognized that in a capital sentencing proceeding, the Government has 'a strong interest in having the jury express the conscience of the community on the ultimate question of life or death.' Lowenfield v. Phelps, 484 U.S. 231, 238 (1988) (citation and internal quotation marks omitted). We are of the view that a charge to the jury of the sort proposed by petitioner might well have the effect of undermining this strong governmental interest. . . .

Id. at 382. The Court also noted that, in drafting the Federal Death Penalty Act, "Congress chose not to require such an instruction," and "[s]everal other States have declined to require a similar instruction." Id. at 383 (collecting cases).

As the Supreme Court observed in Jones, the strong public interest in juror unanimity is best served by not instructing the jury about the consequences of a jury deadlock.

### 4. Defense verdict form (lack of unanimity option)

The government objects to the defendant's proposed verdict form to the extent it provides the jurors with the option of reporting their failure to reach a unanimous decision as if were a verdict. Specifically, the government objects to the following option, which appears on Page 19 of the defendant's proposed verdict form:

> We, the jury, are unable to reach a unanimous verdict in favor of a death sentence or in favor of a life sentence, for any of the capital counts. We understand that the consequence of this is that Dzhokhar Tsarnaev will be sentenced to life imprisonment without the possibility of release.

As noted earlier, the Supreme Court held in Jones that jurors should be encouraged to return a unanimous verdict. The proposed option does the opposite by suggesting to individual jurors that forcing a deadlock is a way for them unilaterally to ensure that the defendant will receive a life sentence.

### 5. Defense Request No. 5

The government objects to this request as unnecessary. The defense cites no case in

3

which a court has approved such an instruction, and the government is aware of none. The Court has already instructed the jury on what is, and what is not, evidence; an entirely separate instruction that the demeanor of non-testifying witnesses is not evidence is not necessary. Novel jury instructions should not be used as an avenue for a party to focus the jury's attention on particular issues that it wishes the jury to focus on.

WHEREFORE, the government respectfully requests that the Court strike or modify the defendant's proposed jury instructions and verdict form as indicated herein.

Respectfully submitted,

CARMEN M. ORTIZ
UNITED STATES ATTORNEY

By:  /s/ Aloke Chakravarty
WILLIAM D. WEINREB
ALOKE S. CHAKRAVARTY
NADINE PELLEGRINI
Assistant U.S. Attorneys
STEVE MELLIN
Trial Attorney, U.S. Department of Justice

## CERTIFICATE OF SERVICE

I hereby certify that this document was served by electronic mail on Dzhokhar Tsarnaev's attorney, Judy Clarke, Esq., on May 11, 2015.

*/s/ William Weinreb*

4