DEFENDANT'S REQUESTED PENALTY PHASE INSTRUCTION NO. 1

INSTRUCTION REARDING NONSTATUTORY AGGRAVATING FACTOR THAT THE DEFENDANT "HAS DEMONSTRATED A LACK OF REMORSE"

The government has alleged that the defendant "has demonstrated a lack of remorse." I caution you that in determining whether the government has proven this factor beyond a reasonable doubt, you may not consider the fact that the defendant has not testified or made any statement here in court. As I told you earlier, every defendant has an absolute right not to testify both at his trial and at his sentencing hearing. ~~There may be many valid reasons — having nothing to do with whether he feels or lacks remorse — why a defendant would exercise his constitutional right not to testify at his sentencing hearing.~~ You must therefore not draw any conclusion against him from his failure to testify at any stage of this trial~~, and you may not consider or even discuss this fact in the jury room in deciding whether the government's "lack of remorse" allegation has been established beyond a reasonable doubt~~.

*Estelle v. Smith*, 451 U.S. 454, 462-63 (1981) ("We can discern no basis to distinguish between the guilt and penalty phases of respondent's capital murder trial so far as the protection of the Fifth Amendment privilege is concerned."); *Mitchell v. United States*, 526 U.S. 314, 316-17 (1999) (finding that court violated defendant's Fifth Amendment privilege by drawing adverse inference from her failure to testify at sentencing hearing); *United States v. Caro*, 597 F.3d 608, 627-631 (4th Cir. 2010) (recognizing that Fifth Amendment prohibits considering a federal capital defendant's silence in support of an aggravating factor of lack of remorse); 18 U.S.C. § 3481 (defendant's failure to testify "shall not create any presumption against him").