UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 13-10200-GAO

UNITED STATES OF AMERICA

v.

DZHOKHAR A. TSARNAEV,
a/k/a "Jahar Tsarni,"
Defendant.

**PENALTY PHASE
VERDICT**

## SECTION I. AGE OF DEFENDANT

### General directions for Section I:

- As used in this section, the term "capital counts" refers to:

Count One (1): Conspiracy to use a weapon of mass destruction resulting in death of Krystle Marie Campbell, Officer Sean Collier, Lingzi Lu, and Martin Richard

Count Two (2): Use of a weapon of mass destruction (Pressure Cooker Bomb #1) on or about April 15, 2013, in the vicinity of 671 Boylston Street in Boston, Massachusetts, and aiding and abetting, resulting in death of Krystle Marie Campbell

Count Three (3): Possession or use of a firearm (Pressure Cooker Bomb #1) during and in relation to a crime of violence, namely, use of a weapon of mass destruction as in Count Two of this section, and aiding and abetting, resulting in death of Krystle Marie Campbell

Count Four (4): Use of a weapon of mass destruction (Pressure Cooker Bomb #2) on or about April 15, 2013, in the vicinity of 755 Boylston Street in Boston, Massachusetts, and aiding and abetting, resulting in deaths of Lingzi Lu and Martin Richard

Count Five (5): Possession or use of a firearm (Pressure Cooker Bomb #2) during and in relation to a crime of violence, namely, use of a weapon of mass destruction as in Count Four of this section, and aiding and abetting, resulting in deaths of Lingzi Lu and Martin Richard

Count Six (6): Conspiracy to bomb a place of public use, resulting in deaths of Krystle Marie Campbell, Officer Sean Collier, Lingzi Lu, and Martin Richard

Count Seven (7): Bombing of a place of public use (Pressure Cooker Bomb #1) on or about April 15, 2013, in the vicinity of 671 Boylston Street, Boston, Massachusetts, and aiding and abetting, resulting in death of Krystle Marie Campbell

Count Eight (8): Possession or use of a firearm (Pressure Cooker Bomb #1) during and in relation to a crime of violence, namely, the bombing of a place of public use as in Count Seven of this section, and aiding and abetting, resulting in death of Krystle Marie Campbell

Count Nine (9): Bombing of a place of public use (Pressure Cooker Bomb #2) on or about April 15, 2013, in the vicinity of 755 Boylston Street, Boston, Massachusetts, and aiding and abetting, resulting in deaths of Lingzi Lu and Martin Richard

Count Ten (10): Possession or use of a firearm (Pressure Cooker Bomb #2) during and in relation to a crime of violence, namely, the bombing of a place of public use as in Count

Nine of this section, and aiding and abetting, resulting in deaths of Lingzi Lu and Martin Richard

Count Twelve (12): Malicious destruction of property by means of an explosive (Pressure Cooker Bomb #1) on or about April 15, 2013, in the vicinity of 671 Boylston Street in Boston, Massachusetts, and aiding and abetting, resulting in death of Krystle Marie Campbell

Count Thirteen (13): Possession or use of a firearm (Pressure Cooker Bomb #1) during and in relation to a crime of violence, namely, the malicious destruction of property as in Count Twelve of this section, and aiding and abetting, resulting in death of Krystle Marie Campbell

Count Fourteen (14): Malicious destruction of property by means of an explosive (Pressure Cooker Bomb #2) on or about April 15, 2013, in the vicinity of 755 Boylston Street in Boston, Massachusetts, and aiding and abetting, resulting in deaths of Lingzi Lu and Martin Richard

Count Fifteen (15): Possession or use of a firearm (Pressure Cooker Bomb #2) during and in relation to a crime of violence, namely, malicious destruction of property as in Count Fourteen of this section, and aiding and abetting, resulting in deaths of Lingzi Lu and Martin Richard

Count Sixteen (16): Possession or use of a firearm (Ruger P95 9mm semiautomatic handgun) on or about April 18, 2013, during and in relation to a crime of violence, namely, conspiracy to use a weapon of mass destruction as in Count One of this section, and aiding and abetting, resulting in death of Officer Sean Collier

Count Seventeen (17): Possession or use of a firearm (Ruger P95 9mm semiautomatic handgun) on or about April 18, 2013, during and in relation to a crime of violence, namely, conspiracy to bomb a place of public use as in Count Six of this section, and aiding and abetting, resulting in death of Officer Sean Collier

Count Eighteen (18): Possession or use of a firearm (Ruger P95 9mm semiautomatic handgun) on or about April 18, 2013, during and in relation to a crime of violence, namely, conspiracy to maliciously destroy property, and aiding and abetting, resulting in death of Officer Sean Collier

• In this section, please indicate whether you unanimously find the government has

established beyond a reasonable doubt that the defendant, Dzhokhar Tsarnaev, was

eighteen (18) years of age or older at the time of the offense charged under the particular

capital count. You must mark one of the responses.

3

1. **Dzhokhar Tsarnaev was eighteen (18) years of age or older at the time of the offense charged under the particular capital count.**

   ___✓___ We unanimously find that this has been proved beyond a reasonable doubt with regard to all of the capital counts.

   _____ We do not unanimously find that this has been proved beyond a reasonable doubt with regard to any of the capital counts.

   _____ We unanimously find that this has been proved beyond a reasonable doubt only with regard to the following capital counts. *Identify each count by count number.*

   _____

   _____

**Directions:**

- For each capital count, if you do not unanimously find the government has proven beyond a reasonable doubt the defendant was eighteen years of age or older at the time of the offense charged under the particular capital count, then your deliberations are over as to that count.

- If there is no capital count for which you unanimously find the government has proven beyond a reasonable doubt the defendant was eighteen years of age or older at the time of the offense, skip forward to Section VII and complete that section in accordance with the directions there. Then notify the Court that you have completed your deliberations.

- If you have found the government has proven beyond a reasonable doubt the defendant was eighteen years of age or older at the time of the offense charged with regard to one or more capital counts, continue on to Section II.

4

## SECTION II. GATEWAY FACTORS

### General directions for Section II:

- As used in this section, the term "capital count(s)" refers only to those counts for which you found the defendant was eighteen years of age or older at the time of the offense charged under the particular count in Section I. Do not consider gateway factors in this section with regard to any counts for which you have not found the defendant was eighteen years of age or older at the time of the offense charged under the count in Section I.

- In this section, please indicate which, if any, of the following gateway factors you unanimously find the government has proven beyond a reasonable doubt. For each of the four gateway factors listed below, you must mark one of the responses.

1. **Dzhokhar Tsarnaev intentionally killed the victim or victims of the particular capital count you are considering.**

    _____ We unanimously find that this factor has been proved beyond a reasonable doubt with regard to all of the applicable capital counts.

    _____ We do not unanimously find that this factor has been proved beyond a reasonable doubt with regard to any of the applicable capital counts.

    ✓ We unanimously find that this factor has been proved beyond a reasonable doubt only with regard to the following capital counts. *Identify each count by count number.*

    1, 4, 5, 6, 9, 10, 14, 15

2. **Dzhokhar Tsarnaev intentionally inflicted serious bodily injury that resulted in the death of the victim or victims of the particular capital count you are considering.**

    _____ We unanimously find that this factor has been proved beyond a reasonable doubt with regard to all of the applicable capital counts.

_____ We do not unanimously find that this factor has been proved beyond a reasonable doubt with regard to <u>any</u> of the applicable capital counts.

___✕___ We unanimously find that this factor has been proved beyond a reasonable doubt only with regard to the following capital counts. *Identify each count by count number.*

_____ 1, 4, 5, 6, 9, 10, 14, 15 _____

_____

3. **Dzhokhar Tsarnaev intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim or victims of the particular capital count you are considering died as a direct result of the act.**

___✕___ We unanimously find that this factor has been proved beyond a reasonable doubt with regard to <u>all</u> of the applicable capital counts.

_____ We do not unanimously find that this factor has been proved beyond a reasonable doubt with regard to <u>any</u> of the applicable capital counts.

_____ We unanimously find that this factor has been proved beyond a reasonable doubt only with regard to the following capital counts. *Identify each count by count number.*

_____

_____

4. **Dzhokhar Tsarnaev intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victim or victims of the particular capital count you are considering died as a direct result of the act.**

___✕___ We unanimously find that this factor has been proved beyond a reasonable doubt with regard to <u>all</u> of the applicable capital counts.

_____ We do not unanimously find that this factor has been proved beyond a reasonable doubt with regard to <u>any</u> of the applicable capital counts.

_____ We unanimously find that this factor has been proved beyond a reasonable doubt only with regard to the following capital counts. *Identify each count by count number.*

6

_____

_____

**Directions:**

- For each capital count you are considering in this section, if you do not unanimously find the government has proven beyond a reasonable doubt at least one of the above gateway factors with respect to that count, then your deliberations are over as to that count.

- If there is no capital count for which you unanimously find a gateway factor has been proved beyond a reasonable doubt, skip forward to Section VII and complete that section in accordance with the directions there. Then notify the Court that you have completed your deliberations.

- If you have found at least one gateway factor with regard to one or more capital counts, continue on to Section III.

7

## SECTION III. STATUTORY AGGRAVATING FACTORS

### General directions for Section III:

- As used in this section, the term "capital count(s)" refers only to those counts for which you found the defendant was eighteen years of age or older at the time of the offense charged under the count in Section I and at least one gateway factor in Section II. Do not consider statutory aggravating factors in this section with regard to any counts for which you have not found the defendant was eighteen years of age or older at the time of the offense charged under the count in Section I and at least one gateway factor in Section II.

- In this section, please indicate which, if any, of the following six (6) statutory aggravating factors you unanimously find the government has proven beyond a reasonable doubt. For each of the six statutory aggravating factors listed below, you must mark one of the responses.

1. **The death, and injury resulting in death, occurred during the commission and attempted commission of, and during the immediate flight from the commission of, an offense under:**
   a. **18 U.S.C. § 2332a (use of a weapon of mass destruction) [Applies to all capital counts]; and/or**
   b. **18 U.S.C. § 844(i) (destruction of property affecting interstate commerce by explosives) [Only applies to capital counts 1-10 and 12-15.]**

   _____✓_____ We unanimously find that this factor has been proved beyond a reasonable doubt with regard to all of the applicable capital counts.

   _____ We do not unanimously find that this factor has been proved beyond a reasonable doubt with regard to any of the applicable capital counts.

   _____ We unanimously find that this factor has been proved beyond a reasonable doubt only with regard to the following capital counts. _Identify each count by count number._

   _____

   _____

8

2. **Dzhokhar Tsarnaev knowingly created a grave risk of death to one or more persons in addition to the victim of the offense in the commission of the offense and in escaping apprehension for the violation of the offense. [Applies to all capital counts.]**

_____ We unanimously find that this factor has been proved beyond a reasonable doubt with regard to all of the applicable capital counts.

_____ We do not unanimously find that this factor has been proved beyond a reasonable doubt with regard to any of the applicable capital counts.

___X___ We unanimously find that this factor has been proved beyond a reasonable doubt only with regard to the following capital counts. *Identify each count by count number.*

_____1, 4, 5, 6, 9, 10, 14, 15_____
_____16, 17, 18_____

3. **Dzhokhar Tsarnaev committed the offense in an especially heinous, cruel and depraved manner in that it involved serious physical abuse to the victim. [Only applies to capital counts 1-10 and 12-15.]**

_____ We unanimously find that this factor has been proved beyond a reasonable doubt with regard to all of the applicable capital counts.

_____ We do not unanimously find that this factor has been proved beyond a reasonable doubt with regard to any of the applicable capital counts.

___X___ We unanimously find that this factor has been proved beyond a reasonable doubt only with regard to the following capital counts. *Identify each count by count number.*

_____1, 4, 5, 6, 9, 10, 14, 15_____

4. **Dzhokhar Tsarnaev committed the offense after substantial planning and premeditation to cause the death of a person and commit an act of terrorism. [Only applies to capital counts 1-10 and 12-15.]**

___✓___ We unanimously find that this factor has been proved beyond a reasonable doubt with regard to all of the applicable capital counts.

_____ We do not unanimously find that this factor has been proved beyond a reasonable doubt with regard to any of the applicable capital counts.

9

_____ We unanimously find that this factor has been proved beyond a reasonable doubt only with regard to the following capital counts. *Identify each count by count number.*

_____

_____

5. **Dzhokhar Tsarnaev intentionally killed and attempted to kill more than one person in a single criminal episode. [Only applies to capital counts 1-10 and 12-15.]**

_____✓____ We unanimously find that this factor has been proved beyond a reasonable doubt with regard to all of the applicable capital counts.

_____ We do not unanimously find that this factor has been proved beyond a reasonable doubt with regard to any of the applicable capital counts.

_____ We unanimously find that this factor has been proved beyond a reasonable doubt only with regard to the following capital counts. *Identify each count by count number.*

_____

_____

6. **Dzhokhar Tsarnaev is responsible for the death of a victim, Martin Richard, who was particularly vulnerable due to youth. [Only applies to capital counts 1, 4, 5, 6, 9, 10, 14, and 15.]**

_____✓____ We unanimously find that this factor has been proved beyond a reasonable doubt with regard to all of the applicable capital counts.

_____ We do not unanimously find that this factor has been proved beyond a reasonable doubt with regard to any of the applicable capital counts.

_____ We unanimously find that this factor has been proved beyond a reasonable doubt only with regard to the following capital counts. *Identify each count by count number.*

_____

_____

**Directions:**

- For each capital count you are considering in this section, if you do not unanimously find the government has proven beyond a reasonable doubt at least one of the above statutory aggravating factors with respect to that count, then your deliberations are over as to that capital count.

- If there is no capital count for which you unanimously find at least one statutory aggravating factor has been proved beyond a reasonable doubt, skip forward to Section VII and complete that section in accordance with the directions there. Then notify the Court that you have completed your deliberations.

- If you have found one or more statutory aggravating factors with regard to one or more capital counts, continue on to Section IV.

## SECTION IV. NON-STATUTORY AGGRAVATING FACTORS

### General directions for Section IV:

- As used in this section, the term "capital count(s)" refers only to those counts for which you have found that the defendant was eighteen years of age or older at the time of the offense charged under the count in Section I, and at least one gateway factor in Section II, and at least one statutory aggravating factor in Section III. Do not consider non-statutory aggravating factors in this section with regard to the counts for which you have not found that the defendant was eighteen years of age or older at the time of the offense charged under the count in Section I, and at least one gateway factor in Section II, and at least one statutory aggravating factor in Section III.

- In this section, please indicate which, if any, of the following six (6) non-statutory aggravating factors you unanimously find the government has proven beyond a reasonable doubt. For each of the proposed factors, you must mark one of the responses provided.

1. **In conjunction with committing acts of violence and terrorism, Dzhokhar Tsarnaev made statements suggesting that others would be justified in committing additional acts of violence and terrorism against the United States. [Applies to all capital counts.]**

    _____ We unanimously find that this factor has been proved beyond a reasonable doubt with regard to all of the applicable capital counts.

    ____✓____ We do not unanimously find that this factor has been proved beyond a reasonable doubt with regard to any of the applicable capital counts.

    _____ We unanimously find that this factor has been proved beyond a reasonable doubt only with regard to the following capital counts. *Identify each count by count number.*

    _____

    _____

12

2. **Dzhokhar Tsarnaev caused injury, harm and loss to:**
   a. **Krystle Marie Campbell and her family and friends [Only applies to capital counts 1, 2, 3, 6, 7, 8, 12, and 13];**
   b. **Martin Richard and his family and friends [Only applies to capital counts 1, 4, 5, 6, 9, 10, 14, and 15];**
   c. **Lingzi Lu and her family and friends [Only applies to capital counts 1, 4, 5, 6, 9, 10, 14, and 15]; and/or**
   d. **Officer Sean Collier and his family and friends [Only applies to capital counts 1, 6, 16, 17, and 18].**

   _____✓_____ We unanimously find that this factor has been proved beyond a reasonable doubt with regard to all of the applicable capital counts.

   _____ We do not unanimously find that this factor has been proved beyond a reasonable doubt with regard to any of the applicable capital counts.

   _____ We unanimously find that this factor has been proved beyond a reasonable doubt only with regard to the following capital counts. *Identify each count by count number.*

   _____

   _____

3. **Dzhokhar Tsarnaev targeted the Boston Marathon, an iconic event that draws large crowds of men, women and children to its final stretch, making it especially susceptible to the act and effects of terrorism. [Only applies to capital counts 1-10 and 12-15.]**

   _____✓_____ We unanimously find that this factor has been proved beyond a reasonable doubt with regard to all of the applicable capital counts.

   _____ We do not unanimously find that this factor has been proved beyond a reasonable doubt with regard to any of the applicable capital counts.

   _____ We unanimously find that this factor has been proved beyond a reasonable doubt only with regard to the following capital counts. *Identify each count by count number.*

   _____

   _____

4. **Dzhokhar Tsarnaev demonstrated a lack of remorse. [Applies to all capital counts.]**

_____✓_____ We unanimously find that this factor has been proved beyond a reasonable
doubt with regard to all of the applicable capital counts.

_____ We do not unanimously find that this factor has been proved beyond a
reasonable doubt with regard to any of the applicable capital counts.

_____ We unanimously find that this factor has been proved beyond a reasonable
doubt only with regard to the following capital counts. *Identify each count
by count number.*

_____

_____

5. **Dzhokhar Tsarnaev murdered Officer Sean Collier, a law enforcement officer who was
engaged in the performance of his official duties at the time of his death. [Only applies
to capital counts 1, 6, 16, 17, and 18.]**

_____✓_____ We unanimously find that this factor has been proved beyond a reasonable
doubt with regard to all of the applicable capital counts.

_____ We do not unanimously find that this factor has been proved beyond a
reasonable doubt with regard to any of the applicable capital counts.

_____ We unanimously find that this factor has been proved beyond a reasonable
doubt only with regard to the following capital counts. *Identify each count
by count number.*

_____

_____

6. **Dzhokhar Tsarnaev participated in additional uncharged crimes of violence,
including assault with a dangerous weapon, assault with intent to maim, mayhem,
and attempted murder:**
   a. **On April 15, 2013, in Boston, Massachusetts [Only applies to capital counts
      1-10 and 12-15]; and/or**
   b. **On or about April 19, 2013, in Watertown, Massachusetts [Applies to all
      capital counts].**

_____✓_____ We unanimously find that this factor has been proved beyond a reasonable
doubt with regard to all of the applicable capital counts.

_____ We do not unanimously find that this factor has been proved beyond a
reasonable doubt with regard to any of the applicable capital counts.

_____ We unanimously find that this factor has been proved beyond a reasonable doubt only with regard to the following capital counts. *Identify each count by count number.*

_____

_____

**Directions:**

- After you have completed your findings in this section (whether or not you have found any of the above non-statutory aggravating factors to have been proved), continue on to Section V.

15

## SECTION V. MITIGATING FACTORS

### General directions for Section V:

- As used in this section, the term "capital count(s)" refers only to those counts for which you have found that the defendant was eighteen years of age or older at the time of the offense charged under the count in Section I, and at least one gateway factor in Section II, and at least one statutory aggravating factor in Section III.

- As to the alleged mitigating factors listed below, please indicate which, if any, you find Dzhokhar Tsarnaev has proven by a preponderance of the evidence.

- Recall that your vote as a jury need not be unanimous with regard to each question in this section. A finding with respect to a mitigating factor may be made by one or more of the members of the jury, and any member of the jury who finds the existence of a mitigating factor may consider such a factor established in making his or her individual determination of whether or not a sentence of death shall be imposed, regardless of the number of other jurors who agree that the factor has been established.

- In the space provided, please indicate the number of jurors who have found the existence of that mitigating factor to be proven by a preponderance of the evidence with regard to each of the capital counts.

1. **Dzhokhar Tsarnaev was 19 years old at the time of the offenses.**

    Number of jurors who so find: $\underline{12}$

2. **Dzhokhar Tsarnaev had no prior history of violent behavior.**

    Number of jurors who so find: $\underline{11}$

3. **Dzhokhar Tsarnaev acted under the influence of his older brother.**

    Number of jurors who so find: $\underline{3}$

16

4. **Whether because of Tamerlan's age, size, aggressiveness, domineering personality, privileged status in the family, traditional authority as the eldest brother, or other reasons, Dzhokhar Tsarnaev was particularly susceptible to his older brother's influence.**

   Number of jurors who so find: _3_

5. **Dzhokhar Tsarnaev's brother Tamerlan planned, led, and directed the Marathon bombing.**

   Number of jurors who so find: _3_

6. **Dzhokhar Tsarnaev's brother Tamerlan was the person who shot and killed Officer Sean Collier.**

   Number of jurors who so find: _2_

7. **Dzhokhar Tsarnaev would not have committed the crimes but for his older brother Tamerlan.**

   Number of jurors who so find: _2_

8. **Dzhokhar Tsarnaev's teachers in elementary school, middle school, and high school knew him to be hardworking, respectful, kind, and considerate.**

   Number of jurors who so find: _12_

9. **Dzhokhar Tsarnaev's friends in high school and college knew him to be thoughtful, caring, and respectful of the rights and feelings of others.**

   Number of jurors who so find: _11_

10. **Dzhokhar Tsarnaev's teachers and friends still care for him.**

    Number of jurors who so find: _3_

11. **Dzhokhar Tsarnaev's aunts and cousins love and care for him.**

    Number of jurors who so find: _12_

12. **Mental illness and brain damage disabled Dzhokhar Tsarnaev's father.**

    Number of jurors who so find: _12_

13. **Dzhokhar Tsarnaev was deprived of needed stability and guidance during his adolescence by his father's mental illness and brain damage.**

> Number of jurors who so find: _2_

14. **Dzhokhar Tsarnaev's father's illness and disability made Tamerlan the dominant male figure in Dzhokhar's life.**

> Number of jurors who so find: _2_

15. **Dzhokhar Tsarnaev was deprived of the stability and guidance he needed during his adolescence due to his mother's emotional volatility and religious extremism.**

> Number of jurors who so find: _1_

16. **Dzhokhar Tsarnaev's mother facilitated his brother Tamerlan's radicalization.**

> Number of jurors who so find: _10_

17. **Tamerlan Tsarnaev became radicalized first, and then encouraged his younger brother to follow him.**

> Number of jurors who so find: _3_

18. **Dzhokhar Tsarnaev's parents' return to Russia in 2012 made Tamerlan the dominant adult in Dzhokhar's life.**

> Number of jurors who so find: _2_

19. **Dzhokhar Tsarnaev is highly unlikely to commit, incite, or facilitate any acts of violence in the future while serving a life-without-release sentence in federal custody.**

> Number of jurors who so find: _1_

20. **The government has the power to severely restrict Dzhokhar Tsarnaev's communications with the outside world.**

> Number of jurors who so find: _3_

21. **Dzhokhar Tsarnaev has expressed sorrow and remorse for what he did and for the suffering he caused.**

> Number of jurors who so find: _2_

**General directions for Section V, continued:**

- The law does not limit your consideration of mitigating factors to those that can be articulated in advance. Therefore, you may consider during your deliberations any other factor or factors in Dzhokhar Tsarnaev's background, record, character, or any other circumstances of the offense that mitigate against imposition of a death sentence.

- The following extra spaces are provided to write in additional mitigating factors, if any, found by any one or more jurors.

- If more space is needed, write "CONTINUED" and use the reverse side of this page.

22. _____

_____

Number of jurors who so find: _____

23. _____

_____

Number of jurors who so find: _____

24. _____

_____

Number of jurors who so find: _____

25. _____

_____

Number of jurors who so find: _____

26. _____

_____

Number of jurors who so find: _____

19

27. _____

_____

Number of jurors who so find: _____

28. _____

_____

Number of jurors who so find: _____

29. _____

_____

Number of jurors who so find: _____

30. _____

_____

Number of jurors who so find: _____

31. _____

_____

Number of jurors who so find: _____

**Directions:**

- After you have completed your findings in this section (whether or not you have found
  any mitigating factors in this section), continue on to Section VI.

## SECTION VI. DETERMINATION OF SENTENCE

**General directions for Section VI:**

- As used in this section, the term "capital counts" refers only to those counts for which you found the defendant was eighteen years of age or older at the time of the offense charged in the count in Section I, and at least one gateway factor in Section II, and at least one statutory aggravating factor in Section III. You may not impose a sentence of death on a particular capital count unless you have first found with regard to that count, unanimously and beyond a reasonable doubt, the defendant was eighteen years of age or older at the time of the offense charged in the count in Section I, and at least one gateway factor in Section II, and at least one statutory aggravating factor in Section III.

- In this section, enter your determination of Dzhokhar Tsarnaev's sentence with regard to each of the capital counts.

**Based upon consideration of whether the aggravating factor or factors found to exist for each count sufficiently outweigh the mitigating factor or factors found to exist for that count to justify a sentence of death, or, in the absence of a mitigating factor, whether the aggravating factor or factors alone are sufficient to justify a sentence of death:**

      _____ **We, the jury, unanimously find, for <u>all</u> the capital counts, that the aggravating factor or factors found to exist sufficiently outweigh the mitigating factor or factors found to exist or, in the absence of any mitigating factors, that the aggravating factor or factors are alone sufficient—so that death is the appropriate sentence for Dzhokhar Tsarnaev. We vote unanimously that Dzhokhar Tsarnaev shall be sentenced to death separately as to each count.**

      _____ **We, the jury, unanimously find that a sentence of life in prison without the possibility of release is the appropriate sentence for Dzhokhar Tsarnaev for <u>all</u> of the capital counts. We vote unanimously that Dzhokhar Tsarnaev shall be sentenced to life imprisonment without the possibility of release separately as to each count.**

 **We, the jury, unanimously find, for <u>some</u> of the capital counts, that the aggravating factor or factors found to exist sufficiently outweigh the mitigating factor or factors found to exist or, in the absence of any**

mitigating factors, that the aggravating factor or factors are themselves sufficient—so that death is the appropriate sentence for Dzhokhar Tsarnaev with regard to each of the following capital counts only (identify each count by count number):

_____4, 5, 9, 10, 14, 15_____

_____

_____

With regard to the above listed capital counts, we vote unanimously that Dzhokhar Tsarnaev shall be sentenced to death as to each count.

_____ Based upon our consideration of the evidence and in accordance with the Court's instructions, after making all reasonable efforts, we, the jury, are unable to reach a unanimous verdict in favor of a life sentence or in favor of a death sentence, for any of the capital counts.

**Directions:**

- After you have completed your sentence determination in this section (regardless of what the determination was), continue on to Section VII.

22

## SECTION VII. CERTIFICATION REGARDING DETERMINATION OF SENTENCE

Each juror must sign his or her name and juror number below, indicating that the above sentence determinations accurately reflect the jury's decisions:

Date: 5|15|15

### Directions:

- After you have completed this section, continue on to Section VIII.

23

## SECTION VIII. CERTIFICATION

By signing your name below, each of you individually certifies that consideration of the race, color, religious beliefs, national origin, or the sex of Dzhokhar Tsarnaev or the victims was not involved in reaching your individual decision. Each of you further certifies that you, as an individual, would have made the same recommendation regarding a sentence for the crime or crimes in question regardless of the race, color, religious beliefs, national origin, or the sex of Dzhokhar Tsarnaev, or the victims.

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

Date: 5 15 15