UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 13-10200-GAO

UNITED STATES OF AMERICA

v.

DZHOKHAR A. TSARNAEV,
Defendant.

SCHEDULING ORDER
May 28, 2015

O'TOOLE, D.J.

The following schedule is established with respect to various future events:

## I. Presentence Report

With respect to the capital counts, no presentence report will be prepared. 18 U.S.C. § 3593(c). With respect to the non-capital counts, I find that the information in the pretrial and trial record enables me to meaningfully exercise sentencing judgment under 18 U.S.C. § 3553 as to those counts without the preparation of a full presentence report as contemplated by Federal Rule of Criminal Procedure 32. Nonetheless, because judicial sentencing decisions begin with consideration of the advisory sentencing range(s) under the United States Sentencing Guidelines, I direct the Probation Office to prepare a limited report on the application of the Guidelines to the non-capital counts, in accordance with the following schedule:

*June 5, 2015:* The Probation Office shall serve on the parties a report which identifies the guidelines and policy statements of the Sentencing Commission applicable to each non-

capital count of conviction and calculates the defendant's Guideline Sentencing Range for each of the non-capital crimes.

*June 12, 2015:* The parties shall submit any objections or other written responses to the report to the Probation Office.

*June 17, 2015:* The Probation Office shall serve on the parties and submit to the Court any rejoinder to the parties' responses. In addition, the parties shall serve on each other and submit to the Court any sentencing materials, including but not limited to any sentencing memoranda and victim-related material.[1]

**II.    Sentencing Hearing**

*June 24, 2015:* A sentencing hearing shall be held in Courtroom 9 at 9:30 a.m.[2]

**III.    Unsealing Docket Entries**

*June 5, 2015:* Each party separately shall submit to the Clerk's Office a list by number of all sealed docket entries for which that party requests paper copies. Thereafter, a separate scheduling order shall issue regarding the deadline by which parties shall submit to the Court a list of docket entries which either party believes can now be unsealed.

**IV.    Post-Trial Motions**

*August 17, 2015:* The defendant shall file and serve on the government any post-trial motion(s) and all supporting material, including specific and detailed citations to the record and appropriate legal authority.

---

[1] With respect to restitution, the government shall submit a proposed date for the final determination of any losses by victims in this matter. See 18 U.S.C. § 3664(d)(5) ("If the victim's losses are not ascertainable by the date that is 10 days prior to sentencing, the attorney for the Government or the probation officer shall so inform the court, and the court shall set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing.").

[2] I intend for gallery seating to be consistent with the trial arrangements. If either party objects, it shall do so by June 17, 2015.

*September 30, 2015:* The government shall file and serve on the defendant its responses to any post-trial motions and all supporting material, including specific and detailed citations to the record and appropriate legal authority.

**V.    Defense Budgets**

*June 1, 2015:* The defendant shall file ex parte his request for authorization nunc pro tunc for expenses for investigative, expert, and other services already incurred in preparing his defense during May 2015. The defendant shall also file ex parte his request, if any, for advance authorization for investigative, expert, and other services for the time period from June 1, 2015 through August 17, 2015.[3] The two budgetary requests shall be submitted separately.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge

---

[3] In light of the current posture of the case, I expect little need for such services. Additionally, where possible, paralegal and similar duties should be performed by salaried personnel within the Federal Defender's Office.