UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA          )
                                  )
        v.                        )          Crim. No.13-10200-GAO
                                  )
DZHOKHAR A. TSARNAEV,             )
              Defendant           )

## GOVERNMENT'S PROPOSED PENALTY PHASE JURY INSTRUCTIONS

The United States of America, by and through its undersigned counsel, respectfully submits proposed jury instructions for use at the conclusion of the penalty phase of the trial:

JURY INSTRUCTION NO. 1[1]

**DUTY OF THE JURY TO FIND FACTS AND FOLLOW LAW**

Members of the jury, it is again my duty to instruct you as to the law applicable to this sentencing hearing. It is your duty to find the facts from all the evidence admitted in this case. To those facts you must apply the law as I give it to you. The determination of the law is my duty as the presiding judge in this court. It is your duty to apply the law exactly as I give it to you, whether you agree with it or not. You must not be influenced by any personal likes or dislikes, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions, or into anything I may have said or done, any suggestions by me as to what verdict you should return—that is a matter entirely for you to decide.

---

[1] Authority: Pattern Criminal Jury Instructions for the District Courts of the First Circuit § 3.01 (2003) (modified).

Some of the legal principles that you must apply to this sentencing decision duplicate those that you followed in reaching your verdict as to the guilt of this defendant. Others are different. The instructions I am giving you now are a complete set of instructions on the law applicable to the sentencing decision. I have prepared them to ensure that you are clear in your duties at this extremely serious stage of the case. I have also prepared a special verdict form that you must complete. The form details special findings you must make in this case and will help you properly perform your duties, and I will instruct you about it in detail, later.

**JURY INSTRUCTION NO. 2**

**DUTY TO DELIBERATE**

Any verdict must represent the considered judgment of each juror. In order to return a sentencing verdict, it is necessary that each juror agree to it.  In other words, your sentencing verdict must be unanimous as to each count.

As jurors, you have a duty to consult with one another and to deliberate in an effort to reach agreement if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all time, you are not partisans. You are judges – judges of the facts.  Your sole interest is to determine the appropriate sentences from the evidence in this case.

**JURY INSTRUCTION NO. 3**

**BURDENS OF PROOF**

As I have previously instructed you, the presumption of innocence is a cardinal principle of our system of justice. While you have found the defendant guilty of the crimes charged against him, he has the benefit of the presumption of innocence with regard to the government's sentencing allegations. Therefore, you may not find true the government's sentencing allegations against Dzhokhar Tsarnaev, unless you are unanimously persuaded of their truth beyond a reasonable doubt. I will remind of that burden in each, applicable instruction.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence received in this trial. Proof beyond a reasonable doubt, therefore, must be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it. It is not sufficient for the Government to establish a probability, though a strong one, that a fact charged is more likely to be true than not true. That is not enough to meet the burden of proof beyond a reasonable doubt. Reasonable doubt exists when, after weighing and considering all the evidence, using reason and common sense, jurors cannot say that they have a settled conviction of the truth of the charge. However, proof

beyond a reasonable doubt does not mean proof beyond all possible doubt.

Of course, you may not rely upon suspicion or conjecture to find that the government has established its allegations. If, for example, you view the evidence in the case as reasonably permitting either of two conclusions – one that a government allegation is true, and the other that the allegation is not true – you must find the allegation is not true. Similarly, if an allegation is based largely on circumstantial evidence, and that evidence permits several alternative views, any one of which is reasonably inconsistent with finding a government allegation true as to the defendant, you must find the allegation is not true as to the defendant.

To meet its heavy burden of proof, the government must establish the truth of each element of each allegation by proof that convinces you and leaves you with no reasonable doubt, and thus satisfies you that you can, consistent with your oaths as jurors, base your verdict upon it. If you unanimously find a particular allegation against the defendant supported by proof beyond a reasonable doubt, you will return a finding that you have found that allegation true. If, on the other hand, you think there is a reasonable doubt whether the government has proven an allegation against this defendant, you must give the

defendant the benefit of the doubt and find the government has not established the truth of the allegation.

The government's burden never shifts to the defendant. It is always the government's burden to prove each of its allegations beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence. The defendant has the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of any allegation made against him. This burden is wholly upon the government; the law does not require the defendant to produce any evidence at all. As such, the defendant is not required to assert or establish any mitigating factor.

However, because the defendant has asserted mitigating factors, it is his burden to establish them by a preponderance of the evidence to your individual satisfaction. To prove something by the preponderance of the evidence is a lesser standard of proof than proof beyond a reasonable doubt. To prove something by the preponderance of the evidence is to prove that it is more likely true than not true. Thus, the truth of a particular mitigating factor allegation is determined by considering all of the evidence and deciding which of the evidence is more believable. If, on any issue of mitigation in

the case, the evidence is equally balanced, you cannot find that issue has been proved.

The existence of an aggravating factor or a mitigating factor is not necessarily determined by the greater number of witnesses or exhibits presented by the government or the defendant, rather, the quality and persuasiveness of the relevant evidence controls.

INSTRUCTION NO. 4[*]

**WHAT IS EVIDENCE; INFERENCES**

The evidence from which you are to decide what the facts are consists of sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; the exhibits that have been received into evidence; and any facts to which the lawyers have agreed or stipulated. A stipulation means simply that the government and Dzhokhar Tsarnaev accept the truth of a particular proposition or fact. Since there is no disagreement, there is no need for evidence apart from the stipulation. You must accept the stipulation as fact to be given whatever weight you choose.

Although you may consider only the evidence presented in the case, you are not limited in considering that evidence to the bald statements made by the witnesses or contained in the documents. In other words, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw from facts that you find to have been proven such reasonable inferences as you believe are justified in the light of common sense and personal experience.

---

[*] Authority: Pattern Criminal Jury Instructions for the District Courts of the First Circuit § 3.04 (2003).

**INSTRUCTION NO. 5**[*]

**KINDS OF EVIDENCE: DIRECT AND CIRCUMSTANTIAL**

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness that the witness saw something.  Circumstantial evidence is indirect evidence that is proof of a fact or facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly. You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

---

[*] Authority: Pattern Criminal Jury Instructions for the District Courts of the First Circuit § 3.05 (2003).

## INSTRUCTION NO. 6[*]

**CREDIBILITY OF WITNESSES**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe everything a witness says or only part of it or none of it.

In deciding what to believe, you may consider a number of factors, including the following: (1) the witness's ability to see or hear or know the things the witness testifies to; (2) the quality of the witness's memory; (3) the witness's manner while testifying; (4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice; (5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence; and (6) how reasonable the witness's testimony is when considered in the light of other evidence which you believe.

---

[*] Authority: Pattern Criminal Jury Instructions for the District Courts of the First Circuit § 3.06 (2003).

### INSTRUCTION NO. 7[*]

**CAUTIONARY AND LIMITING INSTRUCTIONS AS TO PARTICULAR KINDS OF EVIDENCE**

A particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I have told you when that occurred, and instructed you on the purposes for which the item can and cannot be used.

---

[*] Authority: Pattern Criminal Jury Instructions for the District Courts of the First Circuit § 3.06 (2003).

## INSTRUCTION NO. 8[*]

**WHAT IS NOT EVIDENCE**

Certain things are not evidence. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them from the evidence differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by my ruling on it.

(3) Anything that I have excluded from evidence or ordered stricken and instructed you to disregard is not evidence. You must not consider such items.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at trial.

---

[*] Authority: Pattern Criminal Jury Instructions for the District Courts of the First Circuit § 3.08 (2003) (modified).

(5) The Indictment and Notice of Intent to Seek the Death Penalty are not evidence.  The Indictment was returned by a grand jury, which heard only the government's side of the case, and the Notice of Intent to Seek the Death Penalty was drawn up by the government on the basis of the Indictment, but without having to present its non-statutory aggravating factors to a grand jury.  I caution you: the fact that this defendant has had an Indictment and Notice of Intent to Seek the Death Penalty filed against him provides no evidence that the government can establish its penalty phase allegations to your unanimous satisfaction and beyond a reasonable doubt.  The Indictment and Notice of Intent to Seek the Death Penalty are simply accusations. They are the means by which the allegations and charges of the government are brought before this Court, but they prove nothing.

**INSTRUCTION NO. 9**[*]

**DEFENDANT'S RIGHT NOT TO TESTIFY**

Dzhokhar Tsarnaev has a constitutional right not to testify and no inference of guilt, or of anything else, may be drawn from the fact that the defendant did not testify. For any of you to draw such an inference would be wrong; indeed, it would be a violation of your oath as a juror.

---

[*] Authority: Pattern Criminal Jury Instructions for the District Courts of the First Circuit § 3.03 (2003).

INSTRUCTION NO. 10

**DELIBERATIVE PROCESS**

Let me now discuss with you, in summary form, the deliberative steps you should follow in considering, as to each capital offense, the issues before you.  Later in these instructions, I will discuss in greater detail each of these determinations:

FIRST -- you must consider whether the government has proven, beyond a reasonable doubt and to your unanimous satisfaction, that the defendant was at least eighteen years old at the time of the capital offenses for which you have found the defendant guilty.

SECOND – consider, as appropriate, whether the government has proven, beyond a reasonable doubt and to your unanimous satisfaction, one or more "threshold intent factors" established by Congress, as to each of the capital offenses for which you have found the defendant guilty.

THIRD – consider, as appropriate, whether the government has proven, beyond a reasonable doubt and to your unanimous satisfaction, the statutory aggravating factor alleged as to each of the capital offenses for which you have found the defendant guilty.

FOURTH – consider, as appropriate, whether any non-statutory aggravating factors identified by the government have

been proven beyond a reasonable doubt and to your unanimous satisfaction as to each of the capital offenses for which you have found the defendant guilty.

FIFTH -- consider, as appropriate, whether any of you individually find that the defendant has proven, by a preponderance of the evidence, any mitigating factor or factors.

SIXTH – if you find at least one threshold intent factor and the alleged statutory aggravating factor, all of you then must weigh the aggravating factors (statutory and non-statutory) that you have unanimously found to exist and each of you must weigh any mitigating factors you individually have found to exist, to determine the appropriate sentence. You must decide, in regard to each capital offense for which you have found the defendant guilty whether the aggravating factors that have been found to exist for that crime sufficiently outweigh the mitigating factors found to exist for that crime, so as to justify imposing a sentence of death on the defendant for that offense; or, if you do not find any mitigating factors, whether the aggravating factors alone are sufficient to justify imposing a sentence of death on the defendant for that offense.

## JURY INSTRUCTION NO. 11

**THE DEFENDANT'S AGE**

Before you may consider the imposition of the death penalty, you must first unanimously agree beyond a reasonable doubt that the defendant was eighteen years of age or older at the time of the offense.

If you unanimously make that finding, you should so indicate (by marking an "X") on the appropriate space of the Special Verdict Form and continue your deliberations. If, however, you unanimously determine that the government has not proved the defendant was eighteen years of age or older at the time of the offense, you should so indicate (by leaving a blank) on the appropriate space of the Special Verdict Form.

If you did not unanimously find that the government has proved beyond a reasonable doubt that the defendant was eighteen years of age or older at the time of an offense, no further deliberations will be necessary as to that count. If you do not unanimously find that the government proved beyond a reasonable doubt that the defendant was eighteen years of age or older at the time of any of the capital-eligible offenses, no further deliberations will be necessary. Instead, you should sign the certification in Section Six of the Special Verdict Form, and return the form to me.

## JURY INSTRUCTION NO. 12

**THRESHOLD INTENT FACTORS**

Before you may consider the imposition of the death penalty for a given offense, you must unanimously find beyond a reasonable doubt that the defendant killed a victim or victims alleged in the charge in one of the manners described below as a "threshold intent factor."

There are four possible threshold intent factors, each of which concerns the defendant's knowledge and intent regarding the killing. In this case, the government alleges four possible threshold intent aggravating factors as to each capital-eligible offense:

> **ONE --** that the defendant, Dzhokhar Tsarnaev, intentionally killed the victim;
>
> **TWO --** that the defendant, Dzhokhar Tsarnaev, inflicted serious bodily injury that resulted in the death of the victim;
>
> **THREE --** that the defendant, Dzhokhar Tsarnaev, intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim died as a direct result of the act; and

**FOUR** -- that the defendant, Dzhokhar Tsarnaev, intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victim died as a direct result of the act.

Intent and knowledge may be proved like anything else. You may consider any statements made and acts done by the defendant, and all the facts and circumstances in evidence that may aid in a determination of defendant's knowledge or intent. You may, but are not required to, infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.

During your deliberations you may consider and find more than one threshold intent factor with regard to a particular capital count, but your finding as to each must be unanimous and beyond a reasonable doubt. Any finding that one or more of the threshold intent factors have been proven unanimously and beyond a reasonable doubt must be based upon the defendant's actions and intent. With regard to your findings, you may not rely solely upon your previous verdict of guilt or your factual determinations therein. Instead, you must now each decide this issue for yourselves again.

If you unanimously find that the government has proved at least one threshold intent factor beyond a reasonable doubt, as to one or more of the capital-eligible offenses, as reflected on the Special Verdict Form, you should so indicate in Section Two of the form (by marking an "X"). Continue your deliberations only as to counts for which you have found at least one factor proved. If you do not unanimously find any threshold intent factor proved beyond a reasonable doubt as to any of the capital-eligible offenses, no further deliberations will be necessary. Instead, you should sign the certification in Section Six of the Special Verdict Form, and return the form to me.

I will now define for you each of the four threshold intent factors.

### JURY INSTRUCTION NO. 13

**INTENTIONALLY KILLING OF THE VICTIM -- DEFINED**

To establish that the defendant intentionally killed the victim, the government must prove to your unanimous satisfaction and beyond a reasonable doubt that the defendant deliberately and purposefully killed the victim.  That is to say, the killing was the product of the defendant's conscious objective rather than the product of mistake or accident.

JURY INSTRUCTION NO. 14

**INTENTIONALLY INFLICTING SERIOUS BODILY INJURY WHICH RESULTED IN THE DEATH OF THE VICTIM – DEFINED**

To establish that the defendant intentionally inflicted serious bodily injury which resulted in the death of the victim, the government must prove to your unanimous satisfaction and beyond a reasonable doubt that the defendant deliberately caused serious injury to the victim's body, which, in turn, caused the victim's death. That is, the infliction of serious bodily injury was the product of the defendant's conscious objective rather than the product of a mistake or accident. The government also must prove to your unanimous satisfaction and beyond a reasonable doubt that the serious bodily injury resulted in the victim's death.

"Serious bodily injury" means a significant or considerable amount of injury or damage; injury that presents a substantial risk of death; infliction of extreme physical pain; obvious disfigurement; or loss or impairment (other than temporary) of the function of a bodily member, organ, or mental faculty.

## JURY INSTRUCTION NO. 15

**INTENTIONALLY ENGAGING IN CONDUCT INTENDING THAT THE VICTIM BE KILLED OR THAT LETHAL FORCE BE EMPLOYED AGAINST THE VICTIM – DEFINED**

To establish that the defendant intentionally engaged in conduct intending that the victim be killed or that lethal force be employed against her, the government must prove to your unanimous satisfaction and beyond a reasonable doubt that the defendant deliberately and purposefully performed an act and that, in so acting, he intended that the victim be killed or that lethal force be employed against the victim. That is, the government must prove that the defendant's conduct was the product of his conscious objective rather than the product of mistake or accident. However, the defendant's act need not have been the cause in fact of the victim's death; it is sufficient that his intentional act caused another person to kill the victim.

JURY INSTRUCTION NO.  16

**INTENTIONALLY ENGAGING IN CONDUCT WHICH THE DEFENDANT KNEW WOULD CREATE A GRAVE RISK OF DEATH TO A PERSON OTHER THAN THE PARTICIPANTS IN THE OFFENSE AND WHICH RESULTED IN THE DEATH OF THE VICTIM – DEFINED**

To establish that the defendant intentionally engaged in conduct that he knew would create a grave risk of death to a person other than one of the participants in the offense, and that resulted in the death of the victim, the government must prove to your unanimous satisfaction and beyond a reasonable doubt: (1) that the defendant deliberately and purposely engaged in an act that he knew, or was aware would, create a grave risk of death to a person who was a non-participant in the offense or that the defendant acted with reckless disregard for, or with extreme indifference to, human life; and (2) that the act in which the defendant engaged resulted in the death of the victim.

A "grave risk of death" is a risk that is very serious and dangerous to life.

To act "intentionally" means to act deliberately and purposefully. That is, an intentional act is the product of a person's conscious objective rather than the product of a mistake or accident.

To act "knowingly" means that the defendant was conscious and aware of his action, realized what he was doing, and did not act because of ignorance, mistake, or accident.

## JURY INSTRUCTION NO. 17

**STATUTORY AGGRAVATING FACTOR -- INTRODUCTION**

If, and only if, you unanimously find beyond a reasonable doubt that the defendant committed one or more of the capital offenses in a manner described in Instructions 12 through 16, and that he was eighteen years or older at the time of the crime, you must then proceed to determine whether the government has proven the alleged statutory aggravating factors.  You may only consider statutory aggravators alleged as to offenses for which you have found the defendant was eighteen years old and for which you have found at least one threshold intent factor.

The government alleges as a statutory aggravating factor for each capital offense (counts One to Ten and Twelve through Eighteen), that the death or deaths occurred during the commission of another crime or crimes.

The government alleges as to counts One through Ten and Twelve through Fifteen (those that do not charge the death of Sean Collier, exclusively) that the defendant committed the offense in an especially heinous, cruel, or depraved manner in that it involved torture or serious physical abuse to the victim; that he committed the offenses after substantial planning and premeditation to cause the death of a person or commit an act of terrorism; and that he intentionally killed or

attempted to kill more than one person in a single criminal episode.

The government also alleges as to counts One, Four, Five, Six, Nine, Ten, Fourteen and Fifteen (those involving the death of Martin Richard) that the victim was particularly vulnerable due to youth.

You are reminded that to find the existence of the alleged statutory aggravating factor, your decision must be unanimous and beyond a reasonable doubt.

Any finding that a statutory aggravating factor has been proven must be based upon the defendant's actions and intent. In making your findings regarding the statutory aggravating factor, you may not rely solely upon your previous verdict of guilt or your factual determinations therein. Instead, you must now each decide this issue for yourselves again.

If you unanimously find that the government has proved an alleged statutory aggravating factor, beyond a reasonable doubt, as to one or more capital offenses, you should so indicate in Section Three of the Special Verdict Form. Continue your deliberations only as to counts for which you have found a statutory aggravating factor proved.

If you do not unanimously find a statutory aggravating factor proved beyond a reasonable doubt as to any capital offense, no further deliberations will be necessary. You should

indicate your findings in Section Three of the Special Verdict Form, sign the attestations in Section Six of the verdict form, and return it to me.

I will now define the statutory aggravating factors.

JURY INSTRUCTION NO. 18

**STATUTORY AGGRAVATING FACTOR: DEATH OR INJURY RESULTING IN DEATH DURING THE COMMISSION OF AN OFFENSE LISTED UNDER 18 U.S.C. §3592(C)(1)**

In the first statutory aggravating factor, the government alleges as to all the capital counts, that the death or injury resulting in death occurred during the commission of, or during the immediate flight from the commission of, another offense or offenses.

With regard to all the capital counts, the government alleges that the death or deaths occurred during the commission of a conspiracy to use a weapon of mass destruction, a violation of Title 18 of the United States Code, section 2332a, or during the commission or immediate flight from the commission of the use of a weapon of mass destruction, also a violation of Title 18 of the United States Code, section 2332a.

With regard to Counts One through Ten and Twelve through Fifteen, the government alleges in the alternative that death occurred during the commission or during the immediate flight from the commission of, destruction of property affecting interstate commerce by explosives, a violation of Title 18 of the United States Code, section 844(i).

Though you have already returned convictions against the defendant for those three crimes, I will remind you of the

elements of those offenses so that you can determine whether the deaths occurred during the course of that conduct.

The crime of conspiracy to use a weapon of mass destruction has two elements:

First, that the defendant and another agreed to use a weapon of mass destruction;

Second, that the defendant knowingly and voluntarily joined the agreement, intending that the crime of using a weapon of mass destruction be committed.

A conspiracy endures as long as the co-conspirators endeavor to attain the central criminal purposes of the conspiracy.

The crime of the use of a weapon of mass destruction has three elements:

First, that the defendant knowingly used a weapon of mass destruction;

Second, that it was knowingly used against a person or against real or personal property within the United States; and

Third, that such property was used in interstate or foreign commerce or in an activity that affects interstate or foreign commerce, or, alternatively, that the offense, or the results of the offense, affected interstate or foreign commerce.

A "weapon of mass destruction" means a "destructive device," which in turn means any explosive bomb.

"Knowingly" means that the act was done voluntarily and intentionally and not because of mistake or accident.

The crime of destruction of property affecting interstate commerce by explosives, has four elements:

First, that the defendant damaged or destroyed, or attempted to damage or destroy, by means of fire or an explosive, any building, vehicle, or other real or personal property;

Second, that the defendant did so maliciously;

Third, that he did so by means of fire or an explosive;

Fourth, that the building, vehicle, or other real or personal property was used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce.

"Explosive" in this context means gunpowders, powders used for blasting, blasting materials, fuzes (other than electric circuit breakers), detonators, and other detonating agents, or a device that contains any oxidizing and combustible units, or other ingredients, in such proportions, quantities, or packing that ignition by fire or by detonation of the compound, mixture, or device or any part thereof may cause an explosion.

To act "maliciously" means to act intentionally or with deliberate disregard of the likelihood that damage or injury will result.

"Use in interstate or foreign commerce or in any activity affecting interstate or foreign commerce" means current, active employment for commercial purposes, and not merely a passive, passing, or past connection to commerce. The property's function must affect interstate commerce.

As I instructed you during the liability phase, a person may be found guilty of a non-conspiracy federal offense if he aided or abetted another person in committing the offense. To "aid or abet" means intentionally to help someone else commit an offense. Aiding and abetting has three elements:

> First, that someone else committed the charged offense;

> Second, that the defendant took an affirmative act in furtherance of that offense;

> Third, that he did so intending to facilitate the commission of the offense.

To be guilty of aiding and abetting, the defendant need not have participated in each and every element of the offense, so long as he facilitated, or assisted, some part of it by words, acts, encouragement, support, or presence. But he must have participated in the offense as something he wished to bring

about.   Mere association with the principal, or mere presence at the scene of the crime, even when combined with knowledge that a crime will be committed, is not sufficient to establish aiding and abetting.

In the aggravating factor, the government has alleged that the death or deaths charged in each count occurred during the course of two or three different offenses, or the flight immediately following them.   For you to find an allegation true, the government must prove beyond a reasonable doubt that the death or deaths charged in a given count occurred during at least one of the offenses identified in the allegation.   Your determination of which offense, or offenses, the defendant was committing when he caused the charged death or deaths must be unanimous.   Likewise, your determination as to which death, if any, was caused by a given offense must be unanimous.

**JURY INSTRUCTION NO. 19**[*]

**CREATION OF A GRAVE RISK OF DEATH TO ONE OR MORE PERSONS IN ADDITION TO THE VICTIM**

In its second statutory aggravating factor, the government alleges as to all the capital counts that in the commission of the offense, or in escaping apprehension for the offense, Dzhokhar Tsarnaev knowingly created a grave risk of death to one or more persons in addition to the victims of the offenses.

To establish the existence of this factor, the government must prove that the defendant knowingly created a grave risk of death to one or more persons in addition to the victims of the offenses, in committing the offense or in escaping apprehension for the offense.

"Persons in addition to the victims" include innocent bystanders in the zone of danger created by the defendant's acts, but does not include other participants in the offense. "Grave risk of death" means a significant and considerable possibility that another person might be killed.

"Knowingly" creating such a risk means that the defendant was conscious and aware that his conduct in the course of committing the offense or escaping apprehension for the offense might have this result.   Knowledge may be proved like anything else. You may consider any statements made and acts done by the

_____

[*] Authority: United States Court Of Appeals for the Eighth Circuit Model Jury Instructions, 12.07E.

defendant, and all the facts and circumstances in evidence which may aid in a determination of defendant's knowledge.

JURY INSTRUCTION NO. 20[*]

**COMMISSION OF THE OFFENSE IN AN ESPECIALLY HEINOUS CRUEL OR DEPRAVED MANNER**

In its third statutory aggravating factor, the government alleges as to counts One through Ten and Twelve through Fifteen, that Dzhokhar Tsarnaev committed the offenses in an especially heinous, cruel, or depraved manner in that it involved serious physical abuse to the victims, Krystle Cambpell, Lingzi Lu, and Martin Richard.

To establish that Mr. Tsarnaev killed in an especially heinous, cruel, or depraved manner, the government must prove that the killings involved torture or serious physical abuse to the victims.

"Heinous" means extremely wicked or shockingly evil, where the killing was accompanied by such additional acts of serious physical abuse of the victim as to set it apart from other killings.

"Cruel" means that the defendant intended to inflict a high degree of pain by torturing the victim in addition to killing the victim.  "Torture" includes mental as well as physical abuse of the victim. In either case, the victim must have been conscious of the abuse at the time it was inflicted, and the defendant must have specifically intended to inflict severe

---

[*] Authority: United States Court Of Appeals for the Eighth Circuit Model Jury Instructions, 12.07F.

mental or physical pain or suffering upon the victim, in addition to the killing of the victim.

"Depraved" means that the defendant relished the killing or showed indifference to the suffering of the victim, as evidenced by torture or serious physical abuse of the victim.

"Serious physical abuse" means a significant or considerable amount of injury or damage to the victim's body. Serious physical abuse may be inflicted either before or after death and does not require that the victim be conscious of the abuse at the time it was inflicted. However, the defendant must have specifically intended the abuse in addition to the killing.

Pertinent factors in determining whether a killing was especially heinous, cruel, or depraved include: an infliction of gratuitous violence upon the victim above and beyond that necessary to commit the killing; the needless mutilation of the victim's body; the senselessness of the killing; and the helplessness of the victim.

The word "especially" means highly or unusually great, distinctive, peculiar, particular, or significant, when compared to other killings.

**JURY INSTRUCTION NO. 21**[*]

**COMMISSION OF THE OFFENSE AFTER SUBSTANTIAL PLANNING AND PREMEDITATION**

In its fourth statutory aggravating factor, the government alleges as to counts One through Ten and Twelve through Fifteen, that Dzhokhar Tsarnaev committed the offenses after substantial planning and premeditation to cause the death of a person.

"Planning" means mentally formulating a method for doing something or achieving some end. "Premeditation" means thinking or deliberating about something and deciding whether to do it beforehand.

"Substantial" planning and premeditation means a considerable or significant amount of planning and premeditation.

---

[*] Authority: United States Court Of Appeals for the Eighth Circuit Model Jury Instructions, 12.07I.

JURY INSTRUCTION NO. 22[*]

**MULTIPLE KILLINGS OR ATTEMPTED KILLINGS**

In its fifth statutory aggravating factor, the government alleges as to counts One through Ten and Twelve through Fifteen, that Dzhokhar Tsarnaev killed or attempted to kill more than one person in a single criminal episode.

To establish the existence of this factor, the government must prove that the defendant intentionally killed or attempted to kill more than one person in a single criminal episode.

"More than one person" means one or more other people in addition to killing any single named homicide victims. The government has named Krystle Campbell as a victim in counts One, Two, Three, Six, Seven, Eight, Twelve, and Thirteen. It has named Lingzi Lu and Martin Richard as victims in counts One, Four, Five, Six, Nine, Ten, Fourteen, and Fifteen. It has named Sean Collier as a victim in counts One and Six.

"Intentionally killing" a person means killing a person on purpose, that is: willfully, deliberately, or with a conscious desire to cause a person's death (and not just accidentally or involuntarily).

"Attempting to kill" a person means purposely doing some act which constitutes a substantial step (beyond mere

_____

[*] Authority: United States Court Of Appeals for the Eighth Circuit Model Jury Instructions, 12.07P.

preparation or planning) toward killing a person, and doing so with the intent to cause a person's death.

"A single criminal episode" is an act or series of related criminal acts which occur within a relatively limited time and place, or are directed at the same persons, or are part of a continuous course of conduct related in time, place, or purpose.

A person of sound mind and discretion may be presumed to have intended the ordinary, natural, and probable consequences of his knowing and voluntary acts. However, this presumption is not required. Thus, you may infer from the defendant's conduct that the defendant intended to kill a person if you find: (1) that the defendant was a person of sound mind and discretion; (2) that person's death was an ordinary, natural, and probable consequence of the defendant's acts (even if the person's death did not actually result, in the case of an attempt); and (3) that the defendant committed these acts knowingly and voluntarily. But once again, you are not required to make such an inference.

JURY INSTRUCTION NO. 23[*]

**VULNERABLE VICTIM**

In its sixth statutory aggravating factor, the government alleges as to counts One, Four, Five, Six, Nine, Ten, Fourteen, and Fifteen that victim Martin Richard was particularly vulnerable due to youth.

To establish the existence of this factor, the government must prove that the victim was particularly vulnerable due to old age, youth, or infirmity.

"Particularly" means especially, significantly, unusually, or high in degree. "Vulnerable" means subject to being attacked or injured by reason of some weakness. Thus, to be "particularly vulnerable" means to be especially or significantly vulnerable, or vulnerable to an unusual or high degree.

"Youth" means that the victim was a child, a juvenile, a young person, or a minor, that is: any person who was, by reason of youthful immaturity or inexperience, significantly less able: (1) to avoid, resist, or withstand any attacks, persuasions, or temptations, or (2) to recognize, judge, or discern any dangers, risks, or threats.

---

[*] Authority: United States Court Of Appeals for the Eighth Circuit Model Jury Instructions, 12.07K (modified).

JURY INSTRUCTION NO. 24[*]

**NON-STATUTORY AGGRAVATING FACTORS**

If, and only if, you unanimously find beyond a reasonable doubt that the defendant was eighteen years or older at the time of the charged crimes, and that a statutory aggravator and at least one threshold intent factor apply to one or more of the offenses, you must proceed to determine whether the government has proven beyond a reasonable doubt the existence of any non-statutory aggravating factor alleged as to such an offense.   You are reminded that to find the existence of the alleged non-statutory aggravating factor, your decision must be unanimous and beyond a reasonable doubt.

In addition to any statutory aggravating factors you have found, the law permits you to consider and discuss in favor of the death penalty only the non-statutory aggravating factors specifically alleged by the government and listed below. You are not free to consider any other facts in aggravation that you conceive of on your own.   During your final sentencing deliberations, you may consider and more than one non-statutory factor with regard to a particular capital count, but your finding as to each factor must have been unanimous and beyond a reasonable doubt.

---

[*] Authority: United States Court Of Appeals for the Eighth Circuit Model Jury Instructions, 12.08.

Any finding that one or more of the non-statutory aggravating factors have been proven unanimously and beyond a reasonable doubt must be based upon the defendant's actions and intent. The government alleges the following non-statutory aggravating factors:

1. In conjunction with committing acts of violence and terrorism, Dzhokhar Tsarnaev made statements suggesting that others would be justified in committing additional acts of violence and terrorism against the United States.

2. Dzhokhar Tsarnaev caused injury, harm and loss to Krystle Marie Campbell and her family and friends (Counts One, Two, Three, Six, Seven, Eight, Twelve, and Thirteen); to Martin Richard and his family and friends (Counts One, Four, Five, Six, Nine, Ten, Fourteen, and Fifteen); to Lingzi Lu and her family and friends (Counts One, Four, Five, Six, Nine, Ten, Fourteen, and Fifteen), and to Officer Sean Collier and his family and friends (Counts One, Six, Sixteen, Seventeen, and Eighteen). The injury, harm and loss caused by Dzhokhar Tsarnaev with respect to each victim are evidenced by the victim's personal characteristics and by the impact of the victim's death upon his or her family and friends.

3. Dzhokhar Tsarnaev targeted the Boston Marathon, an iconic event that draws large crowds of men, women and children to its final stretch, making it especially susceptible to the

act and effects of terrorism (Counts One through Ten and Counts Twelve through Fifteen).

4.  Dzhokhar Tsarnaev demonstrated a lack of remorse.

5.  Dzhokhar Tsarnaev murdered Officer Sean Collier, a law enforcement officer who was engaged in the performance of his official duties at the time of his death (Counts One, Six, Sixteen, Seventeen, and Eighteen).

6.  Dzhokhar Tsarnaev participated in additional uncharged crimes of violence, including assault with a dangerous weapon, assault with intent to maim, mayhem, and attempted murder, on April 15, 2013 in Boston, Massachusetts (Counts One through Ten and Twelve through Fifteen) and on or about April 19, 2013 in Watertown, Massachusetts (Counts One through Ten and Twelve through Eighteen).

If you are unanimously convinced beyond a reasonable doubt that the defendant's conduct satisfies the elements of any of these offenses, as set forth below, you may find that he committed the crimes himself or as an aider and abettor, as I have previously defined that term.

To find that the defendant committed assault with a dangerous weapon, you must find unanimously and beyond a reasonable doubt:

First, that the defendant forcibly assaulted a person with a deadly or dangerous weapon; and

44

Second, that the assault was done voluntarily and intentionally.

To find that the defendant committed assault with the intent to maim, you must find unanimously and beyond a reasonable doubt:

First, that the defendant forcibly assaulted a person;

Second, that the assault was done voluntarily and intentionally; and

Third, that the defendant intended to cause a permanent disability.

An "assault" is any intentional and voluntary attempt or threat to do injury to the person of another, when coupled with the apparent present ability to do so sufficient to put the person against whom the attempt is made in fear of immediate bodily harm.

"Forcibly" means by use of force. Physical force is sufficient but actual physical contact is not required.

You may also find that a person who, in fact, has the present ability to inflict bodily harm upon another and who threatens or attempts to inflict bodily harm upon such person acts forcibly. In such case, the threat must be a present one.

A "deadly and dangerous weapon" is an object used in a manner likely to endanger life or inflict serious bodily harm. A weapon intended to cause death or danger but that fails to do

so because of a defective component is a deadly or dangerous weapon.

To find that the defendant committed mayhem, you must find unanimously and beyond a reasonable doubt prove that:

First, that the defendant maliciously disabled or disfigured someone permanently or deprived someone else of a limb, organ, or part of his or her body); and

Second, that when the defendant acted, he intended to permanently disable or disfigure the other person or deprive the other person of a limb, organ, or part of his or her body.

To act maliciously means to act with the intent that, or with willful disregard of, the likelihood that damage or injury would result.

To find that the defendant committed attempted murder, you must find unanimously and beyond a reasonable doubt:

First, that the defendant intended to commit the crime of murder; and

Second, that the defendant engaged in a purposeful act that, under the circumstances as he believed them to be, amounted to a substantial step toward the commission of that crime and strongly corroborated his criminal intent.

A "substantial step" is an act in furtherance of the criminal scheme. A "substantial step" must be something more

than mere preparation, but less than the last act necessary before the substantive crime is completed.  The "substantial step" may itself prove the intent to commit the crime, but only if it unequivocally demonstrates such an intent.

Murder is defined as the unlawful killing of a human being with malice aforethought.  "Malice aforethought" means an intent, at the time of a killing, willfully to take the life of a human being, or an intent willfully to act in callous and wanton disregard of the consequences to human life; but "malice aforethought" does not necessarily imply any ill will, spite or hatred towards the individual killed.  In determining whether a victim was unlawfully killed with malice aforethought, you should consider all the evidence concerning the facts and circumstances preceding, surrounding and following the killing which tend to shed light upon the question of intent.

You must record in Section IV of the Special Verdict Form your findings regarding the existence of any of these non-statutory aggravating factors.  In the event that you unanimously find, beyond a reasonable doubt, that a particular non-statutory aggravating factor applies to any of the capital counts, you should indicate these findings on the Special Verdict Form. If you do not unanimously find that a non-statutory aggravating factor has been proven beyond a reasonable

doubt with regard to one or both of the capital counts, you should indicate these findings on the Special Verdict Form.

Unlike statutory aggravating factors, the jury is not required to find the existence of a non-statutory aggravating factor before proceeding to the weighing process. In other words, regardless of whether or not you find any of the non-statutory aggravating factors present, you are to continue your deliberations.

JURY INSTRUCTION NO. 25[*]

**MITIGATING FACTORS -- INTRODUCTION**

Before you may consider the appropriate punishment, you must consider whether the defendant has established the existence of any mitigating factors. A mitigating factor is a fact about the defendant's life or character, or about the circumstances surrounding the offenses that would suggest, in fairness, that a sentence of death is not the most appropriate punishment, or that a lesser sentence is the more appropriate punishment.

Unlike aggravating factors, which you must unanimously find proved beyond a reasonable doubt in order to consider them in your deliberations, the law does not require unanimous agreement with regard to mitigating factors. Any juror persuaded of the existence of a mitigating factor must consider it in this case. Further, any juror may consider a mitigating factor found by another juror, even if he or she did not find that factor to be mitigating.

It is the defendant's burden to establish any mitigating factors, but only by a   preponderance of the evidence. This is a lesser standard of proof under the law than proof beyond a reasonable doubt.  A factor is established by a preponderance of

---

[*] Authority: United States Court Of Appeals for the Eighth Circuit Model Jury Instructions, 12.09.

the evidence if its existence is shown to be more likely so than not so. In other words, a preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, produces in your mind the belief that what is sought to be established is, more likely than not, true. In Section V of the Special Verdict Form relating to mitigating factors, report the total number of jurors that find a particular mitigating factor established by a preponderance of the evidence.

**JURY INSTRUCTION NO. 26**

**MITIGATING FACTORS -- ENUMERATED**

The mitigating factors that the defendant asserts he has
proved by a preponderance of the evidence are as follows:

JURY INSTRUCTION NO. 27[*]

**WEIGHING AGGRAVATION AND MITIGATION**

If, and only if, you unanimously find beyond a reasonable doubt that the defendant was eighteen years or older at the time of the offenses and that a statutory aggravator and at least one threshold intent factor apply to one or more of the offenses arising from her murder, you will then proceed to weigh the aggravating and mitigating factors that you have found as to that offense or offenses.

In determining the appropriate sentence, all of you must weigh the aggravating factor or factors that you unanimously found to exist beyond a reasonable doubt -- whether statutory or non-statutory -- and each of you must weigh any mitigating factor or factors that you individually, or with others, found to exist.

Although I have previously instructed you that you must unanimously find at least one of the threshold intent factors proved beyond a reasonable doubt for the defendant to be eligible for a sentence of death, I instruct you now that the threshold intent factors shall not be considered when weighing the aggravating and mitigating factors. Once again, you must weigh only the aggravating factor or factors that you

_____

[*] Authority: United States Court Of Appeals for the Eighth Circuit Model Jury Instructions, 12.11.

unanimously find to exist beyond a reasonable doubt -- whether statutory or non-statutory -- and each of you must weigh any mitigating factors that you individually, or with others, find to exist.

In engaging in the weighing process, you must not be swayed by mere sentiment, conjecture, sympathy, passion, prejudice, public opinion, or public feeling. Your deliberations should be based upon the evidence you have seen and heard and the law on which I have instructed you.

Again, whether or not the circumstances in this case justify a sentence of death or life imprisonment without the possibility of release or parole is a decision that the law leaves entirely to you.

The process of weighing aggravating and mitigating factors against each other in order to determine the proper punishment is not a mechanical process. In other words, you should not simply count the number of aggravating and mitigating factors and reach a decision based on which number is greater; you should consider the weight and value of each factor.

The law contemplates that different factors may be given different weights or values by different jurors. Thus, you may find that one mitigating factor outweighs all aggravating factors combined, or that the aggravating factors proven does not, standing alone, justify imposition of a sentence of death.

Similarly, you may unanimously find that a particular aggravating factor sufficiently outweighs all mitigating factors combined to justify a sentence of death. Each juror must decide what weight or value is to be given to a particular aggravating or mitigating factor in the decision-making process.

**JURY INSTRUCTION NO. 28**

**DETERMINATION OF SENTENCE**

**Sentence of Death**

If you unanimously determine that the aggravating factor or factors found to exist sufficiently outweigh any mitigating factor or factors found to exist to justify a sentence of death for a given capital offense, you shall record your determination that death is justified in Section VI of the Special Verdict Form.

**Sentence of Life**

If you unanimously determine that the aggravating factor or factors found to exist do not sufficiently outweigh any mitigating factor or factors found to exist to justify a sentence of death, you shall record your determination that defendant be sentenced to life imprisonment without possibility of release in Section VI of the Special Verdict Form.

## JURY INSTRUCTION NO. 29[*]

**CONSEQUENCES OF DELIBERATIONS**

At the end of your deliberations, if you unanimously determine that the defendant should be sentenced to death, or to life imprisonment without possibility of release, the court is required to impose that sentence.

---

[*] Authority: United States Court Of Appeals for the Eighth Circuit Model Jury Instructions, 12.12.

**JURY INSTRUCTION NO. 30**[*]

**CONSIDERATION OF EVIDENCE – VERDICT**

Your verdict must be based solely on the evidence and on the law as I have given it to you -- and you have heard this before in these instructions.  However, nothing that I have said or done is intended to suggest what your verdict should be. That is entirely for you to decide.

---

[*] Authority: Pattern Criminal Jury Instructions for the District Courts of the First Circuit § 6.02 (2003)

**JURY INSTRUCTION NO. 31**[*]

**SEPARATE CONSIDERATION OF EACH COUNT**

The indictment in this case has charged seventeen offenses that carry the death penalty, and the government has given notice of its intent to seek the death penalty as to each crime. Each capital count charges a separate crime.  You must consider each count separately, that is, you must decide separately what the evidence in the case shows about the defendant as to each count.

---

[*] *See United States v. Fields*, 516 F.3d 923, 938-40 (10th Cir. 2008).

**JURY INSTRUCTION NO. 32**[*]

**JUSTICE WITHOUT DISCRIMINATION**

In your consideration of whether the death sentence is justified, you must not consider the race, color, religious beliefs, national origin, or sex of either the defendant or the victim. You are not to return a sentence of death unless you would return a sentence of death for the crime in question without regard to the race, color, religious beliefs, national origin, or sex of either the defendant and/or the victim.

To emphasize the importance of this consideration, Section Seven of the Special Verdict Form contains a certification statement. Each juror should carefully read the statement, and sign in the appropriate place if the statement accurately reflects the manner in which each of you reached your decision.

---

[*] Authority: United States Court Of Appeals for the Eighth Circuit Model Jury Instructions, 12.13.

**JURY INSTRUCTION NO. 33**

**SPECIAL VERDICT FORM**

I have prepared a form entitled "Special Verdict Form" to assist you during your deliberations. You are required to record your decisions on this form.

Section One of the Special Verdict Form contains space to record your finding on the age of the defendant at the time of the offenses; Section Two contains space to record your findings of the threshold intent factors; Section Three contains space to record your findings on statutory aggravating factors; and Section Four contains space to record your findings on non-statutory aggravating factors; Section Five of the Special Verdict Form contains space to record your findings on mitigating factors; Section Six contains space to record your sentencing verdict; and Section Seven contains space for you to record your attestation that your verdict has not been influenced by discrimination.

You are each required to sign Sections Six and Seven of the Special Verdict Form.

**JURY INSTRUCTION NO. 34**[*]

**NOTE TAKING**

I have permitted you to take notes during the trial. Please remember from your grade-school experiences that not everything you write down is necessarily what was said.

Thus, when you return to the jury room to discuss the case, do not assume simply because something appears in somebody's notes that it necessarily took place in court. Instead, it is your collective memory with respect to the evidence presented that must control as you deliberate upon the verdict.

---

[*] Authority: Pattern Criminal Jury Instructions for the District Courts of the First Circuit § 1.08 (2003) (modified).

**JURY INSTRUCTION NO. 35**[*]

**CONCLUDING INSTRUCTION**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the jury officer signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing, and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court. If you send out a question, I will consult with the parties as promptly as possible before answering it, which may take some time. You may continue with your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone including me how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

---

[*] Authority: Pattern Criminal Jury Instructions for the District Courts of the First Circuit § 6.05 (2003).