UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No.   13-10200-GAO |
| | ) | |
| DZHOKHAR A. TSARNAEV, | ) | |
|      a/k/a "Jahar Tsarni," | ) | |
|           Defendant. | ) | |

## UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE

The United States of America, by its attorney, Carmen M. Ortiz, United States Attorney for the District of Massachusetts, respectfully moves this Court for the issuance of a Preliminary Order of Forfeiture in the above-captioned case pursuant to 18 U.S.C. § 981(a)(1)(G) and 28 U.S.C. § 2461, and Rule 32.2(b) of the Federal Rules of Criminal Procedure.   A proposed Preliminary Order of Forfeiture is submitted herewith.   In support thereof, the United States sets forth the following:

1.   On June 27, 2013, a federal grand jury sitting in the District of Massachusetts returned a thirty-count Indictment charging defendant Dzhokhar A. Tsarnaev, a/k/a "Jahar Tsarni" (the "Defendant"), with Conspiracy to Use a Weapon of Mass Destruction Resulting in Death, in violation of 18 U.S.C. § 2332a(a)(2) (Count One); Use a Weapon of Mass Destruction Resulting in Death, in violation of 18 U.S.C. § 2332a(a)(2), and 18 U.S.C. § 2 (Counts Two and Four); Possession and Use of a Firearm During and in Relation to a Crime of Violence Resulting in Death, in violation of 18 U.S.C. §§ 924(c) and (j), and 18 U.S.C. § 2 (Counts Three, Five, Eight, Ten, Thirteen, and Fifteen through Eighteen); Conspiracy to Bomb a Place of Public Use Resulting in Death, in violation of 18 U.S.C. §§ 2332f(a)(1), (a)(2), and (c) (Count Six); Bombing of a Place of Public Use Resulting in Death, in violation of 18 U.S.C. §§ 2332f(a)(1) and (c), and 18 U.S.C. § 2 (Counts Seven and Nine);

Conspiracy to Maliciously Destroy Property Resulting in Personal Injury and Death, in violation of 18 U.S.C. §§ 844(i) and (n) (Count Eleven); Malicious Destruction of Property Resulting in Personal Injury and Death, in violation of 18 U.S.C. § 844(i), and 18 U.S.C. § 2 (Counts Twelve and Fourteen); Carjacking Resulting in Serious Bodily Injury, in violation of 18 U.S.C. § 2119(2), and 18 U.S.C. § 2 (Count Nineteen); Possession and Use of a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c), and 18 U.S.C. § 2 (Counts Twenty, Twenty-Two, Twenty-Four, Twenty-Six, Twenty-Eight and Thirty); Interference with Commerce by Threats and Violence, in violation of 18 U.S.C. § 1951, and 18 U.S.C. § 2 (Count Twenty-One); and Use of a Weapon of Mass Destruction, in violation of 18 U.S.C. § 2332a(a)(2), and 18 U.S.C. § 2 (Counts Twenty-Three, Twenty-Five, Twenty-Seven and Twenty-Nine).

    2.    The Indictment contained a Forfeiture Allegation, pursuant to 18 U.S.C. § 981(a)(1)(G) and 28 U.S.C. § 2461, which sought forfeiture from the Defendant, as a result of planning and perpetrating Federal crimes of terrorism against the United States, as defined in 18 U.S.C. § 2332b(g)(5) and as alleged in Counts One, Two, Four, Six, Seven, Nine, Eleven, Twelve, Fourteen, Twenty-Three, Twenty-Five, Twenty-Seven, and Twenty-Nine of the Indictment, of the following:

    a.    all right, title, and interest in all assets, foreign and domestic;

    b.    all right, title, and interest in all assets, foreign and domestic, acquired and maintained with the intent and for the purpose of supporting, planning, conducting, and concealing a Federal crime of terrorism against the United States, citizens and residents of the United States, and their property; and

    c.    all right, title and interest in all assets, foreign and domestic, derived from, involved in, and used and intended to be used to commit a Federal crime of terrorism against the United States, citizens and residents of the United States, and their property; including, but not limited to, a sum of money representing the value of the property described above as being subject to forfeiture.

3.     On April 8, 2015, after a forty-five day jury trial, the jury found the Defendant guilty on Counts One through Thirty of the Indictment.  See Docket No. 1261.

4.     The following items were seized by the United States in connection with the charges asserted in Counts One through Thirty of the Indictment:

(a)    $952.27 in United States currency seized from the Defendant on or about April 19, 2013;

(b)    personal property seized from the Defendant and Tamerlan Tsarnaev on or about April 18 and 19, 2013, including but not limited to clothing, contents of wallets, $40 in United States currency and other personal effects;

(c)    personal property seized from the Defendant's residence in Cambridge, Massachusetts on or about April 19 and 20, 2013, including but not limited to documents, photographs, books, electronics, tools, hardware, and other related supplies, household items, and personal effects;

(d)    personal property seized from the Defendant's residence in Dartmouth, Massachusetts, on or about April 21 and July 26, 2013, including but not limited to documents, books, electronics, tools, hardware and other related supplies, household items, pyrotechnics, and personal effects;

(e)    one Jansport backpack and contents seized in New Bedford, Massachusetts on or about April 26, 2013;

(f)    one 1999 gray Honda CRV bearing vehicle identification number JHLRD1860XC061550 seized on or about April 19, 2013;

(g)    one 1995 gray Honda Odyssey bearing vehicle identification number JHMRA1862SC006854 seized on or about April 19, 2013; and

(h)    one 1999 green Honda Civic bearing vehicle identification number JHMEJ667XXS001454 seized on or about April 26, 2013

(collectively, the "Seized Assets").[1]

---

[1] The United States notes that in connection with this investigation the Massachusetts State Police also seized a firearm, which shall be disposed of in accordance with Massachusetts State Police policy.

5. Based upon the evidence submitted at trial and the Defendant's conviction on Counts One, Two, Four, Six, Seven, Nine, Eleven, Twelve, Fourteen, Twenty-Three, Twenty-Five, Twenty-Seven, and Twenty-Nine of the Indictment, the following assets are subject to forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(G) and 28 U.S.C. § 2461:

    a. all right, title, and interest in all the Defendant's assets, foreign and domestic, including but not limited to the Seized Assets;

    b. all right, title, and interest in all the Defendant's assets, foreign and domestic, acquired and maintained with the intent and for the purpose of supporting, planning, conducting, and concealing a Federal crime of terrorism against the United States, citizens and residents of the United States, and their property, including but not limited to the Seized Assets; and

    c. all right, title and interest in all the Defendant's assets, foreign and domestic, derived from, involved in, and used and intended to be used to commit a Federal crime of terrorism against the United States, citizens and residents of the United States, and their property; including, but not limited to, the Seized Assets, and a sum of money representing the value of the property described above as being subject to forfeiture

(collectively the "Forfeitable Assets").

6. Upon the issuance of a Preliminary Order of Forfeiture and pursuant to 21 U.S.C. § 853(n), as incorporated by 28 U.S.C. § 2461, and Rule 32.2(b)(6)(C) of the Federal Rules of Criminal Procedure, the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture, notice of the United States' intent to forfeit the Forfeitable Assets, and notice that any person, other than the Defendant, having or claiming a legal interest in the Forfeitable Assets must file a petition with the Court within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier.

7. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Forfeitable Assets, shall be signed by the

petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the Forfeitable Assets and any additional facts supporting the petitioner's claim and the relief sought.

8.   The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the Forfeitable Assets that are the subject of the Preliminary Order of Forfeiture as a substitute for published notice as to those persons so notified.

WHEREFORE, the United States requests that this Court:

(a)   enter the Preliminary Order of Forfeiture in the form submitted herewith;

(b)   include the forfeiture, as set forth in the Preliminary Order of Forfeiture, in the oral pronouncement of the Defendant's sentence; and

(c)   incorporate the Preliminary Order of Forfeiture in the criminal judgment entered against the Defendant, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4).

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

By:   /s/ Mary B. Murrane
WILLIAM D. WEINREB
ALOKE CHAKRAVARTY
NADINE PELLEGRINI
STEVEN D. MELLIN
MARY B. MURRANE
Assistant United States Attorneys
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100
mary.murrane@usdoj.gov

Date:   June 19, 2015

5

**CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing motion and proposed order were filed through the Electronic Case Filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                                                       /s/ Mary B. Murrane
                                                       Mary B. Murrane
Date:  June 19, 2015                                Assistant United States Attorney