UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>DZHOKHAR A. TSARNAEV, )<br>   a/k/a "Jahar Tsarni," )<br>         Defendant. ) | Criminal No. 13-10200-GAO |

## PRELIMINARY ORDER OF FORFEITURE

**O'TOOLE, D.J.**

WHEREAS, on June 27, 2013, a federal grand jury sitting in the District of Massachusetts returned a thirty-count Indictment charging defendant Dzhokhar A. Tsarnaev, a/k/a "Jahar Tsarni" (the "Defendant"), with Conspiracy to Use a Weapon of Mass Destruction Resulting in Death, in violation of 18 U.S.C. § 2332a(a)(2) (Count One); Use a Weapon of Mass Destruction Resulting in Death, in violation of 18 U.S.C. § 2332a(a)(2), and 18 U.S.C. § 2 (Counts Two and Four); Possession and Use of a Firearm During and in Relation to a Crime of Violence Resulting in Death, in violation of 18 U.S.C. §§ 924(c) and (j), and 18 U.S.C. § 2 (Counts Three, Five, Eight, Ten, Thirteen, and Fifteen through Eighteen); Conspiracy to Bomb a Place of Public Use Resulting in Death, in violation of 18 U.S.C. §§ 2332f(a)(1), (a)(2), and (c) (Count Six); Bombing of a Place of Public Use Resulting in Death, in violation of 18 U.S.C. §§ 2332f(a)(1) and (c), and 18 U.S.C. § 2 (Counts Seven and Nine); Conspiracy to Maliciously Destroy Property Resulting in Personal Injury and Death, in violation of 18 U.S.C. §§ 844(i) and (n) (Count Eleven); Malicious Destruction of Property Resulting in Personal Injury and Death, in violation of 18 U.S.C. § 844(i), and 18 U.S.C. § 2 (Counts Twelve and Fourteen); Carjacking Resulting in Serious Bodily Injury, in violation of 18 U.S.C. § 2119(2), and 18 U.S.C. § 2 (Count Nineteen); Possession and Use of a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c), and 18 U.S.C. § 2 (Counts Twenty, Twenty-Two, Twenty-Four,

Twenty-Six, Twenty-Eight and Thirty); Interference with Commerce by Threats and Violence, in violation of 18 U.S.C. § 1951, and 18 U.S.C. § 2 (Count Twenty-One); and Use of a Weapon of Mass Destruction, in violation of 18 U.S.C. § 2332a(a)(2), and 18 U.S.C. § 2 (Counts Twenty-Three, Twenty-Five, Twenty-Seven and Twenty-Nine);

WHEREAS, the Indictment contained a Forfeiture Allegation, pursuant to 18 U.S.C. § 981(a)(1)(G) and 28 U.S.C. § 2461, which sought forfeiture from the Defendant, as a result of planning and perpetrating Federal crimes of terrorism against the United States, as defined in 18 U.S.C. § 2332b(g)(5) and as alleged in Counts One, Two, Four, Six, Seven, Nine, Eleven, Twelve, Fourteen, Twenty-Three, Twenty-Five, Twenty-Seven, and Twenty-Nine of the Indictment, of the following:

    a.    all right, title, and interest in all assets, foreign and domestic;

    b.    all right, title, and interest in all assets, foreign and domestic, acquired and maintained with the intent and for the purpose of supporting, planning, conducting, and concealing a Federal crime of terrorism against the United States, citizens and residents of the United States, and their property; and

    c.    all right, title and interest in all assets, foreign and domestic, derived from, involved in, and used and intended to be used to commit a Federal crime of terrorism against the United States, citizens and residents of the United States, and their property; including, but not limited to, a sum of money representing the value of the property described above as being subject to forfeiture;

WHEREAS, on April 8, 2015, after a forty-five day jury trial, the jury found the Defendant guilty on Counts One through Thirty of the Indictment;

WHEREAS, the following items were seized by the United States in connection with the charges asserted in Counts One through Thirty of the Indictment:

    (a)    $952.27 in United States currency seized from the Defendant on or about April 19, 2013;

2

(b) personal property seized from the Defendant and Tamerlan Tsarnaev on or about April 18 and 19, 2013, including but not limited to clothing, contents of wallets, $40 in United States currency and other personal effects;

(c) personal property seized from the Defendant's residence in Cambridge, Massachusetts on or about April 19 and 20, 2013, including but not limited to documents, photographs, books, electronics, tools, hardware, and other related supplies, household items, and personal effects;

(d) personal property seized from the Defendant's residence in Dartmouth, Massachusetts, on or about April 21 and July 26, 2013, including but not limited to documents, books, electronics, tools, hardware and other related supplies, household items, pyrotechnics, and personal effects;

(e) one Jansport backpack and contents seized in New Bedford, Massachusetts on or about April 26, 2013;

(f) one 1999 gray Honda CRV bearing vehicle identification number JHLRD1860XC061550 seized on or about April 19, 2013;

(g) one 1995 gray Honda Odyssey bearing vehicle identification number JHMRA1862SC006854 seized on or about April 19, 2013; and

(h) one 1999 green Honda Civic bearing vehicle identification number JHMEJ667XXS001454 seized on or about April 26, 2013

(collectively, the "Seized Assets");

WHEREAS, based upon the Defendant's conviction on Counts One, Two, Four, Six, Seven, Nine, Eleven, Twelve, Fourteen, Twenty-Three, Twenty-Five, Twenty-Seven, and Twenty-Nine of the Indictment, the following assets are subject to forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(G) and 28 U.S.C. § 2461:

a. all right, title, and interest in all the Defendant's assets, foreign and domestic, including but not limited to the Seized Assets;

b. all right, title, and interest in all the Defendant's assets, foreign and domestic, acquired and maintained with the intent and for the purpose of supporting, planning, conducting, and concealing a Federal crime of terrorism against the United States, citizens and residents of the United States, and their property, including but not limited to the Seized Assets; and

3

  c.  all right, title and interest in all the Defendant's assets, foreign and domestic, derived from, involved in, and used and intended to be used to commit a Federal crime of terrorism against the United States, citizens and residents of the United States, and their property; including, but not limited to, the Seized Assets, and a sum of money representing the value of the property described above as being subject to forfeiture

(collectively the "Forfeitable Assets");

WHEREAS, based upon the evidence submitted at trial and the Defendant's conviction on Counts One, Two, Four, Six, Seven, Nine, Eleven, Twelve, Fourteen, Twenty-Three, Twenty-Five, Twenty-Seven, and Twenty-Nine of the Indictment, the United States has established the requisite nexus between the Forfeitable Assets and the offenses on which the Defendant was convicted, and accordingly, the Forfeitable Assets are subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(G) and 28 U.S.C. § 2461; and

WHEREAS, pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, 18 U.S.C. § 981(a)(1)(G), and 28 U.S.C. § 2461, and, the United States is now entitled to a Preliminary Order of Forfeiture against the Forfeitable Assets.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1.  The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure and 18 U.S.C. § 981(a)(1)(G), that the government has established the requisite nexus between the Forfeitable Assets and the offenses to which the Defendant was convicted.

2.  Accordingly, all of the Defendants' interests in the Forfeitable Assets are hereby forfeited to the United States of America for disposition pursuant to 18 U.S.C. § 981(a)(1)(G), and 28 U.S.C. § 2461.

3.  Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States is hereby authorized to seize the Forfeitable Assets and maintain them in its secure custody and control.

4

4.      Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461, and Rule 32.2(b)(6)(C) of the Federal Rules of Criminal Procedure, the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture and notice of the United States' intent to dispose of the Forfeitable Assets.

5.      Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461, the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Forfeitable Assets.

6.      Pursuant to 21 U.S.C. § 853(n)(2) and (3), as incorporated by 28 U.S.C. § 2461, the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Forfeitable Assets, shall, within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Forfeitable Assets; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Forfeitable Assets, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Forfeitable Assets, any additional facts supporting the petitioner's claim, and the relief sought.

7.      Pursuant to 21 U.S.C. § 853(n)(7), as incorporated by 28 U.S.C. § 2461, following the Court's disposition of all petitions filed under 21 U.S.C. § 853(n)(6), or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of such petitions, the United States of America shall have clear title to the Forfeitable Assets.

8.      Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture, pursuant to Rule 32.2(c) of the Federal Rules of Criminal Procedure, 18 U.S.C. § 981(a)(1)(G), and 28 U.S.C. § 2461, in which all interests will be addressed.

9.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against the Defendant.

Date: June 24, 2015

_____
GEORGE A. O'TOOLE, JR.
United States District Judge