```
             UNITED STATES DISTRICT COURT
          FOR THE DISTRICT OF MASSACHUSETTS


                                    )
UNITED STATES OF AMERICA,           )
                                    )
        Plaintiff,                  )
                                    )   Criminal Action
v.                                  )   No. 13-10200-GAO
                                    )
DZHOKHAR A. TSARNAEV, also          )
known as Jahar Tsarni,              )
                                    )
        Defendant.                  )
                                    )


       BEFORE THE HONORABLE GEORGE A. O'TOOLE, JR.
              UNITED STATES DISTRICT JUDGE
```

**STATUS CONFERENCE**

```
   John J. Moakley United States Courthouse
              Courtroom No. 9
             One Courthouse Way
         Boston, Massachusetts  02210
           Tuesday, May 19, 2015
                10:04 a.m.



         Marcia G. Patrisso, RMR, CRR
            Official Court Reporter
         John J. Moakley U.S. Courthouse
        One Courthouse Way, Room 3510
         Boston, Massachusetts  02210
                (617) 737-8728

    Mechanical Steno - Computer-Aided Transcript
```

```
 1   APPEARANCES:

 2        OFFICE OF THE UNITED STATES ATTORNEY
          By: William D. Weinreb, Aloke Chakravarty and
 3            Nadine Pellegrini, Assistant U.S. Attorneys
          John Joseph Moakley Federal Courthouse
 4        Suite 9200
          Boston, Massachusetts  02210
 5        - and -
          UNITED STATES DEPARTMENT OF JUSTICE
 6        By: Steven D. Mellin, Assistant U.S. Attorney
          Capital Case Section
 7        1331 F Street, N.W.
          Washington, D.C.  20530
 8        On Behalf of the Government

 9        FEDERAL PUBLIC DEFENDER OFFICE
          By: Miriam Conrad, Federal Public Defender
10        51 Sleeper Street
          Fifth Floor
11        Boston, Massachusetts  02210
          - and -
12        CLARKE & RICE, APC
          By: Judy Clarke, Esq.
13        1010 Second Avenue
          Suite 1800
14        San Diego, California  92101
          - and -
15        LAW OFFICE OF DAVID I. BRUCK
          By: David I. Bruck, Esq.
16        220 Sydney Lewis Hall
          Lexington, Virginia  24450
17        On Behalf of the Defendant

18

19

20

21

22

23

24

25
```

```
 1                     P R O C E E D I N G S
 2          THE CLERK:  All rise for the Court.
 3          (The Court enters the courtroom at 10:04 a.m.)
 4          THE CLERK:  The United States District Court for the
 5  District of Massachusetts.  Court is in session.  Please be
 6  seated.
 7          For a status conference, United States versus Dzhokhar
 8  Tsarnaev, 13-10200.  Would counsel identify yourselves, please.
 9          MR. WEINREB:  Good morning, your Honor.  William
10  Weinreb for the United States.
11          MR. CHAKRAVARTY:  As well as Aloke Chakravarty, your
12  Honor.
13          MS. PELLEGRINI:  Good morning, your Honor.  Nadine
14  Pellegrini.
15          MR. MELLIN:  Good morning, your Honor.  Steve Mellin.
16          MS. CLARKE:  Judge Clarke, David Bruck and Miriam
17  Conrad for Mr. Tsarnaev, who is not present.
18          THE COURT:  Yes.  Good morning. Basically, I want to
19  talk about scheduling.  I think we briefly, on a prior
20  occasion, referred to the expectation that if the verdict were
21  as it turned out to be that there would be a post-trial motion,
22  and so we'll plan in the scheduling for that, and opposition to
23  that and so on.
24          So I guess in terms of a formal sentencing hearing, we
25  would be looking sometime after the end of June.  In July.  So
```

```
 1    I guess I'd just -- it's dependent to some degree how we
 2    schedule it by what the dimensions of the hearing might be.  So
 3    I guess I'd ask the government for that, what you expect from
 4    your side.
 5              MR. WEINREB:  Your Honor, as of now we have
 6    approximately 20 individuals who have requested an opportunity
 7    to be heard at the sentencing hearing.  It's unclear whether
 8    that number will grow over time.
 9              THE COURT:  Or diminish.
10              MR. WEINREB:  Or diminish.  I'm not sure why it would
11    diminish, but...
12              THE COURT:  Okay.
13              MR. WEINREB:  So even with that number and, frankly,
14    even with substantially more than that number, we anticipate
15    the entire proceeding could still take place in a single day.
16    And sometime in mid-July seems as good a date as any.
17              THE COURT:  You mentioned on a prior occasion the
18    possibility of written submissions by victims as well?
19              MR. WEINREB:  Yes.  So we have received written
20    submissions.  Many of the people who have written submissions
21    have also requested an opportunity to be heard in person.  It
22    may be, again, that we'll receive more written submissions than
23    oral requests.  Time will tell.
24              THE COURT:  Okay.  From the defense point of view?
25              MS. CLARKE:  Well, Judge, we would like to ask the
```

1  Court to extend the time under Rule 29 and Rule 33 for 90 days
2  to file the new trial motions and the post-trial pleadings.
3  That would put our request to file in mid-August.  The Court
4  could go forward with sentencing before that time.  It makes,
5  probably, more sense to go forward with sentencing after that
6  time.
7          THE COURT:  Why do you need such a long time?
8          MS. CLARKE:  Well, we've got a number of sealed
9  pleadings to figure out how to deal with, we've got a number of
10 sealed transcripts to figure out whether we have.  You know,
11 there are just some logistical issues sort of surfacing the
12 record that we feel like we need to make in the -- any
13 post-trial motions.  So we're trying to be realistic about the
14 amount of time and thought that 90 days would be appropriate.
15 It's our understanding that that's not an unusual amount of
16 time in cases -- in the federal cases resulting in death
17 verdicts.
18         THE COURT:  Okay.  Does the government --
19         MR. WEINREB:  Your Honor, I think there's a very
20 strong interest in finality in this matter, and 90 days seems
21 excessive to us.  Presumably, in the context of a new trial,
22 we're going to be revisiting some issues that have already been
23 decided by the Court.  As for the unsealing of matters, it's
24 unclear to me why that should take an excessively long time.
25 We've been getting, you know, transcripts expedited.  There's

1    been no problem with that.  We -- I hesitate to put a fixed
2    number on it because it would seem arbitrary, but I think 30
3    days for the filing of a new trial motion and then two weeks
4    for the government to respond would be a more --
5         THE COURT:  What -- do you have a view as to whether
6    the sentencing might occur before the time for filing a new
7    trial motion?
8         MR. WEINREB:  So we were just debating that among
9    ourselves.  We don't -- I guess that our collective view at
10   this point is that there's no legal obstacle to doing it.
11        THE COURT:  Okay.
12        MR. WEINREB:  Whether as a prudential matter it makes
13   sense is another story, but I think we would be -- the
14   government would have no objection to going ahead with the
15   sentencing before --
16        THE COURT:  Well, if that were the case, then we could
17   do the sentencing a lot sooner than July.
18        MR. WEINREB:  That's true.
19        THE COURT:  I mean, if the order didn't matter.  The
20   reason that I suggested that range was thinking on a shorter
21   time frame for the motions.  But if that doesn't matter, we
22   could proceed rather expeditiously.
23        MR. WEINREB:  Yeah.  My proposal would be that we do
24   follow that plan.  It seems like that would accommodate
25   everybody's interests successfully, that we set a trial

1  date -- a sentencing date shorter than July.  Perhaps in 30
2  days.  The parties can -- the Court can then set a briefing
3  schedule that's more in line with what the defense has
4  requested, and if either party believes that there is some
5  legal obstacle to doing it that way, we can let you know after
6  we leave here today.
7              THE COURT:  How's that procedure sound?
8              MS. CLARKE:  I think that would be fine.  I think --
9  our interest is in doing a -- as good a job as we can on the
10 post-trial motions for the Court.  And if, you know, the end of
11 June or 30 days works for sentencing, we don't see a legal
12 obstacle.  It appears that the notice of appeal is within a
13 14-day period after the entry of judgment or the ruling on a
14 timely filed post-trial motion.  So that would just simply
15 extend --
16             THE COURT:  And "timely filed" would be filed in
17 accordance with the schedule set by the Court.
18             MS. CLARKE:  Yes.
19             THE COURT:  So that it would extend it out to the end
20 of that -- I was just doing some --
21             MS. CLARKE:  Calculations?  Yes.
22             THE COURT:  Well, considering alternatives as well,
23 whether it would be necessary, for example, to file a
24 placeholder motion to be substituted later, just to be sure
25 that it was preserved.  I don't think it's probably necessary

```
 1  if I extend the time, so...
 2          All right.  Well, let me think along those lines,
 3  then.  I think that makes sense, to proceed to the sentencing
 4  with an extension for the time for filing.
 5          And is it the government's view, then, that the
 6  time -- you don't object to the time if the sentencing occurs
 7  first; the 90-day frame?
 8          MR. WEINREB:  We don't.
 9          THE COURT:  Okay.  All right.  So we'll proceed along
10  those lines.  I'll enter an order that sets the dates.
11          Another project which has been referred to is
12  unsealing.  And we have drafted, but not put a date into, an
13  order requesting the parties to review the docket and suggest
14  what they think may now be unsealed.  That's going to be a
15  project of some considerable effort.  So I don't want it to be
16  too tight, but I do want to be sure that we move to unseal as
17  much as we can.  I mean, so much of it related to two major
18  areas:  protection of the jury from extraneous information and
19  just avoiding public discussion of evidence that might never be
20  evidence and that might reveal strategies that could be
21  disadvantageous, particularly to the defendant.  So there's
22  a -- I would suspect a large bulk of the sealed material that
23  would be affected by those considerations that time has now
24  reduced.
25          So what do you think would be a reasonable time period
```

1   for an unsealing proposal?
2           MS. CLARKE:  I think, Judge, we would work
3   expeditiously on that.  Our glitch is that we're not exactly
4   sure what was sealed and what the docket entry numbers are.  So
5   if Mr. Danielli could assist us in providing copies, I think
6   that would really expedite things.  So it would depend sort of
7   on how quickly he could do that, and then we could turn around
8   quickly -- we agree with the Court that the presumption
9   is -- with the exception of ex parte matters, the presumption
10  would be to move expeditiously to unseal.
11          THE COURT:  Yeah.  Okay.  So we will see how we can
12  help with that information.
13          MR. WEINREB:  Your Honor, can we propose -- in terms
14  of picking the actual date for the sentencing in June, if Mr.
15  Lyness could, perhaps, propose some dates to the parties,
16  because various people now have commitments for late June.  And
17  we'll try to work with the defense to come up with a date that
18  works for everybody.
19          THE COURT:  Yeah, we can give several dates that would
20  work on our calendar and see what the consensus is.  That's
21  fine.  Particularly if we're only looking at one day.
22          MR. WEINREB:  Right.
23          THE COURT:  I mean, I wasn't certain from what had
24  been said previously whether it might be a multi-day project.
25  But if it's going to be one day, I'm pretty sure we're pretty

1   flexible in terms of scheduling.
2          MR. WEINREB:  Then with respect to unsealing, we do
3   think 30 days would be enough time -- we have the same issue as
4   the defense:  We need to make sure that we have the correct
5   docket numbers associated with all the sealed pleadings so we
6   can refer to them in a way that everybody knows what each other
7   is talking about.  But even with that, we think we can get it
8   done in 30 days.
9          With respect to ex parte filings, the
10  Court -- obviously, the parties can't move with respect to each
11  other's ex parte filings without having some idea what the
12  nature of them is.  One proposition we were going to float is
13  that the sealing motions themselves at least be made available
14  to the opposing party with respect to ex parte motions so that
15  the opposing party can take a position on whether that was
16  really a matter that needed to be sealed, or at least needs to
17  be sealed any further, without looking at the actual underlying
18  motions.
19         THE COURT:  Okay.
20         MR. WEINREB:  I know that, for example, funding
21  requests and things like that, those are routinely unsealed in
22  these cases at the end.  You can look up what everyone's paid
23  in all previous death penalty cases.
24         MS. CLARKE:  Actually, that's not the case but...
25         THE COURT:  That's not my understanding either.  That

1  occurs after the judgment, I think, and maybe after proceedings
2  have terminated at this level, I think.
3           MR. WEINREB:  Well, that may be, yes, if you're just
4  talking about unsealing now presentencing kinds of things.
5           THE COURT:  Yeah, there may be -- I guess that there
6  may be waves of unsealing, or stages.
7           MS. CLARKE:  Right.  And I'm sure we can address this
8  with the Court, but our understanding is it's typically not
9  until after, at least, the direct appeal, if not longer.
10          THE COURT:  I haven't looked beyond my own horizon.
11          MS. CLARKE:  I can certainly appreciate that.
12          MR. WEINREB:  Well, that may be.  I'm not -- I was
13  just throwing that out there for future consideration.
14          THE COURT:  Yeah.  I'm not sure it's happened yet, by
15  typically at the conclusion of a case the JERS system will be
16  closed down and a disk will be provided to both sides.  So we
17  expect that to happen today or tomorrow, okay?
18          And I think that's what I have on my agenda.
19          Anything else?
20          (No verbal response.)
21          THE COURT:  So I'll issue some scheduling orders
22  shortly.
23          MS. CLARKE:  Thank you, your Honor.
24          MR. WEINREB:  Thank you, your Honor.
25          THE CLERK:  All rise for the Court.

1         (The Court exits the courtroom at 10:17 a.m.)
2         THE CLERK:  Court will be in recess.
3         (The proceedings adjourned at 10:17 a.m.)
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

```
 1                    C E R T I F I C A T E
 2
 3         I, Marcia G. Patrisso, RMR, CRR, Official Reporter of
 4   the United States District Court, do hereby certify that the
 5   foregoing transcript constitutes, to the best of my skill and
 6   ability, a true and accurate transcription of my stenotype
 7   notes taken in the matter of Criminal Action No. 13-10200-GAO,
 8   United States of America v. Dzhokhar A. Tsarnaev.
 9
10   /s/ Marcia G. Patrisso
     MARCIA G. PATRISSO, RMR, CRR
11   Official Court Reporter
12
     Date:
13
```