UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 13-10200-GAO |
| | ) | |
| DZHOKHAR TSARNAEV | ) | |

**DEFENDANT'S PRELIMINARY MOTION FOR NEW TRIAL PURSUANT TO FED. R. CRIM. P. 33 AND FOR JUDGMENT NOTWITHSTANDING VERDICT PURSUANT TO FED. R. CRIM. P. 29
(FOR LATER SUPPLEMENTATION PER COURT SCHEDULING ORDER)**

Defendant, Dzhokhar Tsarnaev, by and through counsel, hereby files this preliminary motion for a new trial, pursuant to Fed. R. Crim. P. 33, and for a judgment in his favor pursuant to Fed. R. Crim. P. 29, as to each of his convictions and death sentences. A new trial is required in the interests of justice and judgments notwithstanding the verdict are required as a matter of evidentiary insufficiency.

In keeping with the Court's suggestion at a recent status conference, Mr. Tsarnaev files this motion as a "placeholder," to address the Court's expressed concern about ensuring compliance with time and preservation requirements. As the Court also suggested, and in accordance with the Court's assented-to scheduling order allowing Mr. Tsarnaev until August 17, 2015, to submit such post-trial, motions, Mr. Tsarnaev will supplement this placeholder motion with an additional filing on or before that date.

Undersigned counsel further state as follows:

1.     At a capital trial in this Court, a jury rendered verdicts convicting Mr. Tsarnaev of multiple charges and sentencing him to death on six capital counts.

2.      After the trial, at a status conference on May 19, 2015, the Court noted that "we briefly, on a prior occasion, referred to the expectation that if the verdict were as it turned out to be that there would be a post-trial motion and so we'll plan in the scheduling for that." 5/19/15 Tr. at 3. Defense counsel indicated to the Court that they were requesting a 90-day extension for the filing of post-trial motions under Rules 29 and 33. *Id.* at 5. The prosecutor said that the government would not oppose such a schedule so long as the extension would not delay the sentencing hearing. The Court agreed it made sense to extend the post-trial motions filing deadline, but suggested it might be prudent for defense counsel to "to file a placeholder [post-trial] motion to be substituted later, just to be sure that it was preserved." *Id.* at 7.

3.      About a week later, on May 28, 2015, Mr. Tsarnaev filed an assented-to motion requesting a 90-day extension of the ordinary 14-day deadline for Rule 29 and Rule 33 motions challenging his convictions and sentences, which would extend the due date to August 17, 2015. *See* D.E. 1447; Fed. R. Crim. P. 45(b) (affording district court discretion to extend time limits). Later that day, the Court entered a docket order granting that defense motion, D.E. 1448, and a separate scheduling order allowing Mr. Tsarnaev until August 17, 2015, to file and serve such post-trial motions "and all supporting material, including specific and detailed citations to the record and appropriate legal authority." D.E. 1449.

4.      About a month later, on June 24, 2015, the Court formally sentenced Mr. Tsarnaev. The Judgment was entered on the docket on June 25, 2015.

5.      Pursuant to the Court's orders and suggestions, Mr. Tsarnaev is filing, herein, a "placeholder" motion under Rules 29 and 33, as the Court described it, within the 14-day period after the entry of judgment, so as to foreclose any possible concern about timeliness or preservation such as were reflected by the Court's comments at the May 19 status conference.  In keeping with the Court's suggestion at that conference that Mr. Tsarnaev file such a placeholder motion that he would later supplement, and in keeping with the Court's order setting August 17 as the deadline for submitting "all supporting material, including specific and detailed citations to the record and appropriate legal authority" in connection with his post-trial motions, Mr. Tsarnaev files the instant motion while intending to make such a supplemental filing by that date.

6.      At Mr. Tsarnaev's sentencing, the Court told defense counsel that its recollection was that the notice of appeal in this case should be filed within 14 days of the judgment, but would not become effective until the post-trial motions were decided. 6/24/15 Tr. at 3-4. Defense counsel appreciate the Court's concern to ensure full compliance by the defense with timeliness and preservation requirements, and counsel have subsequently heeded the Court's invitation to scrutinize the rule.  While it is correct that a notice of appeal filed before the court disposes of Mr. Tsarnaev's post-trial motions would not become effective until those motions are decided, *see* Fed. R. App. P. 4(b)(3)(B), the Rule also allows Mr. Tsarnaev to wait until after those motions are decided to file his notice of appeal.  *See* Fed. R. App. P. 4(b)(3)(A) ("If a defendant timely makes" Rule 29 or Rule 33 motion, "the notice of appeal from a judgment of conviction must be filed within 14 days after the entry of the order disposing of the last

3

such remaining motion"). Counsel will take that course, and assure the Court they will file such a timely notice of appeal in the event the Court denies their post-trial motions in whole or in part.

Respectfully submitted,
DZHOKHAR TSARNAEV
by his attorneys

/s/ Judy Clarke

Judy Clarke, Esq. (CA Bar # 76071)
CLARKE & RICE, APC
1010 Second Avenue, Suite 1800
San Diego, CA 92101
(619) 308-8484
JUDYCLARKE@JCSRLAW.NET

David I. Bruck, Esq.
220 Sydney Lewis Hall
Lexington, VA 24450
(540) 460-8188
BRUCKD@WLU.EDU

Miriam Conrad, Esq. (BBO # 550223)
Timothy Watkins, Esq. (BBO # 567992)
William Fick, Esq. (BBO # 650562)
FEDERAL PUBLIC DEFENDER OFFICE
51 Sleeper Street, 5th Floor
(617) 223-8061
MIRIAM_CONRAD@FD.ORG
TIMOTHY_WATKINS@FD.ORG
WILLIAM_FICK@FD.ORG

### Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 6, 2015.

/s/   Judy Clarke

4