UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 13-10200-GAO |
| | ) | |
| DZHOKHAR TSARNAEV | ) | |

**ASSENTED-TO MOTION FOR SIX-WEEK ENLARGEMENT OF TIME
TO SUBMIT INFORMATION IN SUPPORT OF CLAIMS FOR RESTITUTION**

The United States of America, by and through its undersigned counsel, respectfully moves for a six-week enlargement of time -- until September 28, 2015 -- in which to submit information in support of claims for mandatory restitution pursuant to 18 U.S.C. § 3664. The government also moves that the schedule be further adjusted to allow the defendant time to respond to the government's restitution proposal and the Court to conduct any necessary hearing. The defendant, without waiving any objection to restitution, assents to this motion.

On April 8, 2015, the defendant, Dzhokhar Tsarnaev, was found guilty by a jury of 30 crimes of violence. On June 24, 2015, the Court sentenced Tsarnaev to death on some counts and prison terms on the remainder. The Court also stated that as part of the sentence Tsarnaev would be ordered to pay restitution in an amount to be determined on September 22, 2015. This portion of the sentence is reflected on page 7 of the judgment and commitment order. (Dkt. 1480).

An order of restitution is a mandatory penalty for all crimes of violence. 18 U.S.C. § 3663A(a)(1). The defendant must be ordered to "pay an amount equal to the cost of necessary medical and related professional services and devices relating to

physical, psychiatric, and psychological care," "the cost of necessary physical and occupational therapy and rehabilitation," and lost income, for each victim of his crime(s).  Id. § 3663(b)(2).  The restitution statute directs the government to gather this information and provide it to the probation officer, who must then prepare a report containing "information sufficient for the court to exercise its discretion in fashioning a restitution order."  Id. § 2664(a).  If all this cannot be done at least 10 days before sentencing, the Court may set a later date "not to exceed 90 days after sentencing."  Id. § 3664(d)(5).  As noted earlier, that is what the Court did in this case:  it sentenced the defendant to pay restitution (among other things) and deferred until September 22, 2015, the determination of the exact amount.

In Dolan v. United States, 560 U.S. 605 (2010), the Supreme Court held that a sentencing court may impose a restitution order even after the 90-day deadline where, as here, the court made clear before the deadline's expiration that it would order restitution, leaving open only the amount.  Id. at 611.  Other courts have effectively extended the 90-day deadline on Dolan's authority.  See, e.g., United States v. Rodriguez, 751 F.3d 1244, 1250 (11th Cir. 2014).  The government respectfully requests that the Court do so here.

The government requires an additional six weeks to gather and compile information in support of restitution because the process has proved unexpectedly complex.  The number of deceased and seriously injured victims, the magnitude of their losses, and the variety of medical and professional services and devices related

to their care, make the process of calculating their losses subject to restitution time-consuming.  Additional time will allow the government to calculate those losses with the accuracy needed for purposes of a detention order.

Tsarnaev's attorneys have informed the government that, without waiving any objections to restitution, they assent to this motion for an enlargement of time.

WHEREFORE, the government respectfully requests that the Court extend to September 28, 2015, the time in which the government may submit information in support of claims for mandatory restitution pursuant to 18 U.S.C. § 3664, and further adjust the schedule to allow sufficient time for the defendant to file a response and the Court to conduct any necessary hearings.

    Respectfully submitted,

    CARMEN M. ORTIZ
    United States Attorney

    /s/ William Weinreb
    Nadine Pellegrini
    William D. Weinreb
    Aloke S. Chakravarty
    Assistant U.S. Attorneys
    U. S. Attorney's Office

**Certificate of Service**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on August 11, 2015.

    /s/ William Weinreb
    William Weinreb