UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 13-10200-GAO

UNITED STATES OF AMERICA

v.

DZHOKHAR A. TSARNAEV,
Defendant.

OPINION AND ORDER
August 24, 2015

O'TOOLE, D.J.

Boston Globe Media Partners, LLC (the "Globe") has moved for public disclosure of the names and addresses of trial jurors in this case.[1] During trial, the identities of the jurors were not disclosed, primarily in order to encourage full candor by jurors during individual voir dire and to minimize the risk of exposure to extrajudicial influences that would impair the rights of the parties, and particularly the defendant, to a fair trial. See United States v. Tsarnaev, Cr. No. 13-10200-GAO, 2015 WL 631330, at *2-3 (D. Mass. Feb. 13, 2015). The defendant has indicated he has no objection to allowance of the Globe's present motion. The government has not responded to the motion. No one has represented the jurors' interests or positions in the matter.

The defendant has moved for a new trial on various grounds, and in support of that motion argues for examination of the social media activity of the trial jurors and people to whom they are connected on social networks. (Mem. in Supp. of Mot. for J. Notwithstanding Verdict and for New Trial at 13-27 (dkt. nos. 1506 and 1509).) Portions of the supporting submission are appropriately

---

[1] The Motion of Trustees of Boston University, d/b/a WBUR-FM to Join in Motion for Access to Jury List (dkt. no. 1499) is GRANTED.

under seal pending further order given that the submission includes personal information of jurors not generally available to the public. It is inevitable that, if the jurors were to be identified while the new trial motion remains pending, there will be press attempts to interview the jurors and individuals in their social networks about issues raised by the defense motion and argument. If there is to be any inquiry into the jurors' performance of their duties or fidelity to their oath, it should be done as much as possible through the orderly process of litigation and not through the headlines and the evening news. In light of the arguments raised by the defendant, disclosing juror identities while the post-trial issues remain to be resolved will very likely interfere with the integrity of the proceedings.

Consequently, I find that the interests of justice in this exceptional case are best met by a delay in the release of jurors' identities until the completion of proceedings in this Court. While I recognize that the delay in the release of juror names is considerably longer than in many other cases, this case is also unusual in the extended length of time the parties have been allowed at the defendant's request to engage in post-trial motion practice. The jurors will ultimately be identified. The "values to be promoted by press access" to their identities "are no less advanced" by a postponement, see Sullivan v. Nat'l Football League, 839 F. Supp. 6, 7 (D. Mass. 1993), particularly where the public has had very broad access to information about the jurors through the voir dire process, see, e.g., Milton Valencia and Andrew Ba Tran, *The Dzhokhar Tsarnaev Jury Pool,* Boston Globe (Feb. 2015), *available at* https://www.bostonglobe.com/metro/2015/02/11/the-potential-jurors-dzhokhar-tsarnaev-trial/spC2IAyCqUNPQouAJlwWEI/story.html (last visited August 24, 2015) (displaying a data table for potential jurors capturing juror number, gender, employment, opinions on guilt and the death penalty, and "potential bias/difficulty serving" with links to relevant then-live tweets). Press

coverage, including that of the present movants, suggests that the media has not been significantly impeded in their reporting about the jurors.

For the foregoing reasons, the Motion of Boston Globe Media Partners, LLC in Support of Motion for Access to Jury List (dkt. no. 1462) is DENIED without prejudice to renewal when the pending post-trial matters have been concluded.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge