```
              UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF MASSACHUSETTS


                                    )
UNITED STATES OF AMERICA,           )
                                    )
        Plaintiff,                  )
                                    )  Criminal Action
v.                                  )  No. 13-10200-GAO
                                    )
DZHOKHAR A. TSARNAEV, also          )
known as Jahar Tsarni,              )
                                    )
        Defendant.                  )
                                    )


        BEFORE THE HONORABLE GEORGE A. O'TOOLE, JR.
              UNITED STATES DISTRICT JUDGE
```

**JURY TRIAL - DAY ONE - A.M. SESSION**

```
     John J. Moakley United States Courthouse
              Jury Assembly Room
              One Courthouse Way
         Boston, Massachusetts  02210
            Monday, January 5, 2015
                  9:15 a.m.


         Marcia G. Patrisso, RMR, CRR
            Official Court Reporter
         John J. Moakley U.S. Courthouse
         One Courthouse Way, Room 3510
         Boston, Massachusetts  02210
                (617) 737-8728

     Mechanical Steno - Computer-Aided Transcript
```

```
 1    APPEARANCES:

 2         OFFICE OF THE UNITED STATES ATTORNEY
           By: William D. Weinreb, Aloke Chakravarty and
 3             Nadine Pellegrini, Assistant U.S. Attorneys
           John Joseph Moakley Federal Courthouse
 4         Suite 9200
           Boston, Massachusetts  02210
 5         On Behalf of the Government

 6         FEDERAL PUBLIC DEFENDER OFFICE
           By: Miriam Conrad, William W. Fick and Timothy G. Watkins,
 7             Federal Public Defenders
           51 Sleeper Street
 8         Fifth Floor
           Boston, Massachusetts  02210
 9         - and -
           CLARKE & RICE, APC
10         By: Judy Clarke, Esq.
           1010 Second Avenue
11         Suite 1800
           San Diego, California  92101
12         - and -
           LAW OFFICE OF DAVID I. BRUCK
13         By: David I. Bruck, Esq.
           220 Sydney Lewis Hall
14         Lexington, Virginia  24450
           On Behalf of the Defendant
15

16

17

18

19

20

21

22

23

24

25
```

P R O C E E D I N G S

THE CLERK: All rise for the Honorable Court.

(The Court enters the jury assembly room at 9:15 a.m.)

THE COURT: You may be seated. Good morning, ladies and gentlemen.

THE JURORS: Good morning.

THE COURT: My name is Judge O'Toole. I'm going to be presiding over this matter. I want to welcome you to this proceeding of the United States District Court for the District of Massachusetts, and especially to thank you for coming here today. You are here because you have been summoned to be available for service as trial jurors in this court.

The resolution of legal controversies, both civil and criminal, by trial of the matter before a jury of citizens drawn from the community is one of the most fundamental principles of our entire system of justice. You may recall from your study of American history that among the grievances against King George set forth in the Declaration of Independence were that he had "obstructed the administration of justice" and "has made judges dependent on his will alone."

Because of their experience in this respect, the founders were determined that the Constitution of the new nation would guarantee the right to trial by jury, and they wrote that guarantee into the Sixth and Seventh amendments of the Constitution, part of the Bill of Rights. In doing so,

they assured that the outcome of legal cases would ultimately be entrusted not to officers of the government alone, but rather, to the public: ordinary citizens convened and acting as trial jurors.

We are about to begin the process of selecting a jury for a trial in a criminal case. The name of the case is *United States v. Dzhokhar Tsarnaev*. Mr. Tsarnaev is charged in connection with events that occurred near the finish line of the Boston Marathon on April 15, 2013, and that resulted in the deaths of three people. Mr. Tsarnaev is also charged with the death of an MIT police officer and other crimes that occurred on April 18 and 19, 2013.

In a criminal prosecution, the burden is always on the government to prove by factual evidence that the defendant is guilty of any crime he is accused of. And accordingly, every defendant is presumed to be not guilty until the government has proved otherwise at trial. The government bears the burden of proving a defendant's guilt beyond a reasonable doubt.

The jury that we are about to start selecting today and in the next several days will have the task of considering the evidence produced during the trial, and deciding on the basis of that evidence whether the government has proven the defendant's guilt of the charges against him beyond a reasonable doubt or not.

This case differs from many other criminal cases,

1  however, in a significant way.  Usually after a jury has
2  convicted a defendant of a crime, the presiding judge decides
3  what the punishment should be.  In this case, however,
4  Mr. Tsarnaev is accused of crimes that are potentially
5  punishable by a sentence of death.  If, after trial, he is
6  convicted of any of these crimes, under the law it is the
7  responsibility of the jury rather than the judge to decide
8  whether Mr. Tsarnaev should be sentenced to death, or instead,
9  to life imprisonment without possibility of release, the only
10 other possible sentence for such a crime.
11         In essence, in our democracy we have committed these
12 solemn and important decisions not to judges answerable to the
13 sovereign alone, not to the press, not to the public opinion,
14 and certainly not to the mob.  We have committed this important
15 duty to ourselves collectively as the people, the people who
16 establish the constitutional order in the first place.  And we
17 the people, therefore, ask some of our fellow citizens to
18 assume the high duty of convening as a trial jury and to
19 resolve the issues presented with a firm disposition and
20 commitment to do justice fairly and impartially.
21         Accordingly, it is the civic responsibility of every
22 citizen to appear and serve as a juror when called unless
23 seriously unable to do so.  Such service is both an obligation
24 of citizenship and an opportunity to perform a vital public and
25 civic function.  Juries are composed of citizens from all walks

of life, each of whom brings his or her own personal perspective and life experience to the task. You do not need to have any special education or experience to be a juror; what you do need is a commitment to justice.

Acknowledging the importance of jury service is not to ignore the obvious point, that your appearance here is, at the very least, inconvenient. We ask jurors to set aside their usual routines for a time to perform an important and necessary public service. Certainly serving on a jury, if you are chosen to serve, will require you to make some adjustments in your daily lives. You should not, however, think of your jury service, if you're chosen to sit on this jury, as an annoying burden.

Jurors regularly report to my colleagues and to me that they have found their service to be one of the most interesting and memorable experiences of their lives. After most trials, I meet briefly with jurors to thank them for their service. Uniformly, in the course of those discussions, jurors tell me that their experience was worthwhile, interesting and fundamentally important to them.

Jurors who seem to me to be nervous and unsure at the beginning of the case after a verdict have a calm and solemn sense of a duty responsibly performed. If you are chosen to serve in this case, I fully expect you will find the experience to do the same.

1                Let me explain how we will proceed with the selection
2     process.  When I finish these preliminary remarks, a
3     questionnaire will be distributed to you.  You'll fill out the
4     questionnaire before leaving today.  As you fill it out, please
5     do not discuss the questions or your answers with anyone else
6     in the room, including the court staff who have been instructed
7     not to help you with your questionnaires.  The information on
8     the questionnaire must come from you and you alone.
9                Also, please understand there are no right or wrong
10    answers to the questions on the form.  All we ask is that you
11    answer each question truthfully and completely to the best of
12    your ability.  The questionnaires are not intended to pry into
13    personal matters unnecessarily, but there are some personal
14    things we must know in order to assure to both sides in this
15    case that the trial will be considered before a jury that is,
16    in truth, fair and impartial.  In addition, as a practical
17    matter, using the questionnaire process makes the process less
18    time-consuming and inconvenient for all, including you.
19               When you have filled out your questionnaire, you will
20    give it to a member of the court staff, and you will then be
21    free to leave.  During the coming week, the questionnaires will
22    be copied and then reviewed by the attorneys working on the
23    case and by me.
24               The completed questionnaire will initially be reviewed
25    only by the participants in this case and the Court.  The

filled out questionnaires will not become part of the public record unless and until I determine whether they include any sensitive information that should be kept confidential permanently. And if they do, I intend to keep that information and any possible further questioning about it from being available to the public.

When you leave, the court staff will give you a telephone number to call next week so that you may listen to a prerecorded message that will tell you about your possible future service in this case. Some jurors will be told that they have been excused permanently, some jurors will be told to come to court again on a particular day to participate further in the jury selection process, and some jurors will be told to call in again at a later date for further information.

If you are selected to serve, the trial proper is expected to start on or about January 26th, and it is expected to last about three to four months. The trial will generally be conducted Monday through Thursday each week from about 9 a.m. to about 4 p.m., with time for breaks and lunch. The jury will not ordinarily sit on Fridays except in a week where there is a legal holiday that falls on Monday. The trial will continue through any school vacation week.

If you are concerned that service as a juror in this case would be an unusually difficult hardship for you, you will have a chance to describe that hardship in the questionnaire.

1  If you're not excused based on what you have written, which may
2  happen, I will discuss the hardship request in person with you
3  when you come back to court.  Any request to be excused will be
4  seriously considered; however, I cannot guarantee that you will
5  necessarily be excused if you think jury service in this case
6  would be a hardship for you because finding a jury that
7  represents a fair cross-section of the community will always
8  pose some degree of hardship for those citizens who are chosen
9  to serve.
10          It is important that the men and women who are
11 selected as jurors in this case be able to listen to the
12 evidence presented in court and to decide the issues in the
13 case fairly and impartially.  I'll be using the terms "fairly"
14 and "impartially" again at times during the selection process.
15 Let me explain briefly to you what I mean.  To serve fairly and
16 impartially means to base a decision on the evidence presented
17 in court during the trial, applying the law as I will describe
18 it to you, and not based on any possible bias or prejudice or
19 anything that you have seen, heard, read or experienced outside
20 the courtroom including anything you may think you have
21 previously learned from, say, reports in the media.
22          There has been a great deal of publicity about this
23 case and there will continue to be.  The mere fact that prior
24 to this you may have read or heard something about the case
25 does not automatically mean that you cannot be a juror, but you

1  must be able to decide the issues in the case based on the
2  information or evidence that is presented in the course of the
3  trial, and not on information from any other sources.
4          The purpose of the jury selection process is to try to
5  ensure that each person selected is an appropriate juror for
6  this case, that the jury as a whole will fairly represent the
7  community, and that the jury will assure that the parties get
8  what they are entitled to:  trial before a fair and impartial
9  jury.
10         I now want to introduce some of the people who will be
11 involved in the trial of the case.  The government is
12 represented at this trial by Assistant United States Attorneys
13 Aloke Chakravarty, Nadine Pellegrini, and William Weinreb.
14         (Counsel for the government rise.)
15         MR. WEINREB:  Good morning.
16         THE COURT:  In addition, another attorney for the
17 government is Steven Mellin, who was unable to be with us this
18 morning.
19         You may be seated.
20         The defendant, Dzhokhar Tsarnaev, is represented by
21 attorneys David Bruck, Judy Clarke, Miriam Conrad, Bill Fick
22 and Tim Watkins.
23         (Counsel for the defense rise.)
24         THE COURT:  The defendant, Mr. Tsarnaev, is also
25 present, and I ask him now to stand.

1        (The defendant complies.)

2        THE COURT:  Thank you, all.

3        Although you have only heard briefly about this case
4   this morning, and indeed have heard no evidence yet about it,
5   it is extremely important until further notice that you do not
6   discuss this case among yourselves or with anyone else.  That
7   is because, as I've said, a jury's verdict must be based on the
8   evidence produced at trial and must be free from outside
9   influence.  Therefore, I now order each of you not to discuss
10  this case with your family, friends or any other person until I
11  either excuse you, or if you are selected as a juror, until the
12  trial concludes.  This is a court order, willful violation of
13  which may be punishable as a contempt of court or otherwise.

14       You may tell others that you may be a juror in the
15  case, and you may discuss the schedule with your family and
16  employer because those people are entitled to know when you
17  might not be available; however, you are not to discuss
18  anything else, or allow anyone to discuss with you anything
19  else until you have been excused, or if you're a juror, until
20  the case concludes.

21       This means, among other things, you may not speak to
22  any member of the news media about the case.  There is
23  legitimate public interest in this matter, and the news media
24  play a vital role in informing the public about it.  It would,
25  however, be improper for you to discuss this case or your role

1   in it with them.

2           If anyone should ask to speak to you about the case,
3   you should politely decline.  If anyone persists, please inform
4   the jury clerk or other court staff promptly.

5           I also instruct you from here on not to read, watch or
6   listen to any reports about the case in the media until you are
7   either excused, or if you're selected as a juror, until the
8   case concludes.  If you should, by chance, encounter a news
9   story in the newspaper, on the radio or television or on the
10  internet, please turn the page, change the channel or close the
11  screen.  Do not read, listen to or watch anything related to
12  the case, and do not under any circumstances do any online
13  research about the case, of anything or anyone who may be
14  connected with it.  This includes Googling or otherwise
15  researching the defendant, any of the witnesses or events
16  involved, or any of the trial participants such as the lawyers
17  or even the judge.

18          Likewise, you must not communicate about this case or
19  allow anyone to communicate about it with you by phone, text
20  message, Skype, email, social media, such as Twitter or
21  Facebook.  Please do not discuss this case or anything I have
22  just said with any of the other potential jurors or anybody
23  else here today.

24          I'm almost finished with these remarks.

25          Take the time necessary to respond to the

1   questionnaire thoughtfully, honestly and completely.  Remember
2   that there are no right or wrong answers to any of the
3   questions.  Please write or print clearly.  You'll see a
4   section at the top of the right corner of the page that says
5   "Juror No.___."  Do not fill out that section.  The court staff
6   will fill that out after you have completed your questionnaire.
7           If you cannot answer a question because you do not
8   understand it, write:  "Do not understand."  If you cannot
9   answer a question because you don't know the answer, write:
10  "Do not know."  If you want to explain your answer, do so
11  either in the space provided on the questionnaire, or in
12  response to the last question on the questionnaire, where you
13  have additional space to write.  If you use that space, be sure
14  to write the number of the question that you're continuing the
15  answer to.
16          Please fill out the entire questionnaire.  If you
17  would prefer to answer a sensitive question orally rather than
18  in writing, you may write:  "Private" in response to that
19  question.
20          You'll receive two attachments to the questionnaire, A
21  and B.  They are lists of potential witnesses in the case.  As
22  you will read when you complete the questionnaire, you should
23  treat them differently.  If you believe you know someone on
24  Attachment A, you should write the number of that person in
25  response to the appropriate question on the questionnaire; in

```
 1   other words, you don't write on Attachment A.  You write in the
 2   questionnaire the number of the person on the list of
 3   Attachment A.  If you believe you know someone on Attachment B,
 4   you should only circle the person's name on Attachment B, and
 5   not write it anywhere in the questionnaire.
 6          Because your answers are part of this vital jury
 7   selection process, your answers must be truthful and signed at
 8   the end under penalty of perjury, as you will see on the
 9   questionnaire.  Again, once have you completed and signed the
10   questionnaire, you should give it to a member of the court
11   staff.  You may not leave the room with either the
12   questionnaire or either of the attachments.
13          Let me conclude as I began, by thanking you for being
14   here this morning and for taking part in this important
15   process.  We need your help and we need your honest performance
16   of this important duty of citizenship.
17          We will now recess this session of the court and
18   distribute the questionnaires.
19          THE CLERK:  All rise for the Honorable Court.
20          (The Court exits the jury assembly room and the
21   proceedings concluded at 9:34 a.m.)
22
23
24
25
```

C E R T I F I C A T E

I, Marcia G. Patrisso, RMR, CRR, Official Reporter of the United States District Court, do hereby certify that the foregoing transcript constitutes, to the best of my skill and ability, a true and accurate transcription of my stenotype notes taken in the matter of Criminal Action No. 13-10200-GAO, United States of America v. Dzhokhar A. Tsarnaev.

/s/ Marcia G. Patrisso
MARCIA G. PATRISSO, RMR, CRR
Official Court Reporter

Date: 9/8/15