```
               UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MASSACHUSETTS


                                  )
UNITED STATES OF AMERICA,         )
                                  )
        Plaintiff,                )
                                  )   Criminal Action
v.                                )   No. 13-10200-GAO
                                  )
DZHOKHAR A. TSARNAEV, also        )
known as Jahar Tsarni,            )
                                  )
        Defendant.                )
                                  )


        BEFORE THE HONORABLE GEORGE A. O'TOOLE, JR.
              UNITED STATES DISTRICT JUDGE
```

**JURY TRIAL - DAY ONE - P.M. SESSION**

```
     John J. Moakley United States Courthouse
              Jury Assembly Room
              One Courthouse Way
         Boston, Massachusetts  02210
          Monday, January 5, 2015
                 1:05 p.m.


       Marcia G. Patrisso, RMR, CRR
           Official Court Reporter
       John J. Moakley U.S. Courthouse
        One Courthouse Way, Room 3510
         Boston, Massachusetts  02210
                (617) 737-8728

   Mechanical Steno - Computer-Aided Transcript
```

```
 1    APPEARANCES:

 2         OFFICE OF THE UNITED STATES ATTORNEY
           By: William D. Weinreb, Aloke Chakravarty and
 3             Nadine Pellegrini, Assistant U.S. Attorneys
           John Joseph Moakley Federal Courthouse
 4         Suite 9200
           Boston, Massachusetts  02210
 5         On Behalf of the Government

 6         FEDERAL PUBLIC DEFENDER OFFICE
           By: Miriam Conrad, William W. Fick and Timothy G. Watkins,
 7             Federal Public Defenders
           51 Sleeper Street
 8         Fifth Floor
           Boston, Massachusetts  02210
 9         - and -
           CLARKE & RICE, APC
10         By: Judy Clarke, Esq.
           1010 Second Avenue
11         Suite 1800
           San Diego, California  92101
12         - and -
           LAW OFFICE OF DAVID I. BRUCK
13         By: David I. Bruck, Esq.
           220 Sydney Lewis Hall
14         Lexington, Virginia  24450
           On Behalf of the Defendant
15

16

17

18

19

20

21

22

23

24

25
```

```
 1                    P R O C E E D I N G S
 2          THE CLERK:  All rise for the Honorable Court.
 3          (The Court enters the jury assembly room at 1:05 p.m.)
 4          THE COURT:  You may be seated.
 5          Good afternoon, ladies and gentlemen.
 6          THE JURORS:  Good afternoon.
 7          THE COURT:  My name is Judge George O'Toole.  I'm
 8   going to preside over this matter.  I want to welcome you to
 9   this proceeding of the United States District Court for the
10   District of Massachusetts, and especially to thank you for your
11   presence here today.  You are here because you have been
12   summoned to be available for service as a trial juror in this
13   court.
14          The resolution of legal controversies, both civil and
15   criminal, by trial of the matter before a jury of citizens
16   drawn from the community is one of the most fundamental
17   principles of our entire system of justice.  You may recall
18   from your study of American history that among the grievances
19   against King George set the forth in the Declaration of
20   Independence were that he has "obstructed the administration of
21   justice" and "has made judges dependent on his will alone."
22          Because of their experience in this respect, the
23   founders were determined that the Constitution of the new
24   nation would guarantee the right to trial by jury, and they
25   wrote that guarantee into the Sixth Amendment and Seventh
```

amendments as part of the Bill of Rights. In doing so, they assured that the outcome of legal cases would ultimately be entrusted not to officers of the government alone, but rather, to the public: ordinary citizens convened and acting as trial jurors.

We're about to begin the process of selecting a jury for a criminal case. The name of the case is *United States v. Dzhokhar Tsarnaev*. Mr. Tsarnaev is charged in connection with events that occurred near the finish line of the Boston Marathon on April 15, 2013, and that resulted in the deaths of three people. Mr. Tsarnaev is also charged with the death of an MIT police officer and other crimes that occurred on April 18 and 19, 2013.

In a criminal prosecution, the burden is always on the government to prove by factual evidence that the defendant is guilty of any crime he is accused of. And accordingly, any defendant is presumed to be not guilty until the government has proven otherwise at trial. The government bears the burden of proof, proving the defendant's guilt, beyond a reasonable doubt.

The jury we're about to start selecting today and in the next several days will have the task of considering the evidence produced during the trial, and deciding on the basis of that evidence whether the government has proven the defendant's guilt of the charges against him beyond a

reasonable doubt or not.

This case differs from many other criminal cases, however, in a significant way. Usually after a jury has convicted a defendant of a crime, the presiding judge decides what the punishment should be. In this case, however, Mr. Tsarnaev is accused of crimes that are potentially punishable by a sentence of death. If, after trial, he's convicted of any of these crimes, under the law it is the responsibility of the jury, rather than the judge, to decide whether Mr. Tsarnaev should be sentenced to death, or instead, to life imprisonment without possibility of release, the only other possible sentence for such a crime.

In essence, in our democracy we have committed these solemn and important decisions not to judges answerable to the sovereign alone, not to the press or to public opinion, and certainly not to the mob. We have committed this important duty to ourselves collectively as the people, the people who established our constitutional order in the first place, and we the people therefore ask some of our fellow citizens to assume the high duty of convening as a trial jury and to resolve the issues presented with a firm disposition and commitment to do justice fairly and impartially.

Accordingly, it is the civic responsibility of every citizen to appear and serve as a juror when called unless seriously unable to do so. Such service is both an obligation

1   of citizenship and an opportunity to perform a vital public and
2   civic function.  Juries are composed of citizens from all walks
3   of life each of whom brings his or her own individual
4   perspective and life experience to the task.  You do not need
5   any particular education or experience to be a juror, what you
6   do need is a commitment to do justice.
7          Acknowledging the importance of jury service is not to
8   ignore the obvious point, that your appearance here is at the
9   very least inconvenient.  We ask jurors to set aside their
10  usual routines for a time to perform an important and necessary
11  public service.  Certainly, serving on a jury if you're chosen
12  to serve will require you to make some adjustments in your
13  life.
14         You should not however think of jury service if you're
15  chosen to sit on the jury as an annoying burden.  Jurors
16  regularly report to me and my colleagues that they have found
17  their service as jurors to be one of the most interesting and
18  memorable experiences of their lives.  After most trials, I
19  meet briefly with jurors to thank them for their service.
20  Uniformly, during the course of those discussions, jurors tell
21  me that the experience was worthwhile, interesting and
22  fundamentally important.
23         Jurors who seem to me to be nervous and unsure at the
24  beginning of a case after a verdict have a calm and solemn
25  sense of a duty responsibly performed.  If you're chosen to

1  serve in this case, I fully expect you'll find that experience
2  to be the same.
3          Let me explain how we will proceed with the selection
4  process.  When I finish these rudimentary remarks, a
5  questionnaire will be distributed to you.  You'll fill out the
6  questionnaire before leaving today.  As you fill it out, please
7  do not discuss the questions or your answers with anyone else
8  in the room, including the court staff who have been instructed
9  not to help you with the questionnaires.  The information on
10 the questionnaire must come from you and you alone.  Also
11 please understand that there are no right or wrong answers to
12 the questions in the form.  All we ask is that you answer each
13 question truthfully and completely to the best of your ability.
14 Questionnaires are not intended to pry into personal matters
15 unnecessarily but there are some personal things that we need
16 to know in order to ensure both sides in this case that the
17 trial will be conducted before a jury that is in truth fair and
18 impartial.
19         In addition, as a practical matter, using
20 questionnaires makes the process less time-consuming and
21 inconvenient for everyone including you.
22         When you've filled out the questionnaire, you will
23 give it to a member of the court staff, and you will then be
24 free to leave.  During the coming week, the questionnaires will
25 be copied and then reviewed by the attorneys working on the

1    case and by me.  The completed questionnaire will initially be
2    reviewed only by participants in this case and by the Court.
3    The filled out questionnaires will not become part of the
4    public record unless and until I determine whether they include
5    any sensitive information that should be kept confidential
6    permanently.  And if they do, I intend to keep that information
7    and any possible further questioning concerning it from being
8    available to the public.
9            When you leave, a court staff will give you a
10   telephone number to call next week so that you may listen to a
11   prerecorded message that will tell you about your personal
12   possible service in this case.  Some jurors will be told then
13   that they have been excused permanently, some jurors will be
14   told then that they should come to court again on a given day
15   to participate further in the selection process, and some
16   jurors will be called and told to call back again on another
17   date for further instructions.
18           If you are selected to serve, the trial proper is
19   expected to start on or about January 26th, and expected to
20   last three to four months.  The trial will generally be
21   conducted Monday through Thursday of each week from about 9
22   a.m. to about 4 p.m. with time for breaks and lunch.  The jury
23   will not ordinarily sit on Fridays except in a week where a
24   legal holiday is observed on Monday.  The trial will continue
25   through any school vacation week.

                    If you are concerned that service as a juror in this
case would be an unusually difficult hardship for you, you will
have a chance to describe that hardship on the questionnaire.
If you're not excused based on what you've written, which may
happen, I will discuss your hardship in person with you when
you come back to court.  Any request to be excused will be
seriously considered; however, I cannot guarantee that you will
necessarily be excused if you think jury service in this case
would be a hardship for you because finding a jury that
represents a fair cross-section of the community will always
pose some degree of hardship for those citizens who are chosen
to serve.
                    It is important that the men and women who are
selected as jurors in this case be able to listen to the
evidence presented in court and decide the issues in the case
fairly and impartially.  I'll be using the terms "fairly" and
"impartially" again at times during the selection process.  Let
me explain to you what I mean.  To serve fairly and impartially
means to base a decision on the evidence presented in court
during the trial, applying the law as I will describe it for
you, and not based on any possible bias or prejudice or
anything that you have seen, heard, read or experienced outside
the courtroom, including anything you may think you have
previously learned from, say, reports in the media.
                    There has been a great deal of publicity about this

1   case and there will continue to be.  The mere fact that prior
2   to this you may have read or heard something about the case
3   does not automatically mean that you cannot be a juror, but you
4   must be able to decide the issues in the case based on the
5   information or evidence that is presented in the course of the
6   trial and not on information from any other source.
7           The purpose of the jury selection process is to try to
8   ensure that each person selected is an appropriate juror for
9   the case, that the jury as a whole will fairly represent the
10  community, and that the jury will assure that the parties get
11  what they are entitled to:  a trial before a fair and impartial
12  jury.
13          Now I want to introduce some of the people who will be
14  involved in the trial of the case.  The government is
15  represented in this trial by Assistant United States Attorneys
16  Aloke Chakravarty.
17          MR. CHAKRAVARTY:  Good afternoon.
18          THE COURT:  Nadine Pellegrini and William Weinreb.
19          MR. WEINREB:  Good afternoon.
20          (Counsel for the government rise.)
21          THE COURT:  In addition, an additional lawyer for the
22  government, Steven Mellin is unable to be here today but will
23  join us during the trial.
24          The defendant, Dzhokhar Tsarnaev, is represented by
25  attorneys David Bruck, Judy Clarke, Miriam Conrad, Bill Fick,

```
 1   and Tim Watkins.
 2              (Counsel for the defense rise.)
 3              THE COURT:  I would also ask Mr. Tsarnaev, the
 4   defendant, to stand.
 5              (The defendant complies.)
 6              THE COURT:  Thank you.  You may be seated.
 7              Although you have only heard briefly about this case
 8   this morning here -- this afternoon here -- and indeed have
 9   heard no evidence yet, it is extremely important that until
10   further notice, now that you've been called here, you do not
11   discuss this case among yourselves or with anyone else.  That
12   is because, as I have said, a jury's verdict must be based on
13   the evidence produced at trial and you must be free from
14   outside influence.  Therefore, I now order each of you not to
15   discuss this case with your family, friends or any other
16   person, until I either excuse you or, if you're selected as a
17   juror, until the case concludes.  This is a court order.  A
18   willful violation of it may be punishable as a contempt of
19   court or otherwise.
20              You may tell others that you may be a juror in this
21   case, and you may discuss the schedule with your family and
22   employer because they are entitled to know when you might not
23   be available; however, you're not to discuss anything else
24   about the case or allow anyone to discuss with you anything
25   about the case until you are either excused, or if you're a
```

1  juror, until the trial concludes.
2            This means, among other things, you may not speak to
3  any member of the news media about the case.  There's
4  legitimate public interest in this matter, and the news media
5  play a vital role in informing the public about it.  It would,
6  however, be improper for you to discuss this case or your role
7  in it with them.  If anyone should ask to speak with you about
8  the case, you should politely decline.  If anyone persists,
9  please inform the jury clerk or another member of the court
10 staff promptly.
11           I also instruct you not to read, watch or listen to
12 any reports about this case in the media until you are either
13 excused, or if you're selected, until the case concludes.  If
14 you should by chance encounter a news story in the newspaper,
15 on the radio or television or on the internet, please just turn
16 the page, change the channel or close the screen.  Do not read,
17 listen to or watch anything related to the case.  And do not
18 under any circumstances do any online research on the case or
19 anything about anyone who may be connected with it.  This
20 includes Googling or otherwise researching the defendant, any
21 of the witnesses or the events or any of the trial participants
22 including the lawyers.
23           Likewise, you must not communicate about this case or
24 allow anyone to communicate about it with you by telephone,
25 text message, Skype, email, social media such as Twitter or

```
 1    Facebook.  In addition, please do not discuss this case or
 2    anything I have just said, or the questionnaire, with any of
 3    the other potential jurors or anyone else here today.
 4              I'm just about finished.
 5              Take the time necessary to respond to the
 6    questionnaire thoughtfully, honestly and completely.  Again,
 7    remember, there are no right or wrong answers to any of the
 8    questions.  Please write or print clearly.  Do not fill out the
 9    section of the form that you will see marked "Juror No.___."
10    There will be a juror number indication.  The court staff will
11    fill that out for you once you have completed your
12    questionnaire.
13              If you cannot answer a question because you do not
14    understand it, write:  "Do not understand."  If you cannot
15    answer a question because you do not know the answer, write:
16    "Do not know."  If you want to explain your answer, you may do
17    so either in the space that is provided after some of the
18    questions on the questionnaire, or in response to the last
19    question which gives you additional space to write.  If you do
20    use that additional space, please write the number of the
21    question you're answering in that space.
22              Please fill out the entire questionnaire.  If you
23    would prefer to answer a sensitive question orally rather than
24    writing, you may write "private" in response to that question.
25              You will receive two attachments with the
```

questionnaire, A and B. They are lists of potential witnesses in the case. As you will read when you complete the questionnaire, you should treat them differently. If you believe you know someone on Attachment A, you should write the number of that person that's given on that attachment in response to the appropriate question on the questionnaire. You don't have to write the name, just write the number. If, on the other hand, you believe you know somebody on Attachment B, you should only circle a person's name on that attachment and not write the name or anything else in the questionnaire. Answer that directly on Attachment B.

Of course, because your answers are a part of this vital jury selection process, they must be truthful and you must sign the questionnaire under the penalty of perjury at the end.

Once you have completed and signed the questionnaire, you should give it to a member of the court staff. You may not leave the room with the questionnaire or the two attachments.

Let me conclude as I began, by thanking you for being here this afternoon and for taking part in this important process. We need your help and we need your honest performance of this important duty of citizenship.

We will now recess this session of the Court and distribute the questionnaire.

THE CLERK: All rise for the Honorable Court.

1     (The Court exits the jury assembly room at 1:25 p.m.)

```
 1                        C E R T I F I C A T E
 2
 3         I, Marcia G. Patrisso, RMR, CRR, Official Reporter of
 4   the United States District Court, do hereby certify that the
 5   foregoing transcript constitutes, to the best of my skill and
 6   ability, a true and accurate transcription of my stenotype
 7   notes taken in the matter of Criminal Action No. 13-10200-GAO,
 8   United States of America v. Dzhokhar A. Tsarnaev.
 9
10   /s/ Marcia G. Patrisso
     MARCIA G. PATRISSO, RMR, CRR
11   Official Court Reporter
12
13   Date:  9/8/15
```