```
                 UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MASSACHUSETTS


                                    )
UNITED STATES OF AMERICA,           )
                                    )
       Plaintiff,                   )
                                    )   Criminal Action
v.                                  )   No. -10200-GAO
                                    )
DZHOKHAR A. TSARNAEV, also          )
known as Jahar Tsarni,              )
                                    )
       Defendant.                   )
                                    )


          BEFORE THE HONORABLE GEORGE A. O'TOOLE, JR.
                 UNITED STATES DISTRICT JUDGE
```

**JURY TRIAL - DAY TWO - A.M. SESSION**

```
     John J. Moakley United States Courthouse
              Jury Assembly Room
              One Courthouse Way
         Boston, Massachusetts  02210
           Tuesday, January 6, 2015
                  9:11 a.m.


         Marcia G. Patrisso, RMR, CRR
            Official Court Reporter
       John J. Moakley U.S. Courthouse
       One Courthouse Way, Room 3510
         Boston, Massachusetts  02210
                (617) 737-8728

     Mechanical Steno - Computer-Aided Transcript
```

```
 1   APPEARANCES:

 2       OFFICE OF THE UNITED STATES ATTORNEY
         By: William D. Weinreb, Aloke Chakravarty and
 3           Nadine Pellegrini, Assistant U.S. Attorneys
         John Joseph Moakley Federal Courthouse
 4       Suite 9200
         Boston, Massachusetts  02210
 5       On Behalf of the Government

 6       FEDERAL PUBLIC DEFENDER OFFICE
         By: Miriam Conrad, William W. Fick and Timothy G. Watkins,
 7           Federal Public Defenders
         51 Sleeper Street
 8       Fifth Floor
         Boston, Massachusetts  02210
 9       - and -
         CLARKE & RICE, APC
10       By: Judy Clarke, Esq.
         1010 Second Avenue
11       Suite 1800
         San Diego, California  92101
12       - and -
         LAW OFFICE OF DAVID I. BRUCK
13       By: David I. Bruck, Esq.
         220 Sydney Lewis Hall
14       Lexington, Virginia  24450
         On Behalf of the Defendant
15

16

17

18

19

20

21

22

23

24

25
```

```
 1                    P R O C E E D I N G S
 2          THE CLERK:  All rise for the Honorable Court.
 3          (The Court enters the jury assembly room at 9:11 a.m.)
 4          THE COURT:  You may be seated.
 5          Good morning, ladies and gentlemen.
 6          THE JURORS:  Good morning.
 7          THE COURT:  My name is Judge George O'Toole.  I'm
 8  going to be the presiding judge in this matter.  I want to
 9  welcome you all to this proceeding of the United States
10  District Court for the District of Massachusetts, and to thank
11  you for coming here today.  You're here because you have been
12  summoned to be available for service as a trial juror in this
13  court.
14          The resolution of legal controversies, both civil and
15  criminal, by trial of the matter before a jury of citizens
16  drawn from the community is one of the most fundamental
17  principles at the core of our entire system of justice.  You
18  may recall from your study of American history that among the
19  grievances against King George set forth in the Declaration of
20  Independence were that "he has obstructed the administration of
21  justice" and "has made judges dependent on his will alone."
22          Because of this experience, the founders were
23  determined that the Constitution of the new nation would
24  guarantee the right to trial by jury.  And they wrote that
25  guarantee into the Sixth Amendment and Seventh amendments in
```

1   the Bill of Rights.  In doing so, they assured that the outcome
2   of legal cases would ultimately be entrusted not to the
3   officers of the government alone, but rather to the public:
4   ordinary citizens convened and acting as trial jurors.
5   　　　　　We are in the process of selecting a jury for the
6   trial of a criminal case.  The name of the case is *United*
7   *States v. Dzhokhar Tsarnaev*.  Mr. Tsarnaev is charged in
8   connection with events that occurred near the finish line of
9   the Boston Marathon on April 15th, 2013, and that resulted in
10  the deaths of three people.  Mr. Tsarnaev is also charged in
11  the death of an MIT police officer and other crimes that
12  occurred on April 18 and 19 of 2013.
13  　　　　　In a criminal prosecution, the burden is always upon
14  the government to prove by factual evidence that the defendant
15  is guilty of any crime he is accused of.  Accordingly, every
16  defendant is presumed to be not guilty until the government has
17  proved otherwise at trial.  The government bears the burden of
18  proving the defendant's guilt beyond a reasonable doubt.
19  　　　　　The jury that we are about to continue selecting today
20  and in the next several days will have the task of considering
21  the evidence produced during the trial of this matter, and
22  deciding on the basis of that evidence whether the government
23  has proven the defendant's guilt of each of the charges against
24  him beyond a reasonable doubt or not.
25  　　　　　This case differs from any other criminal case,

1  however, in a significant way.  Usually after a jury has
2  convicted a defendant of a crime, the presiding judge decides
3  what the punishment should be.  In this case, however,
4  Mr. Tsarnaev is accused of crimes that are potentially
5  punishable by a sentence of death.  If after trial he is
6  convicted of any of these crimes, under the law it is the
7  responsibility of the jury rather than the judge to decide
8  whether Mr. Tsarnaev should be sentenced to death, or instead
9  to life imprisonment without possibility of release, which is
10 the only other possible sentence for these crimes.
11         In essence, in our democracy we have committed these
12 solemn and important decisions not to judges answerable only to
13 the sovereign, not to the press or to public opinion, and
14 certainly not to the mob.  We have committed this important
15 duty to ourselves collectively as the people, the people who
16 established our constitutional order in the first place.  And
17 we, the people, therefore ask some of our fellow citizens to
18 assume the high duty of convening as a trial jury and resolving
19 the issues presented with a firm disposition and commitment to
20 do justice fairly and impartially.
21         Accordingly, it is the civic responsibility of every
22 citizen to appear and serve as a juror when called unless
23 seriously unable to do so.  Such service is both an obligation
24 of citizenship and an opportunity to perform a vital public
25 service and civic function.  Juries are composed of citizens

from all walks of life, each of whom brings his or her own individual perspective and life experience to the task. You do not need to have any particular education or experience to be a juror; what you do need is a commitment to do justice.

Acknowledging the importance of jury service is not to ignore the obvious point that your appearance here is, to say the very least, inconvenient. We ask jurors to set aside their usual routines for a time to perform an important and necessary service. Certainly serving on a jury, if you're chosen to serve, will require you to make some adjustments in your daily lives.

You should not, however, think of jury service, if you're chosen to serve, as an annoying burden. Jurors regularly report to my colleagues and to me that they found their service to be one of the most interesting and memorable experiences of their lives. After most trials I meet with jurors briefly to thank them for their service. Uniformly, during the course of those discussions, the jurors tell me that the experience was worthwhile, interesting and fundamentally important.

Jurors who seemed to me at the outset to be nervous and unsure as they approach the beginning of a case after a verdict have a calm and solemn sense of a duty responsibly performed. If you are chosen to serve in this case, I fully expect you will find the experience to be the same.

1             Let me explain how we will proceed in this selection
2    process.  When I finish these preliminary remarks, a
3    questionnaire will be distributed to each of you.  You'll fill
4    out the questionnaire before leaving today.  As you fill it
5    out, please do not discuss the questions or your answers with
6    anyone else in the room, including the court staff who have
7    been instructed not to help you with the questionnaire.
8             The information on the questionnaire must come from
9    you and you alone.  Also, please understand that there are no
10   right or wrong answers to the questions on the form.  All that
11   we ask is that you answer each question truthfully and
12   completely to the best of your ability.  The questionnaires are
13   not intended to pry into personal matters unnecessarily, but
14   there are some personal things we must know in order to assure
15   both sides in this case that the trial will be conducted before
16   a jury that is in truth fair and impartial.  As a practical
17   matter, in addition, using the questionnaires makes the process
18   less time-consuming and inconvenient for all of you.
19            When you've filled out your questionnaire, you'll give
20   it to the court staff, and you will then be free to leave.
21   During the coming week, the questionnaires will be copied and
22   reviewed by the attorneys working on the case and by me.  The
23   completed questionnaire will initially be reviewed only by the
24   participants in the case and the Court, and the filled-out
25   questionnaires will not become part of the public record unless

1    and until I determine whether they include sensitive
2    information that should be kept confidential permanently.  And
3    if they do, I intend to keep that information and any possible
4    further questioning about it from being available to the
5    public.
6             When you leave this morning, the court staff will give
7    you a telephone number to call next week so that you may listen
8    to a prerecorded message that will tell you about your possible
9    future service in the case.  Some jurors will be told that they
10   have been excused permanently, some jurors will be told to come
11   to court again on a particular day to participate further in
12   the jury selection process, and some jurors will be told to
13   call in again at a later date for further information.
14            If you're selected to serve as a juror in this case,
15   the trial proper is expected to start on or about January 26th
16   and is expected to last up to three or four months.  The trial
17   will generally be conducted Monday through Thursday of each
18   week from about 9 a.m. to about 4 p.m. with time for breaks and
19   lunch.  The jury will not ordinarily sit on Fridays except in a
20   week where there is a legal holiday that is observed on Monday.
21   The trial will continue through any school vacation week.
22            If you're concerned that your service as a juror in
23   this case would be an unusually difficult hardship for you,
24   you'll have a chance to describe that hardship on the
25   questionnaire.  If you're not excused based on what you've

 1  written, which may happen, I will discuss your request in
 2  person when you come back to the court.  Any request to be
 3  excused will be seriously considered; however, I cannot
 4  guarantee that you will necessarily be excused if you think
 5  jury service in this case would be a hardship for you, because
 6  finding a jury that represents a fair cross-section of the
 7  community will always pose some degree of hardship for those
 8  citizens who are chosen to serve.
 9         It is important that the men and women who are
10  selected as jurors in this case be able to listen to the
11  evidence presented in the court and to decide the issues in the
12  case fairly and impartially.  I'll be using the terms "fairly"
13  and "impartially" again at times during the process.  And let
14  me explain simply what I mean.  To serve fairly and impartially
15  means to base the decision on the evidence presented in court
16  during the trial, applying the principles of law as I will
17  describe them for you, and not based on any possible bias or
18  prejudice or anything that you have seen, heard, read or
19  experienced outside the courtroom including anything you may
20  think you have previously learned from, say, reports in the
21  media.
22         There has been a great deal of publicity about this
23  case and there will continue to be.  The mere fact that you may
24  have read or heard something about this case does not
25  automatically mean you cannot be a juror, but you must be able

1    to decide the issues in the case based on the information or
2    evidence that is presented in the course of the trial and not
3    on information from any other source.
4           The purpose of the jury selection process is to try to
5    ensure that each person selected is an appropriate juror for
6    this case, that the jury as a whole will fairly represent the
7    community, and that the jury will assure that the parties get
8    what they are entitled to:  A trial before a fair and impartial
9    jury.
10          I would now like to introduce some of the people who
11   will be involved in the presentation of the case.  The
12   government is represented at the trial by Assistant United
13   States Attorneys Aloke Chakravarty.
14          MR. CHAKRAVARTY:  Good morning.
15          THE COURT:  Nadine Pellegrini.
16          MS. PELLEGRINI:  Good morning.
17          THE COURT:  William Weinreb.
18          MR. WEINREB:  Good morning.
19          (Counsel for the government rise.)
20          THE COURT:  And an additional lawyer who is not able
21   to be here this morning, Steven Mellin.
22          The defendant, Dzhokhar Tsarnaev, is represented by
23   attorneys David Bruck, Judy Clarke, Miriam Conrad, Bill Fick
24   and Tim Watkins.
25          (Counsel for the defense rise.)

1                THE COURT: Mr. Tsarnaev is also present, and I'd ask
2       him to stand.
3                (The defendant complies.)
4                THE COURT: Thank you. You may be seated.
5                Although you have heard only briefly about the case
6       this morning, and indeed have heard no evidence about it in the
7       trial sense, it is extremely important that until further
8       notice you do not discuss this case among yourselves or with
9       anyone else. That is because as I have said, a jury's verdict
10      must be based on the evidence produced at trial and free from
11      outside influence. Therefore, I now order each of you not to
12      discuss the case with your family, friends or any other person
13      until either I excuse you or, if you're selected as a juror,
14      until the end of the case. This is a court order, the willful
15      violation of which may be punishable as a contempt of court or
16      otherwise.
17               You may, of course, tell others that you might be a
18      juror in the case, and you may discuss the schedule with your
19      family, your employer, because those people are entitled to
20      know that you might be unavailable at times; however, you may
21      not discuss anything else or allow anyone to discuss things
22      with you, anything about the case, until you're excused or, as
23      I say, if you are a juror, until the case concludes.
24               This means, among other things, that you're not to
25      speak to any member of the news media about the case. There's

1   legitimate public interest in this matter and the news media
2   play a vital role in informing the public about it.  It would
3   however, be improper for you to discuss this case or your role
4   in it with them.  If anyone should ask to speak to you about
5   the case, you should politely decline.  If anyone persists,
6   please inform the jury clerk or other court staff promptly.
7           I also instruct you from here on not to read, watch or
8   listen to any reports about the case in the media until you're
9   either excused, or if you're selected, until the case
10  concludes.  If you should by chance encounter a news story in
11  the paper, on the radio, on television or on the internet,
12  please just turn the page, change the channel, close down the
13  screen.  Do not read, listen or watch anything related to the
14  case and do not under any circumstances do any independent
15  research -- online research, for example -- about the case,
16  including Googling or other research regarding the defendant,
17  any of the witnesses, the events involved, any of the trial
18  participants.
19          As I've said, you must not communicate about the case,
20  and that includes communications by telephone, text message,
21  Skype, email, other social media such as Twitter or Facebook.
22  In addition, please do not discuss the case or anything I've
23  said with any of the other potential jurors or anyone else here
24  today.
25          I'm just about finished.

1            Some last advice:  Take the time necessary to respond
2   to the questionnaire thoughtfully, honestly and completely.
3   Remember there are no right or wrong answers.  Please write or
4   print clearly.  Do not fill out the section marked "Juror
5   No.___."  You'll see there's a place for a juror number on each
6   page.  The court staff will fill that out once you've completed
7   your information.
8            If you cannot answer a question because you do not
9   understand it, write:  "Do not understand."  If you cannot
10  answer a question because you do not know the answer, write:
11  "Do not know."  If you want to explain an answer, do so either
12  in the space provided in the question, or in response to the
13  last question on the questionnaire, where there is additional
14  space to write regarding previous questions.  And if you use
15  that space, please indicate the number of the question you're
16  adding some information about.
17           Please fill out the entire questionnaire.  If there is
18  a question that asks perhaps for sensitive information you
19  would rather give orally than in writing, you may write
20  "private" in response to that question.
21           You will receive two attachments to the questionnaire,
22  A and B.  These are lists of people who may be potential
23  witnesses in the case.  As you will read when you complete the
24  questionnaire, you should treat them differently.  If you
25  recognize someone you know on Attachment A, you should write

1  the number of that person on the questionnaire in response to
2  the appropriate question.  Not the name, just the number that
3  you'll get from the list.  If you believe you know somebody on
4  Attachment B, which is a shorter list, just circle the name on
5  that list, Attachment B.  And you need not write anything in
6  the questionnaire body itself.
7          Again, because your answers are a vital part of the
8  selection process, your answers must be truthful, and the
9  questionnaire will be signed by you under the penalty of
10 perjury at the end.
11         When you've completed and signed the questionnaire, as
12 I've said, you should give it to a member of the court staff.
13 Before then, you may not leave the room with the questionnaire
14 or either of the attachments.
15         Let me conclude as I began, by thanking you for being
16 here this morning and for taking part in this important
17 process.  We need your help and we need your honest performance
18 of this important duty of citizenship.
19         We'll now recess this session of the court, and you
20 may commence the completion of the questionnaires.
21         THE CLERK:  All rise for the Honorable Court.
22         (The Court exits the jury assembly room and the
23 proceedings adjourned at 9:30 a.m.)

```
 1                        C E R T I F I C A T E
 2

 3            I, Marcia G. Patrisso, RMR, CRR, Official Reporter of

 4    the United States District Court, do hereby certify that the

 5    foregoing transcript constitutes, to the best of my skill and

 6    ability, a true and accurate transcription of my stenotype

 7    notes taken in the matter of Criminal Action No. 13-10200-GAO,

 8    United States of America v. Dzhokhar A. Tsarnaev.

 9

10    /s/ Marcia G. Patrisso
      MARCIA G. PATRISSO, RMR, CRR
11    Official Court Reporter

12

13    Date:  9/8/15
```