```
               UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MASSACHUSETTS


                                )
UNITED STATES OF AMERICA,       )
                                )
        Plaintiff,              )
                                )  Criminal Action
v.                              )  No. 13-10200-GAO
                                )
DZHOKHAR A. TSARNAEV, also      )
known as Jahar Tsarni,          )
                                )
        Defendant.              )
                                )


      BEFORE THE HONORABLE GEORGE A. O'TOOLE, JR.
              UNITED STATES DISTRICT JUDGE
```

**JURY TRIAL - DAY TWO - P.M. SESSION**

```
      John J. Moakley United States Courthouse
                 Jury Assembly Room
                 One Courthouse Way
           Boston, Massachusetts  02210
             Tuesday, January 6, 2015
                     1:08 p.m.



          Marcia G. Patrisso, RMR, CRR
              Official Court Reporter
          John J. Moakley U.S. Courthouse
         One Courthouse Way, Room 3510
           Boston, Massachusetts  02210
                  (617) 737-8728

    Mechanical Steno - Computer-Aided Transcript
```

```
 1    APPEARANCES:

 2         OFFICE OF THE UNITED STATES ATTORNEY
           By: William D. Weinreb, Aloke Chakravarty and
 3             Nadine Pellegrini, Assistant U.S. Attorneys
           John Joseph Moakley Federal Courthouse
 4         Suite 9200
           Boston, Massachusetts  02210
 5         On Behalf of the Government

 6         FEDERAL PUBLIC DEFENDER OFFICE
           By: Miriam Conrad, William W. Fick and Timothy G. Watkins,
 7             Federal Public Defenders
           51 Sleeper Street
 8         Fifth Floor
           Boston, Massachusetts  02210
 9         - and -
           CLARKE & RICE, APC
10         By: Judy Clarke, Esq.
           1010 Second Avenue
11         Suite 1800
           San Diego, California  92101
12         - and -
           LAW OFFICE OF DAVID I. BRUCK
13         By: David I. Bruck, Esq.
           220 Sydney Lewis Hall
14         Lexington, Virginia  24450
           On Behalf of the Defendant
15

16

17

18

19

20

21

22

23

24

25
```

```
 1                    P R O C E E D I N G S
 2          THE CLERK:  All rise for the Honorable Court.
 3          THE COURT:  You may all be seated.
 4          (The Court enters the jury assembly room at 1:08 p.m.)
 5          Good afternoon, ladies and gentlemen.
 6          THE JURORS:  Good afternoon.
 7          THE COURT:  I want to welcome you to this proceeding
 8   of the United States District Court for the District of
 9   Massachusetts and to thank you for coming here today.  You are
10   here, as I believe you probably know, because you have been
11   summoned to be available for service as a trial juror in this
12   court.
13          The resolution of legal controversies, both civil and
14   criminal, by trial of the matter before a jury of citizens
15   drawn from the community is one of the most fundamental
16   principles at the core of our entire system of justice.  You
17   may recall from your study of American history that among the
18   grievances against King George that was set forth in the
19   Declaration of Independence were that he has "obstructed the
20   administration of justice," and further, "has made judges
21   dependent on his will alone."  Because of their experience in
22   this respect, the founders were determined that the
23   Constitution of the new nation would guarantee the right to
24   trial by jury, and they wrote that guarantee into the Sixth and
25   Seventh amendments of the Constitution in the Bill of Rights.
```

1  In doing so, they assured that the outcome of legal cases would
2  ultimately be entrusted not to officers of the government
3  alone, but rather, to the public:  ordinary citizens convened
4  and acting as trial jurors.
5       We're in the process of selecting a jury for the trial
6  of a criminal case.  The name of the case is *United States v.*
7  *Dzhokhar Tsarnaev*.  Mr. Tsarnaev is charged in the case in
8  connection with events that occurred near the finish line of
9  the Boston Marathon on April 15, 2013, and that resulted in the
10 deaths of three people.  He's also charged in the death of an
11 MIT police officer and other crimes that occurred on April 18
12 and 19, 2013.
13      In a criminal prosecution the burden is always on the
14 government to prove by factual evidence that the defendant is
15 guilty of any crime he is accused of, and accordingly, every
16 defendant is presumed to be not guilty until the government has
17 proved otherwise at trial.  The government bears the burden of
18 proving a defendant's guilt beyond a reasonable doubt.
19      The jury that we are in the process of selecting today
20 and in the next several days will have the task of considering
21 the evidence produced during the trial, and deciding on the
22 basis of that evidence whether the government has proven the
23 defendant's guilt of the charges against him beyond a
24 reasonable doubt or not.
25      This case differs from many other criminal cases,

however, in a significant way. Usually after a jury has convicted a defendant of a crime, the presiding judge decides on what the punishment should be. In this case, however, Mr. Tsarnaev is accused of crimes that are potentially punishable by a sentence of death. If after trial he is convicted of any of these crimes, under the law it is the responsibility of the jury and not the judge to decide whether Mr. Tsarnaev should be sentenced to death, or instead, sentenced to life imprisonment without the possibility of release, which is the only other possible sentence for these crimes.

In essence, in our democracy, we have committed these solemn and important decisions not to judges answerable to the sovereign alone, not to the press, not to public opinion, and certainly not to the mob. We have committed this important duty to ourselves collectively as the people, the people who establish the constitutional order in the first place. And we, the people, therefore, ask some of our fellow citizens to assume the high duty of convening as a trial jury to consider and resolve the issues presented with a firm disposition and commitment to do justice fairly and impartially.

Accordingly, it is the civic responsibility of every citizen to appear and serve as a juror when called unless seriously unable to do so. Such a service is both an obligation of citizenship and an opportunity to perform a vital

public and civic function.  Juries are composed of citizens from all walks of life, each of whom brings his or her own individual perspective and life experience to the task.  You do not need to have any particular education or experience to be a juror; what you do need is a commitment to do justice.

Acknowledging the importance of jury service is not to ignore the obvious point, that your appearance here is, at the very least, inconvenient.  We ask jurors to set aside for a time their usual routines to perform an essential and necessary public service.  Certainly serving on a jury, if you're asked to do so, will require you to make some adjustments in your daily lives.

You should not however think of your jury service, if you're chosen to sit, as an annoying burden.  Jurors regularly report to my colleagues and to me that they have found their service to be one of the most interesting and memorable experiences of their lives.  After most trials, I meet briefly with the jurors to thank them for their service.  Uniformly, during those discussions, jurors tell me that the experience was worthwhile, interesting and fundamentally important to them.

Jurors who seemed to me at the outset to be nervous and unsure at the beginning of a case after a verdict have a calm and solemn sense of a duty responsibly performed.  If you are chosen to serve in this case, I fully expect you will find

Case 1:13-cr-10200-GAO   Document 1515   Filed 09/08/15   Page 7 of 16

2B-7

1    the experience to be the same.
2            Let me tell you how we're going to proceed with the
3    selection process.  When I am finished with these preliminary
4    remarks, a questionnaire will be distributed to each of you.
5    You'll each fill out the questionnaire before leaving today.
6    As you fill it out, please do not discuss either the questions
7    or your answers with anyone else, including the court staff,
8    who have been instructed not to help you with filling out the
9    questionnaire.  The information on the questionnaire must come
10   from you and you alone.
11           Also, please understand there are no right or wrong
12   answers to the questions.  All that we ask is that you answer
13   each question truthfully and completely to the best of your
14   ability.  The questionnaires are not intended to pry into
15   personal matters unnecessarily.  There are some personal things
16   we must know in order to assure both sides in this case that
17   the trial will be conducted before a jury that is in truth fair
18   and impartial.  Additionally, as a practical matter, the use of
19   the questionnaires makes the process somewhat less
20   time-consuming and inconvenient for you.
21           When you've filled out your questionnaire completely,
22   you will give it to the court staff, and you will then be free
23   to leave.  During the coming week, the questionnaires will be
24   copied and then reviewed by the attorneys working on the case
25   and by me.  The completed questionnaire will be reviewed

1    initially only by the participants in the case and the Court.
2    The filled-out questionnaires will not become part of the
3    public record unless and until I determine whether they contain
4    sensitive information that should be kept confidential
5    permanently.  If they do, I intend to keep that information and
6    any possible follow-up questions concerning it from being
7    available in the public record.
8            When you leave, the court staff will give you a
9    telephone number to call next week so that you may listen to a
10   prerecorded message that will tell you about your possible
11   service in this case.  Some jurors will be told then that they
12   have been excused permanently, some jurors will be told to come
13   to court again on a particular day to participate further in
14   the process, and some jurors will be told to call in again
15   later to get further instructions at that time.
16           If you are selected to serve, the trial proper is
17   expected to start on or after January 26th, and is expected to
18   last perhaps three to four months.  The trial will generally be
19   conducted on a schedule Monday through Thursday each week from
20   about 9 a.m. to 4 p.m. with time for breaks and lunch, of
21   course.  The jury will not ordinarily sit on Fridays except in
22   a week where a legal holiday is observed on a Monday.  The
23   trial will continue through any school vacation week.
24           If you are concerned that service as a juror in this
25   case would be an unusually difficult hardship for you, you'll

1   have the chance to describe that hardship in the questionnaire.
2   If you're not excused then based on what you have written,
3   which might happen, I will later discuss your hardship request
4   in person with you when you come back to court.  Any request to
5   be excused for this reason will be seriously considered;
6   however, I cannot guarantee you will necessarily be excused if
7   you think jury service in the case would be a hardship for you
8   because finding a jury that represents a fair cross-section of
9   the community will always pose some degree of hardship for
10  those citizens who are chosen to serve.
11            It is important that the men and women who are chosen
12  to serve as jurors in this case be able to listen to the
13  evidence presented in court and decide the issues in the case
14  fairly and impartially.  I'll be using those terms "fairly" and
15  "impartially" again at times during our process.  Let me tell
16  you briefly what I mean.  To serve fairly and impartially means
17  to base a decision based on the evidence presented to you in
18  court during the trial, applying the principles of laws as I
19  will describe them for you, and not based on any bias or
20  prejudice or anything else you have seen, heard, read or
21  experienced outside the courtroom including anything you think
22  you may have previously learned from, say, reports in the
23  media.
24            There has been a great deal of publicity about this
25  case and there will continue to be.  The mere fact that prior

```
 1  to this you may have heard or read something about the case
 2  does not automatically mean that you cannot be a juror, but you
 3  must be able to decide the issues in the case based on the
 4  information or evidence presented in the course of the trial
 5  and not any information from any other source.
 6           The purpose of the jury selection process is to ensure
 7  that each person selected is an appropriate juror for this
 8  case, that the jury as a whole will fairly represent the
 9  community, and that the jury will assure that the parties get
10  what they are entitled to:  a trial before a fair and impartial
11  jury.
12           I now will introduce some of the people who will be
13  involved in the trial of the case.  The government is
14  represented at this trial by Assistant United States Attorneys
15  Al Chakravarty.
16           MR. CHAKRAVARTY:  Good afternoon.
17           THE COURT:  Nadine Pellegrini.
18           MS. PELLEGRINI:  Good afternoon.
19           THE COURT:  And William Weinreb.
20           MR. WEINREB:  Good afternoon.
21           (Counsel for the government rise.)
22           THE COURT:  And an additional attorney, Steven Mellin,
23  who was unable to be with us for this session.
24           The defendant, Dzhokhar Tsarnaev, is represented by
25  attorneys David Bruck, Judy Clarke, Miriam Conrad, Bill Fick
```

1    and Tim Watkins.
2              (Counsel for the defense rise.)
3              THE COURT:  The defendant, Mr. Tsarnaev, is also
4    present, and I ask him to stand.
5              (The defendant complies.)
6              THE COURT:  Thank you.  You may be seated.
7              Although you have heard only briefly about the case
8    this morning, and indeed have heard nothing in the way of
9    evidence, it is extremely important until further notice that
10   you do not discuss this case among yourselves or with anyone
11   else.  That is because as I've said, a jury's verdict must be
12   based on the evidence produced at trial, it must be free of
13   outside influence.  Therefore, I now order each of you not to
14   discuss this case with your family, friends or any other person
15   until either I excuse you, or if you're selected as a juror,
16   until the end of the case.  This is a formal court order, the
17   willful violation of which is potentially punishable as a
18   contempt of court or otherwise.
19             You may tell others that you are possibly going to be
20   a juror in the case, and you may discuss the schedule with your
21   family and employer because they're entitled to know when you
22   might not be available; however, you may not discuss anything
23   else or allow anyone else to discuss things with you about the
24   case until you're excused, or if you're a juror, until the case
25   has concluded.

1                This means, among other things, that you may not speak
2     to any member of the news media about the case.  There is
3     legitimate public interest in this case and the news media play
4     a vital role in informing the public about it.  It would,
5     however, be improper for you at this time under your
6     consideration as possible jurors to discuss the case or your
7     role in it with any of them.  So if anyone does approach you to
8     speak about the case, you should politely decline.  If anybody
9     persists, please inform the jury clerk or other court staff
10    about that.
11               Similarly, I instruct you now for the time being not
12    to read, watch or listen to any reports about the case in the
13    media, again, until either you have been excused or, if
14    selected, until the case has concluded.  If you should by
15    chance encounter a news story in the newspaper or on the radio
16    or television or on the internet, please just turn the page,
17    change the channel or close the screen.  Do not read, listen to
18    or watch anything related to reports about this case, and do
19    not under any circumstances do any research, including online
20    research, about the case or anybody or anything connected with
21    it.  This includes, of course, Googling or otherwise
22    researching the defendant, witnesses, the events, any of the
23    trial participants including the lawyers and even myself.
24               Likewise, you must not communicate with anyone, not
25    only in person, or allow anybody to communicate with you that

1    way, but not by telephone, text message, Skype, email, various
2    social media such as Twitter or Facebook.  In addition, to
3    protect the integrity of this process, please do not discuss
4    this case or anything I have said to you this afternoon with
5    other potential jurors or anyone else today.
6            So we're just about finished with these remarks.
7            Take the time to answer the questionnaire
8    thoughtfully, honestly, completely.  Remember, again, there are
9    no right or wrong answers to any of the questions.  Please
10   write or print clearly.  Do not fill out that portion of the
11   form which you will see marked "Juror No.___."  The court staff
12   will fill those numbers in once you've completed your
13   questionnaire.
14           If you cannot answer a question because you do not
15   understand it, write:  "Do not understand."  If you can't
16   answer a question because you don't know the answer, write:
17   "Do not know."  If you want to explain your answer to any
18   question, you may do so in the space provided on the
19   questionnaire, and if you need more space, there is space at
20   the last question on the questionnaire where there are
21   additional places for you to write.  If you use that space,
22   please be sure to indicate which question you're responding to
23   in that space.
24           Fill out the entire questionnaire.  If you would
25   prefer to answer a sensitive question orally rather than in

writing, you may write "private" in response to that question and we'll follow up orally with you.

You'll receive two attachments with the questionnaire, A and B.  These are lists of potential witnesses in the case.  As you'll read in the instructions when you complete the questionnaire, you should treat them differently.  If you believe you know someone on Attachment A, which is the longer of the two lists, then just write the number of that person -- there will be a number associated with the name -- in response to the appropriate question in the questionnaire.  On the other hand, if you believe you know someone on Attachment B, which is a shorter list, just circle that person's name on that list and make no mark in the questionnaire.

Because your answers to all the questions in the questionnaire are an important part of this process, your answers, of course, must be truthful and you must sign the questionnaire under the pains of perjury at the end.

Again, when you've completed and signed it, you should give the questionnaire to a member of the court staff.  Before that, you may not leave the room with the questionnaire or either of the attachments.

So let me conclude as I began by thanking you all for being here this afternoon and for taking part in this important process.  We need your help and we need your honest performance in this important duty of citizenship.

1       We'll now recess the session of the court and
2  distribute the questionnaires.
3       THE CLERK:  All rise for the Honorable Court.
4       (The Court exits the jury assembly room and the
5  proceedings adjourned at 1:27 p.m.)

```
 1                     C E R T I F I C A T E
 2

 3          I, Marcia G. Patrisso, RMR, CRR, Official Reporter of

 4   the United States District Court, do hereby certify that the

 5   foregoing transcript constitutes, to the best of my skill and

 6   ability, a true and accurate transcription of my stenotype

 7   notes taken in the matter of Criminal Action No. 13-10200-GAO,

 8   United States of America v. Dzhokhar A. Tsarnaev.

 9

10   /s/ Marcia G. Patrisso
     MARCIA G. PATRISSO, RMR, CRR
11   Official Court Reporter

12

13   Date:  9/8/15
```