```
                UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MASSACHUSETTS


                                  )
UNITED STATES OF AMERICA,         )
                                  )
      Plaintiff,                  )
                                  ) Criminal Action
v.                                ) No. 13-10200-GAO
                                  )
DZHOKHAR A. TSARNAEV, also        )
known as Jahar Tsarni,            )
                                  )
      Defendant.                  )
                                  )


         BEFORE THE HONORABLE GEORGE A. O'TOOLE, JR.
                UNITED STATES DISTRICT JUDGE
```

**JURY TRIAL - DAY THREE - A.M. SESSION**

```
        John J. Moakley United States Courthouse
                   Jury Assembly Room
                   One Courthouse Way
            Boston, Massachusetts  02210
              Wednesday, January 7, 2015
                      9:04 a.m.



             Marcia G. Patrisso, RMR, CRR
                 Official Court Reporter
            John J. Moakley U.S. Courthouse
            One Courthouse Way, Room 3510
            Boston, Massachusetts  02210
                     (617) 737-8728

       Mechanical Steno - Computer-Aided Transcript
```

```
 1    APPEARANCES:

 2         OFFICE OF THE UNITED STATES ATTORNEY
           By: William D. Weinreb, Aloke Chakravarty and
 3             Nadine Pellegrini, Assistant U.S. Attorneys
           John Joseph Moakley Federal Courthouse
 4         Suite 9200
           Boston, Massachusetts  02210
 5         - and -
           UNITED STATES DEPARTMENT OF JUSTICE
 6         By: Steven D. Mellin, Assistant U.S. Attorney
           Capital Case Section
 7         1331 F Street, N.W.
           Washington, D.C.  20530
 8         On Behalf of the Government

 9         FEDERAL PUBLIC DEFENDER OFFICE
           By: Miriam Conrad, William W. Fick and Timothy G. Watkins,
10             Federal Public Defenders
           51 Sleeper Street
11         Fifth Floor
           Boston, Massachusetts  02210
12         - and -
           CLARKE & RICE, APC
13         By: Judy Clarke, Esq.
           1010 Second Avenue
14         Suite 1800
           San Diego, California  92101
15         - and -
           LAW OFFICE OF DAVID I. BRUCK
16         By: David I. Bruck, Esq.
           220 Sydney Lewis Hall
17         Lexington, Virginia  24450
           On Behalf of the Defendant
18

19

20

21

22

23

24

25
```

1           P R O C E E D I N G S

2           THE CLERK: All rise for the Honorable Court.

3           (The Court enters the jury assembly room at 9:04 a.m.)

4           THE CLERK: You may be seated.

5           THE COURT: Good morning, ladies and gentlemen.

6           THE JURORS: Good morning.

7           THE COURT: My name is Judge George O'Toole. I'm
8    going to be presiding over this matter. I am happy to welcome
9    you to this proceeding of the United States District Court for
10   the District of Massachusetts, and especially to thank you for
11   coming today. You are here because you have been summoned to
12   be available for service as a trial juror in this court.

13          The resolution of legal controversies, both civil and
14   criminal, by trial of the matter before a jury of citizens
15   drawn from the community is one of the most fundamental
16   principles at the core of our entire system of justice. You
17   may recall from your study of American history that among the
18   grievances against King George that was set forth in the
19   Declaration of Independence were that he "had obstructed the
20   administration of justice" and "made judges dependent upon his
21   will alone."

22          Because of their experience in this respect, the
23   founders were determined that the Constitution of the new
24   nation would guarantee the right to trial by jury, and they
25   wrote that guarantee into the Sixth and Seventh amendments in

1   the Bill of Rights.  In doing so they assured that the outcome
2   of legal cases will ultimately depend and be entrusted to not
3   officers of the government alone, but rather, to the public:
4   ordinary citizens convened and acting as trial jurors.
5         We're in the process of selecting a jury for the trial
6   of a criminal case.  The case is *United Stated v. Dzhokhar*
7   *Tsarnaev*.  Mr. Tsarnaev is charged in connection with events
8   that occurred near the finish line of the Boston Marathon on
9   April 15, 2013, that resulted in the deaths of three people.
10  He's also charged in the death of an MIT police officer and
11  other crimes occurring on April 18 and 19, 2013.
12        In a criminal prosecution, the burden is always upon
13  the government to prove by factual evidence that the defendant
14  is guilty of any crime he is accused of.  And accordingly,
15  every defendant is presumed to be not guilty until the
16  government has proved otherwise at trial.  The government bears
17  the burden of proving a defendant guilty beyond a reasonable
18  doubt.
19        The jury that we are selecting will have the task of
20  considering the evidence that will be produced during the trial
21  and deciding on the basis of that evidence whether the
22  government has proven the defendant's guilt of the charges
23  against him beyond a reasonable doubt or not.
24        This case differs from many other criminal cases,
25  however, in a significant way.  Usually after a jury has

1  convicted a defendant of a crime, the presiding judge decides
2  what the punishment should be.  In this case, however,
3  Mr. Tsarnaev is accused of crimes that are potentially
4  punishable by a sentence of death.  If, after trial, he's
5  convicted of any of these crimes, under the law it is the
6  responsibility of the jury rather than the judge to decide
7  whether Mr. Tsarnaev should be sentenced to death, or instead,
8  be sentenced to life imprisonment without the possibility of
9  release, which is the only other possible sentence for such
10 crimes.
11         In essence, in our democracy we have committed these
12 solemn and important decisions not to judges answerable only to
13 the sovereign, not to the press or public opinion, and
14 certainly not to the mob.  We have committed this important
15 duty to ourselves collectively as the people, the people who
16 established our constitutional order in the first place.  And
17 we the people, therefore, ask some of our fellow citizens to
18 assume the high duty of convening as a trial jury to consider
19 and evaluate and decide the issues presented with a firm
20 disposition and commitment to do justice fairly and
21 impartially.
22         Accordingly, it is the duty and civic responsibility
23 of every citizen to appear and serve as a juror when called
24 unless seriously unable to do so.  Such service is both an
25 obligation of citizenship and an opportunity to perform a vital

public and civic function.

Juries are composed of citizens from all walks of life, each of whom brings his or her own individual perspective and life perspective to the task.  You do not need to have any particular education or experience to serve as a juror.  What you do need is a commitment to do justice.

Acknowledging the importance of jury service is not to ignore the obvious point, that your appearance here is, at the very least, inconvenient.  We ask jurors to set aside their usual routines for a time to perform an important and necessary public service.  Certainly serving on a jury, if you're selected to serve, will require you to make some adjustments in your life.

You should not, however, think of your jury service as an annoying burden.  Jurors regularly report to me and my colleagues that they have found their service as jurors to be one of the most interesting and memorable experiences of their life.  After most trials, I meet briefly with juries afterwards and thank them for their service.  Uniformly during those conversations, jurors tell me that the experience for them was worthwhile, interesting, and fundamentally important to them.

Jurors who seem to me to be nervous and unsure at the beginning of a case, after a verdict have a calm and solemn sense of a duty responsibly performed.  If you are chosen to serve in this case, I fully expect you'll find the experience

```
 1  to be similar.
 2          Let me explain how we are going to proceed in the
 3  selection process.  Today when I've finished these preliminary
 4  remarks, a questionnaire will be distributed to you.  You'll
 5  fill out the questionnaire before leaving today.  As you fill
 6  it out, please do not discuss either the questions or your
 7  answers with anyone else in the room, including the court staff
 8  who have been instructed not to help you.  The information on
 9  the questionnaires must come from you and you alone.
10          Please understand that there are no right or wrong
11  answers to the questions in the questionnaire.  All we ask is
12  that you answer each question truthfully and completely to the
13  best of your ability.  The questionnaires are not intended to
14  pry into personal matters unnecessarily, but there are some
15  personal things we must know in order to assure both sides in
16  this case that the trial will be conducted before a jury that
17  is in truth fair and impartial.
18          In addition, as a practical matter, the use of
19  questionnaires such as this makes the process less
20  time-consuming and inconvenient for you.
21          When you've filled out the questionnaire completely,
22  you'll give it to a member of the court staff and after that
23  you'll be free to leave.  During the coming week, the
24  questionnaires will be copied, reviewed by the attorneys
25  working on the case and by me.  Initially, the completed
```

1   questionnaire will be reviewed only by participants in the case
2   and by the Court.  The questionnaires will not become part of
3   the public record unless and until I determine whether they
4   include sensitive information which should be kept confidential
5   permanently.  And if they do, I intend to keep that information
6   and any possible questioning about it from being available to
7   the public.
8            When you leave today, the court staff will give you a
9   telephone number to call next week so that you may listen to a
10  prerecorded message that will tell you about your possible
11  future service in the case.  Some jurors will be told then that
12  they have been excused permanently, some jurors will be told to
13  come to court again on a particular day to participate further
14  in the selection process, and some jurors will be told to call
15  in again in a few days for further instructions.
16           If you are selected to serve on this jury, the trial
17  proper is expected to start on or about January 26th and is
18  expected to last perhaps three to four months.  The trial will
19  generally be conducted from Monday through Thursday of each
20  week, from about 9 a.m. to about 4 p.m., with obviously time
21  for breaks and lunch.  The jury will not ordinarily sit on
22  Fridays except in a week where a legal holiday falls on the
23  Monday.  The trial will continue through any school vacation
24  week.
25           If you are concerned that your service as a juror in

this case would be an unusually difficult hardship for you, you will have a chance to describe that hardship in the questionnaire.  If you are not excused on the basis of what you've written, which may happen, I will discuss the request in person when you come back to court.  Any request to be excused for that reason will be seriously considered; however, I cannot guarantee that you will be excused because you think service will be a hardship because finding a jury that represents a fair cross-section of the community will always pose some degree of hardship for those citizens who are chosen to serve.

It is important that the men and women who are selected as jurors in this case be able to listen to the evidence presented in the court and to decide the issues in the case fairly and impartially.  I will be using the terms "fairly" and "impartially" again at times during the selection process.  Let me explain briefly what I mean by that.  To serve fairly and impartially means to base a decision on the evidence presented in court during the trial, applying the principles of law as I will describe them for you, and not based on any possible bias or prejudice or anything that you've seen, heard or read or experienced outside the courtroom, including anything you think you may have previously learned from, say, reports in the media.

There has been a great deal of publicity about this case and there will continue to be.  The mere fact that prior

1  to this you may have read or heard something about the case
2  does not automatically mean you cannot be a juror, but you must
3  be able to decide the issues in the case based on the
4  information or evidence that is presented in the course of the
5  trial and not on information from any other source.
6        The purpose of this jury selection process is to
7  ensure that each person selected is an appropriate juror for
8  the case, that the jury will as a whole represent the community
9  fairly, and that the jury will assure that the parties get what
10 they are entitled to:  a trial before a fair and impartial
11 jury.
12       I want to now introduce some of the people who are
13 here who will be involved in the trial of the case.  The
14 government is represented at this trial by Assistant United
15 States Attorneys Aloke Chakravarty.
16       MR. CHAKRAVARTY:  Good morning.
17       THE COURT:  Steven Mellin.
18       MR. MELLIN:  Good morning.
19       THE COURT:  Nadine Pellegrini.
20       MS. PELLEGRINI:  Good morning.
21       THE COURT:  And William Weinreb.
22       MR. WEINREB:  Good morning.
23       (Counsel for the government rise.)
24       THE COURT:  The defendant, Dzhokhar Tsarnaev, is
25 represented by attorneys David Bruck.

```
 1              MR. BRUCK:  Good morning.
 2              THE COURT:  Judy Clarke, Miriam Conrad, Bill Fick and
 3    Tim Watkins.
 4              MS. CLARKE:  Good morning.
 5              MR. WATKINS:  Good morning.
 6              (Counsel for the defense rise.)
 7              THE COURT:  And Mr. Tsarnaev is present, and he will
 8    stand.
 9              (The defendant complies.)
10              THE COURT:  Thank you.
11              Although you've only heard briefly about the case this
12    morning and indeed, of course, have heard no evidence about the
13    matter as yet, it is extremely important that until further
14    notice you do not discuss the case among yourselves or with
15    anyone else while this process goes forward.  That is because,
16    as I've said, a jury's verdict must, in the end, be based on
17    evidence produced at the trial, and must be free from outside
18    influence.  Therefore, I now order each of you not to discuss
19    the case with your family, friends or any other person until
20    either I excuse you, or if you're selected as a juror, until
21    the case concludes.  This is a court order, the willful
22    violation of which may be punishable as a contempt of court or
23    otherwise.
24              You may tell others that you possibly could be a juror
25    in the case, and you may discuss the schedule with your family
```

1  and employer, because obviously those people are entitled to
2  know where you'll be and what you might be involved in;
3  however, you're not to discuss anything else, any substance, or
4  allow anybody to discuss the matter with you, again, until
5  you're excused, or if you're picked for the jury, until the
6  case is over.
7          This means in particular, among other things, that you
8  may not speak to any member of the news media about the case.
9  There is legitimate public interest in this matter and the news
10 media play a vital role in informing the public about it.  It
11 would, however, be improper for you to discuss this case or
12 your role in it with them.
13         If anyone should ask to speak to you about the case,
14 you should politely decline.  If anyone persists, please inform
15 the jury clerk or other court staff promptly.
16         I also instruct you not to read, watch or listen to
17 any reports about the case in the media or elsewhere, again,
18 until you're excused, or if you're selected for service as the
19 juror, until the case is over.  If you should have a chance
20 encounter with a news story in a newspaper or TV or radio or
21 perhaps on the internet, please just turn the page, change the
22 channel or close the screen, move to other things.  Do not
23 read, listen to or watch anything related to the case.  And do
24 not under any circumstances do your own independent research
25 about the case including online research or anything else,

1  including anyone involved in the case.  This includes Googling
2  or otherwise researching the defendant, any of the witnesses,
3  any of the events, any of the trial participants such as the
4  lawyers or even myself.
5         Likewise, you must not communicate about the case or
6  allow anybody to communicate with you about it by phone, text
7  message, Skype, email, various social media such as Twitter or
8  Facebook.  Please do not discuss the case or anything I've said
9  about it with other potential jurors here or anyone else.
10        So I'm about wrapping up.
11        With respect to the questionnaire, take the time
12 necessary to respond to the question thoughtfully, honestly and
13 completely.  Again, there are no right or wrong answers to any
14 of the questions.  We want your true answer.  Please write or
15 print clearly.  Do not fill out that section on the form that
16 you'll see where it says "Juror No.___."  That will be filled
17 out by the court staff after you've left.
18        If you cannot answer a question because you do not
19 understand it, write:  "Do not understand."  If you cannot
20 answer a question because you don't know the answer, write:
21 "Do not know."  If you want to explain your answer, there's
22 usually some space provided in the questionnaire for you to do
23 that, and if it's not enough space at the end of the
24 questionnaire, there is ample extra space in the last question
25 for you to amplify on any previous question.  If you use that

1  space, please be sure to write the number of the previous
2  question that you're answering there.
3          Please fill out the entire questionnaire; that is,
4  answer all the questions.  If you would prefer to answer a
5  sensitive question orally rather than in writing on the
6  questionnaire, you may write "private" in response to that
7  question.
8          You'll receive two attachments to the questionnaire,
9  Attachment A and Attachment B.  These are lists of potential
10 witnesses in the case.  As you will read when you complete the
11 questionnaire, you should treat them slightly differently.  If
12 you believe you know someone on Attachment A, you should write
13 the number of that person -- it will be a numbered list.  Write
14 the number of that person in response to the appropriate
15 question on the questionnaire; in other words, don't write on
16 Attachment A.  You fill in the number of the person you
17 recognize on the questionnaire.  On the other hand, if you see
18 somebody that you know on Attachment B, which is a much shorter
19 list than Attachment A, just circle the person's name on
20 Attachment B; don't write it into the questionnaire.
21         Again, your answers, because of their importance to
22 this process, must be truthful, and you must sign the
23 questionnaire when you've completed it under the penalty of
24 perjury.
25         So when you've completed and signed it, you may give

1    it to the court staff.  Before that you may not leave the room
2    with either the questionnaire or its attachments.
3             So let me conclude as I began, by thanking you for
4    being here this morning and for taking part in this important
5    process.  We need your help and we need your honest performance
6    of this important duty of citizenship.
7             We'll now recess this session of the Court and
8    distribute the questionnaires.
9             THE CLERK:  All rise for the Honorable Court.
10            (The Court exits the jury assembly room and the
11   proceedings adjourned at 9:23 a.m.)

```
 1                     C E R T I F I C A T E
 2
 3        I, Marcia G. Patrisso, RMR, CRR, Official Reporter of
 4   the United States District Court, do hereby certify that the
 5   foregoing transcript constitutes, to the best of my skill and
 6   ability, a true and accurate transcription of my stenotype
 7   notes taken in the matter of Criminal Action No. 13-10200-GAO,
 8   United States of America v. Dzhokhar A. Tsarnaev.
 9
10   /s/ Marcia G. Patrisso
     MARCIA G. PATRISSO, RMR, CRR
11   Official Court Reporter
12
13   Date:  9/8/15
```