```
                UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MASSACHUSETTS


                                    )
UNITED STATES OF AMERICA,           )
                                    )
        Plaintiff,                  )
                                    )   Criminal Action
v.                                  )   No. 13-10200-GAO
                                    )
DZHOKHAR A. TSARNAEV, also          )
known as Jahar Tsarni,              )
                                    )
        Defendant.                  )
                                    )


         BEFORE THE HONORABLE GEORGE A. O'TOOLE, JR.
               UNITED STATES DISTRICT JUDGE


            JURY TRIAL - DAY THREE - P.M. SESSION


         John J. Moakley United States Courthouse
                     Jury Assembly Room
                     One Courthouse Way
              Boston, Massachusetts  02210
                 Wednesday, January 7, 2015
                        1:06 p.m.




              Marcia G. Patrisso, RMR, CRR
                  Official Court Reporter
              John J. Moakley U.S. Courthouse
              One Courthouse Way, Room 3510
                Boston, Massachusetts 02210
                       (617) 737-8728

         Mechanical Steno - Computer-Aided Transcript
```

```
 1   APPEARANCES:

 2        OFFICE OF THE UNITED STATES ATTORNEY
          By: William D. Weinreb, Aloke Chakravarty and
 3            Nadine Pellegrini, Assistant U.S. Attorneys
          John Joseph Moakley Federal Courthouse
 4        Suite 9200
          Boston, Massachusetts  02210
 5        - and -
          UNITED STATES DEPARTMENT OF JUSTICE
 6        By: Steven D. Mellin, Assistant U.S. Attorney
          Capital Case Section
 7        1331 F Street, N.W.
          Washington, D.C.  20530
 8        On Behalf of the Government

 9        FEDERAL PUBLIC DEFENDER OFFICE
          By: Miriam Conrad, William W. Fick and Timothy G. Watkins,
10            Federal Public Defenders
          51 Sleeper Street
11        Fifth Floor
          Boston, Massachusetts  02210
12        - and -
          CLARKE & RICE, APC
13        By: Judy Clarke, Esq.
          1010 Second Avenue
14        Suite 1800
          San Diego, California  92101
15        - and -
          LAW OFFICE OF DAVID I. BRUCK
16        By: David I. Bruck, Esq.
          220 Sydney Lewis Hall
17        Lexington, Virginia  24450
          On Behalf of the Defendant
18

19

20

21

22

23

24

25
```

```
 1                    P R O C E E D I N G S
 2          THE CLERK:  All rise for the Honorable Court.
 3          (The Court enters the jury assembly room at 1:06 p.m.)
 4          THE CLERK:  You may all be seated.
 5          THE COURT:  Good afternoon, ladies and gentlemen.
 6          THE JURORS:  Good afternoon.
 7          THE COURT:  My name is Judge George O'Toole.  I'm the
 8  presiding judge for this matter.  I want to welcome you all to
 9  the United States District Court for the District of
10  Massachusetts, and to thank you for being here today.  You are
11  here because you have been summoned to be available for service
12  as a trial juror in this court.
13          The resolution of legal controversies, civil or
14  criminal, by trial of a matter before a jury of citizens drawn
15  from the community is one of the most fundamental principles at
16  the core of our entire system of justice.  You may recall from
17  your study of American history that among the grievances
18  against King George that were set forth in the Declaration of
19  Independence were that he "had obstructed the administration of
20  justice" and "has made judges dependent upon his will alone."
21          Because of their experience in that respect, the
22  founders were determined that the Constitution of the new
23  nation would guarantee the right to trial by jury, and they
24  wrote that guarantee into the Sixth and Seventh amendments in
25  the Bill of Rights.  In doing so, they assured that the outcome
```

of legal cases would ultimately be entrusted not to just the officers of the government alone, but rather to the public, ordinary citizens convened and acting as trial jurors.

We are in the processes of selecting a jury for the trial of a criminal case. The case is the *United States v. Dzhokhar Tsarnaev*. Mr. Tsarnaev is charged in connection with events that occurred near the finish line of the Boston Marathon on April 15th, 2013, and that resulted in the death of three people. He's also charged with the death of an MIT police officer, and other crimes that occurred on April 18 and 19, 2013.

In a criminal prosecution the burden is always upon the government to prove by factual evidence that the defendant is guilty of any crime he is accused of. And accordingly, every defendant is presumed to be not guilty until the government has proved otherwise at trial. The government bears the burden of proving a defendant's guilt beyond a reasonable doubt.

The jury that we are in the process of selecting will have the task of considering the evidence produced at the trial of this matter and deciding on the basis of that evidence whether the government has proven the defendant's guilt of the charges against him beyond a reasonable doubt or not.

This case differs from many other criminal cases, however, in a significant way. Usually, after a jury has

1  convicted a defendant of a crime, the presiding judge decides
2  what the punishment should be.  In this case, however,
3  Mr. Tsarnaev is accused of crimes that are potentially
4  punishable by a sentence of death.  If, after trial, he is
5  convicted of any of these crimes, under the laws it is the
6  responsibility of the jury rather than the judge to decide
7  whether Mr. Tsarnaev should be sentenced to death, or instead
8  sentenced to life imprisonment without the possibility of
9  release, which is the only other penalty appropriate for such
10 crimes.
11          In essence, in our democracy we have committed these
12 solemn and important decisions not to judges answerable to the
13 sovereign alone, not to the press or the public opinion, and
14 certainly not to the mob.  We have committed this important
15 duty to ourselves collectively as the people, the people who
16 established our constitutional order in the first place.  And
17 so we the people therefore ask some of our fellow citizens to
18 assume the high duty of convening as a trial jury to consider
19 and resolve the issues presented with a firm disposition and
20 commitment to do justice fairly and impartially.  Accordingly,
21 it is the civic responsibility of every citizen to appear and
22 serve as a juror when called unless seriously unable to do so.
23          Such service is both an obligation of citizenship and
24 an opportunity to perform a vital and public and civic
25 function.  Juries are composed of citizens from all walks of

1  life, each of whom brings his or her own individual perspective
2  and life experience to the task.  You do not need any
3  particular education or experience to be a juror; what you do
4  need is a commitment to do justice.
5         Acknowledging the importance of jury service is not to
6  ignore the obvious point, that your appearance here is at the
7  least inconvenient.  We ask jurors to set aside their usual
8  routines for a time to perform an important and necessary
9  public service.  Certainly, serving on a jury, if you're chosen
10 to serve, will require you to make some adjustments in your
11 daily routines.
12        You should not, however, think of your jury service,
13 you're chosen to serve, as an annoying burden.  Jurors
14 regularly report to my colleagues and to me after they've
15 served that they have found their service to be one of the most
16 interesting and memorable experiences of their lives.  After
17 most trials, I meet briefly with the jurors and thank them for
18 their service.  Uniformly, during those conversations, the
19 jurors tell me that their experience was worthwhile,
20 interesting and fundamentally important to them.
21        Jurors who seemed to me to be nervous and unsure at
22 the beginning of a case after a verdict have a calm and solemn
23 sense of a duty responsibly performed.  If you're chosen to
24 serve on this case, I fully expect you will find the experience
25 to be the same.

1           Let me explain how we will proceed with the process of
2      selecting the jury.  When I've finished with these preliminary
3      remarks, we will distribute a questionnaire to you.  You'll
4      fill out the questionnaire before leaving today.  As you fill
5      it out, please do not discuss the questions or the answers with
6      anyone else, including the court staff who have been instructed
7      not to help you fill out the questionnaire.  The information on
8      the questionnaire, your questionnaire, must come from you and
9      from you alone.
10          Please understand there are no right or wrong answers
11     to the questions.  All we ask is that you answer each question
12     truthfully and completely to the best of your ability.  The
13     questionnaires are not intended to pry into personal matters
14     unnecessarily, but there are some personal things we need to
15     know in order to assure both sides in this case that the trial
16     will be conducted before a jury that is in truth fair and
17     impartial.
18          Additionally, as a practical matter, the using of the
19     questionnaires makes the process a bit less time-consuming and
20     inconvenient for you.
21          When you've filled out the questionnaire, you'll give
22     it to one of the court staff, and after that you'll be free to
23     leave.  During the coming week, the questionnaires will be
24     copied and reviewed by the lawyers in the case as well as by
25     me.  The completed questionnaire will initially be reviewed

1  only by the participants in the case and by the Court, and the
2  filled-out questionnaires will not become part of the public
3  record unless and until I've determined whether they include
4  sensitive information that should be kept confidential
5  permanently.  And if they do, I intend to keep that information
6  and any follow-up questioning about it from being available in
7  the public record.
8         When you leave, the court staff will give you a
9  telephone number to call next week so that you may listen to a
10 prerecorded message that will tell you about your possible
11 future service in the case.  Some jurors will be told then that
12 they have been excused permanently, some jurors will be told to
13 come to court again on a particular day to participate further
14 in the selection process, and some jurors will be told to call
15 in again later on another date for further instructions.
16        If you are selected to serve on this jury, the trial
17 is expected to start on or about January 26th and expected to
18 last three to four months.  The trial will generally be
19 conducted Monday through Thursday of each week, from about 9
20 a.m. to about 4 p.m. with time for breaks and lunch, of course.
21 The jury will not ordinarily sit on Fridays except in a week
22 where a legal holiday occurs on a Monday.  The trial will
23 continue through any school vacation week.
24        If you are concerned that service as a juror in this
25 case would be an unusually difficult hardship for you, you'll

1    have a chance to describe that hardship on the questionnaire.
2    If you're not excused based on what you have written in the
3    questionnaire, which may happen, I will discuss the request in
4    person with you when you come back to court.
5             Any request to be excused will be seriously
6    considered; however, I cannot guarantee that you necessarily
7    will be excused if you think jury service in this case would be
8    a hardship, because finding a jury that represents a fair
9    cross-section of the community will always pose some degree of
10   hardship for those citizens who are called to serve.
11            It is important that the men and women who are
12   selected as jurors in this case be able to listen to the
13   evidence presented in court and decide the issues in the case
14   fairly and impartially.  I'll be using those terms "fairly" and
15   "impartially" again at times during the selection process.  Let
16   me explain briefly what I mean by them.  To serve fairly and
17   impartially means to base a decision on the evidence presented
18   in court during the trial, applying the law as I will describe
19   it for you as necessary, and not based on any possible bias or
20   prejudice or anything you have seen, heard, read or experienced
21   outside the courtroom including anything you may think you have
22   previously learned from, say, reports in the media.
23            There has been a great deal of publicity about this
24   case and there will continue to be.  The mere fact that prior
25   to this you may have read or heard something about the case

1    does not automatically mean you cannot be a juror, but you must
2    be able to decide the issues in the case based on the
3    information or evidence that is presented in the course of the
4    trial and not on information from any other source.
5            The purpose of the selection process is to ensure that
6    each person selected is an appropriate juror for the case, that
7    the jury as a whole will fairly represent the community, and
8    that the jury selected will assure the parties that they will
9    get what they are entitled to:  a trial before a fair and
10   impartial jury.
11           I now would like to introduce some of the people you
12   see here who will be participating in the trial in the case.
13   The government is represented in this trial by Assistant United
14   States Attorneys Aloke Chakravarty.
15           MR. CHAKRAVARTY:  Good afternoon.
16           THE COURT:  Steve Mellin.
17           MR. MELLIN:  Good afternoon.
18           THE COURT:  Nadine Pellegrini.
19           MS. PELLEGRINI:  Good afternoon.
20           THE COURT:  And William Weinreb.
21           MR. WEINREB:  Good afternoon.
22           (Counsel for the government rise.)
23           THE COURT:  The defendant, Dzhokhar Tsarnaev, is
24   represented by attorneys David Bruck, Judy Clarke, Miriam
25   Conrad, Bill Fick, and Tim Watkins.  And Mr. Tsarnaev is

```
 1    present himself.
 2              (Counsel for the defense, as well as the defendant,
 3    rise.)
 4              THE COURT:  Thank you.  You may be seated.
 5              Although you have heard only briefly about the case
 6    today and, of course, have heard no evidence about it in the
 7    sense of trial evidence, it is extremely important that until
 8    further notice you do not discuss this case among yourselves or
 9    with anyone else; that is, I think it's clear, because as I
10    have said, the jury's verdict must be based on the evidence
11    produced at trial and must be free from outside influence.
12    Therefore, I now order each of you not to discuss the case with
13    your family, friends or any other person until either I excuse
14    you or, if you're selected as a juror, until the case
15    concludes.  This is a formal court order, the willful violation
16    of which may be punishable as a contempt of court or otherwise.
17              You may tell others that you may be a juror in the
18    case and you may discuss the schedule with your family and
19    employer because those people are entitled to know what you
20    might be involved in; however, you're not to discuss anything
21    else or allow anyone to discuss with you anything about the
22    case until either you're excused or, if you're chosen, until
23    the case has been concluded.
24              This means, of course, among other things, that you
25    may not speak to any member of the news media about the case.
```

1     There is legitimate public interest in this matter and the news
2     media play a vital role in informing the public about it.  It
3     would, however, be improper for you to discuss this case or
4     your role in it with them.  If anyone should ask to speak to
5     you about the case, you should politely decline.  If anyone
6     persists in that, please notify the jury clerk or any of the
7     court staff promptly.
8              I also instruct you not to read, watch or listen to
9     any reports about the case in the media until either you're
10    excused or, if selected to serve, until the case concludes.  If
11    you should by chance encounter a news story in the newspaper or
12    on the television or radio or perhaps on the internet, then
13    just please turn the page, change the channel, close the
14    screen, do something else.
15             Do not read, listen or watch anything related to the
16    case that may impair your ability to be a fair juror.  And do
17    not under any circumstances do any independent research
18    including online research about the events of the case or
19    anybody connected with it.  This includes Googling or otherwise
20    researching the defendant, any of the witnesses, any of the
21    events including other -- as well as other participants in the
22    case such as the lawyers or even myself.
23             Likewise, do not communicate about the case or allow
24    anyone to communicate with you about it by telephone, text
25    message, Skype, email, various social media such as Twitter or

1  Facebook.  Please do not discuss the case or anything that
2  we've talked about here today with any of the other potential
3  jurors or anyone else here today.
4         So we're just about finished with these preliminary
5  remarks.
6         Take the time necessary to respond to the
7  questionnaire thoughtfully, honestly and completely.  Remember
8  that there are no right or wrong answers.  Please write or
9  print clearly.  Do not fill out the section that -- you'll see
10  a blank section that says "Juror No.___."  The court staff will
11  fill in that blank as they process the questionnaires.
12         If you cannot answer a question because you do not
13  understand it, write:  "Do not understand."  If you can't
14  answer a question because you don't know the answer, write:
15  "Do not know."  If you want to explain your answer, do so in
16  the space provided with respect to that question, and if you
17  need extra space, you will find it in the final question on the
18  questionnaire at the end where you should have ample space to
19  expand on any prior answer.  If you do use that extra space,
20  please be sure to note the precise question by number that you
21  are responding to.  Please fill out the entire questionnaire.
22  If you would prefer to answer a sensitive question orally
23  rather than in writing, you may write "private" in response to
24  that question.
25         You'll receive two attachments with the questionnaire,

1    labeled A and B.  These are lists of potential witnesses.  As
2    you will read as you complete the questionnaire, you should
3    treat them differently.  If you believe you know someone who is
4    on the Attachment A witness list, you should write the number
5    of that person.  They will be in a numbered list.  Write the
6    number of that person in the questionnaire where you're asked
7    about it.  If you believe you know someone on Attachment B,
8    however, it's a shorter list, and we ask you simply to circle
9    the name of a person you know or have some connection with on
10   that list, and don't make any reference back to the body of the
11   questionnaire.  So with respect to A, write the number in the
12   answer to the questionnaire; with respect to B, you just circle
13   on the exhibit itself, or the attachment.
14            Now, your answers, of course, are a vital part of this
15   important selection process.  I've said, I think more than
16   once, that they must, of course, be truthful.  You're required
17   to sign the questionnaire at the end under the pains and
18   penalty of perjury.
19            When you have completed and signed the questionnaire,
20   then you could give it to a member of the court staff.  Prior
21   to that, you may not leave the room with the questionnaire or
22   either of the attachments.
23            So let me conclude as I began, by thanking you for
24   being here this afternoon and for taking part in this very
25   important process.  We need your help, and we need your honest

```
 1    performance of this important duty of citizenship.
 2              We'll now recess this session of the Court and
 3    distribute the questionnaires.
 4              THE CLERK:  All rise for the Honorable Court.
 5              (The Court exits the jury assembly room and the
 6    proceedings adjourned at 1:26 p.m.)
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1                      C E R T I F I C A T E
 2
 3          I, Marcia G. Patrisso, RMR, CRR, Official Reporter of
 4    the United States District Court, do hereby certify that the
 5    foregoing transcript constitutes, to the best of my skill and
 6    ability, a true and accurate transcription of my stenotype
 7    notes taken in the matter of Criminal Action No. 13-10200-GAO,
 8    United States of America v. Dzhokhar A. Tsarnaev.
 9
10    /s/ Marcia G. Patrisso
      MARCIA G. PATRISSO, RMR, CRR
11    Official Court Reporter
12
13    Date:  9/8/15
```