```
              UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF MASSACHUSETTS


                                    )
UNITED STATES OF AMERICA,           )
                                    )
        Plaintiff,                  )
                                    )  Criminal Action
v.                                  )  No. 13-10200-GAO
                                    )
DZHOKHAR A. TSARNAEV, also          )
known as Jahar Tsarni,              )
                                    )
        Defendant.                  )
                                    )


         BEFORE THE HONORABLE GEORGE A. O'TOOLE, JR.
              UNITED STATES DISTRICT JUDGE
```

### JURY TRIAL - DAY TWENTY-SIX

```
    John J. Moakley United States Courthouse
               Courtroom No. 9
               One Courthouse Way
          Boston, Massachusetts  02210
            Tuesday, March 3, 2015
                  11:38 a.m.



          Marcia G. Patrisso, RMR, CRR
             Official Court Reporter
          John J. Moakley U.S. Courthouse
          One Courthouse Way, Room 3510
          Boston, Massachusetts  02210
                  (617) 737-8728

     Mechanical Steno - Computer-Aided Transcript
```

```
 1     APPEARANCES:

 2           OFFICE OF THE UNITED STATES ATTORNEY
             By: William D. Weinreb, Aloke Chakravarty and
 3               Nadine Pellegrini, Assistant U.S. Attorneys
             John Joseph Moakley Federal Courthouse
 4           Suite 9200
             Boston, Massachusetts  02210
 5           - and -
             UNITED STATES DEPARTMENT OF JUSTICE
 6           By: Steven D. Mellin, Assistant U.S. Attorney
             Capital Case Section
 7           1331 F Street, N.W.
             Washington, D.C.  20530
 8           On Behalf of the Government

 9           FEDERAL PUBLIC DEFENDER OFFICE
             By: Miriam Conrad, William W. Fick and Timothy G. Watkins,
10               Federal Public Defenders
             51 Sleeper Street
11           Fifth Floor
             Boston, Massachusetts  02210
12           - and -
             CLARKE & RICE, APC
13           By: Judy Clarke, Esq.
             1010 Second Avenue
14           Suite 1800
             San Diego, California  92101
15           - and -
             LAW OFFICE OF DAVID I. BRUCK
16           By: David I. Bruck, Esq.
             220 Sydney Lewis Hall
17           Lexington, Virginia  24450
             On Behalf of the Defendant
18

19

20

21

22

23

24

25
```

```
 1                        P R O C E E D I N G S
 2              THE CLERK:  All rise for the Honorable Court.
 3              (The Court enters the courtroom at 11:38 a.m.)
 4              THE CLERK:  Please be seated.
 5              THE COURT:  Good morning, everyone.
 6              VOICES IN UNISON:  Good morning, your Honor.
 7              THE COURT:  We appreciate your being here.  We
 8     apologize for some of the delays; it's logistics principally.
 9     And we're ready to proceed now with the next and final stage of
10     the selection of the jury for the case of United States v.
11     Dzhokhar Tsarnaev.
12              This will involve the exercise of what are called
13     "peremptory challenges" by both sides.  A peremptory challenge
14     is a request to excuse a juror for which no reason need be
15     given.  Each side is, by law, allotted a certain number of
16     peremptory challenges, and we're going to have the parties now
17     exercise those choices.
18              They will be doing it by indicating their choices on a
19     form that will be circulated back and forth between counsel and
20     will be monitored by me as we go along.  And at the end, we'll
21     announce the outcome of the challenges, who remains in the pool
22     to serve as the jury and who will be excused.
23              So we'll begin now.  I think each side has a form.
24     The government will start.  And I guess that will now become
25     the form.
```

```
 1              MR. MELLIN:  Thank you, your Honor.
 2              (Long pause.)
 3              THE COURT:  May I see counsel briefly at sidebar,
 4   please.
 5              (Discussion at sidebar and out of the hearing of the
 6   jury:)
 7              THE COURT:  Is this the official?  All right.  I
 8   double-checked it against mine and I think it's fine.  This is
 9   what I understand we have.  I'd like you to see if your records
10   reflect that.
11              MS. CLARKE:  Yeah.
12              (Pause.)
13              MR. BRUCK:  Yes.
14              THE COURT:  All right?
15              MR. BRUCK:  Yes.
16              THE COURT:  All right?
17              MR. WEINREB:  Yes.
18              THE COURT:  You can check it in a minute.  I just
19   wanted to -- you've got the list?
20              MR. CHAKRAVARTY:  We do, yes.  The government does
21   make a reverse *Batson* challenge with regards to the defense's
22   apparent systematic exclusion of Latino jurors.  There were
23   two, I think, self-identified, I think a third whose name
24   convention suggests -- and appearance suggests she's also
25   Latino, and that results in effectively eliminating all visible
```

1    minorities.  The government thinks it is appropriate to
2    disallow the strikes.
3             THE COURT:  Do you have the numbers?
4             MR. CHAKRAVARTY:  Yes, your Honor.  308 --
5             THE COURT:  All right.
6             MR. CHAKRAVARTY:  -- 350 and 390.
7             MR. BRUCK:  Just those two?
8             MR. CHAKRAVARTY:  Three.
9             MR. BRUCK:  What was the first one?
00:34 10            MR. CHAKRAVARTY:  308.
11            THE COURT:  Do you want to address that?
12            MS. CLARKE:  If we may just have a moment?
13            (Counsel confer off the record.)
14            MR. BRUCK:  Our position is there has been no prima
15   facie showing of intentional ethnic or racial discrimination by
16   the government so the objection should be denied.
17            THE COURT:  Why don't you make me a proffer as to each
18   of them.
19            MS. CLARKE:  I didn't hear the question.
00:37 20           MR. BRUCK:  The Court would like a proffer as to each
21   juror.
22            MS. CLARKE:  We could do that with our notes.
23            MR. BRUCK:  We would need to draw back.  I don't
24   remember a lot of it, but...
25            THE COURT:  All right.

1           (Pause.)
2           MR. BRUCK:  Your Honor, we would like a short recess
3  to make sure that we have -- I mean, I could do this off the
4  cuff and it probably would be satisfactory, but we want to be
5  sure we put every permissible basis and actual reasons for
6  these strikes on the record, which means going back to our
7  files and --
8           THE COURT:  Which is where?
9           MR. BRUCK:  Well, we have everything here on it.
10          THE COURT:  Right.
11          MR. BRUCK:  The record of the voir dire, the
12  questionnaires, our notes.
13          THE COURT:  Well, I'd rather not break up the session
14  here.
15          MR. BRUCK:  Well, I can --
16          THE COURT:  I'll give you the time here while we --
17          MR. BRUCK:  Right.  I mean, I can make a proffer of
18  some of the reasons they are not going to be --
19          MS. CLARKE:  Let's just look at our stuff and then you
20  can come up?
21          MR. BRUCK:  Yeah, let's do that.
22          (Pause.)
23          MR. BRUCK:  So we'll take these in order.  Juror 308
24  was a dispatcher at Northeastern University and was actively
25  involved in police work on the night of April 18th to 19th.  In

```
 1    addition -- that was certainly enough for us not to think she
 2    should be on the jury.  In addition to that, she clearly had
 3    ambition to be a law enforcement officer, and that was the
 4    direction of her career trajectory.  And we felt that given the
 5    fact that this was the -- the case involved the murder of a
 6    police officer, she would -- even though she said otherwise on
 7    voir dire, that it was likely that she was going to feel
 8    pressured to go with the perceived interests or desires of law
 9    enforcement as a juror in this case and not be the person that
10    spared the Boston Marathon bomber from receiving the death
11    penalty.
12            As to Number 350, he had extremely strong pro death
13    penalty views.  He was the juror who felt based on his
14    experiences in Puerto Rico that the death penalty sometimes was
15    necessary to, quote, send a message.  And he, more than any
16    other juror in this entire process, talked about the value of
17    using the death penalty for deterrence, which is something that
18    goes against the whole idea of considering mitigation.  So we
19    thought he was an exceptionally dangerous juror from the point
20    of view of imposing the death penalty on our client.  We note
21    that we made a motion to strike Juror 350 that the Court
22    overruled on the grounds of his pro death penalty views.
23            Juror 390 was a 10 on her form.  We also moved to
24    disqualify Juror 390 on the basis of her pro death penalty
25    views and rated her as an extremely adverse juror for her
```

1   punishment views.
2          For those three reasons, we exercised our peremptories
3   to exclude them using exactly the same criteria that we did for
4   all the other jurors.
5          MR. CHAKRAVARTY:  The government recognizes each of
6   those as a plausible non-racially-based basis for striking;
7   however, in the context of the litigation on the juror pool,
8   it's clear that the defense has advanced a theory that
9   the -- both the jury pool, the venire, as well as the -- those
10  that were to be conducted by individual voir dire have not been
11  racially diverse.  And to the extent that the three visible
12  minorities are on the panel have now been struck by the
13  defense, I just wanted the record to reflect that despite the
14  fact that there is a plausible non-racially based reason, there
15  is still a strong inference that race played a role in that
16  decision and we object to it.
17         MR. BRUCK:  Well, I don't know that that requires us
18  to respond.
19         THE COURT:  I don't think it does.
20         MR. BRUCK:  Thank you.
21         THE COURT:  The record is there for whatever it means
22  for the statistical argument, and it's certainly clear that to
23  the extent there are no minorities, Hispanic minorities in this
24  petit jury, it's clear that it was at the choice -- not for
25  that reason, but at the choice of peremptories that the defense

1    made to shape the jury that way, for whatever that means.  I
2    accept the proffer as to the non-ethnic or racial-based reasons
3    for the strikes.
4           Okay.  So we will begin as we planned with 530.
5           MR. CHAKRAVARTY:  And go one at a time?
6           MR. BRUCK:  I think it is two and one.
7           THE COURT:  I was going to do two and one, but I could
8    do one, one, one.
9           MR. CHAKRAVARTY:  We prefer to do one, one, one.
00:45 10           THE COURT:  All right.  One, one, one is fine.
11           MR. CHAKRAVARTY:  Thank you.
12           (In open court:)
13           (Long pause.)
14           THE COURT:  Let me again see counsel, please, at the
15   side.
16           (Discussion at sidebar and out of the hearing of the
17   jury:)
18           THE COURT:  Everybody agree?
19           MS. CLARKE:  Yes.
00:54 20           THE COURT:  I'm going to now call each of these in
21   sequence, all 18, in the box.  After that, we'll have a few
22   remarks, excuse the others, and take them in the back, okay?
23           MR. CHAKRAVARTY:  Thank you.
24           MS. CLARKE:  Thank you, your Honor.
25           (In open court:)

1       THE COURT:  The parties have exercised their
2  peremptory strikes and those have been recorded.  Will the
3  following jurors come forward to take their seats in the jury
4  box:  Juror No. 35, Juror No. 41, Juror No. 83, Juror No. 102,
5  Juror No. 138, Juror No. 229, Juror No. 286, Juror No. 349,
6  Juror No. 395, Juror No. 441, Juror No. 480, Juror No. 487,
7  Juror No. 552, Juror No. 567, Juror No. 588, Juror No. 598,
8  Juror No. 608, Juror No. 638.
9       Jurors, you have now been selected to serve as the
10 trial jurors and alternates in this case.  In a moment we're
11 going to have you come back into the back room and have some
12 logistical discussions with you about proceeding.
13      The other jurors may return to the jury room.  They're
14 excused.  I guess you don't have to go to the jury room.  See
15 the jury clerk on the way out.  You'll be excused.
16      (The venire is excused.)
17      THE COURT:  All right.  We will recess until tomorrow
18 morning formally when we will begin the presentation, the
19 swearing of the jury and the presentation of the case.  For
20 now, jurors, we would like you to go into the jury room for a
21 little, as I say, orientation and explanation of how we'll be
22 proceeding as a logistical matter, all right?
23      The jury will withdraw.
24      THE CLERK:  All rise.
25      (The Court and jury exit the courtroom and the

1    proceedings concluded at 12:40 p.m.)

Case 1:13-cr-10200-GAO   Document 1533   Filed 09/29/15   Page 12 of 12

26-12

```
 1                     C E R T I F I C A T E

 2

 3          I, Marcia G. Patrisso, RMR, CRR, Official Reporter of

 4     the United States District Court, do hereby certify that the

 5     foregoing transcript constitutes, to the best of my skill and

 6     ability, a true and accurate transcription of my stenotype

 7     notes taken in the matter of Criminal Action No. 13-10200-GAO,

 8     United States of America v. Dzhokhar A. Tsarnaev.

 9

10     /s/ Marcia G. Patrisso
       MARCIA G. PATRISSO, RMR, CRR
11     Official Court Reporter

12
       Date:  9/29/15
13
```