# AGREEMENT TO PROTECT DEFENSE INFORMATION AND WORK PRODUCT

Recognizing that the Bureau of Prisons requires advance clearance of visitors (see BP-A660.012), maintains a log of visitors, and reserves the right to inspect materials provided to, shown to, or reviewed with the defendant, Dzhokhar Tsarnaev; recognizing that the Special Administrative Measures (SAMs) imposed in this case on August 27, 2013 require legal visitors to sign an "affirmation" of compliance with the SAMs, which is maintained by the U.S. Attorney and forwarded to the U.S. Marshal and Bureau of Prisons (SAM, 2a); and recognizing that the defense wishes to keep certain information, including defense work product, confidential, the parties hereby agree as follows:

1. No one on the Prosecution Team[1] and no person involved in the state prosecution of Mr. Tsarnaev, including but not limited to anyone working in the Middlesex County District Attorney's Office, shall receive or be provided with any information regarding materials, electronic or otherwise, shown to Mr. Tsarnaev, provided to Mr. Tsarnaev, or reviewed by members of the defense team with Mr. Tsarnaev ("defense materials"). Specifically, without limitation, BOP shall not provide any information to the Prosecution Team or the Middlesex County District Attorney's Office concerning inspection of defense materials (*e.g.*, the nature, titles, and content of such materials).

2. No one on the Prosecution Team shall be involved in clearing or approving visitors, including defense experts, to Mr. Tsarnaev. All SAM affirmations and BOP clearance forms henceforth shall be maintained by individuals who are not part of the Prosecution Team. No one on the Prosecution Team shall be provided with a copy of the visitors log until the defense has had an opportunity to redact the names of defense experts, and the dates of their visits.

---

[1] For purposes of this agreement, "Prosecution team" means the District of Massachusetts U.S. Attorney's office, the United States Department of Justice, and all state and federal law enforcement agents and officers involved in the investigation or prosecution of the federal case against Mr. Tsarnaev.

3. Immediately upon execution of this agreement, the District of Massachusetts U.S. Attorney's Office shall advise defense counsel of the contact person who will receive and maintain SAMs affirmations.

4. It is further agreed that, if any question or disagreement concerning defense materials or visits arises, the defense team and BOP counsel at FMC Devens (Les Owen or his designee) will first attempt to resolve the dispute. If the question or disagreement is not resolved directly by the defense team and BOP counsel (or designee), BOP counsel may consult with the designated Assistant U.S. Attorney who is not working on the Tsarnaev case, who may in turn consult with anyone else who is not on the Prosecution Team. No information regarding this consultation or the information or issues to which it pertains may be disclosed to the Prosecution Team. except to the extent that: (1) disclosure is necessary to determine whether a violation of the SAMs or of BOP policies and regulations has actually occurred or (2) the designated Assistant U.S. Attorney determines by a preponderance of the evidence that a violation of the SAMs or of BOP policies and regulations has in fact occurred.

5. Any defense request to modify paragraphs 2(d), 2(e), or 2(f) of the SAMs so as to add named individuals shall be addressed with the designated AUSA. The Prosecution team shall not be advised of such requests or involved in the process of such modifications of the SAMs, and no information regarding such requests shall be disclosed to the Prosecution Team.

By: _____
WILLIAM D. WEINREB
ALOKE S. CHAKRAVARTY
NADINE PELLEGRINI
Assistant U.S. Attorneys
U. S. Attorney's Office          Date: 7/1, 2014

By: _____
DAVID I. BRUCK
JUDY CLARKE
MIRIAM CONRAD
WILLIAM FICK
TIMOTHY WATKINS
Counsel for Dzhokhar Tsarnaev    Date: 7/3, 2014