```
                    UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MASSACHUSETTS



                                    )
UNITED STATES OF AMERICA,           )
                                    )
        Plaintiff,                  )
                                    )   Criminal Action
v.                                  )   No. 13-10200-GAO
                                    )
DZHOKHAR A. TSARNAEV, also          )
known as Jahar Tsarni,              )
                                    )
        Defendant.                  )
                                    )



            BEFORE THE HONORABLE GEORGE A. O'TOOLE, JR.
                  UNITED STATES DISTRICT JUDGE



                 JURY TRIAL - DAY FORTY-FIVE




           John J. Moakley United States Courthouse
                     Courtroom No. 9
                    One Courthouse Way
                 Boston, Massachusetts  02210
                  Wednesday, April 8, 2015
                        9:21 a.m.




               Marcia G. Patrisso, RMR, CRR
                  Official Court Reporter
              John J. Moakley U.S. Courthouse
               One Courthouse Way, Room 3510
                Boston, Massachusetts  02210
                     (617) 737-8728

          Mechanical Steno - Computer-Aided Transcript
```

```
 1   APPEARANCES:

 2        OFFICE OF THE UNITED STATES ATTORNEY
          By: William D. Weinreb, Aloke Chakravarty and
 3            Nadine Pellegrini, Assistant U.S. Attorneys
          John Joseph Moakley Federal Courthouse
 4        Suite 9200
          Boston, Massachusetts  02210
 5        - and -
          UNITED STATES DEPARTMENT OF JUSTICE
 6        By: Steven D. Mellin, Assistant U.S. Attorney
          Capital Case Section
 7        1331 F Street, N.W.
          Washington, D.C.  20530
 8        On Behalf of the Government

 9        FEDERAL PUBLIC DEFENDER OFFICE
          By: Miriam Conrad, Federal Public Defender
10        51 Sleeper Street
          Fifth Floor
11        Boston, Massachusetts  02210
          - and -
12        CLARKE & RICE, APC
          By: Judy Clarke, Esq.
13        1010 Second Avenue
          Suite 1800
14        San Diego, California  92101
          - and -
15        LAW OFFICE OF DAVID I. BRUCK
          By: David I. Bruck, Esq.
16        220 Sydney Lewis Hall
          Lexington, Virginia  24450
17        On Behalf of the Defendant

18

19

20

21

22

23

24

25
```

P R O C E E D I N G S

1

2          THE CLERK:  All rise for the Court and the jury.

3          (The Court and jury enter the courtroom at 9:21 a.m.)

4          THE CLERK:  Be seated.

5          THE COURT:  Good morning, jurors.

6          THE DELIBERATING JURORS:  Good morning, your Honor.

7          THE COURT:  The record will reflect that all

8    deliberating jurors have returned as well as all the alternate

9    jurors.

10          I ask you again whether you can tell me whether you

11   have abided by my instructions to avoid any discussion of the

12   case outside of the confines of the jury room, for the

13   deliberating jury.

14          THE DELIBERATING JURORS:  Yes, sir.

15          THE COURT:  And avoided any news reports or other

16   media reports of the case?

17          THE DELIBERATING JURORS:  Yes.

18          THE COURT:  Yes?  All right.  Thank you.

19          Now, just before we broke yesterday the jury had sent

20   in two questions, and I will now proceed to answer those

21   questions for you.

22          The first question has really two parts but -- and I

23   I'll separate them in giving the answers so that it is clear.

24   The first part of the question is, "Can a conspiracy pertain to

25   a sequence of events over multiple days or a distinct event?"

1          As you've been instructed, a criminal conspiracy is an

2     agreement between two or more people to commit an unlawful act

3     or acts.  What the scope of the conspiracy was -- that is, what

4     the conspirators agreed to do jointly -- is a question of fact

5     for you to determine from your consideration of all the

6     evidence that you find may bear on that question.  Similarly,

7     the duration of a conspiracy, how long it was to continue, is

8     also a question of fact for you to determine from all the

9     pertinent evidence.

00:10 10          A conspiracy may be limited in scope or duration

11     because that is what the conspirators agreed.  Similarly, it

12     may be unlimited in scope or duration because that is what the

13     conspirators agreed.

14          For example, to return to our hypothetical crime of

15     selling apparel without providing a certificate of origin, two

16     or more persons might conspire to commit that offense.  They

17     might agree to unlawfully sell a truckload of apparel that was

18     at hand and then be done with it, or they might agree to sell

19     as many truckloads as they could get their hands on for an

00:10 20     indefinite period of time into the future if that's what they

21     agreed on.

22          So the scope and duration of the conspiracy is to be

23     determined from your assessment of the evidence in the case as

24     it pertains to the conspiracies.

25          Now, as you pointed out in your question there are

three conspiracy counts:  1, 6 and 11.  They each allege a

different conspiracy.  It's possible that your conclusions

based on your evaluation of the evidence could be the same in

terms of duration and scope or they could be different.  You

should give separate consideration to each of them.

I call your attention to the fact that in each of

Counts 1, 6 and 11 the indictment alleges that the conspiracy

existed from at least in or about February 2013 up to and

including on or about April 19th, 2013.  So that is what the

allegation of the indictment is.  You're not bound by that, of

course.  The question is for you to evaluate whether that is

factually true on the evidence or not.  But I just bring to

your attention that is what is alleged in the indictment.

You go on in the question to ask about Counts 1, 6 and

11.  You ask, "On Counts 1, 6 and 11" -- those counts ask you

to find an answer to Subparts A, B, C and D -- "but we only

have to be unanimous for one.  Do we have to consider all?"

The first question that each of -- on the verdict form

for each of Counts 1, 6 and 11 is whether you find the

defendant guilty or not guilty of that charge.  If the answer

is guilty, then you are to proceed to answer all the subparts

of the questions that follow.  To answer any of those questions

"yes," you must unanimously agree beyond a reasonable doubt on

that answer.  To answer any of those questions "no," you must

unanimously agree.  And if your answer to the first question is

"not guilty," then you proceed to the next count and do not answer the subsidiary questions.  You answer only if your answer to the first question is "guilty."

The second question you have:  "What is the difference between aiding and abetting?  Is there a differentiation between the two?  If there is phrasing of aiding and abetting, it doesn't seem like there is evidence of both aiding and abetting, but rather only aiding or abetting.  How can it be said that aiding and abetting took place?"

00:13 "Aiding and abetting" is a single concept.  It is sometimes said as "aiding and abetting" or it is sometimes said as "aiding or abetting," but either formulation means exactly the same thing.  To aid and abet means to intentionally help someone else commit a criminal offense.  A person who aids and abets the commission of a criminal offense by another person is criminally responsible for the commission of that offense.

To prove -- as I instructed you, and as you have with you in the jury room, to prove guilt by aiding and abetting, the government must prove beyond a reasonable doubt, first, 00:14 that someone other than the defendant committed the crime charged; and, second, that the defendant consciously shared the other person's knowledge of the underlying criminal act, intended to help him commit the crime, and willfully took part in the criminal endeavor in some way seeking to help it succeed.  And again, of course, an act is done willfully if it

1    is done voluntarily and intentionally.

2         So those are my answers to the questions you put.  We

3    ask you now to resume your deliberations.  The clerk will

4    return to you the sealed envelope with the verdict slip in it

5    as well as your notebooks and other materials, all right?

6         MS. CONRAD:  Your Honor, may we be heard briefly at

7    sidebar?

8         THE COURT:  Yes.

9         (Discussion at sidebar and out of the hearing of the

10   jury:)

11        MS. CONRAD:  I heard the government instruct as --

12   appropriately, as to they must find the scope and the duration.

13        THE COURT:  You mean me.  You said the government.

14        MS. CONRAD:  Correct.  Sorry.  I meant the Court.

15        However -- and the Court also reminded them what was

16   charged in the indictment.  But what the Court didn't say,

17   which we have requested and I thought the Court was going to

18   do -- it was somewhat incorporated but I can't find it right

19   now in the original instructions -- is that the government must

20   prove the conspiracy charged in the indictment.

21        So it's not sufficient if they find some other

22   conspiracy of shorter scope or shorter duration where the

23   government has charged an overarching conspiracy.  That's not

24   enough to support a conviction.

25        THE COURT:  Well, I'm not sure that's entirely

1    accurate.  I think the answer is sufficient.  Your objection is

2    noted.

3           MS. CONRAD:  Thank you.

4           THE COURT:  All right.  I'll ask the jurors to

5    withdraw.

6           THE CLERK:  All rise for the Court and the jury.  The

7    Court will be in recess.

8           (The Court and jury exit the courtroom and there is a

9    recess in the proceedings at 9:29 a.m.)

04:37 10           THE CLERK:  All rise for the Court and the jury.

11           (The Court and jury enter the courtroom at 2:05 p.m.)

12           THE CLERK:  Will the deliberating jurors remain

13    standing, will the defense remain standing.  Everyone else be

14    seated.

15           Madam foreperson, has the jury agreed upon a verdict?

16           THE FOREPERSON:  We have.

17           THE CLERK:  May I have the sheet, please.

18           (The verdict form is handed to the clerk.)

19           THE CLERK:  Thank you.

04:54 20           THE FOREPERSON:  You're welcome.

21           (The Court reviews the verdict form.)

22           THE COURT:  All right.  You may announce the verdict.

23           THE CLERK:  In Criminal No. 13-10200, United States of

24    America versus Dzhokhar A. Tsarnaev, the verdict:

25           Count One:  As to Count One of the indictment charging

1    conspiracy to use a weapon of mass destruction, we unanimously

2    find the defendant, Dzhokhar A. Tsarnaev:  Guilty.

3          As to whether the conspiracy charged in Count One of

4    the indictment resulted in at least one of the four deaths

5    alleged in Count One, we unanimously find:

6          As to the death of Krystle Marie Campbell:  Yes.

7          As to the death of Officer Sean Collier:  Yes.

8          As to the death of Lingzi Lu:  Yes.

9          As to the death of Martin Richard:  Yes.

04:56 10   Count two:  As to Count Two of the indictment charging

11   the use of a weapon of mass destruction (Pressure Cooker Bomb

12   No. 1) on or about April 15, 2013, in the vicinity of 671

13   Boylston Street in Boston, Massachusetts, and aiding and

14   abetting, we unanimously find the defendant, Dzhokhar A.

15   Tsarnaev:  Guilty.

16         As to whether the offense charged in Count Two

17   resulted in the death of Krystle Marie Campbell, we unanimously

18   find:  Yes.

19         Count Three:  As to Count Three of the indictment

04:57 20   charging that the defendant used or carried a firearm (Pressure

21   Cooker Bomb No. 1) during and in relation to a crime of

22   violence, namely, use of a weapon of mass destruction as

23   charged in Count Two of this indictment, and aiding and

24   abetting, we unanimously find the defendant, Dzhokhar A.

25   Tsarnaev:  Guilty.

 1          As to whether the firearm charged in Count Three,

 2    (Pressure Cooker Bomb No. 1) was discharged, we unanimously

 3    find:  Yes.

 4          As to whether the firearm charged in Count Three

 5    (Pressure Cooker Bomb No. 1) was a destructive device, we

 6    unanimously find:  Yes.

 7          As to whether the defendant in the course of

 8    committing the violation alleged in Count Three caused the

 9    death of Krystle Marie Campbell through the use of a firearm,

04:58 10    and the killing was a murder, or aided or abetted another in

11    causing the death of Krystle Marie Campbell through the use of

12    a firearm, and the killing was a murder, we unanimously find:

13    Yes.

14          Count Four:  As to Count Four of the indictment

15    charging use of a weapon of mass destruction (Pressure Cooker

16    Bomb No. 2) on or about April 15, 2013, in the vicinity of 755

17    Boylston Street in Boston, Massachusetts, and aiding and

18    abetting, we unanimously find the defendant, Dzhokhar A.

19    Tsarnaev:  Guilty.

04:59 20          As to whether the offense charged in Count Four of the

21    indictment resulted in at least one of the two deaths alleged

22    in count four, we unanimously find:

23          As to the death of Lingzi Lu:  Yes.

24          As to the death of Martin Richard:  Yes.

25          As to Count Five of the indictment charging that the

1    defendant used or carried a firearm (Pressure Cooker Bomb No.

2    2) during and in relation to a crime of violence, namely, use

3    of a weapon of mass destruction as charged in Count Four of

4    this indictment, we unanimously find the defendant, Dzhokhar A.

5    Tsarnaev:  Guilty.

6         As to whether the firearm charged in Count Five was

7    discharged, we unanimously find:  Yes.

8         As to whether the firearm charged in Count Five was a

9    destructive device, we unanimously find:  Yes.

05:00  10         As to whether the defendant, in the course of

11    committing the violation alleged in Count Five, caused one of

12    the two deaths alleged in Count Five, and the killing was a

13    murder, or aided or abetted another in causing one of the two

14    deaths alleged in Count Five, and the killing was a murder, we

15    unanimously find:

16         As to the death of Lingzi Lu:  Yes.

17         As to the death of Martin Richard:  Yes.

18         Count Six:  As to Count Six of the indictment charging

19    conspiracy to bomb a place of public use, we unanimously find

05:00  20    the defendant, Dzhokhar A. Tsarnaev:  Guilty.

21         As to whether the conspiracy charged in Count Six of

22    the indictment resulted in at least one of the deaths alleged

23    in Count Six, we unanimously find:

24         As to the death of Krystle Marie Campbell:  Yes.

25         As to the death of Officer Sean Collier:  Yes.

1        As to the death of Lingzi Lu:  Yes.

2        As to the death of Martin Richard:  Yes.

3        Count Seven:  As to Count Seven of the indictment

4  charging the bombing of a place of public use (Pressure Cooker

5  Bomb No. 1) on or about April 15, 2013, in the vicinity of 671

6  Boylston Street, Boston, Massachusetts, and aiding and

7  abetting, we unanimously find the defendant, Dzhokhar A.

8  Tsarnaev:  Guilty.

9        As to whether the offense charged in Count Seven

05:01 10  resulted in the death of Krystle Marie Campbell, we unanimously

11  find:  Yes.

12        Count Eight:  As to Count Eight of the indictment

13  charging that the defendant used or carried a firearm (Pressure

14  Cooker Bomb No. 1) during and in relation to a crime of

15  violence, namely, the bombing of a place of public use as

16  charged in Count Seven of this indictment, we unanimously find

17  the defendant, Dzhokhar A. Tsarnaev:  Guilty.

18        As to whether the firearm charged in Count Eight

19  (Pressure Cooker Bomb No. 1) was discharged, we unanimously

05:02 20  find:  Yes.

21        As to whether the firearm charged in Count Eight

22  (Pressure Cooker Bomb No. 1) was a destructive device, we

23  unanimously find:  Yes.

24        As to whether the defendant, in the course of

25  committing the violation alleged in Count Eight, caused the

death of Krystle Marie Campbell through the use of the firearm, and the killing was a murder, or aided or abetted another in causing the death of Krystle Marie Campbell through the use of the firearm, and the killing was a murder, we unanimously find: Yes.

Count Nine:  As to Count Nine of the indictment charging the bombing of a place of public use (Pressure Cooker Bomb No. 2) on or about April 15, 2013, in the vicinity of 755 Boylston Street, Boston, Massachusetts, and aiding and abetting, we unanimously find the defendant, Dzhokhar A. Tsarnaev:  Guilty.

As to whether the offense charged in Count Nine of the indictment resulted in the death of at least one of the two persons alleged in Count Nine, we unanimously find:

As to the death of Lingzi Lu:  Yes.

As to the death of Martin Richard:  Yes.

Count Ten:  As to Count Ten of the indictment charging that the defendant used or carried a firearm (Pressure Cooker Bomb No. 2) during and in relation to a crime of violence, namely, the bombing of a place of public use as charged in Count Nine of this indictment, we unanimously find the defendant, Dzhokhar A. Tsarnaev:  Guilty.

As to whether the firearm charged in Count Ten (Pressure Cooker Bomb No. 2) was discharged, we unanimously find:  Yes.

1          As to whether the firearm charged in Count Ten

2     (Pressure Cooker Bomb No. 2) was a destructive device, we

3     unanimously find:  Yes.

4          As to whether the defendant, in the course of

5     committing the violation alleged in Count Ten of the

6     indictment, caused the death of one of the two persons alleged

7     in Count Ten through the use of the firearm, and the killing

8     was a murder, or aided or abetted another in causing the death

9     of one of the two persons alleged in Count Ten through the use

05:05 10    of the firearm, and the killing was a murder, we unanimously

11    find:

12             As to the death of Lingzi Lu:  Yes.

13             As to the death of Martin Richard:  Yes.

14         Count Eleven:  As to Count Eleven of the indictment

15    charging conspiracy to maliciously destroy property, we

16    unanimously find the defendant, Dzhokhar A. Tsarnaev:  Guilty.

17         As to whether the conspiracy charged in Count Eleven

18    of the indictment resulted in at least one of the four deaths

19    alleged in Count Eleven, we unanimously find:

05:05 20            As to the Krystle Marie Campbell:  Yes.

21             As to the death of Officer Sean Collier:  Yes.

22             As to the death of Lingzi Lu:  Yes.

23             As to the death of Martin Richard:  Yes.

24         Count Twelve:  As to Count Twelve of the indictment

25    charging malicious destruction of property by means of an

1    explosive (Pressure Cooker Bomb No. 1) on or about April 15,

2    2013, in the vicinity of 671 Boylston Street in Boston,

3    Massachusetts, and aiding and abetting, we unanimously find the

4    defendant, Dzhokhar A. Tsarnaev:  Guilty.

5         As to whether the offense charged in Count Twelve of

6    the indictment resulted in personal injury to at least one

7    person, we unanimously find:  Yes.

8         As to whether the offense charged in Count Twelve of

9    the indictment resulted in the death of Krystle Marie Campbell,

05:06 10   we unanimously find:  Yes.

11        Count Thirteen:  As to Count Thirteen of the

12   indictment charging that the defendant used or carried a

13   firearm (Pressure Cooker Bomb No. 1) during and in relation to

14   a crime of violence, namely, malicious destruction of property

15   as charged in Count Twelve of this indictment, we unanimously

16   find the defendant, Dzhokhar A. Tsarnaev:  Guilty.

17        As to whether the firearm charged in Count Thirteen

18   was discharged, we unanimously find:  Yes.

19        As to whether the firearm charged in Count Thirteen

05:07 20   was a destructive device, we unanimously find:  Yes.

21        As to whether the defendant in the course of

22   committing the violation alleged in Count Thirteen caused the

23   death of Krystle Marie Campbell through the use of the firearm,

24   and the killing was a murder, or aided or abetted another in

25   causing the death of Krystle Marie Campbell through the use of

1   a firearm, and the killing was a murder, we unanimously find:

2   Yes.

3        Count Fourteen:  As to Count Fourteen of the

4   indictment charging malicious destruction of property by means

5   of an explosive (Pressure Cooker Bomb No. 2) on or about April

6   15, 2013, in the vicinity of 755 Boylston Street in Boston,

7   Massachusetts, and aiding and abetting, we unanimously find the

8   defendant, Dzhokhar A. Tsarnaev:  Guilty.

9        As to whether the offense charged in Count Fourteen

05:08 10   resulted in personal injury to at least one person, we

11   unanimously find:  Yes.

12        As to whether the offense charged in Count Fourteen of

13   the indictment resulted in at least one of the two deaths

14   alleged in Count Fourteen, we unanimously find:

15        As to the death of Lingzi Lu:  Yes.

16        As to the death of Martin Richard:  Yes.

17        Count Fifteen:  As to Count Fifteen of the indictment

18   charging that the defendant used or carried a firearm (Pressure

19   Cooker Bomb No. 2) during and in relation to a crime of

05:09 20   violence, namely, malicious destruction of property as charged

21   in Count Fourteen of this indictment, we unanimously find the

22   defendant, Dzhokhar A. Tsarnaev:  Guilty.

23        As to whether the firearm charged in Count Fifteen

24   (Pressure Cooker Bomb No. 2) was discharged, we unanimously

25   find:  Yes.

1        As to whether the firearm charged in Count Fifteen

2   (Pressure Cooker Bomb No. 2) was a destructive device, we

3   unanimously find:  Yes.

4        As to whether the defendant, in the course of

5   committing the violation alleged in Count Fifteen of the

6   indictment, caused the death of one of the two persons alleged

7   in Count Fifteen, and the killing was a murder, or aided or

8   abetted another in causing the death of one of the two persons

9   alleged in Count Fifteen, and the killing was a murder, we

05:10 10   unanimously find:

11        As to the death of Lingzi Lu:  Yes.

12        As to the death of Martin Richard:  Yes.

13        Count Sixteen:  As to Count Sixteen of the indictment

14   charging that on or about April 18, 2013, the defendant used or

15   carried a firearm (Ruger P95 9 mm semiautomatic handgun) during

16   and in relation to a crime of violence, namely, conspiracy to

17   use a weapon of mass destruction as charged in Count One of

18   this indictment, and aiding and abetting, we unanimously find

19   the defendant, Dzhokhar A. Tsarnaev:  Guilty.

05:11 20        As to whether the firearm charged in Count Sixteen

21   (Ruger P95 9 mm semiautomatic handgun) was discharged, we

22   unanimously find:  Yes.

23        As to whether the defendant, in the course of the

24   violation charged in Count Sixteen, caused the death of Officer

25   Sean Collier, and the killing was a murder, or aided or abetted

1    another in causing the death of Officer Sean Collier, and the

2    killing was a murder, we unanimously find:  Yes.

3         Count Seventeen:  As to Count Seventeen of the

4    indictment charging that on or about April 18, 2013, the

5    defendant used or carried a firearm (Ruger P95 9 mm

6    semiautomatic handgun) during and in relation to a crime of

7    violence, namely; conspiracy to bomb a place of public use as

8    charged in Count Six of this indictment, and aiding and

9    abetting, we unanimously find the defendant, Dzhokhar A.

05:12 10   Tsarnaev:  Guilty.

11         As to whether the firearm charged in Count Seventeen

12   was discharged, we unanimously find:  Yes.

13         As to whether the defendant, in the course of

14   committing the violation charged in Count Seventeen of the

15   indictment, caused the death of Officer Sean Collier, and the

16   killing was a murder, or aided or abetted another in causing

17   the death of Officer Sean Collier, and the killing was a

18   murder, we unanimously find:  Yes.

19         Count Eighteen:  As to Count Eighteen of the

05:12 20   indictment charging that on or about April 18, 2013, the

21   defendant used or carried a firearm (Ruger P95 9 mm

22   semiautomatic handgun) during and in relation to a crime of

23   violence, namely, conspiracy to maliciously destroy property as

24   charged in Count Eleven of this indictment, and aiding and

25   abetting, we unanimously find the defendant, Dzhokhar A.

1  Tsarnaev:  Guilty.

2          As to whether the firearm charged in Count Eighteen

3  was discharged, we unanimously find:  Yes.

4          As to whether the defendant, in the course of

5  committing the violation charged in Count Eighteen, caused the

6  death of Officer Sean Collier, and the killing was a murder, or

7  aided or abetted another in causing the death of Officer Sean

8  Collier, and the killing was a murder, we unanimously find:

9  Yes.

05:13 10         Count Nineteen:  As to Count Nineteen of the

11  indictment charging carjacking and aiding and abetting, we

12  unanimously find the defendant, Dzhokhar A. Tsarnaev:  Guilty.

13          As to whether the offense charged in Count Nineteen

14  resulted in serious bodily injury to Officer Richard Donohue,

15  we unanimously find:  Yes.

16          Count Twenty:  As to Count Twenty of the indictment

17  charging that on or about April 18, 2013, the defendant used or

18  carried a firearm (Ruger P95 9 mm semiautomatic handgun) during

19  and in relation to a crime of violence, namely, carjacking as

05:14 20  charged in Count Nineteen of this indictment, and aiding and

21  abetting, we unanimously find the defendant, Dzhokhar A.

22  Tsarnaev:  Guilty.

23          As to whether the firearm charged in Count Twenty

24  (Ruger P95 9 mm semiautomatic handgun) was brandished, we

25  unanimously find:  Yes.

1          Count Twenty-One:  As to Count Twenty-One of the

2     indictment charging interference with commerce by threats or

3     violence on or about April 18, 2013, we unanimously find the

4     defendant, Dzhokhar A. Tsarnaev:  Guilty.

5          Count Twenty-Two:  As to Count Twenty-Two of the

6     indictment charging that on or about April 18, 2013, the

7     defendant used or carried a firearm (Ruger P95 9 mm

8     semiautomatic handgun) during and in relation to a crime of

9     violence, namely, interference with commerce by threats and

05:15 10     violence as charged in Count Twenty-One of this indictment, and

11     aiding and abetting, we unanimously find the defendant,

12     Dzhokhar A. Tsarnaev:  Guilty.

13          As to whether the firearm charged in Count Twenty-Two

14     was brandished, we unanimously find:  Yes.

15          Count Twenty-Three:  As to Count Twenty-Three of the

16     indictment charging use of a weapon of mass destruction

17     (Pressure Cooker Bomb No. 3) on or about April 19, 2013, in the

18     vicinity of Laurel Street and Dexter Avenue in Watertown,

19     Massachusetts, and aiding and abetting, we unanimously find the

05:16 20     defendant, Dzhokhar A. Tsarnaev:  Guilty.

21          Count Twenty-Four:  As to Count Twenty-Four of the

22     indictment charging that the defendant used or carried a

23     firearm (Ruger P95 9 mm semiautomatic handgun and Pressure

24     Cooker Bomb No. 3) during and in relation to a crime of

25     violence, namely, use of a weapon of mass destruction, as

1    charged in Count Twenty-Three of this indictment, we

2    unanimously find the defendant, Dzhokhar A. Tsarnaev:

3        A.   As to the Ruger P95 9 mm semiautomatic handgun:

4    Guilty.

5        B.   As to Pressure Cooker Bomb No. 3:  Guilty.

6        As to whether the Ruger P95 9 mm semiautomatic handgun

7    charged in Count Twenty-Four was discharged, we unanimously

8    find:  Yes.

9        As to whether Pressure Cooker Bomb No. 3 charged in

05:17 10  Count Twenty-Four was discharged, we unanimously find:  Yes.

11   As to whether Pressure Cooker Bomb No. 3 was a

12   destructive device, we unanimously find:  Yes.

13       Count Twenty-Five:  As to Count Twenty-Five of the

14   indictment charging use of a weapon of mass destruction (Pipe

15   Bomb No. 1) on or about April 19, 2013, in the vicinity of

16   Laurel Street and Dexter Avenue in Watertown, Massachusetts,

17   and aiding and abetting, we unanimously find the defendant,

18   Dzhokhar A. Tsarnaev:  Guilty.

19       Count Twenty-Six:  As to Count Twenty-Six of the

05:18 20  indictment charging that the defendant used or carried a

21   firearm (Ruger P95 9 mm semiautomatic handgun and Pipe Bomb No.

22   1) during and in relation to a crime of violence, namely, use

23   of a weapon of mass destruction as charged in Count Twenty-Five

24   of this indictment, and aiding and abetting, we unanimously

25   find the defendant, Dzhokhar A. Tsarnaev:

1          A.  As to the Ruger P95 9 mm semiautomatic handgun:

2     Guilty.

3          B.  As to Pipe Bomb No. 1:  Guilty.

4          As to whether the Ruger P95 9 mm semiautomatic handgun

5     charged in Count Twenty-Five was discharged, we unanimously

6     find:  Yes.

7          As to whether Pipe Bomb No. 1 charged in Count

8     Twenty-Five was discharged, we unanimously find:  Yes.

9          As to whether Pipe Bomb No. 1 was a destructive

05:19 10   device, we unanimously find:  Yes.

11         Count Twenty-Seven:  As to Count Twenty-Seven of the

12    indictment charging use of a weapon of mass destruction (Pipe

13    Bomb No. 2) on or about April 19, 2013, in the vicinity of

14    Laurel Street and Dexter Avenue in Watertown, Massachusetts,

15    and aiding and abetting, we unanimously find the defendant,

16    Dzhokhar A. Tsarnaev:  Guilty.

17         Count Twenty-Eight:  As to Count Twenty-Eight of the

18    indictment charging that the defendant used or carried a

19    firearm (Ruger P95 9 mm semiautomatic handgun and Pipe Bomb

05:20 20   No. 2) during and in relation to a crime of violence, namely,

21    use of a weapon of mass destruction as charged in Count

22    Twenty-Seven of this indictment, and aiding and abetting, we

23    unanimously find the defendant, Dzhokhar A. Tsarnaev:

24         A.  As to Ruger P95 9 mm semiautomatic handgun:

25    Guilty.

1          B.   As to Pipe Bomb No. 2:   Guilty.

2          As to whether the Ruger P95 9 mm semiautomatic handgun

3    charged in Count Twenty-Eight was discharged, we unanimously

4    find:  Yes.

5          As to whether Pipe Bomb No. 2 charged in Count

6    Twenty-Eight was discharged, we unanimously find:  Yes.

7          As to whether Pipe Bomb No. 2 was a destructive

8    device, we unanimously find:  Yes.

9          Count Twenty-Nine:  As to Count Twenty-Nine of the

05:21 10   indictment charging use of a weapon of mass destruction (Pipe

11   Bomb No. 3) on or about April 19, 2013, in the vicinity of

12   Laurel Street and Dexter Avenue in Watertown, Massachusetts,

13   and aiding and abetting, we find the defendant, Dzhokhar A.

14   Tsarnaev:  Guilty.

15         Count Thirty:  As to Count Thirty of the indictment

16   charging that the defendant used or carried a firearm (Ruger

17   P95 9 mm semiautomatic handgun and Pipe Bomb No. 3) during and

18   in relation to a crime of violence, namely, use of a weapon of

19   mass destruction as charged in Count Twenty-Nine of this

05:21 20   indictment, and aiding and abetting, we unanimously find the

21   defendant, Dzhokhar A. Tsarnaev:

22         A.   As to the Ruger P95 9 mm semiautomatic handgun:

23   Guilty.

24         B.   As to Pipe Bomb No. 3:  Guilty.

25         As to whether Pipe Bomb No. 3 charged in Count Thirty

1    was brandished, we unanimously find:  Yes.

2          As to whether the Ruger P95 9 mm semiautomatic handgun

3    charged in Count Thirty was discharged, we unanimously find:

4    Yes.

5          As to whether Pipe Bomb No. 3 was a destructive

6    device, we unanimously find:  Yes.

7          Madam foreperson, is that your verdict?

8          THE FOREPERSON:  Yes.

9          THE CLERK:  And so say you all?

05:22 10         THE DELIBERATING JURORS:  Yes.

11         THE COURT:  Be seated for a moment, please.

12         Jurors, as you know, because the defendant is

13   convicted now on your verdict of capital offenses for which the

14   penalty of death may be imposed, we will proceed to a second

15   phase of the trial which we have colloquially referred to as

16   the "penalty phase."

17         You are still an active jury subject to your oath and

18   all the obligations that an active jury has.  Those include

19   avoiding any discussion, of course, of the case.  You may not

05:23 20   discuss your deliberations that have just concluded with

21   anyone, including each other.  That is now in the past.  There

22   is a task ahead of you that we have to look forward to.  Leave

23   everything related to the deliberations behind.

24         If anyone tries to engage you about what the

25   deliberations involved, you are to respond that you're unable

1    under the law and the penalties that can be imposed -- to

2    refrain from any discussion of it whatsoever.  Sometimes people

3    think because you have rendered a verdict, that your job is

4    over and they're free to ask you about that.  That is not the

5    case under these circumstances.  If anybody does try to

6    interview you or press you for information, and persists after

7    you tell them that you can't provide it, then report it to one

8    of the court officials immediately.

9         It's important now that you also avoid any discussion

05:24 10   of deliberations with the alternate jurors who now will rejoin

11   you as participants in the evidence phase of the penalty part

12   of the trial.  The alternates will resume their position in the

13   box and hear the evidence going forward just as everybody else

14   will and, of course, stand ready, if necessary, to be

15   substituted for one of the first 12 jurors, if that should

16   happen to occur.

17        So I give you, as we break -- well, let me just say we

18   will proceed to the next phase.  The schedule is as yet

19   undetermined.  We will do it rather expeditiously.  It will not

05:25 20   be tomorrow or the next day.  It could be early next week, and

21   so you should hold yourselves ready to return as directed.  The

22   jury clerk will get in touch with each of you individually to

23   tell you with as much notice as we can give you when you should

24   return.  That applies again to everybody.

25        So I now repeat my usual cautions:  No communications

1    with anyone about the case.  Avoid news reports about the case.

2    There will probably be some today.  Don't be tempted to look at

3    them.  You're still under that restriction.  And I think the

4    people that you live and associate with will understand that

5    under these circumstances, and we appreciate that.

6         And, of course, avoid any temptations to use social

7    media of any kind to talk in any way about your experience or

8    to do any investigating or anything else.  You understand those

9    instructions and you've been very good about abiding by them.

05:26 10   I just continue to remind you of them.

11        All right.  With that, we'll stand in recess.

12        THE CLERK:  All rise for the Court and the jury.  The

13   Court will be in recess.

14        (The Court and jury exit the courtroom and the

15   proceedings adjourned at 2:39 p.m.)

16

17

18

19

20

21

22

23

24

25

```
 1                    C E R T I F I C A T E

 2

 3           I, Marcia G. Patrisso, RMR, CRR, Official Reporter of

 4    the United States District Court, do hereby certify that the

 5    foregoing transcript constitutes, to the best of my skill and

 6    ability, a true and accurate transcription of my stenotype

 7    notes taken in the matter of Criminal Action No. 13-10200-GAO,

 8    United States of America v. Dzhokhar A. Tsarnaev.

 9

10    /s/ Marcia G. Patrisso
      MARCIA G. PATRISSO, RMR, CRR
11    Official Court Reporter

12
      Date: 10/29/15
13

14

15

16

17

18

19

20

21

22

23

24

25
```