UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 13-10200-GAO |
| | ) | |
| DZHOKHAR TSARNAEV | ) | |

**NOTICE OF SUPPLEMENTAL AUTHORITY RE: MOTION FOR JUDGMENT NOTWITHSTANDING VERDICT AND FOR NEW TRIAL**

Defendant, Dzhokhar Tsarnaev, by and through counsel, respectfully submits this Notice to alert the Court to two just-issued decisions that further support the defense argument that the residual clause of 18 U.S.C. § 924(c) is unconstitutionally vague and that predicate offenses of conviction are not "crimes of violence" under the force clause of that statute:

*United States v. Vivas-Ceja*, ___ F.3d ___, 2015 WL 9301373 (7th Cir. Dec. 22, 2015) (attached as Exhibit A).

*United States v. Edmundson*, No. PWG-13-15 (D. Md. Dec. 23, 2015), slip op. [DE 64] (attached as Exhibit B).

In *Vivas-Ceja*, the Seventh Circuit considered a challenge to the residual clause of 18 U.S.C. § 16(b). Unlike the ACCA's residual clause, which is slightly differently phrased, the residual clause of § 16(b) is identical, word for word, to that of § 924(c)(3)(B). In a unanimous opinion, the Seventh Circuit held that, under *Johnson*, § 16(b) too is unconstitutionally vague. The court reasoned — just as the defense has argued here as to § 924(c)(3)(B) — that § 16(b) suffers from the same flaws

1

that led the Supreme Court to invalidate the ACCA's residual clause in *Johnson*. The Seventh Circuit also discussed and expressly rejected the government's efforts to distinguish the residual clause of § 16(b) from that of the ACCA. *See Vivas-Ceja*, 2015 WL 9301373 at \*\*2-4. Those efforts mirror the arguments that the government has offered here. This marks the second circuit to hold that § 16(b) — and thus, necessarily, § 924(c)(3)(B) too — is invalid under *Johnson*. *See also Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015). No circuit has disagreed with that view.

In *Edmundson*, the court likewise held that the residual clause of section 924(c) is void for vagueness and that conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), is not a crime of violence under the force clause.

          Respectfully submitted,

          DZHOKHAR TSARNAEV
          by his attorneys

          */s/  William W. Fick*

          Judy Clarke, Esq. (CA Bar # 76071)
          CLARKE & RICE, APC
          1010 Second Avenue, Suite 1800
          San Diego, CA 92101
          (619) 308-8484
          JUDYCLARKE@JCSRLAW.NET

          David I. Bruck, Esq.
          220 Sydney Lewis Hall
          Lexington, VA 24450
          (540) 460-8188
          BRUCKD@WLU.EDU

          Miriam Conrad, Esq. (BBO # 550223)
          Timothy Watkins, Esq. (BBO # 567992)
          William Fick, Esq. (BBO # 650562)

                                        FEDERAL PUBLIC DEFENDER OFFICE
                                        51 Sleeper Street, 5th Floor
                                        (617) 223-8061
                                        MIRIAM_CONRAD@FD.ORG
                                        TIMOTHY_WATKINS@FD.ORG
                                        WILLIAM_FICK@FD.ORG

## Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 23, 2015.

                                                              /s/   William W. Fick