FILED
IN CLERK'S OFFICE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS 16 MAR 15 PM 3 49

U.S. DIST.
DISTRICT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA,<br>                                    Plaintiff,<br>v.<br>DZHOKHAR A. TSARNAEV,<br>                                    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CRIMINAL ACTION<br>NO. 1:13-cr-10200-GAO |

## MEMORANDUM OF BOSTON GLOBE MEDIA PARTNERS, LLC IN SUPPORT OF MOTION FOR PUBLIC ACCESS TO CRIMINAL JUSTICE ACT MATERIALS

Boston Globe Media Partners, LLC (the "Globe") submits this memorandum in support of its motion for public access to materials submitted on behalf of defendant pursuant to the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A (2000). More specifically, the Globe seeks access to the following CJA materials:

    1. All amounts paid under the CJA to defense counsel, investigators, experts, and other persons or entities paid for services provided to the defendant in connection with his defense; and

    2. All CJA vouchers seeking payments for defense counsel and for investigative, expert, or other services provided to the defendant, including all detailed information on vouchers provided to justify the expenses to the court.

As shown below, public access to the requested materials either is required under the CJA or may be granted in the Court's discretion under the terms of the CJA; the *Guide to Judiciary Policies and Procedures, Vol. 7 Pt. A: Guidelines for Administering the CJA and Related Statutes* (Administrative Office of the United States Courts) (*"AO Guide"*); or the

United States Dist. Court for the Dist. of Mass., *Plan for Implementing the Criminal Justice Act of 1964, As Amended, 18 U.S.C. § 3006A*, § IX.B (1993) ("Massachusetts CJA Plan").

## PROCEDURAL BACKGROUND

The docket reflects two orders appointing and authorizing payment to defendant's counsel, the first on April 29, 2013, and the second on February 21, 2014. *See* D.I. 37, 192.

On June 24, 2015, over one year after the first CJA order, the Court entered judgment upon the jury's verdict, sentencing Defendant to death. *See* D.I. 1480. On January 15, 2016, the Court entered an amended judgment of conviction and sentence, and entered an Opinion and Order denying Defendant's Motion for New Trial and Judgment NOV. *See* D.I. 1618-20. On January 29, 2016 Defendant filed a Notice of Appeal. *See* D.I. 1628.

## ARGUMENT

### A. CJA Payment Information For Legal and Non-Legal Services Is Public by Statute.

The "barebones data" of the amount of payments made under the CJA are a matter of public record. *See generally In re Boston Herald, Inc.*, 321 F.3d 174, 179 (1st Cir. 2003) ("Congress added a new provision to the CJA in 1996 requiring disclosure of certain basic data about the amounts paid to lawyers under the Act, with specified exceptions."); *see also id.* at 183 & n.4; *United States v. Suarez*, 880 F.2d 626, 630–31 (2d Cir. 1989) (affirming release of CJA payment information).

This result is required by the unambiguous language of the statute. Section 3006A(d)(4)(A) provides that, subject to certain conditions, the amounts paid for legal services "shall be made available to the public by the court upon the court's approval of the payment." 18 U.S.C. § 3006A(d)(4)(A). Section 3006A(d)(4)(B) in turn provides that when a trial is in "pre-trial status or still in progress," the court shall "redact any detailed information on the payment voucher provided by defense counsel to justify the expenses to the court;" and "make public only the amounts approved for payment to defense counsel by dividing those amounts into [various] categories...." *Id.* § 3006A(d)(4)(B)(i) and (ii). Thus, even while a trial is ongoing,

the amounts paid for legal services should be made public if a request is made. *See also AO Guide*, § 520.40 (b) Attorney Payments Approved Before or During Trial ("**After redacting any detailed information provided to justify the expenses**, the court will make available to the public a copy of the voucher **showing only the amounts approved for payment**." (emphasis in original).[1]

A separate section of the CJA addresses access to vouchers and payment amounts during the pendency of an appeal. 18 U.S.C. § 3006A(d)(4)(E) provides in relevant part:

> Upon completion of the trial, the court shall release unredacted copies of the vouchers provided by defense counsel to justify the expenses to the court. If there is an appeal, the court shall not release unredacted copies of the vouchers provided by defense counsel to justify the expenses to the court until such time as the appeals process is completed, *unless the court determines that none of the defendant's interests set forth in subparagraph (D) will be compromised.*

18 U.S.C. § 3006A(d)(4)(E)(emphasis added).

The interests set forth in § 3006A(d)(4)(D) justifying redaction of vouchers are: "(i) to protect any person's 5th amendment right against self-incrimination; (ii) to protect the defendant's 6th amendment rights to effective assistance of counsel; (iii) the defendant's attorney-client privilege; (iv) the work product privilege of the defendant's counsel; (v) the safety of any person; and (vi) any other interest that justice may require, except that the amount of the fees shall not be considered a reason justifying any limited disclosure under section 3006A(d)(4) of title 18, United States Code." 18 U.S.C. § 3006A(d)(4)(D).

---

[1] "The judges of the District of Massachusetts have adopted a local CJA plan which looks to the *A.O. Guide* as binding." *Herald*, 321 F.3d at 178 n.1. *See* Massachusetts CJA Plan, IX.B (2013) (stating that judicial officers in the District of Massachusetts "shall comply with the provisions of the Judicial Conference's Guidelines for the Administration of the Criminal Justice Act").

Accordingly, while an appeal is pending (as in this case) the amounts paid to defense counsel are, upon request, a matter of public record. The statute also authorizes the Court to release information submitted by counsel to justify the expenses, provided that the Court determines that doing so will not compromise any of the six interests set forth in subparagraph (D) quoted above. But at a bare minimum, the amounts paid to counsel are now properly in the public domain. *See also AO Guide*, § 520.60, Attorney Payments Approved After Trial Where Appellate Review Is Being Pursued ("The court will make available to the public only the amounts approved for payment **unless** it finds that **none** of the interests listed above in § 520.50 will be compromised.") (emphasis in original).

The statute dictates a similar result for amounts paid for services other than counsel, such as "investigative, expert, or other services necessary for adequate representation" of the defendant. *Id.* § 3006A(e)(1). 18 U.S.C. § 3006A(e), entitled "Services other than counsel," provides in subsection (4) that that "amounts paid under this subsection for services in any case shall be made available to the public." *Id.* § 3006A(e)(4). *See also AO Guide*, § 530(a), Disclosures of Information on Payments to Service Providers ("The CJA and related statutes expressly provide for disclosure to the public of the amounts paid for representation with respect to cases commenced, and appellate proceedings in which an appeal is perfected, on or after April 24, 1996. The timing of the disclosure must be consistent with the principles set forth in § 510."); *id.* § 530(b) ("For capital cases, disclosure must be after the disposition of the petition.").[2]

---

[2] The Globe is not seeking copies of the defendant's financial affidavit, a request which would raise different issues under the CJA. *See Herald*, 321 F.3d at 179 ("The statute itself is silent about disclosure of documents demonstrating a defendant's financial eligibility for CJA status."); Massachusetts CJA Plan, Part V.C. ("A financial affidavit shall not be considered part of the public record, unless so ordered by the judicial officer, after notice and a hearing.").

In sum, the amount of CJA payments made for legal and non-legal services during the course of this case should be made public pursuant to the terms of the CJA, the AO Guide, and the

### B. CJA Vouchers, Including Information Provided to Justify Payment, Should Be Made Public.

The Court also has discretion to make public the CJA vouchers seeking payments for defense counsel and for investigative, expert, or other services, including detailed information on vouchers provided to justify the expenses to the court. As the AO Guide provides:

> Generally, such information which is not otherwise routinely available to the public should be made available unless it:
>
> (a)    is judicially placed under seal;
>
> (b)    could reasonably be expected to unduly intrude upon the privacy of attorneys or defendants;
>
> (c)    could reasonably be expected to compromise defense strategies, investigative procedures, attorney work product, the attorney-client relationship or privileged information provided by the defendant or other sources; or
>
> (d)    otherwise adversely affect the defendant's right to the effective assistance of counsel, a fair trial, or an impartial adjudication.

*Id.,* at § 510.30.

This guidance is consistent with the provisions of § 3006A(d)(4)(E) and § 3006A(d)(4)(D), which provide that, while an appeal is pending, the Court is authorized to release unredacted vouchers, including detailed information supporting payment requests, provided that doing so does not pose a threat to 5th or 6th amendment rights, the attorney-client or work product privileges of the defendant or his counsel, personal safety, or any other interest "that justice may require." 18 U.S.C. § 3006A(d)(4)(D) and 3006A(d)(4)(E). *See generally United States v. Ellis*, 90 F.3d 447, 450 (11th Cir. 1996) (affirming unsealing of transcript of *in camera* hearing on defendant's application for appointment of counsel; fact that local CJA plan called for *in camera* hearing did not mean that information submitted *in camera* should remain

perpetually under seal); *Herald*, 321 F.3d at 181 ("The process for handling CJA eligibility documents . . . is not a blanket rule denying access. Rather, it strikes a balance under which disclosure is the presumed or default rule, but one which a court may displace by making a case-specific determination.").

The public interest weighs heavily in favor of disclosure not only of the amounts paid for the defendant's representation and related services, but also of the detailed information on the underlying vouchers. As a general matter, the public has a strong interest in access to information regarding the expenditure of public funds, which enables members of the public to oversee these expenditures and ensure that public resources are being used in the most efficient manner possible. In this particular case, moreover, the public has a compelling interest in understanding the economic costs of the government's decision to pursue the death penalty, and in assessing whether indigent defendants are provided sufficient resources to obtain fair and adequate representation in death penalty cases. Public access to the information justifying requests for payment of public funds thus is critical to the public analyzing and understanding the consequences of a death penalty case.

Should the Court find that disclosure of any portion of the vouchers in fact would pose a threat to 5th or 6th amendment rights, the attorney-client or work product privileges, personal safety, or any other interest that justice may require under 18 U.S.C. § 3006A(d)(4)(D), the result would not be to withhold the materials in their entirety. Instead, only those portions of the materials that contain such highly sensitive information should be redacted, allowing the public to evaluate for itself the basis for the applications and the Court's rulings.

## CONCLUSION

For the foregoing reasons, the Globe respectfully requests that the Court grant its motion for public access to

1. All amounts paid under the CJA to defense counsel, investigators, experts, and other persons or entities paid for services provided to the defendant in connection with his defense; and

2. All CJA vouchers seeking payments for defense counsel and for investigative, expert, or other services provided to the defendant, including all detailed information on vouchers provided to justify the expenses to the court.

Respectfully submitted,

**Boston Globe Media Partners, LLC**

By Its Attorneys,

*/s/ Emma D. Hall*
Jonathan M. Albano, BBO #013850
Emma D. Hall, BBO #687947
jonathan.albano@morganlewis.com
emma.hall@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Federal Street
Boston, MA  02110-1726
+1.617.341.7700

Dated: March 15, 2016

## CERTIFICATE OF SERVICE

I, Emma D. Hall, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 15, 2016.

/s/ *Emma D. Hall*
Emma D. Hall