UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 13-10200-GAO |
| | ) | |
| DZHOKHAR TSARNAEV | ) | |

**DEFENDANT'S OPPOSITION TO MOTION OF**
**BOSTON GLOBE MEDIA PARTNERS, LLC, FOR PUBLIC ACCESS TO**
<u>**CRIMINAL JUSTICE ACT MATERIALS**</u>

Defendant, Dzhokhar Tsarnaev, by and through counsel, respectfully submits this opposition to the Motion of Boston Globe Media Partners, LLC, for Public Access to Criminal Justice Act Materials (D.E. 1645) ("the Globe Motion").

The Globe Motion should be summarily denied because the statutory authority upon which it relies, 18 U.S.C. § 3006A, does not apply to capital cases.  Under the statute governing payments to defense counsel in capital cases, 18 U.S.C. § 3599, disclosure of CJA funding information is authorized to occur only *after* disposition of any habeas corpus challenge to the conviction and sentence.   Even when the time comes that such disclosure may be statutorily permissible in this case, judiciary policy requires the Court to make a careful multi-factored assessment before releasing any information. Only disclosure of aggregate amounts paid is authorized.  The Globe Motion's request for individual vouchers and *ex parte* submissions of counsel in support of funding requests is beyond what the law permits.  It would break the defense work product privilege and violate the defendant's Fifth and Sixth Amendment rights.

1

In *Martel v. Clair*, 132 S.Ct. 1276 (2012), the Supreme Court outlined the history of publicly funded defense in capital cases and left no doubt that section 3599 had supplanted section 3006A as the governing statute in this context:

> Prior to 1988, § 3006A governed the appointment of counsel in all federal criminal cases and habeas litigation, regardless whether the matter involved a capital or a non-capital offense. That section provided counsel as a matter of right to most indigent criminal defendants, from pre-trial proceedings through appeal. In addition, the statute authorized courts to appoint counsel for federal habeas petitioners when "the interests of justice so require[d]," and under that provision, courts almost always appointed counsel to represent petitioners convicted of capital offenses.
> . . . .
> In 1988, Congress enacted the legislation now known as § 3599 to govern appointment of counsel in capital cases, thus displacing § 3006A for persons facing execution (but retaining that section for all others). See Anti–Drug Abuse Act, 102 Stat. 4393–4394, 21 U.S.C. §§ 848(q)(4)–(10) (1988 ed.) (recodified at 18 U.S.C. § 3599). The new statute grants federal capital defendants and capital habeas petitioners enhanced rights of representation, in light of what it calls "the seriousness of the possible penalty and ... the unique and complex nature of the litigation." Habeas petitioners facing execution now receive counsel as a matter of right, not an exercise of the court's discretion. And the statute aims in multiple ways to improve the quality of representation afforded to capital petitioners and defendants alike.
> . . . .
> As we have previously noted, those measures "reflec[t] a determination that quality legal representation is necessary" in all capital proceedings to foster "fundamental fairness in the imposition of the death penalty."

*Id.* at 1284-85 (some internal citations omitted).

Section 3559(g) establishes certain payment rates/presumptive caps and then goes on to provide that "amounts paid under this paragraph for services in any case shall be disclosed to the public, *after the disposition of the petition*" (emphasis added). Since section 3559 (and its predecessor, section 848) had created, for the first time, a statutory right to appointed counsel for capital habeas petitioners, the reference to "petition" in

2

section 3559(g) necessarily means the disposition of a habeas petition under 28 U.S.C. §§ 2254 or 2255.  See *United States v. Gonzales*, 150 F.3d 1246, 1264 (10th Cir. 1998).[1]

Consistent with this authority, the *Guide to Judiciary Policy*, Vol. 7A, § 530(b), provides that "[f]or capital cases, disclosure [of any CJA payment information] must be after the disposition of the petition" for habeas corpus.  At that point, any contemplated disclosure is limited by the Court's assessment of the following factors:

- the protection of any person's Fifth Amendment right against self-incrimination;

- the protection of the defendant's Sixth Amendment right to effective assistance of counsel;

- the defendant's attorney-client privilege;

- the work product privilege of the defendant's counsel;

- the safety of any person; or

- any other interest that justice may require (with the exception that for death penalty cases where the underlying alleged criminal conduct took place on or after April 19, 1995, the amount of the fees shall not be considered a reason to limit disclosure).

*Guide*, Vol. 7A, § 520.50

It would be premature for the defense or the Court to address these factors in detail until such time as the issue becomes ripe, that is, after the disposition of any habeas petition.  Notably, however, in *Gonzalez* (which was not even a capital case), the court limited the nature and extent of disclosure.  It held that "no First Amendment right of

---

[1] The First Circuit cited *Gonzalez* with approval and relied on it extensively in *In re Boston Herald, Inc.*, 321 F.3d 174 (1st Cir. 2003) (denying access to documents submitted by defendant to show financial eligibility for CJA funds).

access applies to CJA documents any more than it applies to administrative documents located in the executive branch." 150 F.3d at 1255.  Moreover, "no history, experience or tradition of access exists as to the release at any time of backup documentation, motions, orders, and hearing transcripts regarding requests for CJA assistance" and that public access "will not play a *significant positive* role in the functioning of the CJA process, and that, in fact, access would play . . . a *negative* role  in the process." *Id*. at 1258-59 (emphasis in original).  The Court further explained that release of CJA documentation "may implicate [a defendant's] Fifth Amendment rights" and also

> would reveal information protected by the attorney-client privilege and by the attorney work-product doctrine.  In addition to the attorney being reluctant to provide the court with information necessary to obtain services for the defense as discussed above, the specter of the release of detailed backup documentation to the attorney's vouchers and non-attorney's vouchers, which, the district court found, "often contain information directly or indirectly implicating the attorney-client privilege," would make a defendant "reluctant to reveal information that could help the attorney in the defense of the case, or in analyzing the strength of the case for trial." The importance of this privilege and doctrine is well-established, a point which the Supreme Court just recently reemphasized in holding that the attorney-client privilege extends beyond the death of the client.  Certainly, then, the privilege does not terminate when the Defendants' trials are over.

*Id*. at 1266 (internal citations omitted).

      For the foregoing reasons, the Globe Motion should be denied.  At such time as the issue may become ripe, the defense should be provided with notice and opportunity to be heard on the nature and scope of any contemplated disclosure of CJA payment information.

>Respectfully submitted,
>
>DZHOKHAR TSARNAEV
>by his attorneys
>
>/s/   William W. Fick
>
>Judy Clarke, Esq. (CA Bar # 76071)
>CLARKE & RICE, APC
>1010 Second Avenue, Suite 1800
>San Diego, CA 92101
>(619) 308-8484
>JUDYCLARKE@JCSRLAW.NET
>
>David I. Bruck, Esq.
>220 Sydney Lewis Hall
>Lexington, VA 24450
>(540) 460-8188
>BRUCKD@WLU.EDU
>
>Miriam Conrad, Esq. (BBO # 550223)
>Timothy Watkins, Esq. (BBO # 567992)
>William Fick, Esq. (BBO # 650562)
>FEDERAL PUBLIC DEFENDER OFFICE
>51 Sleeper Street, 5th Floor
>(617) 223-8061
>MIRIAM_CONRAD@FD.ORG
>TIMOTHY_WATKINS@FD.ORG
>WILLIAM_FICK@FD.ORG

## Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 27, 2016.

>/s/   William W. Fick