UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 13-10200-GAO |
| | ) | |
| DZHOKHAR TSARNAEV | ) | Leave to file granted 4/12/16 |

**DEFENDANT'S SURREPLY TO BOSTON GLOBE MEDIA PARTNERS, LLC's REPLY IN SUPPORT OF MOTION FOR PUBLIC ACCESS TO CRIMINAL JUSTICE ACT MATERIALS**

Defendant, Dzhokhar Tsarnaev, by and through counsel, respectfully submits this Surreply to the Reply [DE 1652] of Globe Media Partners, LLC (the "Globe") to Defendant's Opposition [DE 1647] to the Globe's Motion for Public Access to Criminal Justice Act Materials [DE 1645].

The unpublished district court decision in *United States v. Williams*, No. 06-00079 JMS/KSC, 2014 WL 2932365 (D. Haw. June 30, 2014), does not bind this Court and cannot bear the weight that the Globe places upon it.  Even if the Globe were correct that the Court "may" release CJA materials prior to disposition of a habeas petition, the Globe has not offered any cogent rationale to do so at this time in this high-profile case in which the convictions and death sentence are not final, and indeed, the appellate process has just barely begun.  Nor does the Globe confront the exacting criteria in section 530(b) of the *Guide to Judiciary Policy*, Vol. 7A, and the cautionary language in *United States v. Gonzales*, 150 F.3d 1246, 1264 (10th Cir. 1998), both of which were discussed in the defense Opposition.

1

Relying on *Williams*, the Globe contends that the directive in 18 U.S.C. § 3599(g)(3) to disclose "amounts paid . . . after the disposition" of a habeas petition somehow implies silent permission to release an even broader array of information much earlier in capital proceedings.  Reply at 2-3.  This argument turns "plain meaning" on its head and violates the most basic rules of statutory interpretation.  "The maxim 'expressio unius est exclusio alterius — which translates roughly as 'the expression of one thing is the exclusion of other things' — is a venerable canon of statutory construction." *United States v. Hernandez-Ferrer*, 599 F.3d 63, 67 (1st Cir. 2010).  In *Hernandez-Ferrer*, the First Circuit held, "the fact that Congress provided for tolling a period of supervised release only when an offender is imprisoned for a different crime is a decisive argument for the proposition that Congress did not intend to toll a period of supervised release for any other reason." *Id.* at 68.  Likewise here, the fact that section 3599(g)(3) provides that aggregate payment amounts in capital cases "shall be disclosed" only after disposition of a habeas petition means that earlier disclosure of an even broader array of information is not authorized in capital cases.

Moreover, *Williams* acknowledged that the relevant language of the CJA Guidelines in the *Guide to Judiciary Policy* — "disclosure *must be after* the disposition of the petition," Vol. 7A, § 530(b) (emphasis added) — "sets the earliest possible date for disclosure" in capital cases. *Williams*, 2014 WL 2932365 at *2.  "And the CJA Guidelines provide this construction even though they also recognize that public disclosure of this information should generally be made." *Id*.  These Guidelines, in turn, are incorporated by reference in the District of Massachusetts CJA plan and have the

Case 1:13-cr-10200-GAO   Document 1655   Filed 04/12/16   Page 3 of 5

force of law.  *See In re Boston Herald, Inc.*, 321 F.3d 174, 178 n.1 (1st Cir. 2003) ("The judges of the District of Massachusetts have adopted a local CJA plan which looks to the A.O. Guide as binding."); Massachusetts CJA Plan, IX.B (2013) (stating that judicial officers in the District of Massachusetts "*shall comply* with the provisions of the Judicial Conference's Guidelines for the Administration of the Criminal Justice Act") (emphasis added).  While the *Williams* court decided to reject the *Guide's* construction and implementation of section 3599(g)(3), this Court remains bound by it.  Disclosure of CJA payment information in this case is prohibited at this time.

*Williams* is also inapposite in light of its facts and procedural posture.  In that case, the jury had returned a verdict of life imprisonment rather than the death penalty.  The court therefore faced the prospect that no habeas petition ever would be filed.  Against that backdrop, the court's order amounted to filling a gap in circumstances that section 3599 did not expressly contemplate and where the stakes had become much lower: in effect, the case had ceased to be a capital prosecution.  Even then, *Williams* limited the scope of authorized disclosure to "the *aggregate amount* paid for defense costs and fees." 2014 WL 2932365 at *1 (emphasis added).  Here, in contrast, the prospect of further capital litigation, including habeas corpus proceedings, remains very real.  There is no statutory "gap" to fill, and *Williams* provides no support for the more sweeping disclosures the Globe seeks.

The Globe's invocation of the "presumption against implied repeal," Reply at 3-5, is a red herring.  The defense does not suggest that section 3599 repealed section 3006A. Rather, as the Supreme Court stated expressly, section 3599 "displac[ed] section 3006A

3

for persons facing execution (but retaining it for all others)." *Martel v. Clair*, 132 S.Ct. 1276, 1284-85 (2012). Contrary to the Globe's further argument, Reply at 5-6, the fact that *Martel* imported the "interests of justice" standard from section 3006A to adjudicate motions to substitute counsel under section 3599 in the absence of an express standard does not open the door to modify the timing of CJA funding disclosures, which section 3599 does expressly address.

## Conclusion

For the foregoing reasons, as well those set forth in the defense opposition, the Globe's motion should be denied.

                              Respectfully submitted,

                              DZHOKHAR TSARNAEV
by his attorneys

*/s/ William W. Fick*

Judy Clarke, Esq. (CA Bar # 76071)
CLARKE & RICE, APC
1010 Second Avenue, Suite 1800
San Diego, CA 92101
(619) 308-8484
JUDYCLARKE@JCSRLAW.NET

David I. Bruck, Esq.
220 Sydney Lewis Hall
Lexington, VA 24450
(540) 460-8188
BRUCKD@WLU.EDU

Miriam Conrad, Esq. (BBO # 550223)
Timothy Watkins, Esq. (BBO # 567992)
William Fick, Esq. (BBO # 650562)
FEDERAL PUBLIC DEFENDER OFFICE
51 Sleeper Street, 5th Floor

(617) 223-8061
MIRIAM_CONRAD@FD.ORG
TIMOTHY_WATKINS@FD.ORG
WILLIAM_FICK@FD.ORG

## Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 12, 2016.

*/s/  William W. Fick*