UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA,         )
                                  )
          Plaintiff,              )
                                  )  Criminal Action
v.                                )  No. 13-10200-GAO
                                  )
DZHOKHAR A. TSARNAEV, also        )
known as Jahar Tsarni,            )
                                  )
          Defendant.              )
                                  )


BEFORE THE HONORABLE GEORGE A. O'TOOLE, JR.
UNITED STATES DISTRICT JUDGE


**JURY TRIAL - DAY SIXTY-ONE**


John J. Moakley United States Courthouse
Courtroom No. 9
One Courthouse Way
Boston, Massachusetts  02210
Friday, May 15, 2015
8:36 a.m.


Marcia G. Patrisso, RMR, CRR
Official Court Reporter
John J. Moakley U.S. Courthouse
One Courthouse Way, Room 3510
Boston, Massachusetts  02210
(617) 737-8728

Mechanical Steno - Computer-Aided Transcript

```
 1    APPEARANCES:

 2         OFFICE OF THE UNITED STATES ATTORNEY
           By: William D. Weinreb, Aloke Chakravarty and
 3              Nadine Pellegrini, Assistant U.S. Attorneys
           John Joseph Moakley Federal Courthouse
 4         Suite 9200
           Boston, Massachusetts  02210
 5         - and -
           UNITED STATES DEPARTMENT OF JUSTICE
 6         By: Steven D. Mellin, Assistant U.S. Attorney
           Capital Case Section
 7         1331 F Street, N.W.
           Washington, D.C.  20530
 8         On Behalf of the Government

 9         FEDERAL PUBLIC DEFENDER OFFICE
           By: Miriam Conrad, William W. Fick and Timothy G. Watkins,
10              Federal Public Defenders
           51 Sleeper Street
11         Fifth Floor
           Boston, Massachusetts  02210
12         - and -
           CLARKE & RICE, APC
13         By: Judy Clarke, Esq.
           1010 Second Avenue
14         Suite 1800
           San Diego, California  92101
15         - and -
           LAW OFFICE OF DAVID I. BRUCK
16         By: David I. Bruck, Esq.
           220 Sydney Lewis Hall
17         Lexington, Virginia  24450
           On Behalf of the Defendant

18

19

20

21

22

23

24

25
```

P R O C E E D I N G S

1

2          THE CLERK:  All rise for the Court and the jury.

3          (The Court and jury enter the courtroom at 8:36 a.m.)

4          THE CLERK:  Be seated.

5          THE COURT:  Good morning, jurors.

6          THE JURORS:  Good morning, your Honor.

7          THE COURT:  I again ask you, particularly the

8    deliberating jurors, have you avoided any discussion of the

9    case with anyone since we last were here?

00:13 10          THE JURORS:  Yes.

11          THE COURT:  Yes?  And have you avoided the news

12    coverage of this case?

13          THE JURORS:  Yes.

14          THE COURT:  Yes?  Okay.  Thank you.

15          Well, I will again record for the record that all

16    deliberating jurors have returned and are prepared to continue

17    their deliberations.  As well, the alternates are all here as

18    well.  So we'll ask the deliberating jurors now to withdraw and

19    continue your deliberations in the case.

00:13 20          THE CLERK:  All rise for the Court and the jury.

21    Court will be in recess.

22          (The Court and jury exit the courtroom and the

23    proceedings adjourned at 8:39 a.m.)

24          THE CLERK:  All rise for the Court and the jury.

25          (The Court and jury enter the courtroom at 3:07 p.m.)

1          THE CLERK:  Will everyone in the courtroom be seated.

2     Will the defense remain standing.

3          Madam foreperson, has the jury reached a verdict?

4          THE FOREPERSON:  We have.

5          THE CLERK:  May I have the envelope, please?

6          (Whereupon, the foreperson hands the envelope to the

7     clerk.  The verdict is reviewed by the Court.)

8          THE COURT:  You may announce the verdict.

9          THE CLERK:  Thank you.  In Criminal No. 13-10200, the

06:44 10   United States of America versus Dzhokhar Tsarnaev, penalty

11    phase verdict:

12          Section I.  Age of the Defendant.

13          Number 1.  Dzhokhar Tsarnaev was 18 years of age or

14    older at the time of the offense charged under the particular

15    capital count.

16          The jurors' answer:  We unanimously find that this has

17    been proved beyond a reasonable doubt with regard to all of the

18    capital counts.

19          Section II.  Gateway Factors.

06:45 20         Number 1.  Dzhokhar Tsarnaev intentionally killed the

21    victim or victims of the particular capital count you are

22    considering.

23          The jurors' answer:  We unanimously find that this

24    factor has been proved beyond a reasonable doubt only with

25    regard to the following capital counts.  Identify each count by

1    count number.  1, 4, 5, 6, 9, 10, 14 and 15.

2         Gateway Factor No. 2:  Dzhokhar Tsarnaev intentionally

3    inflicted serious bodily injury that resulted in the death of

4    the victim or victims of the particular capital count you are

5    considering.

6         The jurors' answer:  We unanimously find that this

7    factor has been proved beyond a reasonable doubt only with

8    regard to the following capital counts.  Identify each count by

9    count number.  1, 4, 5, 6, 9, 10, 14, 15.

06:46 10         Gateway Factor No. 3:  Dzhokhar Tsarnaev intentionally

11    participated in an act contemplating that the life of a person

12    would be taken or intending that lethal force would be used in

13    connection with a person other than one of the participants in

14    the offense, and the victim or victims of the particular

15    capital count you are considering died as a direct result of

16    the act.

17         The jurors' answer:  We unanimously find that this

18    factor has been proved beyond a reasonable doubt with regard to

19    all of the applicable capital counts.

06:47 20         Gateway Factor No. 4:  Dzhokhar Tsarnaev intentionally

21    and specifically engaged in an act of violence knowing that the

22    act created a grave risk of death to a person other than one of

23    the participants in the offense such that participation in the

24    act constituted a reckless disregard for human life and the

25    victim or victims of the particular capital count you are

1    considering died as a direct result of the act.

2            The jurors' answer:  We unanimously find that this

3    factor has been proved beyond a reasonable doubt with regard to

4    all of the applicable capital counts.

5            Section III.  Statutory Aggravating Factors.

6            Statutory Aggravating Factor No. 1:  The death and

7    injury resulting in death occurred during the commission and

8    attempted commission of and during the immediate flight from

9    the commission of an offense under:

06:48  10            A.  18 U.S.C. Section 2332a (use of a weapon of mass

11    destruction).  This applies to all the capital counts; and/or.

12            B.  18 U.S.C. Section 844(i) (destruction of property

13    affecting interstate commerce by explosives).  Only applies to

14    capital counts 1 through 10 and 12 through 15.

15            The jurors' answer:  We unanimously find that this

16    factor has been proved beyond a reasonable doubt with regard to

17    all of the applicable capital counts.

18            Statutory Aggravating Factors No. 2:  Dzhokhar

19    Tsarnaev knowingly created a grave risk of death to one or more

06:49  20    persons in addition to the victim of the offense in the

21    commission of the offense and in escaping apprehension for the

22    violation of the offense.  This applies to all capital counts.

23            The jurors' answer:  We unanimously find that this

24    factor has been proved beyond a reasonable doubt only with

25    regard to the following capital counts.  And you have

1    identified each count by count number.  1, 4, 5, 6, 9, 10, 14,

2    15, 16, 17, and 18.

3            Statutory Aggravating Factor No. 3:  Dzhokhar Tsarnaev

4    committed the offense in an especially heinous, cruel and

5    depraved manner in that it involved serious physical abuse to

6    the victim.  This applies only to capital counts 1 through 10

7    and 12 through 15.

8            The jurors' answer:  We unanimously find that this

9    factor has been proved beyond a reasonable doubt only with

06:50 10   regard to the following capital counts.  And you have

11   identified each count by count number.  1, 4, 5, 6, 9, 10, 14,

12   15.

13           Statutory Aggravating Factor No. 4:  Dzhokhar Tsarnaev

14   committed the offense after substantial planning and

15   premeditation to cause the death of a person and commit an act

16   of terrorism.  This only applies to capital counts 1 through 10

17   and 12 through 15.

18           The jurors' answer:  We unanimously find that this

19   factor has been proved beyond a reasonable doubt with regard to

06:50 20   all of the applicable capital counts.

21           Statutory Aggravating Factor No. 5:  Dzhokhar Tsarnaev

22   intentionally killed and attempted to kill more than one person

23   in a single criminal episode.  This applies only to capital

24   counts 1 through 10 and 12 through 15.

25           The jurors' answer:  We unanimously find that this

1    factor has been proved beyond a reasonable doubt with regard to

2    all of the applicable capital counts.

3            Statutory Aggravating Factor No. 6:  Dzhokhar Tsarnaev

4    is responsible for the death of a victim, Martin Richard, who

5    was particularly vulnerable due to the youth.  Only applies to

6    capital counts 1, 4, 5, 6, 9, 10, 14 and 15.

7            The jurors' answer:  We unanimously find that this

8    factor has been proved beyond a reasonable doubt with regard to

9    all of the applicable capital counts.

06:52 10        Section 4.  Non-Statutory Aggravating Factors.

11            Non-Statutory Aggravating Factor No. 1:  In

12   conjunction with committing acts of violence and terrorism,

13   Dzhokhar Tsarnaev made statements suggesting that others would

14   be justified in committing additional acts of violence and

15   terrorism against the United States.  This applies to all of

16   the capital counts.

17            The jurors' answer:  We do not unanimously find that

18   this factor has been proved beyond a reasonable doubt with

19   regard to any of the applicable capital counts.

06:53 20        Non-Statutory Aggravating Factor No. 2:  Dzhokhar

21   Tsarnaev caused injury, harm and loss to Krystle Marie Campbell

22   and her family and friends.  This only applies to capital

23   counts 1, 2, 3, 6, 7, 8, 12 and 13;

24            Martin Richard and his family and friends.  This only

25   applies to capital counts 1, 4, 5, 6, 9, 10, 14 and 15;

1      Lingzi Lu and her family and friends.  Only applies to

2  capital counts 1, 4, 5, 6, 9, 10, 14 and 15;

3      and/or Officer Sean Collier and his family and

4  friends.  This only applies to capital counts 1, 6, 16, 17 and

5  18.

6      The jurors' answer:  We unanimously find that this

7  factor has been proved beyond a reasonable doubt with regard to

8  all of the applicable capital counts.

9      Non-Statutory Aggravating Factor No. 3:  Dzhokhar

06:54 10  Tsarnaev targeted the Boston Marathon, an iconic event that

11  draws large crowds of men, women and children to its final

12  stretch, making it especially susceptible to the act and

13  effects of terrorism.  This only applies to capital counts 1

14  through 10 and 12 through 15.

15      The jurors' answer:  We unanimously find that this

16  factor has been proved beyond a reasonable doubt with regard to

17  all of the applicable capital counts.

18      Non-Statutory Aggravating Factors No. 4:  Dzhokhar

19  Tsarnaev demonstrated a lack of remorse.  This applies to all

06:55 20  capital counts.

21      The jurors' answer:  We unanimously find that this

22  factor has been proved beyond a reasonable doubt with regard to

23  all of the applicable capital counts.

24      Non-Statutory Aggravating Factor No. 5:  Dzhokhar

25  Tsarnaev murdered Officer Sean Collier, a law enforcement

officer who was engaged in the performance of his official

duties at the time of his death.  This only applies to capital

counts 1, 6, 16, 17 and 18.

The jurors' answer:  We unanimously find that this

factor has been proved beyond a reasonable doubt with regard to

all of the applicable capital counts.

Non-Statutory Aggravating Factor No. 6:  Dzhokhar

Tsarnaev participated in additional uncharged crimes of

violence, including assault with a dangerous weapon, assault

with intent to maim, mayhem and attempted murder:

A.  On April 15, 2013, in Boston, Massachusetts.  This

only applies to capital counts 1 through 10 and 12 through 15.

B.  On or about April 19, 2013, in Watertown,

Massachusetts.  Applies to all capital counts.

The jurors' answer:  We unanimously find that this

factor has been proved beyond a reasonable doubt with regard to

all of the applicable capital counts.

Section V.  Mitigating Factors.

Mitigating Factor No. 1:  Dzhokhar Tsarnaev was 19

years old at the time of the offenses.

The number of jurors who so find:  12.

Mitigating Factor No. 2:  Dzhokhar Tsarnaev had no

prior history of violent behavior.

Number of jurors who so find:  11.

Mitigating Factor No. 3:  Dzhokhar Tsarnaev acted

```
 1   under the influence of his older brother.
 2           The number of jurors who so find:  Three.
 3           Mitigating Factor No. 4:  Whether because of
 4   Tamerlan's age, size, aggressiveness, domineering personality,
 5   privilege status in the family, traditional authority as the
 6   eldest brother, or other reasons, Dzhokhar Tsarnaev was
 7   particularly susceptible to his older brother's influence.
 8           Number of jurors who so find:  Three.
 9           Mitigating Factor No. 5:  Dzhokhar Tsarnaev's brother
10   Tamerlan planned, led and directed the marathon bombing.
11           Number of jurors who so find:  Three.
12           Mitigating Factor No. 6:  Dzhokhar Tsarnaev's brother
13   Tamerlan was the person who shot and killed Officer Sean
14   Collier.
15           Number of jurors who so find:  Two.
16           Mitigating Factor No. 7:  Dzhokhar Tsarnaev would not
17   have committed the crimes but for his older brother Tamerlan.
18           Number of jurors who so find:  Three.
19           Mitigating Factor No. 8:  Dzhokhar Tsarnaev's teachers
20   in elementary school, middle school and high school knew him to
21   be hard working, respectful, kind and considerate.
22           Number of jurors who so find:  12.
23           Mitigating Factor No. 9:  Dzhokhar Tsarnaev's friends
24   in high school and college knew him to be thoughtful, caring
25   and respectful of the rights and feelings of others.
```

1          Number of jurors who so find:  11.

2          Mitigating Factor No. 10:  Dzhokhar Tsarnaev's

3    teachers and friends still care for him.

4          Number of jurors who so find:  Three.

5          Mitigating Factor No. 11:  Dzhokhar Tsarnaev's aunts

6    and cousins love and care for him.

7          Number of jurors who so find:  12.

8          Mitigating Factor No. 12:  Mental illness and brain

9    damage disabled Dzhokhar Tsarnaev's father.

07:00 10          Number of jurors who so find:  12.

11          Mitigating Factor No. 13:  Dzhokhar Tsarnaev was

12    deprived of needed stability and guidance during his

13    adolescence by his father's mental illness and brain damage.

14          Number of jurors who so find:  Two.

15          Mitigating Factor No. 14:  Dzhokhar Tsarnaev's

16    father's illness and disability made Tamerlan the dominant male

17    figure in Dzhokhar's life.

18          Number of jurors who so find:  Two.

19          Mitigating Factor No. 15:  Dzhokhar Tsarnaev was

07:00 20    deprived of the stability and guidance he needed during his

21    adolescence due to his mother's emotional volatility and

22    religious extremism.

23          Number of jurors who so find:  One.

24          Mitigating Factor No. 16:  Dzhokhar Tsarnaev's mother

25    facilitated his brother Tamerlan's radicalization.

1          Number of jurors who so find:  Ten.

2          Mitigating Factor No. 17:  Tamerlan Tsarnaev became

3  radicalized first, and then encouraged his younger brother to

4  follow him.

5          Number of jurors who so find:  Five.

6          Mitigating Factor No. 18:  Dzhokhar Tsarnaev's parents

7  return to Russia in 2012 made Tamerlan the dominant adult in

8  Dzhokhar's life.

9          Number of jurors who so find:  Two.

07:01 10          Mitigating Factor No. 19:  Dzhokhar Tsarnaev is highly

11  unlikely to commit, incite or facilitate any acts of violence

12  in the future while serving a life-without-release sentence in

13  federal custody.

14          Number of jurors who so find:  One.

15          Mitigating Factor No. 20:  The government has the

16  power to severely restrict Dzhokhar Tsarnaev's communications

17  with the outside world.

18          Number of jurors who so find:  Two.

19          Mitigating Factor No. 21:  Dzhokhar Tsarnaev has

07:02 20  expressed sorrow and remorse for what he did and for the

21  suffering he caused.

22          Number of jurors who so find:  Two.

23          And the jurors have found no further mitigating

24  factors.

25          Section VI.  Determination of Sentence.

1        Based upon consideration of whether the aggravating

2   factor or factors found to exist for each count sufficiently

3   outweigh the mitigating factor or factors found to exist for

4   that count to justify a sentence of death or, in the absence of

5   a mitigating factor, whether the aggravating factor or factors

6   alone are sufficient to justify a sentence of death.

7        The jurors' answer:  We, the jury, unanimously find

8   for some of the capital counts that the aggravating factor or

9   factors found to exist sufficiently outweigh the mitigating

07:03 10   factor or factors found to exist or, in the absence of any

11   mitigating factors, that the aggravating factor or factors are

12   themselves sufficient so that death is the appropriate sentence

13   for Dzhokhar Tsarnaev with regard to each of the following

14   capital counts only.  You identify each count by the count

15   number.  4, 5, 9, 10, 14, 15.

16        THE COURT:  Read the last sentence of that section.

17        THE CLERK:  With regard to the above listed counts, we

18   vote unanimously that Dzhokhar Tsarnaev shall be sentenced to

19   death as to each count.

07:04 20        Madam foreperson, is that your verdict?

21        THE FOREPERSON:  Yes, it is.

22        THE CLERK:  And so say you all?

23        THE JURORS:  Yes.

24        THE COURT:  All right.  The certificates are in order.

25        Jurors and defense counsel and defendant, please be

1    seated for a moment.

2         Jurors, with your verdict, your service as jurors in

3    this case has come to an end.  I want to thank you for your

4    service.

5         MR. BRUCK:  If your Honor please, we would request

6    that the jury be polled prior to the Court's remarks.

7         THE COURT:  All right.  We would ask the jurors to

8    rise.

9         THE CLERK:  Jurors, please rise.

07:05 10        Juror No. 1, you have heard me give the verdict as

11   recorded.  Is that your verdict?

12        JUROR NO. 1:  Yes, it is.

13        THE CLERK:  And Juror No. 2?

14        JUROR NO. 2:  Yes.

15        THE CLERK:  And Juror No. 3?

16        JUROR NO. 3:  Yes.

17        THE CLERK:  And Juror No. 4?

18        JUROR NO. 4:  Yes.

19        THE CLERK:  And Juror No. 5?

07:05 20        JUROR NO. 5:  Yes.

21        THE CLERK:  And Juror No. 6?

22        JUROR NO. 6:  Yes.

23        THE CLERK:  And Juror No. 7?

24        JUROR NO. 7:  Yes.

25        THE CLERK:  And Juror No. 8?

1          JUROR NO. 8:  Yes.

2          THE CLERK:  And Juror No. 9?

3          JUROR NO. 9:  Yes.

4          THE CLERK:  And Juror No. 10?

5          JUROR NO. 10:  Yes.

6          THE CLERK:  Juror No. 11?

7          JUROR NO. 11:  Yes.

8          THE CLERK:  And Juror No. 12?

9          JUROR NO. 12:  Yes.

07:06 10          THE CLERK:  The jury is polled, your Honor.

11          THE COURT:  All right.  Have a seat again.

12          So, as I was saying, I want to thank you for your

13     service.  And I express that thanks not only on my own behalf,

14     which I do sincerely, but more importantly, on behalf of the

15     citizens of Massachusetts whom you represent for the purposes

16     of this trial.

17          We ask of our fellow citizens active engagement and

18     participation in the work of self-government.  In particular,

19     we ask our fellow citizens to participate in administering

07:06 20     justice fairly and impartially by sitting as trial jurors.  We

21     asked of you the important and difficult task of judging the

22     evidence in this case and of rendering a just verdict guided by

23     your best judgment.

24          I want especially to commend the alternate jurors.

25     After all the time and attention you gave in listening to the

1   evidence, you learned that you would not be part of the

2   decision.  That must be frustrating.  Perhaps it is a relief.

3   In any event, it is necessary to have alternates available, and

4   your service has been just as vital to the process as that of

5   the deliberating jurors.

6           The inconvenience to all of you in serving on this

7   case has been considerable, yet you have each borne that

8   inconvenience with grace and understanding.  The seriousness

9   and responsibility with which you have performed your service

07:07 10   as jurors should stand as a model for future juries.

11           Abraham Lincoln once said, "There is no grievance that

12   is a fit object for redress by mob law."  Your service as

13   jurors in this case has been the very antithesis of mob law.

14   The issues have been thoroughly presented to you, and you have

15   thoughtfully resolved them.  Obviously, the facts and

16   circumstances of this case arouse powerful emotions, but on

17   behalf of a community seriously aggrieved, you have

18   demonstrated convincingly that even in such circumstances, men

19   and women of honesty and goodwill can set aside emotions and

07:08 20   make careful, rational and solemn judgments about guilt or

21   innocence and life or death.  You can, you should, be justly

22   proud of your service in this case.

23           Let me address a couple of practical matters.  You are

24   well aware of my instructions to avoid any reports in the media

25   about this case.  The media and the members of the general

public attending this trial have been under similar

instructions to refrain from attempting in any way to contact

or interact with you at any time during the trial.

Additionally, they're prevented from revealing your names and

depicting you by photograph or sketch.

          I imposed these rules to help you focus on the issues

before you and the evidence you've heard in the courtroom

without being distracted or potentially influenced by anything

that might take place outside the courtroom.  From my

07:09 understanding, the media and the public have abided by these

instructions, and I thank them for helping maintain the

integrity of the proceedings by doing so.

          Until now your names and places of residence have not

been made public, and you have been identified through the

process only by your juror number.  Under applicable law,

because your service in the case is now completed, we can no

longer refrain from identifying you.

          The courts have recognized that in a democracy,

criminal trials should not as a general rule be decided by

07:10 juries that remain anonymous, so your names and towns and

cities of residence will eventually be made public.  That will

not happen immediately, but it will likely happen in the

relatively near future.

          Additionally, at some point redacted versions of your

juror questionnaire will likely be made public.  Strictly

1    private personal information will be redacted, and that will

2    likely take some time, but answers such as your views about the

3    death penalty, for example, will become public.  We will notify

4    you before that occurs.

5            Second, it is likely that people will want to talk

6    with you now about your service as jurors in the case including

7    media representatives.  You are now free to talk with your

8    family and friends about the case and your experience in jury

9    service.  You're also free to answer media questions, if you

07:11 10    wish.

11           You should understand that whether to answer media

12    questions is entirely your call.  You have no obligation to do

13    so.  You may politely decline by simply saying, "No comment."

14    If, after you have indicated that you do not wish to comment,

15    anyone persists in a way that makes you uncomfortable, please

16    contact our jury administrator, and he will assist you.

17           On a related point, under the law of this circuit, the

18    parties and their attorneys and other agents may not approach

19    you to talk with you about your service without prior express

07:11 20    permission from me.

21           For anyone who does make the decision to speak

22    publicly about the case, I would ask you to keep in mind your

23    fellow jurors and the experience you have shared.  You have

24    traveled together and eaten together.  It may not be too much

25    to say that you have formed some friendships.  You've sat

1    through a long trial together that involved at times terrible

2    images and poignant testimony.  The deliberating jurors have

3    spent days in undoubtedly intense discussions with each other

4    to determine not only whether Mr. Tsarnaev was responsible for

5    the crimes charged by the government, but also whether he

6    should live or die.

7         I ask you that you respect each other and the process

8    of your decision-making as you consider whether to discuss the

9    case publicly.  There is a reason that jury deliberations are

07:12  10   conducted in secret.  Secrecy encourages the most frank

11   discussion of the issues.  For this reason, secrecy of

12   deliberations is a hallmark of the jury system.  It is why you

13   deliberate in the jury room alone without any court personnel;

14   why you have been asked to seal your partially completed or

15   completed verdict slip at the end of each day; and why a member

16   of the clerk's office will now shred your juror notebooks and

17   any of the notes you've made now that you've rendered your

18   verdict.

19        It is not unreasonable for jurors to expect that what

07:13  20   they say in deliberations will be held in confidence by their

21   fellow jurors.  And there are implications beyond this case.

22   Future jurors in future cases should be able to enter into

23   service with the confidence that what they say in private

24   deliberations will remain private.

25        Regarding this concern, the Supreme Court of the

1    United States has said:  "Freedom of debate might be stifled

2    and independence of thought checked if jurors were made to feel

3    that their arguments and ballots were to be freely published to

4    the world."  I ask that you keep those considerations in mind

5    in deciding whether to speak publicly about the case, and

6    specifically, about the substance of private jury discussions.

7         Let me also make a suggestion for you to consider if

8    you decide to discuss the case publicly.  You could decide not

9    only whether to talk about it, but also when to do so.  Even if

07:14 10   you are willing to discuss the case publicly, you should

11   consider whether it would be better even from your own point of

12   view to take some time to let your experience settle in so that

13   you have an opportunity to compose your thoughts as to any

14   questions that might be asked rather than speaking more or less

15   off the cuff or on the spur of the moment.

16        Before we recess, I would like to commend all the

17   attorneys in this matter.  As we should expect, their advocacy

18   has been both zealous and skillful, and they've conducted

19   themselves with the highest degree of professionalism and

07:15 20   civility in a difficult case under intense scrutiny.  I also

21   acknowledge that the defendant, Mr. Tsarnaev, has comported

22   himself with composure and propriety in the courtroom, both in

23   and outside the presence of the jury and the public.

24        Finally, I address the representatives of the media

25   and the members of the public who have come to watch and report

1    on the proceedings.  Some of you have come for yourselves, some

2    have come for others.  Still others have come to share with the

3    world what has been happening within this trial courtroom.  We

4    appreciate your respectful presence and your understanding of

5    the solemnity of these proceedings.  I also must note with

6    respect to our daily scheduling that justice is not always

7    swift, nor should it be, and I appreciate your enduring

8    patience.

9           And so, jurors, that's it.  You are now discharged.

07:16 10    All in this courtroom will rise once more as a sign of respect

11    for your service in this case as you withdraw to the jury room

12    for the last time.

13           Please rise.

14           THE CLERK:  Please rise for the jury.

15           (The jury exits the courtroom at 3:41 p.m.)

16           THE COURT:  The defendant is remanded to the custody

17    of the marshal.  We will stand in recess.  We will probably set

18    a status conference in the near future to discuss future

19    proceedings.

07:17 20           We'll be in recess.

21           THE CLERK:  Court will be in recess.

22           (The proceedings adjourned at 3:42 p.m.)

23

24

25

1                    C E R T I F I C A T E

2

3         I, Marcia G. Patrisso, RMR, CRR, Official Reporter of

4   the United States District Court, do hereby certify that the

5   foregoing transcript constitutes, to the best of my skill and

6   ability, a true and accurate transcription of my stenotype

7   notes taken in the matter of Criminal Action No. 13-10200-GAO,

8   United States of America v. Dzhokhar A. Tsarnaev.

9

10  /s/ Marcia G. Patrisso
     MARCIA G. PATRISSO, RMR, CRR

11  Official Court Reporter

12

13  Date:  5/10/16