UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 13-10200-GAO

UNITED STATES OF AMERICA

v.

DZHOKHAR A. TSARNAEV,
Defendant.

ORDER
September 16, 2016

O'TOOLE, D.J.

Boston Globe Media Partners, LLC (the "Globe") has moved for the disclosure of the amounts of public funds paid to defense counsel and to service providers, such as experts and investigators, retained by them for the defense of this case. (Mot. of Boston Globe Media Partners, LLC for Public Access to Criminal Justice Act Materials (dkt. no. 1645).) The motion purports to rest upon the provisions of the Criminal Justice Act, codified at 18 U.S.C. § 3006A. For the reasons set forth below, the present motion is denied without prejudice to renewal at an appropriate time in the future.

As an initial matter, as the defendant points out in his opposition to the Globe's motion, the payment regime authorized under § 3006A is inapplicable to capital cases.[1] Congress has established separate procedures for the payment of defense counsel and related costs in non-capital cases, § 3006A, and in federal capital prosecutions and habeas proceedings, 18 U.S.C. § 3599. See Martel v. Clair, 132 S. Ct. 1276, 1284-85 (2012). The latter provisions govern here.

---

[1] The government has not taken a position on the Globe's motion.

Both statutory procedures provide for public access to and/or affirmative disclosure of publicly funded defense costs, but they disparately provide for *when* that is to occur. Under § 3006A, such information is (subject to some exceptions) to be "made available to the public by the court upon the court's approval of the payment." 18 U.S.C. § 3006A(d)(4)(A). In contrast, for capital cases, the "amounts paid under this paragraph for services in any case shall be disclosed to the public, after the disposition of the petition." Id. § 3599(g)(3).

The use of the phrase "after the disposition of the petition" is a bit problematic. Taken literally, it would on its face seem to apply only to cases involving an actual habeas "petition." But the procedures in § 3599 plainly pertain both to original federal capital prosecutions and to federal habeas review of prior federal or state capital prosecutions. See id. § 3599(a)(1), (2); see also Martel, 132 S. Ct. at 1284-85. It would seem anomalous for Congress to mandate disclosure of defense costs, as well as the timing therefor, only with respect to habeas proceedings and not with respect to original capital prosecutions. A more plausible conclusion is that the phrase "after the disposition of the petition" is a slip of the legislative pen.[2] It is noteworthy that the provision was enacted as part of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). See AEDPA, Pub. L. No. 104–132, § 903(b), 110 Stat. 1214 (amending 21 U.S.C. § 848(q)(10), predecessor of 18 U.S.C. § 3599(g)(3)). Congressional debate and attention were at the time focused on expediting capital habeas procedures, see, e.g., H.R. Conf. Rep. No. 104–518, at 111 (1996), and it seems very likely that the use of the term "petition" in § 3599(g)(3) is an inadvertent reflection of that focus. There are no objective indications in the legislative record that Congress meant to distinguish between habeas proceedings and original federal capital prosecutions in

---

[2] Annotations to the statute suggest there were at least four other drafting errors. See 18 U.S.C.A. § 3599.

providing for the disclosure of defense costs. Rather, the evident intent was to provide for the public disclosure of specified costs of defense after proceedings in a particular pending case had concluded. In other words, considering that the prescription was probably intended to apply both to original capital cases as well as capital habeas proceedings, I think the likely intended meaning of the phrase "after the disposition of the petition" was "after the case is over."[3]

There is still an ambiguity: when is a case "over"? A non-frivolous argument could be made that a capital prosecution is "over" after the entry of final judgment by the trial court. But that is not the traditional understanding. Typically, a case is still regarded as "pending" (and therefore not "over") when it is on direct appeal. While the appeal is pending, there remains the possibility of remand for retrial, and that possibility invokes concerns about protecting legitimate defense interests from compromise by public disclosure.

For these reasons, I conclude that the Globe, and the public generally, will be entitled to the information requested at the appropriate time, but that time is not now. Effect must be given to the congressional directive, as I understand it, that the disclosure is to be made "after the disposition of the [case]." That will not occur at least until the conclusion of proceedings on direct appeal.

The Globe's Motion for Public Access to Criminal Justice Act Materials (dkt. no. 1645) is DENIED WITHOUT PREJUDICE.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge

---

[3] I do not find persuasive the suggestion made by the defendant that "petition" was meant to refer to some hypothetical future petition. See United States v. Gonzalez, 150 F.3d 1246, 1264 (10th Cir. 1998).

Case 1:13-cr-10200-GAO   Document 1699   Filed 09/16/16   Page 4 of 4