UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No. 13-10200-GAO |
| | ) | |
| | ) | |
| DZHOKHAR A. TSARNAEV | ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S
SEALED MOTION TO DISCLOSE EX PARTE FILINGS AND PROCEEDINGS**

The United States hereby opposes defendant Dzhokhar Tsarnaev's Motion to Disclose Ex

Parte Filings and Proceedings, which was filed under seal.   For the reasons set forth below and

in the accompanying sealed ex parte submission, no further disclosure of government ex parte

matters is warranted.   Further, should the Court grant defendant's alternative request and order

the government to supply "the grounds for continuing non-disclosure" of ex parte matters,

Motion at 1, the Court should also require Tsarnaev to do the same.

**Background**

1.      During the pretrial, trial, and sentencing proceedings in this matter, the

government filed a small number of documents ex parte with the Court's permission.   In

addition, on a few occasions, government counsel addressed the Court ex parte about

confidential matters.   Defendant also addressed the Court ex parte throughout the proceedings.

2.      Tsarnaev appealed from the judgment of conviction and sentence on January 29,

2016.   *United States v. Dzhokhar A. Tsarnaev*, 1st Cir. No. 6001.   Since then, the parties have

collaborated on assembling an appellate record.   As part of that process, they have exchanged

basic information about ex parte matters in this Court, including dates and docket numbers.

That exchange of information revealed that the government had fewer than 30 ex parte matters with the Court while defense ex parte matters exceeded 400.

3.      In preparation for his appeal, Tsarnaev asked the government to disclose the contents of all ex parte communications with the Court.   After reviewing each such matter, the government (with the Court's permission) voluntarily disclosed a number of ex parte filings and proceedings to the defense under seal.   As to other matters, however, the government has concluded that they should remain ex parte.   In response, Tsarnaev has now moved this Court to order the government to disclose "[all] remaining government ex parte pleadings, transcripts of proceedings, and Orders relating to the same[.]"   Motion at 1.   In the alternative, Tsarnaev requests that the Court "direct[ ] the government to disclose, as to each docket entry, the grounds for continuing non-disclosure."   *Ibid.*

### Argument

4.      Tsarnaev's motion is properly before this Court.   As a general rule, "a notice of appeal * * * divests the district court of its control over those aspects of the case involved in the appeal."   *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam).   Nonetheless, a district court may properly consider whether ex parte materials should be disclosed for use on appeal because such a ruling will advance the pending appeal.   *See* C.A. Wright, A.R. Miller, E.H. Cooper & C.T. Struve, 16A *Federal Practice and Procedure*, § 3949.1 at 57 (2008) ("Even as to matters encompassed within the scope of the pending appeal, the district court may act in aid of the court of appeals' exercise of its jurisdiction."); *see also United States v. Perkins*, 926 F.2d 1271, 1274 (1st Cir. 1991) ("During the pendency of this appeal, on the prosecution's motion, the district court unsealed a submission from the government that had

2

previously been presented to it *in camera*[.]").   This Court's role, however, is narrowly circumscribed and it does not extend to reconsidering its original decisions to proceed ex parte. Given the pending appeal, the validity of such rulings is for the First Circuit to determine. Instead, in response to defendant's motion, this Court should consider only whether the circumstances that initially led to ex parte proceedings still warrant maintaining these matters ex parte during the appeal.

5.      The First Circuit addressed the legal principles applicable to ex parte matters in *United States v. Innamorati*, 996 F.2d 456 (1993).   *Innamorati* emphasized that ex parte proceedings should be "rare," and described "secret submission[s]" to the court as "especially dangerous."   *Id.* at 487-88.   At the same time, the First Circuit concluded that "requirements of confidentiality [may] outweigh the interest in adversarial litigation and permit a court to rule on an issue *in camera* without the participation of an interested party."   *Id.* at 487.   As examples, the court cited (1) *in camera* review of potentially discoverable materials "whose disclosure would have jeopardized an ongoing criminal investigation;" (2) proceedings under Fed. R. Crim. P. 16(d)(1); (3) proceedings under the Classified Information Procedures Act (CIPA), 18 U.S.C. App. §§ 1-16; and (4) proceedings under *Franks v. Delaware*, 438 U.S. 154 (1978), relating to the veracity of a confidential government information.   *Ibid.*

In *Innamorati*, itself, the Court found that the government's submission of potentially discoverable material to the district court without notice to the defendants was "justified," and resulted in no prejudice.   *Id.* at 488.   The appellate court likewise held that the material should still not be disclosed, even though the "substantial threat of serious harm" had "abated sufficiently to justify notice to the defendants" of the ex parte contact.   *Ibid.*; *see also United*

*States v. Perrotta*, 42 F.3d 702, 703 (1st Cir. 1994) (holding that the materials at issue in *Innamorati* should continue to remain ex parte).

6.     The accompanying sealed and ex parte memorandum explains why those materials not already voluntarily disclosed by the government should remain ex parte.   As these filings make clear, the initial grounds for proceeding ex parte remain sufficient today under *Innamorati*.

7.     Continuing to hold certain materials ex parte will not prevent full appellate review of Tsarnaev's convictions and sentence.   Instead, the Court of Appeals may review the undisclosed information and determine, in the light of the facts of the case as related in the appellate briefs –whether this Court proceeded appropriately.   In *United States v. Mehanna*, for example, the defendant moved the First Circuit for the release of an ex parte proffer by the government, arguing that "[w]ithout access to a transcript or other record, * * * counsel is unable to assess the facts and brief to this Court any issues that the facts may raise."   *United States v. Mehanna*, (1st Cir. No. 12-1461), Motion for Release of Transcript of Ex Parte Communication Relating to Exculpatory Materials or Alternative Relief at 2 (filed 10/03/12).   The First Circuit denied the motion, noting that if Mehanna raised a related claim on appeal, "this court is at the appropriate time in a position to examine itself any sealed material pertinent to such a claim." *United States v. Mehanna*, (1st Cir. No. 12-1461), Order entered 11/15/12.   Mehanna did raise a related claim and the First Circuit, after reviewing an *in camera* submission from the government, found "no abuse of discretion in the district court's judgment that the material was not 'discoverable.'"   *United States v. Mehanna*, 735 F.3d 32, 66 (1st Cir. 2013).   Likewise, in *Innamorati*, the First Circuit upheld the district court's decision not to disclose certain matters to

the defense, notwithstanding the defendants' claim that they could not "argue intelligently" about the materials unless it first received them "or at the very least a synopsis." 996 F.2d at 487. *See also United States v. Brimage*, 115 F.3d 73, 78 (1st Cir. 1997) (after district court concluded that materials reviewed *in camera* were not discoverable, appellate court reviews the same materials *in camera* and finds no abuse of discretion).

8.      Tsarnaev identifies no reason why this established procedure cannot be used in his case.   Although he cites to 18 U.S.C. § 3595(b), that statute merely requires that the court of appeals review "the entire record in the case" where "a sentence of death is imposed."   As the cases cited above make clear, an appellate court may review ex parte matters without requiring that they be released to the defense.

9.      To the extent that Tsarnaev challenges the submission of classified information, such matters are governed by CIPA.   Section 4 of CIPA specifically authorizes a court to examine the government's filings ex parte.   See 18 U.S.C. App. 3, § 4 ("The court may permit the United States to make a request for [authorization to delete classified information from discovery] in the form of a written statement to be inspected by the court alone."); *United States v. Klimavicius-Viloria*, 144 F.3d 1249, 1261 (9th Cir. 1998) ( "[i]n a case involving classified documents, * * * ex parte, in camera hearings * * * are part of the process that the district court may use in order to decide the relevancy of the information").   Indeed, as the Eleventh Circuit has noted, "[t]he right that [CIPA] confers on the government would be illusory if defense counsel were allowed to participate in section four proceedings because defense counsel would be able to see the information that the government asks the district court to keep from defense counsel's view."   *United States v. Campa*, 529 F.3d 980, 995 (2008).

The classified proceedings in this case have been preserved and will be made available for ex parte review by the court of appeals, as CIPA provides.   See 18 U.S.C. App. 3, § 4. Courts have uniformly upheld CIPA's ex parte process and have held that it does not violate any of defendant's rights, either at trial or on appeal.   *See, e.g., United States v. Sedaghaty*, 728 F.3d 885, 909 (9th Cir. 2013) (rejecting defendant's challenge to ex parte CIPA proceedings because "[o]ur careful review of the classified record confirms that all of the classified filings and transcripts of all of the hearings, including the classified ex parte hearings, have been preserved and made available to us on appeal").

Tsarnaev suggests that, because his counsel either have or could obtain security clearances, the government has no substantial interest in protecting the classified information from disclosure.   That argument is incorrect, as numerous courts have held.   *See, e.g., Sedaghaty*, 728 F.3d at 909 ("[T]he simple fact that defense counsel held security clearances does not mean that the attorneys were entitled to access" the government's CIPA filings.); *United States v. El–Mezain*, 664 F.3d 467, 568 (5th Cir. 2011) (approving, in the context of the Foreign Intelligence Surveillance Act, denial of discovery to cleared defense counsel because of the government's substantial interest in maintaining secrecy); *United States v. Daoud*, 755 F.3d 479, 484-85 (7th Cir. 2014) (reversing district court order disclosing classified material to cleared defense counsel and noting that it is "not true" that "any concerns about disclosure were dissolved by defense counsel's security clearances"); *United States v. Abu Ali*, 528 F.3d 210, 253 (4th Cir. 2008) ("[W]e have no authority [] to consider judgments made by the Attorney General concerning the extent to which the information in issue here implicates national security"). Because the law specifically allows the government, both at trial and on appeal, to proceed ex

parte to protect classified information, and because ex parte review by this Court and the court of appeals adequately protects Tsarnaev's interests, there is no basis for disclosure to defense counsel of the government's CIPA filings.

10.     Finally, Tsarnaev argues, in the alternative, that the Court should "direct[ ] the government to disclose to counsel for Defendant-Appellant the grounds for non-disclosure on appeal of" any remaining ex parte materials involving the government and the Court.   Motion at 8.   In our view, the materials before the Court, including the sealed and ex parte memorandum and affidavit that accompany this Opposition, suffice to decide the pending motion.   Where, as here, the ex parte proceedings are proper, it is sufficient that the government provide that justification to the court alone.   Defendant cites no authority suggesting that the government is also required to provide such a justification to the defense.   This Court, (and ultimately the court of appeals), should conduct its own ex parte, in camera review of the government's submissions and conclude (as this Court has already found) that those proceedings were proper and that disclosure to the defense is not warranted.

But if the Court disagrees and determines that the government must justify the ex parte status of its pleadings, that requirement should apply equally to the defense.   As noted above, the number of defense ex parte matters far exceeds those involving the government.[1]   *See supra* at 2.   Further Tsarnaev identifies no reason why any obligation to justify such filings should not be reciprocal.   Although Tsarnaev suggests in a footnote that "[e]x parte proceedings by a

---

[1] That many of defendant's ex parte filings no doubt relate to funding requests does not excuse Tsarnaev from identifying and justifying other ex parte matters.   Nor should the government be required to wait until after Tsarnaev has filed his opening brief to review any record materials that no longer need to remain ex parte.

defendant in a criminal case are fundamentally different than those by the government," Motion

at 2 n.1, he does not support this assertion with either a theory or a case; instead, he relies

exclusively on the vague suggestion that an answer lies somewhere in "U.S. Const., amends. V,

VI."   *Ibid.*   Accordingly, if further disclosures are required, both parties should make them.

<div style="margin-left: 40%;">

Respectfully submitted,

WILLIAM D. WEINREB
United States Attorney

By: /s/ Aloke Chakravarty
Aloke S. Chakravarty
Assistant U.S. Attorney

</div>

Date:   March 6, 2017

<div style="text-align: center;">

CERTIFICATE OF SERVICE

</div>

I hereby certify that this document, which I have discussed with counsel, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

<div style="margin-left: 40%;">

/s/ Aloke Chakravarty
Aloke S. Chakravarty
Assistant U.S. Attorney

</div>