UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 13-CR-10200-GAO |
| DZHOKHAR TSARNAEV | |

## DEFENDANT-APPELLANT'S REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT-APPELLANT'S SEALED MOTION TO DISCLOSE *EX PARTE* FILINGS AND PROCEEDINGS

Defendant-Appellant, Dzhokhar Tsarnaev, by and through counsel, respectfully files this reply to the Government's Opposition to Defendant's Sealed Motion to Disclose Ex Parte Filings and Proceedings [DE 1722, filed March 6, 2017, hereinafter "Opp."].

The government seeks to persuade this Court to keep secret on appeal certain government *ex parte* proceedings concerning which the defense had no notice at trial, and about which the government still has not disclosed even the subject area to the defense. The government seeks to do so, moreover, by submitting further secret information to this Court. Opp. at 4, ¶6 (referencing an "accompanying sealed and ex parte memorandum" submitted in support of its Opposition). Such a procedure is contrary to the most basic notions of due process in our adversarial system, and "fundamentally at odds with our traditions of jurisprudence." *United States v. Innamorati*, 996 F.2d 456, 487 (1st Cir. 1993). Keeping these government proceedings entirely secret – based on further secret information – without revealing to the defense even the gist of the proceedings so that meaningful disclosure litigation can occur, would prevent counsel

1

from carrying out our duty to present all issues to the Court of Appeals that may bear on Mr. Tsarnaev's sentence of death.

The very case relied upon by the government in its Opposition, *Innamorati*, makes clear that adequate justification in the trial court is not everlasting.  Even when "the most extraordinary of circumstances" exist during trial to justify *ex parte* submissions by the government, on appeal, when "the threat has abated sufficiently," notice to the defendant – or the unsealing of the *ex parte* proceedings – is required.  996 F.2d at 487-88.  In *Innamorati*, the defense received notice on appeal that the government's *ex parte* proceeding concerned a *Brady* issue.  *Id*.  The *Innamorati* court cited with approval the "procedure employed" in *United States v. Perkins*, 926 F.2d 1271, 1274 (1st Cir. 1991): during the pendency of the appeal, the district court unsealed the government's *ex parte* submission and apprised the defendant of the information contained therein, "presumably after the threat to the investigation had ceased."  *Innamorati*, 996 F.2d at 487.

*United States v. Mehanna*, 1st Cir. No. 12-1461, also relied on by the government in its Opposition, presented a far different factual scenario than the one here.  Mehanna was able to raise a claim on appeal because he knew with great specificity what the subject of the government *ex parte* proceeding had been.  In *Mehanna*, the defendant was the one who had raised a very narrow and explicit *Brady* question, and defense counsel had witnessed government counsel asking to be heard about that matter *ex parte,* and then going into chambers to confer with the Court immediately before the *in camera* conference on the issue where both parties would be present to argue their respective positions.  *United States v. Mehanna*, (1st Cir. No. 12-1461), Motion for Release of

Transcript of Ex Parte Communication Relating to Exculpatory Materials or Alternative Relief (filed 10/03/2012).   On appeal, counsel for Mehanna moved the Court of Appeals (not the district court) for disclosure of the transcript or substance of the government *ex parte* conference on the specific *Brady* issue prior to submitting its principal brief, so that it could take account of this material in framing the arguments.   *Id.*  The Court of Appeals reviewed the transcript of the *ex parte* proceeding and determined that disclosure of the transcript was not necessary to its consideration of the *Brady* issue on appeal (if raised).. *United States v. Mehanna*, (1st Cir. No. 12-1461), Order of Court (filed 11/15/2012). Counsel for Appellant knew which matter the government's *ex parte* conference addressed, just not the details of the government's communications with the Court, and thus was able to meaningfully raise the *Brady* issue on appeal knowing the Court of Appeals could review the *ex parte* transcript.  Here, by contrast, trial counsel had no notice whatsoever of any of these *ex parte* filings or proceedings, and counsel on appeal has no information about what they pertain to, and thus no ability to consider whether they may give rise to or relate to an issue for appeal.

"The burden of justification is on the government."  *United States v. Claudio*, 44 F.3d 10, 14 (1st Cir. 1995).  Unlike *Innamorati*, *Perkins*, or *Mehanna*, where the *ex parte* communications each revolved around the materiality of a single potential *Brady* disclosure, the government here provides no justification whatsoever to defense counsel regarding thirteen separate proceedings.  It is simply not credible that each one continues to constitute "the most extraordinary of circumstances," *Innamorati* 996 F.2d at 487, barring not only unsealing but also the barest of notice.  Given the issues raised by Mr.

3

Tsarnaev in both the guilt and sentencing phases, the appellate issues on which the government's *ex parte* filings might now be relevant are quite broad.  This breadth of potential relevance alone distinguishes this case from those cited by the government, and leaves the Court in a worse position to evaluate the matter on its own, without hearing meaningful argument from counsel for the Defendant-Appellant following disclosure of at least the topic areas of the numerous government *ex parte* submissions and proceedings.

The key question before this Court is whether now, two years later, after, presumably, the majority of any prior threats to ongoing investigations or national security have abated, some or all of these government *ex parte* proceedings should be disclosed to counsel for Defendant-Appellant for use on appeal.  Before this Court decides this important question, counsel for the Defendant-Appellant should be meaningfully heard as to why disclosure is appropriate at this stage.  The government provides no authority for its position that the government be allowed to offer its purported rationale for ongoing secrecy to the Court alone.  *Compare United States v. Bulger*, 816 F.3d 137 (1st Cir. 2016) (government alerted the defense to the allegations within its *ex parte* submission to the Court for *Brady* materiality review, permitting defendant to litigate the Court's ruling on the matter – in open court – on appeal).  Without knowing the nature or gist of these proceedings, counsel is forced to make the argument for disclosure solely on process grounds, because it is impossible to make a substantive argument for why disclosure is appropriate or necessary.

With respect to the classified materials, the government's assertion that CIPA Section 4 permitted its *ex parte* submission originally, Opp. at 5, does not answer the question of whether these classified materials should now be disclosed to counsel on appeal either in full, or in redacted form, or in a summary form, so that counsel may properly raise any issues for appeal.  Courts have balanced the government's interest in protecting information against the defendant's need for it, and, depending on the particular situation, have fashioned protective orders so that cleared counsel may have access to the materials, or ordered the government to use a summary to convey the information helpful to the defense without disclosing the source or method used to obtain that information.  *See, e.g., United States v. Dumeisi*, 424 F.3d 566, 577 n.2 (7th Cir. 2005) (defendant provided with summary of benefits provided to confidential informant as substitute for information contained in classified document); *United States v. LaRouche Campaign*, 695 F. Supp. 1282, 1285 (D. Mass. 1988) (approving government's proposed admission of facts that classified documents would tend to prove and noting that CIPA discovery provisions aimed at "protecting classified information in a way that does not impair the rights of defendants in a criminal trial").  Indeed, Section 4 on its face contemplates the use of such alternative means.[1]  Here, counsel would urge the Court to consider whether any threat to national security from disclosure of these particular

---

[1] "The court, upon a sufficient showing, may authorize the United States to delete specified items of classified information from documents to be made available to the defendant through discovery under the Federal Rules of Criminal Procedure, to substitute a summary of the information for such classified documents, or to substitute a statement admitting relevant facts that the classified information may tend to prove."  18 U.S.C.A. App. III § 4.

classified materials has abated, and if any threat still exists, whether the relevant facts may be provided to counsel in an alternative form for use, if appropriate, on appeal.

Finally, the government asks that, if the Court is inclined to grant counsel for Defendant-Appellant's alternative request that we receive at least the topic area and asserted basis for non-disclosure for each of the government's *ex parte* materials, the Court also order disclosure of the basis for non-disclosure of the defense *ex parte* proceedings.  (Opp. at 7-8.)  But in the pending appeal, the government and the Defendant-Appellant are not similarly situated.  Because it is the Defendant's appeal, his counsel must compile and then scour the complete record to identify and determine which issues shall be raised on appeal.  Counsel for Defendant-Appellant cannot meaningfully undertake these tasks without access to the government *ex parte* submissions and proceedings.  As the Appellee, the government is in a very different position.  Its request for disclosure regarding defense *ex parte* filings is premature.  The government has brought no cross-appeal, and the universe of issues it will need to address will not be defined until the Defendant-Appellant files his Opening Brief.  At that time, the government will be able to assess whether it requires access to any of the defense *ex parte* submissions – and the defense will readily disclose any such documents that relate to an issue raised on appeal.  For example, as this Court knows well, many of the defense *ex parte* filings and proceedings relate to funding of the defense under the Criminal Justice Act (CJA).  But if the Defendant-Appellant does not raise any claim in his Opening Brief regarding CJA funding, then the government would have no need for such documents to be disclosed in order to prepare its Answer Brief.

The government complains that the defense's motion relies on the Fifth and Sixth Amendments to the U.S. Constitution without further explanation.  (Opp. at 8.)  Of course, these Amendments contain several bedrock principles of constitutional law that protect criminal defendants' rights to confidentiality, including the right to effective assistance of counsel (including the duty to investigate and with the concomitant protections of the attorney-client privilege), the right to present a complete defense, and the right to confront the witnesses against the defendant.  These rights do not apply to the prosecution.

Contrary to the government's assertion, holding government materials *ex parte* will prevent full appellate review of the critically important legal and factual issues inherent in this capital case.  While the First Circuit will have access to these *ex parte* materials, because counsel for Defendant-Appellant has been denied any information concerning them, counsel will not be able to present any arguments to the Circuit concerning thirteen separate government *ex parte* proceedings.  In this case, where the Circuit will be called upon to review the legality of multiple sentences of death imposed on a young man, the government seeks to be allowed to ask the Circuit to rule on secret issues based on secret information.  This Court should reject the government's position and grant the Motion to Disclose.  Alternatively, this Court should require the government to notify counsel for Defendant-Appellant of the nature of the materials and proceedings it seeks to maintain *ex parte* on appeal, and the asserted bases for ongoing nondisclosure, so that counsel may more meaningfully litigate this important matter.

Respectfully submitted,

DZHOKHAR TSARNAEV

by his attorneys

David Patton, Esq. (NY Bar # 3926813)
Federal Defenders of New York, Inc.
52 Duane Street, 10th Floor
New York, NY 10007
(212) 417-8700
DAVID_PATTON@FD.ORG


Judy Clarke, Esq. (CA Bar # 76071)
CLARKE & RICE, APC
1010 Second Avenue, Suite 1800
San Diego, CA 92101
(619) 308-8484
JUDYCLARKE@JCSRLAW.NET

# CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system on March 13, 2017, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), including:

Aloke Chakravarty, Esq.
U.S. Attorney's Office
1 Courthouse Way
Suite 9200
Boston, MA 02210
Aloke.Chakravarty@usdoj.gov

David Patton, Esq. (NY Bar # 3926813)
Federal Defenders of New York, Inc.
52 Duane Street, 10th Floor
New York, NY 10007
(212) 417-8700
DAVID_PATTON@FD.ORG