UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**FILED UNDER SEAL**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 13-10200-GAO |
| | ) | |
| DZHOKHAR TSARNAEV | ) | |

**DEFENSE FOLLOW-UP VOIR DIRE QUESTIONS (SECOND REQUEST)**

Defendant, Dzhokhar Tsarnaev, by and through counsel, respectfully submits the following proposed voir dire questions.

Defense counsel further asks that before each juror's voir dire examination is concluded, the Court afford counsel a reasonable opportunity to submit specific follow-up voir dire requests based on the juror's initial responses, or to ask brief follow-up questions themselves.

## PUBLICITY

1. What stands out in your mind from everything you have heard, read or seen about the Boston Marathon bombing and the events that followed it?[1]

    [If juror has difficulty responding, prompt with: Do you recall anything . . . .]

    a. About how the bombings occurred?
    b. About the people who are supposed to have carried it out?
    c. About any of the bombing victims who died?
    d. About any of the victims who were hurt but survived?
    e. About the MIT police officer who was killed several days later?

---

[1] *Skilling v. United States*, 561 U.S. 358, 371 (2010) (noting that jurors were asked on questionnaire "to report on 'what st[ood] out in [their] mind[s]' of 'all the things [they] ha[d] seen, heard or read about Enron.'")

1

      f.   About the defendant, Dzhokhar Tsarnaev?
      g.  About any members of Mr. Tsarnaev's family?

2. Despite what you have heard, read or seen about this case and this defendant, can you presume him to be innocent of all of the charges against him?

3. If you were the defendant on trial in this case, would you want someone on your jury who thinks about you the way you think about Mr. Tsarnaev?[2]

4. Have you heard or read anything about the very recent attacks in Paris?  (If yes)

    a. Has this news given you any additional concerns?
    b. Do you feel that the Boston Marathon bombing and what happened in Paris on January 7-9 are similar or connected in any way? (If yes)  In what way(s)?
    c. (Depending on the response)  Would this affect your ability to sit as a juror in this case—either with respect to deciding whether the defendant is guilty or innocent, or with respect to his punishment if he is convicted.

5. Do you want to be on this jury?  [If juror hesitates or is evasive, follow up with:]

    a. If I just left it up to you whether you are seated or excused from this jury, which would you choose?  Would you rather be on the jury that will decide this case, or would you rather be excused?

## SUPPORT FOR DEATH PENALTY — *MORGAN*

6. The defendant is charged, as you know, with intentionally setting off bombs at the Boston Marathon that resulted in the deaths of three people.  If you found the defendant guilty of this crime, would you automatically sentence him to death no matter what the facts are?[3]

7. [Alternative formulation:] Do you believe that the death penalty is the only appropriate punishment for a person who deliberately uses a weapon of mass destruction to cause the deaths of several victims?  Or could there be cases in which, after considering mitigating factors about the crime or the defendant, you

---

[2]*Irvin v. Dowd*, 356 US 717, 727 (1961) ("A number [of veniremen] admitted that if they were in the accused's place in the dock and he in theirs in the jury with their opinions, they would not want him in the jury.")

[3]*Morgan v. Illinois,* 504 U.S. 719, 723 (1993).

would favor life imprisonment — rather than the death penalty — for someone guilty of such a crime?

8. [Alternative formulation:]  If you were convinced beyond a reasonable doubt that the defendant deliberately committed an act of terrorism that killed multiple victims, could you consider imposing a life sentence rather the death penalty in that situation?

9. If you were convinced beyond a reasonable doubt that the defendant killed a child by deliberately using a weapon of mass destruction, would you automatically vote for the death penalty without regard to any mitigating circumstances (such as, for example, the defendant's youth, or his family background and relationships)?

## OPPOSITION TO THE DEATH PENALTY — *WITHERSPOON*

10. Understanding that you do not support the death penalty, could you meaningfully consider both life imprisonment without possibility of release *and* the death penalty, and not be committed in advance to voting against the death penalty no matter what the evidence might turn out to be?

11.  Please understand that I am not asking you whether you would impose the death penalty in this case.  Rather, I am asking only this:  Could there *ever* be a case — involving especially horrible murders, for example, or a very dangerous defendant — in which you would be able to fairly consider voting for the death penalty as a member of a jury?

    a. (If yes): In other words, if I understand you correctly, are you telling me that while you do not support the death penalty and would be very reluctant to impose it, you could still consider both sentences that are provided by law — life imprisonment without release and the death penalty — and choose between them based on the evidence presented in court about the crime and the convicted murderer?

                Respectfully submitted,

                DZHOKHAR TSARNAEV
                by his attorneys

_____

Judy Clarke, Esq. (CA Bar # 76071)
CLARKE & RICE, APC
1010 Second Avenue, Suite 1800
San Diego, CA 92101
(619) 308-8484
JUDYCLARKE@JCSRLAW.NET

David I. Bruck, Esq.
220 Sydney Lewis Hall
Lexington, VA 24450
(540) 460-8188
BRUCKD@WLU.EDU

Miriam Conrad, Esq. (BBO # 550223)
Timothy Watkins, Esq. (BBO # 567992)
William Fick, Esq. (BBO # 650562)
FEDERAL PUBLIC DEFENDER OFFICE
51 Sleeper Street, 5th Floor
(617) 223-8061
MIRIAM_CONRAD@FD.ORG
TIMOTHY_WATKINS@FD.ORG
WILLIAM_FICK@FD.ORG

## Certificate of Service

I hereby certify that this document was personally served upon counsel for the government on January 16, 2015.

_____