UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 13-CR-10200-GAO |
| v. | ) | |
| | ) | |
| DZHOKHAR TSARNAEV | ) | |

**REPLY TO GOVERNMENT'S SURREPLY
TO DEFENDANT'S MOTION FOR CHANGE OF VENUE
AND REQUEST FOR EVIDENTIARY HEARING**

Defendant, Dzhokhar Tsarnaev, by and through counsel, respectfully files this reply and declaration of Professor Neil Vidmar in response to the Government's Surreply to the Defendant's Motion for Change of Venue [DE 512].

The Government has launched an unfair and unwarranted attack on the defense venue expert, Professor Edward Bronson, attempting to discredit not only his conclusions but also his methodology and professional competence.   In the process, the Government has also attacked the integrity of one of the most experienced and well-respected venue experts in the country.  This assault, offered in lieu of any actual evidence in support of its position, has at most created an issue of disputed fact concerning the validity of both the polling results and media analysis, both of which detected pervasive prejudice in the District of Massachusetts.  Inasmuch as the government has attempted to raise numerous issues of fact, the defendant submits that the Court can resolve these issues only after conducting an evidentiary hearing concerning the extent and effect of both massive pretrial publicity and the direct impact of the Marathon bombing on the jury-eligible

1

population of the District of Massachusetts.  The issues of fact raised by the Government's surreply cannot be resolved in the Government's favor simply on the basis of its own unsupported allegations.

Upon receiving the Government's responsive pleading attacking the work of Dr. Bronson, defense counsel contacted another distinguished national expert in the field of social science and the law, Professor Neil Vidmar of Duke University, and asked him to review and assess Dr. Bronson's work in this case and the Government's challenge to it. Professor Vidmar's declaration is attached as Exhibit A.

Professor Vidmar has been conducting research and testifying as an expert in pretrial publicity cases for more than three decades.  As can be seen from a review of his C.V., a copy of which is attached, Professor Vidmar is exceptionally well-qualified in the field of social science research and law.  Given his background and interest in the area of pretrial publicity, Professor Vidmar was willing to undertake a preliminary review of Dr. Bronson's work to assess its validity.  As reflected in his declaration, Professor Vidmar has in essence concluded that:

- Professor Bronson's assessment of the likely prejudicial effects of the pretrial publicity and the salience of the case within the District of Massachusetts is correct;

- the survey and associated materials are based on sound social science and methodology;

- the differences found between potential venues are sufficient to indicate excessive prejudice in the District of Massachusetts, and support the proposition that venue should be changed;

- the survey results are representative and strongly indicate that the case is far more salient to the residents of Massachusetts than to residents of the other areas surveyed;

- Professor Bronson's media study reveals differences between the media coverage of the areas studied that is extreme enough to indicate that deeper inquiry will likely widen the gap of salience and prejudice among the areas studied, rather that narrow it;

- the Government's attempt to replicate Professor Bronson's method by listing the top 50 articles through use of innocuous search terms is misleading and at variance with standards used in social science research;

- Professor Bronson's top level media study was performed adequately given time constraints, and produced scientifically acceptable results that indicate an extremely high and consistent level of exposure, greatly increasing the salience of the case to the residents of Massachusetts, particularly in comparison with other areas;

- the Government's surreply is ill-informed as to other areas, including its further attacks on both Professor Bronson and his methodology, and,

- the prejudicial effect of massive publicity and the direct and indirect experiences of many members of any jury pool chosen from the Boston area are unlikely to be overcome by voir dire examination of prospective jurors.

Dr. Vidmar's declaration, although necessarily preliminary (given the short amount of time he has had to provide it) constitutes further evidence that the defendant's Motion for Change of Venue should be granted, or alternatively that there should be an evidentiary hearing on the defendant's notion for change of venue.

## Conclusion

The defendant requests that the Court grant his Motion for Change of Venue on the basis of the evidence presented in support of his motion, or in the alternative that the Court hold an evidentiary hearing to address and resolve disputed facts and expert conclusions.

Respectfully submitted,
DZHOKHAR TSARNAEV
By his attorneys

/s/   Judy Clarke

Judy Clarke, Esq. (CA Bar # 76071)
CLARKE & RICE, APC
1010 Second Avenue, Suite 1800
San Diego, CA 92101
(619) 308-8484
JUDYCLARKE@JCSRLAW.NET

David I. Bruck, Esq.
220 Sydney Lewis Hall
Lexington, VA 24450
(540) 460-8188

4

BRUCKD@WLU.EDU

Miriam Conrad, Esq. (BBO # 550223)
Timothy Watkins, Esq. (BBO # 567992)
William Fick, Esq. (BBO # 650562)
FEDERAL PUBLIC DEFENDER OFFICE
51 Sleeper Street, 5th Floor
(617) 223-8061
MIRIAM_CONRAD@FD.ORG
TIMOTHY_WATKINS@FD.ORG
WILLIAM_FICK@FD.ORG

## <u>Certificate of Service</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 29, 2014.

*/s/ Judy Clarke*

EXHIBIT A

Declaration of Professor Neil Vidmar

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **Crim. No. 13-10200-GAO** |
| | ) | |
| | ) | |
| | ) | |
| **DZHOKHAR A. TSARNAEV,** | ) | |
| **Defendant** | ) | |

Declaration of Neil Vidmar, Ph.D

I, NEIL VIDMAR, declare as follows:

1. I am the Russell M. Robinson II Professor of Law at Duke University School of Law. My qualifications are attached to this Declaration as Appendix A.

2. I have been conducting research and testifying as an expert in pretrial publicity cases for more than three decades. This experience includes not only testimony in the United States but also in Canada, Australia and New Zealand. I have written several books dealing in part with this subject and a number of articles in leading law related academic publications, including a frequently cited article: Vidmar, N. *Case Studies of Pre-and Midtrial Prejudice in Criminal and Civil Litigation*. 26 Law and Human Behavior, 73 (2002).  That article was updated last year: Vidmar, N., Media Impact on Trial by Jury, in Andrew Taslitz, ed., *A Criminal Practitioner's Guide to Managing the Media in Client Representation*, ABA Press, 2013

3. I have been asked to assess the Declaration and materials submitted by Edward J. Bronson re the Defendant's Motion for a Change of Venue and the Government's response to the Motion, all of which I received only Wednesday, August 27, 2014.

4. Although only receiving these materials on August 27, I have reviewed them and am in a position to offer a preliminary opinion regarding the validity of Professor Bronson's venue study and the government's criticisms of his work and conclusions.

5. In my opinion, based on the documentation provided, Professor Bronson's assessment of the likely prejudicial effects of the pretrial publicity and the salience of the case within the District of Massachusetts is correct.

6. I have reviewed the survey and associated materials, and find that Professor Bronson's opinion is based upon sound social science methodology.

7. If given more time to complete the project, Professor Bronson could have conducted a more robust investigation which would have produced more refined outcomes. However, the differences found here are sufficient to indicate excessive prejudice in the District of Massachusetts and provide adequate support for the proposition that the venue should be changed.

8. Further analysis of the details of the survey are required, but at this time I am confident that the results for each city or area surveyed are representative and strongly indicate that the case is far more salient to the residents of Massachusetts than to residents of the other areas surveyed.

9. In addition, despite the Government's claims, I am unable to detect evidence of bias in Professor Bronson's survey methodology or in his conclusions from the gathered data.

10. I have also reviewed Professor Bronson's media study and find that it reasonably supports his opinion concerning the existence of a presumption of prejudice in the District of Massachusetts, where the salience of the case is particularly great.

11. While the media study was limited by time constraints, Professor Bronson's investigation reveals differences between the media coverage of the areas studied that is extreme enough to indicate that that deeper inquiry will likely *widen* the gap of salience and prejudice among the areas studied, not narrow it.

12. The Government's attempt to discredit Professor Bronson's methodology appears to reflect a misunderstanding of basic research methodology. Of course basic search terms were used to identify relevant articles. However, it is inappropriate to assume, as the government apparently does, that whatever emerged from a basic search was automatically considered relevant. Obviously, articles were identified and reviewed, at least in a cursory fashion, before being included in the study.

13. The Government's attempt to "replicate" Professor Bronson's method by listing the top 50 articles produced using innocuous search terms is both

misleading  and at variance with standards used  in  social science
research.

14. The next stage of a full media analysis, not performed due to time
constraints, would normally have involved specific coding and
quantitative analysis of detailed article contents. However, this next step
appears unnecessary here because the sheer volume of articles produced
by just one major Massachusetts paper renders it practically superfluous
– it is clear that Massachusetts residents had far more exposure to details,
opinions, and updates on this case than either Manhattan or DC.

15. In my opinion, the top-level media study was performed adequately given
time constraints, and produced scientifically acceptable results that
indicate an extremely high and consistent level of exposure.  This level of
exposure greatly increased the salience of the case to the residents of
Massachusetts, particularly in comparison with other areas.

16. The Government's Surreply to the Defendant's Motion for Change of
Venue is ill-informed. To respond to  it line by line would require more
time than is available to me, but in short there are a number of critical
inaccuracies that should be addressed:

    a. *Attacks on methodology.* In addition to the issues addressed above,
the Government's discussion of Professor Bronson's work contains
serious errors.  These include the assertion that the method of
media analysis "captures all sorts of articles that are barely related
to this case at all," and the listing of random results as if these
were representative of the articles considered in the media study.
Further, the Government's attempt to discredit the survey by
labeling one survey question as a "baseline" (which it is not)
appears to reflect lack of awareness of the standards of social
science research. Again, a full response to the Government's
methodological attacks can be produced and supported with more
time than is available for this declaration.

    b. *Professor Bronson's prior high-profile cases.* Assuming that these
cases were attacked in response to Professor Bronson's
comparisons with this case, the attempt to paint them as proof
that change of venue is always unnecessary is misleading. There
are significant details omitted in each that contradict the
arguments contained in the Government's surreply.  In addition,
extrapolating from Professor Bronson's qualified comparisons to
suggest that he was equating all factors of the cases is also
misleading. All were complicated cases involving significant media
exposure and salience in the community, but the similarities end
there. I will be happy to delineate these differences, if needed.

   c.  *Personal attacks on Professor Bronson's character.* The Government
       also attempts to discredit Professor Bronson through what appear
       to me to be unwarranted and inaccurate personal attacks. In my
       more than four decades of working in closely related fields, and
       on occasion working opposite Professor Bronson, I have observed
       him to display great professionalism, acuity, and capability as a
       researcher and consultant. He has earned the respect of colleagues
       and judicial officers throughout the country and abroad. Several of
       the purported quotes about Professor Bronson's personal views
       were apparently collected from unreliable sources, as they were
       both inaccurate and out of context.

17. It is my overall opinion that the conclusions stated by Professor Bronson
    and the methods he used to reach those conclusions are sound and
    appropriate for the case at hand.

18. Finally, I need to address another issue that is likely to arise in this
    controversy about a change of venue, namely whether an extended voir
    dire might be a sufficient remedy for the public prejudice that appears to
    be extant in the greater Boston area. Would allowing a detailed voir dire
    be sufficient to offset the problem of many potential jurors being biased?

19. Let me first draw attention to the fact that change of venue exists
    primarily because experience dating far back in American common law
    led to the conclusion that sometimes voir dire is an insufficient remedy
    for pre-trial and trial prejudice in a particular venue. Without reviewing
    the whole history of the issues, I draw attention to the fact that
    preliminary analyses of pretrial publicity by Professor Bronson strongly
    suggest that the Tsarnaev case is roughly similar to the Oklahoma City
    Bombing trial, *U.S. v. McVeigh*, 918 F. Supp. 1467 (1996); *U.S. v. McVeigh*,
    955 F. Supp. 1281 (1997). In that case Judge Maitch concluded that the
    whole state of Oklahoma was so tainted that the trial should be moved to
    another location, namely Denver. These and other cases which are
    discussed in my articles cited in Paragraph 2, *supra*. The problem here, as
    it was in Oklahoma is not just the media coverage but the personal
    experience of many potential jurors and other people in their social
    networks, see generally Vidmar (2013), *supra*, paragraph 2.

20. As further support to my opinion about the occasional ineffectiveness of
    voir dire I draw this Court's attention to an important article by Judge
    Gregory Mize in the District of Columbia Superior Court involved post-
    *voir dire* interviews with jurors, who remained silent when the judge
    asked questions directed to the panel. A number of the jurors who had
    not responded to the questions were subsequently questioned informally
    and disclosed information suggesting they did have biases bearing on
    their impartiality. *See* GREGORY E. MIZE, *On Better Jury Selection: Spotting*

*UFO Jurors Before They Enter the Jury Room*, CT. REV., Spring 1999, pp. 10-15. Individual, sequestered voir dire may correct some of the deficiencies in the situation Judge Mize studied, but for reasons stated above in my professional opinion the massive publicity and the direct and indirect experiences of many members of any jury pool chosen from the Boston area are unlikely to be overcome by voir dire.

21. As time permits, I am prepared to further develop my analyses regarding these and other significant matters regarding the change of venue issue in the *Tsarnaev* case.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 29th day of August, 2014 at Durham, North Carolina.

Neil J. Vidmar, Ph.D.

Date: Aug. 29, 2014

APPENDIX A

Qualifications of Professor Neil Vidmar

# CURRICULUM VITAE

Durham, North Carolina



August, 2014

### NEIL JOSEPH VIDMAR
**Russell M. Robinson II Professor of Law**
**Professor of Psychology, Duke University**
**Research Director, Center for Criminal Justice and Ethical Responsibility, Duke Law**
Duke University School of Law, Box 90360
210 Science Drive (at Towerview Road), Room 3183
27708-0360

Telephone (919) 613-7090 • Facsimile (919) 613-7231
E-mail: vidmar@law.duke.edu • Home: (919) 489-7729

## EDUCATION

**Ph.D.**   Social Psychology, University of Illinois. Urbana, Illinois, June, 1967
Secondary study in: Sociology and Experimental Psychology.

**M.A.**   Psychology, University of Illinois. Urbana, Illinois, October, 1965.

**A.B.**   Psychology, *cum laude*, MacMurray College, Jacksonville, Illinois June, 1962,
Minor in Sociology.

## *AREAS OF SPECIALIZATION*

My early research was on conflict and group decision-making. Since about 1970, my scholarly efforts have been directed primarily at the interface of social science and law. I conducted a three-year field study of dispute resolution in a small claims court, undertook a number of in-depth field studies of grievance and dispute behavior, and conducted a study of the Ontario Business Practice Act. For almost two decades I have been studying medical malpractice litigation and continue with that subject. I was co-principal investigator of the Arizona Jury Project that taped and analyzed the actual deliberations of 50 civil juries. Additionally, I have conducted research on procedural justice and the social psychological dynamics of justice behavior. A special interest is the social psychology of retribution. Other projects have involved experts, the empirical behavior of the tort system and research bearing on the accuracy of eyewitness identification. I am starting research on legal malpractice.

My scholarly interests also extend to criminal law. I have published articles pertaining to the death penalty and on jury behavior in criminal cases and have drafted amicus briefs on criminal matters before the U.S. Supreme Court and elsewhere. I have conducted research and published articles in leading journals on the topic of pre- and mid-trial prejudice in the United States, Canada, England, New Zealand and Australia. I have also edited *World Jury Systems*

(2000), a book that involves a comparative study of the jury systems of Australia, Canada, England, Ireland, New Zealand, Russia, Scotland, Spain, the United States and other countries.

## TEACHING INTERESTS

Social Science Evidence in Law,  Negotiation and Mediation, Psychology of the Litigation Process, American Jury, Social and Psychological Context of Law (Law and Society), Conflict and Dispute Resolution, Social Psychology.

## POSITIONS/EXPERIENCE

| | |
|---|---|
| 1989- | Russell M. Robinson, II Professor of Law, Duke University School of Law and Professor of Psychology, Duke University, Durham, North Carolina. Research Director , Duke Law School's Center for Justice and Professional Responsibility (2009); Member of Duke Institute for Brain Sciences (2009) |
| 1987-1988 | Visiting Professor of Law and Social Science, Duke University School of Law, Durham, North Carolina. |
| 1989-1996 | Professor of Social Science and Law, Duke University School of Law; Vice President and Research Director, the Private Adjudication Center, Durham, North Carolina. |
| 1986-1987 | Vice President for Research, Private Adjudication Center of Duke University School of Law, Durham, North Carolina. |
| 1986 | Visiting Professor of Law, Osgoode Hall Law School, York University, Downsview, Ontario, Canada. |
| 1984 | On leave as Visiting Professor, Osgoode Hall Law School, York University, Downsview, Ontario, Canada. |
| 1981-1990 | Professor of Psychology and Professor of Law, University of Western Ontario, London, Canada. |
| 1974-1975 | On leave as Visiting Research Fellow, Battelle Seattle Research Center, Seattle, Washington. |
| 1973-1974 | On leave as Russell Sage Resident in Law and Social Science, Yale Law School, New Haven, Connecticut. |
| 1971-1980 | Associate Professor, Department of Psychology, University of Western Ontario, London, Canada. |
| 1967-1971 | Assistant Professor, Department of Psychology, University of Western Ontario, London, Canada. |
| 1967 *(Summer)* | Research Associate, Danville Veterans Administration Hospital, Danville, Illinois. |

## POSITIONS/EXPERIENCE

| | |
|---|---|
| 1966-1967 | Research Associate, Department of Psychology, University of Illinois, Urbana. |
| 1963-1966 | Teaching and/or Research Assistant, Department of Psychology, University of Illinois, Urbana. |
| 1962-1963 | USPHS Fellow, University of Illinois, Illinois. |
| 1962 | Certificate of Competency of Coal Miner, State Miner's Examining Board, Department of Mines and Minerals, State of Illinois, March 1962. |

## FELLOW

Fellow of the Association for Psychological Science

## ACADEMIC SERVICE

LAW AND SOCIETY REVIEW, Editorial Board

JOURNAL OF EMPIRICAL LEGAL STUDIES, Academic Advisory Board

Roscoe Pound Foundation, Academic Advisory Board

Grant Sawyer Center for Justice Studies, University of Nevada Advisory Board

PSYCHOLOGY, PUBLIC POLICY AND LAW, Editorial Board

Section Chair: Law and the Social Sciences, Association of American Law Schools

LAW & SOCIAL INQUIRY, Editorial Board

LAW AND HUMAN BEHAVIOR, Editorial Board

LEGAL AND CRIMINOLOGICAL PSYCHOLOGY, Editorial Board

PSYCHOLOGY, CRIME, AND LAW, Editorial Board

CANADIAN JOURNAL OF LAW AND SOCIETY, Advisory Board

National Research Council, Law and Justice Committee

Law and Society Association Treasurer

Law and Society Association Trustee

JOURNAL OF APPLIED SOCIAL PSYCHOLOGY Editorial Board

Canadian Law and Society Association, Board of Directors

## LEGAL CONSULTING AND TESTIMONY

Law and Justice Committee of the National Research Council, Washington, D.C.

Law Reform Commission of Ontario; Ontario Ministry of the Attorney General

Consultant for Solicitor General of Canada on Firearms Control Legislation
Implementation

Ontario Ministry of the Attorney General: Access to Justice Project ; Ontario Ministry of
Consumer and Commercial Relations: Expert Panel on Guiding Principle for
Consumer Protection/Business Practices Strategies; Consultant for Canadian Law
Information Council ; Consultant for Committee on Statistics in the Courts:  (U.S.)
National Academy of Sciences; Consultant for Police Powers Project, Law Reform
Commission of Canada; Advisory Committee on the Jury, Law Reform Commission
of Canada; NAACP Legal Defense Fund's Capital Punishment Project (U.S.)

***Expert Testimony and Consulting (partial listing):***

United States of America: Supreme Court of the United States, California, Connecticut,
Florida, Illinois, Indiana, Kentucky; Louisiana; Missouri; North Carolina, Ohio,
Oklahoma, Oregon, Pennsylvania, West Virginia ; and also re North American
Free Trade Agreement dispute.

Canada: Supreme Court of Canada, British Columbia, New Brunswick, Newfoundland,
Ontario, Prince Edward Island, and Saskatchewan,

New Zealand; Australia; England and Wales; Hong Kong

# RESEARCH GRANTS

National Science Foundation; Robert Wood Johnson Foundation; State Justice Institute;

Russell Sage Foundation; Ontario, Ministry of the Attorney General;  Social Sciences and
Humanities Research Council of Canada; Ontario Ministry of Transportation and
Communication; Solicitor General of Canada ; The Donner Canadian Foundation;
Social Sciences and Humanities Research Council of Canada;  Law and Society
Association; Canada Council.

# PUBLICATIONS

***Books:***

Vidmar, N. and Hans, V. P., AMERICAN JURIES: THE VERDICT, Prometheus Books ( 2007).

Vidmar, N. (Ed.) WORLD JURY SYSTEMS, Oxford England: Oxford University Press (2000).
[Translated into the Korean Japanese with a foreword by Vidmar, 2007 and into
the Georgian language, 2010.]

Vidmar, N. MEDICAL MALPRACTICE AND THE AMERICAN JURY:  CONFRONTING THE MYTHS
ABOUT JURY INCOMPETENCE, DEEP POCKETS, AND OUTRAGEOUS DAMAGE AWARDS,
University of Michigan Press (1995).

Hans, V, and Vidmar, N. JUDGING THE JURY. Plenum Press (1986). [Translated into
Japanese, (2000).]

Bermant, G., Nemeth, C. and Vidmar, N. (Eds.) PSYCHOLOGY AND THE LAW: RESEARCH
FRONTIERS: Lexington, Massachusetts: Lexington Books (1976).

***Articles, Legal Submissions and Reviews:***

Vidmar,N & Griffin,L.  *Amicus, Warger v. Schauers* U.S. Supreme Court No.13-517 ,filed June 2014 Re historical rule re dishonesty during voir dire in voir dire.

Vidmar, N.J. and Coleman, James E., The American Adversary System: Sources of Error in the Criminal Adjudication Process,  in James Acker et al.  *Examining Wrongful Convictions: Stepping Back, Moving Forward*. Carolina Academic Press (2014).

James E. Coleman and Neil Vidmar (authors) Amicus brief  for North Carolina Conference of the NAACP in *State of North Carolina v Golphin et al.* No. 139PA13-1Supreme Court of North Carolina  (January 10, 2014).  re NC Racial Justice Act litigation.

Kritzer, H. Liu, G., & Vidmar, N. An Exploration of "Non-economic" Damage Awards, 55 William & Mary L. Rev. 971-1027 (March 2014**).**

Vidmar, N., Media Impact on Trial by Jury, in Andrew Taslitz, ed., *A Criminal Practitioner's Guide to Managing the Media in Client Representation*, ABA Press, 2013.

Vidmar, N. (Principal Drafter) Amicus Brief,  *State of North Carolina v. Marcus  Reymond Robinson*,  Supreme Court of North Carolina, 12 th District, Cumberland county  No. 411A94-5  ( August 9,2013) re North Carolina Racial Justice Act

Neil Vidmar, principal drafter of amicus brief: *Larry E. Mann v. State of Florida on  petition for Writ of Certiorari In the Supreme Court of the United States*, James E. Coleman, Counsel of Record, April 8, 2013. (re death penalty appeal)

Vidmar,  Testimony  re  "Excessive  Litigation's  Impact  on  America's  Global Competitiveness" before   the Judiciary's Subcommittee on the Constitution and Civil Justice, United States Congress, March 5, 2013.

Vidmar, N., The North Carolina Racial Justice Act: An Essay on Substantive and Procedural Fairness in Death Penalty  Litigation, 97 (2012 *Iowa Law Review* 1969.( Tribute to David Baldus),

James E. Coleman, Jr., Theresa A. Newman, Neil Vidmar, & Elizabeth Zoeller, Don't I Know You? The Effect of Prior Acquaintance/Familiarity on Witness Identification,  2012 *The Champion* 52-56 ( April 2012) **.**

Vidmar et al. *Watts v. Cox Medical Centers* Supreme Court of Missouri , No. 91867  (filed October 20, 2011).   [Medical Malpractice Litigation]

Vidmar et al. *McCall v. United States*, Supreme Court of Florida, SC 11-1148 Case # 09-16375J [ Medical Malpractice litigation] (Filed August 20, 2011).

Schuller, R. and Vidmar, N.  The Canadian Criminal Jury, 86 *Chicago-Kent Law Review* 487 (2011*)*

Vidmar, N.  The Psychology of Trial Judging.  20 *Current Directions in Psychological Science* 58 (2011).

Holman, M., Vidmar, N. and Lee, P.   Most Claims Settle: Implications for Alternative Dispute Resolution from  A Profile of Medical Malpractice Claims in Florida, 74 *Law & Contemporary Problems* 103 (2011).

Vidmar, Coleman, & Newman, Rethinking Reliance on Eyewitness Confidence, 94 Judicature 16-19 (2010).

Vidmar et al., , Amicus on eyewitness identification, in *State of Connecticut v. Brady Guilbert* Supreme Court of Connecticut, No. 17948, November 1, 2010. [ Court decision: http://www.jud.ct.gov/external/supapp/Cases/AROcr/CR306/306CR211.pdf; concurrence http://www.jud.ct.gov/external/supapp/Cases/AROcr/CR306/306CR211A.pdf

Vidmar, N. et al,  Drafter of  amicus  for scholars in support of litigants in capital punishment litigation under the North Carolina Racial Justice Act,  August 2010.  Brief of *Jatiyah al Bayyind*; and brief *of Guy Tobias LeGrande*

Vidmar, N.  Lay Persons in the Legal Process, in  P. Cane and H. Kritzer, *The Oxford Handbook of Empirical Legal Studies*, Oxford University Press (2010).

Vidmar, N. and Holman, M., The frequency, predictability and proportionality of jury awards of punitive damages in 2005: a new audit, Vol. XLIII *Suffolk Law Review* 101-138 2010.

Vidmar, N., Coleman, J, and Newman, T., Rethinking reliance on eyewitness confidence, 94 *Judicature* , No.1, July-August, 2010

Vidmar, *Law & Politics Book Review, Vol. 20 No. 2 (February, 2010) Overcoming Historical Injustices: Land Reconciliation in South Africa*, by James L. Gibson**.**  New York and Cambridge: Cambridge University Press, 2009 **.**

Vidmar, N. and Wolfe, M.**W.** Punitive Damages.  5 *Annual Review of Law and Social Science,* 179-199 (2009). Vidmar, N. The Competence of Juries, in  eJournal USA U.S. State Department 2009.

Michaels,D. and Vidmar, N., eds., *Conventions in Law and Science*, 72 LAW & CONTEMPORARY PROBLEMS  (Winter  2009).

Saks et al. Amicus brief supporting Petition for Writ of Certiorari in *Gonzalez v. Florida*, No. 08-6833, United States Supreme Court ( November 9, 2008).

Vidmar, N., Affidavit and Testimony (via video-link) on behalf of Solicitor General in *Solicitor-General of New Zealand v. Fairfax New Zealand Publications and Pankhurst,* High Court of New Zealand, Wellington Registry, September 16, 2008.

Vidmar, N. Affidavit on behalf of Plaintiff in *Klotz v. St Anthony's Medical Center* , in the Circuit Court of the County of St. Louis**,** Division No.:13,Cause No.:06CC-4826, September 15, 2008.

Baker, Tom, Kritzer, Herbert M. and Vidmar, Neil, Jackpot Justice and the American Tort System: Thinking Beyond Junk Science (July 1, 2008). Available at SSRN: http://ssrn.com/abstract=1152306 or http://dx.doi.org/10.2139/ssrn.1152306

Vidmar , N, principal drafter, and 23 other signatories: Amicus brief on behalf of plaintiff in *Lebron v. Gottlieb Memorial Hospital et al*, Supreme Court of Illinois , Case No. 2006 L. 12109 (2008) ( regarding claims of doctor flight from Illinois).

Vidmar, N., *Comment: Juries and Testimony from Medical Experts*, in John Spandorfer et al., PROFESSIONALISM IN MEDICINE: THE CASE-BASED GUIDE FOR MEDICAL STUDENTS ( Cambridge University Press)

Vidmar, N., *Juries and Medical Malpractice: Facts versus Claims* , CLINICAL ORTHOPAEDICS AND RELATED RESEARCH , Springer Open Access DOI 10.1007/s11999-008-0608-6 (published November 2008). Available at http://dx.doi.org/10.1007/s11999-008-0608-6

Hans, N. and Vidmar, N., *The Verdict on Juries* 91 JUDICATURE 226 (2008).

Vidmar, N., *Civil Juries in Ecological Context: Methodological Implications for Research* , in CIVIL JURIES AND CIVIL JUSTICE (Brian Bornstein, et al., eds.) (2008).

Vidmar, N. and Wolfe, M.W., *Fairness through Guidance: Jury Instruction on Punitive Damages After* Philip Morris v. Williams, 2 CHARLESTON LAW REVIEW 307 (2008). ( Reprinted in M.N. Bhavani, ed., PUNITIVE DAMAGES: NEW DIMENSIONS, Amicus Books , India (2008))

Vidmar, N., Beale, S., Chemerinsky, E. & Coleman, J.E., Jr. , *Was He Guilty as Charged? An Alternative Narrative Based on Circumstantial Evidence from* Twelve Angry Men, 82 CHICAGO-KENT LAW REVIEW 691 (2007).

Vidmar et al. Amicus Brief on behalf of Respondent in *Mason. v. Home Hardware* CASE NO. S07A1486 before the Supreme Court of Georgia (December 2007)

Vidmar, N. et al., Amicus Brief (regarding juries and punitive damages) submitted on behalf of Respondent in *Philip Morris v. Williams,* Supreme Court of the United States, No. 05-1256 ( September 2006); *Williams v. Phillip Morris*, 127 S.Ct. 1057 (2007).

Vidmar, N. Affidavit submitted *in Fowler v. Dowland*, Case # S07A0342, in the Supreme Court of Georgia, March 29, 2007)

Vidmar, N., MacKillop, K. and Lee, P. *Million Dollar Medical Malpractice Cases in Florida: Post-verdict  and Pre-suit Settlements,* 59 Vanderbilt Law Review 1343 (2006).

Vidmar, N. and MacKillop, K. *"Judicial Hellholes," Medical Malpractice Claims, Verdicts and the "Doctor Exodus" in Illinois,*  59 Vanderbilt Law Review 1309 (2006).

Vidmar, N. *Trial by Jury Involving Persons Accused of Terrorism or Supporting Terrorism*,  in Belinda Brooks Gordon and Michael Freeman, (Eds.), Law and Psychology, page 318,  Vol. 9,  Oxford University Press (2006).

Vidmar,N. et al., Amicus Brief ( regarding eyewitness identification) on behalf of petitioner in *LaQuan Ledbetter v. State of Connecticut*, on petition for Writ of Certioriai to the Supreme Court of Connecticut , No. 05-9500. *Ledbetter v. Connecticut*, 126 S.Ct. 1798 (2006).

Vidmar, N. *Medical Malpractice Litigation in Pennsylvania*, Pennsylvania Bar Association, (May 2006).

Vidmar, N. *Expert Evidence, The Adversary System, and the Jury.* 95 American Journal of Public Health S137-S143 (Suppl. 1, July 2005). (Reprinted in V. Raghuram, ed., Expert Opinion: Evidentiary Value  (Amicus Books, 2007).

Vidmar, N. *Medical Malpractice and the Tort System in Illinois.* 93 Illinois Bar Journal 340 (2005).

Vidmar, N. *When Jurors Talk About their Verdict.* In John Kleinig, (Ed.), Jury Ethics, Paradigm Press (2005).

Vidmar, N. *Medical Malpractice Lawsuits: An Essay on Patient Interests, the Contingency Fee System, Juries and Social Policy.* 38 Loyola Los Angeles Law Review 1217 (2005).

Vidmar, Lee, MacKillop, McCarthy and McGwinn. *Uncovering the "Invisible" Profile of Medical Malpractice Litigation: Insights from Florida.* 54 DePaul Law Review 315 (2005).

Vidmar, N. *First, Do No Harm: The Cure for Medical Malpractice* (Book Review). 352 The New England Journal of Medicine 521 (February 2005).

Vidmar, N. *Juries Around the Globe.* 5 ABA Insights on Law and Society 7 (2005).

Vidmar, N. *Experimental Simulations and Tort Reform: Avoidance, Error and Overreaching in Sunstein et al.'s Punitive Damages.* 53 Emory Law Journal 1359 (2004).

Hans, V. and Vidmar, N. *Jurors and Juries.* In Sarat (Ed.) The Blackwell Companion to Law and Society, 195-211. Blackwell Publishing, Malden, Massachusetts (2004).

Diamond, Vidmar, Rose, Ellis and Murphy. *Inside the Jury Room: Evaluating Juror Discussions During Trial.* 87 Judicature 54 (September-October 2003). [Reprinted in V. Hans (Ed.) THE JURY SYSTEM: CONTEMPORARY SCHOLARSHIP, Ashgate (in press).]

Vidmar, N. *When All of Us Are Victims: Juror Prejudice and "Terrorist" Trials.* 78 Chicago-Kent Law Review 1143 (2003).

Saks and Vidmar. *Asserted but Unproven: A Further Response to the Lindgren Study's Claim that the American Bar Association's Ratings of Judicial Nominees Are Biased.* 19 Journal of Law and Politics 177 (2003).

Diamond, Vidmar, Rose, Ellis and Murphy. *Juror Discussions During Trials: Studying an Arizona Innovation.* 45 Arizona Law Review 1 (2003).

Vidmar, N. *The American Civil Jury for Auslander (Foreigners).* 13 Duke Journal of Comparative and International Law 92, Special Issue honoring Herbert Bernstein (2003). (Reprinted in, Papke et al. Law and Popular Culture : Text, .Notes and Questions. Lexis Nexis ,2012

Vidmar, N. *Case Studies of Pre-and Midtrial Prejudice in Criminal and Civil Litigation.* 26 Law and Human Behavior, 73 (2002). http://www.law.duke.edu/pub/vidmar/pretrialpublicity.pdf [Reprinted in V. Hans (Ed.) THE JURY SYSTEM: CONTEMPORARY SCHOLARSHIP, Ashgate Publishing, Aldershot, United Kingdom (in press).]

Vidmar, N. and Brown, L. A. *Tort Reform and the Medical Liability Insurance Crisis in Mississippi: Diagnosing the Disease and Prescribing a Remedy.* 22 Mississippi College Law Review 9-46 (2002).

Eisenberg and Vidmar (drafters). *Brief Amici Curiae of Certain Leading Social Scientists and Scholars in Support of Respondents in State Farm Mutual Automobile Company v. Campbell.* Supreme Court of the United States, No. 01-1289 (October 2002).

Vidmar, N. *Listening to Jurors and Asking Them Questions.* Trial Briefs 9 (August 2002).

Rose and Vidmar. *"Bronx Bronx Juries": A Profile of Jury Awards in New York Counties.* 80 Texas Law Review 1889 (2002).

Sanders, Diamond and Vidmar. *Legal Perceptions of Science and Expert Knowledge.* 8 Psychology, Public Policy and Law 139 (2002).

Diamond, Vidmar, et al. *Juror Discussion During Civil Trials: A study of Arizona's Rule 39(f) innovation.* American Bar Foundation (April 2002). Available at: http://www.law.duke.edu/pub/vidmar/Arizonacivildiscussions.pdf.

Vidmar, N. *Juries.* In Kritzer (Ed.) LEGAL SYSTEMS OF THE WORLD: A POLITICAL, SOCIAL, AND CULTURAL ENCYCLOPEDIA. ABC-CLIO, Santa Barbara, California (2002)

Vidmar, N. *Juries and Lay Assessors in the Commonwealth of Nations.* 13 Criminal Law Forum 385 (2002).

Vidmar, N. and Diamond, D. *Juries and Experts.* 66 Brooklyn Law Review 1123-1182 (2001).

Saks and Vidmar. *A Flawed Search for Bias in the American Bar Association's Ratings of Judicial Nominees: A Critique of the Lindgren / Federalist Society Study.* 17, No. 2 Journal of Law and Politics 219-254 (2001).

Vidmar, N. *Review of Jury Systems Abroad Can Provide Helpful Insights Into American Practices.* 73 New York State Bar Association Journal 23 (2001).

Vidmar, N. *Retributive Justice: Its Social Context.* In M. Ross and D.T. Miller (Eds.) THE JUSTICE MOTIVE IN EVERYDAY LIFE, 291 Cambridge University Press (2001).

Vidmar and Rose. *Punitive Damages; In Terrorem and in Reality.* 38 Harvard Journal on Legislation 489-511 (2001).

Diamond, S. and Vidmar, N. *Jury Room Ruminations on Forbidden Evidence.* 87 Virginia Law Review 1857 (2001).

Vidmar and Schuller. *The Jury: Selecting Impartial Peers.* In R. Schuller and J. Ogloff (Eds.) PSYCHOLOGY AND LAW: CANADIAN PERSPECTIVES. University of Toronto Press, Toronto, ON, Canada (2001).

Vidmar, N. *Retribution and Revenge.* In J. Sanders and V. L. Hamilton (Eds.) HANDBOOK OF JUSTICE RESEARCH IN LAW. Springer Press, New York, New York (2001).

Vidmar, N. *Jury's Comprehension of Scientific Evidence.* In NATIONAL CONFERENCE ON SCIENCE AND THE LAW NCJ 179630. United States Department of Justice and National Institute of Justice (July, 2000).

Vidmar, N. *The Origin and Outcome of the Kumho Amicus Brief* (plus brief itself) 24 Law and Human Behavior 383-400 (2000).

Corbin, R. M. and Vidmar, N. *Survey Research Goes to Court.* In C. Chakrapani (Ed.) MARKETING RESEARCH: STATE OF THE ART PERSPECTIVES. American Marketing Association, Chicago, Illinois (2000).

Vidmar, N. *Juries don't make legal decisions! And other problems: A critique of Hastie et al. on punitive damages.* 23 Law and Human Behavior 705 (1999).

Vidmar, N. *Maps, Gaps, Socio-legal Scholarship and the Tort Reform Debate.* In Sarat, A. et al. (Eds.) SOCIAL SCIENCE, LEGAL SCHOLARSHIP AND THE LAW. Russell Sage Foundation, New York, New York (1999).

Vidmar, N., Gross, F. and Rose, M. J*ury Awards for Medical Malpractice and Post-verdict Adjustment of Those Awards.* 48 DePaul Law Review 265 (1998). [Partially reprinted in S. Salvin et al., CIVIL PROCEDURE: DOCTRINE, PRACTICE, AND CONTEXT, 2nd Ed. Aspen Publishers, New York, New York (2004).]

Vidmar, N. Principal author, amicus brief on behalf of respondent in *Kumho Tire Company v. Patrick Carmichael et al.* No. 97-109 Supreme Court of the United States, October 1998 (on the subject of how juries evaluate expert testimony).

Vidmar, N. *The Performance of the American Civil Jury: An empirical perspective.* 40 Arizona Law Review 849 (1998).

Vidmar, N., Beale, S., Rose, M. and Donnelly, L. *Should We Rush to Reform the Criminal Jury? Consider Conviction Rate Data.* 80 Judicature 286-290 (May-June 1997).

Vidmar, N. *Generic Prejudice and the Presumption of Guilt in Sex Abuse Trials.* 21 Law and Human Behavior 5 (Feb 1997).

Vidmar, N. *Pap and Circumstance: What jury verdict statistics can tell us about jury behavior and the tort system.* XXVII Suffolk University Law Review 1205 (1994/1996).

Vidmar, N. *Pretrial Prejudice in Canada: A comparative perspective on the criminal jury.* 79 Judicature 249 (1996).

Vidmar, N. *Making Inferences About Jury Behavior from Jury Verdict Statistics: Cautions about the Lorelei's lied.* 18 Law and Human Behavior 599 (1994).

Ogloff, James R. P. and Vidmar, N. *The Impact of Pretrial Publicity on Jurors: A study to compare the relative effects of television and print media in a child sex abuse case.* 18 Law and Human Behavior 507 (1994).

Vidmar, N. *An Antidote To Anecdotes* (Book review of Frank A. Sloan, et al., SUING FOR MEDICAL MALPRACTICE, 1993) 77 Judicature 330 (1994).

Vidmar, N. *Are Juries Competent to Decide Liability in Tort Cases Involving Scientific/ Medical Issues? Some Data from Medical Malpractice.* 43 Emory Law Journal 885 (1994).

Ellis, R., Ravindra, G., Vidmar, N. and Davis, T. *The Reversal Arbitration Board: An ADR model for resolving intra-corporate disputes.* 93 Journal of Dispute Resolution (1994).

Vidmar, Lee, Cohen, and Stewart. *Damage Awards and Jurors' Responsibility Ascriptions in Medical vs. Automobile Negligence Cases.* 12 Behavioral Sciences and the Law 149 (1994).

Vidmar, N. *The Unfair Criticism of Medical Malpractice Juries.* 76 Judicature 118 (1992). [Reprinted in 27 Trial Lawyers Forum 5 (1993); 42 Trial Talk 5 (1993); 23 Trial Lawyers Quarterly 9 (1993).]

Vidmar, N. *Empirical Evidence on the "Deep Pockets" Hypothesis: Jury awards for pain and suffering in medical malpractice cases.* 43 Duke Law Journal 217 (1993).

Fischer, Vidmar and Ellis. *The "Culture of Battering" and the Role of Mediation in Domestic Violence Cases.* 46 Southern Methodist University Law Review 2117-2174 (1993).

Vidmar, N. and Rice, J. *Assessments of non-economic damage awards in medical negligence: a comparison of jurors with legal professionals.* 78 Iowa Law Review 883 (1993).

Ellis, Ravindra, Vidmar, and Davis. *Toyota's Arbitration Board: A conflict resolution model for intra-corporate disputes.* 11 Alternatives 44 (1993).

Vidmar, N. *Verfahrensgerechtigkeit und Alternative Konfliktbewältigung.* 14 Zeitschrift für Rechts-Soziologie 35-46 (1993).

Vidmar, N. *How Many Words for a Camel? A Perspective on Judicial Evaluation of Social Science Evidence.* Canadian Institute for the Administration of Justice (Ed.), FILTERING AND ANALYZING EVIDENCE IN AN AGE OF DIVERSITY (1993).

Vidmar, N. *Comparative Lessons from the Hong Kong Jury Study.* (Book Review), 2 Asia Pacific Law Review 110 (1993).

Vidmar, N. *Procedural Justice and Alternative Dispute Resolution.* 3 Psychological Science 224 (1992).

Schuller, R. and Vidmar, N. *Battered Woman Syndrome Evidence in the Courtroom: A review of the literature.* 16 Law and Human Behavior 273 (1992).

Kritzer, H., Vidmar, N. and Bogart, W.A. *To Confront or Not to Confront: Measuring claiming rates in discrimination grievances.* 25 Law and Society Review 875 (1991).

Kritzer, H., Bogart, W.A. and Vidmar, N. *The Aftermath of Injury: Cultural factors in compensation seeking in Canada and the United States.* 25 Law and Society Review 499 (1991).

Hans, V. and Vidmar, N. *The American Jury: Twenty-five years later.* 16 Law and Social Inquiry, 401 (1991).

Vidmar, N. and Rice, J. *Jury Determined Settlements And Summary Jury Trials: Observations about ADR in an adversary culture.* 19 Florida State Law Review 89 (1991). (reprinted in E. Wendy Trachte-Huber, & Stephen K. Huber, Mediation and Negotiation: *Reaching Agreement in Law and Business*, LexisNexus, 2007).

Vidmar, N. and van Koppen, P. J. *Gedraqswetenschappelijk bewijs: een overzicht.* In P. J. van Koppen and H. F. M. Crombag (Eds.) DE MENSELIJKE FACTOR: PSYCHOLOGIE VOOR JURISTEN. Gouda Quint BV, Arnhem, Netherlands (1991).

Vidmar, N. *Social Science Evidence and Data.* In G. M. Chayko, E. D. Gulliver and D. V. MacDougall (Eds.) FORENSIC EVIDENCE IN CANADA. Canada Law Book, Aurora, ON, Canada (1991).

Vidmar, N. *Medical Malpractice Juries.* 8 Duke Law Magazine 8 (1991).

Vidmar, N. *The Origins and Consequences of Procedural Fairness* (Book Review and Essay) 15 Law and Social Inquiry. 877-892 (1990).

Bogart, W.A. and Vidmar, N. *Problems and Experience with the Ontario Civil Justice System.* In A. Hutchinson (Ed.) ACCESS TO JUSTICE: BRIDGES AND BARRIERS. Carswell, Toronto, ON, Canada (1990).

Vidmar, N. and Feldthusen, B. *Exemplary Damages in Ontario: An empirical study.* 16 Canadian Business Law Review 262-268 (1990).

Vidmar, N. (Editor/Author) *Is The Jury Competent? Law and Contemporary Problems.* 52 Whole Issue 4 (1989).

Vidmar, N. *The Impact of Statistical Evidence in the Legal System.* In THE EVOLVING ROLE OF STATISTICAL ASSESSMENTS AS EVIDENCE IN THE COURTS. National Research Council, Commission on Behavioral and Social Science and Education. Springer-Verlag, New York, New York (1989).

Vidmar, N. and Shuller, R. *Juries and Expert Evidence: Social Framework Testimony.* 52 Law and Contemporary Problems 133-176 (1989).

Rowe, T. and Vidmar, N. *Empirical Research on Offers of settlement: A preliminary report.* 51 Law and Contemporary Problems 13-39 (1988).

Vidmar, N. *Seeking and Finding Justice: An empirical map of Canadian consumer problems and responses.* 26 Osgoode Hall Law Journal 757-798 (1988).

Vidmar, N. (Ed.) *The Common Law Jury.* 62 Law and Contemporary Problems (1988) [Issue translated into Georgian (2005).]

Vidmar, N. *Assessing the Contributions of Case Characteristics and Settlement Forums on Dispute Outcomes and Compliance.* 21 Law and Society Review 155-164 (1987).

Samuels, J. and Vidmar, N. *Consumer Complaints and the Ontario Business Practices Act: An empirical study.* 24 University of Western Ontario Law Review 83-101 (1987).

Vidmar, N. and Schuller, R. A. I*ndividual Differences and the Pursuit of Legal Rights: A preliminary inquiry.* 11 Law and Human Behavior 299-317 (1987).

Vidmar, N. *The Mediation of Small Claims Disputes: A critical perspective.* In M. Bazerman, R. Lewicki, and B. Sheppard (Eds.), RESEARCH ON NEGOTIATION IN ORGANIZATIONS, VOL. 1. JAI Press, Greenwich, Connecticut (1986).

Vidmar, N. *The Legal System as Social: A review of Lempert and Sanders' "An Invitation to Law and Social Science."* 234 Science 93-94 (1986).

Vidmar, N. and Flaherty, D. *Concern for Personal Privacy in an Electronic Age.* 35 Journal of Communication 91-103 (1985).

Vidmar, N. *An Assessment of Mediation in a Small Claims Court.* 41 Journal of Social Issues 127-144. Also in Earn, B., and Towson, S. (Eds.), READINGS IN SOCIAL PSYCHOLOGY: CLASSIC AND CANADIAN CONTRIBUTIONS. Broadview Press Ltd., Peterborough, Canada (1985).

Vidmar, N. and Melnitzer, J. *Juror Prejudice: An empirical study of a challenge for cause.* 22 Osgoode Hall Law Journal 487-511 (1984).

Vidmar, N. *The Small Claims Court: A reconceptualization of disputes and an empirical investigation.* 18 Law and Society Review 515-550 (1984.)

Vidmar, N. *Social Psychology and the Legal Process.* In Kahn, A. S. (Ed.) SOCIAL PSYCHOLOGY. W. C. Brown and Co., Dubuque, Iowa (1984.)

Vidmar, N. and Short, J. *Social Psychological Dynamics in the Settlement of Small Claims Court Cases.* In D. Muller, D. Blackman, and A. Chapman (Eds.) PERSPECTIVES IN PSYCHOLOGY AND LAW. John Wiley & Sons, London, England (1984).

Vidmar, N. and Laird, N. *Adversary social roles: Their effects on witnesses' communication of evidence and the assessments of adjudicators.* 44 Journal of Personality and Social Psychology 888-898 (1983).

Saunders, D., Vidmar, N. and Hewitt, E. *Eyewitness Testimony and the Discrediting Effect.* In S. Lloyd-Bostock and B. Clifford (Eds.) EVALUATING WITNESS EVIDENCE. John Wiley & Sons, London, England (1982).

Vidmar, N. and Miller, D. T. *Social Psychological Motives Underlying Punishment Reactions.* In H. Hiebsch (Ed.) SOCIAL PSYCHOLOGY: XXII ND INTERNATIONAL CONGRESS OF PSYCHOLOGY 195-202. VEB DeutscherVerlag, Berlin, Germany (1982).

Vidmar, N. *Justice motives and other psychological factors in the development and resolution of disputes.* In M. Lerner and S. Lerner (Eds.) THE JUSTICE MOTIVE IN SOCIAL BEHAVIOR. Plenum, New York, New York (1981).

Miller, D. T. and Vidmar, N. *The Social Psychology of Punishment Reactions.* In M. Lerner and S. Lerner (Eds.) THE JUSTICE MOTIVE IN SOCIAL BEHAVIOR. Plenum, New York, New York (1981).

Vidmar, N. and Judson, J. *The Use of Survey Research in a Change of Venue Motion: A case study.* 59 Canadian Bar Review 76-102 (1981).

Hans, V. and Vidmar, N. *Jury Selection.* In N. Kerr and R. Bray (Eds.) THE PSYCHOLOGY OF THE COURTROOM 39-82. Academic Press, St. Louis, Mossouri (1981).

Vidmar, N. and Dittenhoffer, A. *Canadian Public Opinion and the Death Penalty: The effects of knowledge on attitudes.* 23 Canadian Journal of Criminology 43-56 (1981).

Vidmar, N. *Observations on dispute dynamics and resolution hearing outcomes in a small claims court.* In S. Lloyd-Bostock (Ed.) LAW AND PSYCHOLOGY. Oxford University Centre for Socio-legal Studies Proceedings, Oxford, United Kingdom (1980).

Sheppard, B. and Vidmar, N. *Adversary Pretrial Procedures and Testimonial Evidence: Effects of lawyers' role and Machiavellianism.* 39 Journal of Personality and Social Psychology 320-332 (1980).

Vidmar, N. and Miller, D. T. *Social Psychological Processes Underlying Attitudes Toward Legal Punishment.* 14 Law and Society Review 401-438 (1980).

Vidmar, N. *The Other Issues in Jury Simulation Research: A commentary with particular reference to defendant character studies.* 3 Law and Human Behavior 95-106 (1979).

Vidmar, N. *Social Science and Jury Selection.* In PSYCHOLOGY AND THE LITIGATION PROCESS. Law Society of Upper Canada, Springer, Netherlands (1977).

Vidmar, N. *Choosing, Finding and Evaluating Methods of Obtaining Legal Justice: A review of Thibaut and Walker's Procedural Justice.* 21 Contemporary Psychology 773-774 (1976).

Sarat, A. and Vidmar, N. *Public Opinion, the Death Penalty, and the Eighth Amendment: Testing the Marshall hypothesis.* Wisconsin Law Review 171-206 (1976). [Reprinted in H. Bedau and C. Pierce (Eds.) CAPITAL PUNISHMENT IN THE UNITED STATES. AMS Press, New York, New York (1976); V. Streib (Ed.) A CAPITAL PUNISHMENT ANTHOLOGY. Anderson, Springfield, Illinois (1993).]

14

Berg, K. and Vidmar, N. *Authoritarianism and recall of Evidence About Criminal Behavior.* 9 Journal of Research in Personality 147-157 (1975). [Reprinted in R. Krivoshey (Ed.) READINGS IN TRIAL ADVOCACY AND THE SOCIAL SCIENCES. Garland Publishing, New York, New York (1993).]

Vidmar, N. and Ellsworth, P. *Public opinion and the death penalty.* 26 Stanford Law Review, 1245-1270 (1974). [Reprinted in H. Bedau and C. Pierce (Eds.) CAPITAL PUNISHMENT IN THE UNITED STATES. AMS Press, New York, New York (1976); H. Bedau (Ed.) THE DEATH PENALTY IN AMERICA (3rd Ed.) Oxford, New York, New York (1982).]

Vidmar, N, *Retributive and Utilitarian Motives and Other Correlates of Canadian Attitudes Toward the Death Penalty*. 15 Canadian Psychologist 337-356 (1974).

Sorrentino, R., Vidmar, N. and Goodstadt, M. *Opinion Change in a Crisis: Effects of the 1970 Canadian kidnapping crisis on political and ethnic attitudes*. 6 Canadian Journal of Behavioural Science 199-218 (1974). [Reprinted in W. E. Mann and L. Wheatcroft (Eds.) CANADA; A SOCIOLOGICAL PROFILE. Copp Clark, Toronto, ON, Canada (1976).]

Sorrentino, R. and Vidmar, N, *Research Note: The short-term and long-term effects of a crisis.* 38 Public Opinion Quarterly 271-279 (1974).

Vidmar, N. and Crinklaw, L. *Attributing Responsibility for an Accident: A methodological and conceptual critique.* 6 Canadian Journal of Behavioural Science 113-130 (1974).

Vidmar, N. and Rokeach, M. *Archie Bunker's Bigotry: A study in selective perception and exposure.* 24 Journal of Communication 36-47 (1974). [Reprinted in A. Wells (Ed.) MASS MEDIA AND SOCIETY (1975); C. Wilson (Ed.) MIND OVER MESSAGE (1976); P. Adler (Ed.) ALL IN THE FAMILY: A CRITICAL APPRAISAL (1979).]

Vidmar, N. *Effects of Group Discussion on Category Width Judgments.* 29 Journal of Personality and Social Psychology 187-195 (1974).

Rokeach, M. and Vidmar, N. *Testimony Concerning Possible Jury Bias in a Black Panther Murder Trial.* 3 Journal of Applied Social Psychology 19-29 (1973).

Vidmar, N. *Effects of Decision Alternatives on the Verdicts and Perceptions of Simulated Jurors.* 22 Journal of Personality and Social Psychology 211-218 (1972). [Reprinted in Kaufmann and Solomon (Eds.) READINGS IN SOCIAL PSYCHOLOGY (1973).]

Jackson, D., Hourany, L. and Vidmar, N. *A Four-Dimensional Interpretation of Risk Taking.* 40 Journal of Personality 483-501(1972).

Vidmar, N. and Burdeny, T.C. *Effects of Group Size and Item Type in the "Group Shift" Effect.* 4 Canadian Journal of Behavioral Science 393-407(1971).

Vidmar, N. and Hackman, J.R. *Inter-Laboratory Generalizability of Small Group Research: An experimental study*. 83 Journal of Social Psychology 129-139 (1971).

Vidmar, N. *Effects of Representational Roles and Mediators on Negotiation Effectiveness.* 17 Journal of Personality and Social Psychology 48-58 (1971).

Ferguson, D.A. and Vidmar, N. *Effects of Group Discussion on Estimates of Culturally Appropriate Risk Levels*. 20 Journal of Personality and Social Psychology 436-445 (1971).

Vidmar, N. and McGrath, J. E. *Forces Affecting Success in Negotiation Groups*. 15 Behavioral Science 154-163 (1970).

Vidmar, N. *Group Composition and the Risky Shift.* 6 Journal of Experimental Social Psychology 153-166 (1970).

Hackman, J.R. and Vidmar, N. *Effects of Size and Task Type on Group Performance and Member Reactions*. 33 Sociometry 37-54 (1970). [Reprinted in Ofshe, INTERPERSONAL BEHAVIOR IN SMALL GROUPS. Prentice Hall (1973); Marlowe, BASIC TOPICS IN SOCIAL PSYCHOLOGY. Holbrook Press (1972); Cummings and Scott READINGS IN ORGANIZATIONAL BEHAVIOR AND HUMAN PERFORMANCE (1973); Cathcart, Samovar, and Lustig. SMALL GROUP COMMUNICATION: A READER, 4TH ED. (1978).]

**Papers and Conferences:**

Vidmar, N. Commentator; Vanderbilt Law School, May 6 &7 2013.

Vidmar, N. and Nuzzum, Evaluation of MJS and Ph.D. Judicial Studies and MS degree in Criminal Justice Studies , University of Nevada, Reno. April 22-23 2013.

Vidmar, N. Juries and Expert Evidence: An Empirical Perspective, at  Conference on Expert Forensic Evidence in Criminal Proceedings, Osgoode Hall Law School Professional  Development, Toronto, Canada, October 12, 2012.

Vidmar, N. Commentary on Procedural and Cultural Factors Involving Lay Persons Role in Inquisitorial versus Adversary Legal Systems Conference on the Future of Jury Research, John Jay College of Criminal Justice, New York, NY, September 28th and 29th, 2012.

Vidmar, N. Juries in Ecological Context: Alternative Methods of Investigation. Presentation at Society of Personality and Social Psychology, San Diego, CA. Jan 26, 2012

Vidmar, N. Social Science Applied in Legal Contexts, Department of Psychology ,York University , Canada , January 28, 2011

Vidmar, N. and Holman, M. Legal Malpractice: Ordinary Claims, Mega-payments and Punitive Damages, Presented at the Annual Law & Society Meetings, Chicago, IL , May 25, 2010.

Vidmar, N. Tort Reform  and Medical Malpractice, Congressional Budget Office  Mini-Conference, Washington, D.C.  October 20, 2009.

Vidmar, N.  and Holman ,M.,  Punitive Damages , 2005: Who Asks? Who Gets? How Much? and Why (or Why Not)? Northwestern Law School, Psychology and Law Colloquium October 7, 2009.

Vidmar, N., Holman M and Lee P. , The Medical Malpractice Crisis of 2000: Data from Florida. Presented at the 2009 Annual Meeting of the Law & Society Association , Denver Colorado May 29, 2009.

Vidmar, N.  Jury Selection in the Canadian Context, Criminal Lawyers Association , Toronto, Canada, November 29, 2008.

Vidmar, N.  Panelist on "The Social Costs of Dangerous Products," Conference on Dangerous Products: From Lead Toys to Tainted Drugs,  American University Washington College of Law, Washington, DC Nov 14, 2008.

Vidmar, N. and Hans, V. How Juries Decide Civil Cases, Conference on Successful Strategies for Jury Trials, Thomas Lambert Conference, Suffolk Law School Boston MA, Oct 24, 2008.

Ellis, L. and Vidmar, N. Trial Consultants: What They Can and Cannot Do, Conference on Successful Strategies for Jury Trials, Thomas Lambert Conference, Suffolk Law School Boston MA, Oct 24, 2008.

Vidmar, N. Holman , M . and Lee, P. Trends in Medical Malpractice Litigation: Claims Arising from Surgical Treatment in Outpatient Offices, Conference on Empirical Legal Studies , Cornell Law School, Ithaca , NY , August 12, 2008.

Vidmar, N. Legal Behavior: Free Will, Witnesses and Decision-makers, Workshop on "From Brain to Society," Duke Institute for Brain Sciences , Duke University ,May 7, 2007.

Vidmar, N. The Role of the Jury in Medical Malpractice Litigation, Conference on Shaping the Future of Medical Malpractice: Legal and Ethical Considerations, Temple University School of Law, Philadelphia , PA, February 22, 2008

Vidmar, N and Holman, M. Juries in Asbestos Cases: 2001 and 2006. Conference on Perspectives on Asbestos Litigation, Southwestern University Law School, Los Angeles, CA, January 18, 2008.

Vidmar, N. Jury Guidance following *Philip Morris v. Williams*, presented at conference on "Punitive Damages, Due Process, and Deterrence: The Debate after *Philip Morris v. Williams*, Charleston School of Law, Charleston , SC, September 7, 2007.

Vidmar, N.,  How Juries Decide: Expert Evidence, Presentation to Joint Meeting of the Australian and New Zealand Association of Psychiatry, Psychology and Law;

The Australian and New Zealand Forensic Science Society and the Criminal Lawyers Association of WA, Inc., Perth Australia, June 28, 2007.

Vidmar, N.   Judging the Jury: What We Know and What Might be Done, Lecture to the Biannual Conference of Australian and New Zealand County and District Court Judges Conference, Freemantle, Western Australia , June 27, 2007.

Vidmar, N. Judging the Jury. Presentation to Supreme Court Judges of Western Australia, Perth,Australia, June 26, 2007.

Vidmar, N. Participant, Conventions in Science and the Law, Coronado Conference IV, Mt. Washington Resort, Bretton Woods, NH, May 3-4, 2007.

Vidmar, N., Discussant, Symposium on Genuine Tort Reform, Papitto School of Law, Roger Williams University, Bristol Rhode Island, April 20, 2007.

Vidmar, N., Theory, Data , and Ecological Validity, Conference on Law and Mind Sciences, Harvard Law School, Cambridge ,MA, March 10, 2007.

Vidmar, N., Juries and Punitive Damages, presentation to the AEI-Brookings First Annual Judicial Symposium on Civil Justice Issues , Washington DC, Georgetown Law School , December 7, 2006.

MacKillop, K. and Vidmar, N., Legal Malpractice: A Preliminary Inquiry, presented at First Annual Conference on Empirical Legal Studies, U. of Texas School of Law , Austin TX, Oct 27-28, 2006.

Vidmar, N., Discussant on  Avraham and Schanzenbach,Tort Reform and Private Health Insurance Coverage, at First Annual Conference on Empirical Legal Studies , U. of Texas School of Law , Austin TX, Oct 27-28, 2006.

Vidmar, N.  Participant, Panel on *Philip Morris v. Williams*  sponsored by American Constitution Society at National Press Club, Washington , D.C. October 24, 2006

Vidmar, N. Participant, Citizen Participation in East Asian Legal Systems, Cornell Law School, Ithaca , N.Y., Sept 21-22, 2006.

Vidmar, N. Testimony before The Senate Committee on Health, Education, Labor and Pensions; Hearing on Medical Liability: *New Ideas for Making the System Work Better for Patients.* Washington, DC, June 22, 2006.

Vidmar, N. Participant, Conference: *Truth and Advocacy: The Quality and Nature of Regulation and Regulatory Science.* Coronado Conference III, San Diego, March 9-10, 2006.

Vidmar, N. Comments on *Duncan v. Louisiana.* Conference on Criminal Procedure Stories, Harvard Law School, April 21-22, 2006.

Vidmar, N. Participant, Conference: *Medical Malpractice: Has the Research Helped or Hindered Our Search for Solutions?* Invitational meeting sponsored by Robert Wood Johnson Foundation, Washington , DC, May 3, 2006.

Vidmar, N. Presented:  *Civil Juries in Ecological Context: Methodological Implications for Research.* Conference on Civil Juries and Civil Justice, University of Nebraska, Lincoln, May 15-17, 2006.

Vidmar, N. Presented:  *Medical Malpractice Litigation in Pennsylvania.* Pennsylvania Bar Association, May 2006

Vidmar, N. Presented: *The Promise and Perils of Archival Data for Tort Reform Research.* Annual Meeting of the Association of American Law Schools. Washington, DC, January 5, 2006.

Vidmar, Lee and MacKillop, Presented: *Million Dollar Medical Malpractice Cases in Florida: Post-Verdict Adjustments and Pre-Suit Settlements.* Conference on Medical Malpractice, Vanderbilt Law School. Nashville, Tennessee, October 21, 2005.

Vidmar, N. Presented: *Jury Reforms and Jury Performance.* Annual Conference of the American Judges Association, Anchorage, Alaska September 20, 2005.

Vidmar, N. Presented: *A Transnational Perspective on Pretrial Prejudice.* Conference on Psychology and Law, Law and Psychology Colloquium, Faculty of Law, University of London. London, England, July 14-15, 2005.

Vidmar, N. Responses to Session: *A Ten-year Perspective on Vidmar Medical Malpractice and the American Jury (1995).* Annual Law and Society Meeting. Las Vegas, Nevada, June 3, 2005.

Vidmar, N. Presented: *Medical Malpractice and the Tort System in Illinois.* Annual Law and Society Meetings, Las Vegas, Nevada, June 3, 2005.

Vidmar, N. Testimony: *Research on Medical Malpractice Litigation in the United States and Tort Reform.* Before the Committee on the Judiciary of the Connecticut General Assembly. Hartford, Connecticut, April 8, 2005.

Vidmar, N. Testimony: *Medical Malpractice Litigation and Tort Reform: The Tort System and the Missing Discussion of Negligently Injured Patients.* Before the Maryland Senate Special Commission on Medical Malpractice Liability Insurance Briefing. Annapolis, Maryland, October 27, 2004.

Vidmar, N. Presented: *Medical Malpractice Litigation: Doctors, Lawyers, Patients and Insurers.* Conference on Access to Justice: Can Business Co-exist with the Civil Justice System? Loyola, Law School. Los Angeles, California, October 1-2, 2004.

Vidmar, N. Presented: S*equestered Science: The Consequences of Undisclosed Knowledge.* Coronado Conference 2, Project on Scientific Knowledge and Public Policy. New York, New York, October 14-15, 2004.

Vidmar, N. Presented: *Medical Malpractice Litigation: An Empirical Rather than Anecdotal Perspective.* Maryland State Bar Association Annual Meeting. Ocean City, Maryland, June 17, 2004.

Vidmar, N. Presented: *Potential Jury Prejudice: A Cross-National Perspective.* Colloquium, School of Psychology, University of New South Wales. Sydney, Australia, May 5, 2004.

Vidmar, N. Presented: *Coffee Spill at McDonalds: The American Civil Jury for Foreigners.* Colloquium, Department of Law, University of New South Wales. Sydney, Australia, May 25, 2004.

Vidmar, Lee and McGwin, Presented: *Seeking the "Invisible" Profile of Medical Malpractice Litigation: Insights from Florida.* Tenth Annual Clifford Symposium: "Starting Over? Redesigning the Medical Malpractice System," DePaul University School of Law. Chicago, Illinois, April 15-16, 2004.

Vidmar, N. Presented: *Experimental Simulations and Tort Reform: Avoidance, Error and Over-reaching in Sunstein et al.'s Punitive Damages (2002).* 2004 Randolph W. Thrower Annual Symposium: The Future of Tort Reform: Reforming the Remedy, Re-balancing the Scales, Emory Law School. Atlanta, Georgia, February 19, 2004.

Vidmar, N. Presented: *Potential Jury Prejudice in Criminal (and Civil) Litigation.* 19th Annual Criminal Law Update Seminar of the South Carolina Bar, Charleston , South Carolina, January 23, 2004.

Vidmar, N. Testimony: *Tort reform and medical malpractice.* North Carolina House Blue Ribbon Task Force on Medical Malpractice. Raleigh, North Carolina, January 7, 2004.

Vidmar, N. Presented. *Research meeting on Implications of Daubert in Practice.* Sponsored by Tellus Institute. Washington, DC November 20, 2003.

Vidmar, N. Participant/commentator, *Conference on Jury Ethics: Juror Conduct and Jury Dynamics.* John Jay College of Criminal Justice. New York, New York, September 12–13, 2003.

Vidmar, N. Panelist, (with Steve Penrod) *Sources of Variability in the Relations between Pre-trial Publicity and Pre-trial Bias.* International Interdisciplinary Conference on Psychology and Law. Edinburgh, Scotland, July 7-12, 2003.

Vidmar, N. Panelist. *Application of Jury Research: A Debate on the Selection of Research Questions and Methods.* International Interdisciplinary Conference on Psychology and Law. Edinburgh, Scotland, July 7-12, 2003.

Vidmar, N. Presented: *Medical Malpractice Litigation in North Carolina.* North Carolina Senate Select Committee on Insurance and Civil Justice. Raleigh, North Carolina, May 13, 2003.

Vidmar, N. Expert Evidence: *The Adversary System and the Jury.* The Coronado Conference on Scientific Evidence and Public Policy. San Diego, California, March 13-14, 2003.

Vidmar and Brown, Presented: *Tort Reform and the Medical Malpractice Crisis in Mississippi: Diagnosing the Disease and Prescribing a Remedy.* Symposium on Tort Reform, Mississippi College of Law. Jackson, Mississippi, November 15, 2002.

Vidmar, N. Presented: *Medical Malpractice and the Tort System.* Governor's Select Task Force on Healthcare Professional Liability Insurance, University of Miami Medical Center. Miami, Florida. November 4, 2002.

Vidmar, N. Panelist: *Something New Under the Sun: Innovations in Civil Jury Trials.* Annual Meeting of the American Bar Association. Washington, DC August 11, 2002.

Vidmar, N. Organizer/Panelist: *Studying Real Juries — The Arizona Civil Jury Videotaping Project.* Annual Law and Society Association Meetings. Vancouver, BC, Canada, May 30-June 1, 2002.

Vidmar, N. Organizer/Panelist: *Jury Trials in Inuit and Other Aboriginal Communities: Conversations with a Canadian Judge.* Annual Law and Society Association Meetings. Vancouver, BC, Canada, May 30-June1 2002.

Vidmar, N. Organizer/Panelist: *The Arizona Jury Project.* Presented at the American Psychology and Law Society Bi-Annual Meeting. Austin, Texas, March 9, 2002.

Vidmar, N. Panelist: *Symposium on the Criminal Jury.* St. Louis University School of Law. St. Louis, Missouri, February 8, 2002.

Vidmar, N. Participant: *Juries, Judges and Civil Justice.* Roscoe Pound Institute's 2001 Forum for State Court Judges. Montreal, QC, Canada, July 14, 2001.

Vidmar, N. Presented: *Lay Participation in the Administration of Justice in the Commonwealth of Nations.* Law and Society Association Meetings. Budapest, Hungary, July 5, 2001.

Vidmar, N. Keynote Speaker: *Pre-trial and Mid-trial Prejudice.* American Society of Trial Consultants. Williamsburg, Virginia, June 2, 2001.

Vidmar and Rose, Participants: *Punitive Damages: In Terrorrum and In Reality.* Conference: Reforming Punitive Damages. Harvard Law School. Cambridge, Massachusetts, March 13, 2001.

Diamond and Vidmar, Participants. *Jury Room Ruminations on Missing Evidence.* Conference on New Perspectives on Evidence. University of Virginia School of Law. Charlottesville, Virginia, February 23-24, 2001.

Vidmar, N. Lecture: *World Jury Systems.* Jury Summit 2001 conference sponsored by New York State Unified Court System and National Center for State Courts, New York, New York, January 31-February 3, 2001.

Vidmar, N. Presentation: *Problems of Jury Bias, Jury Selection, Jury Competence: A Cross-National Perspective.* New Zealand Ministry of Justice. Wellington, New Zealand, November 22, 2000.

Vidmar, N. Presentation: *Problems of Jury Bias, Jury Selection, Jury Competence: A Cross-National Perspective.* Victoria University of Wellington. Wellington, New Zealand, November 21, 2000.

Vidmar, N. Presentation: *Problems of Jury Bias, Jury Selection, Jury Competence: A Cross-National Perspective.* University of Auckland School of Law and New Zealand Legal Research Foundation. Auckland, New Zealand, November 7, 2000.

Vidmar and Diamond, Participants: *Juries and Expert Evidence.* The Jury in the Twenty-first Century: An Interdisciplinary Conference. Brooklyn Law School. Brooklyn, New York, October 6, 2000.

Vidmar, N. Participant: *Assessing Civil Jury Reforms in Arizona.* Annual Conference of Chief Justices of State Supreme Courts and State Supreme Court Administrators. Rapid City, South Dakota, July 31, 2000.

Vidmar, N. Participant: *Performance of the American Civil Jury.* Bench Bar Conference of the Supreme Court of Delaware. Wilmington, Delaware, June 7, 2000.

Vidmar, N. and Mary Rose. Participants: *Product Liability Awards and Post-Verdict Adjustment of Those Awards.* Law and Society Association, Miami Beach, Florida, May 28, 2000.

Joseph Sanders, Shari Diamond and Neil Vidmar, Participants: *Trial Lawyers' Perceptions of Science.* Law and Society Association. Miami Beach, Florida, May 28, 2000.

Vidmar, N. Presented: *Judging Social Science.* Judging Science Program, Duke University. Durham, North Carolina, May 25, 2000.

Vidmar and Diamond, Presented: *Preliminary findings of the Pima County civil jury project,* Continuing Legal Education Course, Tucson, Arizona, April 24, 2000.

Vidmar, N. Presented: *The "Scandalized" American jury.* Grant Sawyer Center for Justice Studies. Reno, Nevada, April 20, 2000.

Vidmar, N. Presented: *Jury systems around the world: a comparative perspective.* Grant Sawyer Center for Justice Studies, Reno, Nevada, April 20, 2000.

Vidmar, N. Presented: *Procedural Justice and Pro Se Claimants in Dalkon Shield Trust Resolution Hearings.*

Vidmar, N. Presented: *Retribution in Law and Life.* Colloquium, University of California Law School. Los Angeles, California, December 3, 1999.

Vidmar, N. Instructor: *The Performance and functioning of juries in medical malpractice cases.* ALI and ABA Course: Litigating Medical Malpractice Claims. San Francisco, California, November 11-13, 1999.

Vidmar, N. Lecture: *Evaluating scientific expert evidence.* Invited lecture, Supreme Court of British Columbia Education Seminar. Vancouver, BC Canada, November 5, 1999. Also posted on the Judicial Affairs Information Network (JAIN) and Provincial Judges Net (PJPNet)].

Vidmar, N. Presented: *Witnesses in Adversary versus Inquisitorial modes of criminal procedure.* International Conference on Psychology and Law. Dublin, Ireland, July 6-9, 1999.

Vidmar, N. Panel Chair: *Designating evidence as science, technical or specialized knowledge.* International Conference on Psychology and Law. Dublin, Ireland, July 6-9, 1999.

Vidmar, N. Presented: *Civil jury verdicts v. judgments and other post-verdict adjustments.* International Conference on Psychology and Law. Dublin, Ireland July 6-9, 1999.

Vidmar, N. Presented: *The Canadian Jury System: Attempting to Balance Conflicting Goals and Seek Legitimacy in a Complicated World.* Lay Participation in the Criminal Trial in the 21st Century Conference, International Institute of Higher Studies in Criminal Sciences. Siricusa, Italy, May 26-29, 1999.

Vidmar, N. Presented: *Expert Evidence and the Jury: An Overview.* National Conference on Science and Law, Sponsored by National Institute of Justice and other institutions. San Diego, California, April 15-16, 1999.

Vidmar, N. Lecture: *Roberta Williams Lecture.* Psychology and Law Program. University of Nebraska. Lincoln, Nebraska, March 8, 1999.

Vidmar, N. Presented: *Pretrial Prejudice: A Comparative Perspective on Common Law Jury Systems.* School of Law, University of Nebraska. Lincoln, Nebraska, March 8, 1999.

Vidmar, N. Panelist: *Research Examining Scientific Evidence: Daubert and Beyond.* Annual Meeting, Law and Society Association. Aspen, Colorado, June 4-7, 1998.

Vidmar, N. Panelist: *Lay Participation in Courts.* Annual Meeting, Law and Society Association. Aspen, Colorado, June 4-7, 1998.

Vidmar, N. Workshop Participant: *Teaching Judges About Science.* Planning Conference, National Judicial College. Reno, Nevada. April 7-8, 1998.

Vidmar, N. Presented: *The Performance of the American Civil Jury: An Empirical Perspective.* Courts on Trial Conference, University of Arizona College of Law. Tucson, Arizona, April 17-18, 1998.

Vidmar, Gross and Rose, Presented: *Jury Awards in Medical Malpractice: A profile of Awards, Proportions for General Damages, and Post-Verdict Adjustments.* Fourth Annual Clifford Symposium on Tort Law and Public Policy, DePaul University College of Law. Chicago, Illinois, April 3-4, 1998.

Vidmar, N. Presented: *Peremptory Challenges.* Jury Reform: Making Juries Work Symposium, University of Michigan Journal of Law Reform. Ann Arbor, Michigan, March 20-21, 1998.

Vidmar, N. Presented: *Retribution, Revenge and Aggression.* Annual Meeting of the Law and Society Association. St. Louis, Missouri, May 29, 1997.

Vidmar, N. *Gaps, Maps, Socio-legal Scholarship and the Tort Reform Debate: Medical Malpractice Litigation.* Social Science, Legal Scholarship and the Law: A Symposium in Honor of Stanton Wheeler, Yale Law School. New Haven, Connecticut, April 11-12, 1997.

Vidmar, N. Response to keynote address and panelist: *Arbiters or Arbitrary? Redefining the Role of the Jury.* Cornell Journal of Law and Public Policy Symposium, Cornell Law School. Ithaca, New York, March 7-8, 1997.

Vidmar, N. Presented: *Medical malpractice, frivolous litigation, jury verdicts, and settlement.* Georgetown University Law Center. Washington, DC, February 5, 1997.

Vidmar, N. Presented: *Empirical research on the Jury.* Improving Jury Selection and Juror Comprehension Workshop, Co-sponsored by the Federal Judicial Center and the NYU Institute of Judicial Administration. New York University School of Law. New York, New York, December 11-13, 1996.

Vidmar, N. Presented: *A comparative perspective on the Canadian criminal jury.* Law and Society Association Annual Meeting. Glasgow, Scotland, July 13, 1996.

Vidmar, N. Presented: *Claims about medical malpractice in Illinois' tort reform amendments (1995): a reality check.* Law and Society Association Annual Meeting. Glasgow, Scotland, July 11, 1996.

Vidmar, N. Presented: *Generic prejudice and the presumption of guilt in sex abuse trials: some data from Canada.* Law and Society Association Annual Meeting. Glasgow, Scotland, July 10, 1996.

Vidmar, N. Presented: *Understanding Social Science Evidence.* Nova Scotia Judicial Education Seminar of the National Judicial Institute. Halifax, NS, Canada, June 6, 1996.

Vidmar, N. Presented: *Survey Evidence.* Judging Science Workshop, Duke Law School. Durham, North Carolina, May 24, 1996.

Vidmar, N. Presented: *Survey Evidence.* Judging Science Conference, Texas Center for the State Judiciary. Dallas, Texas, May 16, 1996.

Vidmar, N. Moderator/Participant: *Planning meeting on terrorism, hate crime, and anti-governmental violence.* Committee on Law and Justice: National Academy of Sciences and National Research Council. Washington, DC, March 20, 1996.

Vidmar, N. Presented: *Symposium on Empirical Research on the Tort System.* National Press Club; at U.S. Capitol briefing of legislative aids. Washington, DC, March 12, 1996.

Vidmar, N. Participant: *Forum: Juries, Justice and the Media - After O. J.* Annenberg Washington Program. Washington, DC, January 23, 1996.

Vidmar, N. Presented: *Empirical Research on Juries: A Very Critical Perspective.* "The Role of the Jury in a Democratic Society Conference, Georgetown University Law Center. Washington, DC, October 28, 1995.

Vidmar, N. Presented: *Medical Malpractice Litigation,"* Conference on Consumers in the Civil Justice System, Suffolk University Law School. Boston, Massachusetts, October 20, 1995.

Vidmar, N. Participant: *Planning Conference on Scientific Experts.* Duke University, Private Adjudication Center. Durham, North Carolina, September 15-16, 1995.

Vidmar, N. Presented: *Six versus Twelve and All versus Some: Considerations in Changes to The Jury System.* Commission for the Future of Justice and the Courts in North Carolina, Pinehurst, North Carolina, September 14, 1995.

Vidmar, N. Faculty Presentation: *Judging Psychological Predictions.* The Intensive Study Program, 1995 of the National Judicial Institute. Cornwall, ON, Canada, May 9, 1995.

Vidmar, N. Testimony: *Common Product and Legal Reform Act of 1995.* Hearing on the Costs of the Legal System, Subcommittee on Administrative Oversight and the Courts of the Committee of the Judiciary, United States Senate. Washington, DC, May 2, 1995.

Vidmar, N. Presented: *Medical Malpractice and The American Jury.* Colloquium, DePaul University School of Law. Chicago, Illinois, March 15, 1995.

Vidmar, N. Panelist: *Jury Selection in the Post-Parks era.* Criminal Lawyers Association of Ontario, Canada. Toronto, ON, Canada, November11-13, 1994.

Vidmar, N. Panelist: *Law, State and Society in India.* Symposium, North Carolina State University. Raleigh, North Carolina, October 29-30, 1994.

Vidmar, N. Participant: *Medical Malpractice Juries and the Tort Reform Debate.* Colloquium, Department of Psychology and the Woodrow Wilson School of Public and International Affairs, Princeton University. Princeton, New Jersey, September 16, 1994.

Vidmar and Landau, Presented: *How do juries and legal professionals treat corporate and individual defendants?* Law and Society Association. Phoenix, Arizona, June 15-19, 1994.

Vidmar, N. Panelist: *Gender, Voice and Legal Consciousness.* Law and Society Association. Phoenix Arizona, June 15-19. 1994.

Vidmar, N. Lecturer: *Judging Psychological Predictions.* National Judicial Institute, Canada: Intensive Study Program. Cornwall, ON, Canada, May 9, 1994.

Vidmar, N. Panelist: *Cross-examining the Sex Abuse Expert.* Criminal Lawyers Association, Ontario. Toronto, ON, Canada, April 9, 1994.

Vidmar, N. Organizer and Presented: *Are They Competent? New Research on Major Issues Involving Contemporary Criminal and Civil Juries.* American Psychology and Law Association Symposium. Santa Fe, New Mexico, March 10-12, 1994.

Vidmar, N. Panelist: *The Impact of Science and Technology on the Courts.* Emory University Law School. Atlanta, Georgia, February 24, 1994.

Vidmar, N. Panelist: *Human Memory and Sex Abuse Cases: The Misuse and Abuse of Science.* Criminal Lawyers Associations Conference. Toronto, ON, Canada, November 5-7, 1993.

Vidmar, N. Presented: *How Many Words for a Camel? A Commentary on Judicial Evaluation of Social Science Evidence.* Canadian Institute for the Administration of Justice Conference: Filtering and Analyzing Evidence in an Age of Diversity. Vancouver, ON, Canada, October 13-16, 1993.

Vidmar, N. Participant: *Broadening the Tort Liability Debate: Toward a Research Agenda.* Conference sponsored by NSF and Rand Corporation: Santa Monica, California, October 10-12, 1993.

Vidmar, N. Presented: *Juries and The "Deep Pockets" Hypothesis in Medical Malpractice.* Annual Meeting of the Law and Society Association. Chicago, Illinois May 26-30, 1993.

Fischer, Vidmar, and Ellis, Presented *The Culture of Battering and the Role of Mediation in Domestic Violence Cases.* Annual Meeting of the Law and Society Association. Chicago, Illinois, May 26-30, 1993.

Vidmar, N. Faculty Presentation: *Juries and Alternative Dispute Resolution in Medical Malpractice.* Fourth Annual Risk Management Symposium, East Carolina School of Medicine. Greenville, North Carolina, March 17, 1993.

Vidmar, N. Round Table Participant: *The Courtroom and Public Culture,* Duke University Department of History. Durham, North Carolina, November 13-14, 1992.

Vidmar, N. Lecturer: *Juries and Medical Negligence.* University of North Carolina School of Law. Chapel Hill, North Carolina, November 12, 1992.

Vidmar, N., Bogart, W.A. and Kritzer, H. Presented: *Complaining and Compensation Seeking in Three Modern Cultures.* International Congress of Psychology. Brussels, Belgium, July 20, 1992.

Vidmar, N. Presented: *Procedural Justice and Alternative Dispute Resolution.* Conference on Procedural Justice, International Institute for the Sociology of Law. Onati, Spain, June 8-11, 1992.

Vidmar, N. Round Table Discussion Participant: *Methodological Approaches to Jury Research.* Law and Society Association. Philadelphia, Pennsylvania, May 30, 1992.

Vidmar, N., Rice, J. and Ellis, R. Presented: *Jury Determined Settlements and Alternative Dispute Resolution.* Law and Society Association Meeting. Philadelphia, Pennsylvania, May 29, 1992.

Vidmar, N. Faculty Member: Second Annual Conference on Resolving Commercial Disputes Without Trial, School of Law, University of Texas at Austin. Houston, Texas, March 28-29, 1992.

Vidmar, N. Presented: *Medical malpractice litigation: Jury awards for non-economic damages.* American Psychology-Law Society Biennial Meeting. San Diego, California, March 1992.

Ogloff, J.R. P., Vidmar, N. and Green, J.D. Presented: *The impact of pretrial publicity on jurors: a study to compare the relative effect of print and video pretrial publicity.* American Psychology-Law Society Biennial Meeting. San Diego, California, March 1992.

Kritzer, H., Vidmar, N., Bogart, W. and Zahorik, K. Presented: *Legal Mobilization in Canada and the United States: Consumer Problems in North America.* Presented at the Midwest Political Science Association. Chicago, Illinois, April 18-20, 1991.

Rice, J. A. and Vidmar, N. Presented: *Assessing Non-economic Damages: Lawyers versus Laypersons.* Annual Law and Society Meeting. Amsterdam, Netherlands, June 26-29, 1991.

Kritzer, A., Vidmar, N. and Bogart, W. Presented: *Context, Context, Context: Claiming Behavior in Two Countries.* Annual Law and Society Meeting. Amsterdam, Netherlands, June 26-29, 1991.

Vidmar, N. Participant: *Towards a Research Agenda for the 1990's and Beyond.* Conference on Civil Discovery, Federal Judicial Center. Washington, DC, September 20, 1991.

Kritzer, H., Vidmar, N. and Bogart, W.A. Presented: *The genesis of discrimination litigation: Comparing Canada and the United States.* Southern Political Science Association. Atlanta, Georgia, November 8-10, 1990.

Vidmar, N. Panelist: *The Use of Psychology in the Teaching of Trial Advocacy.* ABA Conference on Trial Advocacy Training in the '90s. Chicago, Illinois, October 26-27, 1990.

Bogart, W.A. and Vidmar, N. Presented: *Independent Paralegals in Ontario.* Annual Law and Society Meeting. Berkeley, California, June 1990.

Kritzer, H., Bogart, W.A. and Vidmar, N. Presented: *The Aftermath of Injury: Compensation Seeking in Canada and the United States.* Annual Law and Society Association Meeting. Berkeley, California, June 1990.

Vidmar, N. Panelist: *Empirical Research on Juries.* Ad Hoc Committee of the National Science Foundation. Washington, DC, May 12, 1990.

Vidmar, N. Panelist: *Juries and Pre-Trial Prejudices.* Northwestern University, Annenberg Washington Conference on Juries and Prejudice. Washington, DC May 11, 1990.

Vidmar, N. Presented: *An Update on the Jury.* Judicial Administration Program, University of Nevada-Reno. Reno, Nevada, January 18, 1990.

Vidmar, N. Presented: *An Empirical Profile of Punitive Damages in Ontario.* International Symposium on Remedies, University of Windsor Law School. Windsor, ON, Canada, October 1989.

Vidmar, N. Presented: *The Role of the Jury in Medical Malpractice Cases in North Carolina.* Conference on Medical Malpractice, Duke University. Durham, North Carolina, September 15, 1989.

Vidmar, N. and Donnelly, L. Presented: *Implementation of the North Carolina Pre-Trial Management Statute.* Conference on Medical Malpractice, Duke University. Durham, North Carolina, September 15, 1989.

Metzloff, T. and Vidmar, N. Presented: *The Dynamics of Litigation Settlement in Medical Malpractice.* Annual Law and Society Meeting. Madison, Wisconsin, June 9, 1989.

Vidmar, N. Presented: *Claim Making and Outcomes in Ontario.* Annual Law and Society Meeting. Madison, Wisconsin, June 9, 1989.

Vidmar, N. Presented: *An Empirical Perspective on Procedure in Medical Malpractice Cases.* Kellog Center for Dispute Resolution and Program on Social Science and Law, Northwestern University. Evanston, Illinois, May 5, 1989.

Vidmar, N. Presented: *Integrating Social Science.* Transforming the Law School Curriculum Conference, Osgoode Hall Law School. Toronto, ON, Canada, April 6, 1989.

Vidmar, N. Panelist: *Can They Prosper in Law School?* Can Social Scientists Survive in Law School? Panel, Social Science and Law Section, Association of American Law Schools. New Orleans, Louisiana, January 7-9, 1989.

Vidmar, N. and Bogart, W. A. Presented: *Access to Justice in Canada.* Institute for Legal Studies, University of Wisconsin. Madison, Wisconsin, December 2, 1988.

Bogart, W.A. and Vidmar, N. Presented: *Problems and Experience with the Ontario Civil Justice System.* Ontario Ministry of the Attorney General, Conference on Access to Justice, Toronto, June 20-22, 1988.

Vidmar, N. Invited Speaker: *Jury Decision-making.* Cleveland-Marshall College of Law. Cleveland, Ohio, November 2, 1987.

Vidmar, N. Conference Consultant: *Legal Education and Work in a Changing Society.* University of Windsor Law School. Windsor, ON, Canada, September 9, 1987.

Schuller, R. and Vidmar, N. Presented: *Determinants of Procedural Choice.* Annual Meeting, Canadian Psychological Association. Vancouver, BC, Canada June 18-21, 1987.

Vidmar, N. and Schuller, R. Presented: *Individual differences and the pursuit of legal rights: A preliminary inquiry.* Law and Society Association Meeting. Washington, DC, June 11, 1987.

Vidmar, N. Presented: *On libel and civil juries.* Law and Society Association Meeting,  June 10-14, 1987.

Vidmar, N. Presented: *Conceptualizing the data problem in medical malpractice cases.* Developing Information Bases for Medical Malpractice Claims Studies Conference, Duke University. Durham, North Carolina, May 29, 1987.

Vidmar, N. Presented: *Understanding dispute resolution: An empirical approach to problems of law.* Theoria Seminar of Windsor Law School, Windsor, ON, Canada, April, 1987.

Vidmar, N. Presentation: *Social science and juries in Canada.* Canadian Criminal Lawyers' Association, Toronto, ON, Canada, November 1986.

Vidmar, N. Presented: *A critique of "scientific jury selection."* Litigation Section of the American Bar Association,  October, 1986.

Vidmar, N. Presented: *Claims Consciousness: Individual Differences in the Pursuit of Justice.* Law and Society Association Meeting. Chicago, Illinois, May 28-June 1, 1986.

Vidmar, N. Presented: *Jury Experts: A Critical Perspective.* Association of American Law Schools. New Orleans, Louisiana, January 6, 1986.

Vidmar, N. Invited Panelist: *Future directions of procedural justice research.* Procedural Justice Symposium, Law and Society Association. San Diego, California, June 6, 1985.

Vidmar, N. and Samuels, J. Presented: *Unfair trade practices legislation: A study of compliance, administrative response, and impact.* Law and Society Association, San Diego, California, June 6, 1985.

Vidmar, N. Presented: *An empirical map of minor dispute behavior in Canada.* Canadian Law and Society Association, Montreal, QC, Canada, May 31, 1985.

Samuels, J. and Vidmar, N. Presented: *Unfair trade practices legislation: A study of impact.* Canadian Law and Society Association, Montreal, QC, Canada, May 31, 1985.

Vidmar, N. Presented: *Mediation of small claims disputes.* Conference on Negotiation in Organizations, Duke University. Durham, North Carolina, March 21, 1985.

Vidmar, N. Presented: *Dispute resolution in a small claims court.* University of Waterloo. Waterloo, ON, Canada, November 1984.

Saunders, D. and Vidmar, N. Presented: *Liability insurance, judicial admonitions, and the verdicts of mock juries.* Canadian Psychological Association Meeting. Ottawa, ON, Canada, June 1, 1984.

Vidmar, N. Presented: *Assessing household problems, claims and disputes: A Canadian survey.* Law and Society Association Meeting. Boston, Massachusetts, June 1984.

Vidmar, N. Presented: *Some myths about the small claims court.* Department of Psychology, York University. Toronto, ON, Canada, April 1984.

Vidmar, N. Presented: *The expert witness in court.* Symposium on the Expert Witness, London Psychiatric Hospital. London, ON, Canada November 1983.

Vidmar, N. Invited Lecturer: *Myth and reality about "everyman's court": An empirical investigation of the small claims process.* American Psychology-Law Society. Chicago, Illinois, October 6, 1983.

Vidmar, N. Presented: *Recent developments in our understanding of the disputing process.* Psychology-Law Research Center, St. Louis University. St. Louis, Missouri, June 1983.

Vidmar, N. Presented: *Consumers avoid it; defendants lose--and other myths about the small claims court.* Law and Society Association Meeting. Denver, Colorado, June 2-5, 1983.

Vidmar, N. Presented: *Jury selection: Two Canadian cases.* Department of Psychology, University of Windsor, Windsor, ON, Canada, March 1983.

Vidmar, N. Presented: *Jury selection: Two Canadian cases.* Institute for Criminology, University of Toronto. Toronto, ON, Canada, February 1, 1983.

Vidmar, N. Presented: *Jury selection: Two Canadian cases.* Department of Psychology, University of Guelph. Guelph, ON, Canada, January 1983.

Vidmar, N. and Short, J. Presented: *Changes in disputant motives and perceptions in a Canadian small claims court.* International Congress on Psychology and Law. Swansea, Wales, July 19-23, 1982.

Vidmar, N. and Short, J. Presented: *Social psychological aspects of the small claims resolution.* International Conference on Psychology and Law, Swansea, Wales, July 1982.

Vidmar, N. Presented: *Dispute resolution in a small claims court.* Law and Society Association. Toronto, ON, Canada, June 1982.

Vidmar, N. Presented: *Alternatives to judges: Referees in a small claims court.* Canadian Psychological Association Symposium. Montreal, QC, Canada, June 11, 1982.

Vidmar, N. Presented: *A research perspective on evaluation of community mediation.* Institute of Public Affairs, Dalhousie University. Halifax, NS, Canada, June 10, 1982.

Vidmar, N. Presented: *A limited defense of simulation research.* American Psychology-Law Association Meeting. Boston, Massachusetts, October 16, 1981.

Vidmar, N. Presented: *Jury selection in Canada.* American Psychology-Law Association Meetings. Boston, Massachusetts, October 15, 1981.

Saunders, D., Hewitt, E. and Vidmar, N. Presented: *Discredited eyewitness testimony, judicial instructions, and juror decisions.* Canadian Psychological Association. Toronto, ON, Canada, June 1981.

Sheppard, B. and Vidmar, N. Presented: *Comparative procedure: A psychological perspective.* Law and Society Association Meetings, Amherst, Massachusetts, June 1981.

Saunders, D. and Vidmar, N. Presented: *Discredited eyewitness testimony and mock jury deliberations.* Midwestern Psychological Association. Detroit, Michigan, May 1981.

Sheppard, B. and Vidmar, N. Presented: *A taxonomy of procedure.* Annual Law and Psychology Conference, Centre for Socio-legal Studies, Oxford University. Oxford, England, April 1981.

Vidmar, N. Presented: *Legal applications of survey research in the U.S. and Canada.* Law Seminar, University of Osnabruck. Osnabruck, West Germany, July 11, 1980.

Vidmar, N. and Miller, D. T. Presenters: *Social psychological motives underlying punishment reactions.* XXII International Congress of Psychology. Leipzig, East Germany, July 9, 1980.

Vidmar, N. Presented: *Social psychological considerations in the development and resolution of small claims disputes.* SSRC Law and Psychology Seminar, Oxford University. Oxford, England, March 25-26, 1980.

Vidmar, N. Presented: *The transformation of disputes in a small claims court.* Law and Society Association.  May 11, 1979.

Vidmar, N. Presented: *Creating access: Alternative dispute forums, conflict, and justice.* American Psychological Association Symposium "How the law affects us: Entrapping problems and liberating possibilities." Toronto, ON, Canada, August 28, 1978.

Vidmar, N. Presented: *Effects of adversary versus non-adversary investigative procedures on testimonial evidence.* Law and Society Association, Minneapolis, Minnesota, May 19, 1978.

Vidmar, N. Chair: *The role of psychology in the criminal justice system*. Law and Society Association Symposium. Minneapolis, Minnesota, May 18, 1978.

Vidmar, N. Presented: *Outcome, offense type, and retribution as factors in punishment reactions.* Eastern Psychological Association, Washington, DC, April 30, 1978.

Vidmar, N. Presented: *Effects of degree of harm and retribution motives on punishment reactions.* Canadian Psychological Association. Vancouver, BC, Canada, June 8, 1977.

Vidmar, N. Testimony: *Medical Malpractice Litigation.* Field Hearing of Energy and Commerce Committee: Oversight and Investigation Subcommittee of U.S. House of Representatives. Langhorne Pennsylvania, February 10, 2003.

Sarat, A. and Vidmar, N. Presented: *Knowledge, retribution, and death penalty attitudes: a survey experiment.* Eastern Psychological Association. New York, New York, April 22-24, 1976.

Stirrett, K. and Vidmar, N. Presented: *Authoritarianism and recall of evidence in formal sanctioning settings.* Eastern Psychological Association Convention. Philadelphia, Pennsylvania, April 18, 1974.

Vidmar, N. Presented: *Retribution and utility as motives in Canadian attitudes toward the death penalty.* Canadian Psychological Association Convention, Victoria, BC, Canada, June 10, 1973.

Vidmar, N. and Crinklaw, L. D. Presented: *Retribution and utility as motives in sanctioning behavior.* Mid-Western Psychological Association Convention. Chicago, Illinois, May 10-12, 1973.

Vidmar, N. and Rokeach, M. Presented: *Archie Bunker's bigotry: perceptions in the eye of the beholder.* Eastern Psychological Association Convention. Washington, DC, May 3-5, 1973.

Vidmar, N. Presented: *Effects of decision alternatives on the verdicts and social perceptions of simulated jurors.* Eastern Psychological Association Convention. New York, New York, April 1972.

Vidmar, N. Presented: *Effects of group discussion on category width judgments.* Eastern Psychological Convention. Boston, Massachusetts, April 1972.

Vidmar, N. and Crinklaw, L. D. Presented: *Attributing responsibility for an accident: some integrative attempts.* Conference on Attribution of Responsibility, William and Mary College. Williamsburg, Virginia, July 1971.

Vidmar, N. Symposium Paper: *Student reactions to the 1970 Canadian political crisis.* Canadian Psychological Association Convention. St. John's, NL, Canada, June 1971.

Crinklaw, L. D. and Vidmar, N. Presented: *Attributing responsibility for an accident: More empirical confusion but methodological insights.* Mid-Western Psychological Association Convention. Detroit, Michigan, May 1971.

Hourany, L., Jackson, D. and Vidmar, N. Presented: *A four-dimensional interpretation of risk taking.* Mid-Western Psychological Association Convention. Detroit, Michigan, May 1971.

Vidmar, N. Presented: *Group induced shifts in simulated jury decisions.* MidWestern Psychological Association. Cleveland, Ohio, 1970.

Ferguson, D. A. and Vidmar, N. Presented: *Familiarization-induced risky and cautious shifts: a replication of sorts.* Midwestern Psychological Association Convention. Cincinnati, Ohio, May 1970.

Vidmar, N. and Burdeny, T. C. Presented: *Effects of item type and group size in the "group shift" effect.* Mid-western Psychological Association Convention. Cincinnati, Ohio, May 1970.

Ferguson, D. A. and Vidmar, N. Presented: *Effects of group discussion on estimates of culturally appropriate risk levels.* Eastern Psychological Association Convention, Atlanta City, New Jersey, April 1970.

Vidmar, N. Presented: *Group composition and risk taking.* Eastern Psychological Association Convention, New York, April, 1968.

Vidmar, N. and Hackman, J. R. Presented: *Effects of group size, task type and subject population on group satisfaction.* Canadian Psychological Association Convention. Calgary, AB, Canada, June 1968.

Vidmar, N. and McGrath, J. E. Presented: *Role conflict and leadership in negotiation and other decision-making groups.* Midwestern Psychological Association Convention. Chicago, Illinois, May 1967.

McGrath, J. E. and Vidmar, N. Presented: *Role assignment and conflict in decision-making groups:  partial test of a model of negotiation.* Midwestern Psychological Association Convention. Chicago, Illinois, May 1966.

## SELECTED RESEARCH REPORTS

Vidmar, N., Donnelly, L., Metzloff, T. and Warren, D. *An Empirical Examination of a Legislated Procedural Reform: Court-based Management of Medical Malpractice Litigation.* The Private Adjudication Center, Inc., Duke University School of Law, Durham, North Carolina (1992).

Kritzer, H., Bogart, W.A. and Vidmar, N. *The Aftermath of Injury: Compensation Seeking in Canada and the United States.* Institute of Legal Studies, University of Wisconsin Law School, Madison, Wisconsin (1990).

Vidmar, N. and Lawrence, C. *The Impact of Statistical Evidence on the Legal System.* U.S. National Research Council of the National Academy of Sciences (1985).

Vidmar, N. *Privacy and Two-way Cable Television: A Study of Canadian Public Opinion.* Ontario Ministry of Transportation and Communication (1983).

Vidmar, N. and Short, J. A. *The Effects of Criminal Justice Issues on Voting Behavior.* Federal Ministry of the Solicitor General of Canada (1982).

Vidmar, N. *Implementing the information/education campaign on firearms control: A literature review.* Ministry of the Solicitor General of Canada (1978).

Crinklaw, L. and Vidmar, N. *Inferential Sets, Locus of Control and Attribution of Responsibility for an Accident.* University of Western Ontario Research Bulletin #246 (1972).

32

Crinklaw, L. and Vidmar, N. *Attribution of Responsibility for an Accident.* University of Western Ontario Research Bulletin #186 (1971).

McGrath, J. E. Vidmar, N. and Weidemann, S. *Social and Psychological Factors in Human Stress.* Program Report: Phase I. AFOSR Conference on Human Stress, Monticello, Illinois (1967).

Vidmar, N. *Perceptions of Patient Behavior and Effects of Environmental Change.* .Report #601 Danville, Illinois: Danville Veterans Administration Hospital (1969).