IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>DZHOKHAR A. TSARNAEV,<br><br>Defendant | Crim. No.13-10200-GAO |

**GOVERNMENT'S MOTION TO AMEND THE PARTIES' JOINT MOTION
TO UNSEAL SPECIFIED TRANSCRIPTS AND PLEADINGS**

The United States of America, by and through its undersigned counsel, respectfully moves to amend the parties' Joint Motion to Unseal Specified Transcripts and Pleadings (Doc. 1737). That motion, which is still pending, asks the Court to unseal, among other things, Documents 295-4 through 295-8, which are sealed attachments to Tsarnaev's Motion to Suppress Statements. Although they have not yet been unsealed, the attachments were inadvertently filed as a public attachment (Doc. 1744-1) in conjunction with the parties' Rule 10 stipulation (Doc. 1744). The parties have asked this Court to correct that error by placing the relevant attachment under seal pending the resolution of the Joint Motion to Unseal.

Upon further reflection, the government believes that Documents 295-4 through 295-8 should remain under seal. Those documents consist of FBI 302 reports (Docs. 295-4 and 295-6), agents' handwritten notes (Docs. 295-5 and 295-7), and Tsarnaev's own handwritten notes made in response to agents' questioning (Doc. 295-8). Heavily redacted versions of the 302 reports have been unsealed in another case in this district. *See United States v. Kadyrbayev*, 1:13-CR-10238, Docs. 130-6 and 130-7 (D. Mass. Apr. 16, 2014). Similarly redacted versions could be unsealed in this case. But the un-redacted reports and the agents' and defendant's handwritten

1

notes are protected by the law enforcement privilege and should remain under seal.

The First Circuit has recognized the existence of a privilege for "law enforcement techniques and procedures." *Commonwealth of Puerto Rico v. United States*, 490 F.3d 50, 64 (1st Cir. 2007) (quoting *In re Dep't of Investigation of the City of New York*, 856 F.2d 481, 484 (2d Cir. 1988)). That court has observed, quoting the D.C. Circuit, that "law enforcement operations cannot be effective if conducted in full public view" and that "the public has an interest in 'minimizing disclosure of documents that would tend to reveal law enforcement investigative techniques or source.'" *Id.* at 62-63 (quoting *Black v. Sheraton Corp. of Am.*, 564 F.2d 531, 542, 545 (D.C. Cir. 1977)). Documents 295-4 through 295-8 include information regarding sensitive investigative techniques that were employed when FBI agents questioned Tsarnaev without *Miranda* warnings under the public-safety exception recognized in *New York v. Quarles*, 467 U.S. 649 (1984). *See* Doc. 319 (Government's Opposition to Defendant's Motion to Suppress). Those documents were provided to the defense, but they should remain under seal in order to protect information relating to sensitive law enforcement techniques.

For the reasons above, the government respectfully requests that this Court amend the parties' Joint Motion to Unseal Specified Transcripts and Pleadings (Doc. 1737) to remove the request to unseal Documents 295-4 through 295-8.

Counsel for Tsarnaev does not object to this motion.

                                                Respectfully submitted,

                                                ANDREW E. LELLING
                                                United States Attorney

By:    /s/ Nadine Pellegrini
        NADINE PELLEGRINI
        Assistant U.S. Attorney

Date: October 23, 2018

CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Nadine Pellegrini
NADINE PELLEGRINI
Assistant U.S. Attorney