UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Crim. No.13-10200-GAO |
| | ) | |
| DZHOKHAR A. TSARNAEV, | ) | |
| Defendant | ) | |

## GOVERNMENT'S MOTION TO DISCLOSE TO THE DEFENSE PURSUANT TO A PROTECTIVE ORDER A TRANSCRIPT PREVIOUSLY FILED *EX PARTE*

The United States hereby moves this Court for an order authorizing it to disclose to the defense pursuant to a protective order a lightly redacted version of Document 1668, which is a transcript of an *ex parte* conference that took place on July 3, 2014.  That document was filed *ex parte* and under seal in this Court, and it will remain under seal in the event the Court authorizes its disclosure to the defense.

In support of this motion, the government states as follows:

1. On a few occasions before trial, government counsel addressed the Court *ex parte* about confidential matters.  *See generally United States v. Innamorati*, 996 F.2d 456, 487 (1st Cir. 1993) ("[I]n rare situations requirements of confidentiality outweigh the interest in adversarial litigation and permit a court to rule on an issue in camera without the participation of an interested party.").  One of those confidential matters was Middlesex County's ongoing investigation into a triple murder in Waltham, Massachusetts in 2011 and the facts relevant to that investigation that were obtained during interviews of Ibragim Todashev in April and May 2013.

 2. Although the details of Todashev's April and May 2013 interviews with law enforcement agents are not public, the fact that Todashev implicated the Defendant's older

1

brother, Tamerlan Tsarnaev, in the Waltham triple murder did become public.  Before trial,

Defendant sought access to the recordings and reports of the Todashev interviews through three

motions to compel, *see* Doc. 112 at 15, Doc. 233 at 20, Doc. 602, but the Court denied those

motions, *see* Doc. 151 at 7 n.2, Doc. 538 at 5, Doc. 675 at 2-3.  In the course of responding to

Defendant's second motion to compel, the Court reviewed *in camera* the FBI 302 reports of the

Todashev interviews.  *See* Docs. 255, 266, 538 at 5.  The Court also held an *ex parte* conference

on July 3, 2014, to discuss with the government the contents of these *ex parte* materials.

Document 1668 is a transcript of that conference.

2. Prior to trial, this Court granted the government's motion *in limine* to exclude from the

penalty phase any evidence relating to the Waltham murders.  Doc. 1306 at 3-4.

3. In February 2017, after his appeal was pending, Defendant filed a motion to disclose

various *ex parte* filings, including the transcript in Document 1668, *see* Doc. 1719, but this Court

denied that motion, Dkt. Entry 1732.  Thereafter, Defendant filed a similar motion in the First

Circuit, seeking disclosure of the same *ex parte* materials.  *See* Motion to Disclose, No. 16-6001

(1st Cir. Apr. 4, 2017).  The First Circuit denied that motion as well.  Order of Court, No. 16-

6001 (1st Cir. Aug. 11, 2017).

4. In July 2018, as the deadline for his appellate briefing approached, Defendant filed

another motion in the First Circuit, asking for disclosure to appellate counsel of the reports and

interviews of Ibragim Todashev that this Court had reviewed *in camera*.  Motion to Disclose,

No. 16-6001 (1st Cir. July 25, 2018).  The First Circuit granted this motion in part, allowing

appellate counsel to review the Todashev materials pursuant to a protective order that prohibited

them from sharing the information with the Defendant or other members of the defense team.

*See* Order of the Court, No. 16-6001 (1st Cir. Oct. 3, 2018) (granting the motion in part); Order of the Court No. 16-6001 (1st Cir. Oct. 25, 2018) (modifying the protective order to include learned appellate counsel).

5. Because appellate defense counsel have now seen the Todashev-related reports that were discussed during the July 3, 2014 *ex parte* conference, there is no longer any reason to keep them from seeing the transcript of that conference.  But the government now finds it necessary to rely on that transcript to respond to a claim Defendant has raised on appeal.

6. Defendant argues on appeal that this Court erred when it excluded evidence suggesting that Tamerlan Tsarnaev was responsible for the Waltham murders.  *See* Brief of Appellant at 227-73, No. 16-6001 (1st Cir. Dec. 27, 2018).  Defendant argues that the deferential abuse-of-discretion standard does not apply because this Court failed to "review the video and audio recordings of Todashev's [May 21, 2013] interview" but instead "reviewed only the summary 302 report prepared by the FBI."  *Id.* at 243-44.  In responding to this claim, the government would like to cite Document 1668, which explains this Court's reasons for not requesting and reviewing the recordings from the May 21, 2013 Todashev interview.  And to allow Defendant's counsel an opportunity to respond, the government believes that the transcripts should be disclosed to counsel.

7. The government requests that the disclosure of Document 1668 be subject to a protective order similar to that used by the First Circuit when giving the defense access to the other Todashev materials.  Specifically, the government requests that (1) disclosure be limited to appellate counsel who were privy to the other Todashev materials: David Patton, Deirdre von Dornum, Clifford Gardner, and Gail K. Johnson; (2) authorized counsel not share Document

1668 or any of its contents with any person, including Defendant or other members of the

defense team; and (3) these protections extend unless modified by the Court.

8. The government proposes to redact the following from the transcript before disclosing

it to the defense: the name on lines 16 and 20 of page 8, and the names on pages 12 and 13 of

page 10.

9. Because the transcript will remain under seal, the government will redact any portion

of its appellate brief that quotes from the transcript.

10. Deirdre von Dornum, counsel for the Defendant, has no objection to the motion or the

proposed protective order, but does object to the proposed redactions as unnecessary in light of

the protective order.

Accordingly, the government respectfully requests that this Court authorize it to disclose

to the defense pursuant to a protective order a lightly redacted version of Document 1668.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By:     */s/ Nadine Pellegrini*
NADINE PELLEGRINI
Assistant U.S. Attorney

Date: March 26, 2019

CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent
electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Nadine Pellegrini*
NADINE PELLEGRINI
Assistant U.S. Attorney

4