UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Crim. No.13-10200-GAO |
| | ) | |
| DZHOKHAR A. TSARNAEV, | ) | |
| Defendant | ) | |

## GOVERNMENT'S MOTION TO SUPPLEMENT THE RECORD ON APPEAL

Pursuant to Federal Rule of Appellate Procedure 10(e)(2)(B), the United States hereby moves to supplement the record with a number of items.

In support of this motion, the government states as follows:

1. On December 27, 2018, the defendant filed his opening brief in his appeal of his conviction and death sentence. The government's response brief is currently due June 27, 2019.

2. On appeal, the defendant seeks, among other relief, a remand to this Court for a hearing to determine whether a surveillance video showing the defendant shopping at a Whole Foods store shortly after committing the Boston Marathon bombing was derived from allegedly involuntary statements the defendant made to FBI agents. (Opening Br. 344-379). As the defendant's brief acknowledges (Opening Br. 354-356), defense counsel raised this issue for the first time during trial, three trial days after the video had already been admitted without objection, when counsel suggested that the defendant's statement might have been the original tip that led to the government's discovery of the video. The government responded that the tip came from a different witness, not from the defendant. *See* Doc. 1146 at 24. Defense counsel acknowledged that the defense "probably" had the relevant information in a database of tips that the government had provided, *id.* at 22, but noted that "it would be helpful if the government

could provide some documentation of the tip," *id.* at 25. This Court declined to require the government to provide the defense with further documentation of the tip. *Id.*

3. Under Federal Rule of Appellate Procedure 10(e)(2), "[i]f anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded . . . by the district court before or after the record has been forwarded." *See United States v. Pagan-Ferrer*, 736 F.3d 573, 584 (1st Cir. 2013) (noting that Rule 10(e) "authorizes the modification of the record," but only to the extent it is necessary to "truly disclose[ ] what occurred in the district court"). Supplementation of the record, in order to clarify what occurred in district court, is appropriate in the circumstances here, where defendant on appeal seeks a remand and a hearing on an issue that was not timely raised and where defense counsel acknowledged at trial that relevant documentation that would resolve the issue may have already been provided. Accordingly, the government respectfully requests that the Court supplement the record on appeal to include the attached documents, which consist of (1) a redacted report from the FBI's Orion database, which was provided to the defense before trial, documenting the original source of the information leading to the Whole Foods video (Attachment 2); (2) a lightly-redacted version of that report disclosing the identity of the witness as Katherine Russell Tsarnaev, wife of the defendant's brother Tamerlan Tsarnaev (Attachment 3); (3) discovery letters memorializing disclosure to the defense of the redacted Orion report (Attachments 4-6); (4) a and Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) Report of Investigation that was provided in discovery at DT-0014775 (Attachment 7); and (5) a declaration of FBI Agent Timothy D. Brown (Attachment 1). Supplementation of the record with these materials will

enable the court of appeals to review the defendant's claims with the benefit of the underlying documentation referred to by the parties in district court.

Attachments:

1. Declaration of Timothy D. Brown

2. Redacted Orion report dated April 21, 2013

3. Lightly redacted Orion report dated April 21, 2013

4. Discovery letter dated March 14, 2014

5. Discovery letter dated December 29, 2014

6. Discovery letter dated January 8, 2015

7. ATF Report of Investigation

Accordingly, the government respectfully requests that this Court supplement the record with the attached items.

                                             Respectfully submitted,

                                             ANDREW E. LELLING
                                             United States Attorney

                              By:    */s/ Nadine Pellegrini*
                                             NADINE PELLEGRINI
                                             Assistant U.S. Attorney

Date: June 19, 2019

CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). The attachments provisionally filed under seal will be served via electronic mail on David Patton, counsel for Defendant Dzhokhar Tsarnaev.

*/s/ Nadine Pellegrini*
NADINE PELLEGRINI
Assistant U.S. Attorney