UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 13-CR-10200-GAO |
| DZHOKHAR TSARNAEV | |

**OPPOSITION TO GOVERNMENT'S MOTION TO SUPPLEMENT THE RECORD ON APPEAL**

Dzhokhar Tsarnaev submits this opposition to the government's motion to supplement the record on appeal pursuant to Fed. R. App. P. 10(e)(2)(B) (Dkt. No. 1772). Four years after the trial in this case, and just eight days before its Response Brief was due in the First Circuit, the government sought to add to the record material that was never before this Court. Clear First Circuit precedent compels this Court to deny the government's request. *See, e.g.*, *Belber v. Lipson*, 905 F.2d 549, 551 n.1 (1st Cir. 1990) (Rule 10(e) "is not a procedure for putting additional information, no matter how relevant, before the court of appeals that was not before the district court.").

1. During the guilt phase of Tsarnaev's trial, the government introduced evidence that Tsarnaev bought milk at a Whole Foods supermarket soon after the bombings. Defense counsel objected that the evidence appeared to be the fruit of Tsarnaev's post-arrest statement, which the government had promised not to use in its case-in-chief. A prosecutor represented to this Court that the source of this information was not Tsarnaev, but an unnamed "civilian witness." Defense counsel asked this Court

1

to order the government to substantiate its representation with "documentation." This Court denied the defense's request. *See generally* Dkt. No. 1146, at 21–25.

2.    In his Opening Brief on appeal, Tsarnaev argues that the Whole Foods evidence was the fruit of his post-arrest statement, so that its admission without a judicial determination of voluntariness or an independent source violated the Fifth Amendment. Brief of Appellant 344–79, *United States v. Tsarnaev*, No. 16–6001 (1st Cir. Dec. 27, 2018) ("OB"). The government has now attempted to substantiate its trial representation by moving to supplement the record on appeal with seven documents concerning the Whole Foods tip that were never before this Court. *See* Dkt. Nos. 1772–1 to 1772–7. Indeed, two of these documents—the June 19, 2019 Declaration of FBI Supervisory Special Agent Timothy D. Brown and a redacted Orion report purporting to identify Tamerlan Tsarnaev's wife Katherine Russell Tsarnaeva as the source of the Whole Foods tip—had never before been produced to the defense. *See* Dkt. Nos. 1772–1 and 1772–3.

3.    The government's motion must be denied. A Rule 10(e) motion "is designed to only supplement the record on appeal so that it accurately reflects what occurred before the district court." *Belber*, 905 F.2d at 551 n.1. Rule 10(e) "does not ... 'allow the court to add to the record on appeal matters that might have been, but were not, placed before it in the course of proceedings.'" *United States v. Pagan-Ferrer*, 736 F.3d 573, 582 (1st Cir. 2013) (quoting *United States v. Hillsberg*, 812 F.2d 328, 336 (7th Cir. 1986)); *see also, e.g.*, *United States v. Rivera-Rosario*, 300 F.3d 1, 9 & n.10 (1st Cir. 2002) (denying government's Rule 10(e) motion because "[t]he trial judge never reviewed the English translation that the government now seeks to introduce; the jury

neither heard nor read it; and the translation was never marked as an exhibit or filed in district court.").[1] These precedents reflect settled law. *See* 16A Wright et al., Federal Practice & Procedure § 3956.4, at 670–71 (4th ed. 2008) ("Rule 10(e) should not be used to insert in the record items that are not properly part of it—such as materials that were not presented to the district court during the litigation that led to the challenged district court ruling."). The government ignores this authority and fails to cite any case law where a party was allowed to use Rule 10(e) to add to the appellate record material that the party never presented to the district court.

    4.    The Rule's text confirms that the requested record supplementation would be improper. Rule 10(e)(2)(B) applies only if material "is omitted from ... the record by error or accident." But here, the documents that the government seeks to add were omitted from the record on purpose. Defense counsel asked for "documentation" of the independent source of the Whole Foods tip. The government elected not to provide that documentation to counsel or place that documentation in the record at trial, when the defense could have confronted the evidence, and this Court declined so to order. *See supra* ¶ 2. That was a conscious choice on the government's part. *See Pagan-Ferrer*, 736

---

[1] *See also, e.g.*, *Perry v. Spencer*, 751 F. App'x 7, 8 (1st Cir. 2018) ("To the extent the motion seeks to expand the record to include documents not presented to the district court, it is denied, as the material is outside the purview of Fed. R. App. P. 10(e)."); *Miss. Pub. Employees Retirement Sys. v. Boston Sci. Corp.*, 523 F.3d 75, 86 n.6 (1st Cir. 2008); Order, *id.*, No. 07–1794 (1st Cir. Oct. 30, 2007) (Torruella, J.) ("[T]he ... documents were neither proffered to nor considered by the district court. Accordingly, we deny the motion to expand the record."); *United States v. Muriel-Cruz*, 412 F.3d 9, 12 (1st Cir. 2005); *United States v. Casas*, 376 F.3d 20, 22–23 (1st Cir. 2004); *Estades Negroni v. Assocs. Corp. of N. Am.*, 359 F.3d 1, 2 (1st Cir. 2004) ("Fed. R. App. P. 10(e) ... is not a vehicle for expanding the record.").

F.3d at 584 (affirming denial of Rule 10(e) motion where supplemental materials "were not 'omitted from ... the record by error or accident,' ... but rather were kept from the trial court by choice of counsel").

5. The government contends that supplementation would give the First Circuit "the benefit of the underlying documentation referred to by the parties in district court," documentation that the government asserts might have "resolve[d] the issue" below. Dkt. No. 1772, at 2–3. But the two key documents that the government seeks to add (Dkt. Nos. 1772–1 and 1772–3), which are the only documents that purport to name Katherine Russell Tsarnaeva as the independent source of the tip, had not been produced to the defense at the time of the parties' discussion in district court—indeed, Dkt. No. 1772–1 was created on June 19, 2019, more than four years after the trial concluded—and therefore could not have been the "documentation referred to by the parties." The government's motion thus implicitly acknowledges that no information made available to the defense at the time of trial identified the independent "civilian witness."

6. Tsarnaev will not address the substance of the government's newly-tendered documents here, as that issue is beyond the scope of this motion. Suffice it to say that Tsarnaev neither concedes their accuracy nor agrees that, even if accurate, they establish an independent source for the Whole Foods tip, as he will explain in greater detail in his Reply Brief on appeal. But this Court does not have jurisdiction, while Tsarnaev's appeal is pending, to determine anything about this matter other than whether Rule 10 dictates that the record should be supplemented with the government's late-proffered documents. *See, e.g.*, *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56,

58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). And Rule 10 does not permit the requested relief. Appellate courts do not resolve complex factual disputes on the basis of post-hoc documentary submissions never received by the district courts below. *See Muriel-Cruz*, 412 F.3d at 12 ("Absent extraordinary circumstances, ... we consult only the record extant at the time the district court rendered its decision."). The government could have placed these materials in the record during pretrial proceedings or the guilt phase of the trial, and thereby subjected them to the crucible of cross-examination. The government elected not to do so. This last-minute motion to supplement the record is simply an end-run around the adversary system. For the foregoing reasons, this Court should apply the plain language of Rule 10(e) and controlling First Circuit precedent to deny the government's motion to supplement the record.

Respectfully submitted,

DZHOKHAR TSARNAEV

by his attorneys:

/s/ *David Patton*
David Patton, Esq.
(NY Bar # 3926813)
Federal Defenders of New York, Inc.
52 Duane Street, 10th Floor
New York, NY 10007
(212) 417-8738
DAVID_PATTON@FD.ORG

>
> Gail K. Johnson, Esq.
> (CO Bar #29703)
> Johnson & Klein, PLLC
> 1470 Walnut Street, Suite 101
> Boulder, CO 80302
> (303) 444-1885
> GJOHNSON@JOHNSONKLEIN.COM
>
> Clifford Gardner, Esq.
> (CA Bar #93782)
> Law Offices of Cliff Gardner
> 1448 San Pablo Avenue
> Berkeley, CA 94702
> (510) 524-1093
> CASETRIS@AOL.COM

## Certificate of Service

I certify that the attached Opposition to Government's Motion To Supplement The Record On Appeal was filed electronically through the ECF system for the District of Massachusetts, which will send electronic notice to counsel of record for all parties on this the 28th day of June 2019, and by electronic mail to counsel for the government, including the following:

Nadine Pellegrini
U.S. Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02110-0000

William A. Glaser, Esq.
U.S. Department of Justice, Crim. Div.
950 Pennsylvania Ave. NW, Suite 1264
Washington, DC 20530
William.Glaser@usdoj.gov

> /s/ *David Patton*
> David Patton, Esq.
> (NY Bar # 3926813)
> Federal Defenders of New York, Inc.
> 52 Duane Street, 10th Floor
> New York, NY 10007
> (212) 417-8738
> DAVID_PATTON@FD.ORG