UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
_____

**UNITED STATES**

      v.                                        No. 13-CR-10200-GAO

**DZHOKHAR A. TSARNAEV**

_____

## DEFENDANT-APPELLANT'S UNOPPOSED MOTION TO PARTIALLY UNSEAL SECOND SEARCH WARRANT

Defendant-Appellant Dzhokhar Tsarnaev respectfully moves this Court to partially unseal the Second Search Warrant for 1999 Honda CR-V, bearing Massachusetts plate number 316ES9, so that at the December 12, 2019 oral argument of his direct appeal to the Court of Appeals for the First Circuit, his counsel may effectively and publicly address his claim that the exclusion of evidence of Tamerlan Tsarnaev's involvement in the Waltham triple homicide violated the Eighth Amendment and the Federal Death Penalty Act. Counsel for Defendant-Appellant seek unsealing of paragraphs 3, 38, and 39 of that search-warrant affidavit (with limited redactions), as well as the accompanying motion to file the warrant application under seal, search warrant application, and the attachments to the warrant indicating the location of the search and the items to be seized. A complete unredacted copy of that search warrant application and a

proposed redacted version are being filed separately under seal, as Exhibit A, for the Court's review.

Counsel for Defendant-Appellant have consulted with counsel for the government, who have indicated the government has no objection to this request for a partial unsealing.

Defendant-Appellant asserts the following grounds in support of this motion:

1. On June 3, 2013, federal prosecutors in charge of the Boston Marathon Bombing case submitted a search-warrant application to Magistrate Judge Bowler requesting that a second search warrant be authorized for Tamerlan Tsarnaev's Honda CR-V.  This application included a lengthy affidavit by an FBI special agent, sworn under penalty of perjury, setting forth probable cause to believe that Tamerlan and his friend Ibragim Todashev had been involved in a triple homicide in Waltham, Massachusetts, in September 2011, and that forensic evidence of their involvement in this crime might be present in Tamerlan's car. The application was submitted under seal on docket 13-MJ-2224-MBB.

2. That same day, June 3, 2013, Magistrate Judge Bowler issued the requested second search warrant for Tamerlan's Honda CR-V.

3. The government produced the second search-warrant application and warrant to Dzhokhar Tsarnaev's defense counsel under a protective order in Rule 16 discovery.  DT-0000572–98.  The second search-warrant application and

warrant remain under seal. There is no indication that particularized findings were made by Magistrate Judge Bowler as to its sealing, nor as to the duration of that sealing.

4. In the second search-warrant application, the government relied on Todashev's statements to the FBI on May 21, 2013, as the basis for probable cause to believe that Tamerlan and Todashev had participated in the triple homicide. Id. at ¶¶ 38–39.

5. A core issue in Dzhokhar Tsarnaev's pending appeal of his death sentences is whether the jury was erroneously precluded from hearing evidence at penalty phase that Tamerlan had participated in this triple murder on the tenth anniversary of the 9/11 attacks. This issue is briefed at length in Appellant's Opening Brief, First Supplemental Opening Brief, Third Supplemental Opening Brief, and Reply Brief. The broad context—that when he was interviewed by the FBI, Todashev implicated Tamerlan in these horrific crimes—is publicly known, as is the fact that the FBI sought a search warrant for Tamerlan's car for evidence pertaining to the Waltham crimes. *See, e.g.,* Michael S. Schmidt, William K. Rashbaum and Richard A. Oppel Jr., *Deadly End to F.B.I. Queries on Tsarnaev and a Triple Killing*, N.Y. Times (May 22, 2013); 4/13/15 Motion Hearing at 11–12. Indeed, much of the information set forth in paragraphs 3, 38, and 39 of the second search-warrant application is already publicly known from other sources,

either through media reports on the Waltham crimes or through publicly available transcripts from the District Court proceedings in this case.[1]

6. Other information regarding Todashev's specific statements to the FBI contained in the second search-warrant affidavit remains under seal, and, thus, is redacted in the publicly filed appellate briefing. This includes information critical to analysis of the exclusion of Todashev's statements, such as Todashev's specific statements regarding Tamerlan's role in the Waltham crimes, and which statements of Todashev to the FBI the government chose to rely on to establish probable cause in the second search-warrant application.

7. This request for partial unsealing pertains only to discrete portions of the second search-warrant application and would not alter the status of the

---

[1] *See, e.g.*, DE.867 at 1, Wikipedia, the Free Encyclopedia, 2011 Waltham Triple Murder, at https://en.wikipedia.org/wiki/2011 Waltham triple murder (on the evening of September 11, 2011, three young men were killed at 12 Harding Avenue in Waltham, Massachusetts); 4/13/15 Motion Hearing at 17–19 (one of the victims, Brendan Mess, was a close friend of Tamerlan's); RB.186, DE.367–1 at 92, DE.867 at 1 (the victims of the Waltham crimes were bound, beaten, had their throats cut, and were covered with marijuana); DE.367–1 at 92, RB.48 (Todashev and Tamerlan initially planned to rob the victims, who were drug dealers); DE.1630 (4/30/15 Lobby Conference) (in addition to murdering the three victims, Tamerlan and Todashev stole money from Mess's apartment); 4/13/15 Motion Hearing at 6, DE.367–1 at 92 (Todashev stated that Tamerlan brought a gun to Mess's apartment and brandished it to gain entrance); 4/13/15 Motion Hearing at 5 (Todashev stated that Tamerlan masterminded and committed the Waltham murders).

Todashev statements contained in the FBI 302s and interview recordings that are subject to enhanced protections imposed by the Court of Appeals.

8. At oral argument before the Court of Appeals, counsel may not disclose the substance of sealed material. First Cir. R. 11.0(d)(2). In order for counsel to effectively argue that the evidence of Tamerlan's participation in the Waltham crimes was unconstitutionally excluded from the jury's consideration, counsel need to refer to the most critical facts that would have been presented to the jury had this evidence not been excluded, including Todashev's statements regarding Tamerlan's role in the Waltham crimes. Counsel also need to be able to counter the government's arguments about reliability by referencing the particular statements by Todashev that the government relied on in seeking the second search warrant—statements the government has to this day never disavowed.

9. Counsel will be able to argue fully and openly if certain portions of the second search-warrant application are unsealed, to wit, unsealing paragraphs 3, 38, and 39 of the affidavit (with limited redactions), and the warrant and its attachments, and keeping the remainder of the affidavit and the other Todashev statements sealed. *See* Exhibit A (filed separately under seal). These paragraphs do not contain all relevant facts from Todashev's statements to the FBI, but they marshal the most critical facts about his and Tamerlan's participation in the

Waltham crimes in a concise, clear manner that will allow counsel to argue the issue effectively without disclosing sensitive material.

10. This limited unsealing will permit counsel to publicly argue this issue, which will vindicate both Defendant-Appellant's Sixth-Amendment right to the effective representation of appellate counsel and the public's First-Amendment and common-law right to access judicial documents and court proceedings.

   a. A search warrant is a core "judicial record," for it is material "on which a court relies in determining the litigants' substantive rights." *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 13 (1st Cir. 1986). While the sealing of such a judicial document prior to the search or while there is an active grand-jury investigation may well be proper, indefinite sealing is not, particularly when such sealing interferes with a defendant's Sixth-Amendment right and the public's right to understand the basis of defendant's challenge to his death sentences, which the Court of Appeals has said "stems from the premise that public monitoring of the judicial system fosters the important values of quality, honesty, and respect for our legal system." *Siedie v. Putnam Invs.,* 147 F.3d 7, 9–10 (1st Cir. 1998).

   b. The particular need for public access to judicial records and proceedings in the sentencing context has been emphasized by the Court of Appeals. *See United States v. Kravetz*, 706 F.3d 47, 57 (1st Cir. 2013) (public access in the sentence context may serve to "stimulate public confidence in the criminal justice

system by permitting members of the public to observe that the defendant is justly sentenced.") (citations omitted).

11.   Eight years have passed since the Waltham crimes, and six years have passed since the issuance of this second search warrant for Tamerlan's Honda CR-V.  There is no "compelling reason [that] can justify non-disclosure," *In re Providence Journal*, 293 F.3d 1, 10 (1st Cir. 2002), of this minimal amount of information from the second search-warrant application concerning the Waltham crimes.  Disclosure of such information will not pose a "concrete harm" to any investigation into those crimes that may still be ongoing.  *See Commonwealth of Puerto Rico v. United States*, 490 F.3d 50, 62 (1st Cir. 2007).

12.  The government has indicated that it does not object to this request for partial unsealing.

## Conclusion

Based on the foregoing, counsel for Defendant-Appellant request that this Court unseal paragraphs 3, 38, and 39 of the second search-warrant affidavit, as well as the accompanying motion to seal, search warrant application, and attachments A and B to that warrant.  The proposed redactions are indicated on Exhibit A (filed separately under seal).

Respectfully submitted,

DZHOKHAR TSARNAEV

By his attorneys:

*/s/ David Patton*
**DAVID PATTON, ESQ.**
(NY Bar #3926813)
Federal Defenders of New York, Inc.
52 Duane Street, 10th Floor
New York, NY 10007
(212) 417-8738
DAVID_PATTON@FD.ORG

**CLIFFORD GARDNER, ESQ.**
(CA Bar #93782)
Law Offices of Cliff Gardner
1448 San Pablo Avenue
Berkeley, CA 94702
(510) 524-1093
CASETRIS@AOL.COM

**GAIL K. JOHNSON, ESQ.**
(CO Bar # 29703)
Johnson & Klein, PLLC
1470 Walnut Street, Suite 101
Boulder, CO 80302
(303) 444-1885
GJOHNSON@JOHNSONKLEIN.COM

# CERTIFICATE OF SERVICE

      I hereby certify that the foregoing document was filed by ECF to the District of Massachusetts, as well as by email to counsel of record for the government, on this 8th day of November 2019, including the following:

Nadine Pellegrini
U.S. Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210-0000

William A. Glaser
Criminal Division, Appellate Section
U.S. Department of Justice
950 Pennsylvania Ave., NW Rm 1264
Washington, DC 20530

*/s/ David Patton*
David Patton, Esq.