UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:13-CR-10200-GAO |
| | ) |
| DZHOKHAR A. TSARNAEV, | ) |
| | ) |
| Defendant. | ) |

**<u>STATUS REPORT OF PENDING MATTER BEFORE THE COURT</u>**

The United States submits this status report in connection with its Motion for Order to Authorize Payment from Defendant's Inmate Trust Account, seeking turnover of the funds to be applied to the outstanding criminal restitution, filed on January 5, 2022. *See* Docket No. 1786. The Court has not yet ruled on the government's turnover motion. Because the government's motion seeks the turnover of *all funds* in the defendant Dzhokhar Tsarnaev's (the "Defendant") inmate trust account and because additional funds have been deposited in the account in the last two years, the government now provides an update to the Court regarding the transactions in the Defendant's inmate trust account, as set forth in the attached affidavit and exhibits.

As further reason for this status report, after the United States filed its turnover motion, the First Circuit issued a decision, *United States v. Saemisch*, 70 F.4th 1 (1st Cir. 2023), which concerned inmate trust accounts.[1]  *See* Docket No. 1796 (Notice of Recent First Circuit Decision

---

[1] The purpose of inmate trust account or commissary account is to allow the BOP to maintain inmates' monies while they are incarcerated, including monies received by the inmate from prison employment and outside sources.  28 C.F.R. §§ 506.1, 545.11.  Any funds for the benefit of the inmate from family, friends, or other sources must be deposited into these accounts.

in support of its Motion for Order to Authorize Payment from Defendant's Inmate Trust Account). In *Saemisch*, the First Circuit stated that "a district court must examine the source or sources of an inmate's account before it may order the turnover of funds contained in that account under sections 3664(m) and (n)." *Saemisch*, 70 F.4th at 11. *Saemisch* clarified that "[i]f, however, the examination discloses that monies in the account consist only of gradually accumulated prison wages or other funds that do not qualify as 'substantial resources,' section 3664(n) is not implicated and the district court may not enter a turnover order under sections 3664(m) and (n)." *Id*. Because money is fungible, the First Circuit permitted the government to obtain turnover of all funds in the account that did not exceed the amount of funds from sources other than prison wages. *Id*.

---

*Id*. Deposits intended for the inmate's account must be mailed directly to the BOP's centralized commissary account. 28 C.F.R. § 540.23.

2

Accordingly, the government submits the enclosed affidavit and exhibits, which are Inmate Center Reports from the Federal Bureau of Prisons showing transaction history of the Defendant's inmate trust fund account. As set forth in the affidavit and exhibits, the Defendant received a total of $26,712.87 in deposits to his inmate trust account from the date of incarceration, of which $582.50 was from prison wages. The current balance in the account is $4,223.86 as of March 25, 2024.

        Respectfully submitted,

        UNITED STATES OF AMERICA
        By its attorneys

        JOSHUA S. LEVY
        Acting United States Attorney

By:   /s/ Brendan T. Mockler
      BRENDAN T. MOCKLER
      NADINE PELLEGRINI
      Assistant United States Attorneys
      One Courthouse Way, Suite 9200
      Boston, MA 02210
      (617) 748-3100
      brendan.mockler@usdoj.gov
      nadine.pellegrini@usdoj.gov

Date: March 26, 2024