UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>    Plaintiff,  )<br>  )<br>    v.  )<br>  )<br>DZHOKHAR A. TSARNAEV,  )<br>  )<br>    Defendant.  ) | Case No. 1:13-CR-10200-GAO |

**AFFIDAVIT OF ASSISTANT U.S. ATTORNEY BRENDAN T. MOCKLER**

I, Brendan T. Mockler, do hereby depose and state:

1.  I am an Assistant United States Attorney and submit this affidavit in support of the United States' Motion for Order to Authorize Payment from Defendant's Inmate Trust Account.

2.  On June 24, 2015, the Court entered the initial judgment, and, on January 15, 2016, entered an amended judgment (the "Amended Judgment") ordering the defendant Dzhokhar A. Tsarnaev (the "Defendant") to pay a $3,000 special assessment and $101,126,627 in criminal restitution. *See* Docket Nos. 1480 and 1618.  To date, the Defendant has paid $2,647.93.[1]

3.  The Defendant remains in federal custody and is currently assigned to United States Penitentiary Florence ADMAX penitentiary.

4.  Since his arrest, various individuals have provided funds to the Defendant.  On information and belief, in accordance with Bureau of Prisons ("BOP") regulations, those funds are deposited into the Defendant's inmate trust account maintained by the BOP.

---

[1] Pursuant to 18 U.S.C. § 3612(c), payments are applied first to the special assessment, then to restitution.  Pursuant to 18 U.S.C. § 3013(c), special assessments expire five years after the judgment date.

5. On January 5, 2022, United States filed a Motion for Order to Authorize Payment from Defendant's Inmate Trust Account, seeking recovery of all funds in the Inmate Trust Account to be applied to the outstanding criminal restitution. *See* Docket No. 1786. Since the filing of that motion, additional funds have been deposited in the Defendant's inmate trust fund account.

6. Attached hereto at <u>Exhibit A</u> is a true and correct copy of an Inmate Center Report provided by the Federal Bureau of Prisons showing transaction history in the Defendant's inmate trust account from May 8, 2013 to September 25, 2015.[2]

7. Attached hereto at <u>Exhibit B</u> is a true and correct copy of an Inmate Center Report provided by the Federal Bureau of Prisons showing transaction history in the Defendant's inmate trust account from October 11, 2015 to January 10, 2024.

8. Attached hereto at <u>Exhibit C</u> is a true and correct copy of an Inmate Center Report provided by the Federal Bureau of Prisons showing transaction history in the Defendant's inmate trust account from February 1, 2024 to March 25, 2024

---

[2] Street addresses and telephone numbers have been redacted from Exhibits A, B, and C.

9.      The three reports show that all deposits into the account total $26,712.87. Of that amount, $582.50 was received from prison wages. In accordance with *United States v. Saemisch*, 70 F.4th 1 (1st Cir. 2023), the maximum amount that may be turned over, after deducting prison wages, is $26,130.37. As of March 25, 2024, the balance in the Defendant's inmate trust account is $4,223.86. If the Court grants the government's motion, under *Saemisch*, the entire account balance, as of the date on which the order granting the motion is entered, not to exceed $26,130.37, should be turned over and applied towards the Defendant's outstanding restitution balance.

Signed under the penalties of perjury this 26th day of March, 2024.

*/s/ Brendan T. Mockler*
BRENDAN T. MOCKLER
ASSISTANT UNITED STATES ATTORNEY