**Federal Defenders**
OF NEW YORK, INC.

Eastern District
One Pierrepont Plaza -16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1204 Fax: (718) 855-0760

---

**Tamara Giwa**
*Executive Director and*
*Attorney-in-Chief*

*Eastern District of New York*
Michelle A. Gelernt
*Attorney-in-Charge*

August 2, 2024

By ECF
Honorable George A. O'Toole, Jr.
U.S. District Judge
District of Massachusetts
1 Courthouse Way
Boston, Massachusetts 02210

  Re: United States v. Dzhokhar Tsarnaev, No. 13-CR-10200-GAO

  On behalf of Dzhokhar Tsarnaev, we write in advance of the upcoming status conference to inquire whether the Court intends to return this case to the clerk for reassignment, pursuant to Local Rule 40.1(*l*)(2).

  The First Circuit's March 21, 2024 order directed: "The district court's ruling denying Dzhokhar[] Tsarnaev's motion to strike for cause Jurors 138 and 286 is vacated, and matter is remanded to the district court for further proceedings consistent with the opinion issued this day." Order, United States v. Tsarnaev, No. 16–6001 (1st Cir. March 21, 2024).

  It is our understanding that the First Circuit's remand order triggered D. Mass. Local Rule 40.1(*l*) ("Proceedings after Appeal") (formerly codified at Local Rule 40.1(k)), which provides:

> (1) When an appellate court remands a case to this court for a new trial, the case shall be reassigned to a district judge other than the judge before whom the first trial was held.
>
> (2) In all other cases in which the mandate of the appellate court requires further proceedings in this court, such proceedings shall not be conducted before the district judge before whom the prior proceedings were conducted unless the terms of the remand require that further proceedings be conducted before the original judge or unless the judge determines that there will result a substantial saving in the time of the whole court and that there is no reason why, in the interest of justice, further proceedings should be conducted before another judge. If the judge before whom the prior proceedings were conducted does not retain the case for further proceedings, that judge shall return it to the clerk for reassignment.

Where, as here, the First Circuit's order "require[s] further proceedings in this court," there is a "presumption of reassignment" on remand. Kimmel v. United States, 2024 WL 1558483, at *1 (D. Mass. April 10, 2024). And where none of the exceptions in the rule applies, reassignment is proper. See In re Volkswagen and Audi Warranty Extension Litigation, 898 F. Supp. 2d 346, 347 (D. Mass. Oct. 10, 2012) (after appellate vacatur and remand of award of attorneys' fees, returning case to clerk for reassignment because none of the exceptions was met); see also, e.g., In re PHC, Inc. Shareholder Litigation, 894 F.3d 419, 425–26 (1st Cir. 2018) (noting that after appellate vacatur of summary judgment and remand, case was reassigned from this Court to another judge); Hudson v. Mici, 2023 WL 2333498, at *2 (D. Mass. March 2, 2023) (advising parties that case would be reassigned following appellate remand); In re One Star Class Sloop Sailboat Built in 1930 with Hull Number 721, Named "Flash II", 517 F. Supp. 2d 546, 549 (D. Mass. 2007) (noting that case was reassigned following appellate remand).

Here, because none of Local Rule 40.1(*l*)(2)'s exceptions apply, it is our understanding that the case should be returned to the Clerk for reassignment.

If this Court is not inclined to refer the case for reassignment, we wish to advise the Court that we intend to file a separate motion for the Court to recuse itself pursuant to 28 U.S.C. § 455(a), and we would request a briefing schedule for that motion. If a recusal motion is necessary, we would also request that this Court refrain from issuing any rulings concerning the evidentiary hearing pending the disposition of that motion.

Respectfully submitted,
DZHOKHAR TSARNAEV
by his attorneys:

/s/ *Deirdre D. von Dornum*
Deirdre D. von Dornum, Esq.
Mia Eisner-Grynberg, Esq.
Federal Defenders of New York, Inc.
One Pierrepont Plaza, 16th Floor

Brooklyn, NY 11201
(718) 330-1210
Deirdre_vondornum@fd.org
Mia_eisner-grynberg@fd.org

David Patton, Esq.
*Pro Hac Vice*
Hecker Fink LLP
350 5th Avenue, 63rd Floor
New York, NY 10118
(212) 763-0883
dpatton@heckerfink.com

**Certificate of Service**

    I hereby certify that this document and any attachments filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on August 2, 2024.

/s/ *Deirdre D. von Dornum*
Deirdre D. von Dornum, Esq.
Federal Defenders of New York, Inc.
One Pierrepont Plaza, 16th Floor
Brooklyn, NY 11201
(718) 330-1210
Deirdre_vondornum@fd.org