UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>v.  )<br>  )<br>DZHOKHAR A. TSARNAEV,  )<br>  )<br>Defendant  )<br>  ) | Case No. 13-cr-10200-GAO |

**RESPONSE TO DEFENSE COUNSEL'S LETTER
DATED AUGUST 2, 2024**

The United States of America, by and through its undersigned counsel, respectfully files this response to the letter to the Court from counsel for the Defendant, Dzhokhar A. Tsarnaev, dated August 2, 2024. In the letter, counsel state that they were writing to "inquire whether the Court intends to return this case to the clerk for reassignment, pursuant to Local Rule 40.1(l)(2)," and go on to assert that "[i]t is our understanding that the First Circuit's remand order triggered D. Mass. Local Rule 40.1(l)," and that "because none of Local Rule 40.1(l)(2)'s exceptions apply, it is our understanding that the case should be returned to the Clerk for reassignment." As discussed below, counsel's understanding of these issues is mistaken. Local Rule 40.1(l) has not been triggered, and there is no basis for judicial reassignment.

**1.** On March 21, 2024, the First Circuit issued its Opinion in this case in which, although finding no merit to three of four outstanding issues that had been raised by the Defendant, it remanded the case to this Court to determine whether Jurors 138 or 286 should have been stricken for cause on account of bias. *See United States v. Tsarnaev*, 96 F.4th 441, 447-75 (1st Cir. 2024). In doing so, the First Circuit specified that the proceedings on remand be conducted

by this Court, as it stated: "In this case, we have no doubt that *the able district court judge* can do what judges regularly do – form a considered opinion about the sufficiency of the jurors' explanations once those explanations are given and explored." *Id.* at 464 (emphasis added). Significantly, in an accompanying Order of Court, the First Circuit vacated the ruling denying the Defendant's motion to strike Jurors 138 and 286 for cause and "remanded to the district court for further proceedings consistent with the opinion issued this day," and further ordered that it "retains jurisdiction *to conclude this appeal* after the district court on remand has ruled on the motion to strike." Order of Court, *United States v. Dzhokar A. Tsarnaev*, No. 16-6001, dated March 21, 2024 (emphasis added) (attached). The First Circuit's Opinion and accompanying Order of Court thus are essentially interlocutory in nature, as the court did not issue a final judgment disposing of the Defendant's appeal, nor was a formal mandate issued.

2. Contrary to counsel's understanding, the First Circuit's Opinion of March 21, 2024, did not trigger Local Rule 40.1(l). That rule provides:

> **(l)** **Proceedings after Appeal.**
>
> **(1)** When an appellate court remands a case to this court for a new trial, the case shall be reassigned to a district judge other than the judge before whom the first trial was held.
>
> **(2)** In all other cases in which the mandate of the appellate court requires further proceedings in this court, such proceedings shall not be conducted before the district judge before whom the prior proceedings were conducted unless the terms of the remand require that further proceedings be conducted before the original judge or unless the judge determines that there will result a substantial saving in the time of the whole court and that there is no reason why, in the interest of justice, further proceedings should be conducted before another judge. If the judge before whom the prior proceedings were conducted does not retain the case for further proceedings, that judge shall return it to the clerk for reassignment.

In this case, Local Rule 40.1(l)(1) was not triggered because the First Circuit did not remand for a new trial, and Local Rule 40.1(l)(2) was not triggered because there is no "mandate of the appellate court requir[ing] further proceedings in this court[.]"  To the contrary, and as just discussed, the First Circuit's Opinion and accompanying Order of Court are essentially interlocutory in nature because the court did not finally dispose of the Defendant's appeal.   Indeed, courts of appeals that have issued similar orders have likewise made clear that they are essentially interlocutory in nature. *See, e.g., United States v. Finley*, 56 F.4th 1159, 1169 (8th Cir. 2023) ("The district court is ordered to disclose the completed questionnaires no later than 14 days from the filing of this opinion and enter a supplemental order addressing the matter discussed herein in due course.  We retain jurisdiction over the appeal during this limited remand.  Once the district court's supplemental order is entered, *the clerk is directed to return the case to this panel for disposition of Somerville's appeal*.") (emphasis added).   Thus, and as also just discussed, the First Circuit did not issue a final judgment disposing of the Defendant's appeal nor did it issue a formal mandate.  *See generally* Fed. R. App. P. 41(a) (specifying that "[u]nless the court directs that a formal mandate issue, the mandate consists of a certified copy of the judgment, a copy of the court's opinion, if any, and any direction about costs.").   Absent a mandate from the First Circuit, Local Rule 40.1(l)(2) plainly does not apply.

   **3.**  Even if this Court were to assume *arguendo* that Local Rule 40.1(l)(2) was triggered in this case, reassignment under that rule would not be required for two reasons.  *First*, the First Circuit stated unequivocally that the proceedings on remand would be conducted by this Court when it said that 'we have no doubt that the able district court judge can do what judges regularly do – form a considered opinion about the sufficiency of the jurors' explanations once

3

those explanations are given and explored." 96 F.4th. at 464. The First Circuit also ordered that the case be "remanded to the district court for further proceedings consistent with the opinion issued this day." Order of Court, *United States v. Dzhokar A. Tsarnaev*, No. 16-6001, dated March 21, 2024. Hence, the terms of the First Circuit's remand necessarily "require that further proceedings be conducted before the original judge." Local Rule 40.1(l)(2).

*Second*, given this Court's extensive experience presiding over this case, including the lengthy voir dire process, this Court could and should determine that "there will result a substantial saving in the time of the whole court and that there is no reason why, in the interest of justice, further proceedings should be conducted before another judge." For these reasons, even if Local Rule 40.1(l) was triggered, this case should remain with this Court.

4. Counsel also state in the letter that if this case is not reassigned, "we wish to advise the Court that we intend to file a separate motion for the Court to recuse under 28 U.S.C. § 455(a), and we would request a briefing schedule on that motion," and further request that this Court "refrain from issuing any rulings concerning the evidentiary hearing pending the disposition of that motion." Counsel have not conferred with the government regarding the filing of any potential recusal motion, *see* Local Rule 7.1(a)(2), which in any event would appear to be meritless, and this Court should reject the entreaty to "refrain" from taking further action in this case based on a motion that has yet to be filed.

Respectfully submitted,

JOSHUA S. LEVY
Acting United States Attorney

By:  /s/ Mark T. Quinlivan
NADINE PELLEGRINI
JASON A. CASEY
MARK T. QUINLIVAN
Assistant U.S. Attorneys
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3606
mark.quinlivan@usdoj.gov

Dated:   August 5, 2024

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

By:   /s/ Mark T. Quinlivan
MARK T. QUINLIVAN
Assistant U.S. Attorney

Date:   August 5, 2024